# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLES MORROW and MICHAEL** | ) | |
| **OVERTON, Individually and on behalf** | ) | |
| **of similarly situated employees,** | ) | |
| | ) | **CIVIL ACTION NO:** |
| **Plaintiffs,** | ) | **3:07-CV-617-MHT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FLOWERS FOODS, INC., FLOWERS** | ) | |
| **BAKING CO., OF OPELIKA, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AMENDED ANSWER OF FLOWERS FOODS, INC.

COMES NOW Defendant, Flowers Foods, Inc. (hereinafter "Flowers Foods"), by its undersigned attorney(s), and hereby files its Amended Answer to Plaintiffs' Complaint, and states:

Flowers Foods responds to the allegations of each numbered Paragraph of the Complaint as follows:

1.      Flowers Foods admits that because Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA" or "Act"), this raises a federal question which gives rise to this Court's jurisdiction, but denies that Plaintiffs or those individuals Plaintiffs purport to represent have any actionable claims thereunder or that Plaintiffs or those individuals Plaintiffs purport to represent are entitled to any damages from Flowers Foods or any other named Defendant.

2.     Flowers Foods admits that venue is proper in this federal district court as to Flowers Baking Company of Opelika, LLC pursuant to 28 U.S.C. § 1391(a) and (c) because Flowers Baking Company of Opelika, LLC regularly conducts business within this judicial district and because the allegations giving rise to this lawsuit occurred in this district. Flowers Foods denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.     Flowers Foods admits that Charles Morrow is over the age of nineteen (19) and that he worked as an independent contractor distributor for Flowers Baking Company of Opelika, LLC out of the Montgomery warehouse located on Norman Bridge Road in Montgomery, Alabama. Flowers Foods lacks sufficient knowledge or information to form a belief as to the truth of whether Mr. Morrow has expressly authorized this action and therefore denies the same. Flowers Foods denies that this action should proceed as a collective action.

4.     Flowers Foods admits that Michael Overton is over the age of nineteen (19) and that he worked as an independent contractor distributor for Flowers Baking Company of Opelika, LLC out of the Roanoke warehouse located in Roanoke, Alabama.  Flowers Foods lacks sufficient knowledge or information to form a belief as to the truth of whether Mr. Overton has expressly authorized this action and therefore denies the same. Flowers Foods denies that this action should proceed as a collective action.

5.     Flowers Foods admits the allegations contained in Paragraph 5 of the Complaint.

6.     Flowers Foods admits that Flowers Baking Company of Opelika, LLC is a subsidiary of Flowers Foods that it is headquartered in Opelika, Alabama, and that it is organized under the laws of Alabama as a limited liability company, but denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.      No response is necessary to Paragraph 7 of the Complaint, but Flowers Foods denies that Flowers Foods and Flowers Baking Company of Opelika, LLC are a single entity.

8.      Flowers Foods admits that Flowers Foods, through its subsidiaries, including Flowers Baking Company of Opelika, LLC, is a leading producer and marketer of packaged bakery foods in the United States and that Flowers Foods, through its subsidiaries, including Flowers Baking Company of Opelika, LLC, produces breads, buns, rolls, snack cakes and pastries, which are distributed fresh to foodservice and retail customers in the Southeastern, Southwestern, and mid-Atlantic states.    Flowers Foods denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Flowers Foods admits that it is the ultimate parent company of more than 30 baking subsidiaries located in Alabama, Georgia, Florida, Louisiana, North Carolina, Tennessee, Texas, Virginia, West Virginia, and Arkansas. Flowers Foods denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     Flowers Foods admits that Flowers Foods and its subsidiaries, including Flowers Baking Company of Opelika, LLC, use various brand names, including Nature's Own, Cobblestone Mill, Bluebird, Butterkrust, Evangeline Maid, Mary Jane, Dandee, European Bakers, Mrs. Freshley's, Bunny, and Sunbeam. Flowers Foods denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.     Flowers Foods admits that Flowers Foods, including its subsidiaries and other business operations, had annual sales of over $1.8 billion for the fifty-two (52) week period ending December 30, 2006. Flowers Foods denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.    Flowers Foods admits that Flowers Foods and Flowers Baking Company of Opelika, LLC are separate employers within the meaning of § 3(d) of the FLSA. Flowers Foods denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.    Flowers Foods denies the allegations contained in Paragraph 13 of the Complaint.

14.    Flowers Foods denies the allegations contained in Paragraph 14 of the Complaint.

15.    Flowers Foods denies the allegations contained in Paragraph 15 of the Complaint.

16.    Flowers Foods denies the allegations contained in Paragraph 16 of the Complaint.

17.    Flowers Foods denies the allegations contained in Paragraph 17 of the Complaint.

18.    Flowers Foods denies the allegations contained in Paragraph 18 of the Complaint.

19.    Flowers Foods denies the allegations contained in Paragraph 19 of the Complaint.

20.    Flowers Foods denies the allegations contained in Paragraph 20 of the Complaint.

21.    Flowers Foods denies the allegations contained in Paragraph 21 of the Complaint.

22.    Flowers Foods denies the allegations contained in Paragraph 22 of the Complaint.

23.    Flowers Foods denies the allegations contained in Paragraph 23 of the Complaint.

24.    Flowers Foods denies the allegations contained in Paragraph 24 of the Complaint.

25.    Flowers Foods denies the allegations contained in Paragraph 25 of the Complaint.

26.    Flowers Foods denies the allegations contained in Paragraph 26 of the Complaint.

27.     Flowers Foods denies the allegation that Plaintiffs and other distributors are not allowed to carry any other company's product in their delivery vehicles. Flowers Foods admits that the distributors of Flowers Baking Company of Opelika, LLC may not carry competitive products. Flowers Foods denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.     Flowers Foods denies the allegations contained in Paragraph 28 of the Complaint.

29.     Flowers Foods denies the allegations contained in Paragraph 29 of the Complaint.

30.     Flowers Foods denies the allegations contained in Paragraph 30 of the Complaint.

31.     Flowers Foods admits that Morrow was employed as a route sales employee for Flowers Baking Company of Opelika, LLC from approximately 1980 until 1994. Flowers Foods denies the remaining allegations contained in Paragraph 31 of the Complaint.

32.     Flowers Foods admits that Flowers Baking Company of Opelika, LLC entered into an independent distributor agreement with Morrow and that Morrow was an independent contractor distributor for Flowers Baking Company of Opelika, LLC from 1994 until 2005, but denies the remaining allegations contained in Paragraph 32 of the Complaint.

33.     Flowers Foods admits that Morrow purchased a territory from Flowers Baking Company of Opelika, LLC in 1994 and purchased a delivery truck from Flowers Baking Company of Opelika, LLC. Flowers Foods denies the remaining allegations contained in Paragraph 33 of the Complaint.

34.     Flowers Foods denies the allegations contained in Paragraph 34 of the Complaint.

35.     Flowers Foods denies the allegations contained in Paragraph 35 of the Complaint.

36.     Flowers Foods denies the allegations contained in Paragraph 36 of the Complaint.

37.     Flowers Foods denies the allegations contained in Paragraph 37 of the Complaint.

38.     Flowers Foods admits that Overton was initially employed through a temporary employment agency as a prospective distributor for Flowers Baking Company of Opelika, LLC from approximately December 2005 until April 2006 and then he subsequently purchased a territory from Flowers Baking Company of Opelika, LLC. Flowers Foods denies the remaining allegations contained in Paragraph 38 of the Complaint.

39.     Flowers Foods admits that Flowers Baking Company of Opelika, LLC entered into an independent distributor agreement with Overton and that Overton was an independent contractor distributor for Flowers Baking Company of Opelika, LLC from about April 2006 to September 2006, but denies the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Flowers Foods admits that Overton purchased a territory from Flowers Baking Company of Opelika, LLC in April 2006, and that Overton leased a delivery truck from Synovous Leasing, but denies the remaining allegations contained in Paragraph 40 of the Complaint.

41.     Flowers Foods denies the allegations contained in Paragraph 41 of the Complaint.

42.     Flowers Foods denies the allegations contained in Paragraph 42 of the Complaint.

43.     Flowers Foods denies the allegations contained in Paragraph 43 of the Complaint.

44.     Flowers Foods denies the allegations contained in Paragraph 44 of the Complaint.

45.     Flowers Foods denies the allegations contained in Paragraph 45 of the Complaint and further denies that Plaintiffs or those individuals Plaintiffs purport to represent have any cognizable claims under the FLSA or that this action should proceed as a collective one.

46.     Flowers Foods denies the allegations contained in Paragraph 46 of the Complaint.

47.     Flowers Foods denies the allegations contained in Paragraph 47 of the Complaint.

48.     Flowers Foods denies the allegations contained in Paragraph 48 of the Complaint.

49.     Flowers Foods denies the allegations contained in Paragraph 49 of the Complaint.

50.     Flowers Foods denies that a class for which Plaintiffs can serve as representatives exists. Flowers Foods further denies that Plaintiffs have retained counsel who are able to effectively represent the interests of any such class (which Flowers Foods denies exists). Flowers Foods is without sufficient knowledge or information to form a belief as to the truth of whether Plaintiffs' counsel is competent and experienced and therefore denies the same.  Flowers Foods denies the remaining allegations contained in Paragraph 50 of the Complaint.

51.     Flowers Foods denies the allegations contained in Paragraph 51 of the Complaint.

52.     Flowers Foods denies the allegations contained in Paragraph 52 of the Complaint.

53.     Flowers Foods incorporates by reference its responses to Paragraphs 1-52 as if fully set forth therein.

54.     Flowers Foods admits that the FLSA requires that covered employees be compensated for every hour worked in a workweek, 29 U.S.C. § 206(b), but denies that Plaintiffs or those individuals Plaintiffs purport to represent were, or are, covered employees of Flowers Foods, Flowers Baking Company of Opelika, LLC, or any other subsidiary of Flowers Foods while engaged as independent contractor distributors.

55.     Flowers Foods admits that the failure to pay time and a half for hours worked over 40 in a given workweek violates 29 U.S.C. § 207, but denies the remaining allegations contained in Paragraph 55 of the complaint.

56.     Flowers Foods denies the allegations contained in Paragraph 56 of the Complaint.

57.     Flowers Foods denies the allegations contained in Paragraph 57 of the Complaint.

58.     Flowers Foods denies the allegations contained in Paragraph 58 of the Complaint.

Flowers Foods denies that Plaintiffs or those individuals Plaintiffs purport to represent are entitled to any relief as requested in the prayer for relief following Paragraph 58 of the Complaint.

Flowers Foods denies each and every allegation of the Complaint not specifically admitted herein to be true.

## ADDITIONAL DEFENSES

As for separate defenses to the Complaint, and without conceding that Flowers Foods bears the burden of proof or persuasion as to any of them, except as required by applicable law with respect to the defense asserted, Flowers Foods states as follows:

## FIRST DEFENSE

Plaintiffs' claims are barred to the extent the Court lacks jurisdiction over Flowers Foods and to the extent Flowers Foods is not a real party in interest.

Flowers Foods owns approximately thirty-five (35) baking subsidiaries, including Flowers Baking Company of Opelika, LLC. Flowers Foods does not conduct any significant activities in Alabama and does not exercise any day-to-day control over Flowers Baking Company of Opelika, LLC, nor has it done so at any time relevant to this case. Neither does Flowers Foods have (nor did it ever have) any contractual or other relationship with Plaintiffs or those individuals Plaintiffs purport to represent. As such, Flowers Foods has insufficient contacts with the State of Alabama to allow this Court to assert personal jurisdiction under either the doctrine of general jurisdiction or specific jurisdiction.

## SECOND DEFENSE

Plaintiffs' claims against Flowers Foods are barred because Flowers Foods never had a contractual or business relationship with Plaintiffs or those individuals Plaintiffs purport to represent.

## THIRD DEFENSE

Flowers Foods is improperly joined in this action because Flowers Foods was not Plaintiffs' "employer" or the "employer" of those individuals Plaintiffs purport to represent.

## FOURTH DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

Plaintiffs' claims are barred, at least in part, by the applicable statute of limitations, specifically the FLSA's two-year statute of limitations.

## SIXTH DEFENSE

Some of the Plaintiffs may lack standing to pursue certain claims.

## SEVENTH DEFENSE

Some or all of the purported claims in the Complaint are barred because the named Plaintiffs lack standing to represent the purported collective action members.

## EIGHTH DEFENSE

To the extent Plaintiffs seek to assert claims on behalf of individuals who are (were) independent contractor distributors with any Flowers Foods' subsidiary other than Flowers Baking Company of Opelika, LLC, Plaintiffs' claims are barred under the doctrines of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process.

## NINTH DEFENSE

Plaintiffs' claims on behalf of some of the individuals Plaintiffs purport to represent are barred by the doctrines of release and waiver, accord and satisfaction, collateral estoppel and/or judicial estoppel, and res judicata.

## TENTH DEFENSE

Plaintiffs and those individuals Plaintiffs purport to represent cannot recover under the FLSA because they are not employees under the FLSA. Plaintiffs and those individuals Plaintiffs purport to represent entered into independent distributor agreements which expressly provide that they were (are) independent contractors, and neither Flowers Foods, Flowers Baking Company of Opelika, LLC, or any other subsidiary of Flowers Foods exercised the requisite degree of control for the Plaintiffs or those individuals Plaintiffs purport to represent to be employees under the FLSA.

## ELEVENTH DEFENSE

Neither Plaintiffs nor those individuals Plaintiffs purport to represent are "similarly situated" under the FLSA, 29 U.S.C. §§ 201-219, as amended by the Portal-to-Portal Act, *id.* §§ 251-62.

## TWELFTH DEFENSE

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, Plaintiffs' claims for overtime and all associated costs, expenses, and fees are barred due to the "Outside Sales" Exemption set forth in Section 13(a)(1) of the Act

because Plaintiffs and those individuals Plaintiffs purport to represent are consistently and regularly engaged away from the premises of Flowers Foods, Flowers Baking Company of Opelika, LLC, and any other subsidiary of Flowers Foods making sales.

## THIRTEENTH DEFENSE

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, Plaintiffs' claims for overtime and all associated costs, expenses, and fees are barred by the Motor Carrier Exemption set forth in Section 13(b)(1) of the Act, because Plaintiffs and those individuals Plaintiffs purport to represent transport certain goods originating out of state and because there is practical continuity of movement of these goods until they reach retail customers.

## FOURTEENTH DEFENSE

Assuming, *arguendo,* that Plaintiffs and those individuals Plaintiffs purport to represent are subject to the FLSA, and assuming, *arguendo*, that Plaintiffs and those individuals Plaintiffs purport to represent do not fall within any exemption to the FLSA, some or all of the time worked by Plaintiffs or those individuals Plaintiffs purport to represent is not compensable under the provisions of the Portal-to-Portal Act, 29 U.S.C. §§ 251-62.

## FIFTEENTH DEFENSE

Plaintiffs and those individuals Plaintiffs purport to represent may not recover liquidated damages because neither Flowers Foods nor Flowers Baking Company of Opelika, LLC, or any officers, directors, managers, or agents of either, committed any willful violation of the overtime provisions of the FLSA, nor did they ratify any such violation.

**SIXTEENTH DEFENSE**

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, Plaintiffs' FLSA claims (and the claims of those individuals Plaintiffs purport to represent) are barred by the "good faith reliance" defense under Section 10 of the Portal to Portal Act.

**SEVENTEENTH DEFENSE**

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, and further assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent could establish actual claims, Plaintiffs and those individuals Plaintiffs purport to represent are not entitled to liquidated damages because, under Section 11 of the Portal to Portal Act, Flowers Foods and Flowers Baking Company of Opelika, LLC acted in good faith and have reasonable grounds for believing that the alleged act or omission was not a violation of the FLSA.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred because Flowers Foods and Flowers Baking Company of Opelika, LLC have at all times acted reasonably and in good faith.

**NINETEENTH DEFENSE**

Assuming, *arguendo,* that Plaintiffs and those individuals Plaintiffs purport to represent are covered by the FLSA, neither Flowers Foods or Flowers Baking Company of Opelika, LLC, or any of their officers, directors, managers, or agents, knew or intended that alleged acts or

omissions, which Flowers Foods and Flowers Baking Company of Opelika, LLC deny, were prohibited by the FLSA. Neither did Flowers Foods or Flowers Baking Company of Opelika, LLC show reckless indifference to or disregard for the requirements of the FLSA, nor did they ratify any such acts or omissions.

## TWENTIETH DEFENSE

At all relevant times Flowers Foods and Flowers Baking Company of Opelika, LLC honestly intended to ascertain the FLSA's requirements and to comply with them.

## TWENTY-FIRST DEFENSE

Plaintiffs have failed to plead facts with sufficient particularity to support an award of liquidated damages.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims on behalf of those individuals Plaintiffs purport to represent are barred by failing to satisfy the opt-in requirements of 29 U.S.C. § 216(b).

## TWENTY-THIRD DEFENSE

For some or all of the claims asserted, individual issues of fact or law predominate over common issues.

## TWENTY-FOURTH DEFENSE

Plaintiffs and their counsel are not adequate representatives of those Plaintiffs purport to represent.

## TWENTY-FIFTH DEFENSE

Some or all of the purported claims in the Complaint are barred because a collective action under FLSA Section 216(b) is not superior to other available methods for the fair and efficient adjudication of this controversy.

## TWENTY-SIXTH DEFENSE

Some or all of the purported claims in Plaintiffs' Complaint are barred because neither Flowers Foods nor Flowers Baking Company of Opelika, LLC has acted or refused to act on any grounds generally applicable to the purported class members and therefore final injunctive relief or corresponding declaratory relief with respect to the purported class members is not appropriate.

## TWENTY-SEVENTH DEFENSE

Some or all of the purported claims in Plaintiffs' Complaint are barred because the alleged claims of the named Plaintiffs are not typical of the purported claims of the purported class members.

## TWENTY-EIGHTH DEFENSE

Some or all of the purported claims in the Plaintiffs' Complaint are barred because the purported class members are not so numerous that joinder of each member would be impracticable.

## TWENTY-NINTH DEFENSE

Certain of Plaintiffs' interests are in conflict with the interests of those Plaintiffs purport to represent.

## THIRTIETH DEFENSE

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, and further assuming, *arguendo,* Plaintiffs could establish an FLSA claim, Plaintiffs and those individuals Plaintiffs purport to represent are not entitled to prejudgment interest because Flowers Foods and Flowers Baking Company of Opelika, LLC acted in good faith or because such interest is otherwise not properly recoverable.

## THIRTY-FIRST DEFENSE

Flowers Foods will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Amended Answer to state such other affirmative and additional defenses and/or to otherwise supplement this Amended Answer upon discovery of facts or evidence rendering such action appropriate.

**WHEREFORE**, Flowers Foods respectfully requests that the Complaint against it be dismissed in its entirety and that it be granted its reasonable costs and attorney's fees and any

other relief this Court may deem appropriate.

     Respectfully Submitted this 2nd day of August, 2007.

/s/ Sandra B. Reiss
Sandra B. Reiss (ASB-3650-S80S)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900 Fax (205) 328-6000
*Counsel for Defendants, Flowers Foods, Inc. and
Flowers Baking Co. of Opelika, LLC*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this the 2nd day of August, 2007, I electronically filed the foregoing Amended Answer of Flowers Foods, Inc. with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

      Greg L. Davis, Esq.
      The Law Offices of Greg L. Davis
      6987 Halcyon Park Drive
      Montgomery, AL  36117

      Joe R. Whatley, Jr., Esq.
      Whatley Drake & Kallas, LLC
      2001 Park Place North
      Suite 1000
      Birmingham, Alabama  35203

      Joseph P. Guglielmo, Esq.
      Whatley Drake & Kallas, LLC
      1504 Broadway, 37th Floor
      New York, New York  10036

      I hereby certify that a true and correct copy will be sent by First Class, U.S. Mail on this 2nd day of August, 2007 to the following counsel who are not registered for efiling:

      Amy Lynne Weaver
      Whatley Drake & Kallas, LLC
      2001 Park Place North
      Suite 1000
      Birmingham, Alabama  35203

      E. Kirk Wood, Esq.
      Law Offices of Archie Lamb
      2017 2nd Avenue North
      Birmingham, Alabama 35201

                            /s/ Sandra B. Reiss_____
                            Sandra B. Reiss