**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES MORROW and MICHAEL OVERTON, Individually and on behalf of similarly situated employees,** | ) ) ) | |
| | ) | **CIVIL ACTION NO: 3:07-CV-617-MHT** |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | |
| **FLOWERS FOODS, INC., FLOWERS BAKING CO., OF OPELIKA, LLC,** | ) ) ) | |
| **Defendants.** | ) | |

<u>**AMENDED ANSWER OF FLOWERS BAKING CO. OF OPELIKA, LLC**</u>

COMES NOW Defendant, Flowers Baking Co. of Opelika, LLC (hereinafter "FBC of Opelika"), by its undersigned attorney(s), and hereby files its Amended Answer to Plaintiffs' Complaint.

FBC of Opelika responds to the allegations of each numbered Paragraph of the Complaint as follows:

1.     FBC of Opelika admits that because Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA" or "Act"), this raises a federal question which gives rise to this Court's jurisdiction, but denies that Plaintiffs or those individuals Plaintiffs purport to represent have any actionable claims thereunder or that Plaintiffs or those individuals Plaintiffs purport to represent are entitled to any damages from FBC of Opelika or any other named Defendant.

2.     FBC of Opelika admits that venue is proper in this federal district court pursuant to 28 U.S.C. § 1391(a) and (c) because FBC of Opelika regularly conducts business within this judicial district and because the allegations giving rise to this lawsuit occurred in this district. FBC of Opelika denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.     FBC of Opelika admits that Charles Morrow is over the age of nineteen (19) and that he worked as an independent contractor distributor for FBC of Opelika out of the Montgomery warehouse located on Norman Bridge Road in Montgomery, Alabama. FBC of Opelika lacks sufficient knowledge or information to form a belief as to the truth of whether Mr. Morrow has expressly authorized this action and therefore denies the same. FBC of Opelika denies that this action should proceed as a collective action.

4.     FBC of Opelika admits that Michael Overton is over the age of nineteen (19) and that he worked as an independent contractor distributor for FBC of Opelika out of the Roanoke warehouse located in Roanoke, Alabama. FBC of Opelika lacks sufficient knowledge or information to form a belief as to the truth of whether Mr. Overton has expressly authorized this action and therefore denies the same. FBC of Opelika denies that this action should proceed as a collective action.

5.     FBC of Opelika admits the allegations contained in Paragraph 5 of the Complaint.

6.     FBC of Opelika admits that it is a subsidiary of Flowers Foods, Inc., that it is headquartered in Opelika, Alabama, and that it is organized under the laws of Alabama as a limited liability company, but denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.    No response is necessary to Paragraph 7 of the Complaint, but FBC of Opelika denies that FBC of Opelika and Flowers Foods, Inc. are a single entity.

8.    FBC of Opelika admits that Flowers Foods, Inc., through its subsidiaries, including FBC of Opelika, is a leading producer and marketer of packaged bakery foods in the United States and that Flowers Foods, Inc., through its subsidiaries, including FBC of Opelika, produces breads, buns, rolls, snack cakes and pastries, which are distributed fresh to foodservice and retail customers in the Southeastern, Southwestern, and mid-Atlantic states. FBC of Opelika denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.    FBC of Opelika admits that Flowers Foods, Inc. is the ultimate parent company of more than 30 bakery subsidiaries located in Alabama, Georgia, Florida, Louisiana, North Carolina, Tennessee, Texas, Virginia, West Virginia, and Arkansas. FBC of Opelika denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.    FBC of Opelika admits that Flowers Foods, Inc. and its subsidiaries use various brand names, including Nature's Own, Cobblestone Mill, Bluebird, Butterkrust, Evangeline Maid, Mary Jane, Dandee, European Bakers, Mrs. Freshley's, Bunny, and Sunbeam. FBC of Opelika denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.    FBC of Opelika admits that Flowers Foods, Inc., including its subsidiaries and other business operations, had annual sales of over $1.8 billion for the fifty-two (52) week period ending December 30, 2006. FBC of Opelika denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     FBC of Opelika admits that both Flowers Foods, Inc. and FBC of Opelika are separate employers within the meaning of § 3(d) of the FLSA. FBC of Opelika denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     FBC of Opelika denies the allegations contained in Paragraph 13 of the Complaint.

14.     FBC of Opelika denies the allegations contained in Paragraph 14 of the Complaint.

15.     FBC of Opelika denies the allegations contained in Paragraph 15 of the Complaint.

16.     FBC of Opelika denies the allegations contained in Paragraph 16 of the Complaint.

17.     FBC of Opelika denies the allegations contained in Paragraph 17 of the Complaint.

18.     FBC of Opelika denies the allegations contained in Paragraph 18 of the Complaint.

19.     FBC of Opelika denies the allegations contained in Paragraph 19 of the Complaint.

20.     FBC of Opelika denies the allegations contained in Paragraph 20 of the Complaint.

21.     FBC of Opelika denies the allegations contained in Paragraph 21 of the Complaint.

22.     FBC of Opelika denies the allegations contained in Paragraph 22 of the Complaint.

23.     FBC of Opelika denies the allegations contained in Paragraph 23 of the Complaint.

24.     FBC of Opelika denies the allegations contained in Paragraph 24 of the Complaint.

25.     FBC of Opelika denies the allegations contained in Paragraph 25 of the Complaint.

26.     FBC of Opelika denies the allegations contained in Paragraph 26 of the Complaint.

27.     FBC of Opelika denies the allegation that Plaintiffs and other distributors are not allowed to carry any other company's product in their delivery vehicles. FBC of Opelika admits that its distributors may not carry competitive products. FBC of Opelika denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.     FBC of Opelika denies the allegations contained in Paragraph 28 of the Complaint.

29.     FBC of Opelika denies the allegations contained in Paragraph 29 of the Complaint.

30.    FBC of Opelika denies the allegations contained in Paragraph 30 of the Complaint.

31.    FBC of Opelika admits that Morrow was employed as a route employee for FBC of Opelika from approximately 1980 until 1994. FBC of Opelika denies the remaining allegations contained in Paragraph 31 of the Complaint.

32.    FBC of Opelika admits that it entered into an independent distributor agreement with Morrow and admits that Morrow was an independent contractor distributor for FBC of Opelika from 1994 until 2005, but denies the remaining allegations contained in Paragraph 32 of the Complaint.

33.    FBC of Opelika admits that Morrow purchased a territory from FBC of Opelika in 1994 and purchased a delivery truck from FBC of Opelika. FBC of Opelika denies the remaining allegations contained in Paragraph 33 of the Complaint.

34.    FBC of Opelika denies the allegations contained in Paragraph 34 of the Complaint.

35.    FBC of Opelika denies the allegations contained in Paragraph 35 of the Complaint.

36.    FBC of Opelika denies the allegations contained in Paragraph 36 of the Complaint.

37.    FBC of Opelika denies the allegations contained in Paragraph 37 of the Complaint.

38.     FBC of Opelika admits that Overton was initially employed through a temporary employment agency as a prospective distributor for FBC of Opelika from approximately December 2005, until April 2006, and then he subsequently purchased a territory from FBC of Opelika. FBC of Opelika denies the remaining allegations contained in Paragraph 38 of the Complaint.

39.     FBC of Opelika admits that it entered into an independent distributor agreement with Overton and that Overton was an independent contractor distributor for FBC of Opelika from about April 2006, until September 2006.  FBC of Opelika denies the remaining allegations contained in Paragraph 39 of the Complaint.

40.     FBC of Opelika admits that Overton purchased a territory from FBC of Opelika in April 2006 and that Overton leased a delivery truck from Synovous Leasing. FBC of Opelika denies the remaining allegations contained in Paragraph 40 of the Complaint.

41.     FBC of Opelika denies the allegations contained in Paragraph 41 of the Complaint.

42.     FBC of Opelika denies the allegations contained in Paragraph 42 of the Complaint.

43.     FBC of Opelika denies the allegations contained in Paragraph 43 of the Complaint.

44.     FBC of Opelika denies the allegations contained in Paragraph 44 of the Complaint.

45.     FBC of Opelika denies the allegations contained in Paragraph 45 of the Complaint and further denies that Plaintiffs or those individuals Plaintiffs purport to represent have any cognizable claims under the FLSA or that this action should proceed as a collective one.

46.     FBC of Opelika denies the allegations contained in Paragraph 46 of the Complaint.

47.     FBC of Opelika denies the allegations contained in Paragraph 47 of the Complaint.

48.     FBC of Opelika denies the allegations contained in Paragraph 48 of the Complaint.

49.     FBC of Opelika denies the allegations contained in Paragraph 49 of the Complaint.

50.     FBC of Opelika denies that a class for which Plaintiffs can serve as representatives exists.  FBC of Opelika further denies that Plaintiffs have retained counsel who are able to effectively represent the interests of any such class (which FBC of Opelika denies exists).  FBC of Opelika is without sufficient knowledge or information to form a belief as to the truth of whether Plaintiffs' counsel is competent and experienced and therefore denies the same. FBC of Opelika denies the remaining allegations contained in Paragraph 50 of the Complaint.

51.     FBC of Opelika denies the allegations contained in Paragraph 51 of the Complaint.

52.     FBC of Opelika denies the allegations contained in Paragraph 52 of the Complaint.

53.     FBC of Opelika incorporates by reference its responses to Paragraphs 1-52 as if fully set forth herein.

54.     FBC of Opelika admits that the FLSA requires that covered employees be compensated for every hour worked in a workweek, 29 U.S.C. § 206(b), but denies that Plaintiffs or those individuals Plaintiffs purport to represent were, or are, covered employees of FBC of Opelika, Flowers Foods, Inc., or any other subsidiary of Flowers Foods, Inc. while engaged as independent contractor distributors.

55.     FBC of Opelika admits that failure to pay time and a half for hours worked over 40 in a given workweek violates 29 U.S.C. § 207, but denies the remaining allegations contained in Paragraph 55 of the Complaint.

56.     FBC of Opelika denies the allegations contained in Paragraph 56 of the Complaint.

57.     FBC of Opelika denies the allegations contained in Paragraph 57 of the Complaint.

58.     FBC of Opelika denies the allegations contained in Paragraph 58 of the Complaint.

FBC of Opelika denies that Plaintiffs or those individuals Plaintiffs purport to represent are entitled to any relief as requested in the prayer for relief following Paragraph 58 of the Complaint.

FBC of Opelika denies each and every allegation of the Complaint not specifically admitted herein to be true.

## ADDITIONAL DEFENSES

As for separate defenses to the Complaint, and without conceding that FBC of Opelika bears the burden of proof or persuasion as to any of them, except as required by applicable law with respect to the defense asserted, FBC of Opelika states as follows:

## FIRST DEFENSE

Plaintiffs' claims are barred to the extent the Court lacks jurisdiction over Flowers Foods, Inc. and to the extent Flowers Foods, Inc. is not a real party in interest.

Flowers Foods, Inc. owns approximately thirty-five (35) baking subsidiaries, including FBC of Opelika. Flowers Foods, Inc. does not conduct any significant activities in Alabama and does not exercise any day-to-day control over FBC of Opelika, nor has it done so at any time relevant to this case. Neither does Flowers Foods, Inc. have (nor did it ever have) any contractual or other relationship with Plaintiffs or those individuals Plaintiffs purport to represent. As such, Flowers Foods, Inc. has insufficient contacts with the State of Alabama to allow this Court to assert personal jurisdiction under either the doctrine of general jurisdiction or specific jurisdiction.

## SECOND DEFENSE

Plaintiffs' claims against Flowers Foods, Inc. are barred because Flowers Foods, Inc. never had a contractual or business relationship with Plaintiffs or those individuals Plaintiffs purport to represent.

## THIRD DEFENSE

Flowers Foods, Inc. is improperly joined in this action because Flowers Foods, Inc. was not Plaintiffs' "employer" or the "employer" of those individuals Plaintiffs purport to represent.

## FOURTH DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

Plaintiffs' claims are barred, at least in part, by the applicable statute of limitations, specifically the FLSA's two-year statute of limitations.

## SIXTH DEFENSE

Some of the Plaintiffs may lack standing to pursue certain claims.

**SEVENTH DEFENSE**

Some or all of the purported claims in the Complaint are barred because the named Plaintiffs lack standing to represent the purported collective action members.

**EIGHTH DEFENSE**

To the extent Plaintiffs seek to assert claims on behalf of individuals who are (were) independent contractor distributors with any Flowers Foods' subsidiary other than FBC of Opelika, Plaintiffs' claims are barred under the doctrines of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process.

**NINTH DEFENSE**

Plaintiffs' claims on behalf of some of the individuals Plaintiffs purport to represent are barred by the doctrines of release and waiver, accord and satisfaction, collateral estoppel and/or judicial estoppel, and res judicata.

**TENTH DEFENSE**

Plaintiffs and those individuals Plaintiffs purport to represent cannot recover under the FLSA because they are not employees under the FLSA. Plaintiffs and those individuals Plaintiffs purport to represent entered into independent distributor agreements which expressly provide that they were (are) independent contractors, and neither FBC of Opelika, Flowers Foods, Inc., or any other subsidiary of Flowers Foods, Inc. exercised the requisite degree of control for the Plaintiffs or those individuals Plaintiffs purport to represent to be employees under the FLSA.

**ELEVENTH DEFENSE**

Neither Plaintiffs nor those individuals Plaintiffs purport to represent are "similarly situated" under the FLSA, 29 U.S.C. §§ 201-219, as amended by the Portal-to-Portal Act, *id.* §§ 251-62.

**TWELFTH DEFENSE**

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, Plaintiffs' claims for overtime and all associated costs, expenses, and fees are barred due to the "Outside Sales" Exemption set forth in Section 13(a)(1) of the Act because Plaintiffs and those individuals Plaintiffs purport to represent are consistently and regularly engaged away from the premises of FBC of Opelika, Flowers Foods, Inc., and any other subsidiary of Flowers Foods, Inc. making sales.

**THIRTEENTH DEFENSE**

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, Plaintiffs' claims for overtime and all associated costs, expenses, and fees are barred by the Motor Carrier Exemption set forth in Section 13(b)(1) of the Act, because Plaintiffs and those individuals Plaintiffs purport to represent transport certain goods originating out of state and because there is practical continuity of movement of these goods until they reach retail customers.

## FOURTEENTH DEFENSE

Assuming, *arguendo,* that Plaintiffs and those individuals Plaintiffs purport to represent are subject to the FLSA, and assuming, *arguendo,* that Plaintiffs and those individuals Plaintiffs purport to represent do not fall within any exemption to the FLSA, some or all of the time worked by Plaintiffs or those individuals Plaintiffs purport to represent is not compensable under the provisions of the Portal-to-Portal Act, 29 U.S.C. §§ 251-62.

## FIFTEENTH DEFENSE

Plaintiffs and those individuals Plaintiffs purport to represent may not recover liquidated damages because neither FBC of Opelika or Flowers Foods, Inc., or any officers, directors, managers, or agents of either, committed any willful violation of the overtime provisions of the FLSA, nor did they ratify any such violation.

## SIXTEENTH DEFENSE

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, Plaintiffs' FLSA claims are barred by the "good faith reliance" defense under Section 10 of the Portal to Portal Act.

## SEVENTEENTH DEFENSE

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, and further assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent could establish actual claims, Plaintiffs and those individuals Plaintiffs purport to represent are not entitled to liquidated damages because, under Section 11 of

the Portal to Portal Act, FBC of Opelika and Flowers Foods, Inc. acted in good faith and have reasonable grounds for believing that the alleged act or omission was not a violation of the FLSA.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred because FBC of Opelika and Flowers Foods, Inc. have at all times acted reasonably and in good faith.

## NINETEENTH DEFENSE

Assuming, *arguendo,* that Plaintiffs and those individuals Plaintiffs purport to represent are covered by the FLSA, neither FBC of Opelika or Flowers Foods, Inc., or any of their officers, directors, managers, or agents, knew or intended that alleged acts or omissions, which FBC of Opelika and Flowers Foods, Inc. deny, were prohibited by the FLSA. Neither did FBC of Opelika or Flowers Foods, Inc. show reckless indifference to or disregard for the requirements of the FLSA, nor did they ratify any such acts or omissions.

## TWENTIETH DEFENSE

At all relevant times FBC of Opelika and Flowers Foods, Inc. honestly intended to ascertain the FLSA's requirements and to comply with them.

## TWENTY-FIRST DEFENSE

Plaintiffs have failed to plead facts with sufficient particularity to support an award of liquidated damages.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims on behalf of those individuals Plaintiffs purport to represent are barred by failing to satisfy the opt-in requirements of 29 U.S.C. § 216(b).

## TWENTY-THIRD DEFENSE

For some or all of the claims asserted, individual issues of fact or law predominate over common issues.

## TWENTY-FOURTH DEFENSE

Plaintiffs and their counsel are not adequate representatives of those individuals Plaintiffs purport to represent.

## TWENTY-FIFTH DEFENSE

Some or all of the purported claims in the Complaint are barred because a collective action under FLSA Section 216(b) is not superior to other available methods for the fair and efficient adjudication of this controversy.

## TWENTH-SIXTH DEFENSE

Some or all of the purported claims in Plaintiffs' Complaint are barred because neither FBC of Opelika nor Flowers Foods, Inc. has acted or refused to act on any grounds generally applicable to the purported class members and therefore final injunctive relief or corresponding declaratory relief with respect to the purported class members is not appropriate.

## TWENTY-SEVENTH DEFENSE

Some or all of the purported claims in Plaintiffs' Complaint are barred because the alleged claims of the named Plaintiffs are not typical of the purported claims of the purported class members.

## TWENTY-EIGHTH DEFENSE

Some or all of the purported claims in the Plaintiffs' Complaint are barred because the purported class members are not so numerous that joinder of each member would be impracticable.

## TWENTY-NINETH DEFENSE

Certain of Plaintiffs' interests are in conflict with the interests of those Plaintiffs purport to represent.

## THIRTIETH DEFENSE

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, and further assuming, *arguendo,* Plaintiffs could establish an FLSA claim, Plaintiffs and those individuals Plaintiffs purport to represent are not entitled to prejudgment interest because FBC of Opelika and Flowers Foods, Inc. acted in good faith or because such interest is otherwise not properly recoverable.

## THIRTY-FIRST DEFENSE

FBC of Opelika will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Amended Answer to state such other

17

affirmative and additional defenses and/or to otherwise supplement this Amended Answer upon

discovery of facts or evidence rendering such action appropriate.

**WHEREFORE**, FBC of Opelika respectfully requests that the Complaint against it be

dismissed in its entirety and that it be granted its reasonable costs and attorney's fees and any

other relief this Court may deem appropriate.

Respectfully submitted this 2ND day of August, 2007.

/s/ Sandra B. Reiss
Sandra B. Reiss (ASB-3650-S80S)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900 Fax (205) 328-6000
*Counsel for Defendants, Flowers Foods, Inc. and*
*Flowers Baking Co. of Opelika, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2007, I electronically filed the foregoing Amended Answer of Flowers Baking Co. of Opelika with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Greg L. Davis, Esq.
The Law Offices of Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL 36117

Joe R. Whatley, Jr., Esq.
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama 35203

Joseph P. Guglielmo, Esq.
Whatley Drake & Kallas, LLC
1504 Broadway, 37th Floor
New York, New York 10036

I hereby certify that a true and correct copy will be sent by First Class, U.S. Mail on this 2nd day of August, 2007 to:

Amy Lynne Weaver
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama 35203

E. Kirk Wood, Esq.
Law Offices of Archie Lamb
2017 2nd Avenue North
Birmingham, Alabama 35201

/s/ Sandra B. Reiss_____
Sandra B. Reiss