UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MORROW, and MICHAEL OVERTON, Individually and on behalf of similarly situated employees, | ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO: 3:07-cv-00617-MHT |
| v. | ) ) | |
| FLOWERS FOODS, INC., FLOWERS BAKING CO. OF OPELIKA, LLC, | ) ) ) | |
| Defendants. | ) | |

### REPORT OF PARTIES' RULE 26 PLANNING MEETING

1.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held telephonically on August 15, 2007, and was attended by: Joseph P. Guglielmo, Amy A. Weaver, Greg L. Davis and E. Kirk Wood on behalf of plaintiffs Charles Morrow and Michael Overton (collectively "plaintiffs") and Sandra B. Reiss, Kevin P. Hishta, and Margaret Santen Hanrahan on behalf of defendants Flowers Foods, Inc. and Flowers Baking Company of Opelika, LLC (collectively "defendants").

2.  **Pre-Discovery Disclosures.** The parties will exchange by August 31, 2007, the information required by Local Rule 26.1(a)(1).

3.  **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

    (a) Discovery will be needed on the following subjects: Plaintiffs' substantive claims and the defenses of defendants, including all defenses to damages. The scope of

such discovery is contingent upon the Court's ruling on defendant Flowers Foods' Motion to Dismiss on the grounds that plaintiffs have not pled sufficient facts to assert a claim against Flowers Foods and plaintiffs' Motion for Conditional Class Certification. Plaintiffs have proposed specific areas and categories of discovery to Defendants.

      (b)    Disclosure or discovery of electronically stored information should be handled as follows:

In addition to their Rule 26(a)(1)(B) disclosures concerning the types of electronically stored information that they possess and the method in which such information is maintained, the parties propose that production of electronically stored information (with the exception of any data productions) be produced as black and white, single-page TIFF images at 300 dpi resolution. All electronic documents attached to an e-mail are to be produced contemporaneously and sequentially immediately after the parent e-mail. All electronic documents are to be produced with a .txt or functionally equivalent extracted text file. Each production of electronic documents must include a .dii file or similar industry standard load file indicating the beginning and ending Bates numbers of all documents.

The parties have and will continue to discuss metadata issues with the goal of meeting the parties' respective discovery needs and obligations. Plaintiffs have proposed that metadata is to be produced in a separate file identifying the following fields of information: Custodian, Document title: (subject line for e-mails; full path name including file extension for electronic documents), Sender/Author (sender for e-mails; person who created and/or saved the document in the form produced for electronic documents), Attachment(s): (full path name including file extension, and beginning and ending Bates numbers for each attachment), total number of

attachments, Parent/Children Bates Range: (Bates range of parent e-mail/electronic document and all attachments), Document date: (date sent for e-mails; latest chronologically date saved for electronic documents), Date(s) modified: (date the electronic document was created and all dates the electronic document was subsequently modified, and name of author/modifier for each date), Recipients: (all "to"s), Copyees: (all "cc"s), Blind copyees: (all "bcc"s), and Reply and/or forward date(s): (all dates e-mails replied to or forwarded), Reply and/or forward recipients: (all "to"s, "cc"s and "bcc"s). Plaintiffs have also proposed that if a Producing Party produces electronic documents without some or all of the metadata that was contained in the electronic documents, the producing party shall inform all other parties of this fact, in writing, at or before the time of production. Defendants are considering plaintiffs' proposals.

(c)   Disclosure and production of hard copy or paper production, (*i.e.* documents presently existing in written or paper form), should be handled as follows:

The parties propose that such materials are to be produced as black and white, single-page TIFF images at 300 or greater dpi resolution. All documents with affixed notes are to be imaged and produced first with all notes affixed and then re-imaged with all notes removed and produced with unique Bates numbers. Furthermore, all hard copy documents are to be produced with Optical Character Recognition ("OCR") in a single-page format and must include a .dii file or similar industry standard load file indicating the beginning and ending Bates numbers of all documents.

(d)   Plaintiffs have proposed a stipulation and proposed Order governing the production of confidential information which includes a process for the handling of any claims of privilege or of protection as trial-preparation material asserted after production. The Order

includes a provision, consistent with F.R.C.P. 26(b) regarding information inadvertently produced in discovery that is subject to a claim of privilege. Specifically, the parties propose that the party making the claim of privilege or protection notify the party that received the information of the claim and any basis for it. After being notified, if the receiving party agrees with the claim, the receiving party must promptly return or destroy the specific information and any copies in its possession and may not use or disclose the information until the claim is resolved. If the receiving party disputes the claim of privilege, the producing party or the party making the claim of privilege must promptly present the information to the Court for a determination of the claim. While the parties have not reached an agreement on a Preservation Order, because of the parties' dispute regarding the scope of the lawsuit at this stage, defendants' counsel has made various representations to plaintiffs' counsel regarding the preservation of documents, which will be confirmed in writing by defendants' counsel.

(e) All discovery (except expert discovery) must be completed by February 17, 2008. Plaintiffs propose that class-wide merits discovery for their proposed collective action proceed immediately. Plaintiffs believe that additional time to complete discovery will be necessary if the Court does not allow class-wide discovery regarding the merits of the proposed collective action at this stage.

Defendants do not agree to immediate class-wide discovery because of the aforementioned Motion to Dismiss defendant Flowers Foods, prior precedent of this Court (*Crawford v. Dothan City Board of Education,* 214 F.R.D. 694, 694 (M.D. Ala. 2003)), and because such discovery would involve Flowers Foods' subsidiaries who are not parties to this lawsuit. Defendants propose that any class-wide discovery be stayed pending the Court's ruling

on the aforementioned Motion to Dismiss and plaintiffs' Motion for Conditional Class Certification.

(f) If the action proceeds as an individual action, a maximum of 40 interrogatories by each party to any other party. Responses are due 30 days after service.

Plaintiffs propose a maximum of 60 interrogatories by each party, if the action is conditionally certified as a collective action.

Defendants propose discussing the need for any additional interrogatories (beyond 40) with plaintiffs following the Court's ruling on Flowers Foods' Motion to Dismiss and plaintiffs' Motion for Conditional Class Certification.

(g) If the action proceeds as an individual action, the parties propose a maximum of 20 requests for admission by each party to any other party. Responses are due 30 days after service. Plaintiffs propose a maximum of 100 requests for admission, if the action is conditionally certified as a collective action.

Defendants propose discussing the need for additional requests for admission (beyond 20) with plaintiffs following the Court's ruling on Flowers Foods' Motion to Dismiss and plaintiffs' Motion for Conditional Class Certification.

(h) If the action proceeds as an individual action, the parties propose maximum of 10 depositions by plaintiffs and 10 by defendants.

Plaintiffs propose a maximum of 25 depositions for plaintiffs and a maximum of 15 depositions for defendants, if the action is conditionally certified as a collective action.

Defendants propose discussing the need for any additional depositions (beyond 10 for

each party) with plaintiffs following the Court's ruling on Flowers Foods' Motion to Dismiss and plaintiffs' Motion for Conditional Class Certification.

  (i) Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

  (j) Reports from retained experts under Rule 26(a)(2) due:

   From plaintiff(s) by March 17, 2008.
   From defendant(s) by April 17, 2008

  (k) Supplementations under Rule 26(e) due 14 days after notice.

4. **Other Items.**

  (a) Plaintiffs believe that a conference would assist the parties in resolving any issues which have not been agreed to by the parties. While defendants do not oppose a conference with the Court, defendants believe any such conference is unnecessary at the present time in light of the above. If necessary, defendants propose an expedited briefing on the scope of discovery issue.

  (b) **Class Certification**. Plaintiffs shall file a motion for conditional class certification by no later than September 3, 2007. Defendant(s) shall file its (their) response(s) to plaintiffs' motion for conditional class certification no later than 30 days thereafter. Plaintiffs shall file any reply memorandum of law in further support of their motion for class conditional certification no later than 20 days after defendant(s) files its (their) response(s).

  (c) The parties request a pretrial conference in June 2008, or at such time as the Court deems proper.

    (d)  Plaintiff(s) should be allowed until January 3, 2008, to join additional parties and to amend the pleadings.

    (e)  Defendant(s) should be allowed until January 23, 2008 to join additional parties and to amend the pleadings.

    (f)  All potentially dispositive motions should be filed by 90 days before trial.

    (g)  The parties submit that settlement cannot be realistically evaluated at this time.

    (h)  Final lists of witnesses and exhibits under Rule 26(a)(3) should be due as specified in the pretrial order.

    (i)  Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    (j)  The date upon which this case should be ready for trial will depend upon the Court's disposition of defendant Flowers Foods' Motion to Dismiss and plaintiffs' Motion for Conditional Certification. The length of trial will be contingent upon the number of claims remaining to be tried. The length of trial of the two current claims is estimated to be 4 -5 days. The parties could be ready for trial in November 2008, but leave it to the Court's discretion.

Dated this 17th day of August, 2007.

ALL PARTIES hereto agree that Sandra Reiss will e-file the foregoing Report and agree to submission of the foregoing as worded herein.

FOR PLAINTIFFS								FOR DEFENDANTS

/s/Greg L. Davis						/s/ Sandra B. Reiss
Greg L. Davis							Sandra B. Reiss (REI018)
6987 Halcyon Park Drive					Ogletree, Deakins, Nash, Smoak & Stewart,
Montgomery, AL  36117					P.C.
										One Federal Place, Suite 1000
										1819 Fifth Avenue North
										Birmingham, AL 35203

Joseph P. Guglielmo						Kevin P. Hishta
Whatley Drake & Kallas LLC					Ogletree, Deakins, Nash, Smoak & Stewart,
1540 Broadway, 37th Floor					P.C.
New York, New York 10036					600 Peachtree Street, NE
										Suite 2100
										Atlanta, GA 30308
Amy Weaver								Phone:  404-881-1300
Whatley Drake & Kallas, LLC				Fax:  404-870-1732
2001 Park Place North					E-mail:  Kevin.Hishta@ogletreedeakins.com
Suite 1000
Birmingham, AL 35203
Phone:  205-328-9576
Fax: 205-328-9669
E-mail:  aweaver@wdklaw.com

E. Kirk Wood
Law Office of Archie Lamb
2017 2nd Avenue North
Birmingham, AL 35201
E-mail:  ekirkwood1@cs.com