IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES MORROW and MICHAEL OVERTON, Individually and on behalf of similarly situated employees, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FLOWERS FOODS, INC., FLOWERS )<br>BAKING CO., OF OPELIKA, LLC, )<br>)<br>Defendants. ) | CIVIL ACTION NO:<br>3:07-CV-617-MHT |

**BRIEF IN SUPPORT OF DEFENDANT FLOWERS FOODS, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Flowers Foods, Inc. submits this Brief in Support of its FED. R. CIV. PROC. 12(c) Motion for Judgment on the Pleadings due to the failure of Plaintiffs' Complaint to state a claim upon which relief can be granted against Flowers Foods.[1]

The named Plaintiffs, Charles Morrow and Michael Overton, filed this putative nationwide collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) on July 2, 2007. Flowers Foods filed its Amended Answer on August 2, 2007, in which it preserved its Rule 12(b)(6) defense that the Plaintiffs' complaint fails to state a claim upon which relief can be granted. (Flowers Foods Amended Answer, Fourth Defense, at p.10.)

---

[1] Where, as here, the Answer preserves a defense of failure to state a claim upon which relief can be granted, the proper vehicle for subsequently challenging the complaint on that basis is a motion for judgment on the pleadings, as permitted by Rules 12(c) and 12(h)(2). *Republic Steel Corp. v. Pennsylvania Eng. Corp.,* 785 F.2d 174, 182 (7th Cir. 1986); *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir. 1980); *Keh v. Americus-Sumter County Hospital Authority,* 2006 U.S.Dist. Lexis 15668 at *7 (M.D. Ga. 2006); *Brisk v. City of Miami Beach,* 709 F.Supp. 1146, 1147 (S.D. Fla. 1989). The same standard applies to such a Rule 12(c) motion as if it were brought directly under Rule 12(b)(6). *Ross v. State of Alabama*, 893 F.Supp. 1545, 1548 n.2 (M.D. Ala. 1995); *Sikes v. American Tel. &Tel. Co.,* 841 F.Supp. 1572, 1580 (S.D. Ga. 1993).

In their Complaint, Plaintiffs Morrow and Overton each allege that he "worked as a route distributor for Flowers Baking Company of Opelika," the co-defendant in this action. (Compl. ¶¶ 3-4.) Plaintiffs further allege, and Flowers Foods admits, that:

- Defendant Flowers Baking Co. of Opelika, LLC is a subsidiary of Flowers Foods, Inc. (Compl. ¶ 6; Flowers Foods Amended Answer ¶ 6.); and

- Flowers Foods is the ultimate parent corporation of more than 30 baking subsidiaries located in ten states: Alabama, Georgia, Florida, Louisiana, North Carolina, Tennessee, Texas, Virginia, West Virginia, and Arkansas. (Compl. ¶ 9; Flowers Foods Amended Answer ¶ 9.)

The named Plaintiffs filed their putative collective action individually and on behalf of the following "nationwide class." (Compl. Preamble)

> "All current and former route distributors, or other persons performing a service and/or delivery function on a non-hourly basis, who worked overtime while employed at Flowers Foods subsidiaries, and were not compensated for such overtime work at an amount equaling one and one-half times the employee's regular rate of pay. Such persons shall not include persons who, as part of their duties, cross state lines to make deliveries."

(Compl. ¶ 45.) Defendants maintain that Plaintiffs and those persons Plaintiffs purport to represent entered into Independent Distributor Agreements with Defendant Flowers Baking Co. of Opelika, LLC, or another Flowers Foods subsidiary, which expressly provide that such persons were, or are, independent contractors. (Flowers Foods Amended Answer ¶¶ 32, 39 and Tenth Defense.)

Contrary to their allegations of a parent-subsidiary relationship between Flowers Foods and Flowers Baking Co. of Opelika and their class description encompassing persons "employed at Flowers Foods subsidiaries," not Flowers Foods, Plaintiffs refer to Defendant Flowers Foods,

2

Inc. and Flowers Baking Co. of Opelika, LLC, collectively as "Flowers" repeatedly throughout their Complaint (Compl. ¶ 7 and following), and allege that, "[a]t all material times, Plaintiffs have been employed by Flowers within the meaning of § 3(d) of the FLSA." (Compl. ¶ 13.) Plaintiffs fail to allege, however, any plausible legal basis or plausible factual grounds for disregarding the LLC status of Flowers Baking Co. of Opelika, LLC and imposing liability on Flowers Foods. As set forth below, this failure to plead a plausible basis for Flowers Foods' liability is fatal to Plaintiffs' claims against it under FED. R. CIV. PROC. 8(a)(2), particularly in light of the Supreme Court of the United States' recent interpretation of Rule 8(a)(2) in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007).

The Supreme Court interpreted Rule 8(a)(2) to impose two hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant, "fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957). (Alteration in *Bell Atlantic*.) The Court explained: "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation')." *Bell Atlantic,* 127 S. Ct. at 1964-65. Or, as the Eleventh Circuit has expressed: "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Management, Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002).

The second hurdle imposed by Rule 8(a)(2), according to the Court's *Bell Atlantic* opinion, is that the allegations must provide plausible grounds to believe that Plaintiff has a right

3

to relief, which raises the standard above a "speculative level." *Bell Atlantic,* 127 S. Ct. at 1965, 1966 n. 5, 1973 n. 14. In *Bell Atlantic,* where plaintiffs alleged an unlawful antitrust conspiracy, the Court explained that, "[a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Bell Atlantic*, 127 S. Ct. at 1965. In particular, the Court upheld dismissal of a complaint alleging an antitrust conspiracy, despite "stray statements" that defendants had entered into an unlawful agreement, explaining that the plaintiff had alleged "merely legal conclusions." *Bell Atlantic*, 127 S. Ct. at 1970. Pointedly, the Court noted that, "the pleadings mentioned no specific time, place, or person involved in the alleged conspiracies [which] lack of notice contrasts sharply with the model form for pleading negligence, Form 9, which . . . alleges that the defendant struck the plaintiff with his car while plaintiff was crossing a particular highway at a specified date and time . . . ." *Bell Atlantic*, 127 S. Ct. at 1970 n. 10. In summary, Rule 8(a)(2) requires a plaintiff (1) to cross the line between the conclusory and the factual in providing fair notice of a claim and (2) to cross the line between the factually neutral and the factually suggestive in providing fair notice of the grounds upon which the claim rests. "Each must be crossed to enter the realm of plausible liability." *Bell Atlantic*, 127 S. Ct. at 1966 and n.5. In *Bell Atlantic*, the Court held that, "[b]ecause the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 1974.

The Court also emphasized the "practical significance" of the Rule 8 plausible liability pleading requirement by stressing the need for district courts to prevent the imposition of unjustified litigation expenses resulting from claims that are "just shy of a plausible entitlement to relief." *Bell Atlantic*, 127 S. Ct. 1966-67. The Court's emphasis that the Rule 8(a)(2)

plausible liability threshold be crossed at the outset before a case enters its costly and protracted discovery phase is particularly apt here where Plaintiffs' apparent purpose in drawing Flowers Foods into this case is for it to serve as the linchpin to expand a two plaintiff case at one Flowers Foods subsidiary into a "nationwide class" involving over 30 Flowers Foods subsidiaries located in ten states. *Bell Atlantic*, 127 S. Ct. at 1966.

Plaintiffs have failed to plead plausible liability with regard to Flowers Foods. They have crossed neither the line between a conclusory and factual statement of the claim and its grounds nor the line between a factually neutral and factually suggestive statement of the claim and its grounds. At Paragraph 13 of their Complaint, Plaintiffs allege that they were "employed by Flowers within the meaning of § 3(d) of the FLSA." Plaintiffs define "Flowers" as including Flowers Baking Co. of Opelika, LLC and Flowers Foods, Inc. (Compl. ¶ 7.) Applying the conclusory label "employer" to Flowers Foods is insufficient to provide fair notice under Rule 8(a)(2) of the nature of Plaintiffs' claim against Flowers Foods under *Bell Atlantic*. It is all the more inadequate in light of other, contradictory, allegations in the Complaint such as each Plaintiff's allegation that he "worked as a route distributor for Flowers Baking Co. of Opelika," (Compl. ¶¶ 3-4); that Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC stand in a parent-subsidiary relationship (Compl. ¶¶ 5-6); and that the class consists of certain persons "who worked overtime while employed at Flowers Foods subsidiaries." (Compl. ¶ 45.)

The Court's discussion of *DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999) in *Bell Atlantic* is instructive. First, the Court quoted the following passage from *DM Research*:

> "Terms like 'conspiracy,' or even 'agreement,' are border-line: they might well be sufficient in conjunction with a more specific allegation – for example, identifying a written agreement or even a basis for inferring a

5

>   tacit agreement, …but a court is not required to accept such terms as a sufficient basis for a complaint."

*Bell Atlantic*, 127 S. Ct. at 1966 (quoting *DM Research Inc.*, 170 F.3d at 56).  The Court proceeded to explain that "[t]he border in *DM Research* was the line between the conclusory and the factual…[which] must be crossed to enter the realm of plausible liability." *Bell Atlantic*, 127 S. Ct. at 1966 n. 5.  The "employer" label, which Plaintiffs apply to Flowers Foods here, is likewise a legal conclusion, but all the more suspect given the admitted parent-subsidiary relationship between Flowers Foods and Flowers Baking Co. of Opelika and the subsidiary-specific nature of the alleged employment relationship between Plaintiffs, the putative class members, and their alleged employers.  (Compl. ¶¶ 3-4, 45.)

It would appear from their conclusory pleading that Plaintiffs are unable to plead plausible grounds to overcome what Alabama has long recognized as the "well settled" principle that corporate liability does not, as a general rule, extend to shareholders.  *First Health Inc. v. Blanton*, 585 So. 2d 1331, 1334 (Ala. 1991); Co-*Ex Plastics, Inc. v. AlaPak, Inc.*, 536 So. 2d 37 (Ala. 1988); *Moore & Handley Hardware Co. v. Towers Hardware Co.*, 6 So. 41, 43 (Ala. 1888).  To avoid application of this general rule, a plaintiff must establish that one of a set of narrowly drawn exceptions applies.  The exceptions are typically categorized as follows:

>   1.   Inadequacy of capital;
>
>   2.   Fraudulent purpose in the conception or operation of the corporation; or
>
>   3.   Operation of the corporation as an instrumentality or alter ego.

*Messick v. Moring*, 514 So. 2d 892, 894 (Ala. 1987).

The Alabama Supreme Court has confirmed that the parent-subsidiary relationship is every bit as deserving of deference with respect to limited liability as are ordinary corporate

shareholders.[2] *In Re. Birmingham Asbestos Litig.*, 619 So. 2d 1360, 1362 (Ala. 1993), *adopted by In Re. Birmingham Asbestos Litig.*, 997 F.2d 827 (11th Cir. 1993). *See also, Johnson v. Flowers Industries, Inc.,* 814 F.2d 978 (4th Cir. 1987). In that Age Discrimination in Employment Act case, the Fourth Circuit explained that, "when a subsidiary hires employees, there is a strong presumption that the subsidiary, not the parent company, is the employer" and analyzed whether Flowers Industries "so completely dominates" its subsidiaries that its limited liability as a parent corporation should be disregarded.[3] The court then proceeded to consider whether there was "domination" of the subsidiary by Flowers Industries in a manner very similar to the test set forth under Alabama law. *Johnson*, 814 F.2d at 980-82. The court concluded that Flowers Industries and its subsidiary had merely "a normal parent-subsidiary relationship," and in particular that the Flowers subsidiary made its own day-to-day decisions in the "vital areas of production, distribution, marketing, and advertising." *Id.*

The Alabama Supreme Court has developed a test for analyzing instrumentality or alter ego cases. To establish that a corporation is merely an instrumentality or alter ego of another entity, a plaintiff must prove that all three of the following conditions applies:

> 1. The dominant party had <u>complete</u> control and domination of the subservient corporation's finances, policy and business practices so that at the time of the attacked transaction the subservient corporation had no separate mind, will, or existence of its own;
>
> 2. The control was misused by the dominant party. Although fraud or the violation of a statutory or other positive legal duty is misuse of control, when it is necessary to prevent injustice or inequitable consequences, misuse of control will be presumed; and

---

[2] The fact that Flowers Baking Co. of Opelika, LLC is organized as a limited liability company under the laws of Alabama (Compl. ¶ 6, Flowers Foods Amended Answer ¶ 6) is of no consequence as the LLC statutes were designed to extend the same protections against liability to members as Alabama corporate law does to shareholders. *See Code of Alabama* § 10-12-20.

[3] Flowers Foods was formed when Flowers Industries divested itself of its majority interest in the Keebler Foods Company to the Kellogg Company.

7

> 3. The misuse of this control proximately caused the harm or unjust loss complained of.

*Messick v. Moring*, 514 So. 2d 892, 894-95 (Ala. 1987).

This court applied that analysis in denying a motion to amend a complaint as futile for failure to state a claim against a defendant's corporate parent in *Nobles v. Rural Community Ins. Services*, 303 F. Supp. 2d 1279, 1288 (M.D. Ala. 2004). The court explained:

> "Wells Fargo, as parent corporation of Wells Fargo Insurance, the parent of [defendant] RCIS, cannot be held liable for RCIS's actions 'unless the parent corporation so controls the operation of the subsidiary as to make it a mere adjunct, instrumentality, or alter ego of the parent corporation.' [Duff v. Southern Ry. Co., 496 So. 2d 760, 762 (Ala. 1986).] [Plaintiffs] Nobles and Hales have presented no evidence, and made no argument, that Wells Fargo so controls the affairs of RCIS. As such, Wells Fargo cannot, under Alabama law, be found liable for RCIS's purported breach of contract."

*Nobles*, 303 F. Supp. 2d at 1288. The court therefore denied plaintiffs' motion to amend the complaint as futile for failure to state a claim. *Ibid. See also, Cobb v. D.T. Marshall*, 2007 U.S. Dist. LEXIS 55022 (M.D. Ala. July 27, 2007). In *Cobb*, a 42 U.S.C. § 1983 action, the plaintiff alleged that the defendant was liable for the acts of his subordinate because the defendant "authorized, ratified, and[/]or condoned" the alleged unlawful conduct. *Id.* at * 10. Defendant filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. The court refused to permit the case to go forward based on such broad and unsupported averments, explaining:

> "Here, Plaintiff brings Defendant into federal court and asks this court to permit her to go forward on her claim and to hold Defendant personally liable for money damages based upon three words: 'authorized, ratified and [/] or condoned.'… Plaintiff, however, has failed to allege any facts whatsoever to support these broad and sweeping averments. The court agrees with Defendant that the terms 'authorized,' 'ratified' and 'condoned' are boilerplate and 'nonspecific' and are insufficient to establish supervisory liability. The heightened [§1983] pleading requirements do not permit Plaintiff to build her case on such shoddy grounds. [citation omitted]

8

> …
>
> Not only are these allegations insufficient under the heightened pleading rules, but they also fail to pass muster under Rule 8(a)(2)'s relaxed notice pleading standard. *See Bell Atlantic Corp. v. Twombly*, ___ U.S. ____, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (elucidating that under Rule 8(a)(2) "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [.]") citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986). …Plaintiff's amended complaint requires an indulgence in pure speculation as to how Defendant acquiesced in or ratified the alleged infringing unconstitutional conduct. The facts are simply insufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, ___ U.S. at ____, 127 S. Ct. at 1965[.]"

*Cobb* at \*\* 11-13.

Likewise here, Plaintiffs' Complaint offers a single boilerplate label – employer – which it then repeatedly contradicts, thereby requiring an indulgence in sheer speculation as to how Flowers Foods is liable. In sum, Plaintiffs' Complaint fails to establish plausible liability as required under Rule 8(a)(2) by crossing the line between a conclusory and factual statement of the claim and by crossing the line between factually neutral and factually suggestive grounds upon which the claim rests, which warrants its dismissal with respect to Flowers Foods.

Moreover, should Plaintiffs be endeavoring to pierce the corporate veil on a fraud theory, the pleading particularity requirements of FED. R. CIV. PROC. 9(b) are mandated. *Golding v. Imperial Sterling, Ltd.,* 2001 U.S. Dist. LEXIS 25226 at \*11 (S.D. Fla. 2001); *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005). In *Bell Atlantic*, the Court explained with regard to Rule 9(b): "[o]n certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than *Rule 8* requires." *Bell Atlantic*, 127 S. Ct. at 1973. The Eleventh Circuit has also noted that Rule 9(b)'s "clear intent is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed." *Friedlander v. Nims,* 755 F.2d 810, 813 n.3 (11th Cir.

1985). Such concerns are particularly salient here where Plaintiffs are evidently endeavoring to drag Flowers Foods into this action so that they can expand a two plaintiff lawsuit at one subsidiary into a "nationwide class" involving 30 subsidiaries.

## CONCLUSION

Since Plaintiffs have failed to plead a plausible basis for Flowers Foods' liability, as required under Rule 8(a)(2) – and perhaps Rule 9(b) – their Complaint fails to state a claim against Flowers Foods upon which relief can be granted, which warrants dismissal of the Complaint with respect to Flowers Foods.

Respectfully submitted this 17th day of August, 2007.

/s/ Kevin P. Hishta_____
Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail: Kevin.Hishta@ogletreedeakins.com
(404) 881-1300
(404) 870-1732 Fax

*Counsel for Defendants, Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of August, 2007, I electronically filed the foregoing Brief in Support of Flowers Foods, Inc. Motion for Judgment on the Pleadings with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Greg L. Davis, Esq.
The Law Offices of Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL  36117

Joe R. Whatley, Jr., Esq.
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama 35203

Joseph P. Guglielmo, Esq.
Whatley Drake & Kallas, LLC
1504 Broadway, 37th Floor
New York, New York 10036

I hereby certify that a true and correct copy will be sent by First Class, U.S. Mail on this 17th day of August, 2007 to the following counsel who are not registered for efiling:

Amy Lynne Weaver
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama 35203

E. Kirk Wood, Esq.
Law Offices of Archie Lamb
2017 2nd Avenue North
Birmingham, Alabama 35201

/s/ Kevin P. Hishta_____
Kevin P. Hishta