IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MORROW and MICHAEL OVERTON, Individually and on behalf of similarly situated employees, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 3:07-CV617-MHT |
| FLOWERS FOODS, INC., FLOWERS BAKING CO., OF OPELIKA, LLC, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT FLOWERS FOODS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT .......................................................................................................... 3

    I.     THE APPLICABLE STANDARDS GOVERNING A MOTION FOR
         JUDGMENT ON THE PLEADINGS ................................................... 3

    II.    TWOMBLY DOES NOT REQUIRE DISMISSAL OF THIS
         ACTION. ........................................................................................... 4

    III.   PLAINTIFFS HAVE SUFFICIENTLY ALLEGED THAT FLOWERS
         FOODS, INC. PARTICIPATED IN THE BEHAVIOR THAT IS THE
         SUBJECT OF THIS COLLECTIVE ACTION ...................................... 6

    IV.   FEDERAL RULE OF CIVIL PROCEDURE 9(B) DOES NOT APPLY TO
         FLSA CLAIMS. ................................................................................. 8

    V.    SHOULD THIS COURT FIND PLAINTIFFS HAVE NOT ADEQUATELY
         STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED, LEAVE TO
         REPLEAD SHOULD BE GRANTED OR ALTERNATIVELY, PLAINTIFFS
         SHOULD BE ALLOWED LIMITED DISCOVERY ............................. 9

CONCLUSION ..................................................................................................... 10

# TABLE OF AUTHORITIES

PAGE

## Federal Cases

*Ancata v. Prison Health Servs., Inc.*,
769 F.2d 700 (11th Cir. 1985) ................................................................................3

*Bank v. Pitt*,
928 F.2d 1108 (11th Cir. 1991) ..............................................................................4

*Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*,
137 F.3d 1293 (11th Cir. 1998) ..............................................................................3

*Bell Atlantic v. Twombly*,
127 S. Ct. 1955 (2007) ....................................................................................2, 4, 5

*Bryant v. Dupree*,
252 F.3d 1161 (11th Cir. 2001) ..............................................................................9

*Carss v. Outboard Marine Corp.*,
252 F.2d 690 (5th Cir. 1958) ..................................................................................4

*Conley v. Gibson*,
355 U.S. 41 (1957) ..................................................................................................4

*Damonte v. Higgins  Industries, Inc.*,
2 F.R.D. 486 (E.D. La. 1942) .................................................................................3

*Gates v. Rohm & Haas Co.*,
No. 06-1743, 2007 WL 2155665 (E.D. Pa. July 26, 2007) ....................................3

*Halliburton & Assocs., Inc. v. Henderson, Few & Co.*,
774 F.2d 441 (11th Cir. 1985) ................................................................................9

*Hargett v. Valley Fed. Sav. Bank*,
60 F.3d 754 (11th Cir. 1995) ..................................................................................9

*Nobles v. Rural Community Insurance Services*,
303 F. Supp. 2d 1279 (M.D. Ala. 2004) .................................................................7

*Patterson v. Augat Wiring Systems, Inc.*,
944 F. Supp. 1509 (M.D. Ala. 1996) ......................................................................3

*Peters v. Amoco Oil Co.*,
57 F. Supp. 2d 1268 (M.D. Ala. 1999) ...................................................................9

*Sikirica v. Nationwide Ins. Co.,*
    416 F.3d 214 (3d Cir. 2005) ................................................................3

*United States v. Baxter Int'l, Inc.,*
    345 F.3d 866 (11th Cir. 2003) ......................................................4, 8, 9

*Welch v. Laney,*
    57 F.3d 1004 (11th Cir. 1995) ...........................................................4

*Youngblood v. Potter,*
    262 F. Supp. 2d 1309 (M.D. Ala. 2003) ..............................................3

*Zhong v. August Corp.,*
    No. 06-2429, 2007 WL 2142371 (S.D.N.Y. July 23, 2007) ......................6

**State Cases**

*In re Birmingham Asbestos Litigation,*
    619 So.2d 1360 (Ala. 1993) ............................................................6, 7

**Federal Rules**

Fed. R. Civ. P. 8(a)(2) ...........................................................................4

Fed. R. Civ. P. 9.....................................................................................8

Fed. R. Civ. P. 9(b)................................................................................8

Fed. R. Civ. P. 12(c) ..............................................................................3

Fed. R. Civ. P. 15(a) ..............................................................................9

Plaintiffs Charles Morrow and Michael Overton ("Plaintiffs"), by and through their attorneys, respectfully submit this Memorandum of Law in opposition to Defendant Flowers Foods, Inc.'s Motion for Judgment on the Pleadings.

## PRELIMINARY STATEMENT

Defendant Flowers Foods, Inc. ("Defendant") seeks dismissal under Federal R. Civ. P. 12(c) arguing that Plaintiffs have not properly or sufficiently alleged that it is not a proper party to this action as it is not the "employer" of plaintiffs. For the reasons set forth in more detail below, Flowers Foods, Inc.'s motion should be denied. Contrary to Defendant's arguments, plaintiffs have alleged that both Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC[1] are jointly and directly involved and responsible for the practices which led to plaintiffs Morrow and Overton being improperly characterized as "independent contractors" and denied overtime compensation.

The Complaint sets forth specific details that Flowers Foods, Inc. and Flowers Baking Co. of Opelika have designated and characterized Plaintiffs Morrow and Overton and other similarly situated route distributors as independent contractors when in fact their actions demonstrate that such route distributors are actually employees and therefore owed overtime for hours worked in excess of forty in a given week.[2]

Specifically, Plaintiffs allege that they were employees of Flowers Foods, Inc. and Flowers Baking Co. of Opelika for the purposes of the Fair Labor Standards Act ("FLSA"). Compl. ¶ 13.[3] Moreover, Plaintiffs allege that Flowers Foods, Inc. and Flowers Baking Co. of Opelika eliminated the job or route salesman and converted these

---

[1] It should be noted that Flowers Baking Co. of Opelika, LLC does not seek dismissal of Plaintiffs' claims.
[2] Both Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC admit in their answers to the Complaint that Plaintiff Morrow was from 1980 until 1994 an employee of Flowers Baking Co. of Opelika, LLC.
[3] Citations to "Compl. ¶ __" refer to Plaintiffs' Class Action Complaint filed on July 2, 2007.

employees to route distributors who were treated as independent contractors. Compl. ¶¶ 14-16. Plaintiffs further allege that Flowers Foods and Flowers Baking Co. of Opelika had the route distributors perform the same job functions as when they were employees. *Id.*

In support of the fact that the route distributors were in fact employees of Flowers Foods, Inc. for the purposes of the FLSA, Plaintiffs allege that route distributors were instructed by Flowers from which dealership they should purchase their delivery van, and from what bank they should obtain financing. Compl. ¶¶ 18-19. Additionally, Plaintiffs allege that they would usually wear shirts with the Flower's name and products and were required to lease a handheld computer that would provide route distributors with the amount of bread to be ordered. Compl. ¶¶ 21-24

Moreover, Plaintiffs allege that Defendants willfully failed to pay them for hours worked in excess of forty (40) in a given work week and thereby violated the FLSA. Compl. ¶¶37, 44.

Rather than focusing on the specific allegations which identify both Flowers Foods, Inc. and Flowers Baking Co. of Opelika as jointly engaging in these practices, Flowers Foods, Inc. makes a number of arguments that do not correctly state what is needed to state a FLSA claim or make arguments that are simply irrelevant. For example, Flowers Foods, Inc. argues that plaintiffs haven't satisfied the pleading requirements of Rule 8(a), that plaintiffs haven't satisfied the requirements articulated in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007), or that plaintiffs cannot pierce the corporate veil. *See* Defs. Br. at 6-7.[4] As discussed in detail below, all of their arguments

---

[4] All references herein to "Defs. Br. __" are to the Brief in Support of Defendant Flowers Foods, Inc.'s Motion for Judgment on the Pleadings.

fail as they are simply inapplicable or erroneously attempt to apply standards or create defenses that simply do not apply.

## ARGUMENT

### I.   THE APPLICABLE STANDARDS GOVERNING A MOTION FOR JUDGMENT ON THE PLEADINGS.

Rule 12(c) of the Federal Rules of Civil Procedure states "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Federal district courts have applied a fairly restrictive standard against granting motions for judgment on the pleadings. *Patterson v. Augat Wiring Systems, Inc.*, 944 F. Supp. 1509, 1516 (M.D. Ala. 1996). It is only when the right to judgment on the pleadings is clear, that a motion therefore is granted. *Damonte v. Higgins Industries, Inc.*, 2 F.R.D. 486, 486 (E.D. La. 1942). "Judgment on the pleadings will not be granted unless the movant clearly establishes that there are no material issues of fact, and that he or she is entitled to judgment as a matter of law." *Gates v. Rohm & Haas Co.*, No. 06-1743, 2007 WL 2155665, at *2 (E.D. Pa. July 26, 2007), *citing Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219-20 (3d Cir. 2005). For the purposes of a motion for judgment on the pleadings, the Court accepts the facts as alleged in the complaint as true and draws all inferences in favor of the nonmovant. *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998). *See also Sikirica*, 416 F.3d at 219-20.

The threshold is exceedingly low for a complaint to survive a motion to dismiss for failure to state a claim. *Youngblood v. Potter*, 262 F. Supp. 2d 1309, 1311 (M.D. Ala. 2003) (quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). Moreover, even when a court determines that a more carefully drafted complaint might

3

state a claim upon which relief could be granted, the district court should allow the plaintiff to amend the complaint rather than dismiss it. *Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). Under the Federal Rules of Civil Procedure a case consists not in the pleadings, but the evidence, for which the pleadings furnish a basis. The cases are generally to be tried on the proofs rather than the pleadings. *Carss v. Outboard Marine Corp.*, 252 F.2d 690, 691 (5th Cir. 1958).

## II.    TWOMBLY DOES NOT REQUIRE DISMISSAL OF THIS ACTION.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Because the Federal Rules embody the concept of liberalized "notice pleading," a complaint need contain only a statement calculated to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003), *citing Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Flowers Foods, Inc., in its Brief in Support of its Motion for Judgment on the Pleadings (hereinafter "Brief"), incorrectly relies on statements made by the Supreme Court in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007) to argue that Plaintiffs' complaint should be dismissed because it does not plausibly allege Flowers Foods' involvement in the alleged wrongdoing. *See* Defs. Br. at 5-6.

Defendant's reliance on *Twombly* is misplaced. First, *Twombly* dealt with the pleading of an antitrust conspiracy which alleged that that individual bell phone companies conspired to fix prices and not compete against one another. *Twombly,* 127 S.Ct. at 1958. The Court, in dismissing the *Twombly* complaint specifically noted that

4

the pleadings were insufficient because the allegations of conspiracy among the various

bell phone companies were not plausible.  *Id.* at 1972-73.  In fact, the Court in *Twombly*

noted that the plaintiffs' allegations tended to show there was no reason to infer the

companies had conspired to not compete and thus the claim did not make sense and was

not plausible.  *Id.* at 1971 (internal citations omitted)

> even if the ILECs flouted the 1996 Act in all the ways the plaintiffs allege,
> there is no reason to infer that the companies had agreed among
> themselves to do what was only natural anyway; so natural, in fact, that if
> alleging parallel decisions to resist competition were enough to imply an
> antitrust conspiracy, pleading a § 1 violation against almost any group of
> competing businesses would be a sure thing.

In contrast the allegations of the plaintiffs in *Twombly* which involve a complex

conspiracy involving dozens of individual companies scattered throughout the country,

Plaintiffs' allegations are clear and straight forward -- Flowers Foods, Inc., along with

Flowers Baking Co. of Opelika, violated the FLSA.  Thus, these allegations are clearly

sufficient to withstand Defendant's motion.

Thus, if *Twombly* were to be applied (and Plaintiffs do not concede that it should),

the question to be asked is whether it is possible or plausible that Flowers Foods, Inc.,

could have violated the FLSA.  If the Court believes the answer is yes, then clearly,

Plaintiffs' allegations have met the Supreme Court's analysis and the motion should be

denied.

Plaintiffs have alleged that Flowers Foods, Inc. and Flowers Baking Co. of

Opelika engaged in the policies and practices concerning the development of a route

distributor position, which Flowers Baking Co. of Opelika implemented.  Plaintiffs allege

Flowers Foods, Inc. negotiates with some of the customers that route distributors deliver

to locally in their exclusive territories. Compl. ¶17. These allegations clearly put Flowers Foods, Inc. on notice and state a claim under the FLSA.

Indeed, post *Twombly,* courts have held that it is enough to allege that the defendant is an employer to survive a motion to dismiss under the FLSA. *See Zhong v. August August Corp.*, No. 06-2429, 2007 WL 2142371, at *2 (S.D.N.Y. July 23, 2007) (Denying a motion to dismiss holding that allegations that the employee alleged that he "was an employee" and that he was "employed by" although he never actually declared the defendant to be his "employer.")

Plaintiffs allege that the policies and procedures, created by Flowers Foods, Inc. and employed by Flowers Foods' subsidiaries, such as Flowers Baking Co. of Opelika, created the independent route distributor position from a position that was once an employee position in order to avoid the requirements of the FLSA. Compl. ¶¶14, 15. Additionally, Flowers Foods, Inc. and Flowers Baking Co. of Opelika both seek out new customers on national and regional levels and can negotiate with customers within individual route distributor territories. Compl. ¶17. These statements support Plaintiffs' claims of Flowers Foods, Inc. as a direct participant in the actions underlying the claim and thus Flowers Foods, Inc. like its subsidiary, Flowers Baking Co. of Opelika should be subject to liability for violations of the FLSA.

## III. PLAINTIFFS HAVE SUFFICIENTLY ALLEGED THAT FLOWERS FOODS, INC. PARTICIPATED IN THE BEHAVIOR THAT IS THE SUBJECT OF THIS COLLECTIVE ACTION.

Defendant argues that Plaintiffs have not sufficiently plead their claims against Flowers Foods, Inc. to overcome the "hurdle" of corporate liability extending to shareholders (or parent company in this case). *See Defs. Br. at 6-7. In support of its argument, Flowers Foods cites *In re Birmingham Asbestos Litigation*, 619 So.2d 1360,

6

1362 (Ala. 1993) and *Nobles v. Rural Community Insurance Services*, 303 F. Supp. 2d

1279, 1288 (M.D. Ala. 2004) to provide examples of the requirements necessary to hold a

parent company liable for the actions of the subsidiary. Defs. Br. at 6-8. However,

defendant's reliance upon *In re Birmingham Asbestos Litigation*, is misplaced as the

plaintiffs did not allege that the parent corporation was directly involved in the alleged

conduct but rather sought to hold the parent company liable for injuries resulting from

asbestos exposure in the subsidiary companies claiming that the parent-subsidiary

relationship should be deemed a special relationship and therefore establish a duty on

behalf of the parent company to control the subsidiary and thus pierce the corporate veil.

619 So.2d at 1362.

 This is not what Plaintiffs have alleged here. Rather, Plaintiffs have alleged

Flowers Foods, Inc.'s direct involvement in the policies and actions that resulted in

violations of the FLSA as to the route distributors. Flowers Foods, Inc. cannot escape

liability for its own actions and thus any attempt to claim that Plaintiffs must plead and

prove that the corporate veil must be pierced is simply erroneous.

 Moreover, Defendant's reliance upon *Nobles* is likewise without support. The

plaintiffs in *Nobles* alleged that the parent corporation, Wells Fargo, was responsible for

the breach of contract and other wrongs committed by its subsidiary. *Nobles*, 303 F.

Supp. 2d at 1281. However, in dismissing the claim, the court held that because the

plaintiffs had failed to allege how Wells Fargo was responsible they had not stated a

claim. *Id.* at 1288. The facts of *Nobles* are clearly distinguishable as Plaintiffs have

alleged that Flowers Foods, Inc. was directly involved in the policies and practices that

caused Plaintiffs not to be paid overtime and therefore they were not merely liable just

because of its existence as the parent corporation as the Defendant attempts to argue in its Brief. *See* Defs. Br. at 8-9. *See also* Compl. ¶¶14, 15. Thus, Plaintiffs' allegations are clearly sufficient to state a claim and give Flowers Foods, Inc., fair notice of Plaintiffs' claims. By not moving for judgment on the pleadings for Flowers Baking Co. of Opelika, Defendant has essentially admitted these allegations are enough to state a claim as to it. Thus, for the reasons set forth above, Flowers Foods, Inc.'s motion should be denied.

## IV.    FEDERAL RULE OF CIVIL PROCEDURE 9(B) DOES NOT APPLY TO FLSA CLAIMS.

In a last attempt to have the claim dismissed, Flowers Foods, Inc. argues that a heightened pleading requirement should be applied under Fed. R. Civ. P. 9(b) to state a claim under the FLSA. Defs. Br. at 9.

Notably, Defendant cites no case that holds that 9(b) must be applied to FLSA claims. Defendant's attempt to apply Rule 9(b) must fail as it is improper, especially where there is no allegation or claim that is based on fraud. Moreover, the basic claim (that Flowers Foods, Inc., by the creation of the policies and procedures failed to pay Plaintiffs overtime and thus violated the FLSA) does sound in fraud therefore, 9(b) should not apply.

Thus, as there are no averments of fraud or other special matters in the complaint, there is no requirement that the heightened requirements of Fed. R. Civ. P. 9 apply. *See Baxter Int'l, Inc.*, 345 F.3d at 883-84 (where the court held that the pleading standards urged by the Defendants were akin to the heightened requirements of Rule 9, but as there was no fraud alleged the complaint "need not allege the particulars of each instance of injury in order to survive a motion to dismiss.").

8

V.    **SHOULD THIS COURT FIND PLAINTIFFS HAVE NOT ADEQUATELY STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED, LEAVE TO REPLEAD SHOULD BE GRANTED OR ALTERNATIVELY, PLAINTIFFS SHOULD BE ALLOWED LIMITED DISCOVERY.**

Federal Rule of Civil Procedure 15 provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although the decision whether to grant leave is within the discretion of the district court, the rule contemplates that leave shall be granted unless there is substantial reason to deny it. *Halliburton & Assocs., Inc. v. Henderson, Few & Co.,* 774 F.2d 441 (11th Cir. 1985). Here, if the Court finds that Plaintiffs have sufficiently alleged details as to Flowers Foods, Inc.'s involvement in the alleged violation of the FLSA, leave to replead should be granted to cure any purported deficiencies. *Hargett v. Valley Fed. Sav. Bank,* 60 F.3d 754, 761 (11th Cir. 1995).[5]

In the alternative, if the Court finds certain allegations insufficient, Plaintiffs request that limited discovery of Flowers Foods, Inc.'s involvement with its subsidiaries be allowed. Courts typically allow the pleader an extra modicum of leeway where the information supporting the complainant's case is under the exclusive control of the defendant. *Baxter Int'l, Inc.* 345 F.3d at 881 (quoting *Peters v. Amoco Oil Co.,* 57 F. Supp. 2d 1268, 1284-85 (M.D. Ala. 1999)). Since Defendant controls the information regarding its policies and procedures used in creating the route distributor position and its control over its subsidiaries, discovery would benefit the parties.

---

[5] Even though Defendant has answered the Complaint, Plaintiffs believe good cause exists to cure any alleged defect and the Court has the discretion to allow such amendments. *See Bryant v. Dupree,* 252 F.3d 1161 (11th Cir. 2001).

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Defendant's

motion for judgment on the pleadings be denied in its entirety.

DATED:      September 4, 2007          Respectfully Submitted,

                                       COUNSEL FOR PLAINTIFFS

                                       By: /s/ Greg L. Davis
                                           Greg L. Davis, ASB-8134-I71G

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of September, 2007, I electronically filed the foregoing Memorandum of Law in Opposition to Defendant Flowers Foods, Inc.'s Motion for Judgment on the Pleadings with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Sandra B. Reiss
Ogletree, Deakins, Nash, Smoack, & Stewarts, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com

Kevin P. Hishta
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CHARLES MORROW and MICHAEL
OVERTON, Individually and on behalf
of similarly situated employees,

   Plaintiffs,

v.

FLOWERS FOODS, INC., FLOWERS
BAKING CO., OF OPELIKA, LLC,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

3:07-CV617-MHT

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
FLOWERS FOODS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .......................................................................................................................... 3

    I.     THE APPLICABLE STANDARDS GOVERNING A MOTION FOR
          JUDGMENT ON THE PLEADINGS .................................................................. 3

    II.    TWOMBLY DOES NOT REQUIRE DISMISSAL OF THIS
          ACTION.............................................................................................................. 4

    III.   PLAINTIFFS HAVE SUFFICIENTLY ALLEGED THAT FLOWERS
          FOODS, INC. PARTICIPATED IN THE BEHAVIOR THAT IS THE
          SUBJECT OF THIS COLLECTIVE ACTION. .................................................... 6

    IV.   FEDERAL RULE OF CIVIL PROCEDURE 9(B) DOES NOT APPLY TO
          FLSA CLAIMS. ................................................................................................. 8

    V.    SHOULD THIS COURT FIND PLAINTIFFS HAVE NOT ADEQUATELY
          STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED, LEAVE TO
          REPLEAD SHOULD BE GRANTED OR ALTERNATIVELY, PLAINTIFFS
          SHOULD BE ALLOWED LIMITED DISCOVERY. ........................................... 9

CONCLUSION .................................................................................................................... 10

i

**TABLE OF AUTHORITIES**

**PAGE**

<u>**Federal Cases**</u>

*Ancata v. Prison Health Servs., Inc.,*
769 F.2d 700 (11th Cir. 1985) ......................................................................... 3

*Bank v. Pitt,*
928 F.2d 1108 (11th Cir. 1991) ....................................................................... 4

*Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n,*
137 F.3d 1293 (11th Cir. 1998) ....................................................................... 3

*Bell Atlantic v. Twombly,*
127 S. Ct. 1955 (2007) ............................................................................ 2, 4, 5

*Bryant v. Dupree,*
252 F.3d 1161 (11th Cir. 2001) ....................................................................... 9

*Carss v. Outboard Marine Corp.,*
252 F.2d 690 (5th Cir. 1958) .......................................................................... 4

*Conley v. Gibson,*
355 U.S. 41 (1957) ......................................................................................... 4

*Damonte v. Higgins Industries, Inc.,*
2 F.R.D. 486 (E.D. La. 1942) ......................................................................... 3

*Gates v. Rohm & Haas Co.,*
No. 06-1743, 2007 WL 2155665 (E.D. Pa. July 26, 2007) ............................. 3

*Halliburton & Assocs., Inc. v. Henderson, Few & Co.,*
774 F.2d 441 (11th Cir. 1985) ........................................................................ 9

*Hargett v. Valley Fed. Sav. Bank,*
60 F.3d 754 (11th Cir. 1995) .......................................................................... 9

*Nobles v. Rural Community Insurance Services,*
303 F. Supp. 2d 1279 (M.D. Ala. 2004) ......................................................... 7

*Patterson v. Augat Wiring Systems, Inc.,*
944 F. Supp. 1509 (M.D. Ala. 1996) ............................................................... 3

*Peters v. Amoco Oil Co.,*
57 F. Supp. 2d 1268 (M.D. Ala. 1999) ........................................................... 9

ii

*Sikirica v. Nationwide Ins. Co.,*
  416 F.3d 214 (3d Cir. 2005) ................................................................3

*United States v. Baxter Int'l, Inc.,*
  345 F.3d 866 (11th Cir. 2003) ......................................................4, 8, 9

*Welch v. Laney,*
  57 F.3d 1004 (11th Cir. 1995) ............................................................4

*Youngblood v. Potter,*
  262 F. Supp. 2d 1309 (M.D. Ala. 2003) ................................................3

*Zhong v. August Corp.,*
  No. 06-2429, 2007 WL 2142371 (S.D.N.Y. July 23, 2007) ......................6

**State Cases**

*In re Birmingham Asbestos Litigation,*
  619 So.2d 1360 (Ala. 1993) ............................................................6, 7

**Federal Rules**

Fed. R. Civ. P. 8(a)(2) ........................................................................4

Fed. R. Civ. P. 9 ................................................................................8

Fed. R. Civ. P. 9(b) ............................................................................8

Fed. R. Civ. P. 12(c) ..........................................................................3

Fed. R. Civ. P. 15(a) ..........................................................................9

Plaintiffs Charles Morrow and Michael Overton ("Plaintiffs"), by and through their attorneys, respectfully submit this Memorandum of Law in opposition to Defendant Flowers Foods, Inc.'s Motion for Judgment on the Pleadings.

## PRELIMINARY STATEMENT

Defendant Flowers Foods, Inc. ("Defendant") seeks dismissal under Federal R. Civ. P. 12(c) arguing that Plaintiffs have not properly or sufficiently alleged that it is not a proper party to this action as it is not the "employer" of plaintiffs. For the reasons set forth in more detail below, Flowers Foods, Inc.'s motion should be denied. Contrary to Defendant's arguments, plaintiffs have alleged that both Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC[1] are jointly and directly involved and responsible for the practices which led to plaintiffs Morrow and Overton being improperly characterized as "independent contractors" and denied overtime compensation.

The Complaint sets forth specific details that Flowers Foods, Inc. and Flowers Baking Co. of Opelika have designated and characterized Plaintiffs Morrow and Overton and other similarly situated route distributors as independent contractors when in fact their actions demonstrate that such route distributors are actually employees and therefore owed overtime for hours worked in excess of forty in a given week.[2]

Specifically, Plaintiffs allege that they were employees of Flowers Foods, Inc. and Flowers Baking Co. of Opelika for the purposes of the Fair Labor Standards Act ("FLSA"). Compl. ¶ 13.[3] Moreover, Plaintiffs allege that Flowers Foods, Inc. and Flowers Baking Co. of Opelika eliminated the job or route salesman and converted these

---

[1] It should be noted that Flowers Baking Co. of Opelika, LLC does not seek dismissal of Plaintiffs' claims.
[2] Both Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC admit in their answers to the Complaint that Plaintiff Morrow was from 1980 until 1994 an employee of Flowers Baking Co. of Opelika, LLC.
[3] Citations to "Compl. ¶ __" refer to Plaintiffs' Class Action Complaint filed on July 2, 2007.

1

employees to route distributors who were treated as independent contractors. Compl. ¶¶ 14-16. Plaintiffs further allege that Flowers Foods and Flowers Baking Co. of Opelika had the route distributors perform the same job functions as when they were employees. *Id.*

In support of the fact that the route distributors were in fact employees of Flowers Foods, Inc. for the purposes of the FLSA, Plaintiffs allege that route distributors were instructed by Flowers from which dealership they should purchase their delivery van, and from what bank they should obtain financing. Compl. ¶¶ 18-19. Additionally, Plaintiffs allege that they would usually wear shirts with the Flower's name and products and were required to lease a handheld computer that would provide route distributors with the amount of bread to be ordered. Compl. ¶¶ 21-24

Moreover, Plaintiffs allege that Defendants willfully failed to pay them for hours worked in excess of forty (40) in a given work week and thereby violated the FLSA. Compl. ¶¶37, 44.

Rather than focusing on the specific allegations which identify both Flowers Foods, Inc. and Flowers Baking Co. of Opelika as jointly engaging in these practices, Flowers Foods, Inc. makes a number of arguments that do not correctly state what is needed to state a FLSA claim or make arguments that are simply irrelevant. For example, Flowers Foods, Inc. argues that plaintiffs haven't satisfied the pleading requirements of Rule 8(a), that plaintiffs haven't satisfied the requirements articulated in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007), or that plaintiffs cannot pierce the corporate veil. *See* Defs. Br. at 6-7.[4] As discussed in detail below, all of their arguments

---

[4] All references herein to "Defs. Br. __" are to the Brief in Support of Defendant Flowers Foods, Inc.'s Motion for Judgment on the Pleadings.

2

fail as they are simply inapplicable or erroneously attempt to apply standards or create

defenses that simply do not apply.

**ARGUMENT**

I.    **THE APPLICABLE STANDARDS GOVERNING A MOTION FOR JUDGMENT ON THE PLEADINGS.**

Rule 12(c) of the Federal Rules of Civil Procedure states "After the pleadings are

closed but within such time as not to delay the trial, any party may move for judgment on

the pleadings." Fed. R. Civ. P. 12(c).  Federal district courts have applied a fairly

restrictive standard against granting motions for judgment on the pleadings.  *Patterson v.*

*Augat Wiring Systems, Inc.*, 944 F. Supp. 1509, 1516 (M.D. Ala. 1996).  It is only when

the right to judgment on the pleadings is clear, that a motion therefore is granted.

*Damonte v. Higgins Industries, Inc.*, 2 F.R.D. 486, 486 (E.D. La. 1942).  "Judgment on

the pleadings will not be granted unless the movant clearly establishes that there are no

material issues of fact, and that he or she is entitled to judgment as a matter of law."

*Gates v. Rohm & Haas Co.*, No. 06-1743, 2007 WL 2155665, at *2 (E.D. Pa. July 26,

2007), *citing Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219-20 (3d Cir. 2005).  For

the purposes of a motion for judgment on the pleadings, the Court accepts the facts as

alleged in the complaint as true and draws all inferences in favor of the nonmovant.

*Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d

1293, 1295 (11th Cir. 1998).  *See also Sikirica*, 416 F.3d at 219-20.

The threshold is exceedingly low for a complaint to survive a motion to dismiss

for failure to state a claim. *Youngblood v. Potter*, 262 F. Supp. 1309, 1311 (M.D. Ala.

2003) (quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)).

Moreover, even when a court determines that a more carefully drafted complaint might

3

state a claim upon which relief could be granted, the district court should allow the plaintiff to amend the complaint rather than dismiss it. *Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). Under the Federal Rules of Civil Procedure a case consists not in the pleadings, but the evidence, for which the pleadings furnish a basis. The cases are generally to be tried on the proofs rather than the pleadings. *Carss v. Outboard Marine Corp.*, 252 F.2d 690, 691 (5th Cir. 1958).

## II.    TWOMBLY DOES NOT REQUIRE DISMISSAL OF THIS ACTION.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Because the Federal Rules embody the concept of liberalized "notice pleading," a complaint need contain only a statement calculated to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003), *citing Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Flowers Foods, Inc., in its Brief in Support of its Motion for Judgment on the Pleadings (hereinafter "Brief"), incorrectly relies on statements made by the Supreme Court in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007) to argue that Plaintiffs' complaint should be dismissed because it does not plausibly allege Flowers Foods' involvement in the alleged wrongdoing. *See* Defs. Br. at 5-6.

Defendant's reliance on *Twombly* is misplaced. First, *Twombly* dealt with the pleading of an antitrust conspiracy which alleged that that individual bell phone companies conspired to fix prices and not compete against one another. *Twombly*, 127 S.Ct. at 1958. The Court, in dismissing the *Twombly* complaint specifically noted that

4

the pleadings were insufficient because the allegations of conspiracy among the various

bell phone companies were not plausible. *Id.* at 1972-73. In fact, the Court in *Twombly*

noted that the plaintiffs' allegations tended to show there was no reason to infer the

companies had conspired to not compete and thus the claim did not make sense and was

not plausible. *Id.* at 1971 (internal citations omitted)

> even if the ILECs flouted the 1996 Act in all the ways the plaintiffs allege,
> there is no reason to infer that the companies had agreed among
> themselves to do what was only natural anyway; so natural, in fact, that if
> alleging parallel decisions to resist competition were enough to imply an
> antitrust conspiracy, pleading a § 1 violation against almost any group of
> competing businesses would be a sure thing.

In contrast the allegations of the plaintiffs in *Twombly* which involve a complex

conspiracy involving dozens of individual companies scattered throughout the country,

Plaintiffs' allegations are clear and straight forward -- Flowers Foods, Inc., along with

Flowers Baking Co. of Opelika, violated the FLSA. Thus, these allegations are clearly

sufficient to withstand Defendant's motion.

Thus, if *Twombly* were to be applied (and Plaintiffs do not concede that it should),

the question to be asked is whether it is possible or plausible that Flowers Foods, Inc.,

could have violated the FLSA. If the Court believes the answer is yes, then clearly,

Plaintiffs' allegations have met the Supreme Court's analysis and the motion should be

denied.

Plaintiffs have alleged that Flowers Foods, Inc. and Flowers Baking Co. of

Opelika engaged in the policies and practices concerning the development of a route

distributor position, which Flowers Baking Co. of Opelika implemented. Plaintiffs allege

Flowers Foods, Inc. negotiates with some of the customers that route distributors deliver

5

to locally in their exclusive territories. Compl. ¶17. These allegations clearly put Flowers Foods, Inc. on notice and state a claim under the FLSA.

Indeed, post *Twombly,* courts have held that it is enough to allege that the defendant is an employer to survive a motion to dismiss under the FLSA. *See Zhong v. August August Corp.*, No. 06-2429, 2007 WL 2142371, at *2 (S.D.N.Y. July 23, 2007) (Denying a motion to dismiss holding that allegations that the employee alleged that he "was an employee" and that he was "employed by" although he never actually declared the defendant to be his "employer.")

Plaintiffs allege that the policies and procedures, created by Flowers Foods, Inc. and employed by Flowers Foods' subsidiaries, such as Flowers Baking Co. of Opelika, created the independent route distributor position from a position that was once an employee position in order to avoid the requirements of the FLSA. Compl. ¶¶14, 15. Additionally, Flowers Foods, Inc. and Flowers Baking Co. of Opelika both seek out new customers on national and regional levels and can negotiate with customers within individual route distributor territories. Compl. ¶17. These statements support Plaintiffs' claims of Flowers Foods, Inc. as a direct participant in the actions underlying the claim and thus Flowers Foods, Inc. like its subsidiary, Flowers Baking Co. of Opelika should be subject to liability for violations of the FLSA.

## III.   PLAINTIFFS HAVE SUFFICIENTLY ALLEGED THAT FLOWERS FOODS, INC. PARTICIPATED IN THE BEHAVIOR THAT IS THE SUBJECT OF THIS COLLECTIVE ACTION.

Defendant argues that Plaintiffs have not sufficiently plead their claims against Flowers Foods, Inc. to overcome the "hurdle" of corporate liability extending to shareholders (or parent company in this case). *See* Defs. Br. at 6-7. In support of its argument, Flowers Foods cites *In re Birmingham Asbestos Litigation*, 619 So.2d 1360,

1362 (Ala. 1993) and *Nobles v. Rural Community Insurance Services*, 303 F. Supp. 2d

1279, 1288 (M.D. Ala. 2004) to provide examples of the requirements necessary to hold a

parent company liable for the actions of the subsidiary.  Defs. Br. at 6-8.  However,

defendant's reliance upon *In re Birmingham Asbestos Litigation*, is misplaced as the

plaintiffs did not allege that the parent corporation was directly involved in the alleged

conduct but rather sought to hold the parent company liable for injuries resulting from

asbestos exposure in the subsidiary companies claiming that the parent-subsidiary

relationship should be deemed a special relationship and therefore establish a duty on

behalf of the parent company to control the subsidiary and thus pierce the corporate veil.

619 So.2d at 1362.

 This is not what Plaintiffs have alleged here.  Rather, Plaintiffs have alleged

Flowers Foods, Inc.'s direct involvement in the policies and actions that resulted in

violations of the FLSA as to the route distributors.  Flowers Foods, Inc. cannot escape

liability for its own actions and thus any attempt to claim that Plaintiffs must plead and

prove that the corporate veil must be pierced is simply erroneous.

 Moreover, Defendant's reliance upon *Nobles* is likewise without support.  The

plaintiffs in *Nobles* alleged that the parent corporation, Wells Fargo, was responsible for

the breach of contract and other wrongs committed by its subsidiary.  *Nobles*, 303 F.

Supp. 2d at 1281.  However, in dismissing the claim, the court held that because the

plaintiffs had failed to allege how Wells Fargo was responsible they had not stated a

claim.  *Id.*  at 1288.  The facts of *Nobles* are clearly distinguishable as Plaintiffs have

alleged that Flowers Foods, Inc. was directly involved in the policies and practices that

caused Plaintiffs not to be paid overtime and therefore they were not merely liable just

because of its existence as the parent corporation as the Defendant attempts to argue in its Brief. *See* Defs. Br. at 8-9. *See also* Compl. ¶¶14, 15. Thus, Plaintiffs' allegations are clearly sufficient to state a claim and give Flowers Foods, Inc., fair notice of Plaintiffs' claims. By not moving for judgment on the pleadings for Flowers Baking Co. of Opelika, Defendant has essentially admitted these allegations are enough to state a claim as to it. Thus, for the reasons set forth above, Flowers Foods, Inc.'s motion should be denied.

## IV.    FEDERAL RULE OF CIVIL PROCEDURE 9(B) DOES NOT APPLY TO FLSA CLAIMS.

In a last attempt to have the claim dismissed, Flowers Foods, Inc. argues that a heightened pleading requirement should be applied under Fed. R. Civ. P. 9(b) to state a claim under the FLSA. Defs. Br. at 9.

Notably, Defendant cites no case that holds that 9(b) must be applied to FLSA claims. Defendant's attempt to apply Rule 9(b) must fail as it is improper, especially where there is no allegation or claim that is based on fraud. Moreover, the basic claim (that Flowers Foods, Inc., by the creation of the policies and procedures failed to pay Plaintiffs overtime and thus violated the FLSA) does sound in fraud therefore, 9(b) should not apply.

Thus, as there are no averments of fraud or other special matters in the complaint, there is no requirement that the heightened requirements of Fed. R. Civ. P. 9 apply. *See Baxter Int'l, Inc.*, 345 F.3d at 883-84 (where the court held that the pleading standards urged by the Defendants were akin to the heightened requirements of Rule 9, but as there was no fraud alleged the complaint "need not allege the particulars of each instance of injury in order to survive a motion to dismiss.").

8

V.    **SHOULD THIS COURT FIND PLAINTIFFS HAVE NOT ADEQUATELY
STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED, LEAVE
TO REPLEAD SHOULD BE GRANTED OR ALTERNATIVELY,
PLAINTIFFS SHOULD BE ALLOWED LIMITED DISCOVERY.**

Federal Rule of Civil Procedure 15 provides that leave to amend a pleading "shall

be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although the decision

whether to grant leave is within the discretion of the district court, the rule contemplates

that leave shall be granted unless there is substantial reason to deny it. *Halliburton &

Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441 (11th Cir. 1985). Here, if the Court

finds that Plaintiffs have sufficiently alleged details as to Flowers Foods, Inc.'s

involvement in the alleged violation of the FLSA, leave to replead should be granted to

cure any purported deficiencies. *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761

(11th Cir. 1995).[5]

In the alternative, if the Court finds certain allegations insufficient, Plaintiffs

request that limited discovery of Flowers Foods, Inc.'s involvement with its subsidiaries

be allowed. Courts typically allow the pleader an extra modicum of leeway where the

information supporting the complainant's case is under the exclusive control of the

defendant. *Baxter Int'l, Inc.* 345 F.3d at 881 (quoting *Peters v. Amoco Oil Co.*, 57 F.

Supp. 2d 1268, 1284-85 (M.D. Ala. 1999)). Since Defendant controls the information

regarding its policies and procedures used in creating the route distributor position and its

control over its subsidiaries, discovery would benefit the parties.

---

[5] Even though Defendant has answered the Complaint, Plaintiffs believe good cause exists to cure any
alleged defect and the Court has the discretion to allow such amendments. *See Bryant v. Dupree*, 252 F.3d
1161 (11th Cir. 2001).

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Defendant's

motion for judgment on the pleadings be denied in its entirety.

DATED:          September 4, 2007          Respectfully Submitted,

COUNSEL FOR PLAINTIFFS

By: /s/ Greg L. Davis
    Greg L. Davis, ASB-8134-I71G

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of September, 2007, I electronically filed the foregoing Memorandum of Law in Opposition to Defendant Flowers Foods, Inc.'s Motion for Judgment on the Pleadings with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Sandra B. Reiss
Ogletree, Deakins, Nash, Smoack, & Stewarts, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com

Kevin P. Hishta
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com

      /s/ Greg L. Davis
Greg L. Davis, ASB-8134-I71G