IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MORROW and MICHAEL OVERTON, Individually and on behalf of similarly situated employees, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO: |
| v. | ) | 3:07-CV-617-MHT |
| | ) | |
| FLOWERS FOODS, INC., FLOWERS BAKING CO., OF OPELIKA, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Rules 15 and 20 of the Federal Rules of Civil Procedure, the Plaintiffs respectfully request that this Honorable Court allow them to amend their Complaint and join additional persons as plaintiffs to this action.

Rule 20(a) of the Federal Rules of Civil Procedure sets forth two specific requirements for permissive joinder: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." *Atchison v. Woodmen of the World Ins. Soc.,* 982 F.Supp. 835 , 840 (S.D.Ala. 1997), *citing, Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1964). The purpose of this rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. *Mosley*, 496 F.2d at 1333. Therefore the rule is liberally interpreted in favor of joinder.

*United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137-38, 16 L.Ed.2d

218 (1966) ("joinder of claims, parties and remedies is strongly encouraged.").

In keeping with the liberal interpretation of the joinder requirements, "there is no

strict rule for determining what constitutes the same transaction or series of transactions

for purposes of Rule 20(a)." *Atchison*, 982 F. Supp. at 840. Instead , courts look at each

case individually to determine whether the claims are logically related, thereby allowing

"all reasonably related claims for relief by or against different parties to be tried in a

single proceeding/" *Id.*, *citing* 7 Wright & Miller, *Federal Practice & Procedure 2d*

§1653.

As grounds for said motion, Plaintiffs state the following:

1.     On July 2, 2007, Plaintiffs filed their Class Action Complaint. After the

Class Action Complaint was filed, two Flowers current and former route distributors

contacted Plaintiffs' counsel to be part of the pending lawsuit. These individuals are

James Marty Smith, Dwayne Cleveland, Michael Smith, and Mark Murphy.

2.     Mr. Cleveland, Mr. James Marty Smith, Mr. Michael Smith, and Mr.

Murphy have requested to be added in as Plaintiffs at this time.

3.     The granting of this Motion will not prejudice any party and will not

impede the processing of this case. The period for amending the complaint under the

scheduling order has not elapsed.

4.     Additionally, the individuals mentioned herein are former and current

route distributors of Defendants whose claims arise from the same transaction and/or

occurrence and there exist common issues of law or fact that these plaintiffs share with

all the other plaintiffs in this action. For example, the defendants will likely argue that

these plaintiffs are not entitled to an overtime premium because they are exempt under the motor carrier exemption act and outside salesperson exemption. Furthermore, with respect to liquidated damages, the Defendant will likely rely on the same evidence to argue that none of the plaintiffs are entitled to liquidated damages.

5.    Plaintiffs have consulted with Defendants and they do not consent to the filing of this Motion.

6.    A copy of Plaintiffs' proposed First Amended Complaint is attached hereto as Exhibit "A".

For the reasons set forth herein, Plaintiffs respectfully request that this Honorable Court enter an Order granting Plaintiffs Motion for Leave to file the First Amended Complaint, adding James Marty Smith, Michael Smith, Mark Murphy, and Dwayne Cleveland as named Plaintiffs in the above-styled case.

Respectfully Submitted,

   /s/ Greg L. Davis_____
BY: Greg L. Davis
ASB-8134-I71G

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com

Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York, 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com


## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of September, 2007, I electronically filed the foregoing Motion for Leave to Amend Complaint using the CM/ECF system which will send notification of such filing to:

Sandra B. Reiss
Ogletree, Deakins, Nash, Smoack, & Stewarts, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com

Kevin P. Hishta
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com

_/s/Greg L. Davis_____
Greg L. Davis, ASB-8134-I71G

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CHARLES MORROW, MICHAEL OVERTON, JAMES MARTY SMITH, DWAYNE CLEVELAND, MICHAEL SMITH, Individually and on behalf of similarly situated employees, | ) ) ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO.: ) 3:07-CV-617-MHT ) JURY TRIAL DEMANDED |
| v. | ) ) |
| FLOWERS FOODS, INC., FLOWERS BAKING CO., OF OPELIKA, LLC, | ) ) ) |
| Defendants. | ) ) |

**FIRST AMENDED
CLASS ACTION COMPLAINT**

The named Plaintiffs, individually and on behalf of a nationwide class of similarly situated employees, collectively complain against the Defendants Flowers Foods, Inc., Flowers Baking Company of Opelika, LLC, as follows:

**Jurisdiction and Venue**

1. This is a collective action brought under the Fair Labor Standards Act. This Court has jurisdiction over Plaintiffs' claims because they are brought pursuant to the Fair Labor Standards Acts, 29 U.S.C. §216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this federal judicial district pursuant to 28 U.S.C. §1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendants Flowers Baking Company

of Opelika, LLC and Flowers Foods, Inc. regularly conduct business within this judicial

district and thus is subject to personal jurisdiction within this judicial district.

## Parties

3. Plaintiff, Charles Morrow, is over the age of nineteen (19) and worked as a

route distributor for Flowers Baking Company of Opelika. He worked out of the

Montgomery warehouse located on Norman Bridge Road in Montgomery, Alabama. Mr.

Morrow has expressly authorized the filing of this collective action.

4. Plaintiff, Michael Overton, is over the age of nineteen (19) and worked as

route distributor for Flowers Baking Company of Opelika. He worked out of the

Roanoke warehouse located in Roanoke, Alabama. Mr. Overton has expressly authorized

the filing of this collective action.

5. Plaintiff, James Marty Smith, is over the age of nineteen (19) and worked as a

route distributor for Flowers Baking Company of Opelika. He worked out of the

Roanoke warehouse located in Roanoke, Alabama. Mr. Smith has expressly authorized

the filing of this collective action.

6. Plaintiff, Dwayne Cleveland, is over the age of nineteen (19) and currently

works as a route distributor for Flowers Baking Company of Opelika. He works out of

the Montgomery warehouse located on Norman Bridge Road in Montgomery, Alabama.

Mr. Cleveland has expressly authorized the filing of this collective action.

7. Plaintiff, Michael Smith, is over the age of nineteen (19) and worked as a route

distributor for Flowers Baking Company of Opelika. He worked out of the LaGrange

warehouse located in LaGrange, Georgia. Mr. Smith has expressly authorized the filing

of this collective action.

8. Plaintiff, Mark Murphy, is over the age of nineteen (19) and currently works as a route distributor for Flowers Baking Company of Opelika. He works out of the LaGrange warehouse located in LaGrange, Georgia. Mr. Murphy has expressly authorized the filing of this collective action.

8. Defendant Flowers Foods, Inc. is a foreign corporation with its principal place of business in Thomasville, Georgia and is incorporated under the laws of Georgia.

9. Defendant Flowers Baking Company of Opelika, LLC, a subsidiary of Flowers Foods, Inc., is headquartered in Opelika, Alabama, and is incorporated under the laws of Alabama.

10. Throughout this Complaint, Defendants Flowers Foods, Inc., and Flowers Baking Company of Opelika, LLC, are referred to collectively as "Flowers."

## Factual Allegations

11. Flowers is a leading producer and marketer of packaged bakery foods in the United States. Flowers produces breads, buns, rolls, snack cakes and pastries, which are distributed fresh to foodservice and retail customers in the Southeastern, Southwestern, and mid-Atlantic states.

12. Flowers Foods Inc. has more than 30 bakeries located in Alabama, Georgia, Florida, Louisiana, North Carolina, Tennessee, Texas, Virginia, West Virginia, and Arkansas.

13. Flower's brand names include Nature's Own, Cobblestone Mill, Bluebird, ButterKrust, Evangeline Maid, Mary Jane, Dandee, European Bakers, Mrs. Freshley's, Bunny, and Sunbeam.

14. Flowers is the third largest wholesale baker in the United States and, most recently, had annual sales of $1.9 billion in 2006.

15. At all material times, Flowers has been an employer within the meaning of § 3 (d) of the FLSA.

16. At all material times, Plaintiffs have been employed by Flowers within the meaning of §3 (d) of the FLSA.

17. Before 1994 or 1995, all of Flowers' route salesmen were employees of Flowers and had the same job duties and performed the same job functions as the current route distributors.

18. In or about 1994 or 1995, Flowers eliminated the company-owned position of route salesman and instead, sold territories to route distributors, ostensibly creating an independent contractor position.

19. Many route distributors like plaintiffs are former route salesman employees of Flowers.

20. Territories are exclusive to each route distributor, but Flowers retains the right to enter and negotiate with the route distributor's stores in any territory.

21. The route distributors who were former employees of Flowers were allowed to buy the old Flowers' delivery vans.

22. When the route distributors buy new vans, Flowers recommends a particular dealership and a particular bank for the financing.

23. Flowers provides the route distributors with labels, racks, dollies, and displays.

24.  The route distributors usually wear shirts with Flowers' products on them when they are working.

25.  In addition to the foregoing, Flowers provided plaintiffs and other route distributors with a hand-held computer that provides the route distributors with the amount of bread to order based on the customers past weekly sales.

26.  The hand-held computer lists each stop in the order in which it has to be made, along with the amount to deliver and prints out statements for the route distributor.

27.  The hand-held computers are returned to a central location within the warehouse at the end of the day where they sync up with the central office.

28. Flowers requires route distributors to pick up product that is out of code (more than a certain number of days old, which is usually referred to as stales) and take it to the local thrift store on a daily basis.  At the thrift store, the route distributor must sort the product into separate types and provide Flowers with a signed stale report.

29.  In the event a route distributor consistently has excess stale bread, Flowers will contact the customer and talk to them about cutting back on product in order to have less stales.

30.  Plaintiffs and other route distributors were not allowed to carry any other company's product in their van.  Flowers does not allow route distributors to carry any competitive products on their routes.

31.  Customers pay Flowers and not the route distributors, either by an authorized charge or by check, and route distributors are paid by Flowers directly.

32.  Flowers controls the price of the bread.  Route distributors cannot change the price or offer discounts to customers as incentive to buy more product.

33.  Flowers can change the price or offer discounts to customers in a route distributor's exclusive territory without first consulting that distributor.

### Facts pertaining to Morrow

34.  In 1980, Flowers hired Morrow as a route salesman.  He worked as a route salesman from 1980 to 1994.

35.  In 1994, Flowers made Morrow an independent contractor.  Morrow was a route distributor from 1994 to the end of 2005.

36.  In 1994, Morrow purchased a territory and a Flowers delivery van.

37.  His duties and responsibilities remained the same as when he was a route salesman.

38.  Flowers determined the route and the prices of the products for each customer on his route.

39.  Flowers solicited new contracts within his route when a new grocery store or restaurant opened up.

40.  On average, Morrow worked 9 to 12 hours a day, 5 days a week, or approximately 45 to 60 hours per week, resulting in overtime for which he was not compensated.

### Facts pertaining to Overton

41.  In or about October 2005, Flowers hired Overton as an extra man to run the route he purchased six months later.  He stayed in this position for six months.

42. In or about March 2006, Flowers made Overton an independent contractor. Overton was a route distributor from March 2006 until September 2006.

43.  In March 2006, Overton purchased a territory and a Flowers delivery van.

44.  His duties and responsibilities remained the same as when he was an extra man.

45.  Flowers determined the route and prices of the products for each customer on his route.

46.  Flowers solicited new contracts within his route when a new grocery store or restaurant opened up.

47.  On average, Overton worked 12 to 14 hours a day, 5 days a week, or approximately 60 to 68 hours per week, resulting in overtime for which he was not compensated.

## Facts pertaining to James Marty Smith

48.  In or about January 2006, Flowers hired Smith as an extra man through a temp agency to provide help running routes.  He stayed in this position for 8 months.

49.  In or about September 2006, Flowers made Smith an independent contractor. Smith was a route distributor from September 2006 to January 2007.

50.  In September 2006, Smith purchased a territory and a Flowers delivery van.

51.  His duties and responsibilities remained the same as when he was an extra man.

52.  Flowers determined the route and prices of the products for each customer on his route.

53.  Flowers solicited new contracts within his route when a new grocery store or restaurant opened up.

54.  On average, Smith worked 12 to 14 hours a day, 5 days a week, or approximately 60 to 68 hours per week, resulting in overtime for which he was not compensated.

### Facts pertaining to Cleveland

55.  In or about 2003, Cleveland was hired as an extra man through a temp agency to provide help running routes.  He stayed in this position for 3 months.

56.  In or about 2003, Flowers made Cleveland an independent contractor. Cleveland has been a route distributor since 2003.

57.  In 2003, Cleveland purchased a territory and a Flowers delivery van.

58.  His duties and responsibilities remain the same as when he was an extra man.

59.  Flowers determines the route and the prices of the products for each customer on his route.

60.  Flowers solicits new contracts within his route when a new grocery store or restaurant opened up.

61.  On average, Cleveland works between 8.5 and 13.5 hours a day, 5 days a week, or approximately 54 hours per week, resulting in overtime for which he is not compensated.

### Facts pertaining to Michael Smith

62.  In or about 2001, Flowers made Smith an independent contractor.  Smith was a route distributor from 2001 to December 2006.

63.  In or about 2001, Smith purchased a territory and a Flowers delivery van.

64.  Flowers determined the route and the prices of the products for each customer on his route.

65.  Flowers solicited new contracts within his route when a new grocery store or restaurant opened up.

66.  On average, Smith worked 12 to 13 hours a day, 5 days a week, and a couple hours on both his off days, or approximately 60 to 68 hours a week, resulting in overtime for which he was not compensated.

### Facts pertaining to Murphy

67.  In or about September 2002, Flowers made Murphy an independent contractor.  Murphy has been a route distributor since September 2002.

68.  In or about September 2002, Smith purchased a territory and a Flowers delivery van.

69.  Murphy drove a route that did not cross state lines from September 2002 until the end of 2006 when he began crossing into the state of Alabama for a new store assigned to him by Flowers.

70.  Flowers determines the route and the prices of the products for each customer on his route.

71.  Flowers solicits new contracts within his route when a new grocery store or restaurant opened up.

72.  On average, Murphy works between 10 and 13 hours a day, 5 days a week, or approximately 55 to 58 hours a week, resulting in overtime for which he was not compensated.

### Class Allegations

73.  Plaintiffs bring their claim pursuant to 29 U.S.C.  §216 (b) as a representative action on behalf of the following opt-in class:

> All current and former route distributors, or other persons performing a service and/or delivery function on a non-hourly basis, who worked overtime while employed at Flowers Foods subsidiaries, and were not compensated for such overtime work at an amount equaling one and one-half times the employee's regular rate of pay. Such persons shall not include persons who, as part of their duties, cross state lines to make deliveries.

74. The Class, as defined above, is so numerous that joinder of all members is impracticable.

75. Plaintiffs are members of the class and their claims are typical of the claims of the members of the Class as defined.

76. Plaintiffs will fairly and adequately represent the Class and the interests of all members of the Class.

77. Plaintiffs have no interests that are antagonistic to or in conflict with those interests that they have undertaken to represent as Class Representatives.

78. Plaintiffs have retained competent and experienced class action counsel who are able to effectively represent the interests of the entire Class.

79. Questions of law and fact that are common to the Class predominate over any individual questions. Among such common questions of law and fact include, inter alia, the following:

a. Whether Route Distributors are employees subject to Flowers' control and thus entitled to relief under the Fair Labor Standards Act?

b. Whether Route Distributors are entitled to overtime compensation at the rate of one-and-a-half times their regular rate of pay under federal law?

80.  There is a community of interest among the Class members in obtaining appropriate declaratory and injunctive relief, damages, and compensation for costs and fees incurred herein.

## VIOLATION OF THE FAIR LABOR STANDARDS
## ACT 29 U.S.C. § 201 *et seq.*

81.  Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

82.  The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. §206(b).

83.  The Plaintiffs and the class they seek to represent are employees who are not except under the Fair Labor Standards Act.  Flowers does not pay the plaintiffs and similarly situated employees time and a half for hours worked over 40 in a given workweek.  The failure to pay time and a half for hours worked over 40 in a given workweek violates 29 U.S.C. §207.

84.  The defendant Flowers willfully and/or knowingly failed to pay plaintiffs and similarly situated employees time and a half for hours worked over 40 in a given workweek.  The plaintiffs and similarly situated employees were damaged as a result of Flowers' willful and/or knowing violation of 29 U.S.C. §207.

85.  Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. §216(b), Defendant Flowers, because it failed to pay employees the required amount of overtime, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

11

86. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief against Defendant Flowers:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the collective action;

C. Enter judgment against Defendant and in favor of Plaintiff and others similarly situated, for the amount of unpaid overtime that the Defendants has failed and refused to pay in violation of the Fair Labor Standards Act;

D. Find that Defendant's violations of the Fair Labor Standards Act were willful;

E. An injunction prohibiting Defendant Flowers Foods from engaging in future violations of the Fair Labor Standards Act;

F. Liquidated damages to the fullest extent permitted under the Fair Labor Standards Act;

G. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the Fair Labor Standards Act; and,

H. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution, the

plaintiffs respectfully request a trial by jury.

Respectfully submitted,


    /s/ Greg L. Davis_____
Greg L. Davis
ASB-8134-I71G

**OF COUNSEL:**


THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 19th day of September, 2007, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Sandra B. Reiss
Ogletree, Deakins, Nash, Smoak, & Stewarts, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com

Kevin P. Hishta
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com