IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES MORROW and MICHAEL OVERTON, Individually and on behalf of similarly situated employees,<br><br>    Plaintiffs,<br><br>v.<br><br>FLOWERS FOODS, INC., FLOWERS BAKING CO., OF OPELIKA, LLC,<br><br>    Defendants. | CIVIL ACTION NO: 3:07-CV-617-MHT |

**DEFENDANT FLOWERS FOODS, INC.'S AND DEFENDANT FLOWERS BAKING COMPANY OF OPELIKA, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

COME NOW Defendant Flowers Foods, Inc. ("Flowers Foods") and Defendant Flowers Baking Company of Opelika, LLC ("Flowers/Opelika"), by and through their undersigned counsel, and submit the following Response in Opposition to Plaintiffs' Motion for Leave to Amend Complaint in accordance with this Court's Order of September 20, 2007.

### I.   FACTUAL BACKGROUND

On July 2, 2007, Plaintiffs Morrow and Overton ("Plaintiffs") filed a Complaint in this Court on behalf of themselves "and others similarly situated." In their Complaint, Plaintiffs specifically averred that "[t]his is a collective action brought under the Fair Labor Standards Act," and that the "Court has jurisdiction over these claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)." (Complaint, ¶ 1). In Paragraph 45 of the Complaint, entitled "Class Allegations," Plaintiffs further averred that they "bring their claim pursuant to 29 U.S.C. § 216(b) as a *representative action* on behalf of [a specified] "opt-in class." (Complaint, ¶ 45) (emphasis added).

On September 19, 2007, Plaintiffs' counsel sent Defendants' counsel a proposed Motion for Leave to Amend Complaint and proposed First Amended Complaint, proposing the joinder of James Marty Smith, Michael Smith, Mark Murphy, and Dwayne Cleveland ("additional plaintiffs" or "proposed plaintiffs") as plaintiffs to this action pursuant to Rule 20(a) of the Federal Rules of Civil Procedure.  After reviewing the proposed Motion and proposed First Amended Complaint, Defendants' counsel sent Plaintiffs' counsel a letter indicating that Defendants did not consent to Plaintiffs' proposed Motion or proposed Amended Complaint, as drafted, because the proposed plaintiffs should follow the opt-in process to be included in the lawsuit and should not be added pursuant to Rule 20(a).  A copy of the letter from Defendants' counsel to Plaintiffs' counsel noting this objection is attached hereto as Exhibit "A."

After receiving this letter, Plaintiffs moved this Court for leave to amend their Complaint, pursuant to Rules 15 and 20 of the Federal Rules of Civil Procedure, to join the proposed additional plaintiffs to this lawsuit, specifically noting in Paragraph 5 of their Motion that they consulted with Defendants and "[Defendants] do not consent to the filing of this Motion." (Motion for Leave to Amend Complaint, ¶ 5). On September 20, 2007, this Honorable Court issued an Order granting Plaintiffs' Motion for Leave to Amend Complaint and provided Defendants with seven days in which to file any objections to the allowance of this Amendment. (Order dated September 20, 2007, signed by United States District Court Judge Myron H. Thompson).

## II.    ARGUMENTS AND AUTHORITY

### A.    Summary of Argument

As will be discussed below, Flowers Foods and Flowers/Opelika object to the joinder of the proposed plaintiffs under Rule 20(a) because Plaintiffs filed their Complaint as a collective

action under Section 216(b). The statutory language of Section 216(b) clearly establishes a set procedure for adding opt-in plaintiffs in such actions, which is inconsistent with, and involves a different legal standard than, the joinder principles of Rule 20(a).[1] By moving to add the proposed plaintiffs under Rule 20(a), Plaintiffs are asking this Court to ignore the plain language of the statute under which they filed their Complaint and apply a higher and different standard than would be otherwise required. This would severely prejudice Defendants' positions because Plaintiffs are, in essence, asking this Court to make a premature ruling, without the benefit of both parties' evidence under the method provided for by the Eleventh Circuit in Section 216(b) actions, on whether the claims of Plaintiffs and the proposed plaintiffs should be litigated together in the same lawsuit. Further, moving to add the proposed plaintiffs under Rule 20(a), and not under the procedure set forth in Section 216(b), has the effect of converting or improperly combining this collective action into an individual, multi-plaintiff action, which will subject this Court, as well as all parties, to both inconsistent and substantially different standards and procedures.

    B.    <u>Section 216(b)'s Statutory Framework and the Eleventh Circuit's Recommended Approach for Managing Section 216(b) Actions</u>

29 U.S.C. Section 216(b), the vehicle under which Plaintiffs filed their collective action, clearly provides that *"[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought*." (emphasis added). The Eleventh Circuit has endorsed (and district courts have routinely followed) a two-tiered approach when managing Section 216(b) collective actions under the Fair Labor Standards Act ("FLSA") and Age Discrimination in Employment

---

[1] As will be discussed below, Flowers Foods and Flowers Opelika do not oppose, and have even encouraged, Plaintiffs to move to add these proposed plaintiffs through the opt-in procedure established in Section 216(b).

3

Act ("ADEA").[2]  *See Hipp v. Liberty National Ins. Co.,* 252 F.3d 1208, 1214-1218 (11th Cir. 2001); *Cameron-Grant v. Maxim Healthcare Svcs., Inc.,* 347 F.3d 1240, 1243 (11th Cir. 2003).[3]

In the first stage, which is referred to as the "notice" stage, the district court determines whether notice of the collective action should be given to putative class members. This decision is "usually based only on the pleadings and any affidavits which have been submitted." *See Cameron-Grant,* 347 F.3d at 1243 (quoting *Hipp,* 252 F.3d at 1218) (citations omitted); *see also Crawford v. Dothan City Bd. of Educ.,* 214 F.R.D. 694, 695 (M.D. Ala. 2003) ("at the first step, or the notice stage, the court makes a preliminary determination of whether individuals are similarly situated by examining the pleadings and affidavits.") The court uses "a fairly lenient standard" for making this determination, which typically results in conditional certification. *See id.* However, despite this fairly lenient standard, plaintiffs will not be entitled to conditional certification if they fail to provide evidence that (1) other employees desire to opt-in; and (2) these putative opt-ins are "similarly situated." *See Harper et al. v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 362 (M.D. Ala. 1999) (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.3d 1562, 1567-68 (11th Cir. 1991)). In the second stage, after notice and discovery are completed, the defendant normally moves to "decertify" the action, which typically results in the court making a factual determination on the similarly situated question. *See id.*

C.  <u>Plaintiffs' Deviation from Established Statutory Procedure and the Prejudicial Effects of Such Deviation</u>

Despite filing the action as a collective one pursuant to the provisions of 29 U.S.C. § 216(b), and despite the clear statutory procedure for adding plaintiffs set forth in Section 216(b), Plaintiffs have chosen to bypass this well-established statutory method and have moved this

---

[2] The ADEA uses the same collective-action mechanism as the FLSA.
[3] While Defendants deny that Plaintiffs or the proposed plaintiffs were or are "employees," Section 216(b) nonetheless is the vehicle for proposed plaintiffs to join this lawsuit as both Plaintiffs and proposed plaintiffs

4

Court for leave to amend their Complaint to add four additional plaintiffs under Rule 20(a) of the Federal Rules of Civil Procedure ("Rule 20(a)"). Rule 20(a), entitled "permissive joinder," provides that:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of these persons will arise in the action.

Fed.R.Civ.P. 20(a)(2007).

As noted by Plaintiffs, the purpose of Rule 20(a) is to "promote trial convenience" by eliminating multiple lawsuits and expediting the resolution of disputes. However, actions under 29 U.S.C. § 216(b) accomplish the same result by providing for a process whereby individuals who are allegedly "similarly situated" can opt-into the same lawsuit by filing written opt-in consents with the court, thus eliminating multiple actions and the extensive costs involved thereto, to have their claims litigated collectively. *See Hoffmann-LaRoche, Inc. v. Sperling,* 493 U.S. 165, 170, 110 S. Ct. 482, 486, 107 L.Ed. 2d 480 (1989) (discussing the benefits of a collective action in an age discrimination context, reasoning that "a collective action allows plaintiffs . . . the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding . . .").

Further, in their Motion, Plaintiffs note that joinder of parties is "strongly encouraged" (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 82 S. Ct. 1130, 1137-38, 16 L.Ed.2d 218 (1966)) and that "there is no strict rule for determining what constitutes the same transaction or series of transactions for purposes of Rule 20(a)" (quoting *Atchison* v. *Woodmen of the World Ins. Soc.*, 982 F. Supp. 835, 840 (S.D. Ala. 1997)). However, the cases cited by Plaintiffs did not involve Section 216(b) collective actions. Plaintiffs failed to bring to the Court's attention the

---

contend they were "employees" under the FLSA and such claims are being brought pursuant to this Section.

5

Eleventh Circuit's position that the threshold for joining parties pursuant to Rule 20(a) is much higher than the threshold for adding plaintiffs under Section 216(b). *See Grayson v. K-Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir. 1996) (citing *Flavel v. Svedala Indus. Inc.,* 875 F. Supp. 550, 553 (E.D. Wis. 1994) ("The 'similarly situated' requirement [under §216(b)], in turn, 'is considerably less stringent than . . . the Rule 20(a) requirement that claims 'arise out of the same transaction or occurrence.'")).

By ignoring the clear statutory method for the addition of plaintiffs set forth in Section 216(b), and by moving to add additional plaintiffs pursuant to Rule 20(a), Plaintiffs are asking this Court to apply a higher and different standard of proof than would otherwise be required at the current stage of the case. Plaintiffs are, in essence, asking this Court to make a premature ruling, without the benefit of both parties' evidence and/or written submissions, that the claims of the proposed and named plaintiffs are similar enough, albeit under the Rule 20(a) "same transaction or occurrence" standard, to warrant the inclusion of the proposed plaintiffs as parties.[4] Under the Eleventh Circuit's endorsed framework for Section 216(b) actions, the district court only initially considers whether individuals' claims should be treated collectively when the parties move for (or move to oppose) notice or conditional certification. At this stage, the parties should provide pleading and affidavit evidence on whether "similarly situated" individuals exist who wish to opt-in to the lawsuit. *See Cameron-Grant,* 347 F.3d at 1243 (quoting *Hipp,* 252 F.3d at 1218) (citations omitted); *see also Crawford,* 214 F.R.D. at 695.

Any ruling by this Court (either implicitly through allowing the proposed plaintiffs to be joined under Rule 20(a) or explicitly) on whether the claims of Plaintiffs and proposed plaintiffs

---

[4] Although Plaintiffs have presented this evidence to the Court in their Motion for Conditional Certification filed on September 21, 2007, the Court does not yet have the benefit of Defendants' evidence. The Court will receive Defendants' evidence in their Response in Opposition to Plaintiffs' Motion for Conditional Certification, scheduled

are similar enough to be joined in the same lawsuit, without following the Eleventh Circuit's established framework for Section 216(b) actions whereby both parties can present their positions and supporting evidence on the "similarly situated" element and appropriateness of collective treatment through their Motions for (or in opposition to) Conditional Certification and Motions for (or in opposition to) decertification, would be severely prejudicial to Defendants' positions. Further, allowing the additional plaintiffs to join as parties under Rule 20(a) and disregarding the clear statutory procedure set forth in the language of Section 216(b) for the addition of opt-in plaintiffs would severely prejudice Defendants' position because the proposed plaintiffs would become permanent parties to the action, even if the evidence later established that they weren't similarly situated to the named Plaintiffs. Section 216(b), however, allows for the court to decertify the action and dismiss the opt-ins without prejudice if the evidence later establishes that the opt-in plaintiffs are not similarly situated, thus rendering collective treatment inappropriate. *See Hipp,* 252 F.3d at 1216-1218; *Cameron-Grant,* 347 F.3d at 1243 n.2.

      Finally, Rule 20(a) and Rule 216(b), by their terms, contemplate two entirely different types of actions, namely an individual, multi-party action and a collective action, respectively. *See, e.g., Bonilla v. Las Vegas Cigar Co.,* 61 F. Supp. 2d 1129, 1133 (D. Nev. 1999) ("By contradistinction, a suit which consists of a number of individual actions joined under Rule 20(a) of the Federal Rules of Civil Procedure is not a 'collective action.'"). Thus, by seeking to join proposed plaintiffs under Rule 20(a) instead of following the procedure set forth in Rule 216(b), Plaintiffs are attempting to improperly convert or combine this Section 216(b) action with an individual, multi-party action. The effect of this improper conversion or combination would be

---

to be filed within 30 days of Plaintiffs' Motion for Conditional Certification, as set forth in the 26(f) Scheduling Report and Order of this Court.

7

to subject this Court, as well as all parties involved, to the different and inconsistent legal standards and procedures applicable to each type of action.

    D. <u>Appropriate Procedure for the Addition of Proposed Plaintiffs</u>

  Defendants Flowers Foods and Flowers/Opelika do not oppose the filing of any opt-in consents with the Court by James Marty Smith, Michael Smith, Mark Murphy, and Dwayne Cleveland, as provided for in 29 U.S.C. § 216(b) and even recommended to Plaintiffs' counsel, after reviewing Plaintiffs' proposed Motion for Leave to Amend Complaint before it was filed, that the proper way in which to proceed was for the proposed plaintiffs to file opt-in consent forms with this Court. Filing such opt-in consents with this Court is also necessary for both Plaintiffs and proposed plaintiffs to "commence" the lawsuit for statute of limitations purposes. *See* 29 U.S.C. § 256. Section 256 specifically provides that

> [i]n the case of a collective . . . action instituted under the [FLSA]. . . it shall be considered commenced in the case of any individual claimant - -
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint *and* his written consent to become a party is filed on such date in the court . . .; or
> (b) if such written consent was not so filed or if his name did not so appear - - on the subsequent date on which such written consent is filed.

29 U.S.C. § 256.

  For the reasons set forth herein, Defendants Flowers Foods and Flowers/Opelika respectfully request that this Honorable Court deny Plaintiffs' Motion for Leave to Amend Complaint and allow James Marty Smith, Michael Smith, Mark Murphy, and Dwayne Cleveland to join the lawsuit by filing the appropriate opt-in consent forms with this Court if they so choose.

  Respectfully submitted this 24th day of September, 2007.

              /s/ Kevin P. Hishta_____
              Kevin P. Hishta

Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail:  Kevin.Hishta@ogletreedeakins.com
Ph. (404) 881-1300
Fax (404) 870-1732


Sandra B. Reiss (ASB-3650-S80S)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000


*Counsel for Defendants Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 24th day of September, 2007, I electronically filed the foregoing Defendant Flowers Foods, Inc. and Defendant Flowers Baking Company of Opelika, LLC's Response in Opposition to Plaintiffs' Motion for Leave to Amend Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Greg L. Davis, Esq.
The Law Offices of Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL  36117
gldavis@knology.net

Joe R. Whatley, Jr., Esq.
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203
jwhatley@wdklaw.com

Joseph P. Guglielmo, Esq.
Whatley Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York  10036
jguglielmo@wdklaw.com

Amy Lynne Weaver
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203
aweaver@wdklaw.com

    And I hereby certify that I have mailed by United States, First Class Mail, postage prepaid the document to the following non-CM/ECF participant:

E. Kirk Wood, Esq.
Wood Law Firm, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233

                                               /s/ Kevin P. Hishta
                                               Kevin P. Hishta



**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

Bank of America Plaza
600 Peachtree St., NE, Suite 2100
Atlanta, GA  30308
Telephone:   (404) 881-1300
Facsimile:    (404) 870-1732
www.ogletreedeakins.com

**Kevin P. Hishta**
404-870-1733
Kevin.Hishta@ogletreedeakins.com

September 19, 2007

<u>Via Facsimile and Electronic Mail</u>
Joseph P. Guglielmo
Whatley Drake & Kallas LLC
1540 Broadway, 37th Floor
New York, New York 10036

Amy Weaver
Whatley Drake & Kallas LLC
1000 Park Place Tower 2001 Park Place North
Birmingham, AL 35203

Re:   Proposed Motion for Leave to Amend Complaint and Proposed Amended Complaint
       Morrow, et al. v. Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC
       United States District Court, Middle District of Alabama
       Civil Action No.: 3:07-cv-00617-MHT

Dear Joseph and Amy:

Please be advised that Defendants do not consent to the Proposed Motion or Proposed Amended Complaint as drafted.  In particular, we disagree with your position that such individuals should be added to this lawsuit pursuant to Rule 20(a) at this stage of the lawsuit.  Rather, we believe that should such individuals desire to opt-in to the lawsuit, they should do so via the opt-in process.  Should you have any questions, please let me know.

Very truly yours,

/s/ Kevin P. Hishta

Kevin P. Hishta
KPH:mr

cc:   Joe R. Whatley, Jr.
       Greg L. Davis
       E. Kirk Wood
       Sandra Reiss