**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES MORROW and MICHAEL** | ) | |
| **OVERTON, Individually and on behalf** | ) | |
| **of similarly situated  employees,** | ) | **CIVIL ACTION NO: 3:07-CV-617-MHT** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FLOWERS FOODS, INC., FLOWERS** | ) | |
| **BAKING CO., OF OPELIKA, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**SECOND AMENDED ANSWER OF FLOWERS BAKING CO. OF OPELIKA, LLC**</u>

COMES NOW Defendant, Flowers Baking Co. of Opelika, LLC (hereinafter "FBC of Opelika"), by its undersigned attorney(s), and hereby files its Second Amended Answer to Plaintiffs' First Amended Complaint ("Complaint").

FBC of Opelika responds to the allegations of each numbered Paragraph of the Complaint as follows:

1.    FBC of Opelika admits that because Plaintiffs[1] bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA" or "Act"), this raises a federal question which gives rise to this Court's jurisdiction, but denies that Plaintiffs or those individuals Plaintiffs purport to represent have any actionable claims thereunder or that Plaintiffs or those

---

[1]    FBC of Opelika is referring to James Marty Smith, Dwayne Cleveland, Michael Smith, and Mark Murphy as Plaintiffs pursuant to this Court's Order granting Plaintiffs' Motion for Leave to Amend Complaint to add them as parties. However, both FBC of Opelika and Flowers Foods, Inc. continue to maintain their position, as outlined in their Motion in Opposition to Plaintiffs' Motion for Leave to Amend Complaint, that these individuals should not be added as party plaintiffs under Rule 20(a) but rather must follow the statutory procedure to opt-into the lawsuit set forth in 29 U.S.C. § 216(b).

individuals Plaintiffs purport to represent are entitled to any damages from FBC of Opelika or any other named Defendant.

2.      FBC of Opelika admits that venue is proper in this federal district court pursuant to 28 U.S.C. § 1391(a) and (c) because FBC of Opelika regularly conducts business within this judicial district and because the allegations giving rise to this lawsuit occurred in this district. FBC of Opelika denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      FBC of Opelika admits that Charles Morrow is over the age of nineteen (19) and that he worked as an independent contractor distributor for FBC of Opelika out of the Montgomery warehouse located on Norman Bridge Road in Montgomery, Alabama. FBC of Opelika lacks sufficient knowledge or information to form a belief as to the truth of whether Mr. Morrow has expressly authorized this action and therefore denies the same. FBC of Opelika denies that this action should proceed as a collective action.

4.      FBC of Opelika admits that Michael Overton is over the age of nineteen (19) and that he worked as an independent contractor distributor for FBC of Opelika out of the Roanoke warehouse located in Roanoke, Alabama. FBC of Opelika lacks sufficient knowledge or information to form a belief as to the truth of whether Mr. Overton has expressly authorized this action and therefore denies the same. FBC of Opelika denies that this action should proceed as a collective action.

5.      FBC of Opelika admits that James Marty Smith is over the age of nineteen (19) and that he worked as an independent contractor distributor for FBC of Opelika out of the Roanoke warehouse located in Roanoke, Alabama.  FBC of Opelika lacks sufficient knowledge or information to form a belief as to the truth of whether Mr. Smith has expressly authorized this

action and therefore denies the same. FBC of Opelika denies that this action should proceed as a collective action.

6.      FBC of Opelika admits that Dwayne Cleveland is over the age of nineteen (19) and that he works as an independent contractor distributor for FBC of Opelika out of the Montgomery warehouse located in Montgomery, Alabama. FBC of Opelika lacks sufficient knowledge or information to form a belief as to the truth of whether Mr. Cleveland has expressly authorized this action and therefore denies the same. FBC of Opelika denies that this action should proceed as a collective action.

7.      FBC of Opelika admits that Michael Smith is over the age of nineteen (19) and that he worked as an independent contractor distributor for FBC of Opelika out of the LaGrange warehouse located in LaGrange, Georgia. FBC of Opelika lacks sufficient knowledge or information to form a belief as to the truth of whether Mr. Smith has expressly authorized this action and therefore denies the same. FBC of Opelika denies that this action should proceed as a collective action.

8.      FBC of Opelika admits that Mark Murphy is over the age of nineteen (19) and that he works as an independent contractor distributor for FBC of Opelika out of the LaGrange warehouse located in LaGrange, Georgia. FBC of Opelika lacks sufficient knowledge or information to form a belief as to the truth of whether Mr. Murphy has expressly authorized this action and therefore denies the same. FBC of Opelika denies that this action should proceed as a collective action.[2]

8.      FBC of Opelika admits the allegations contained in Paragraph 8 of the Complaint.

---

[2]      Plaintiffs included two Paragraph 8's in their First Amended Complaint. Therefore, to be consistent with Plaintiffs' First Amended Complaint, FBC of Opelika is providing responses for both of Plaintiffs' paragraph 8s, in the order in which Plaintiffs presented them.

9.     FBC of Opelika admits that it is a subsidiary of Flowers Foods, Inc., that it is headquartered in Opelika, Alabama, and that it is organized under the laws of Alabama as a limited liability company, but denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     No response is necessary to Paragraph 10 of the Complaint, but FBC of Opelika denies that FBC of Opelika and Flowers Foods, Inc. are a single entity.

11.     FBC of Opelika admits that Flowers Foods, Inc., through its subsidiaries, including FBC of Opelika, is a leading producer and marketer of packaged bakery foods in the United States and that Flowers Foods, Inc., through its subsidiaries, including FBC of Opelika, produces breads, buns, rolls, snack cakes and pastries, which are distributed fresh to foodservice and retail customers in the Southeastern, Southwestern, and mid-Atlantic states. FBC of Opelika denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     FBC of Opelika admits that Flowers Foods, Inc. is the ultimate parent company of more than 30 bakery subsidiaries located in Alabama, Georgia, Florida, Louisiana, North Carolina, Tennessee, Texas, Virginia, West Virginia, and Arkansas. FBC of Opelika denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     FBC of Opelika admits that Flowers Foods, Inc. and its subsidiaries, including FBC of Opelika, use various brand names, including Nature's Own, Cobblestone Mill, Bluebird, Butterkrust, Evangeline Maid, Mary Jane, Dandee, European Bakers, Mrs. Freshley's, Bunny, and Sunbeam. FBC of Opelika denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.     FBC of Opelika admits that Flowers Foods, Inc., including its subsidiaries and other business operations, had annual sales of over $1.8 billion for the fifty-two (52) week period

ending December 30, 2006. FBC of Opelika denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.    FBC of Opelika admits that both Flowers Foods, Inc. and FBC of Opelika are separate employers within the meaning of § 3(d) of the FLSA. FBC of Opelika denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.    FBC of Opelika denies the allegations contained in Paragraph 16 of the Complaint.

17.    FBC of Opelika denies the allegations contained in Paragraph 17 of the Complaint.

18.    FBC of Opelika denies the allegations contained in Paragraph 18 of the Complaint.

19.    FBC of Opelika denies the allegations contained in Paragraph 19 of the Complaint.

20.    FBC of Opelika denies the allegations contained in Paragraph 20 of the Complaint.

21.    FBC of Opelika denies the allegations contained in Paragraph 21 of the Complaint.

22.    FBC of Opelika denies the allegations contained in Paragraph 22 of the Complaint.

23.    FBC of Opelika denies the allegations contained in Paragraph 23 of the Complaint.

24.    FBC of Opelika denies the allegations contained in Paragraph 24 of the Complaint.

25.    FBC of Opelika denies the allegations contained in Paragraph 25 of the Complaint.

26.    FBC of Opelika denies the allegations contained in Paragraph 26 of the Complaint.

27.    FBC of Opelika denies the allegations contained in Paragraph 27 of the Complaint.

28.    FBC of Opelika denies the allegations contained in Paragraph 28 of the Complaint.

29.    FBC of Opelika denies the allegations contained in Paragraph 29 of the Complaint.

30.    FBC of Opelika denies the allegation that Plaintiffs and other distributors are not allowed to carry any other company's product in their delivery vehicles. FBC of Opelika admits that its distributors may not carry competitive products. FBC of Opelika denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.    FBC of Opelika denies the allegations contained in Paragraph 31 of the Complaint.

32.    FBC of Opelika denies the allegations contained in Paragraph 32 of the Complaint.

33.    FBC of Opelika denies the allegations contained in Paragraph 33 of the Complaint.

34.    FBC of Opelika admits that Morrow was employed as a route employee for FBC of Opelika from approximately 1980 until 1994. FBC of Opelika denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.    FBC of Opelika admits that it entered into an independent distributor agreement with Morrow and admits that Morrow was an independent contractor distributor for FBC of Opelika from 1994 until 2005, but denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.    FBC of Opelika admits that Morrow purchased a territory from FBC of Opelika in 1994 and purchased a delivery truck from FBC of Opelika.  FBC of Opelika denies the remaining allegations contained in Paragraph 36 of the Complaint.

37.    FBC of Opelika denies the allegations contained in Paragraph 37 of the Complaint.

38.    FBC of Opelika denies the allegations contained in Paragraph 38 of the Complaint.

39.    FBC of Opelika denies the allegations contained in Paragraph 39 of the Complaint.

40.    FBC of Opelika denies the allegations contained in Paragraph 40 of the Complaint.

41.    FBC of Opelika admits that Overton was initially employed through a temporary employment agency as a prospective distributor for FBC of Opelika from approximately December 2005, until April 2006, and then he subsequently purchased a territory from FBC of Opelika. FBC of Opelika denies the remaining allegations contained in Paragraph 41 of the Complaint.

42.    FBC of Opelika admits that it entered into an independent distributor agreement with Overton and that Overton was an independent contractor distributor for FBC of Opelika

from about April 2006, until September 2006.  FBC of Opelika denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.    FBC of Opelika admits that Overton purchased a territory from FBC of Opelika in April 2006 and that Overton leased a delivery truck from Synovous Leasing. FBC of Opelika denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.    FBC of Opelika denies the allegations contained in Paragraph 44 of the Complaint.

45.    FBC of Opelika denies the allegations contained in Paragraph 45 of the Complaint.

46.    FBC of Opelika denies the allegations contained in Paragraph 46 of the Complaint.

47.    FBC of Opelika denies the allegations contained in Paragraph 47 of the Complaint.

48.    FBC of Opelika admits that James Marty Smith was initially employed through a temporary employment agency as a prospective distributor for FBC of Opelika from approximately April 2006 until September 2006.  FBC of Opelika denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.    FBC of Opelika admits that it entered into an independent distributor agreement with James Marty Smith and that James Marty Smith was an independent contractor distributor for FBC of Opelika from about October 2006 until January 2007.  FBC of Opelika denies the remaining allegations contained in Paragraph 49 of the Complaint.

50.    FBC of Opelika admits that James Marty Smith purchased a territory from FBC of Opelika in October 2006 and that James Marty Smith leased a delivery truck from Synovous

Leasing in September 2006. FBC of Opelika denies the remaining allegations contained in Paragraph 50 of the Complaint.

51.    FBC of Opelika denies the allegations contained in Paragraph 51 of the Complaint.

52.    FBC of Opelika denies the allegations contained in Paragraph 52 of the Complaint.

53.    FBC of Opelika denies the allegations contained in Paragraph 53 of the Complaint.

54.    FBC of Opelika denies the allegations contained in Paragraph 54 of the Complaint.

55.    FBC of Opelika admits that Cleveland was initially employed through a temporary employment agency as a prospective distributor for FBC of Opelika from approximately March 2004 until June 2004 and that he stayed in this position for approximately three months. FBC of Opelika denies the remaining allegations contained in Paragraph 55 of the Complaint.

56.    FBC of Opelika admits that it entered into an independent distributor agreement with Cleveland in June 2004 and that Cleveland has been an independent contractor distributor for FBC of Opelika since June of 2004. FBC of Opelika denies the remaining allegations contained in Paragraph 56 of the Complaint.

57.    FBC of Opelika admits that Cleveland purchased a territory from FBC of Opelika in June 2004 and that Cleveland leased a delivery truck from Synovous Leasing. FBC of Opelika denies the remaining allegations contained in Paragraph 57 of the Complaint.

58.     FBC of Opelika denies the allegations contained in Paragraph 58 of the Complaint.

59.     FBC of Opelika denies the allegations contained in Paragraph 59 of the Complaint.

60.     FBC of Opelika denies the allegations contained in Paragraph 60 of the Complaint.

61.     FBC of Opelika denies the allegations contained in Paragraph 61 of the Complaint.

62.     FBC of Opelika admits that it entered into an independent distributor agreement with Michael Smith in or about 2001 and that Michael Smith was an independent contractor distributor with FBC of Opelika from about 2001 until December 2006.  FBC of Opelika denies the remaining allegations contained in Paragraph 62 of the Complaint.

63.     FBC of Opelika admits that Michael Smith purchased a territory from FBC of Opelika in or about 2001 and leased a delivery truck from Bank of America at that time.  FBC of Opelika denies the remaining allegations contained in Paragraph 63 of the Complaint.

64.     FBC of Opelika denies the allegations contained in Paragraph 64 of the Complaint.

65.     FBC of Opelika denies the allegations contained in Paragraph 65 of the Complaint.

66.     FBC of Opelika denies the allegations contained in Paragraph 66 of the Complaint.

67.     FBC of Opelika admits that it entered into an independent distributor agreement with Murphy in or about September 2002 and that Murphy has been an independent contractor

distributor for FBC of Opelika since September 2002. FBC of Opelika denies the remaining allegations contained in Paragraph 67 of the Complaint.

68.     FBC of Opelika admits that Murphy purchased a territory from FBC of Opelika in or about September 2002 and that Murphy leased a delivery truck from Bank of America. FBC of Opelika denies the remaining allegations contained in Paragraph 68 of the Complaint.

69.     FBC of Opelika admits that Murphy did not cross state lines in the course of his deliveries from approximately September 2002 until 2006. FBC of Opelika further states, however, that Murphy delivered products that were manufactured out-of-state the entire time in which he was an independent contractor distributor for FBC of Opelika. FBC of Opelika denies the remaining allegations contained in paragraph 69 of the Complaint.

70.     FBC of Opelika denies the allegations contained in Paragraph 70 of the Complaint.

71.     FBC of Opelika denies the allegations contained in Paragraph 71 of the Complaint.

72.     FBC of Opelika denies the allegations contained in Paragraph 72 of the Complaint.

73.     FBC of Opelika denies the allegations contained in Paragraph 73 of the Complaint and further denies that Plaintiffs or those individuals Plaintiffs purport to represent have any cognizable claims under the FLSA or that this action should proceed as a collective one.

74.     FBC of Opelika denies the allegations contained in Paragraph 74 of the Complaint.

75.     FBC of Opelika denies the allegations contained in Paragraph 75 of the Complaint.

76.     FBC of Opelika denies the allegations contained in Paragraph 76 of the Complaint.

77.     FBC of Opelika denies the allegations contained in Paragraph 77 of the Complaint.

78.     FBC of Opelika denies that a class for which Plaintiffs can serve as representatives exists.  FBC of Opelika further denies that Plaintiffs have retained counsel who are able to effectively represent the interests of any such class (which FBC of Opelika denies exists).  FBC of Opelika is without sufficient knowledge or information to form a belief as to the truth of whether Plaintiffs' counsel is competent and experienced and therefore denies the same. FBC of Opelika denies the remaining allegations contained in Paragraph 78 of the Complaint.

79.     FBC of Opelika denies the allegations contained in Paragraph 79 of the Complaint.

80.     FBC of Opelika denies the allegations contained in Paragraph 80 of the Complaint.

81.     FBC of Opelika incorporates by reference its responses to Paragraphs 1-80 as if fully set forth herein.

82.     FBC of Opelika admits that the FLSA requires that covered employees be compensated for every hour worked in a workweek, 29 U.S.C. § 206(b), but denies that Plaintiffs or those individuals Plaintiffs purport to represent were, or are, covered employees of FBC of Opelika, Flowers Foods, Inc., or any other subsidiary of Flowers Foods, Inc. while engaged as independent contractor distributors.

83.    FBC of Opelika admits that failure to pay time and a half for hours worked over 40 in a given workweek violates 29 U.S.C. § 207, but denies the remaining allegations contained in Paragraph 83 of the Complaint.

84.    FBC of Opelika denies the allegations contained in Paragraph 84 of the Complaint.

85.    FBC of Opelika denies the allegations contained in Paragraph 85 of the Complaint.

86.    FBC of Opelika denies the allegations contained in Paragraph 86 of the Complaint.

FBC of Opelika denies that Plaintiffs or those individuals Plaintiffs purport to represent are entitled to any relief as requested in the prayer for relief following Paragraph 86 of the Complaint.

FBC of Opelika denies each and every allegation of the Complaint not specifically admitted herein to be true.

## ADDITIONAL DEFENSES

As for separate defenses to the Complaint, and without conceding that FBC of Opelika bears the burden of proof or persuasion as to any of them, except as required by applicable law with respect to the defense asserted, FBC of Opelika states as follows:

## FIRST DEFENSE

Plaintiffs' claims are barred to the extent the Court lacks jurisdiction over Flowers Foods, Inc. and to the extent Flowers Foods, Inc. is not a real party in interest.

Flowers Foods, Inc. owns approximately thirty-five (35) baking subsidiaries, including FBC of Opelika. Flowers Foods, Inc. does not conduct any significant activities in Alabama and

does not exercise any day-to-day control over FBC of Opelika, nor has it done so at any time relevant to this case. Neither does Flowers Foods, Inc. have (nor did it ever have) any contractual or other relationship with Plaintiffs or those individuals Plaintiffs purport to represent. As such, Flowers Foods, Inc. has insufficient contacts with the State of Alabama to allow this Court to assert personal jurisdiction under either the doctrine of general jurisdiction or specific jurisdiction.

## SECOND DEFENSE

Plaintiffs' claims against Flowers Foods, Inc. are barred because Flowers Foods, Inc. never had a contractual or business relationship with Plaintiffs or those individuals Plaintiffs purport to represent.

## THIRD DEFENSE

Flowers Foods, Inc. is improperly joined in this action because Flowers Foods, Inc. was not Plaintiffs' "employer" or the "employer" of those individuals Plaintiffs purport to represent.

## FOURTH DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

Plaintiffs' claims are barred, at least in part, by the applicable statute of limitations, specifically the FLSA's two-year statute of limitations.

## SIXTH DEFENSE

Some of the Plaintiffs may lack standing to pursue certain claims.

### SEVENTH DEFENSE

Some or all of the purported claims in the Complaint are barred because the named Plaintiffs lack standing to represent the purported collective action members.

### EIGHTH DEFENSE

To the extent Plaintiffs seek to assert claims on behalf of individuals who are (were) independent contractor distributors with any Flowers Foods' subsidiary other than FBC of Opelika, Plaintiffs' claims are barred under the doctrines of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process.

### NINTH DEFENSE

Plaintiffs' claims on behalf of some of the individuals Plaintiffs purport to represent are barred by the doctrines of release and waiver, accord and satisfaction, collateral estoppel and/or judicial estoppel, and res judicata.

### TENTH DEFENSE

Plaintiffs and those individuals Plaintiffs purport to represent cannot recover under the FLSA because they are not employees under the FLSA. Plaintiffs and those individuals Plaintiffs purport to represent entered into independent distributor agreements which expressly provide that they were (are) independent contractors, and neither FBC of Opelika, Flowers Foods, Inc., or any other subsidiary of Flowers Foods, Inc. exercised the requisite degree of control for the Plaintiffs or those individuals Plaintiffs purport to represent to be employees under the FLSA.

### ELEVENTH DEFENSE

Neither Plaintiffs nor those individuals Plaintiffs purport to represent are "similarly situated" under the FLSA, 29 U.S.C. §§ 201-219, as amended by the Portal-to-Portal Act, *id.* §§ 251-62.

## TWELFTH DEFENSE

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, Plaintiffs' claims for overtime and all associated costs, expenses, and fees are barred due to the "Outside Sales" Exemption set forth in Section 13(a)(1) of the Act because Plaintiffs and those individuals Plaintiffs purport to represent are consistently and regularly engaged away from the premises of FBC of Opelika, Flowers Foods, Inc., and any other subsidiary of Flowers Foods, Inc. making sales.

## THIRTEENTH DEFENSE

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, Plaintiffs' claims for overtime and all associated costs, expenses, and fees are barred by the Motor Carrier Exemption set forth in Section 13(b)(1) of the Act, because Plaintiffs and those individuals Plaintiffs purport to represent transport certain goods originating out of state and because there is practical continuity of movement of these goods until they reach retail customers.

## FOURTEENTH DEFENSE

Assuming, *arguendo,* that Plaintiffs and those individuals Plaintiffs purport to represent are subject to the FLSA, and assuming, *arguendo*, that Plaintiffs and those individuals Plaintiffs purport to represent do not fall within any exemption to the FLSA, some or all of the time worked by Plaintiffs or those individuals Plaintiffs purport to represent is not compensable under the provisions of the Portal-to-Portal Act, 29 U.S.C. §§ 251-62.

## FIFTEENTH DEFENSE

Plaintiffs and those individuals Plaintiffs purport to represent may not recover liquidated damages because neither FBC of Opelika or Flowers Foods, Inc., or any officers, directors,

managers, or agents of either, committed any willful violation of the overtime provisions of the FLSA, nor did they ratify any such violation.

## SIXTEENTH DEFENSE

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, Plaintiffs' FLSA claims are barred by the "good faith reliance" defense under Section 10 of the Portal to Portal Act.

## SEVENTEENTH DEFENSE

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, and further assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent could establish actual claims, Plaintiffs and those individuals Plaintiffs purport to represent are not entitled to liquidated damages because, under Section 11 of the Portal to Portal Act, FBC of Opelika and Flowers Foods, Inc. acted in good faith and have reasonable grounds for believing that the alleged act or omission was not a violation of the FLSA.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred because FBC of Opelika and Flowers Foods, Inc. have at all times acted reasonably and in good faith.

## NINETEENTH DEFENSE

Assuming, *arguendo,* that Plaintiffs and those individuals Plaintiffs purport to represent are covered by the FLSA, neither FBC of Opelika or Flowers Foods, Inc., or any of their officers, directors, managers, or agents, knew or intended that alleged acts or omissions, which FBC of Opelika and Flowers Foods, Inc. deny, were prohibited by the FLSA. Neither did FBC of

Opelika or Flowers Foods, Inc. show reckless indifference to or disregard for the requirements of the FLSA, nor did they ratify any such acts or omissions.

## TWENTIETH DEFENSE

At all relevant times FBC of Opelika and Flowers Foods, Inc. honestly intended to ascertain the FLSA's requirements and to comply with them.

## TWENTY-FIRST DEFENSE

Plaintiffs have failed to plead facts with sufficient particularity to support an award of liquidated damages.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims on behalf of those individuals Plaintiffs purport to represent are barred by failing to satisfy the opt-in requirements of 29 U.S.C. § 216(b).

## TWENTY-THIRD DEFENSE

For some or all of the claims asserted, individual issues of fact or law predominate over common issues.

## TWENTY-FOURTH DEFENSE

Plaintiffs and their counsel are not adequate representatives of those individuals Plaintiffs purport to represent.

## TWENTY-FIFTH DEFENSE

Some or all of the purported claims in the Complaint are barred because a collective action under FLSA Section 216(b) is not superior to other available methods for the fair and efficient adjudication of this controversy.

## TWENTH-SIXTH DEFENSE

Some or all of the purported claims in Plaintiffs' Complaint are barred because neither FBC of Opelika nor Flowers Foods, Inc. has acted or refused to act on any grounds generally applicable to the purported class members and therefore final injunctive relief or corresponding declaratory relief with respect to the purported class members is not appropriate.

## TWENTY-SEVENTH DEFENSE

Some or all of the purported claims in Plaintiffs' Complaint are barred because the alleged claims of the named Plaintiffs are not typical of the purported claims of the purported class members.

## TWENTY-EIGHTH DEFENSE

Some or all of the purported claims in the Plaintiffs' Complaint are barred because the purported class members are not so numerous that joinder of each member would be impracticable.

## TWENTY-NINETH DEFENSE

Certain of Plaintiffs' interests are in conflict with the interests of those Plaintiffs purport to represent.

## THIRTIETH DEFENSE

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, and further assuming, *arguendo,* Plaintiffs could establish an FLSA claim, Plaintiffs and those individuals Plaintiffs purport to represent are not entitled to prejudgment interest because FBC of Opelika and Flowers Foods, Inc. acted in good faith or because such interest is otherwise not properly recoverable.

## **THIRTY-FIRST DEFENSE**

FBC of Opelika will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Second Amended Answer to state such other affirmative and additional defenses and/or to otherwise supplement this Second Amended Answer upon discovery of facts or evidence rendering such action appropriate.

**WHEREFORE**, FBC of Opelika respectfully requests that the First Amended Complaint against it be dismissed in its entirety and that it be granted its reasonable costs and attorney's fees and any other relief this Court may deem appropriate.

Respectfully submitted this 3<u>rd</u> day of October, 2007.

/s/ Kevin P. Hishta_____
Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail: Kevin.Hishta@ogletreedeakins.com
(404) 881-1300
(404) 870-1732 Fax

*Counsel for Defendants, Flowers Foods, Inc. and*
*Flowers Baking Co. of Opelika, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2007, I electronically filed the foregoing Second Amended Answer of Flowers Baking Co. of Opelika with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Greg L. Davis, Esq.
The Law Offices of Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL  36117

Joe R. Whatley, Jr., Esq.
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203

Amy Lynne Weaver
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203

Joseph P. Guglielmo, Esq.
Whatley Drake & Kallas, LLC
1504 Broadway, 37th Floor
New York, New York  10036

I hereby certify that a true and correct copy will be sent by First Class, U.S. Mail on this 3rd day of October, 2007 to:

E. Kirk Wood, Esq.
Law Offices of Archie Lamb
2017 2nd Avenue North
Birmingham, Alabama 35201

/s/ Kevin P. Hishta_____
Kevin P. Hishta