IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES MORROW and MICHAEL OVERTON, Individually and on behalf of similarly situated employees, | ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO: 3:07-CV-617-MHT ) ) |
| v. | ) ) |
| FLOWERS FOODS, INC., FLOWERS BAKING CO. OF OPELIKA, LLC, | ) ) ) |
| Defendants. | ) |

**DEFENDANT FLOWERS FOODS, INC.'S AND DEFENDANT FLOWERS BAKING COMPANY OF OPELIKA, LLC'S SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

COME NOW Defendant Flowers Foods, Inc. ("Flowers Foods") and Defendant Flowers Baking Company of Opelika, LLC ("Flowers/Opelika"), by and through their undersigned counsel, and submit the following Surreply in Opposition to Plaintiffs' Motion for Leave to Amend Complaint, in accordance with this Court's Order of September 20, 2007. Plaintiffs' Motion to Amend should be denied because (I) Plaintiffs are attempting to force the Court to make a premature ruling on whether the claims of Plaintiffs and proposed plaintiffs are similar enough to be litigated collectively, an issue which is pending before this Court and for which Plaintiffs and Defendants have already provided their respective positions, and any evidence in support thereof; and (II) Plaintiffs are improperly attempting to add an additional defendant -- Flowers Baking Co. of Thomasville, LLC -- which is a separate and distinct legal entity, through the procedurally inappropriate vehicle of a reply brief, without providing any factual basis for asserting jurisdiction or any basis to show that such entity is a joint employer with either of the two existing Defendants.

## I. PLAINTIFFS' MOTION TO AMEND SHOULD BE DENIED BECAUSE PLAINTIFFS ARE ATTEMPTING TO FORCE THE COURT TO MAKE A PREMATURE RULING ON A CURRENTLY PENDING ISSUE

Currently pending before the Court is the Plaintiffs' Motion to Conditionally Certify and Facilitate Class Notice. That motion, now under submission, has been fully briefed by the parties. The briefing and evidentiary submissions clearly set forth the parties' divergent positions as to whether the named plaintiffs and others are similar enough to be litigated collectively under the Fair Labor Standards Act. *See Crawford v. Dothan City Bd. of Educ.,* 214 F.R.D. 694, 695 (M.D. Ala. 2003) ("at the first step, or the notice stage, the court makes a preliminary determination of whether individuals are similarly situated by examining the pleadings and affidavits.").

The very case upon which plaintiffs rely in support of their motion, *Shiver v. Metropolitan Atlanta Rapid Transit Authority*, No. C85-4519, 1986 WL 15379 (N.D. Ga. Sept. 9, 1986), only supports Defendants' position here. In *Shiver*, the district court acknowledged that amendment to add plaintiffs is the appropriate method for adding additional ***similarly situated employees*** in an FLSA collective action. *See Shiver* 1986 WL 15379, *3 ("[I]t still must be determined whether the employees Plaintiffs seek to add are indeed "similarly situated" such that they are proper plaintiffs in this action."). In other words, the court in *Shiver* allowed the amendment only ***after*** it had determined that the proposed plaintiffs were indeed "similarly situated" under the FLSA and, secondly, that the proposed plaintiffs also satisfied Rule 20's joinder requirements. *See id.* at *3 - *7. In contrast, no determination has yet been made in this case as to collective action status (*i.e.,* whether the Plaintiffs and others are, in fact, similarly situated).

Despite the fact that the Court now has under consideration the parties' detailed respective positions, and accompanying evidence, regarding whether the claims of plaintiffs and proposed plaintiffs are similarly situated (the determination which the *Shiver* court acknowledged must be made **first before allowing amendment**) through Plaintiffs' Motion for Conditional Certification and Defendants' Response thereto, Plaintiffs ask this Court to make a separate, premature ruling, through an inappropriate "same transaction or occurrence standard," on the **very same issue currently being decided through the Motion for Conditional Certification**. This attempt is <u>particularly inappropriate</u> given the dearth of evidence Plaintiffs presented in their Motion for Conditional Certification regarding whether they were similarly situated to potential class members, especially when weighed against Defendants' ample uncontradicted affidavits to show that Plaintiffs were not similarly situated amongst themselves, let alone with proposed class members.[1]

---

[1] In Plaintiffs' Motion, Plaintiffs argued, without submitting any admissible or competent evidence in support thereof, that they and proposed class members were similarly situated because they were subject to the same "unlawful policy" of being misclassified as independent contractors and were subjected to the same "unlawful company-wide policies" or "de facto policies" which resulted in them being treated like employees. Defendants, on the other hand, submitted ample, uncontradicted evidence to show that no such unlawful "policy" existed, as the independent contractor model had been repeatedly upheld in multiple legal challenges and was not *per se* unlawful. As such, the determination of whether Plaintiffs or proposed class members were, in fact, treated as "employees" would be an individualized inquiry, based on particular management practices as to that individual, which, given the number of different locations and managers implicated by plaintiffs' broad proposed class, could have varied substantially. Defendants also presented uncontradicted evidence to show that Plaintiffs and proposed class members were not similarly situated in numerous respects, including because they were not subjected to the same "policies" or "practices" as Plaintiffs alleged. See Defendants' Response in Opposition to Plaintiffs' Motion to Conditionally Certify and Facilitate Class Notice, filed October 17, 2007, pp. 3-16, 23-24, 29-36 and the accompanying affidavits cited therein and filed therewith. See Ct. Doc. No. 42.

3

Likewise, Plaintiffs' citation to *Harris v. Johns*, No. 06-cv-433 & 07-cv-30, 2007 WL 2310784 (M.D. Fla. Aug. 8, 2007), has no bearing here, as *Harris* was not a putative FLSA collective action (only a multi-plaintiff case), and the issues involving the proposed amendment dealt with the "relation back" doctrine and claim futility, which are not implicated in the Plaintiffs' motion here.

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Amend to avoid misjoinder. Defendants do not oppose the filing of any opt-in consents with the Court by James Marty Smith, Michael Smith, Mark Murphy, and Dwayne Cleveland, as provided for in 29 U.S.C. § 216(b), as was previously recommended to Plaintiffs' counsel to avoid the possibility of a misjoinder problem. In fact, just yesterday (October 17, 2007), Plaintiffs followed the proper procedure by filing "Consents to Join" forms on behalf of some additional opt-ins, rather than attempting to amend the complaint to add them as party-plaintiffs. *See* Ct. Doc. No. 40, with exhibits.

## II. PERMISSIVE JOINDER OF NEW DEFENDANT FLOWERS BAKING CO. OF THOMASVILLE, LLC IS WHOLLY IMPROPER

As an initial matter, Plaintiffs' back door attempt to add Flowers Baking Co. of Thomasville, LLC ("Flowers/Thomasville"), as a new party-defendant, via their reply brief should be denied outright as there has been no appropriate motion seeking the Court's permission to do so. Also fatal to Plaintiffs' desire to add this separate corporate entity as a defendant is their failure to plead any facts in their proposed Second Amended Complaint demonstrating that this Court even has jurisdiction over Flowers/Thomasville or that Flowers/Thomasville is a joint employer with Flowers Foods, both of which are necessary before Flowers/Thomasville may be added as a proper party.

4

Plaintiffs offer no allegations to show joint employer status or how Flowers/Thomasville violated the Act. In sum, plaintiffs proposed Amended Complained contains no "short and plain statement" showing that plaintiffs are "entitled to relief" against the proposed additional defendant, Flowers/Thomasville. See Fed.R.Civ.P. 8. In contrast to Plaintiffs' complete lack of evidence or even allegations to the contrary in their proposed Amended Complaint, Defendants have presented the Court with abundant evidence of Flowers/Opelika's organization and autonomy from Flowers Foods and other subsidiaries. See Defendant's Response in Opposition to Plaintiff's Motion to Conditionally Certify and Facilitate Class Notice at pages 6-7, 34-36, and the affidavits cited therein. Ct. Doc. No. 42. To summarize this evidence establishing that no such joint employment relationship exists:

(1) Independent distributors have no contractual relationship with Flowers Foods, but rather have a contractual relationship only with the applicable subsidiary (Aff. of Rich, ¶13) (Ct. Doc. No. 42-2);

(2) Flowers/Opelika and Flowers/Thomasville operate independently of any other subsidiaries (Aff of Rich, ¶11); (Aff. Of Lord, ¶5) (Ct. Doc. No. 42-3); (Aff. of Bordeaux, ¶7); (Ct. Doc. No. 42-4); (Aff. of Flowers/Thomasville President Mickey Miller, ¶¶1, 6-7 attached hereto as Exhibit 1);

(3) Subsidiaries, including Flowers/Opelika and Flowers/Thomasville handle the day-to-day operations independently, with minimal interaction from Flowers Foods (Aff. of Rich, ¶11; Aff. of Lord, ¶2; Aff. of Bordeaux, ¶6; Aff. of Miller ¶6); and

(4) Each Flowers Foods subsidiary, including Flowers/Opelika and Flowers/Thomasville, is organized as a distinct legal entity and separate profit and loss center (Aff. of Lauder, ¶3; Ct. Doc. No. 42-1.

5

Since Plaintiffs have not provided any facts to support joint employer status or jurisdiction, amendment is improper. See *Adkins v. Labor Ready Inc.*, 205 F.R.D. 460, 464 (S.D. W.Va. 2001). (Amendment is futile, and should not be allowed, when defendants would have a valid motion to dismiss the additional party). Further, the plain language of the Fair Labor Standards Act provides that it does not apply in the absence of an employer-employee relationship. See 29 U.S.C. §206-207. Since plaintiffs have not pled facts sufficient to show a joint employer status, Defendants clearly have a valid motion to dismiss.

For the reasons set forth in its original Response and herein, Defendants Flowers Foods and Flowers/Opelika respectfully request that this Honorable Court deny Plaintiffs' Motion for Leave to Amend Complaint and instead allow James Marty Smith, Michael Smith, Mark Murphy, and Dwayne Cleveland to join the lawsuit by filing the appropriate opt-in consent forms with this Court if they so choose and deny Plaintiffs' attempt to add Flowers Baking Company of Thomasville, LLC to this action via a reply brief for the reasons discussed above.

Respectfully submitted this 18th day of October, 2007.

/s/ Christopher W. Deering
Sandra B. Reiss (ASB-3650-S80S)
Christopher W. Deering (ASB-5555-I71C)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail: Sandra.Reiss@odnss.com
E-mail: Chris.Deering@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

<div style="margin-left: 40%;">

Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail:  Kevin.Hishta@ogletreedeakins.com
Ph. (404) 881-1300
Fax (404) 870-1732

*Counsel for Defendants Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2007, I electronically filed the foregoing Defendant Flowers Foods, Inc. and Defendant Flowers Baking Company of Opelika, LLC's Response in Opposition to Plaintiffs' Motion for Leave to Amend Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Greg L. Davis, Esq.
The Law Offices of Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL  36117
gldavis@knology.net

Joe R. Whatley, Jr., Esq.
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203
jwhatley@wdklaw.com

Joseph P. Guglielmo, Esq.
Whatley Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York  10036
jguglielmo@wdklaw.com

Amy Lynne Weaver
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203
aweaver@wdklaw.com

And I hereby certify that I have mailed by United States, First Class Mail, postage prepaid the document to the following non-CM/ECF participant:

E. Kirk Wood, Esq.
Wood Law Firm, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233

/s/ Christopher W. Deering_____
Christopher W. Deering

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES MORROW and MICHAEL OVERTON, Individually and on behalf of similarly situated employees, | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) CIVIL ACTION NO: 3:07-CV-617-MHT<br>) |
| v. | )<br>) |
| FLOWERS FOODS, INC., FLOWERS BAKING CO., OF OPELIKA, LLC, | )<br>)<br>) |
| Defendants. | ) |

### AFFIDAVIT OF MICKEY MILLER

I, Mickey Miller, having been duly sworn, hereby depose and state as follows:

1. I am currently the President of Flowers Baking Co of Thomasville, LLC ("Flowers/Thomasville" or "Company"). I have held this position since 1995. Prior to becoming President, I held the position of Executive Vice President, which I assumed in 1994, and Vice President of Sales which I assumed in 1987. As President, I have overall responsibility for both the manufacturing and distribution operations of Flowers/Thomasville. As President, I also make final decisions with respect to employee terminations and termination of Distributor Agreements. I am familiar with the baking business and baking industry generally.

2. Flowers/Thomasville, headquartered in Thomasville, Georgia, bakes and/or distributes various baked goods throughout south Georgia, south Alabama, and the Florida Panhandle.

3. I was involved in Flowers/Thomasville's decision to convert to independent distributors in 1994. Before converting to independent distributors, our distribution system

1

consisted of employee route salespersons. These route salespersons were paid on a base plus commission basis. They were not paid overtime. We considered the route salespersons exempt from overtime as outside salespersons under the federal Fair Labor Standards Act

4. Flowers/Thomasville distributors order and purchase bakery products from the Company. Products are sold to distributors at a specified discount percentage off of the suggested wholesale price. This discount percentage generally ranges from 18% to 23%. The distributors, in turn, sell the bakery products to retail accounts. A distributor's income is the difference between the price he/she purchases products from the Company for and the price he/she sells the products to retail accounts for, less the distributor's business expenses.

5. We converted to independent distributors in Thomasville because the program had been successful in building sales at other subsidiaries of Flowers Industries. With distributors having an ownership interest in the territory, and the ability to build their equity interest with increased sales, we felt that with the distributor model there was significantly more incentive to promote and build sales then there was as employee route salespersons.

6. While officials of Flowers Industries helped us implement the distributorship program in Thomasville, officials at Flowers Industries, and now Flowers Food, are not involved in decisions with respect to individual distributors. Day-to-day issues with our independent distributors are generally handled at the warehouse level by the local Sales Managers and Operations Managers. From time to time, our Director of Sales became involved with some of these issues. Such issues involve product ordering issues, removal of stale products in retail accounts, distributorship performance and/or customer service issues, and the like. I, and the Company's Vice President, Norris McDaniel, generally only become involved with such issues when they involve serious customer relations issues and/or potential termination of a

Distributor's Agreement with the Company. Neither does Flowers/Thomasville management become involved with distributor issues at other subsidiaries of Flowers Foods.

7. Flowers/Thomasville management does not consult with the management personnel of other subsidiaries of Flowers Foods, Inc before or when addressing distributor issues. Such issues and decisions are solely addressed by Flowers/Thomasville management. Occasionally, when addressing serious distributor issues, I, or Norris McDaniel, may contact Flowers Food's in-house legal counsel or Chuck Rich, Director of Distributor Relations for Flowers Foods Bakeries Group, to seek advice on handling such issues. Neither Flowers Foods' in-house counsel or Mr. Rich make any decisions regarding our distributors at Flowers/Thomasville. Such decisions are made by me, Mr. McDaniel, or other management personnel of Flowers/Thomasville.

I hereby declare under penalty of perjury that the foregoing is true and correct according to my personal knowledge, and if called as a witness, I could and would testify truthfully thereto.

Executed on October 16, 2007.

_____
Mickey Miller

Sworn to and subscribed before me
this the 16th day of October, 2007.

_____
Notary Public

Notary Public Thomas County, Georgia
My Commission Expires June 7, 2011
My commission expires:_____

3