**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **CHARLES MORROW and MICHAEL OVERTON, Individually and on behalf of similarly situated employees,** ) ) ) | |
| ) | **CIVIL ACTION NO: 3:07-CV-617-MHT** |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **FLOWERS FOODS, INC., FLOWERS BAKING CO. OF OPELIKA, LLC,** ) ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT FLOWERS FOODS, INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER LIMITING THE SCOPE OF PLAINTIFFS' PROPOSED 30(B)(6) DEPOSITION**

COMES NOW, Defendant Flowers Foods, Inc. ("Flowers Foods"), by and through its undersigned counsel, and respectfully submits this Brief in Support of its Motion for Protective Order limiting the scope of the subject matter topics, and the documents requested, in Plaintiffs' 30(b)(6) Notice of Videotaped Deposition ("Deposition Notice").[1]

**I.      PROCEDURAL AND RELEVANT FACTUAL BACKGROUND**

Plaintiffs Overton and Morrow, former independent contractor distributors of Flowers Baking Co. of Opelika, LLC ("Flowers/Opelika"), filed their Complaint on July 2, 2007, against Flowers Foods and Flowers/Opelika, under 29 U.S.C. § 216(b), seeking to maintain a "nationwide" collective action on behalf of themselves and others "similarly situated."[2] Specifically, Plaintiffs sought a class of current and former independent distributors and

---

[1] Pursuant to Local Rule 37.1, a copy of Plaintiffs' Deposition Notice is attached hereto as Exhibit 1.

[2] While Defendants deny that Plaintiffs or the opt-in plaintiffs discussed below were or are "employees," Section 216(b) nonetheless is the vehicle for Plaintiffs to bring their claims given their contention that they are or were "employees" under the FLSA.

employee route salespersons, located at all of Flowers Foods' subsidiaries across the country, over an unspecified indefinite time period, who worked over forty hours a week without receiving overtime, and who did not "cross state lines" in the course of their deliveries for alleged violations of the FLSA.

As set forth in Defendants' Response in Opposition to Plaintiffs' Motion to Conditionally Certify and Facilitate Class Notice ("Defendants' Class Opposition Brief"), Flowers Foods, headquartered in Thomasville, Georgia, is the parent holding company of 39 operating subsidiaries, including Flowers/Opelika. Twenty-five of these operating subsidiaries utilize independent contractor distributors ("independent distributors") or employee route salespersons to deliver the products. The independent distributors or employee route salespersons are located in 20 different states and the District of Columbia. They contract with, or are employed by, a particular subsidiary of Flowers Foods, **not** Flowers Foods or multiple subsidiaries. They currently operate out of about 500 different warehouses. See Ct. Doc. No. 42, pp. 2-3 and the affidavits cited therein and filed concurrently therewith.

As also set forth in Defendants' Class Opposition Brief, each Flowers Foods subsidiary, including Flowers/Opelika, is organized as a separate and distinct legal entity and separate profit and loss center. Each subsidiary independently manages its own operations and makes its own decisions regarding individual independent distributors and employees. The management of Flowers Foods has no day-to-day operational control over any of its subsidiaries and does not make any daily decisions regarding the operations of these subsidiaries. Likewise, subsidiary management does not contact other subsidiaries before or when addressing independent distributor or employee issues. Such business decisions are made solely by the respective

subsidiary management.  See Ct. Doc. No. 42, pp. 2-3, 6-7, and the affidavits cited therein and filed concurrently therewith.

A Rule 26(f) conference was held between the parties on August 15, 2007, and a 26(f) Report was submitted by both parties on August 17, 2007. During the conference and in the Report, the parties disagreed as to the scope of permissible discovery before a decision by the Court on whether the action was appropriate for conditional certification.  Plaintiffs contended class-wide discovery covering all subsidiaries and distributors was appropriate before any decision on conditional certification.  Defendants took the position that under Eleventh Circuit precedent, including precedent of this Court, such class discovery was inappropriate and premature pending a Court decision on conditional certification.

On September 5, 2007, Plaintiffs served the Deposition Notice.  By letter dated September 11, 2007, Defendants' counsel outlined in detail its objections to the Deposition Notice.  Specifically, Defendants' counsel informed Plaintiffs' counsel that the subject topics and documents requested were irrelevant, unduly burdensome, and overly broad to the extent they sought information regarding subsidiaries other than Flowers/Opelika, the only subsidiary with which the named Plaintiffs had distributor agreements or a relationship of any kind.  Defendants' counsel also informed Plaintiffs' counsel that because the Court had not rendered a decision on whether conditional certification was appropriate, the subject topics and documents requested were irrelevant, overly broad, and unduly burdensome to the extent they sought testimony and documents regarding distributors other than the named plaintiffs.[3]  The Court held a scheduling conference with the parties on September 12, 2007, where these respective positions were reiterated.

---

[3] A copy of Defendants' September 11, 2007 letter is attached hereto as Exhibit 2.

On September 19, 2007, Plaintiffs' counsel sent Defendants' counsel a proposed Motion for Leave to Amend Complaint and Proposed First Amended Complaint, proposing the joinder of James Marty Smith, Michael Smith, Mark Murphy, and Dwayne Cleveland, current and former distributors of Flowers/Opelika, pursuant to FED. R. CIV. P. 20(a).    Immediately thereafter, Defendants' counsel sent Plaintiffs' counsel a letter indicating that Defendants did not consent to Plaintiffs' proposed Motion or Proposed Amended Complaint, taking the position that the proposed plaintiffs should follow the statutory opt-in process set forth in Section 216(b), and should not be added pursuant to Rule 20(a).  In a nutshell, Defendants contend that Plaintiffs, via a Rule 20 joinder motion, are effectively asking the Court to make a separate, premature ruling, through the "same transaction or occurrence standard," on the "similarly situated" issues currently before the Court on Plaintiffs' Motion for Conditional Class Certification. Subsequently, Plaintiffs filed their Motion for Leave to Amend, which was granted by Court Order dated September 20, 2007, but allowing Defendants the opportunity to file objections, which Defendants have done.

On October 17, 2007, on the same date that Defendants' Class Opposition Brief was due, Plaintiffs filed "Consent to Join" forms on behalf of five additional individuals, also current or former distributors of Flowers/Opelika ("Opelika Consents")[4].  On the same date, Plaintiffs filed a Reply Brief, attaching thereto a proposed Second Amended Complaint, seeking joinder of a new party defendant, Flowers Baking Co. of Thomasville, LLC, another subsidiary of Flowers Foods headquartered in Thomasville, Georgia ("Flowers/Thomasville"), and an additional plaintiff, a former distributor of Flowers/Thomasville (Gary Chambliss).  On October 18, 2007,

---

[4] Doug Branch, Lew Baxter, Ricky Small, Melvin Snow, and Greg Patisaul.  As noted in Defendants' Class Opposition Brief, Small, Snow, and Patisaul all ceased being independent distributors with Flowers/Opelika more than two years prior to filing their consents.  Accordingly, their claims should be time barred under the applicable statute of limitations.  (Ct. Doc. No. 42, p.2 n.2).

Defendants filed a Surreply in Opposition to Plaintiffs' Motion for Leave to Amend the Complaint due to, in part, Plaintiffs' attempt to utilize the procedurally inappropriate vehicle of a reply brief to join additional parties.  On October 23, 2007, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint, seeking joinder of the Opelika Consents, the aforementioned former distributor of Flowers/Thomasville and Flowers/Thomasville.  Defendants' response to this Motion is currently due November 5, 2007.  It is Defendants' position that because decisions regarding distributors are made, independently, on a subsidiary by subsidiary basis, Flowers/Thomasville is not a proper party to the lawsuit and, accordingly, neither is the one former distributor of Flowers/Thomasville.  Defendants do not object to the conditional addition of the above-noted current and former distributors of Flowers/Opelika, assuming they properly follow the specified §216(b) statutory framework.[5]

The parties have fully briefed Plaintiffs' Motion for Conditional Class Certification, and said Motion has been deemed submitted for decision without oral argument.[6]  Additionally, the parties have repeatedly discussed their respective positions regarding scope of discovery issues.  While the parties have resolved a number of issues, the principal issue remains – whether Plaintiffs are entitled, pre-conditional class certification, to the system-wide discovery they seek throughout 25 subsidiaries of Flowers Foods.  The parties agree that the issue is ripe for the Court's consideration.[7]

---

[5] As discussed further below, in the event that no class is certified, the opt-in plaintiffs are dismissed without prejudice.  The original named Plaintiffs will proceed with their individual claims.

[6] In Plaintiffs' Motion for Conditional Class Certification, Plaintiffs narrowed the time frame for the proposed class to those individuals who performed "a service or delivery function"… from July 2, 2004 to the present.  However, in their proposed Second Amended Complaint, Plaintiffs again seek a class over an unspecified, indefinite time period. (Ct. Doc. No. 44, ¶ 124).

[7] On October 5, 2007, Flowers Foods served its Objections and Responses to Plaintiffs' Request for Production of Documents contained within Plaintiffs' Deposition Notice, a copy of which is attached hereto as Exhibit 3.

## II.    ARGUMENT AND CITATION OF AUTHORITY

Under Rule 26(c)(4), the Court may "make any order which justice requires to protect a party or person from . . . undue burden or expense, including . . . that certain matters not be inquired into, or that the scope of the discovery or disclosure be limited to certain matters . . ." FED. R. CIV. P. 26(c)(4). The Court should enter a Protective Order thereunder limiting the scope of Plaintiffs' Deposition Notice because said Notice exceeds the scope of permissible discovery in several significant ways.

### A.    The Court Should Issue a Protective Order Because the Deposition Notice Requests Testimony And Documents Which Are Not Relevant Under Rule 26 of the Federal Rules Of Civil Procedure

First, the Court should issue a Protective Order limiting the subject topics and requested documents to Flowers/Opelika, as it is the only subsidiary of Flowers Foods with which Plaintiffs or additional opt-in plaintiffs had or have distributor agreements, and further limit the subject topics and requested documents to that which is relevant to the Plaintiffs' and Opelika opt-ins' individual FLSA claims.[8]  As set forth above, currently, there are six Plaintiffs from Flowers/Opelika (namely Morrow, Overton, James Marty Smith, Cleveland, Michael Smith, and Murphy) and five opt-ins from Flowers/Opelika (Branch, Baxter, Small, Snow, and Patisaul).[9]

Under Eleventh Circuit precedent, unless and until this case is conditionally certified as a collective action by the district court, and then only upon a satisfactory showing that "similarly situated" individuals exist in the broad proposed class who desire to opt-in, this case is an individual, multi-plaintiff case only.  *See Cameron-Grant v. Maxim Healthcare Services,* 347 F.3d 1240, 1249 (11th Cir. 2003).  This is because, as the Eleventh Circuit explained in

---

[8] In other words, information regarding distributors other than Plaintiffs and the Opelika opt-ins is irrelevant.

[9] For the reasons set forth above, as amplified in Defendants' Surreply in Opposition to Plaintiffs' Motion for Leave to Amend Complaint (See Ct. Doc. No. 43), Flowers/Thomasville is not a proper party to this lawsuit; accordingly, neither is the one former distributor of Flowers/Thomasville (Gary Chambliss) Plaintiffs seek to add.

*Cameron-Grant*, an FLSA collective action is a "fundamentally different creature" from a Rule 23 class action. *Id.* The two critical distinctions are as follows: First, in a Rule 23 action, the named plaintiff is entitled to represent the interest of unnamed class members by "act[ing] in a role that is 'analogous to the private attorney general.'" *Id.* at 1246. However, in a putative collective action under the FLSA, a plaintiff has "no right to represent putative opt-ins and presents only [an individual] claim on the merits." *Id.* at 1249. Second, in a Rule 23 action, the named plaintiff is entitled to "describe" or define the class. *Id.* But in a putative FLSA collective action, the plaintiff may not define the class at all; only the district court may do so and then only upon a satisfactory showing that "similarly situated" individuals exist who desire to opt-in to the class sought. *Id.*

The *Cameron-Grant* court also outlined the two-tiered procedure that district courts should use in certifying collective actions under § 216(b), adopting the analysis set forth in *Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001). At the first, or notice stage, the court makes a preliminary determination of whether individuals are similarly situated, generally based upon an examination of the pleadings and affidavit evidence. If the district court conditionally certifies a class, putative class members are provided notice and an opportunity to opt in. Throughout discovery, the action then proceeds as a representative action. Thereafter, following discovery, the defendant may move to decertify the collective action and the opt-in plaintiffs are dismissed without prejudice. *Cameron-Grant*, 347 F.3d at 1243.[10]

---

[10] Although Plaintiffs' counsel tried to distinguish the current case from *Cameron-Grant* based on its facts in a letter dated September 17, 2007, Plaintiffs' attempts to distinguish this case lack any merit. The reasoning in *Cameron-Grant* regarding the procedural posture of a collective action case before any decision on conditional certification, and the difference between 216(b) actions and Rule 23 actions, merely mirrors the plain language and intent behind Section 216(b) actions, which is clearly not limited to the facts presented in *Cameron-Grant* specifically.

This Court has specifically held that any class discovery is premature unless and until a class is conditionally certified.  *Crawford v. Dothan City Board of Education*, 214 F.R.D. 694, 695 (M.D. Ala 2003).  In *Crawford*, plaintiffs filed a motion for leave to conduct limited discovery for purposes of conditional class certification.  Chief Judge Albritton denied this motion – "*Applying [the Hipp] analysis in this case, because no collective action has been conditionally certified, discovery before step one of the two-step procedure is premature*."  *Id.* (emphasis added).  *See also, Metzger v. American Fidelity Assurance Co.,* Case No. CIV-05-1387-M, 2006 U.S. Dist. LEXIS 79956, at *5 (W.D. Okla. Oct. 21, 2006) (citing *Crawford*, the court ruled that because no collective action had been conditionally certified, discovery regarding the requirements for class certification was premature).[11]

Despite this precedent, Plaintiffs seek system-wide class discovery involving 25 subsidiaries of Flowers Foods prior to any collective action being conditionally certified.  For the reasons discussed above, Defendants submit that such class discovery is premature, and that only individual discovery is appropriate at this stage.  As Plaintiffs and the opt-ins are limited to Flowers/Opelika, such individual discovery should, accordingly, be limited to this subsidiary only.

**B.    The Court Should Enter a Protective Order Because the Deposition Notice Is Overly Broad and Unduly Burdensome**

The Court should also enter a Protective Order limiting the scope of the Deposition Notice because the Notice seeks testimony and requests documents regarding Flowers Foods'

---

[11] In the aforementioned September 17, 2007 letter, Plaintiffs attempt to distinguish *Crawford* by noting that the *Crawford* plaintiffs sought the identity of putative class members, whereas Plaintiffs in this case are seeking discovery on the independent distributor position and Flowers Foods' involvement therewith.  This distinction is without merit.  Plaintiffs unquestionably are seeking information on Flowers Foods' involvement with subsidiaries other than Flowers/Opelika in an attempt to bolster their currently unsupported "nationwide" class claim.  Such class discovery is precisely what the *Crawford* (and *Metzger*) courts held inappropriate prior to a conditional class certification decision.

involvement in the policies and practices of all of its subsidiaries, all but one of which **are not parties** to this action.  The Notice also seeks testimony and requests documents regarding other current and former distributors (other than Plaintiffs and the Opelika opt-ins) at all Flowers Foods' subsidiaries over an indefinite time period.  Simply put, the discovery sought by Plaintiffs is an improper attempt to garner evidence of a purported "nationwide class" at Flowers Foods' expense.

As discussed above, under Eleventh Circuit precedent, the district court, <u>and not the plaintiff(s)</u>, makes the determination regarding the propriety of the class proposed by plaintiff(s).  This determination is typically only made after the district court has "satisf[ied] itself that there are other employees of the department-employer who desire to opt-in and who are 'similarly situated.'"  *Harper, et al. v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 361-62 (M.D. Ala. 1999) (emphasis added) (quoting *Dybach v. Florida Dep't of Corrections,* 942 F.2d 1562, 1567-68 (11th Cir. 1996)).  As Chief Judge Albritton of this Court has noted in this very context, "Courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation."  *Horne v. United Services Auto Ass'n,* 279 F. Supp. 2d 1231, 1237 (M.D. Ala. 2003) (quoting *Brooks v. BellSouth Telecommunications, Inc.,* 164 F.R.D. 561, 567 (N.D. Ala. 1995)).  Courts, when assessing the propriety and appropriate scope of Section 216(b) collective actions, have held that "[e]mployers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiff at the employer's expense."  *H & R Block, Ltd. v. Housden,* 186 F.R.D. 399, 401 (E.D. Tex. 1999).  It is well-established that "certification of a collective action and notice to potential class members is not appropriate to determine *whether* there are others who desire to join the lawsuit."  *Barten, et al. v. KTK & Associates, Inc.,* No. 8:06-CV-1574-T-27EAJ, 2007 U.S. Dist. LEXIS 54068, at *6 (M.D. Fla. July 26, 2007)

(citing *Dybach,* 942 F. 2d at 1567-1568); *see also Parker v. Rowland Express, Inc.,* 492 F. Supp. 2d 1159 (D. Minn. 2007) ("First, an FLSA plaintiff is not entitled to conditional certification simply to seek out others who might wish to join in the lawsuit."). Rather, such a showing is required *before* conditional certification and notice may be authorized. *See Barten,* 2007 U.S. Dist. LEXIS 54068, at *6.

Under this framework, plaintiffs have the burden of providing a reasonable basis to show that "aggrieved individuals exist *in the broad class they propose*." *Haynes v. Singer Co., Inc.,* 696 F.2d 884, 887 (11th Cir. 1982) (emphasis added). Plaintiffs have clearly not met this burden. As detailed in Defendants' Class Opposition Brief, and summarized below, Plaintiffs have failed to establish any basis, let alone a reasonable basis, for asserting that other aggrieved individuals exist in their sweeping proposed class, encompassing well over four thousand independent distributors and employee route salespersons at approximately 500 warehouses in 20 states and the District of Columbia.

1.  Plaintiffs and the opt-ins comprise much less than one percent (specifically .2%) of their proposed class. (Ct. Doc. No. 42, pp. 16-17).

2.  Neither Plaintiffs' affidavits, nor the Opelika Consent forms, are sworn to or notarized. As such, they are fatally deficient, inadmissible, and do not meet Plaintiffs' evidentiary burden for establishing the class sought. (Ct. Doc. No. 42, pp. 23-24).

3.  Even assuming, *arguendo,* that Plaintiffs' evidence was admissible:

    (a)  Plaintiffs' evidence is legally insufficient for notice or conditional certification as their affidavits consist solely of conclusory allegations

which cannot be used to show that individuals are similarly situated.  (Ct. Doc. No. 42, pp. 25–28).

(b)   Plaintiffs' evidence cannot successfully engage Defendants' evidence to the contrary that Plaintiffs and putative opt-ins are not similarly situated.

(i)   Plaintiffs and putative opt-ins are not similarly situated because Plaintiffs have failed to prove that putative opt-ins were subject to the same practices and policies as Plaintiffs.  (Ct. Doc. No. 42, pp. 29-32).

(ii)   Plaintiffs and putative opt-ins are not similarly situated because they worked in different geographic locations with different management.  (Ct. Doc. No. 42, pp. 33-34).

(iii)   Plaintiffs and putative opt-ins are not similarly situated because they do not work for the same entity.  (Ct. Doc. No. 42, pp. 34-36).

(iv)   Plaintiffs and putative opt-ins are not similarly situated because their proposed class encompasses two different positions with different compensation structures.  (Ct. Doc. No. 42, p. 37).

(v)   Plaintiffs and putative opt-ins are not similarly situated because defenses individual to the Plaintiffs and putative opt-ins exist, specifically the outside sales exemption and the Motor Carrier exemption.  (Ct. Doc. No. 42, pp. 38-41).

4.   Plaintiffs have failed to provide any probative or admissible evidence that others in their broad proposed class wish to opt-in.  (Ct. Doc. No. 42, pp. 18-19, 42-44). Opt-in consents filed by individuals who work in the same locations as Plaintiffs

are not sufficient to establish a nationwide class. *See* Order Denying Conditional Class Certification and Judicial Notice and Motion to Require Disclosure of Names, Addresses, Etc. of Putative Class Members, *Johnson and Paisley v. WellPoint, Inc., et al.,* No. 1:06-cv-02430-ODE, slip. op. at 7 (N.D. Ga., Aug. 23, 2007) ("[t]he fact that three former coworkers of Plaintiffs (who worked in the same two offices as plaintiffs) desire to opt-in does not demonstrate that there are other [potential class members] who work in Defendant's many other offices, inside Georgia and elsewhere, who desire to opt-in."). (Ct. Doc. No. 42, pp. 18, 43, Ex. 17 thereto).

**C.     Assuming, *Arguendo*, That The Court Determines That Conditional Certification And Notice Are Appropriate As To Some Identifiable Class, Any Such Conditional Certification Should, As A Matter of Law, Be Confined to The Warehouses From Which Plaintiffs and Opt-Ins Work or Worked, And Class Discovery Should Be Limited Accordingly**

As also discussed in Defendants' Class Opposition Brief, should the Court determine that conditional certification and notice are appropriate as to some identifiable class, that class and any discovery should be confined to the discrete locations from which the Plaintiffs work or worked – Montgomery, Greenville, and Roanoke, Alabama, and LaGrange, Georgia. As noted therein, in the very case upon which Plaintiffs principally rely in their Motion for Conditional Class Certification, *Harper*, 185 F.R.D. at 363, Chief Judge Albritton refused to conditionally certify and send notice to plaintiffs' broad proposed class consisting of employees at all of defendants' locations in multiple states. Rather, because plaintiffs only presented evidence regarding the locations at which they worked, and only offered unsupported allegations regarding FLSA violations at other locations, Judge Albritton limited conditional certification and notice to the single location at which plaintiffs worked and from which the evidence was presented. (Ct. Doc. No. 42, p. 22, n.13, pp. 44-47).

## III.    FLOWERS FOODS' PROPOSED PROTECTIVE ORDER

The following sets forth Plaintiffs' proposed subject matter topics and document requests in its Deposition Notice, and in bold, Flowers Foods' circumscribed, proposed subject matter topics and document responses in light of the authority discussed above.

### Subject Matter Topics

1.    <u>Plaintiffs' Proposed Scope of Inquiry</u>:  Flowers Foods, Inc.'s involvement in the creation, determination or implementation of the position of route distributor as well as any determination to have route distributors work as independent contractors or route employees.

**Proposed Scope of Inquiry:  Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers/Opelika.**

2.    <u>Plaintiffs' Proposed Scope of Inquiry</u>:  Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of the independent distributor agreements between any route distributor and any of Flowers Foods, Inc.'s subsidiaries.

**Proposed Scope of Inquiry: Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers/Opelika.**

3.    <u>Plaintiffs' Proposed Scope of Inquiry</u>:  Flowers Foods, Inc.'s analysis, review or consideration of any subsidiary's employment for the position of route distributor.

13

**Proposed Scope of Inquiry:  Flowers Foods' involvement in decisions made by Flowers/Opelika to engage or utilize independent distributors or employee route salespersons, including any guidelines, policies, or other such parameters that might affect Flowers/Opelika's decision making from July 2, 2004, to date.**

4.    <u>Plaintiffs' Proposed Scope of Inquiry</u>:  Flowers Foods, Inc.'s analysis, review or consideration of any subsidiary's use of independent contractors for the position of route distributor.

**Proposed Scope of Inquiry: Flowers Foods' involvement in decisions made by Flowers/Opelika to engage or utilize independent distributors or employee route salespersons, including any guidelines, policies, or other such parameters that might affect Flowers/Opelika's decision making from July 2, 2004, to date.**

5.    <u>Plaintiffs' Proposed Scope of Inquiry</u>:  Flowers Foods, Inc.'s involvement in selling products to national markets, including the sale of products that are manufactured by Flowers Baking Co. of Opelika, LLC to national markets.

**Proposed Scope of Inquiry:  Flowers Foods' involvement with national accounts in Plaintiffs' or the Opelika opt-ins' respective territories (*i.e.*, testimony regarding those national accounts that one or more of the Plaintiffs or Opelika opt-ins actually sold products to) from July 2, 2004, to date.**

6.    <u>Plaintiffs' Proposed Scope of Inquiry</u>:  Flowers Foods, Inc.'s involvement in the determination of sales by route distributors to national markets.

**Proposed Scope of Inquiry:  Flowers Foods' involvement with national accounts in Plaintiffs' or the Opelika opt-ins' respective territories (*i.e.*, testimony regarding those**

national accounts that one or more of the Plaintiffs or Opelika opt-ins actually sold products to) from July 2, 2004, to date.

7.    <u>Plaintiffs' Proposed Scope of Inquiry</u>:  Responsibility of loss of any products by Flowers Foods, Inc.

**Proposed Scope of Inquiry: Flowers Foods' involvement in the determination of who was responsible for any losses sustained by Flowers/Opelika or independent distributors of Flowers/Opelika from July 2, 2004, to date.  This would include testimony regarding the parent-subsidiary consolidated accounting between Flowers Foods and Flowers/Opelika.**

8.    <u>Plaintiffs' Proposed Scope of Inquiry</u>:  Flowers Foods, Inc.'s involvement in the hiring, firing, payment and receipt of monies from purchasers of Flowers' products.

**Proposed Scope of Inquiry: Flowers Foods' involvement in the retention, engagement, or termination of Flowers/Opelika distributor agreements and testimony regarding the accounting methodology utilized by Flowers/Opelika for distributor accounting from July 2, 2004, to date.**

9.    <u>Plaintiffs' Proposed Scope of Inquiry</u>:  Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of the operating agreement or operating manual that is used for the position of route distributor.

**Proposed Scope of Inquiry: Flowers Foods' involvement in the creation and implementation of any independent distributor agreements or operating manuals utilized by Flowers/Opelika from July 2, 2004, to date.**

10.    <u>Plaintiffs' Proposed Scope of Inquiry</u>:  Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of independent distributor agreements.

**Proposed Scope of Inquiry**: **Flowers Foods' involvement in the creation and implementation of any operating manuals and independent distributor agreements utilized by Flowers/Opelika from July 2, 2004, to date.**

### Requests for Production of Documents

1.     Plaintiffs' Proposed Production:  All documents concerning Flowers Foods Inc.'s oversight of its subsidiaries concerning the creation, determination or implementation of the position of route distributor.

**Proposed Production:   All non-privileged documents concerning Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers/Opelika.**

2.     Plaintiffs' Proposed Production:  All documents concerning Flowers Foods Inc.'s involvement in the determination to have route distributors work as independent contractors or route employees of any subsidiary.

**Proposed Production:   All non-privileged documents concerning Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers/Opelika.**

3.      <u>Plaintiffs' Proposed Production</u>:  All documents concerning Flowers Foods, Inc.'s policies, procedures of [sic] guidelines for independent distributor agreements between any route distributor and any of Flowers Foods, Inc.'s subsidiaries.

**Proposed Production:  All non-privileged documents concerning Flowers Foods' involvement in decisions made by Flowers/Opelika to engage or utilize independent distributors or employee route salespersons, including any guidelines, policies, or other such parameters that might affect Flowers/Opelika's decision making from July 2, 2004, to date.**

4.      <u>Plaintiffs' Proposed Production</u>:  Copies of form agreements between any of Flowers Foods, Inc.'s subsidiaries and its route distributors.

**Proposed Production:  Copies of any form agreements between Flowers/Opelika and its independent distributors from July 2, 2004, to date.**

5.      <u>Plaintiffs' Proposed Production</u>:  Documents concerning the policies, procedures and guidelines for the position of route distributor.

**Proposed Production:  Non-privileged documents concerning policies, procedures and guidelines developed for Flowers/Opelika's use in retaining independent distributors from July 2, 2004, to date.**

6.      <u>Plaintiffs' Proposed Production</u>:  Documents concerning Flowers Foods, Inc.'s involvement in Flowers Baking Co. of Opelika, LLC's sale of products to national markets.

**Proposed Production:    Representative non-privileged documents concerning Flowers Foods' involvement in national accounts serviced by Plaintiffs or the opt-in Plaintiffs from July 2, 2004, to date.**

7.    <u>Plaintiffs' Proposed Production</u>:  Documents describing the responsibility of loss by Flowers Foods, Inc. for any products sold through route distributors.

**Proposed Production:  Representative non-privileged documents describing the responsibility of loss by Flowers Foods for any products sold by Flowers/Opelika independent distributors from July 2, 2004, to date.**

8.    <u>Plaintiffs' Proposed Production</u>:  Documents concerning Flowers Foods, Inc.'s involvement in the hiring, firing, payment and receipt of monies from purchasers of Flowers' products.

**Proposed Production:  Any non-privileged documents concerning Flowers Foods' involvement in the engagement or termination of independent distributors by Flowers/Opelika from July 2, 2004, to date and representative documents concerning the accounting methodology utilized by Flowers/Opelika for distributor accounting from July 2, 2004, to date.**

9.    <u>Plaintiffs' Proposed Production</u>:  Documents concerning Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of the operating agreement and operating manual that is used for the position of route distributor.

**Proposed Production:  Any non-privileged documents regarding Flowers Foods' involvement in the creation and implementation of any operating manuals and independent distributor agreements utilized by Flowers/Opelika from July 2, 2004, to date**.

10.    <u>Plaintiffs' Proposed Production</u>:  Copies of form operating agreements and operating manuals that are used for the position of route distributor.

**Proposed Production:  Copies of any form agreements and manuals utilized by Flowers/Opelika with respect to independent distributors from July 2, 2004, to date.**

11.    Plaintiffs' Proposed Production:  Documents concerning Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of independent distributor agreements.

**Proposed Production: All non-privileged documents concerning Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers/Opelika.**

## IV.    CONCLUSION

For the above reasons, Flowers Foods respectfully requests that the Court grant its Motion and limit the scope of the subject matter topics, and the documents requested, as proposed above.

Respectfully submitted this 31st day of October, 2007.

/s/ Sandra B. Reiss_____
Sandra B. Reiss (ASB-3650-S80S)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

and

Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail: Kevin.Hishta@ogletreedeakins.com
(404) 881-1300
(404) 870-1732 Fax


*Counsel for Defendant Flowers Foods, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2007, I electronically filed the foregoing Defendant Flowers Foods, Inc.'s Brief in Support of Its Motion for Protective Order Limiting the Scope of Plaintiffs' Proposed 30(b)(6) Deposition with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

    Greg L. Davis, Esq.
    The Law Offices of Greg L. Davis
    6987 Halcyon Park Drive
    Montgomery, AL  36117

    Joe R. Whatley, Jr., Esq.
    Whatley Drake & Kallas, LLC
    2001 Park Place North
    Suite 1000
    Birmingham, Alabama  35203

    Amy Lynne Weaver
    Whatley Drake & Kallas, LLC
    2001 Park Place North
    Suite 1000
    Birmingham, Alabama  35203

    Joseph P. Guglielmo, Esq.
    Whatley Drake & Kallas, LLC
    1540 Broadway, 37th Floor
    New York, New York  10036

I hereby certify that a true and correct copy will be sent by First Class, U.S. Mail on this 31st day of October, 2007 to:

    E. Kirk Wood, Esq.
    Law Offices of Archie Lamb
    2017 2nd Avenue North
    Birmingham, Alabama 35201

                                    /s/ Sandra B. Reiss
                                    Sandra B. Reiss

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

|  |  |
|---|---|
| CHARLES MORROW and MICHAEL OVERTON, individually and on behalf of similarly situated employees<br><br>        Plaintiffs,<br><br>    v.<br><br>FLOWERS FOODS, INC, AND FLOWERS BAKING CO., OF OPELIKA, LLC,<br><br>        Defendants. | CIVIL ACTION NO:<br>3:07-CV-617-MHT |

## PLAINTIFFS' 30(B)(6) NOTICE OF VIDEOTAPED DEPOSITION TO DEFENDANT FLOWERS FOODS, INC.

Plaintiffs hereby give notice that they will take the deposition of the corporate designee(s) of Flowers Foods, Inc. pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

The deposition will be videotaped and recorded by an officer duly qualified to administer oaths and take depositions. Flowers Foods, Inc. is requested to designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf to testify as to the matters set forth in Exhibit A. The depositions will be taken on September 20, 2007 at 9:00 AM at The Law Offices of Greg L. Davis, 6987 Halcyon Park Drive, Montgomery, Alabama 36117 or upon mutually agreement of the parties, at a time and location to be agreed upon by the parties. The deposition will continue thereafter until completed.

The depositions will be taken in accordance with and for all purposes permissible under the Federal Rules of Civil Procedure. All counsel of record are invited to attend and participate.

You are also requested to produce all documents responsive to the Requests for Production as set forth in Exhibit A within in 5 days prior to the deposition.

Respectfully submitted this 5th day of September, 2007.

WHATLEY DRAKE & KALLAS LLC

_____
Joseph P. Guglielmo (admitted *pro hac vice*)
1540 Broadway, 37 Floor
New York, New York 10036
(212) 447-7070 (phone)
(212) 447-7077 (fax)
jguglielmo@wdklaw.com

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
Greg L. Davis (ASB-8134-I71G)
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

**Attorneys for Plaintiffs**

# **EXHIBIT A**

## **DEFINITIONS**

1.    The term "Documents" shall have the meaning as set forth in F.R.C.P. 34(a)

2.    The terms "you," "your," and "your company" mean Defendant Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC.

3.    The term "Person" shall mean natural person or any corporations, firms, joint owners, associations, partnerships, joint ventures, trusts, estates, government entities and all other forms of business.

4.    The term "Communication" or "Communications" refers to any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means including speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or Electronic Data, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind.  The term "Communication" also includes, without limitation, all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, or press, publicity or trade releases.

5.    The term "Meeting" shall mean the contemporaneous presence of any natural persons, whether or not such presence was by chance or prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity, including telephonic meetings.

6.    The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

7.    The terms "relate," "relating," "reflecting" or "involving" (or any tense of the terms) mean concerning, describing, discussing, commenting upon, evidencing, impacting, approving, mentioning, pertaining, referring, reflecting, or relating, in any manner, to the matter discussed.

8.    The terms "any" shall be construed to include and encompass "all." The term "all" also includes "each" and vice-versa.

9.    The use of the singular form or any word includes the plural and vice versa.

## I.  SUBJECT MATTER TOPICS:

You are requested to designate a representative to testify about the following deposition subject matters:

1. Flowers Foods, Inc.'s involvement in the creation, determination or implementation of the position of route distributor as well as any determination to have route distributors work as independent contractors or route employees.

2. Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of the independent distributor agreements between any route distributor and any of Flowers Foods, Inc.'s subsidiaries.

3. Flowers Foods, Inc.'s analysis, review or consideration of any subsidiary's employment for the position of route distributor.

4. Flowers Foods, Inc.'s analysis, review or consideration of any subsidiary's use of independent contractors for the position of route distributor.

5. Flowers Foods, Inc.'s involvement in selling products to national markets, including the sale of products that are manufactured by Flowers Baking Co. of Opelika, LLC to national markets.

6. Flowers Foods, Inc.'s involvement in the determination of sales by route distributors to national markets.

7. Responsibility of loss of any products by Flowers Foods, Inc.

8. Flowers Foods, Inc.'s involvement in the hiring, firing, payment and receipt of monies from purchasers of Flowers' products.

9. Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of the operating agreement or operating manual that is used for the position of route distributor.

10. Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of independent distributor agreements.

## II.    REQUESTS FOR PRODUCTION OF DOCUMENTS

You are requested to produce documents responsive to the requests below no later than 5 days prior to the deposition:

1. All documents concerning Flowers Foods Inc.'s oversight of its subsidiaries concerning the creation, determination or implementation of the position of route distributor.

2. All documents concerning Flowers Foods Inc.'s involvement in the determination to have route distributors work as independent contractors or route employees of any subsidiary.

3. All documents concerning Flowers Foods, Inc.'s policies, procedures of guidelines for independent distributor agreements between any route distributor and any of Flowers Foods, Inc.'s subsidiaries.

4. Copies of form agreements between any of Flowers Foods, Inc.'s subsidiaries and its route distributors.

5. Documents concerning the policies, procedures and guidelines for the position of route distributor.

6. Documents concerning Flowers Foods, Inc.'s involvement in Flowers Baking Co. of Opelika, LLC's sale of products to national markets.

7. Documents describing the responsibility of loss by Flowers Foods, Inc. for any products sold through route distributors.

8. Documents concerning Flowers Foods, Inc.'s involvement in the hiring, firing, payment and receipt of monies from purchasers of Flowers' products.

9. Documents concerning Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of the operating agreement and operating manual that is used for the position of route distributor.

10. Copies of form operating agreements and operating manuals that are used for the position of route distributor.

11. Documents concerning Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of independent distributor agreements.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of September, 2007, a true and correct copy of the foregoing Plaintiffs' 30(b)(6) Notice of Deposition to Flowers Foods, Inc. was served via email and Federal Express and email upon Counsel for Defendants:

Sandra B. Reiss
Ogletree, Deakins, Nash, Smoack, & Stewarts, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com

Kevin P. Hishta
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com

Joseph P. Guglielmo

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

2100 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308
Telephone: 404.881.1300
Facsimile:  404.870.1732
www.ogletreedeakins.com

Kevin P. Hishta
404-870-1733
Kevin.Hishta@ogletreedeakins.com

September 11, 2007

*Via Electronic Mail*

Joseph P. Guglielmo
Whatley Drake & Kallas LLC
1540 Broadway, 37th Floor
New York, New York 10036

Re:     Morrow, et al. v. Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC
United States District Court, Middle District of Alabama
Civil Action No.: 3:07-cv-00617-MHT

Dear Joseph:

We are in receipt of Plaintiffs' 30(b)(6) Notice of Videotaped Deposition to Defendant Flowers Foods, Inc. ("Deposition Notice"), which you served on Flowers Foods, Inc. ("Flowers Foods") on September 5, 2007, for a deposition scheduled to occur fifteen days later on September 20, 2007.  We have reviewed the Deposition Notice and have several objections to the breadth of deposition topics and documents requested therein.  Please accept this letter as our good faith attempt under Rule 37(a)(2) to resolve these issues before filing objections and seeking a protective order from the Court, steps which we hope to avoid.

As a preliminary matter, Flowers Foods does not feel Plaintiffs provided the requisite "reasonable" notice of this deposition as required by Rule 30(b)(1) given the breadth of Plaintiffs' requests set forth in the Deposition Notice.  Even assuming, *arguendo*, that the "Subject Matter of Topics" set forth in Plaintiffs' Deposition Notice were relevant under Federal Rule of Civil Procedure 26(b)(1) and would otherwise fall within the permissible scope of discovery given the case's current procedural posture (both of which Flowers Foods denies, as will be discussed more fully below), there is no way Flowers Foods could realistically prepare a witness or witnesses that would ever satisfy the Plaintiffs' broad inquiry within such a short time-frame.

Further, Plaintiffs noticed Flowers Foods with the deposition on September 5, 2007, and requested that Flowers Foods produce documents listed in the Notice by "no later than 5 days prior to the deposition," which would be September 15, 2007. Plaintiffs' requested timing by which Flowers Foods must respond to this request is not

Atlanta, GA • Austin, TX • Birmingham, AL • Charleston, SC • Charlotte, NC • Chicago, IL • Cleveland, OH • Columbia, SC • Dallas, TX • Greensboro, NC • Greenville, SC • Houston, TX • Indianapolis, IN • Kansas City, MO
Los Angeles, CA • Miami, FL • Morristown, NJ • Nashville, TN • Philadelphia, PA • Phoenix, AZ • Pittsburgh, PA • Raleigh, NC • St. Thomas, VI • San Antonio, TX • Tampa, FL • Torrance, CA • Tucson, AZ • Washington, DC

Joseph P. Guglielmo
September 11, 2007
Page 2



permitted under the federal rules. Even assuming, *arguendo*, that the documents requested in the "Request for Production of Documents" met the standard of relevancy set forth in Federal Rule of Civil Procedure 26(b)(1) and 34(a)(1), and otherwise fell within the proper scope of discovery given the current procedural posture of this case (both of which Flowers Foods denies), Flowers Foods cannot be compelled to produce these documents within less than 30 days following Plaintiffs' request. Absent agreement by Flowers Foods, which Flowers Foods has not provided, Plaintiffs simply cannot attach a request for the production of documents to a 30(b)(6) Deposition Notice to circumvent Federal Rule of Civil Procedure 34's established requirement that 30 days be afforded for responding to such production requests. *See also* Fed. R. Civ. P. 30(b)(5).

We outline our principal objections to the Deposition Notice and accompanying Request for Production of Documents below. As you will see, the majority of our objections deal with Plaintiffs' attempts to gain testimony, documents, and other information regarding subsidiaries of Flowers Foods other than Flowers Baking Company of Opelika ("Flowers/Opelika") (the only subsidiary with which Plaintiffs Morrow and Overton had distributor agreements) and current and former distributors other than Morrow and Overton at all Flowers Foods' subsidiaries, within an unlimited time period, including time during which neither Morrow or Overton had a relationship with any Flowers Foods' subsidiary.

As counsel for Flowers Foods brought to your attention during the 26(f) scheduling conference on August 15, 2007, and by way of letters dated August 14, 2007, and September 5, 2007, established law in the Eleventh Circuit provides that unless and until this case is conditionally certified as a collective action by the district court, and then only upon a satisfactory showing that "similarly situated" individuals exist in the proposed class who desire to opt in, this case is an individual, two-plaintiff case only.[1] Because the district court has made no such ruling conditionally certifying this case as a collective action to date,[2] Plaintiffs have "no right" to represent putative opt-ins and present "only [individual] claim[s] on the merits."[3] Further, as counsel for Flowers Foods also brought to your attention during this 26(f) scheduling conference, in the 26(f) Report submitted and filed by both parties with the Middle District of Alabama on August 17, 2007, and in both of the aforementioned letters, applicable precedent in the Middle District of Alabama provides that "class" discovery is premature at this point unless and until the court grants Plaintiffs' motion for conditional certification.[4]

---

[1] *See Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1249 (11th Cir. 2003).

[2] As you are aware, due to Plaintiffs' request for a scheduling conference with the Court to resolve any issues not agreed upon by the parties in the 26(f) Report, a scheduling conference with the Court has been set for September 12, 2007. All deadlines, including your proposed date for filing the Motion for Conditional Certification, have been suspended accordingly.

[3] *Cameron-Grant*, 347 F.3d at 1249.

[4] *See Crawford v. Dothan City Board of Ed.*, 214 F.R.D. 694 (M.D. Ala. 2003).

Joseph P. Guglielmo
September 11, 2007
Page 3



Given that this case is currently only a two-plaintiff case,[5] any information regarding subsidiaries other than Flowers/Opelika, the only subsidiary with which Morrow and Overton had distributor agreements, and any information regarding distributors other than Morrow and Overton would simply not fall within the realm of permissible discovery under Federal Rule of Civil Procedure 26(b)(1).[6] Any such information is simply not relevant to Plaintiff Morrow and/or Overton's individual claims and the request for such information is not only overly broad and unduly burdensome by its terms, but also constitutes an improper attempt by Plaintiffs to foster evidence to substantiate its proposed "nationwide class" at Flowers Foods' expense. Under Eleventh Circuit precedent, the district court, <u>and not the plaintiff(s)</u>, makes the determination regarding the propriety of the class proposed by plaintiff(s), and this determination is **only made** after the district court has "satisf[ied] itself that there are other employees of the department-employer **who desire to opt-in** and who are 'similarly situated.'" *Harper, et al. v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 361-62 (M.D. Ala. 1999) (emphasis added) (quoting *Dybach v. Florida Dep't of Corrections,* 942 F.2d 1562, 1567-68 (11th Cir. 1996)). This two-tiered approach helps protect employers against the "'stirring up' of litigation through unwarranted solicitation." *Horne v. United Services Auto Ass'n,* 279 F. Supp. 2d 1231, 1237 (M.D. Ala. 2003) (quoting *Brooks v. BellSouth Telecommunications, Inc.,* 164 F.R.D. 561, 567 (N.D. Ala. 1995)). Courts, when assessing the propriety and appropriate scope of Section 216(b) collective actions, have held that "[e]mployers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiff at the employer's expense." *H & R Block, Ltd. v. Housden,* 186 F.R.D. 399, 401 (E.D. Tex. 1999).

Plaintiffs also seemingly contend that the conversion to distributorships was an unlawful "decision, policy, or plan" to violate the FLSA justifying a "nationwide" class. This contention is meritless. First, prior to converting to distributorships, Flowers Foods' subsidiaries employed individuals as employee route salespersons, a class of workers traditionally deemed exempt from the FLSA's overtime requirements by the federal Department of Labor and the courts under the well-recognized outside sales exemption, an exemption Flowers Foods' subsidiaries consistently relied upon for many years (as well as the Motor Carrier exemption). Simply put, the conversion to distributors did not result in the elimination of any overtime pay. Second, as noted in my August 14 correspondence, the distributorship business model has been consistently upheld as one of independent contractor by the National Labor Relations Board, the federal Equal Employment Opportunity Commission, and the Internal Revenue Service. Thus, the business model is not unlawful, rather the core issue is whether management's actual practice overstepped the appropriate legal parameters. This practice may not only differ

---

[5] *See also* 29 U.S.C. § 216(b), which provides that "[n]o employee shall be a party plaintiff . . . unless he gives his consent in writing to become a party *and* such consent is filed in the court in which the action is pending." Thus, even assuming, *arguendo,* that independent contractor distributors such as Morrow and Overton are employees, which Flowers Foods denies, absent any other written opt-in consent forms filed with the Court, Overton and Morrow are the only two plaintiffs in the case.

[6] In 2000, the scope of permissible discovery under Rule 26(b)(1) was narrowed to unprivileged matters "relevant *to the claim or defense of any party.*" Fed. R. Civ. P. 26(b)(1) advisory committee note.



from subsidiary to subsidiary, but from one distribution center and one management official to another.

Our specific principal objections to the Subject Matter of Topics and Document Production Requests contained within the Deposition Notice are summarized and outlined below. Flowers Foods is providing these objections regarding the subject matter topics and/or documents requested in the Deposition Notice without waiving its ability to raise any other objections and/or defenses in the future.

Subject Matter Topics 1-10; Document Requests 1-11:

Flowers Foods objects to all of the above-referenced Subject Matter Topics and/or Document Requests to the extent they are not "relevant to the claim or defense of any party" under Rules 26(b)(1) and 34(a)(1).[7] As discussed above, because this action has not been conditionally certified, it is only an individual, two-plaintiff action under the FLSA.[8] Therefore, any testimony or documents pertaining to or regarding subsidiaries other than Flowers/Opelika (the only subsidiary with which Plaintiffs Overton and Morrow had distributor agreements), and any information regarding distributors other than Plaintiffs Morrow and Overton, are not relevant. The only relevant testimony or documents given the case's current procedural posture are that which are "reasonably calculated to lead to the discovery of admissible evidence" as to Morrow and Overton's individual FLSA claims.

Further, these requests are overly broad and unduly burdensome by their terms because they are not limited to Flowers/Opelika,[9] the only subsidiary with which Plaintiffs Overton and Morrow had distributor agreements; cover testimony and documents pertaining to approximately 25 different subsidiaries which are not parties to this lawsuit; and cover thousands of former and current independent distributors other than Morrow and Overton, the only Plaintiffs in this action to date, over an indefinite time period, including time during which neither Morrow or Overton had a relationship with any Flowers Foods subsidiary. Such an overly-broad 30(b)(6) deposition notice "subjects the noticed party to an impossible task," as Flowers Foods could not realistically prepare a witness or witnesses in a manner that would ever meet its legal and ethical obligations to satisfy the Plaintiffs' broad inquiry.[10]

Flowers Foods is amenable to limiting the scope of testimony and document production requests set forth in the Deposition Notice to that which involves or pertains

---

[7] Fed. R. Civ. P. 26(b)(1) & adv. comm. notes (2000 Amendments) (narrowing definition of relevant discovery); *id.* 34(a)(1) (incorporating Rule 26(b) relevance standard).

[8] *See Cameron-Grant,* 347 F.3d at 1249.

[9] An exception is Document Request 6, which does appear to limit its scope to Flowers/Opelika.

[10] *See Reed v. Nellcor Puritan Bennett,* 193 F.R.D. 689, 692 (D. Kan. 2000) ("[a]n overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task."); *see also Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 148, 151-152 (D.D.C. 1999) (holding that a corporation has a duty to prepare the appropriately designated 30(b)(6) witness to be able to adequately testify as to the Plaintiffs' designated subject matters).

Joseph P. Guglielmo
September 11, 2007
Page 5



to Flowers/Opelika which is relevant to Plaintiff Morrow and Overton's individual FLSA claims under Federal Rules of Civil Procedure 26(b)(1) and 34(a)(1).

<u>Subject Matter Topics 1,2,4,9,10; Document Requests 1,2,9,10, and 11</u>

Flowers Foods objects to all of the above Subject Matter Topics and/or Document Requests to the extent they seek information protected by the attorney client privilege. Flowers Foods also objects to the above-referenced Document Requests to the extent they seek information protected by the work product doctrine.

<u>Subject Matter Topics 3,5,6,7, and 8; Document Requests 6, 7, and 8</u>

Flowers Foods objects to the above Subject Matter Topics and Document Requests on the basis that they are vague and ambiguous and are written in such a manner that Flowers Foods would be unable to designate, let alone prepare, the appropriate official(s) to testify regarding Plaintiffs' inquiries, or produce documents regarding the same.

For example, Subject Matter Topic 3 requests testimony regarding "Flowers Foods analysis, review or consideration of any subsidiary's employment for the position of route distributor." What do Plaintiffs mean by "subsidiary's employment" for a "route distributor" position? Given the wording of the request, Flowers Foods simply cannot determine what Plaintiffs are requesting. Paragraph 5 in the Subject Matter Topics, and Paragraph 6 in the Subject Matter Topics and Document Requests, seeks testimony and documents regarding the sale of products to "national markets," without defining or in any way indicating what "national markets" are. Paragraph 7 of the Subject Matter Topics and Document Requests seeks testimony and documents regarding the "responsibility of loss of any products by Flowers Foods, Inc." "Responsibility of loss" is not defined in Plaintiffs' request. Finally, Paragraph 8 of the Subject Matter Topics and Document Requests seeks testimony and documents regarding "Flowers Foods, Inc.'s involvement in the hiring, firing, payment and receipt of monies from purchasers of Flowers' products." This request is also vague and unintelligible. Are plaintiffs looking for information on whether purchasers of products are in any sort of employment relationship with Flowers Foods? Are Plaintiffs looking for information on when Flowers Foods "hires" or "fires" purchasers of its products within this supposed "employment relationship"? Further, when referring to "Flowers' products," what products are Plaintiffs referring to? Again, Flowers Foods simply cannot determine what information Plaintiffs are seeking given the vague wording of this subject matter/ document request.

Absent clear specification from Plaintiffs regarding the subject matters upon which it wishes to elicit testimony from the Flowers Foods' 30(b)(6) corporate designee, Flowers Foods cannot reasonably be expected to designate an appropriate 30(b)(6)

Joseph P. Guglielmo
September 11, 2007
Page 6



deponent and meet its duty to prepare him or her accordingly.[11]   Further, absent such clarification, Flowers Foods cannot reasonably be expected to respond to the document requests as Flowers Foods has no duty or obligation to "guess" what types of documents Plaintiffs are requesting.

We are willing to discuss all of the above-issues with you.  We hope to we can reach a resolution regarding the scope of the document requests and deposition topics set forth in your Deposition Notice that comports with applicable law.  If we are unable to reach an agreement, we anticipate filing objections and a protective order by or during the beginning of next week.  If Plaintiffs are amenable to limiting the deposition in the manner set forth in this letter, or in a manner otherwise agreed upon, then Flowers Foods would propose discussing a later date upon which to schedule the deposition.  Such additional time would be necessary due to the upcoming schedule of counsel for Flowers Foods and to allow Flowers Foods with sufficient time in which to designate and prepare the applicable 30(b)(6) witness(es).

Thank you for your consideration to this matter.  We look forward to hearing from you.

Very truly yours,

Kevin P. Hishta

cc:    Joe R. Whatley, Jr.
       Amy Weaver
       Greg L. Davis
       E. Kirk Wood
       Sandra Reiss

---

[11] *See Alexander,* 186 F.R.D. at 151-152 (holding that a corporation has a duty to prepare the appropriately designated 30(b)(6) witness to be able to adequately testify as to the Plaintiffs' designated subject matters).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CHARLES MORROW and MICHAEL ) 
OVERTON, Individually and on behalf ) 
of similarly situated employees, ) 
          ) 
         **Plaintiffs,** )    **CIVIL ACTION NO: 3:07-CV-617-MHT**
          ) 
**v.** ) 
          ) 
**FLOWERS FOODS, INC., FLOWERS** ) 
**BAKING CO., OF OPELIKA, LLC,** ) 
          ) 
         **Defendants.** ) 

### DEFENDANT FLOWERS FOODS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS CONTAINED WITHIN PLAINTIFFS' 30(B)(6) NOTICE OF VIDEOTAPED DEPOSITION TO DEFENDANT FLOWERS FOODS, INC.

COMES NOW Defendant Flowers Foods, by and through its undersigned counsel, and submits the following objections to Plaintiffs' Request for Production of Documents contained within its 30(b)(6) Notice of Videotaped Deposition ("Deposition Notice") to Defendant Flowers Foods, Inc. ("Flowers Foods.").

Plaintiffs served the Deposition Notice and accompanying Request for Product of Documents ("Document Requests") on Flowers Foods on September 5, 2007, for a deposition scheduled for September 20, 2007. Plaintiffs requested that the documents be produced "no later than five days prior to the deposition." Plaintiffs cannot circumvent the 30-day requirement provided for responding to document requests in Rule 34 of the Federal Rules of Civil Procedure by requesting documents in a 30(b)(6) Deposition Notice, absent agreement by Flowers Foods.[1]

---

[1] *See also* Federal Rule of Civil Procedure 30(b)(5); *New World Network Ltd. v. M/V NORWEGIAN SEA*, No. 05-22916 CIV, slip op. 2007 WL 1068124, at *2 (S.D. Fla. Apr. 6, 2007) (holding that under Rule 30(b)(5), a notice of a party deposition may include a document request but only if the procedures provided in Rule 34 are satisfied).

Flowers Foods has not agreed to produce these documents in a shorter period of time than the requisite 30 days. Therefore, copies of certain documents responsive to these Document Requests will be made available or served on opposing counsel at an agreed upon time and place, assuming the parties reach agreement on the appropriate scope of discovery and on an appropriate protective order to protect the confidentiality of confidential business and personal information.

## GENERAL OBJECTIONS

1.     Flowers Foods objects to Plaintiffs' Document Requests, and the instructions therein, to the extent that they call for documents and/or things protected by the attorney/client privilege and/or work product doctrine, or which are otherwise immune from discovery. Inadvertent identification and/or disclosure of any such documents and/or things shall not constitute a waiver of any privilege, and shall not waive the right of Flowers Foods to object to the use of any such documents and/or things.

2.     Flowers Foods objects to the definitions preceding Plaintiffs' Document Requests to the extent that such definitions seek to impose burdens, duties, and obligations upon Flowers Foods in excess of, or different than, the requirements imposed by applicable law and the Federal Rules of Civil Procedure.  Flowers Foods will respond to Plaintiffs' Document Requests as required by applicable law and the Federal Rules of Civil Procedure.

3.     Flowers Foods objects to Plaintiffs' Document Requests to the extent that they are unreasonably vague, overly broad, unduly burdensome and/or seek information which is immaterial, irrelevant, or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

2

4.    Flowers Foods objects to Plaintiffs' Document Requests to the extent that they seek electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

5.    Flowers Foods objects to Plaintiffs' Document Requests to the extent that they seek underlying metadata.

## PLAINTIFFS' DOCUMENT REQUESTS

1.    All documents concerning Flowers Foods, Inc.'s oversight of its subsidiaries concerning the creation, determination or implementation of the position of route distributor.

**Objections:**

•    Flowers Foods objects to this Request as neither it nor its subsidiaries utilize the terminology "route distributor." Certain Flowers Foods' subsidiaries utilize "independent distributors," and, in certain situations, "route sales employees," to distribute products.

•    Flowers Foods objects to this Request to the extent it is not relevant to the claim or defense of any party under Federal Rules of Civil Procedure 26(b)(1) and 34(a)(1).[2] Because this action has not been conditionally certified, it is an individual, multi-plaintiff action only under the FLSA.[3] Therefore, any documents pertaining to or regarding subsidiaries other than Flowers Baking Company of Opelika ("Flowers/Opelika") (the only subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs (James Marty Smith, Dwayne Cleveland, Michael Smith, and Mark Murphy) ("additional Plaintiffs")[4] had or have distributor

---

[2] Fed. R. Civ. P. 26(b)(1) & adv. comm. notes (2000 Amendments) (narrowing definition of relevant discovery); *id.* 34(a)(1) (incorporating Rule 26(b) relevance standard).
[3] *See Cameron-Grant v. Maxim Healthcare Servs.,* 347 F.3d 1240, 1249 (11th Cir. 2003).
[4] FBC of Opelika is referring to James Marty Smith, Dwayne Cleveland, Michael Smith, and Mark Murphy as Plaintiffs pursuant to this Court's Order granting Plaintiffs' Motion for Leave to Amend Complaint to add them as

3

agreements), and any information regarding distributors other than Plaintiffs Morrow and Overton and the additional Plaintiffs, are not relevant and are not within the proper realm of discovery.[5] The only relevant documents are those regarding or pertaining to Flowers/Opelika which are reasonably calculated to lead to the discovery of admissible evidence as to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

- This Request is overly broad and unduly burdensome by its terms because it is not limited the subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements (Flowers/Opelika); covers documents pertaining to approximately 25 different subsidiaries of Flowers Foods which are not parties to this lawsuit; and covers documents pertaining to thousands of former and current independent distributors who are not parties to this action, over an indefinite time period.

- Flowers Foods further objects to this request to the extent it seeks documents and things protected by the attorney/client privilege and/or work product doctrine, specifically documents and things regarding, or relating to, or constituting legal advice, privileged discussions, planning and strategy, legal research and the like maintained by Flowers Foods Legal Department and/or Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

- Flowers Foods objects to this Request to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

**Response:**     Subject to, and without waiving, the aforementioned objections, Flowers

---

parties. However, both FBC of Opelika and Flowers Foods, Inc. continue to maintain their position, as outlined in their Motion in Opposition to Plaintiffs' Motion for Leave to Amend Complaint, that these individuals should not be added as party plaintiffs under Rule 20(a) but rather must follow the statutory procedure to opt-into the lawsuit set forth in 29 U.S.C. § 216(b).

[5] *See Crawford v. Dothan City Bd. of Ed.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003) ("[w]here discovery is sought in

Foods will produce certain responsive documents, if any, at an agreed upon time and place.

2.    All documents concerning Flowers Foods Inc.'s involvement in the determination to have route distributors work as independent contractors or route employees of any subsidiary.

**Objections:**

• Flowers Foods objects to this Request as neither it nor its subsidiaries utilize the terminology "route distributor." Certain Flowers Foods' subsidiaries utilize "independent distributors," and, in certain situations, "route sales employees," to distribute products.

• Flowers Foods objects to this Request to the extent it is not relevant to the claim or defense of any party under Federal Rules of Civil Procedure 26(b)(1) and 34(a)(1). As stated above, because this action has not been conditionally certified, it is an individual, multi-plaintiff action only under the FLSA. Therefore, any documents pertaining to or regarding subsidiaries other than Flowers/Opelika (the only subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements), and any information regarding distributors other than Plaintiffs Morrow and Overton and the additional Plaintiffs, are not relevant and are not within the proper realm of discovery. The only relevant documents are those regarding or pertaining to Flowers/Opelika which are reasonably calculated to lead to the discovery of admissible evidence as to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

• This Request is overly broad and unduly burdensome by its terms because it is not limited the subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements (Flowers/Opelika); covers documents pertaining to approximately 25 different subsidiaries of Flowers Foods which are not parties to this lawsuit; and covers

the absence of a conditionally certified collective action, however, such discovery has been denied.")

5

documents pertaining to thousands of former and current independent distributors who are not parties to this action, over an indefinite time period.

- Flowers Foods further objects to this request to the extent it seeks documents and things protected by the attorney/client privilege and/or work product doctrine, specifically documents and things regarding, or relating to, or constituting legal advice, privileged discussions, case planning and strategy, legal research and the like maintained by Flowers Foods Legal Department and/or Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

- Flowers Foods objects to this Request to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

**Response:**    Subject to, and without waiving, the aforementioned objections, Flowers Foods will produce certain responsive documents, if any, at an agreed upon time and place.

3.    All documents concerning Flowers Foods Inc.'s policies, procedures of [sic] guidelines for independent distributor agreements between any route distributor and any of Flowers Foods, Inc.'s subsidiaries.

**Objections:**

- Flowers Foods objects to this Request as neither it nor its subsidiaries utilize the terminology "route distributor." As stated above, certain Flowers Foods' subsidiaries utilize "independent distributors," and, in certain situations, "route sales employees," to distribute products.

- Flowers Foods objects to this Request to the extent it is not relevant to the claim or defense of any party under Federal Rules of Civil Procedure 26(b)(1) and 34(a)(1). As stated above, because this action has not been conditionally certified, it is an individual, multi-plaintiff

6

action only under the FLSA. Therefore, any documents pertaining to or regarding subsidiaries other than Flowers/Opelika (the only subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements), and any information regarding distributors other than Plaintiffs Morrow and Overton and the additional Plaintiffs, are not relevant and are not within the proper realm of discovery. The only relevant documents are those regarding or pertaining to Flowers/Opelika which are reasonably calculated to lead to the discovery of admissible evidence as to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

- This Request is overly broad and unduly burdensome by its terms because it is not limited the subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements (Flowers/Opelika); covers documents pertaining to approximately 25 different subsidiaries of Flowers Foods which are not parties to this lawsuit; and covers documents pertaining to thousands of former and current independent distributors who are not parties to this action, over an indefinite time period.

- Flowers Foods further objects to this request to the extent it seeks documents and things protected by the attorney/client privilege and/or work product doctrine, specifically documents and things regarding, or relating to, or constituting legal advice, privileged discussions, case planning and strategy, legal research and the like maintained by Flowers Foods Legal Department and/or Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

- This Request is also overly broad to the extent it seeks information which bears no temporal proximity to the applicable statutory period relevant to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

7

- Flowers Foods objects to this Request to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

**Response:**    Subject to, and without waiving, the aforementioned objections, Flowers Foods will produce certain responsive documents at an agreed upon time and place.

4.    Copies of form agreements between any of Flowers Foods, Inc.'s subsidiaries and its route distributors.

**Objections:**

- Flowers Foods objects to this Request as neither it nor its subsidiaries utilize the terminology "route distributor." As stated above, certain Flowers Foods' subsidiaries utilize "independent distributors," and, in certain situations, "route sales employees," to distribute products.

- Flowers Foods further objects to this Request as the term "form agreement" is so vague and ambiguous that Flowers Foods cannot determine what type of documents Plaintiffs are requesting.

- Flowers Foods objects to this Request to the extent it is not relevant to the claim or defense of any party under Federal Rules of Civil Procedure 26(b)(1) and 34(a)(1). As stated above, because this action has not been conditionally certified, it is an individual, multi-plaintiff action only under the FLSA. Therefore, any documents pertaining to or regarding subsidiaries other than Flowers/Opelika (the only subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements), and any information regarding distributors other than Plaintiffs Morrow and Overton and the additional Plaintiffs, are not relevant and are not within the proper realm of discovery. The only relevant documents are those

regarding or pertaining to Flowers/Opelika which are reasonably calculated to lead to the discovery of admissible evidence as to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

- This Request is overly broad and unduly burdensome by its terms because it is not limited the subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements (Flowers/Opelika); covers documents pertaining to approximately 25 different subsidiaries of Flowers Foods which are not parties to this lawsuit; and covers documents pertaining to thousands of former and current independent distributors who are not parties to this action, over an indefinite time period.

- Flowers Foods further objects to this request to the extent it seeks documents and things protected by the attorney/client privilege and/or work product doctrine, specifically documents and things regarding, or relating to, or constituting legal advice, privileged discussions, case planning and strategy, legal research and the like maintained by Flowers Foods Legal Department and/or Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

- This Request is also overly broad to the extent it seeks information which bears no temporal proximity to the applicable statutory period relevant to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

- Flowers Foods objects to this Request to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

**Response:**     Subject to, and without waiving, the aforementioned objections, Flowers Foods will produce certain responsive documents at an agreed upon time and place.

5.    Documents concerning the policies, procedures and guidelines for the position of route distributor.

**Objections:**

- Flowers Foods objects to this Request as neither it nor its subsidiaries utilize the terminology "route distributor." As stated above, certain Flowers Foods' subsidiaries utilize "independent distributors," and, in certain situations, "route sales employees," to distribute products.

- Flowers Foods objects to this Request to the extent it is not relevant to the claim or defense of any party under Federal Rules of Civil Procedure 26(b)(1) and 34(a)(1). As stated above, because this action has not been conditionally certified, it is an individual, multi-plaintiff action only under the FLSA. Therefore, any documents pertaining to or regarding subsidiaries other than Flowers/Opelika (the only subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements), and any information regarding distributors other than Plaintiffs Morrow and Overton and the additional Plaintiffs, are not relevant and are not within the proper realm of discovery. The only relevant documents are those regarding or pertaining to Flowers/Opelika which are reasonably calculated to lead to the discovery of admissible evidence as to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

- This Request is overly broad and unduly burdensome by its terms because it is not limited the subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements (Flowers/Opelika); covers documents pertaining to approximately 25 different subsidiaries of Flowers Foods which are not parties to this lawsuit; and covers

documents pertaining to thousands of former and current independent distributors who are not parties to this action, over an indefinite time period.

- Flowers Foods further objects to this request to the extent it seeks documents and things protected by the attorney/client privilege and/or work product doctrine, specifically documents and things regarding, or relating to, or constituting legal advice, privileged discussions, case planning and strategy, legal research and the like maintained by Flowers Foods Legal Department and/or Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

- This Request is also overly broad to the extent it seeks information which bears no temporal proximity to the applicable statutory period relevant to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

- Flowers Foods objects to this Request to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

**Response:**    Subject to, and without waiving, the aforementioned objections, Flowers Foods will produce certain responsive documents at an agreed upon time and place.

6.    Documents concerning Flowers Foods, Inc.'s involvement in Flowers Baking Co. of Opelika, LLC's sale of products to national markets.

**Objections:**

- Flowers Foods objects to this Request to the extent it is not relevant to the claim or defense of any party under Federal Rules of Civil Procedure 26(b)(1) and 34(a)(1).  As stated above, because this action has not been conditionally certified, it is an individual, multi-plaintiff action only under the FLSA.  Therefore, any documents pertaining to or regarding the sale of products to distributors other than Plaintiffs Morrow and Overton and the additional Plaintiffs are

11

not relevant and are not within the proper realm of discovery. The only relevant documents are those which pertain to the sale of products to Morrow and Overton and the additional Plaintiffs which are reasonably calculated to lead to the discovery of admissible evidence as to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

- This Request is also overly broad to the extent it seeks information which bears no temporal proximity to the applicable statutory period relevant to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

- Flowers Foods objects to this Request to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

- Flowers Foods further objects to this request to the extent it seeks documents and things protected by the attorney/client privilege and/or work product doctrine, specifically documents and things regarding, or relating to, or constituting legal advice, privileged discussions, case planning and strategy, legal research and the like maintained by Flowers Foods Legal Department and/or Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

- Flowers Foods objects to this Request as it seeks documents which are irrelevant, cumulative, or unnecessary to review for purposes of litigating the claims in this lawsuit.

**Response:**    Subject to, and without waiving, the aforementioned objections, Flowers Foods will produce certain responsive documents at an agreed upon time and place.

7.    Documents describing the responsibility of loss by Flowers Foods, Inc. for any products sold through route distributors.

**Objections:**

- Flowers Foods objects to this Request as neither it nor its subsidiaries utilize the terminology "route distributor." As stated above, certain Flowers Foods' subsidiaries utilize "independent distributors," and, in certain situations, "route sales employees," to distribute products.

- Flowers Foods objects to this Request to the extent it is not relevant to the claim or defense of any party under Federal Rules of Civil Procedure 26(b)(1) and 34(a)(1). As stated above, because this action has not been conditionally certified, it is an individual, multi-plaintiff action only under the FLSA. Therefore, any documents pertaining to or regarding subsidiaries other than Flowers/Opelika (the only subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements), and any information regarding distributors other than Plaintiffs Morrow and Overton and the additional Plaintiffs, are not relevant and are not within the proper realm of discovery. The only relevant documents are those regarding or pertaining to Flowers/Opelika which are reasonably calculated to lead to the discovery of admissible evidence as to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

- This Request is overly broad and unduly burdensome by its terms because it is not limited the subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements (Flowers/Opelika); covers documents pertaining to approximately 25 different subsidiaries of Flowers Foods which are not parties to this lawsuit; and covers documents pertaining to thousands of former and current independent distributors who are not parties to this action, over an indefinite time period.

13

• This Request is also overly broad to the extent it seeks information which bears no temporal proximity to the applicable statutory period relevant to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

• Flowers Foods objects to this Request to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

• Flowers Foods further objects to this request to the extent it seeks documents and things protected by the attorney/client privilege and/or work product doctrine, specifically documents and things regarding, or relating to, or constituting legal advice, privileged discussions, case planning and strategy, legal research and the like maintained by Flowers Foods Legal Department and/or Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

• Flowers Foods objects to this Request as it seeks documents which are irrelevant, cumulative, or unnecessary to review for purposes of litigating the claims in this lawsuit.

**Response:**    Subject to, and without waiving, the aforementioned objections, Flowers Foods will produce certain responsive documents, if any, at an agreed upon time and place.

8.    Documents concerning Flowers Foods, Inc.'s involvement in the hiring, firing, payment and receipt of monies from purchasers of Flowers' products.

**Objections:**

• Flowers Foods objects to this Request as it does not "hire" or "fire" its independent contractor distributors but rather enters into independent distributor agreements with its independent contractor distributors and may terminate its agreement with independent contractor distributors if specified contractual provisions are breached.

14

- Flowers Foods objects to this Request to the extent it is not relevant to the claim or defense of any party under Federal Rules of Civil Procedure 26(b)(1) and 34(a)(1). As stated above, because this action has not been conditionally certified, it is an individual, multi-plaintiff action only under the FLSA. Therefore, any documents pertaining to or regarding subsidiaries other than Flowers/Opelika (the only subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements), and any information regarding distributors other than Plaintiffs Morrow and Overton and the additional Plaintiffs, are not relevant and are not within the proper realm of discovery. The only relevant documents are those regarding or pertaining to Flowers/Opelika which are reasonably calculated to lead to the discovery of admissible evidence as to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

- This Request is overly broad and unduly burdensome by its terms because it is not limited the subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements (Flowers/Opelika); covers documents pertaining to approximately 25 different subsidiaries of Flowers Foods which are not parties to this lawsuit; and covers documents pertaining to thousands of former and current independent distributors who are not parties to this action, over an indefinite time period.

- This Request is also overly broad to the extent it seeks information which bears no temporal proximity to the applicable statutory period relevant to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

- Flowers Foods objects to this Request to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

15

- Flowers Foods objects to this Request as it seeks documents which are irrelevant, cumulative, or unnecessary to review for purposes of litigating the claims in this lawsuit.

**Response:**    Subject to, and without waiving, the aforementioned objections, Flowers Foods will produce certain responsive documents, if any, at an agreed upon time and place.

9.    Documents concerning Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of the operating agreement and operating manual that is used for the position of route distributor.

**Objections:**

- Flowers Foods objects to this Request as it has not been involved in the creation, negotiation or implementation of any "operating agreement" or "operating manual" utilized by independent distributors. Flowers Foods further objects to the use of the terminology "route distributor," as neither it nor its subsidiaries utilize the terminology "route distributor." As stated above, certain Flowers Foods' subsidiaries utilize "independent distributors," and, in certain situations, "route sales employees," to distribute products. By way of further answer, Flowers Foods and Flowers Industries, Inc. have been involved in the development of a "Distributor Agreement" utilized by certain subsidiaries of Flowers Foods.

- Flowers Foods objects to this Request to the extent it is not relevant to the claim or defense of any party under Federal Rules of Civil Procedure 26(b)(1) and 34(a)(1). As stated above, because this action has not been conditionally certified, it is an individual, multi-plaintiff action only under the FLSA. Therefore, any documents pertaining to or regarding subsidiaries other than Flowers/Opelika (the only subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements), and any information regarding distributors other than Plaintiffs Morrow and Overton and the additional Plaintiffs, are not

16

relevant and are not within the proper realm of discovery. The only relevant documents are those regarding or pertaining to Flowers/Opelika which are reasonably calculated to lead to the discovery of admissible evidence as to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

- This Request is overly broad and unduly burdensome by its terms because it is not limited the subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements (Flowers/Opelika); covers documents pertaining to approximately 25 different subsidiaries of Flowers Foods which are not parties to this lawsuit; and covers documents pertaining to thousands of former and current independent distributors who are not parties to this action, over an indefinite time period.

- This Request is also overly broad to the extent it seeks information which bears no temporal proximity to the applicable statutory period relevant to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

- Flowers Foods further objects to this request to the extent it seeks documents and things protected by the attorney/client privilege and/or work product doctrine, specifically documents and things regarding, or relating to, or constituting legal advice, privileged discussions, case planning and strategy, legal research and the like maintained by Flowers Foods Legal Department and/or Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

- Flowers Foods objects to this Request to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

**Response:**     Subject to, and without waiving, the aforementioned objections, Flowers Foods will produce certain responsive documents, if any, at an agreed upon time and place.

17

10.    Copies of form operating agreements and operating manuals that are used for the position of route distributor.

**Objections:**

• Flowers Foods objects to this Request as it has not been involved in the creation, negotiation or implementation of any "operating agreement" or "operating manual" utilized by independent distributors. Flowers Foods further objects to the use of the terminology "route distributor," as neither it nor its subsidiaries utilize the terminology "route distributor." As stated above, certain Flowers Foods' subsidiaries utilize "independent distributors," and, in certain situations, "route sales employees," to distribute products. By way of further answer, Flowers Foods and Flowers Industries, Inc. have been involved in the development of a "Distributor Agreement" utilized by certain subsidiaries of Flowers Foods. By way of further answer, certain subsidiaries of Flowers Foods utilize Distributor Agreements which are tailored to each individual distributor.

• Flowers Foods objects to this Request to the extent it is not relevant to the claim or defense of any party under Federal Rules of Civil Procedure 26(b)(1) and 34(a)(1). As stated above, because this action has not been conditionally certified, it is an individual, multi-plaintiff action only under the FLSA. Therefore, any documents pertaining to or regarding subsidiaries other than Flowers/Opelika (the only subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements), and any information regarding distributors other than Plaintiffs Morrow and Overton and the additional Plaintiffs, are not relevant and are not within the proper realm of discovery. The only relevant documents are those regarding or pertaining to Flowers/Opelika which are reasonably calculated to lead to the

discovery of admissible evidence as to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

- This Request is overly broad and unduly burdensome by its terms because it is not limited the subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements (Flowers/Opelika); covers documents pertaining to approximately 25 different subsidiaries of Flowers Foods which are not parties to this lawsuit; and covers documents pertaining to thousands of former and current independent distributors who are not parties to this action, over an indefinite time period.

- This Request is also overly broad to the extent it seeks information which bears no temporal proximity to the applicable statutory period relevant to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

- Flowers Foods further objects to this request to the extent it seeks documents and things protected by the attorney/client privilege and/or work product doctrine, specifically documents and things regarding, or relating to, or constituting legal advice, privileged discussions, case planning and strategy, legal research and the like maintained by Flowers Foods Legal Department and/or Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

- Flowers Foods objects to this Request to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

**Response:**    Subject to, and without waiving, the aforementioned objections, Flowers Foods will produce certain responsive documents at an agreed upon time and place.

11.    Documents concerning Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of independent distributor agreements.

**Objections:**

- Flowers Foods objects to this Request to the extent it is not relevant to the claim or defense of any party under Federal Rules of Civil Procedure 26(b)(1) and 34(a)(1). As stated above, because this action has not been conditionally certified, it is an individual, multi-plaintiff action only under the FLSA. Therefore, any documents pertaining to or regarding subsidiaries other than Flowers/Opelika (the only subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements), and any information regarding distributors other than Plaintiffs Morrow and Overton and the additional Plaintiffs, are not relevant and are not within the proper realm of discovery. The only relevant documents are those regarding or pertaining to Flowers/Opelika which are reasonably calculated to lead to the discovery of admissible evidence as to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims.

- This Request is overly broad and unduly burdensome by its terms because it is not limited the subsidiary with which Plaintiffs Overton and Morrow and the additional Plaintiffs had or have distributor agreements (Flowers/Opelika); covers documents pertaining to approximately 25 different subsidiaries of Flowers Foods which are not parties to this lawsuit; and covers documents pertaining to thousands of former and current independent distributors who are not parties to this action, over an indefinite time period.

- This Request is also overly broad to the extent it seeks information which bears no temporal proximity to the applicable statutory period relevant to Morrow and Overton's and the additional Plaintiffs' individual FLSA claims

- Flowers Foods further objects to this request to the extent it seeks documents and things protected by the attorney/client privilege and/or work product doctrine, specifically

20

documents and things regarding, or relating to, or constituting legal advice, privileged discussions, case planning and strategy, legal research and the like maintained by Flowers Foods Legal Department and/or Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

- Flowers Foods objects to this Request to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

- Flowers Foods objects to this Request as it seeks documents which are irrelevant, cumulative, or unnecessary to review for purposes of litigating the claims in this lawsuit.

**Response:**    Subject to, and without waiving, the aforementioned objections, Flowers Foods will produce certain responsive documents, if any, at an agreed upon time and place.

Respectfully submitted this 5<u>th</u> day of October, 2007.

Kevin P. Hishta
GA Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, GA 30308
404-881-1300
404-870-1732 (fax)
Kevin.Hishta@ogletreedeakins.com

Sandra B. Reiss
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Flowers Foods, Inc.'s Answers to Plaintiffs' Interrogatories has been served upon all parties of record, as listed below, via electronic mail, and by placing same in the United States Mail, postage prepaid and properly addressed on this the 5th day of October, 2007.

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

LAW OFFICES OF ARCHIE LAMB
2017 2nd Avenue North
Birmingham, Alabama 35201
205-324-4644
E. Kirk Wood
ekirkwood1@cs.com

Kevin P. Hishta

22