**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES MORROW and MICHAEL OVERTON, Individually and on behalf of similarly situated employees,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION NO: 3:07-CV-617-MHT** |
| **v.** | ) ) | |
| **FLOWERS FOODS, INC., FLOWERS BAKING CO. OF OPELIKA, LLC,** | ) ) ) | |
| **Defendants.** | ) | |

**DEFENDANT FLOWERS FOODS, INC.'S AND DEFENDANT FLOWERS BAKING
COMPANY OF OPELIKA, LLC'S BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

COME NOW Defendants Flowers Foods, Inc. ("Flowers Foods") and Flowers Baking Company of Opelika, LLC ("Flowers/Opelika"), by and through their undersigned counsel, and submit the following Brief in Opposition to Plaintiffs' Motion For Leave to File Second Amended Complaint, in accordance with this Court's Order of October 24, 2007.

In their Motion, Plaintiffs ask the Court:

(1)     To join as named plaintiffs under FED.R.CIV.P. 20(a), five current and former Flowers/Opelika independent distributors, each of whom has already filed an opt-in consent under 29 U.S.C. Section 216(b), and one former independent distributor of Flowers Baking Company of Thomasville, LLC ("Flowers/Thomasville"), who has not filed an opt-in Consent (Plaintiff's Second Motion to Amend, ¶ 4) (Second Amended Complaint, ¶¶ 9-14, 82-123);

(2)     To join Flowers/Thomasville as a defendant under Rule 20(a) (Plaintiff's Second Motion to Amend, ¶ 5) (Second Amended Complaint, ¶ 17); and

(3)     To add a new paragraph to the Complaint listing Flowers Foods' subsidiaries. (Plaintiff's Second Motion to Amend, ¶ 6) (Second Amended Complaint, ¶ 23).

In summary, Defendants respectfully submit that Plaintiffs' Motion should be Denied for the following reasons:

(1)     As Plaintiffs are still attempting to pursue a collective action, as opposed to a multi-plaintiff action under Rule 20(a), the statutory consent procedure set forth in Section 216(b) is the exclusive and mandatory procedure Plaintiffs must follow to join this action.

(2)     Assuming, *arguendo*, Plaintiffs file proper consent forms pursuant to Section 216(b), for the reasons set forth in Defendants' Class Opposition brief, Plaintiffs are not "similarly situated" and therefore, *a fortiori*, they should not be joined pursuant to Rule 20(a) in a multi-plaintiff action.

(3)     Flowers/Thomasville is not a proper party under Rule 20(a) based on the un-contradicted evidence before the Court that each Flowers Foods' subsidiary independently manages its own operations and makes its own decisions regarding its independent distributors and employees.

(4)     As Flowers/Thomasville is not a proper party, the one former independent distributor of Flowers/Thomasville cannot be added to this lawsuit.

(5)    In its Second Amended Complaint, Plaintiffs' proposed paragraph 23 listing Flowers Foods subsidiaries is irrelevant to their claims and, therefore, subject to dismissal under Rule 12(f), which renders Plaintiffs' Motion to add paragraph 23 futile.

## I.    PROCEDURE AND RELEVANT FACTUAL BACKGROUND

Plaintiffs Overton and Morrow, former independent contractor distributors of Flowers/Opelika, filed their Complaint on July 2, 2007, against Flowers Foods and Flowers/Opelika, seeking to maintain a "nationwide" collective action on behalf of themselves and others "similarly situated" under Section 216(b) of the Fair Labor Standards Act (FLSA).[1] Specifically, Plaintiffs seek a class of current and former independent distributors and employee route salespersons, located at all of Flowers Foods subsidiaries across the country, over an unspecified, indefinite time period, who worked over 40 hours a week without receiving overtime, and who did not "cross state lines" in the course of their deliveries. See Complaint at ¶ 45. Ct. Doc. No. 1.

Flowers Foods, headquartered in Thomasville, Georgia, is the parent holding company of 39 operating subsidiaries, including Flowers/Opelika and Flowers/Thomasville. Twenty-five of these operating subsidiaries use independent contractor distributors ("independent distributors") or employee route salespersons to deliver the products. The independent distributors or employee route salespersons are located in 20 different states and the District of Columbia. They contract with, or are employed by, a specific subsidiary of Flowers Foods, not Flowers Foods or multiple subsidiaries. They currently operate out of approximately 500 different warehouses. See Defendants' Response in Opposition to Plaintiffs' Motion to Conditionally Certify and

---

[1] While Defendants deny that Plaintiffs or the proposed plaintiffs were or are "employees," Section 216(b) nonetheless is the vehicle for Plaintiffs to bring their claims given their contention that they are or were "employees" under the FLSA.

Facilitate Class Notice ("Defendants' Class Opposition Brief"), pp. 2-3 and the affidavits cited therein and filed concurrently therewith. Ct. Doc. No. 42; and Defendants' Surreply in Opposition to Plaintiffs' Motion For Leave to Amend Complaint and the affidavit cited therein and filed therewith. Ct. Doc. No. 43.

Each Flowers Foods subsidiary, including Flowers/Opelika and Flowers/Thomasville, is organized as a separate and distinct legal entity and separate profit and loss center. Each subsidiary independently manages its own operations and makes its own decisions regarding individual, independent distributors and employees. The management of Flowers Foods has no day-to-day operational control over any of its subsidiaries and does not make any daily decisions regarding the operations of these subsidiaries. Likewise, subsidiary management does not contact other subsidiaries before or when addressing independent distributor or employee issues. Such business decisions are made solely by the respective subsidiary management. See Ct. Doc. No. 42, pp. 2-3, 6-7, and the affidavits cited therein and filed concurrently therewith; and Ct. Doc. No. 43 at p. 5 and the affidavit of Micky Miller cited therein and filed concurrently therewith.

On September 19, 2007, Plaintiffs filed their **first** Motion For Leave to File Amended Complaint seeking to add as named plaintiffs, pursuant to Rule 20(a), current and former Flowers/Opelika independent distributors James Marty Smith, Dwayne Cleveland, Michael Smith, and Mark Murphy. Ct. Doc. No. 30. (First Amended Complaint at ¶¶ 5-8, 48-72). By Order of September 20, 2007, the Court granted Plaintiffs' Motion For Leave to File Amended Complaint, but allowed Defendants seven days within which to object. Ct. Doc. No. 31. Thereafter, Defendants did so, taking the position, as here, that Section 216(b) is the statutorily required procedure that Plaintiffs must follow to join this putative collective action, not Rule

20(a) **which applies only to multi-plaintiff, individual cases, and not collective actions**. Ct. Doc. No. 34.

On September 21, 2007, Plaintiffs filed their Motion to Conditionally Certify Class and to Facilitate Class Notice and supporting Memorandum of Law pursuant to Section 216(b). Ct. Doc. No's. 32-33. Defendants' Class Opposition brief and supporting evidence was timely filed thereafter. Ct. Doc. No. 42.

On October 17, 2007, Plaintiffs filed a Reply to Defendants' objections to Plaintiff's first Motion For Leave to Amend Complaint and submitted with it a Second Amended Class Action Complaint, which sought to add former Flowers/Thomasville independent distributor Gary Chambliss as a named plaintiff and Flowers/Thomasville as a defendant. Ct. Doc. No. 41. (Second Amended Complaint at ¶¶ 9, 12, 77-83). On the same date, Plaintiffs also filed opt-in consents to join this action, pursuant to Section 216(b), on behalf of the five current or former distributors of Flowers/Opelika who they now seek to add as named plaintiffs under Rule 20(a): Doug Branch, Lew Baxter, Ricky Small, Melvin Snow, and Greg Patisaul ("Opelika Consents"). On October 18, 2007, Defendants filed a Surreply in Opposition to Plaintiffs' Motion For Leave to Amend Complaint, due to, in part, Plaintiffs' attempt to join additional parties through the procedural/inappropriate vehicle of a reply brief. Ct. Doc. No. 43.

On October 23, 2007, Plaintiffs filed a **second** Motion For Leave to File Amended Complaint, seeking to add as named plaintiffs, the Opelika Consents as noted above, pursuant to Rule 20(a), as well as Flowers/Thomasville and the aforementioned former distributor of Flowers/Thomasville (Gary Chambliss)[2] (Second Amended Complaint at ¶¶ 9-14, 82-123). Ct.

---

[2] Joinder of Gary Chambliss, who was a distributor for non-party Flowers/Thomasville in Cottondale, Florida, (*see* Plaintiff's proposed Second Amended Complaint ¶ 9) as a plaintiff in this case would be impracticable and improper. Mr. Chambliss' and the Defendants' fact witnesses (e.g., Flowers/Thomasville's current and former Florida employees, distributors and customers) will not be within subpoena range of this Court. The Cottondale,

Doc. No. 44.  Plaintiffs also seek to list Flowers' Foods' subsidiaries (Second Amended Complaint at ¶ 23).

In summary, pending before the Court are Plaintiffs' September 21, 2007, Motion to Conditionally Certify Class and two Rule 20 motions of Plaintiffs seeking to add additional named Plaintiffs and Flowers/Thomasville.  These pending motions raise a number of interrelated issues, as discussed below.


II.    **ARGUMENT AND CITATION OF AUTHORITY**

    A.    **As Plaintiffs Are Still Attempting to Pursue a Collective Action, As Opposed to a Multi-Plaintiff Action Under Rule 20, the Section 216(b) Statutory Consent Procedure is the Exclusive And Mandatory Procedure That Must Be Followed For Plaintiffs to Join the Action**

Plaintiffs filed this action under 29 U.S.C. 216(b) seeking to pursue a collective action on behalf of themselves and those similarly situated.  Currently pending before the Court is Plaintiffs' Motion to Conditionally Certify and Facilitate Class Notice.

    Section 216(b) provides:

> An action to recover the liability … may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  **No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought**.

29 U.S.C. § 216 (b)(emphasis added).  The case law, like the literal language of the statute itself, requires both named plaintiffs and those that seek to opt in to submit a written consent to join the collective action, and this requirement is not satisfied by the filing of the complaint itself.

---

Florida, warehouse is located approximately 145 miles from Opelika, where this case is pending.  Ultimately, Chambliss' joinder would have the unfair and unworkable result of the Defendants being forced to present the bulk of its case as to Chambliss through a minitrial-by-deposition.

*Harkins v. Riverboat Svcs., Inc.*, 385 F.3d 1099 (7th Cir. 2004) 1099, 1101; *Gonzalez v. El Acajutla Restaurant, Inc.*, 2007 U.S. Dist. LEXIS 19690, at **14-15 (E.D.N.Y. March 20, 2007); *Tate v. Showboat Marina Casino Partnership*, 2002 U.S. Dist. LEXIS 21143, at *9 (N.D. Ill. October 30, 2002).  The *Harkins* decision is particularly instructive in this regard:

> **The statute is unambiguous: if you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party.  It makes no difference that you are named in the complaint, for you might have been named without your consent.**  The rule requiring written, filed consent is important because a party is bound by whatever judgment is eventually entered in the case, and if he is distrustful of the capacity of the "class" counsel to win a judgment he won't consent to join the suit.  We are inclined to interpret the statute literally.  No appellate decision does otherwise.

*Harkins*, 385 F.3d at 1101 (emphasis added).

By contrast, Rule 20 (a) applies **only** to multi-plaintiff individual actions, **not** collective actions.  *Allen v. Atlantic Richfield Co.*, 724 F.2d 1131, 1134-35 (5th Cir. 1984); *Morelock v. NCR Corp.*, 586 F.2d 1096, 1103 (6th Cir. 1978); *Gray v. Swanney-McDonald, Inc.*, 436 F.2d 652, 655 (9th Cir. 1971); *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 1129, 1133 (D. Nev. 1999) ("By contradistinction, a suit which consists of a number of individual actions joined under Rule 20(a) of the Federal Rules of Civil Procedure is not a "collective action," and plaintiffs need not file a consent to suit in order to commence the action.").

In short, given the unambiguous statutory language of Section 216(b), Plaintiffs cannot have it both ways.  If they want to continue to assert a putative collective action, they must follow the statutory opt-in procedure and file proper consents.  If they want to pursue this action as a multi-plaintiff, individual case only, and not a collective action, they must withdraw their Motion to Conditionally Certify and Facilitate Class Notice and then their Rule 20 Motion would

properly be before the Court. Otherwise, their pending Rule 20 motions to add additional plaintiffs should be denied.[3]

> **B.** **Assuming, A*rguendo,* Plaintiffs File Proper Consent Forms Pursuant to §216(b), for the Reasons Set Forth in Defendants' Class Opposition Brief, Plaintiffs Are Not "Similarly Situated" and Therefore, *a fortiori*, They Should Not be Joined Pursuant to Rule 20 in a Multi-Plaintiff Action.**

As set forth in Defendants' Class Opposition Brief, in order to obtain conditional certification of a class under §216(b), Plaintiffs must establish that there are others who desire to opt in and who are "similarly situated" to the named plaintiffs. Ct. Doc. No. 42, pp. 17-22. In contrast, Rule 20(a) provides relative to joinder of plaintiffs: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." In *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1095, the Eleventh Circuit compared the Section 216(b) and Rule 20(a) requirements and concluded: "Essentially we hold that the 'similarly situated' requirement of §216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) . . . ."

For the reasons detailed in Defendants' Class Opposition Brief, Plaintiffs cannot, as a matter of law, establish that they meet the "similarly situated" standard. Ct. Doc. No. 42, pp. 23-

---

[3] As noted in Defendants' Surreply in Opposition to Plaintiffs' Motion for Leave to Amend Complaint, the principal case Plaintiffs rely upon in support of their Rule 20 motion, *Shiver v. Metro. Atlanta Rapid Transit Auth.*, No. C85-4519, 1986 WL 15379 (N.D. Ga. Sept. 9, 1986), allowed a Rule 20 amendment to add plaintiffs **only after** making a finding of "similarly situated" and that the plaintiffs also satisfied Rule 20's joinder requirements. Defendants submit that a Rule 20 amendment to add plaintiffs even after a finding of "similarly situated" is wrong based on the authorities discussed above. In fact, the authority cited by the *Shiver* court for the amendment was **not** a collective action.

44.  Clearly, *a fortiori*, Plaintiffs cannot meet the Rule 20(a) joinder requirement in any multi-plaintiff, individual action either.[4]

      **C.**      **Flowers/Thomasville is Not a Proper Party Under Rule 20(a) Based on the Uncontradicted Evidence Before the Court That Each Flowers Foods' Subsidiary Independently Manages its Own Operations and Makes its Own Decisions Regarding its Independent Distributors and Employees.**

Even assuming, *arguendo*, some conditional class encompassing former Flowers/Thomasville distributor Gary Chambliss, is certified, the Rule 20(a) requirements must be independently met to join Flowers/Thomasville in this action.  *See*, *e.g.*, *Turpeau v. Fidelity Financial Services, Inc.*, 936 F.Supp. 975, 978 (N.D. Ga. 1996) (holding that even if a plaintiff class existed under *Rule 23*, the independent *Rule 20(a)* permissive joinder requirement for the different defendants was not met).

Although Plaintiffs' Second Amended Complaint defines "Flowers" as including Flowers Foods, Flowers/Opelika, and Flowers/Thomasville, and then alleges in conclusory fashion that "Flowers" acted with regard to each plaintiff, no evidence has been presented by Plaintiffs to support these allegations or engage Defendants' evidence that each subsidiary was responsible for its own distributor relations.[5]  *See* Ct. Doc. No. 42, pp. 2-3, 6-7, and the affidavits cited therein and filed concurrently therewith; and Ct. Doc. No. 43, p. 5, and the affidavit cited therein and filed concurrently therewith.  There is no evidence before the Court that Flowers Foods took any action with regard to any current or proposed plaintiff, nor is there any evidence before the Court that either Flowers/Opelika or Flowers/Thomasville acted with regard to the other

---

[4] Should the Court rule that Plaintiffs are "not similarly situated," former Thomasville distributor, Gary Chambliss, would be unable to opt-in to the lawsuit.  As such, there would be no basis to join Flowers/Thomasville as a defendant because no plaintiff would have a cause of action against it.  Assertion of a "right to relief" against a defendant is a prerequisite to joinder under Rule 20(a) by its terms.

[5] Indeed, Plaintiffs' Motion For Leave to File Second Amended Complaint at ¶ 5 admits that Chambliss "contracted with Flowers Baking Company of Thomasville, LLC."

subsidiaries' current or former independent distributors. Thus, there is literally no evidence before the Court to support joinder of Flowers/Thomasville under Rule 20(a).

Since it is incumbent upon Plaintiffs under the "more elastic and less stringent" Section 216(b) "similarly situated" requirement to engage Defendants' evidence with responsive affidavits, *Grayson,* 79 F.3d at 1097, under the heightened requirements of Rule 20(a), it is incumbent upon plaintiffs to provide such evidence as well. Having failed to do so, their Motion to amend the complaint to add Flowers/Thomasville as a defendant should be denied.[6]

**D.    Plaintiffs' Motion For Leave to File Second Amended Complaint to Add Paragraph 23 Listing Flowers Foods' Subsidiaries Should be Denied Under Rule 15(a) Since it is Immaterial to Plaintiffs' Claims.**

Although Rule 15(a) provides that after a responsive pleading is served, a party may amend its pleading only by leave of court, which "shall be freely given when justice so requires," it is appropriate to deny that motion for reasons such as "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Paragraph 23 of Plaintiffs' Second Amended Complaint merely lists Flowers Foods subsidiaries, which are immaterial to Plaintiffs' claims and, therefore, subject to a motion to strike pursuant to Rule 12(f): "the court may order stricken from any pleading any. . .immaterial [or] impertinent. . .matter." As such, Plaintiffs' Motion For Leave to Amend the Complaint to add paragraph 23 is futile and, therefore, should be denied. *DeSalle v. Wright*, 969 F.2d 273, 277-78 (7th Cir. 1992).

## CONCLUSION

For the reasons discussed above, Defendants respectfully request that Plaintiffs' Rule 20 Motion be dismissed in its entirety.

---

[6] As such, if Flowers/Thomasville is not a proper party, Gary Chambliss cannot be added to this lawsuit.

Respectfully submitted this 5th day of November, 2007.

/s/Sandra B.Reiss
Sandra B. Reiss (ASB-3650-S80S)
Christopher W. Deering (ASB-5555-I71C)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail: Sandra.Reiss@odnss.com
E-mail: Chris.Deering@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

and

Kevin P. Hishta
Georgia Bar No. 357410 (*PHV Admission*)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA   30308
E-mail:  Kevin.Hishta@ogletreedeakins.com
Ph.  (404) 881-1300
Fax (404) 870-1732

Counsel for Defendants, Flowers Foods, Inc. and Flowers
Baking Company of Opelika, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of November, 2007, I electronically filed the foregoing Defendant Flowers Foods, Inc. and Defendant Flowers Baking Company of Opelika LLC's Brief in Opposition to Plaintiffs' Motion For Leave to File Second Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Greg L. Davis, Esq.
The Law Offices of Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL  36117

Joe R. Whatley, Jr., Esq.
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203

Joseph P. Guglielmo, Esq.
Whatley Drake & Kallas, LLC
1504 Broadway, 37th Floor
New York, New York  10036

Amy Lynne Weaver
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203

I hereby certify that a true and correct copy will be sent by First Class, U.S. Mail on this 5th day of November, 2007 to the following counsel who is not registered for efiling:

E. Kirk Wood, Esq.
Law Offices of Archie Lamb
2017 2nd Avenue North
Birmingham, Alabama 35201

/s/ Sandra B. Reiss
Sandra B. Reiss