IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CHARLES MORROW, MICHAEL OVERTON, JAMES MARTY SMITH, DWAYNE CLEVELAND, MICHAEL SMITH, MARK MURPHY, DOUG BRANCH, LEW BAXTER, RICKY SMALL, MELVIN SNOW, GREG PATISAUL and GARY CHAMBLISS, Individually and on behalf of similarly situated employees, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO.: ) 3:07-CV-617-MHT |
| v. | ) ) |
| FLOWERS FOODS, INC., FLOWERS BAKING CO., OF OPELIKA, LLC, and FLOWERS BAKING CO. OF THOMASVILLE, LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION TO FILE SECOND AMENDED COMPLAINT

COME NOW Plaintiffs, by and through their undersigned counsel, and respectfully submit the following Brief in Support of Plaintiffs' Motion to file a Second Amended Complaint in accordance with this Court's Order of October 24, 2007.

I.   FACTUAL BACKGROUND

Plaintiffs Charles Morrow and Michael Overton filed a complaint against Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC on July 2, 2007, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). On September 19, 2007, Plaintiffs Morrow and Overton filed a Motion to Amend the Complaint, adding the following Plaintiffs James Marty Smith, Michael Smith, Mark Murphy, and Dwayne

Cleveland pursuant to Rule 20(a) of the Federal Rules of Civil Procedure. No other changes to the original complaint were made.

On September 20, 2007, this Court granted Plaintiff's Motion for Leave to Amend Complaint. Defendants filed their Response in Opposition to Plaintiff's Motion to Leave to Amend Complaint on September 24, 2007. On October 17, 2007, Plaintiffs filed a Reply to Defendants' Opposition to the Motion to Amend the Complaint. On that same date, Plaintiffs also filed a Notice of Consent to Join, which added the following potential plaintiffs: Greg Patisaul, Melvin Snow, Ricky Small, Lew Baxter, and Doug Branch.

On October 18, 2007, Plaintiffs were contacted by the Clerk of the Court and asked to file a motion to amend these additional plaintiffs as parties to the action.

On October 23, 2007, Plaintiffs filed a Second Motion to Amend the Complaint, which added these additional plaintiffs, along with plaintiff Gary Chambliss, and defendant, Flowers Baking Co of Thomasville, LLC, a wholly-owned subsidiary of Defendant Flowers Foods, Inc., that contracted with plaintiff Chambliss. (Second Amended Compl. ¶ 17, Court Doc. 44-2).

An additional paragraph was added to the proposed Second Amended Complaint identifying from public filings all of Defendant Flowers Foods' wholly-owned subsidiaries that employ route distributors. (Second Amended Compl. ¶23, D. E. No. 44-2). No other changes have been made to the proposed Second Amended Complaint.

## II.    ARGUMENT

**A. Because of the permissive rules of joinder, Plaintiffs are free to amend the complaint at this point until the action is certified as a collective action.**

2

Fed. R. Civ. P. 15 governing the amendment of pleadings requires that the court's leave to amend shall be freely give when justice so requires. Fed. R. Civ. P. 15. Leave to amend shall be granted in the absence of undue delay, bad faith, or dilatory motive on the part of the movant or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendants, in their Opposition to Motion to Amend, incorrectly state that joinder of parties is not permissible or the appropriate method to adding parties in an FLSA action. *See D's Opp to Mot to Amend* at 2-5. Joinder is an acceptable method of adding additional parties to an FLSA action. *Shiver v. Metropolitan Atlanta Rapid Transit Authority*, Not Reported in F.Supp., 1986 WL 15379 (N.D.Ga. Sept. 9, 1986) ("As a preliminary matter, the court notes that an amendment is an appropriate method for adding similarly situated employees in an FLSA suit.") In *Shiver*, the two original named plaintiffs sought to amend their complaint to add nearly 1,000 additional plaintiffs, which the court allowed because plaintiffs did not seek to add a "substantially new and different legal claim" nor did they seek to do so "on the eve of trial." 1986 WL 15379 at *6 (where the amendment was sought after suit was filed nine months prior and had only focused thus far on questions of notice and amendment).

The requirement for permissive joinder is that it arises from the same transaction or occurrence and involves common questions of law or fact. Fed. R. Civ. P. 20. *See also Shiver*, 1986 WL 15379 at *6-7 (where the court held that plaintiffs had met the requirements of permissive joinder because the additional employees' overtime claims involved similar claims for report time, travel time, court time, mark-up time, administrative duties, training and probation and dispatch work, and even though the employees held different jobs, their claims involved the common legal question of

MARTA's liability for the above work.)  In this case, the plaintiffs sought to be added hold the same job as the original plaintiffs.  The proposed plaintiffs and the original plaintiffs are all route distributors hired by Defendants.  See Proposed Amended Compl. ¶¶ 35, 42, 49, 56, 62, and 67.  In addition, the proposed plaintiffs allege the same basic facts and raise the same questions of law regarding Defendants' liability under the FLSA.  Thus, the requirements of permissive joinder have been met and the proposed Motion for Leave to Amend Complaint should be granted.

Indeed, Plaintiffs should be allowed permissive joinder because of the possibility of potential plaintiffs from other Flowers' subsidiaries that have been subjected to the same practices as alleged in the Complaint.  In fact, attached to the Motion (previously filed as D.E. No. 44) as Exhibit 1 is a proposed second amended complaint, which adds one plaintiff, Gary Chambliss, and Flowers Baking Co. of Thomasville, LLC. as a Defendant in this action.  The Second Amended Complaint alleges that Flowers Baking Co. of Thomasville, LLC, is a wholly-owned subsidiary of Flowers Foods, Inc., with whom Chambliss entered into an agreement as a route distributor.  The Second Amended Complaint also alleges that Flowers Foods and its subsidiaries, including Flowers Baking Co. of Opelika and Flowers Baking Co. of Thomasville have engaged in certain policies and processes in the treatment of all route distributors and that such treatment violates the FLSA.  (*See*, Proposed Second Amended Compl. ¶¶19-42, D.E. No. 44-2).  An additional paragraph was also added naming the current subsidiaries of Flowers Foods.  (*Id.* ¶23).

We respectfully request that this Court consider this amendment to the complaint at this time.

    **B. Defendants will not be prejudiced by permissive joinder at this stage of the litigation.**

As shown above, joinder of parties by amending complaint is clearly allowable in an FLSA action. *See Shiver v. Metropolitan Atlanta Rapid Transit Authority*, Not Reported in F.Supp., 1986 WL 15379 (N.D. Ga. Sept. 9, 1986). Although Defendants claim they will be severely prejudiced by the amendment of the complaint to include additional plaintiffs, they present no compelling arguments evidencing any prejudice. *See Defs. Opp. To Motion to Amend* at 7, D.E. No. 34. At this stage of litigation, given that discovery has not commenced and the time to add parties has not expired[1], Defendants will not be prejudiced by the addition of plaintiffs. *See Harris v. Johns*, Slip Copy, 2007 WL 2310784 (M.D. Fla. August 8, 2007). In *Harris*, the court held the addition of plaintiffs in an FLSA action was allowable where the amended complaint was almost identical to the original complaint except for the addition of the new plaintiffs and one new claim. *Id.* at * 2-3. In addition, the court held the amendment was not unfairly prejudicial to defendant, because the claims arose out of the same transaction or occurrence in that the proposed plaintiffs' substantive claims and time period involved were identical, the defendants had adequate notice that they potential violated the rights of a putative class by virtue of it being a collective action, and the litigation was still in the discovery phase, which would not close for another 4 months giving defendants adequate time to conduct discovery. *Id.* at *3.

Following the reasoning set forth above, and given the state of the proceedings this Court has even more reason to grant this Motion for Leave to Amend, as Defendants has yet to even serve any discovery and therefore have adequate time to conduct

---

[1] Indeed, although Plaintiffs have sought discovery, including a 30(b)(6) deposition of Flowers Foods Inc. concerning its involvement and control of over its subsidiaries' route distributors, Defendants have refused to produce this discovery and have moved for a protective order on this issue. See D.E. No. 47.

discovery which does not close until June 20, 2008. See Uniform Scheduling Order, D. E. No. 28. Additionally, the amended complaint submitted by the plaintiffs is identical to the original complaint except for the addition of new plaintiffs. There are no additional substantive claims. The new plaintiffs make the same claims for overtime based on the same conduct by the Defendants as did the original plaintiffs in the original complaint. Given that the action was filed as a collective action, the Defendants should know that they would be called upon to defend against claims asserted by the newly-added plaintiffs.

### C. Defendant, Flowers Baking Co of Thomasville, LLC, will not be prejudiced by its addition to this action.

Flowers Baking Co of Thomasville, LLC, is a proper defendant to this complaint and will not be prejudiced by its addition. As stated above, the court's leave to amend should be freely given according to Federal Rule of Civil Procedure 15. The requirement for permissive joinder is merely that it arise from the same transaction or occurrence and involve common questions of law or fact. In this case, Plaintiffs are seeking to add Flowers Baking Co of Thomasville, LLC, as a defendant because it has engaged in the same transactions as Defendant Flowers Baking Co of Opelika and in conjunction with the other Defendant Flowers Foods, Inc. As further proof of this fact, Plaintiffs Gary Chambliss, who was contracted with Flowers Foods of Thomasville, has likewise been denied any payment for work over forty hours and specifically alleges the same facts as the plaintiffs who were hired by Defendant Flowers Baking Co of Opelika, LLC. This is because the plaintiffs of both Flowers Baking Co of Thomasville and Flowers Baking Co

of Opelika are similarly situated given that the Defendants use the same policies and practices that were originally created by Defendant Flowers Foods, Inc.

Defendants, in their Surreply in Opposition to Plaintiffs' Motion for Leave to Amend, argue that Flowers Baking Co of Thomasville is not a proper Defendant because Plaintiffs have not plead that Flowers Baking Co of Thomasville is a joint employer. (See Surreply, pp. 4-5, D.E. No. 43). In fact, Defendant concedes that a joint employer argument would properly allow for Flowers Baking Co of Thomasville, LLC, as a Defendant to this action. (*See*, Surreply p. 5, D.E. No. 43). Plaintiffs have sufficiently alleged a joint employer relationship and therefore, Flowers Baking Co of Thomasville, LLC, is a proper party to this action.[2] Additionally, Plaintiffs Gary Chambliss has alleged the same set of facts against Flowers Baking Co of Thomasville as the other plaintiffs have against Flowers Baking Co of Opelika, which satisfies the same transaction or occurrence requirement. *See Shiver*, 1986 WL 15379 at *6-7 (where the Plaintiffs claims involved the common legal question of MARTA's liability for the above work). Flowers Baking Co of Thomasville, LLC fulfills this requirement of permissive joinder.

For the reasons set forth herein, Plaintiffs Charles Morrow and Michael Overton respectfully request that this Honorable Court continue to grant Plaintiff's Motion for Leave to Amend Complaint.

Respectfully submitted this 5th day of November, 2007.

---

[2] Defendants have taken this opportunity in their Surreply to reiterate their "joint employer" argument which was properly before the Court during Defendant Flowers Foods' Motion for Judgment on the Pleadings. The Court denied their Motion (D.E. No. 25). Defendants are attempting to re-raise this issue here, which is improper and has already been decided by the Court.

7

       /s/ Amy A Weaver
       Amy A. Weaver, ASB-6878-Y82A

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York, 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on this the 5th day of November, I electronically filed the foregoing Brief in Support of Plaintiffs' Second Motion for Leave to Amend Complaint using the CM/ECF system which will send notification of such filing to:

Sandra B. Reiss

Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com

Kevin P. Hishta
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com

                                                                                  /s/Amy A Weaver
                                                          Amy A Weaver, ASB-6878-Y82A