IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES MORROW and MICHAEL OVERTON, Individually and on behalf of similarly situated employees, )<br>)<br>)<br>) | |
| Plaintiffs, ) | CIVIL ACTION NO: 3:07-CV-617-MHT |
| )<br>v. )<br>) | |
| FLOWERS FOODS, INC., FLOWERS BAKING CO. OF OPELIKA, LLC, )<br>)<br>) | |
| Defendants. ) | |

**DEFENDANT FLOWERS FOODS, INC.'S AND DEFENDANT FLOWERS BAKING COMPANY OF OPELIKA, LLC'S NOTICE OF OBJECTIONS REGARDING PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION AND EVIDENCE SUBMITTED THEREWITH**

COME NOW Defendant Flowers Foods, Inc. ("Flowers Foods") and Defendant Flowers Baking Company of Opelika, LLC ("Flowers/Opelika"), by and through their undersigned counsel, and submit the following Notice of Objections Regarding Plaintiffs' Reply Brief in Support of their Motion for Class Certification and evidence submitted therewith.

**1. Defendants Object to the Submission of a Reply Brief Without the Court's Express Permission**

On September 25, 2007, this Court filed an Order stating, "ORDERED that MOTION to Conditionally Certify and Facilitate Class Notice is set for submission, without oral argument, on October 17, 2007, **with all briefs due by said date.**" (emphasis added). As such, Plaintiffs' Reply brief filed on November 8, 2007, without permission of the Court, is inadmissible, and is prejudicial to Defendants as they are not permitted to respond to the allegations and misstatements cited therein.

## 2. Defendants Object to the New Evidence Submitted With Plaintiffs' Reply Brief

Given the Court's Order noted above, and the fact that Plaintiffs never requested permission to file a Reply brief, Plaintiffs certainly should not be allowed to present additional, new evidence with the Reply brief. Plaintiffs were well aware of their deadline for filing their Motion for Conditional Certification and, were well aware that all evidentiary submissions were to be filed by the October 17, 2007, deadline. Similar to Motions for Summary Judgment, parties cannot later submit evidence beyond Court ordered deadlines that they had in their possession at the time of the original submission deadline. Specifically, in this instance, Plaintiffs "fixed" the previously inadmissible affidavits of Plaintiffs Overton and Morrow and added additional content to the affidavits, while also submitting a new affidavit from Gary Chambliss. Plaintiffs also submitted deposition excerpts from depositions taken months ago in the case of *Porterfield v. Flowers Baking of Opelika LLC,* which ironically, alleges breach of contract and conversion regarding an independent contractor or distributor out of the Montgomery warehouse. As noted in Defendant's class opposition brief, (p. 15), Porterfield is represented by one of the law firms representing plaintiffs in this case (Greg Davis). Seemingly, the pursuant of such divergent claims premised on independent contractor status, would appear to be a tactic admission that the plaintiffs, and the class they seek to represent, are not similarly situated.

This disregard for the Court's Order is similar to the Plaintiffs' previous attempt to amend their Complaint by attaching a Second Amended Complaint to a Reply Brief in Support of their Motion to Amend the Complaint. Ct. Doc. 41. This Court did not allow Plaintiffs to amend their Complaint through this unorthodox method and should not allow Plaintiffs to submit additional, new evidence weeks after the deadline for Conditional Certification.

> 3. **The Revised Affidavits of Overton, Morrow and the New Affidavit of Chambliss Are Inadmissible and Should Not Be Considered for Purposes of Conditional Certification**

The newly revised and submitted Affidavits of Charles Morrow, Michael Overton and Gary Chambliss should not be considered for purposes of Conditional Certification because they contain statements that are inadmissible under the Federal Rules of Evidence. Inadmissible evidence includes hearsay statements, mere opinion testimony, bald conclusions and speculative allegations. *Macuba v. Deboer*, 193 F.2d 1316, 1322-25 (11th Cir. 1999); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985). Likewise, an Affiant's statement concerning his or her own subjective beliefs is also inadmissible. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir. 1995). Similarly, speculative allegations regarding another's motives and activities will not create a genuine issue of material fact under Fed.R.Civ.P. 56. *Wadsworth v. Nalso Chem. Co.,* 523 F. Supp. 997, 1000 (N.D. Ala. 1981), *aff'd.* 679 F.2d 251 (11th Cir. 1982).

Because the Affidavits of all three individuals are virtually identical (except for the fact that Chambliss' Affidavit does not have a paragraph 19) Defendants will cite to objectionable statements from Overton's affidavit only for the sake of brevity.

> *<u>Overton ¶4 (Morrow ¶4, Chambliss ¶4)</u> "It is my understanding that other route drivers who delivered bread for Flowers had to sign the same contract."*

This statement should be stricken as it is speculative on its face, in using the words "it is my understanding." Moreover, Overton gives no basis for personal knowledge that Flowers/Opelika or Flowers/Thomasville or any other Flowers' subsidiary used the same contracts and it is highly unlikely since all independent route distributors have different territories, customers and terms and conditions regarding purchase of their territories. As such, this statement should be stricken from all three affidavits as pure speculation and is conclusory,

as it is based on opinion and assumption. *Macuba v. Deboer*, 193 F.2d 1316, 1322-25 (11th Cir. 1999); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir. 1995).

> ***Overton ¶6 (Morrow ¶6, Chambliss ¶ 6)*** *I know that other route drivers had to perform the same tasks and job functions that I was required to perform, including picking up and delivering bread and other bakery products, removing stales and delivering stales to the warehouse or thrift stores.*

Again, this statement is inadmissible for a variety of reasons. None of the affidavits provides any avenue of personal knowledge regarding the duties and activities performed by other independent route distributors, especially those working with other subsidiaries in other states. Each independent route distributor had his own territory and different customers that required differing duties and responsibilities and tasks and none of the affidavits provide any statements which provide evidence that the affiants worked a route with another driver or even spoke with another driver about his or her duties. Further, Plaintiffs rely on their subjective beliefs regarding the actions of other route distributors. As such, this statement is based on pure speculation and assumption and is therefore, inadmissible.

> ***Overton ¶7, (Morrow ¶7, Chambliss ¶7)*** *". . . It was my understanding that other route distributors were also required to lease a handheld computer from Flowers and that we were required to use the handheld computer to track for and register each delivery, the order of the deliveries. . ."*

Once again, the affidavits "assume" how independent route drivers handled their routes and differing customers without giving any basis for this "personal" knowledge. None of the affidavits state that the affiant saw or was told that other independent route drivers used handheld computers, must less leased the computer. These types of assumptive and conclusory statements are the very types of testimony that are not allowed to prove a fact of evidence.

> ***Overton ¶ 9 (Morrow ¶9, Chambliss ¶ 9)** "I know that Flowers Foods Inc. was involved in creating the policies that governed my employment as a route distributor (Overton's ¶ 9 continues) because I received documents from Flowers Foods, I spoke with employees from Flowers Foods, and management from Flowers Baking Co. of Opelika informed that Flowers Food was involved in the operations."*

Again, these statements are conclusory in nature and do not provide any specifics with regard to names of any Flowers Foods or Flowers/Opelika personnel, nor does it identify any documents that relate to the bald statement that Flowers Foods was involved in creating "policies" that governed independent route drivers. In fact, it is not even clear what documents the affiant Morrow (only) received from Flowers Foods, much less whether they were "policies that governed" his employment. These types of specious and vague conclusory statements are inadmissible as evidence that Flowers Foods was involved in the operations of the independent distributors.

> ***Overton ¶15 (Morrow ¶15, Chambliss ¶15)** "I know that Flowers did not pay route distributors in other areas for hours that they worked in excess of forty (40).*

Here, affiants do not state how or what they know about other independent route distributors, or how they are paid and do not identify what "other [geographic] areas" they are testifying about. This type of vague and unspecific information proves nothing other than a conclusory assumption, which is inadmissible.

> ***Overton ¶17 (Morrow ¶ 17, Chambliss ¶ 17)** "I believe that several of the route distributors, both past and present, would join this suit but do not fully understand That (sic) Flowers' practices violated their rights guaranteed by the government or that they may be afraid to join the suit because they fear retaliation by Flowers. . . I understand that some of the statements from the lawyers for Flowers were confusing and that they did not disclose or identify what the nature of my complaint was about or that they could join this suit if they so chose. I believe that these route distributors are in the same or similar position as me, and I believe most are or would be interested in joining this suit if the Court authorized notice.*

5

The affiants' speculation, regarding the feelings or thoughts of other route distributors, which is not based on any communication or specific facts, is not admissible evidence and is the very sort of conclusory and assumptive statement that the Courts sought to eradicate through the Rules of Evidence. Further, affiants' speculation as to any attorney interviews with other route distributors, for which they were not present, is pure guesswork at worst, and hearsay, at best. Finally, affiants' belief as to other unnamed, unidentified route distributors motivations or feelings about the lawsuit is also inadmissible. *Wadsworth v. Nalso Chem. Co.,* 523 F. Supp. 997, 1000 (N.D. Ala. 1981), *aff'd.* 679 F.2d 251 (11th Cir. 1982).

WHEREFORE, Premises Considered, Defendants respectfully request that this Court GRANT their objections to the Reply brief submitted out of time and without permission, the evidence submitted out-of-time and without permission and strike the inadmissible portions of Morrow, Overton and Chambliss affidavits as inadmissible.

Respectfully submitted this 13th day of November, 2007.

/s/Sandra B. Reiss
Sandra B. Reiss (ASB-3650-S80S)
Christopher W. Deering (ASB-5555-I71C)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail: Sandra.Reiss@odnss.com
E-mail: Chris.Deering@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

And

Kevin P. Hishta
Georgia Bar No. 357410 (*PHV Admission*)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA   30308
E-mail:  Kevin.Hishta@ogletreedeakins.com
Ph.  (404) 881-1300
Fax (404) 870-1732

Counsel for Defendants, Flowers Foods, Inc. and Flowers Baking Company of Opelika, LLC

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 13th day of November, 2007, I electronically filed the foregoing Defendant Flowers Foods, Inc. and Defendant Flowers Baking Company of Opelika LLC's Notice of Objections Regarding Plaintiffs' Reply Brief with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Greg L. Davis, Esq.
The Law Offices of Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL 36117

Joe R. Whatley, Jr., Esq.
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama 35203

Joseph P. Guglielmo, Esq.
Whatley Drake & Kallas, LLC
1504 Broadway, 37th Floor
New York, New York 10036

Amy Lynne Weaver
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama 35203

      I hereby certify that a true and correct copy will be sent by First Class, U.S. Mail on this 13th day of November, 2007 to the following counsel who is not registered for efiling:

E. Kirk Wood, Esq.
Law Offices of Archie Lamb
2017 2nd Avenue North
Birmingham, Alabama 35201

                                                          /s/ Sandra B. Reiss
                                                          Sandra B. Reiss