**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| CHARLES MORROW, MICHAEL OVERTON, JAMES MARTY SMITH, DWAYNE CLEVELAND, MICHAEL SMITH, MARK MURPHY, DOUG BRANCH, LEW BAXTER, RICKY SMALL, MELVIN SNOW, GREG PATISAUL and GARY CHAMBLISS, Individually and on behalf of similarly situated employees, | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO.: ) 3:07-CV-617-MHT |
| v. | ) ) |
| FLOWERS FOODS, INC., FLOWERS BAKING CO., OF OPELIKA, LLC, and FLOWERS BAKING CO. OF THOMASVILLE, LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Plaintiffs respectfully submit this Memorandum of Law in Opposition to

Defendants' Motion for Protective Order.  For the reasons set forth below, Defendants'

Motion should be denied, Plaintiffs' 30(b)(6) deposition should be allowed to proceed,

and Defendants should be Ordered to produce the documents sought by Requests 1

through 11 five (5) days prior to the deposition.

**I.    INTRODUCTION**

Defendants' Motion is an effort to avoid proper discovery concerning Flowers

Foods' establishment and participation in policies and practices that violated the Fair

Labor Standards Act. Indeed, the Court has already decided many of the issues which Defendants raise in their Brief in Support of a Motion for Protective Order, D.E. No. 48.[1]

Despite the fact that the production of information as to Flowers Foods' policies and procedures and involvement with its subsidiaries would behoove all parties later by making the case proceed in a streamlined, efficient, and cost effective manner, Defendants seek to prevent Plaintiffs from obtaining any information, as to Flowers Foods' involvement with any subsidiary other than that of Flowers Baking Co of Opelika, LLC. Defendants object to the discovery plaintiffs seek claiming it is premature because of the pending motion for class certification, and that discovery, until the pending motion is ruled on, is limited to an individual, multi-plaintiff action. Additionally, they object to the discovery of Flowers Foods' establishment of the very same practices complained of by Plaintiffs with its other subsidiaries. Neither of these arguments provides justification for denying Plaintiffs the foundational discovery they seek at this time.

Contrary to Defendants' arguments, the information Plaintiffs seek to understand via a 30(b)(6) deposition is necessary and relevant to proving their case. Plaintiffs seek a 30(b)(6) deposition, and have served limited document requests, designed ultimately to elicit information about the manner in which Defendant Flowers Foods, Inc., created the business model of the independent contractor route distributor, which Defendants Flowers Baking Co. of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC, and

---

[1] Defendants, in their brief, argue once again that Defendant Flowers Foods, Inc., is not proper party to this action and that Plaintiff's Motion to join parties under Rule 20(a) is improper. The parties fully briefed the issue of whether Flowers Foods was a proper party, with Defendants arguing it was not an employer of the Plaintiffs under the FLSA. The Court denied Defendant's Motion for Judgment on the Pleadings with respect to Flowers Foods, Inc. See D.E. No. 25. The parties also briefed the issue of joining parties under Rule 20(a), and the motion to amend was subsequently granted by the Court. See D. E. No. 52. While Defendants did not have the benefit of the Court's ruling at the time this brief was written, the issue had been fully briefed and was pending with the Court. Plaintiffs do not believe the Motion for Protective Order is a proper vehicle for raising these issues again.

their other subsidiaries used when contracting route distributors. Additionally, Plaintiffs

seek information necessary to determine whether Defendant Flowers Foods, Inc., is

properly considered a joint employer with its subsidiaries. Accordingly, Plaintiffs need

to obtain, as soon as possible, preliminary information about Flowers Foods' policies and

practices for this action to proceed in an efficient and cost-effective manner.

## II.    PROCEDURAL HISTORY AND FACTS

Plaintiffs Overton and Morrow, former route distributors of Flowers Baking Co of

Opelika, LLC, filed their Complaint on July 2, 2007, against Flowers Foods, Inc., and

Flowers Baking Co of Opelika, LLC, under 29 U.S.C. §216(b), seeking to maintain a

collective action on behalf of "all current and former route distributors, or other persons

performing a service and/or delivery function on a non-hourly basis, who worked

overtime while employed at Flowers Foods' subsidiaries, and were not compensated for

such overtime work at an amount equaling one and one-half times the employee's regular

rate of pay," but that did not include "persons who, as part of their duties, crossed state

lines to make deliveries." (*See,* Second Amended Compl. ¶124., D.E. No. 54). The

gravaman of this case is that Defendant Flowers Foods, Inc., acted as a joint employer

with its wholly-owned subsidiaries in creating and implementing the independent

contractor route distributors position and thereby depriving individuals of their right to an

overtime premium. The clearest way to prove this is through obtaining discovery on the

issue from Flowers Foods, the parent company.

On August 15, 2007, a Rule 26(f) conference was held between the parties, and a

Rule 26(f) Report was jointly submitted by the parties on August 17, 2007. (*See*, D.E.

No. 16). In the report, the parties disagreed as to the scope of permissible discovery before the Court's decision on conditional certification.[2]

On September 5, 2007, Plaintiffs served a 30(b)(6) deposition notice. Defendants, via letter dated September 11, 2007, voiced their objections to the Deposition Notice and again voiced their objections during the scheduling conference held by the Court on September 12, 2007 previously attached as Exhibit 3, D.E. No. 48. On September 14, 2007, Defendants sent a proposal asking Plaintiffs to put class discovery on hold until such time as the Court rendered a decision on the scope of class discovery, if any. (Attached hereto as Exhibit 1). On September 17, 2007, Plaintiffs responded to Defendants' letter objecting to Defendants' interpretation that the Court had stayed all discovery except for discovery pertaining to Plaintiffs Morrow and Overton. Plaintiffs' letter is attached hereto as Exhibit 2. Plaintiffs' letter then requested a meet and confer on these discovery issues.

Plaintiffs' counsel and Defendant's counsel held a telephone meet and confer on October 3, 2007, discussing specifically the scope of the 30(b)(6) deposition notice. Plaintiffs sent Defendants a letter on October 9, 2007, detailing the telephone discussion held the prior week, which showed that Defendants took the position that the scope of discovery should not include information concerning other potential independent distributors other than the six named Plaintiffs nor should it include information relating to any other subsidiaries than the named Defendant. Plaintiff's letter is attached as Exhibit 3. Plaintiffs disagreed that the scope of discovery should be so narrowly

---

[2] It should be noted that Defendants argue that certification should be denied, or at a minimum limited to route distributors who worked at certain Flowers Baking Co of Opelika warehouses because of the evidence produced. However, Flowers should not be allowed to argue against certification while refusing discovery on the very issues Plaintiffs contend would support certification.

construed given that the complaint alleged the practices in question are similar at each subsidiary, that Flowers Foods directs the conduct of each of its subsidiaries, and that Flowers Foods, Inc., is an active participant in the conduct in question. (*See*, Second Amended Compl. ¶¶24-42, D.E. No. 54). Plaintiffs also disclosed that they had a new putative plaintiff from another Flowers Foods' subsidiary, Flowers Baking Co of Thomasville, LLC.

Plaintiffs' counsel and Defendants' counsel again conferred on October 16, 2007, via telephone conference, where Defendants agreed Plaintiff's letter of October 9, 2007, accurately reflected each party's position with respect to discovery. However, Defendants once again took the position that Flowers Foods was only willing to provide discovery on Flowers Baking Co of Opelika, LLC and that no other discovery on its other baking subsidiaries was warranted (including continuing to refuse discovery as to Flowers Baking of Thomasville). At that time, the parties agreed that this issue was ripe for the Court's consideration and Defendants submitted their motion on October 31, 2007.

### III.    DEFENDANTS' BURDEN ON THIS MOTION

Pursuant to Fed. R. Civ. P. 26(c), the party seeking a protective order precluding discovery bears the burden of establishing "good cause" for the issuance of a protective order. Good cause is established only where the moving party can make a specific demonstration of facts in support of a protective order. *Dunford v. Rolly Marin Serv. Co.*, 233 F.R.D. 635, 636 (S.D. Fla. 2005); *Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Constr. Co.*, 153 F.R.D. 686, 688 (M.D. Fla. 1994) ("For a protective order to be granted, a party must show that the information is confidential and that the disclosure

would be harmful."). The moving party's "conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one" do not meet this burden. *Dunford*, 233 F.R.D. at 636. Defendants have failed to meet that standard here.

Moreover, when a party objects to a discovery request, as Defendants have here, "the burden is on the responding party . . . to convince the court that a document request is objectionable." Federal Civil Rules Handbook, 2007, at 749. Moreover, "[t]he court will balance the need for the documents and the burden of producing them, but will generally require production unless the administration of justice would be impeded." *Id.* As set forth more fully below, Defendants' objections and arguments fail to show how the administration of justice will be impeded by permitting the requested discovery to go forward.

## IV.    ARGUMENT

### A.  The Discovery Plaintiffs seek is not Premature

Defendants contend that discovery should be limited only to the named plaintiffs, and should not include any discovery as to issues impacting plaintiffs and the class as a whole. Defendants, in support of their proposition, cite, albeit incorrectly, to *Cameron-Grant v. Maxim Healthcare Service.* 347 F.3d 1240 (11th Cir. 2003). In *Cameron-Grant*, the district court denied the order of class certification because the plaintiffs had failed to set forth evidence demonstrating that any employees desired to opt-in to the suit. *Id.* at 1244. The Eleventh Circuit, upon appeal, held that the named plaintiffs were not entitled to appeal the action because they had settled and/or dismissed their own personal claims against the defendants. *Id.* at 1249. The Eleventh Circuit did not hold the

collective action could proceed only as to the named plaintiffs, but rather held that the

Plaintiffs could not appeal the action because they had no viable claims.

Defendants also cite to *Crawford v. Dothan City Board of Education* to support

their contention that class discovery is premature until the court has ruled on conditional

certification.  214 F.R.D. 694 (M.D. Ala. 2003).  Defendants' interpretation of this case is

misguided.  In *Crawford*, the Court denied discovery on names and addresses of putative

class members prior to its determination on conditional certification.  Notably, the Court

did not hold that all discovery was premature, rather that the identification of putative

class members need not be produced at that time.  *Id.* at 695.

Plaintiffs 30(b)(6) Notice and requests do not seek the identity of putative class

members but instead seek discovery on the route distributor position and Flowers Food's

involvement in the creating the route distributor position and in carrying out the route

distributor position among its subsidiaries.  That information is relevant to the case

whether it is an individual, multi-plaintiff action as the Defendants contend or a collective

action as Plaintiffs contend.  Plaintiffs have argued that Flowers Foods, Inc., is a joint

employer with its subsidiaries.  Therefore, discovery regarding Flowers Foods, Inc. and

its creation of the route distributor position and its current involvement in maintaining

that position is not premature at this point in the litigation.

Finally, Defendants argue that Plaintiffs seek a "system-wide class discovery

involving 25 subsidiaries of Flowers Foods prior to any collective action being certified."

(*See*, Brief in Support of Protective Order, p. 8, D.E. No. 48), which is a blatant

misstatement of Plaintiffs' position to make it appear that the discovery sought is more

far-reaching and burdensome than what the actual requests seek.  Were Plaintiffs seeking

system-wide class discovery, Plaintiffs would not have sought a single 30(b)(6) deposition from Flowers Foods, but would have asked for a 30(b)(6) deposition from each of Flowers Foods' subsidiaries.  Clearly, Plaintiffs' 30(b)(6) Notice and requests do not ask for system-wide class discovery from each of the 25 subsidiaries of Flowers Foods, but instead merely Flowers Foods' testimony as to its policies and procedures used in the creation of and maintenance of the route distributor position.  Plaintiffs contend that Flowers Foods applies the same policies and procedures across its different subsidiaries and requests information related to the uniform treatment as it is clearly relevant and narrowly-tailored.

## B.    The Discovery Plaintiffs Seek Is Crucial and Relevant to the Allegations contained in the Complaint.

Under Fed. R. Civ. P. 26(b), "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" and "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b). Defendants claim that Flowers Foods' involvement in the creation of policies and procedures relating to subsidiaries' retention of route distributors is not relevant and, at a minimum until a motion for class certification is ruled upon.  The Defendants are ignoring the Plaintiff's allegations, which are the Flowers Foods controls its subsidiaries and jointly decides issues of employment for route distributors.  Thus, whether Flowers Foods is a joint employer is relevant to the allegations of the complaint[3].  (*See*, Second

---

[3] Defendants also attempt to confuse the Court by arguing that Plaintiffs seek testimony and request documents for all Flowers' subsidiaries over an indefinite time period. (*See*, Brief in Support of a Mot. for Protective Order, p.2, D.E. No. 48).  Indeed, the time period for which discovery is sought is three years, as stated in the Motion for Class Certification.  In fact, Defendants acknowledge this time period in both their Opposition to Class Certification Brief (D.E. No. 42) and their Brief in Support of Motion for Protective

Amended Compl. ¶¶24-42, D.E. No. 54). Clearly, the evidence is relevant to the case. Indeed, Defendants concede as much by arguing that conditional certification isn't warranted and relying declarations from individuals they claim demonstrate that Flowers Foods isn't an employer under the FLSA and that Flowers Foods does not set the employment policies and jointly control its subsidiaries' activities.

### C. Defendant's Objections are Without Merit as the 30(b)(6) Topics are Not Overly Broad and there is No Unreasonable Burden to Allowing the Depositions to proceed.

Defendants contend that the 30(b)(6) notice is overly broad by relying heavily on their arguments against class certification and the standards the district court uses in determining whether other aggrieved individuals want to participate in the litigation. (*See*, Brief in Support of Motion for Protective Order, pp. 9-12, D.E. No. 48). However, rather than address any purported deficiencies with the 30(b)(6) notice, Flowers claims that there is no support to Plaintiffs' allegations that Flowers Foods controls its subsidiaries and is jointly responsible for their actions. However, Defendants choose to ignore that 10 people have expressed an interest since the start of the suit. Additionally, Defendants claim Plaintiffs cannot show that the plaintiffs are subject to the same or similar treatment, but Plaintiffs have submitted affidavits alleging similar behavior across different warehouse and even across different subsidiaries.[4]

Defendants have failed to show how they are prejudiced by allowing the 30(b)(6) deposition of Flowers Foods to proceed. Defendants contend that each subsidiary is

---

Order (D.E. No. 48). Plaintiffs are not seeking an unspecified time period, but rather, the time period allowed by the statute of limitations.

[4] It should be noted that Defendants, in their Motion for Protective Order, claim that Plaintiffs aren't entitled to information on other subsidiaries because there are no plaintiffs from other subsidiaries that are parties to this action. While that statement was true at the time of the filing of their motion, Defendants knew of Plaintiff Gary Chambliss as early as October 9, 2007, when we informed them of his interest in this suit in our letter to Defendants' counsel, attached as Exhibit 3.

operated independently and that Flowers Foods is not an employer of the route distributors. Plaintiffs believe that Flowers Foods is a joint employer and operates significant control over the subsidiaries with respect to their treatment of route distributors. Allowing this deposition to proceed could resolve certain factual issues that are at the heart of the parties' dispute.

## V.    DEFENDANT FLOWERS FOODS' PROPOSED PROTECTIVE ORDER

The following sets forth Defendants' proposed subject matter topics and documents requests in its Brief, and Plaintiffs' response or additions to subject matter topics and documents requests in bold. As the Court can see, Plaintiffs seek to eliminate Defendants proposed limitation of the proposed scope to Flowers Foods' testimony concerning Flowers Baking Co of Opelika.

### Subject Matter Topics

1. Defendant's Proposed Scope of Inquiry:  Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers/Opelika.

**Plaintiffs' Proposed Scope of Inquiry: Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors.**

10

2. Defendant's Proposed Scope of Inquiry: Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' actual involvement in the actual conversion of employee route salespersons to independent contractors at Flowers Opelika.

**Plaintiffs' Proposed Scope of Inquiry: Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' actual involvement in the actual conversion of employee route salespersons to independent contractors.**

3. Defendant's Proposed Scope of Inquiry: Flowers Foods' involvement in decisions made by Flowers/ Opelika to engage or utilize independent distributors or employee route salespersons, including any guidelines, policies, or other such parameters that might affect Flowers/Opelika's decision making from July 2, 2004, to date.

**Plaintiffs' Proposed Scope of Inquiry: Flowers Foods' involvement in decisions made by its subsidiaries to engage or utilize independent distributors or employee route salespersons, including any guidelines, policies, or other such parameters that might affect decision making from July 2, 2004, to date.**

4. Defendant's proposed scope of inquiry: Flowers Foods' involvement in the decisions made by Flowers/Opelika to engage or utilize independent distributors or

11

employee route salespersons, including any guidelines, policies or other parameters that might affect Flowers/Opelika's decision making from July 2, 2004 to date.

**Plaintiffs' Proposed Scope of Inquiry: Flowers Foods' involvement in the decisions made by its subsidiaries to engage or utilize independent distributors or employee route salespersons, including any guidelines, policies or other parameters that might affect decision making from July 2, 2004 to date.**

5.  Defendant's proposed scope of inquiry:  Flowers Foods' involvement with national accounts in Plaintiff's or the Opelika opt-ins' respective territories (*i.e.*, testimony regarding those national accounts that one or more of the Plaintiffs or Opelika opt-ins actually sold products to) from July 2, 2004, to date.

**Plaintiffs' Proposed scope of Inquiry: Flowers Foods' involvement with national accounts and specifically any involvement in any of the Plaintiffs' respective territories (*i.e.*, testimony regarding those national accounts and that one or more of the Plaintiffs actually sold products to) from July 2, 2004, to date.**

6.  Defendant's proposed scope of inquiry:  Flowers Foods' involvement with national accounts in Plaintiffs' or Opelika opt-ins' respective territories (*i.e.*, testimony regarding those national accounts that one or more of the Plaintiffs or Opelika opt-ins actually sold products to) from July 2, 2004, to date.

**Plaintiffs' Proposed scope of Inquiry: Flowers Foods' involvement with national accounts and specifically any involvement in any of Plaintiffs' respective territories (*i.e.*, testimony regarding those national accounts that one or more of the Plaintiffs actually sold products to) from July 2, 2004, to date.**

7. <u>Defendants' Proposed Scope of Inquiry:</u>  Flowers Foods' involvement in the determination of who was responsible for any losses sustained by Flowers/Opelika or independent distributors of Flowers/Opelika from July 2, 2004, to date.  This would include testimony regarding the parent/subsidiary consolidated accounting between Flowers Foods and Flowers/Opelika.

**<u>Plaintiffs' Proposed Scope of Inquiry</u>: Flowers Foods' involvement in the determination of who was responsible for any losses sustained by Flowers Foods' subsidiaries or independent distributors from July 2, 2004, to date.  This would include testimony regarding the parent/subsidiary consolidated accounting between Flowers Foods and its subsidiaries.**

8. <u>Defendants' Proposed Scope of Inquiry:</u>  Flowers Foods Involvement in the retention, engagement, or termination of Flowers/Opelika distributor agreements and testimony regarding the accounting methodology utilized by Flowers/ Opelika for distributors accounting from July 2, 2004, to date.

**<u>Plaintiffs' Proposed Scope of Inquiry</u>: Flowers Foods Involvement in the retention, engagement, termination, or payment of independent distributors and testimony regarding the accounting methodology utilized by the subsidiaries for distributors accounting from July 2, 2004, to date.**

9. <u>Defendants' Proposed Scope of Inquiry:</u>  Flowers Food's involvement in the creation and implementation of any independent distributor agreements or operating manuals utilized by Flowers/ Opelika from July 2, 2004, to date.

**Plaintiffs' Proposed Scope of Inquiry: Flowers Food's involvement in the creation and implementation of any independent distributor agreements or operating manuals utilized by its subsidiaries from July 2, 2004, to date.**

10. Defendants' Proposed Scope of Inquiry: Flowers Foods' involvement in the creation of implementation of any operating manuals and independent distributor agreements utilized by Flowers/ Opelika from July 2, 2004, to date.

**Plaintiffs' Proposed Scope of Inquiry: Flowers Foods' involvement in the creation of implementation of any operating manuals and independent distributor agreements utilized by its subsidiaries from July 2, 2004, to date.**

**Requests for Production of Documents**

1. Defendants' Proposed Production: All non-privileged documents concerning Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers/Opelika.

**Plaintiffs' Proposed Production: All non-privileged[5] documents concerning Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at its subsidiaries.**

---

[5] The agreement to produce non-privileged documents is subject to the production of a privilege log 30 days following the production of documents.

2. <u>Defendants' Proposed Production:</u>  All non-privileged documents concerning Flowers Foods' involvement in the development of the independent contractor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers/Opelika.

**<u>Plaintiffs' Proposed Production</u>:  All non-privileged documents concerning Flowers Foods' involvement in the development of the independent contractor business model for use by its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at its subsidiaries.**

3. <u>Defendants' Proposed Production:</u>  All non-privileged documents concerning Flowers Foods' involvement in decisions made by Flowers/Opelika to engage or utilize independent distributors or employee route salespersons, including any guidelines, policies, or other such parameters that might affect Flowers/Opelika's decision making from July 2, 2004, to date.

**<u>Plaintiffs' Proposed Production</u>:  All non-privileged documents concerning Flowers Foods' involvement in decisions made by its subsidiaries to engage or utilize independent distributors or employee route salespersons, including any guidelines, policies, or other such parameters that might affect its subsidiaries' decision making from July 2, 2004, to date.**

4.  <u>Defendants' Proposed Production</u>:  Copies of any form agreements between Flowers/Opelika and its independent distributors from July 2, 2004, to date.

**Plaintiffs' Proposed Production:  Copies of any form agreements used by Flowers Foods' subsidiaries and its independent distributors from July 2, 2004, to date.**

5.  <u>Defendants' Proposed Production</u>:  Non-privileged documents concerning policies, procedures, and guidelines developed for Flowers/Opelika's use in retaining independent distributors from July 2, 2004, to date.

**Plaintiffs' Proposed Production:  Non-privileged documents concerning policies, procedures, and guidelines developed for Flowers Foods' subsidiaries' use in retaining independent distributors from July 2, 2004, to date.**

6.  <u>Defendants' Proposed Production</u>:  Representative non-privileged documents concerning Flowers Foods' involvement in national accounts serviced by Plaintiffs or the opt-in Plaintiffs from July 2, 2004, to date.

**Plaintiffs' Proposed Production: Non-privileged documents concerning Flowers Foods' involvement in national accounts including documents concerning Flowers Foods' involvement in national accounts serviced by Plaintiffs from July 2, 2004, to date.**

7.  <u>Defendants' Proposed Production</u>:  Representative non-privileged documents describing the responsibility of loss by Flowers Foods for any products sold by Flowers/Opelika independent distributors from July 2, 2004, to date.

**Plaintiffs' Proposed Production: Non-privileged documents describing the responsibility of loss by Flowers Foods for any products sold by Flowers Foods' subsidiaries' independent distributors from July 2, 2004, to date.**

8. Defendants' Proposed Production:  Any non-privileged documents concerning Flowers Foods' involvement in the engagement or termination of independent distributors by Flowers/Opelika from July 2, 2004, to date and representative documents concerning the accounting methodology utilized by Flowers/Opelika for distributor accounting from July 2, 2004, to date.

**Plaintiffs' Proposed Production: Non-privileged documents concerning Flowers Foods' involvement in the engagement or termination of independent distributors by its subsidiaries from July 2, 2004, to date and representative documents concerning the accounting methodology utilized by its subsidiaries for distributor accounting from July 2, 2004, to date.**

9. Defendants' Proposed Production:  Any non-privileged documents regarding Flowers Foods' involvement in the creation and implementation of any operating manuals and independent distributor agreements utilized by Flowers/Opelika from July 2, 2004, to date.

**Plaintiffs' Proposed Production: Non-privileged documents regarding Flowers Foods' involvement in the creation and implementation of any operating manuals and independent distributor agreements from July 2, 2004, to date.**

10. Defendants' Proposed Production:  Copies of any form agreements and manuals utilized by Flowers/Opelika with respect to independent distributors from July 2, 2004, to date.

**Plaintiffs' Proposed Production:  Copies of any form agreements and manuals utilized by Flowers Foods' subsidiaries with respect to independent distributors from July 2, 2004, to date.**

11.  Defendants' Proposed Production:  All non-privileged documents concerning Flowers Foods' (then Flowers Industries, Inc.)  involvement in the development of the independent distributor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers/Opelika.

**Plaintiffs' Proposed Production: All non-privileged documents concerning Flowers Foods' (then Flowers Industries, Inc.)  involvement in the development of the independent distributor business model for use by its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers Foods' subsidiaries.**

## VI.    CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully submit that Defendants have failed to demonstrate good cause warranting the protection they seek, and therefore Defendants' Motion should be denied in their entirety and Defendants should be ordered to provide testimony and documents as proposed above by Plaintiffs.

Respectfully submitted this 13th day of November, 2007.

_____/s/ Amy A. Weaver_____
Amy A. Weaver, ASB-6878-Y82A

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York, 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of November, I electronically filed the foregoing Memorandum of Law in Opposition to Defendants' Motion for Protective Order using the CM/ECF system which will send notification of such filing to:

Sandra B. Reiss
Christopher W. Deering
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.

One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com
Chris.Deering@odnss.com

Kevin P. Hishta
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com

                                        _/s/Amy A Weaver_____
                                        Amy A Weaver, ASB-6878-Y82A

**Ogletree Deakins**

ATTORNEYS AT LAW

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

Bank of America Plaza
600 Peachtree St., NE, Suite 2100
Atlanta, GA 30308
Telephone:   (404) 881-1300
Facsimile:   (404) 870-1732
www.ogletreedeakins.com

Kevin P. Hishta
404-870-1733
Kevin.Hishta@ogletreedeakins.com

September 14, 2007

<u>Via Electronic Mail</u>
Joseph P. Guglielmo
Whatley Drake & Kallas LLC
1540 Broadway, 37th Floor
New York, New York 10036

Re:    Morrow, et al. v. Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC
       United States District Court, Middle District of Alabama
       Civil Action No.: 3:07-cv-00617-MHT

Dear Joseph:

This letter stipulation serves to confirm our agreement that as the Court has put class discovery on hold, Flowers Foods need not file at the present time any motion for a protective order regarding the (30)(b)(6) notice directed to Flowers Foods, nor objections to the document requests made therein. Once the Court renders a decision on the scope of any class discovery, you and I will confer and mutually agree upon a deadline for any such motion or objections, if necessary. Similarly, the time frame for responses to plaintiffs' request for admissions to Flowers Foods, Inc., plaintiffs' interrogatories to defendant Flowers Foods, Inc. and plaintiffs' first request for production of documents to defendants Flower Foods, Inc. and Flowers Baking Co. of Opelika, LLC shall be extended until after the aforementioned court decision. You and I will also confer regarding the latter discovery and agree upon a deadline for responses and/or objections.

If this stipulation meet with your approval, please sign below and return the original to me. Thank you for your cooperation in reaching this agreement.

Very truly yours,

Kevin P. Hishta

KPH:dg                                          _____
Attach.                                         Joseph P. Guglielmo

 WhatleyDrake&Kallas

Joseph P. Guglielmo
Direct Dial: 212-447-7007
jguglielmo@wdklaw.com

September 17, 2007

<u>VIA E-MAIL & US MAIL</u>

Kevin P. Hishta
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2100 Bank of America Plaza
Atlanta, Georgia 30308

     Re:    *Morrow et al. v. Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC*
             Civil Action No. 3:07-cv-00617-MHT

Dear Kevin:

     We are in receipt of your letter dated September 11, 2007, that contains Flowers Foods, Inc.'s objections to Plaintiffs' 30(b)(6) deposition notice and have reviewed the proposed stipulation to stay class discovery sent on September 14, 2007. As an initial matter, we disagree with the statements contained in your letter regarding the scope of discovery and do not believe that the Court intended all discovery, other than that relating to Plaintiffs Morrow and Overton, be stayed pending a determination on the motion for conditional class certification. Please accept this letter as Plaintiffs' attempt to resolve these issues. As I stated in my email of last week, I am traveling today but am available to discuss these issues with you in the hope of coming to an agreement on certain of these issues.

     As a preliminary matter, Plaintiffs are willing to work with counsel for defendants to find a "reasonable" time for this 30(b)(6) videotaped deposition since Defense counsel believes it is unable to prepare a witness in that short time frame. We agree to reserve discussion on the scope of class discovery until you get the class certification brief we will file by September 21, 2007. At a minimum, Defense counsel is required to provide someone to depose from the parent corporation as Flowers Foods, Inc. is listed as a Defendant and active participant in this cause of action. Per our conversation, Plaintiffs did not agree to postpone discovery until the court has ruled upon class certification only to postpone discovery until Defendants have seen Plaintiffs' class certification brief.



Kevin P. Hishta
September 17, 2007
Page 2

Plaintiffs likewise disagree that the scope of the Subject Matter Topics and Documents Requests for the deposition are in any way impermissible under Federal Rule of Civil Procedure 26(b)(1), and we reserve that discussion for a time after Defendants have reviewed the class certification brief. If after our discussions, you still contend that we are not entitled to depose Flowers Foods Inc.'s corporate representatives concerning their involvement in the policies and practices concerning the treatment of route distributors, we believe that the Court intended for the parties to present the matter before the Magistrate for a resolution.

As to your proposed stipulation, we would like to clarify why we believe your proposed stipulation provided on September 14, 2007 does not incorporate the parties discussions and is simply another attempt to stay all discovery, other than that relating to Plaintiffs Morrow and Overton, which is clearly not related to any class certification motion that would be contemplated by plaintiffs. We understand that you believe that discovery is only proper as to the two named plaintiffs and cited Eleventh Circuit law, *Cameron-Grant v. Maxim Healthcare Services*, to bolster this point in prior communications. Plaintiffs believe this case does not support that proposition.[1] In *Cameron-Grant*, the district court denied the order for class certification because the plaintiffs had failed to set forth evidence demonstrating that the any employees desired to opt-in to the suit.[2] The Eleventh Circuit, upon appeal, held that the named plaintiffs were not entitled to appeal the action because they had settled and/or dismissed their own personal claims against the Defendants.[3] The Eleventh Circuit did not say the collective action could proceed only as to the named plaintiffs; it merely said that plaintiffs could not appeal the action because they had no more claims in the action.

You also cited to *Crawford v. Dothan City Board of Education* when declaring that class discovery is premature until the court has ruled on conditional class certification.[4] This is an inaccurate reading of the *Crawford* decision. In *Crawford,* the Middle District of Alabama denied discovery on the names and addresses of putative class members, but did not state that all discovery was premature, only the discovery that sought the identity of other potential class members.[5] Plaintiffs are not seeking at this time the identity of putative class members, but instead are seeking discovery on the route distributor position, and Flowers Foods Inc.'s involvement -- which is relevant to the case whether it is a two plaintiff action or whether it is a collective action.

---

[1] *Cameron-Grant v. Maxim Healthcare Services,* 347 F.3d 1240 (11th Cir. 2003).
[2] *Cameron-Grant,* 347 F.3d at 1244.
[3] *Id.* at 1249.
[4] *Crawford v. Dothan City Board of Education,* 214 F.R.D. 694 (M.D. Ala. 2003).
[5] *Crawford,* 214 F.R.D. at 695.

Kevin P. Hishta
September 17, 2007
Page 3


       For the above reasons, Plaintiffs are unable to agree to Defendants' proposal and do not think their objections have any merit.  Again, Plaintiffs are willing to explain in more details those subject matter topics or document requests that Defendants feel are too vague or ambiguous which we will discuss in more detail once you have reviewed the class certification brief.  We look forward to hearing from you.

                    Sincerely,

                    Joseph P. Guglielmo

JPG:ar

cc:    Sandra Reiss
       Greg L. Davis
       E. Kirk Wood
       Joe R. Whatley, Jr.
       Amy Weaver


WhatleyDrake&Kallas

Joseph P. Guglielmo
Direct Dial: 212-447-7007
jguglielmo@wdklaw.com

October 9, 2007

<u>VIA E-MAIL</u>

Kevin P. Hishta
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2100 Bank of America Plaza
Atlanta, Georgia 30308

    Re:    *Morrow et al. v. Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC*
            Civil Action No. 3:07-cv-00617-MHT

Dear Kevin:

The purpose of this letter is to set forth our discussions regarding the scope of plaintiffs' 30(b)(6) Notice of Deposition of Flowers Foods, Inc.

Specifically, during our meet and confer on Plaintiffs' 30(b)(6) Notice, the overarching objection raised by you and discussed by the parties concerned the scope of discovery from Flowers Foods, Inc. and Flowers Baking Company of Opelika. Both Flowers Foods and Flowers Opelika take the position that the scope of discovery should not include information concerning other potential independent distributors other than the six (6) named plaintiffs nor should it include information relating to any subsidiaries other than Defendant Flowers Baking Company of Opelika.

In light of Defendants' objection Plaintiffs also raised and Defendants agreed to consider a proposal to allow for expanded scope of discovery should Plaintiffs produce join independent route distributors from other Flowers Foods subsidiaries who sign consents to join the action.

That being said, you proposed that Flowers Foods, Inc. would be amenable to producing a witness to testify as to the topics set out in the Notice to the extent they relate or concern activities of Flowers Foods and Flowers Baking Co. of Opelika, LLC. Plaintiffs disagreed that the scope of the testimony should be so narrowly construed and stated that Flowers Foods Inc. should be required to provide testimony as to all of its subsidiaries as Plaintiffs contend such practices are similar at each of Flowers subsidiaries, Flowers Foods directs the conduct of its subsidiaries and is an active participant in the conduct in question. Since this objection appears

Kevin P. Hishta
October 9, 2007
Page 2

to impact each of the topic areas of the 30(b)(6) Notice, I will not repeat it within the specific topic area proposals below.

We ask that you reconsider your position of the scope of discovery. We have received a consent to join by an individual who was an independent route distributor of Flowers Baking Co. of Thomasville Georgia. We also ask that, in light of this fact, to provide discovery concerning its activities with each of its subsidiaries and allow the scope of the 30(b)(6) testimony to include Flowers Foods' relationship with its subsidiaries. We believe that such testimony is relevant and responses to plaintiffs' allegations concerning Flowers Foods is relevant and responsive to Plaintiffs' allegations concerning Flowers Foods' policies and procedures of Plaintiffs' proposed class.

We further agreed that if the parties are unable to reach an agreement on the overall scope of the 30(b)(6) testimony, we believe it should be presented to the Court for resolution.

However, as to certain other matters, we believe that the parties have made certain proposals that they may be able to come to an agreement set forth in more detail below. The proposed agreements set forth below are not withstanding the parties' disagreement on the overarching issue discussed above and are made without prejudicing either parties' ability to seek a protective order or to compel such discovery.

**Subject Matter Topics 1&2:**

As to the scope and time period of the subject matters, Defendants proposed providing historical information regarding the decision to convert route sales employees to independent contractors made by Flowers Foods (even prior to the proposed class period with an emphasis on conduct during the Class Period). Flowers Foods, Inc. further proposed to provide specific information regarding the actual conversion of route sales employees to independent contractors within Flowers Baking Co. of Opelika.

**Subject Matter Topics 3&4:**

Defendant Flowers Foods proposed producing a witness to testify as to Flowers' consideration or guidelines into Flowers Foods' and Flowers Baking Company of Opelika's decision to hire route distributors. Defendants also agreed to disclose any specific considerations or guidelines specific to Flowers Baking Co. of Opelika.

**Subject Matter Topic 5:**

Defendants propose offering testimony concerning Flowers' treatment of national accounts and request that Plaintiffs identify the specific national accounts they would like information about. Plaintiffs propose that Flowers provide testimony concerning the following national accounts: Wal-Mart, Winn Dixie, Sonic, Publix, Target, Bruno's and Burger King. Defendants propose providing testimony concerning those national accounts which were serviced by one of the named plaintiffs has a local store.

Kevin P. Hishta
October 9, 2007
Page 3

### **Subject Matter Topic 6:**

Defendants propose limiting the testimony to Flowers Foods' involvement in and its interaction with sales of the named plaintiffs through Flowers Baking Company of Opelika.

### **Subject Matter Topic 7:**

Plaintiffs clarified that they are seeking testimony concerning Flowers Foods, Inc.'s involvement in the determination of who is responsible for any losses for its subsidiaries as well as its responsibility for loss that may be experienced by a route distributor on his daily routes.

### **Subject Matter Topic 8:**

Defendants objected to the terms hiring and firing as used in this topic as prejudicial to the determination of whether or not such individual are in fact employees as Plaintiffs assert. Without prejudice to either party's claims or defenses on this issue, Plaintiffs agreed to amend the language of this subject matter topic seek testimony concerning: "Defendant Flowers Foods, Inc.'s involvement in the retention, engagement or termination of independent route distributor's contracts."

### **Subject Matter Topics 9&10:**

Defendants propose providing testimony concerning Flowers Food's involvement in the creation and implementation of any operating manuals and independent distributor agreements that are used by Flowers Baking Co. of Opelika, LLC.

If you disagree with the recitation of those proposals described above, please contact me.

Sincerely,

Joseph P. Guglielmo

JPG:ar

cc:    Sandra Reiss
       Greg L. Davis
       E. Kirk Wood
       Amy Weaver