**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES MORROW, MICHAEL OVERTON, JAMES MARTY SMITH, DWAYNE CLEVELAND, MICHAEL SMITH, MARK MURPHY, DOUG BRANCH, LEW BAXTER, RICKY SMALL, MELVIN SNOW, GREG PATISAUL, and GARY CHAMBLISS, Individually and on behalf of similarly situated employees,** | ) ) ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION NO: 3:07-CV-617-MHT** |
| **v.** | ) ) ) | |
| **FLOWERS FOODS, INC., FLOWERS BAKING CO. OF OPELIKA, LLC, and FLOWERS BAKING CO. OF THOMASVILLE, LLC,** | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

**ANSWER OF FLOWERS BAKING CO. OF THOMASVILLE, LLC TO PLAINTIFFS'
SECOND AMENDED COMPLAINT**

COMES NOW Defendant, Flowers Baking Co. of Thomasville, LLC (hereinafter "FBC of Thomasville"), by its undersigned attorney(s), and hereby files its Answer to Plaintiffs' Second Amended Complaint ("Complaint").

FBC of Thomasville responds to the allegations of each numbered Paragraph of the Complaint as follows:

1.      FBC of Thomasville admits that because Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA" or "Act"), this raises a federal question which gives rise to this Court's jurisdiction, but denies that Plaintiffs or those individuals Plaintiffs purport to represent have any actionable claims thereunder or that Plaintiffs

or those individuals Plaintiffs purport to represent are entitled to any damages from FBC of Thomasville or any other named Defendant.

2.    FBC of Thomasville admits that venue is proper in this federal district court as to Flowers Baking Co. of Opelika, LLC (hereinafter "FBC of Opelika") pursuant to 28 U.S.C. § 1391(b) and (c) because FBC of Opelika regularly conducts business within this judicial district and because certain allegations giving rise to this lawsuit occurred in this district.  FBC of Thomasville denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.    FBC of Thomasville admits that Charles Morrow is over the age of nineteen (19) and that he worked as an independent contractor distributor for FBC of Opelika out of the Montgomery warehouse located on Norman Bridge Road in Montgomery, Alabama.  FBC of Thomasville lacks sufficient knowledge or information to form a belief as to the truth of whether Mr. Morrow has expressly authorized this action and therefore denies the same. FBC of Thomasville denies that this action should proceed as a collective action.

4.    FBC of Thomasville admits that Michael Overton is over the age of nineteen (19) and that he worked as an independent contractor distributor for FBC of Opelika out of the Roanoke warehouse located in Roanoke, Alabama. FBC of Thomasville lacks sufficient knowledge or information to form a belief as to the truth of whether Mr. Overton has expressly authorized this action and therefore denies the same. FBC of Thomasville denies that this action should proceed as a collective action.

5.    FBC of Thomasville admits that James Marty Smith is over the age of nineteen (19) and that he worked as an independent contractor distributor for FBC of Opelika out of the Roanoke warehouse located in Roanoke, Alabama.  FBC of Thomasville lacks sufficient knowledge or information to form a belief as to the truth of whether Mr. Smith has expressly

authorized this action and therefore denies the same. FBC of Thomasville denies that this action should proceed as a collective action.

6. FBC of Thomasville admits that Dwayne Cleveland is over the age of nineteen (19) and that he works as an independent contractor distributor for FBC of Opelika out of the Montgomery warehouse located in Montgomery, Alabama. FBC of Thomasville lacks sufficient knowledge or information to form a belief as to the truth of whether Mr. Cleveland has expressly authorized this action and therefore denies the same. FBC of Thomasville denies that this action should proceed as a collective action.

7. FBC of Thomasville admits that Michael Smith is over the age of nineteen (19) and that he worked as an independent contractor distributor for FBC of Opelika out of the LaGrange warehouse located in LaGrange, Georgia. FBC of Thomasville lacks sufficient knowledge or information to form a belief as to the truth of whether Mr. Smith has expressly authorized this action and therefore denies the same. FBC of Thomasville denies that this action should proceed as a collective action.

8. FBC of Opelika admits that Mark Murphy is over the age of nineteen (19) and that he works as an independent contractor distributor for FBC of Opelika out of the LaGrange warehouse located in LaGrange, Georgia. FBC of Thomasville lacks sufficient knowledge or information to form a belief as to the truth of whether Mr. Murphy has expressly authorized this action and therefore denies the same. FBC of Thomasville denies that this action should proceed as a collective action.

9. FBC of Thomasville admits that Doug Branch is over the age of nineteen (19) and that he works as an independent contractor distributor for FBC of Opelika out of the Norman

Bridge Road warehouse located in Montgomery, Alabama. FBC of Thomasville denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.    FBC of Thomasville admits that Lew Baxter is over the age of nineteen (19) and that he works as an independent contractor distributor for FBC of Opelika out of the Norman Bridge Road warehouse located in Montgomery, Alabama. FBC of Thomasville denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.    FBC of Thomasville admits that Ricky Small is over the age of nineteen (19) and that he worked as an independent contractor distributor for FBC of Opelika out of the Greenville warehouse located in Greenville, Alabama. FBC of Thomasville denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.    FBC of Thomasville admits that Melvin Snow is over the age of nineteen (19) and that he worked as an independent contractor distributor for FBC of Opelika out of the Greenville warehouse located in Greenville, Alabama. FBC of Thomasville denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.    FBC of Thomasville admits that Greg Patisaul is over the age of nineteen (19) and that he worked as an independent contractor distributor for FBC of Opelika out of the LaGrange warehouse located in LaGrange, Georgia. FBC of Thomasville denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.    FBC of Thomasville admits that Gary Chambliss is over the age of nineteen (19) and that he worked as an independent contractor distributor for FBC of Thomasville out of the Cottondale warehouse located in Cottondale, Florida. FBC of Thomasville denies the remaining allegations contained in paragraph 14 of the Complaint.

15.     FBC of Thomasville admits the allegations contained in Paragraph 15 of the Complaint.

16.     FBC of Thomasville admits that FBC of Opelika is a subsidiary of Flowers Foods, Inc., that it is headquartered in Opelika, Alabama, and that it is organized under the laws of Alabama as a limited liability company, but denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     FBC of Thomasville admits that it is a subsidiary of Flowers Foods, Inc., that it is headquartered in Thomasville, Georgia, and that it is organized under the laws of Georgia as a limited liability company, but denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.     No response is necessary to Paragraph 18 of the Complaint, but FBC of Thomasville denies that FBC of Opelika, FBC of Thomasville, and Flowers Foods, Inc. are a single entity.

19.     FBC of Thomasville admits that Flowers Foods, Inc., through its subsidiaries, including FBC of Opelika and FBC of Thomasville, is a leading producer and marketer of packaged bakery foods in the United States and that Flowers Foods, Inc., through its subsidiaries, including FBC of Opelika and FBC of Thomasville, produces breads, buns, rolls, snack cakes and pastries, which are distributed fresh to foodservice and retail customers in the Southeastern, Southwestern, and mid-Atlantic states.  FBC of Thomasville denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.     FBC of Thomasville admits that Flowers Foods, Inc. is the ultimate parent company of more than 30 bakery subsidiaries located in Alabama, Georgia, Florida, Louisiana,

North Carolina, Tennessee, Texas, Virginia, West Virginia, and Arkansas. FBC of Thomasville denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.    FBC of Thomasville admits that Flowers Foods, Inc. and its subsidiaries, including FBC of Opelika and FBC of Thomasville, use various brand names, including Nature's Own, Cobblestone Mill, Bluebird, Butterkrust, Evangeline Maid, Mary Jane, Dandee, European Bakers, Mrs. Freshley's, Bunny, and Sunbeam. FBC of Thomasville denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.    FBC of Thomasville admits that Flowers Foods, Inc., including its subsidiaries and other business operations, had annual sales of over $1.8 billion for the fifty-two (52) week period ending December 30, 2006. FBC of Thomasville denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.    FBC of Thomasville admits that Flowers Foods, Inc. is the ultimate parent of the subsidiaries identified in Paragraph 23 of the Complaint and that those subsidiaries are listed in Exhibit 21 of Flowers Foods, Inc.'s SEC Form 10-K filing for the fiscal year ended December 30, 2006 as subsidiaries of Flowers Foods, Inc. – except that Flowers Baking Co. of West Virginia, LLC is listed once therein not twice as alleged in the Complaint. FBC of Thomasville denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.    FBC of Thomasville admits that Flowers Foods, Inc., FBC of Opelika, and FBC of Thomasville are each separate employers within the meaning of § 3(d) of the FLSA. FBC of Thomasville denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.    FBC of Thomasville denies the allegations contained in Paragraph 25 of the Complaint.

26.     FBC of Thomasville denies the allegations contained in Paragraph 26 of the Complaint.

27.     FBC of Thomasville denies the allegations contained in Paragraph 27 of the Complaint.

28.     FBC of Thomasville denies the allegations contained in Paragraph 28 of the Complaint.

29.     FBC of Thomasville denies the allegations contained in Paragraph 29 of the Complaint.

30.     FBC of Thomasville denies the allegations contained in Paragraph 30 of the Complaint.

31.     FBC of Thomasville denies the allegations contained in Paragraph 31 of the Complaint.

32.     FBC of Thomasville denies the allegations contained in Paragraph 32 of the Complaint.

33.     FBC of Thomasville denies the allegations contained in Paragraph 33 of the Complaint.

34.     FBC of Thomasville denies the allegations contained in Paragraph 34 of the Complaint.

35.     FBC of Thomasville denies the allegations contained in Paragraph 35 of the Complaint.

36.     FBC of Thomasville denies the allegations contained in Paragraph 36 of the Complaint.

37.    FBC of Thomasville denies the allegations contained in Paragraph 37 of the Complaint.

38.    FBC of Thomasville denies the allegations contained in Paragraph 38 of the Complaint.

39.    FBC of Thomasville denies the allegation that Plaintiffs and other distributors are not allowed to carry any other company's product in their delivery vehicles.   FBC of Thomasville admits that its distributors and the distributors of FBC of Opelika may not carry competitive products.   FBC of Thomasville denies the remaining allegations contained in Paragraph 39 of the Complaint.

40.    FBC of Thomasville denies the allegations contained in Paragraph 40 of the Complaint.

41.    FBC of Thomasville denies the allegations contained in Paragraph 41 of the Complaint.

42.    FBC of Thomasville denies the allegations contained in Paragraph 42 of the Complaint.

43.    FBC of Thomasville admits that Morrow was employed as a route employee for FBC of Opelika from approximately 1980 until 1994.  FBC of Thomasville denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.    FBC of Thomasville admits that FBC of Opelika entered into an independent distributor agreement with Morrow and admits that Morrow was an independent contractor distributor for FBC of Opelika from 1994 until 2005, but denies the remaining allegations contained in Paragraph 44 of the Complaint.

45.    FBC of Thomasville admits that Morrow purchased a territory from FBC of Opelika in 1994 and purchased a delivery truck from FBC of Opelika. FBC of Thomasville denies the remaining allegations contained in Paragraph 45 of the Complaint.

46.    FBC of Thomasville denies the allegations contained in Paragraph 46 of the Complaint.

47.    FBC of Thomasville denies the allegations contained in Paragraph 47 of the Complaint.

48.    FBC of Thomasville denies the allegations contained in Paragraph 48 of the Complaint.

49.    FBC of Thomasville denies the allegations contained in Paragraph 49 of the Complaint.

50.    FBC of Thomasville admits that Overton was initially employed through a temporary employment agency as a prospective distributor for FBC of Opelika from approximately December 2005, until April 2006, and then he subsequently purchased a territory from FBC of Opelika. FBC of Thomasville denies the remaining allegations contained in Paragraph 50 of the Complaint.

51.    FBC of Thomasville admits that FBC of Opelika entered into an independent distributor agreement with Overton and that Overton was an independent contractor distributor for FBC of Opelika from about April 2006, until September 2006. FBC of Thomasville denies the remaining allegations contained in Paragraph 51 of the Complaint.

52.    FBC of Thomasville admits that Overton purchased a territory from FBC of Opelika in April 2006 and that Overton leased a delivery truck from Synovous Leasing. FBC of Thomasville denies the remaining allegations contained in Paragraph 52 of the Complaint.

53.    FBC of Thomasville denies the allegations contained in Paragraph 53 of the Complaint.

54.    FBC of Thomasville denies the allegations contained in Paragraph 54 of the Complaint.

55.    FBC of Thomasville denies the allegations contained in Paragraph 55 of the Complaint.

56.    FBC of Thomasville denies the allegations contained in Paragraph 56 of the Complaint.

57.    FBC of Thomasville admits that James Marty Smith was initially employed through a temporary employment agency as a prospective distributor for FBC of Opelika from approximately April 2006 until September 2006.  FBC of Thomasville denies the remaining allegations contained in Paragraph 57 of the Complaint.

58.    FBC of Thomasville admits that FBC of Opelika entered into an independent distributor agreement with James Marty Smith and that James Marty Smith was an independent contractor distributor for FBC of Opelika from about October 2006 until January 2007.  FBC of Thomasville denies the remaining allegations contained in Paragraph 58 of the Complaint.

59.    FBC of Thomasville admits that James Marty Smith purchased a territory from FBC of Opelika in October 2006 and that James Marty Smith leased a delivery truck from Synovous Leasing in September 2006.  FBC of Thomasville denies the remaining allegations contained in Paragraph 59 of the Complaint.

60.    FBC of Thomasville denies the allegations contained in Paragraph 60 of the Complaint.

61.     FBC of Thomasville denies the allegations contained in Paragraph 61 of the Complaint.

62.     FBC of Thomasville denies the allegations contained in Paragraph 62 of the Complaint.

63.     FBC of Thomasville denies the allegations contained in Paragraph 63 of the Complaint.

64.     FBC of Thomasville admits that Cleveland was initially employed through a temporary employment agency as a prospective distributor for FBC of Opelika from approximately March 2004 until June 2004 and that he stayed in this position for approximately three months.  FBC of Thomasville denies the remaining allegations contained in Paragraph 64 of the Complaint.

65.     FBC of Thomasville admits that FBC of Opelika entered into an independent distributor agreement with Cleveland in June 2004 and that Cleveland has been an independent contractor distributor for FBC of Opelika since June of 2004.  FBC of Thomasville denies the remaining allegations contained in Paragraph 65 of the Complaint.

66.     FBC of Thomasville admits that Cleveland purchased a territory from FBC of Opelika in June 2004 and that Cleveland leased a delivery truck from Synovous Leasing.  FBC of Thomasville denies the remaining allegations contained in Paragraph 66 of the Complaint.

67.     FBC of Thomasville denies the allegations contained in Paragraph 67 of the Complaint.

68.     FBC of Thomasville denies the allegations contained in Paragraph 68 of the Complaint.

69.     FBC of Thomasville denies the allegations contained in Paragraph 69 of the Complaint.

70.     FBC of Thomasville denies the allegations contained in Paragraph 70 of the Complaint.

71.     FBC of Thomasville admits that FBC of Opelika entered into an independent distributor agreement with Michael Smith in or about 2001 and that Michael Smith was an independent contractor distributor with FBC of Opelika from about 2001 until December 2006. FBC of Thomasville denies the remaining allegations contained in Paragraph 71 of the Complaint.

72.     FBC of Thomasville admits that Michael Smith purchased a territory from FBC of Opelika in or about 2001 and leased a delivery truck from Bank of America at that time.  FBC of Thomasville denies the remaining allegations contained in Paragraph 72 of the Complaint.

73.     FBC of Thomasville denies the allegations contained in Paragraph 73 of the Complaint.

74.     FBC of Thomasville denies the allegations contained in Paragraph 74 of the Complaint.

75.     FBC of Thomasville denies the allegations contained in Paragraph 75 of the Complaint.

76.     FBC of Thomasville admits that FBC of Opelika entered into an independent distributor agreement with Murphy in or about September 2002 and that Murphy has been an independent contractor distributor for FBC of Opelika since September 2002.   FBC of Thomasville denies the remaining allegations contained in Paragraph 76 of the Complaint.

77.     FBC of Thomasville admits that Murphy purchased a territory from FBC of Opelika in or about September 2002 and that Murphy leased a delivery truck from Bank of America.  FBC of Thomasville denies the remaining allegations contained in Paragraph 77 of the Complaint.

78.     FBC of Thomasville admits that Murphy did not cross state lines in the course of his deliveries from approximately September 2002 until 2006.  FBC of Thomasville further states, however, that Murphy delivered products that were manufactured out-of-state the entire time in which he was an independent contractor distributor for FBC of Opelika.  FBC of Thomasville denies the remaining allegations contained in paragraph 78 of the Complaint.

79.     FBC of Thomasville denies the allegations contained in Paragraph 79 of the Complaint.

80.     FBC of Thomasville denies the allegations contained in Paragraph 80 of the Complaint.

81.     FBC of Thomasville denies the allegations contained in Paragraph 81 of the Complaint.

82.     FBC of Thomasville admits that Doug Branch was employed as a route employee for FBC of Opelika from approximately October 1992 until August 28, 1993, and from September 13, 1993 until June, 1994.  FBC of Thomasville denies the remaining allegations contained in Paragraph 82 of the Complaint.

83.     FBC of Thomasville admits that FBC of Opelika entered into an independent distributor agreement with Branch and admits that Branch has been an independent contractor distributor for FBC of Opelika since 1994, but denies the remaining allegations contained in Paragraph 83 of the Complaint.

84.     FBC of Thomasville admits that Branch purchased a territory from FBC of Opelika in 1994 and purchased a delivery truck from FBC of Opelika. FBC of Thomasville denies the remaining allegations contained in Paragraph 84 of the Complaint.

85.     FBC of Thomasville admits that in approximately August 2004, Branch purchased a different territory from FBC of Opelika, but denies the remaining allegations contained in Paragraph 85 of the Complaint.

86.     FBC of Thomasville denies the allegations contained in Paragraph 86 of the Complaint.

87.     FBC of Thomasville denies the allegations contained in Paragraph 87 of the Complaint.

88.     FBC of Thomasville denies the allegations contained in Paragraph 88 of the Complaint.

89.     FBC of Thomasville denies the allegations contained in Paragraph 89 of the Complaint.

90.     FBC of Thomasville admits that Lew Baxter was initially employed through a temporary employment agency as a prospective distributor for FBC of Opelika in 2003, and then he subsequently purchased a territory from FBC of Opelika in November 2003. FBC of Thomasville is without knowledge or information sufficient to form a belief as to the truth of the allegation that Baxter was initially employed in August 2003 and therefore denies same. FBC of Thomasville denies the remaining allegations contained in Paragraph 90 of the Complaint.

91.     FBC of Thomasville admits that FBC of Opelika entered into an independent distributor agreement with Baxter and that Baxter was an independent contractor distributor for

FBC of Opelika since November 2003, but denies the remaining allegations contained in Paragraph 91 of the Complaint.

92.     FBC of Thomasville admits that Baxter purchased a territory from FBC of Opelika in November 2003 and that Baxter leased a delivery truck from Synovus Leasing. FBC of Thomasville denies the remaining allegations contained in Paragraph 92 of the Complaint.

93.     FBC of Thomasville denies the allegations contained in Paragraph 93 of the Complaint.

94.     FBC of Thomasville admits that in approximately November 2005, Baxter sold part of his territory to another independent contractor distributor for FBC of Opelika and that Baxter purchased a delivery truck for which he obtained optional financing. FBC of Thomasville denies the remaining allegations contained in Paragraph 94 of the Complaint.

95.     FBC of Thomasville denies the allegations contained in Paragraph 95 of the Complaint.

96.     FBC of Thomasville denies the allegations contained in Paragraph 96 of the Complaint.

97.     FBC of Thomasville denies the allegations contained in Paragraph 97 of the Complaint.

98.     FBC of Thomasville denies the allegations contained in Paragraph 98 of the Complaint.

99.     FBC of Thomasville admits that Ricky Small was initially employed through a temporary employment agency as a prospective distributor for FBC of Opelika in 2000. FBC of Thomasville is without knowledge or information sufficient to form a belief as to the truth of the

allegation that Small was initially employed in February 2000 and therefore denies same. FBC of Thomasville denies the remaining allegations contained in Paragraph 99 of the Complaint.

100.    FBC of Thomasville admits that FBC of Opelika entered into an independent distributor agreement with Small and that Small was an independent contractor distributor for FBC of Opelika from March 2000 until September 2005. FBC of Thomasville denies the remaining allegations contained in Paragraph 100 of the Complaint.

101.    FBC of Thomasville admits that Small purchased a territory from FBC of Opelika in March 2000 and that Small purchased a delivery van. FBC of Thomasville denies the remaining allegations contained in Paragraph 101 of the Complaint.

102.    FBC of Thomasville denies the allegations contained in Paragraph 102 of the Complaint.

103.    FBC of Thomasville denies the allegations contained in Paragraph 103 of the Complaint.

104.    FBC of Thomasville denies the allegations contained in Paragraph 104 of the Complaint.

105.    FBC of Thomasville admits that Melvin Snow was initially employed through a temporary employment agency as a prospective distributor for FBC of Opelika in or about 1996. FBC of Thomasville denies the remaining allegations contained in Paragraph 105 of the Complaint.

106.    FBC of Thomasville admits that FBC of Opelika entered into an independent distributor agreement with Snow and that Snow was an independent contractor distributor from approximately 1997 until approximately 2002. FBC of Thomasville denies the remaining allegations contained in Paragraph 106 of the Complaint.

107.     FBC of Thomasville admits that FBC of Opelika entered into an independent distributor agreement with Snow and that Snow was an independent contractor distributor for FBC of Opelika from about March 2004 until September 2005.  FBC of Thomasville denies the remaining allegations contained in Paragraph 107 of the Complaint.

108.     FBC of Thomasville admits that Snow purchased a territory from FBC of Opelika in about March 2004 and leased a delivery truck from Synovus Leasing.  FBC of Thomasville denies the remaining allegations contained in Paragraph 108 of the Complaint.

109.     FBC of Thomasville denies the allegations contained in Paragraph 109 of the Complaint.

110.     FBC of Thomasville denies the allegations contained in Paragraph 110 of the Complaint.

111.     FBC of Thomasville denies the allegations contained in Paragraph 111 of the Complaint.

112.     FBC of Thomasville admits that Greg Patisaul was initially employed through a temporary employment agency as a prospective distributor for FBC of Opelika in approximately 2004 and that he remained in that position until March 2005.  FBC of Thomasville is without knowledge or information sufficient to form a belief as to truth of the allegation that Patisaul was initially employed in October 2004 and therefore denies same.  FBC of Thomasville denies the remaining allegations contained in Paragraph 112 of the Complaint.

113.     FBC of Thomasville admits that FBC of Opelika entered into an independent distributor agreement with Patisaul and that Patisaul was an independent contractor distributor for FBC of Opelika from about March 2005 until April 2005.  FBC of Thomasville denies the remaining allegations contained in Paragraph 113 of the Complaint.

114.    FBC of Thomasville admits that Patisaul purchased a territory from FBC of Opelika in approximately March 2005 and leased a delivery truck from Synovus Leasing.  FBC of Thomasville denies the remaining allegations contained in Paragraph 114 of the Complaint.

115.    FBC of Thomasville denies the allegations contained in Paragraph 115 of the Complaint.

116.    FBC of Thomasville denies the allegations contained in Paragraph 116 of the Complaint.

117.    FBC of Thomasville admits that Gary Chambliss was employed as a route employee for FBC of Thomasville from approximately July 1991 until 1994.   FBC of Thomasville denies the remaining allegations contained in Paragraph 117 of the Complaint.

118.    FBC of Thomasville admits that it entered into an independent distributor agreement with Chambliss and admits that Chambliss was an independent contractor distributor for FBC of Thomasville from 1994 until 2006, but denies the remaining allegations contained in Paragraph 118 of the Complaint.

119.    FBC of Thomasville admits that Chambliss purchased a territory from FBC of Thomasville in 1994 and purchased a delivery truck from FBC of Thomasville.   FBC of Thomasville denies the remaining allegations contained in Paragraph 119 of the Complaint.

120.    FBC of Thomasville denies the allegations contained in Paragraph 120 of the Complaint.

121.    FBC of Thomasville denies the allegations contained in Paragraph 121 of the Complaint.

122.    FBC of Thomasville denies the allegations contained in Paragraph 122 of the Complaint.

123.   FBC of Thomasville denies the allegations contained in Paragraph 123 of the Complaint.

124.   FBC of Thomasville denies the allegations contained in Paragraph 124 of the Complaint and further denies that Plaintiffs or those individuals Plaintiffs purport to represent have any cognizable claims under the FLSA or that this action should proceed as a collective one.

125.   FBC of Thomasville denies the allegations contained in Paragraph 125 of the Complaint.

126.   FBC of Thomasville denies the allegations contained in Paragraph 126 of the Complaint.

127.   FBC of Thomasville denies the allegations contained in Paragraph 127 of the Complaint.

128.   FBC of Thomasville denies the allegations contained in Paragraph 128 of the Complaint.

129.   FBC of Thomasville denies that a class for which Plaintiffs can serve as representatives exists.  FBC of Thomasville further denies that Plaintiffs have retained counsel who are able to effectively represent the interests of any such class (which FBC of Thomasville denies exists).  FBC of Thomasville is without sufficient knowledge or information to form a belief as to the truth of whether Plaintiffs' counsel is competent and experienced and therefore denies the same.  FBC of Thomasville denies the remaining allegations contained in Paragraph 129 of the Complaint.

130.   FBC of Thomasville denies the allegations contained in Paragraph 130 of the Complaint.

131.    FBC of Thomasville denies the allegations contained in Paragraph 131 of the Complaint.

132.    FBC of Thomasville incorporates by reference its responses to Paragraphs 1-131 as if fully set forth herein.

133.    FBC of Thomasville admits that the FLSA requires that covered employees be compensated for every hour worked in a workweek, 29 U.S.C. § 206(b), but denies that Plaintiffs or those individuals Plaintiffs purport to represent were, or are, covered employees of FBC of Opelika, FBC of Thomasville, Flowers Foods, Inc., or any other subsidiary of Flowers Foods, Inc. while engaged as independent contractor distributors.

134.    FBC of Thomasville admits that failure to pay time and a half for hours worked over 40 in a given workweek violates 29 U.S.C. § 207, but denies the remaining allegations contained in Paragraph 134 of the Complaint.

135.    FBC of Thomasville denies the allegations contained in Paragraph 135 of the Complaint.

136.    FBC of Thomasville denies the allegations contained in Paragraph 136 of the Complaint.

137.    FBC of Thomasville denies the allegations contained in Paragraph 137 of the Complaint.

FBC of Thomasville denies that Plaintiffs or those individuals Plaintiffs purport to represent are entitled to any relief as requested in the prayer for relief following Paragraph 137 of the Complaint.

FBC of Thomasville denies each and every allegation of the Complaint not specifically admitted herein to be true.

## ADDITIONAL DEFENSES

As for separate defenses to the Complaint, and without conceding that FBC of Thomasville bears the burden of proof or persuasion as to any of them, except as required by applicable law with respect to the defense asserted, FBC of Thomasville states as follows:

## FIRST DEFENSE

Plaintiffs' claims are barred to the extent the Court lacks jurisdiction over Flowers Foods, Inc. and to the extent Flowers Foods, Inc. is not a real party in interest.

Flowers Foods, Inc. owns approximately thirty-five (35) baking subsidiaries, including FBC of Opelika and FBC of Thomasville. Flowers Foods, Inc. does not conduct any significant activities in Alabama and does not exercise any day-to-day control over FBC of Opelika or FBC of Thomasville, nor has it done so at any time relevant to this case. Neither does Flowers Foods, Inc. have (nor did it ever have) any contractual or other relationship with Plaintiffs or those individuals Plaintiffs purport to represent. As such, Flowers Foods, Inc. has insufficient contacts with the State of Alabama to allow this Court to assert personal jurisdiction under either the doctrine of general jurisdiction or specific jurisdiction.

## SECOND DEFENSE

Plaintiffs' claims against Flowers Foods, Inc. are barred because Flowers Foods, Inc. never had a contractual or business relationship with Plaintiffs or those individuals Plaintiffs purport to represent.

## THIRD DEFENSE

Flowers Foods, Inc. is improperly joined in this action because Flowers Foods, Inc. was not Plaintiffs' "employer" or the "employer" of those individuals Plaintiffs purport to represent.

## FOURTH DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

Plaintiffs' claims are barred, at least in part, by the applicable statute of limitations, specifically the FLSA's two-year statute of limitations.

## SIXTH DEFENSE

Some of the Plaintiffs may lack standing to pursue certain claims.

## SEVENTH DEFENSE

Some or all of the purported claims in the Complaint are barred because the named Plaintiffs lack standing to represent the purported collective action members.

## EIGHTH DEFENSE

To the extent Plaintiffs seek to assert claims on behalf of individuals who are (were) independent contractor distributors with any Flowers Foods' subsidiary other than FBC of Opelika or FBC of Thomasville, Plaintiffs' claims are barred under the doctrines of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process.

## NINTH DEFENSE

Plaintiffs' claims on behalf of some of the individuals Plaintiffs purport to represent are barred by the doctrines of release and waiver, accord and satisfaction, collateral estoppel and/or judicial estoppel, and res judicata.

**TENTH DEFENSE**

Plaintiffs and those individuals Plaintiffs purport to represent cannot recover under the FLSA because they are not employees under the FLSA. Plaintiffs and those individuals Plaintiffs purport to represent entered into independent distributor agreements which expressly provide that they were (are) independent contractors, and neither FBC of Opelika, FBC of Thomasville, Flowers Foods, Inc., nor any other subsidiary of Flowers Foods, Inc. exercised the requisite degree of control for the Plaintiffs or those individuals Plaintiffs purport to represent to be employees under the FLSA.

**ELEVENTH DEFENSE**

Neither Plaintiffs nor those individuals Plaintiffs purport to represent are "similarly situated" under the FLSA, 29 U.S.C. §§ 201-219, as amended by the Portal-to-Portal Act, *id.* §§ 251-62.

**TWELFTH DEFENSE**

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, Plaintiffs' claims for overtime and all associated costs, expenses, and fees are barred due to the "Outside Sales" Exemption set forth in Section 13(a)(1) of the Act because Plaintiffs and those individuals Plaintiffs purport to represent are consistently and regularly engaged away from the premises of FBC of Opelika, FBC of Thomasville, Flowers Foods, Inc., and any other subsidiary of Flowers Foods, Inc. making sales.

**THIRTEENTH DEFENSE**

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, Plaintiffs' claims for overtime and all associated costs, expenses, and fees are barred by the Motor Carrier Exemption set forth in Section 13(b)(1) of the Act,

because Plaintiffs and those individuals Plaintiffs purport to represent transport certain goods originating out of state and because there is practical continuity of movement of these goods until they reach retail customers.

### FOURTEENTH DEFENSE

Assuming, *arguendo,* that Plaintiffs and those individuals Plaintiffs purport to represent are subject to the FLSA, and assuming, *arguendo*, that Plaintiffs and those individuals Plaintiffs purport to represent do not fall within any exemption to the FLSA, some or all of the time worked by Plaintiffs or those individuals Plaintiffs purport to represent is not compensable under the provisions of the Portal-to-Portal Act, 29 U.S.C. §§ 251-62.

### FIFTEENTH DEFENSE

Plaintiffs and those individuals Plaintiffs purport to represent may not recover liquidated damages because neither FBC of Opelika, FBC of Thomasville, nor Flowers Foods, Inc., nor any officers, directors, managers, or agents of any of them, committed any willful violation of the overtime provisions of the FLSA, nor did they ratify any such violation.

### SIXTEENTH DEFENSE

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, Plaintiffs' FLSA claims are barred by the "good faith reliance" defense under Section 10 of the Portal to Portal Act.

### SEVENTEENTH DEFENSE

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, and further assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent could establish actual claims, Plaintiffs and those individuals Plaintiffs purport to represent are not entitled to liquidated damages because, under Section 11 of

the Portal to Portal Act, FBC of Opelika, FBC of Thomasville, and Flowers Foods, Inc. acted in good faith and have reasonable grounds for believing that the alleged act or omission was not a violation of the FLSA.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred because FBC of Opelika, FBC of Thomasville, and Flowers Foods, Inc. have at all times acted reasonably and in good faith.

### NINETEENTH DEFENSE

Assuming, *arguendo,* that Plaintiffs and those individuals Plaintiffs purport to represent are covered by the FLSA, neither FBC of Opelika, FBC of Thomasville, nor Flowers Foods, Inc., nor any of their officers, directors, managers, or agents, knew or intended that alleged acts or omissions, which FBC of Opelika, FBC of Thomasville, and Flowers Foods, Inc. deny, were prohibited by the FLSA. Neither did FBC of Opelika, FBC of Thomasville, or Flowers Foods, Inc. show reckless indifference to or disregard for the requirements of the FLSA, nor did they ratify any such acts or omissions.

### TWENTIETH DEFENSE

At all relevant times FBC of Opelika, FBC of Thomasville, and Flowers Foods, Inc. honestly intended to ascertain the FLSA's requirements and to comply with them.

### TWENTY-FIRST DEFENSE

Plaintiffs have failed to plead facts with sufficient particularity to support an award of liquidated damages.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims on behalf of those individuals Plaintiffs purport to represent are barred by failing to satisfy the opt-in requirements of 29 U.S.C. § 216(b).

## TWENTY-THIRD DEFENSE

For some or all of the claims asserted, individual issues of fact or law predominate over common issues.

## TWENTY-FOURTH DEFENSE

Plaintiffs and their counsel are not adequate representatives of those individuals Plaintiffs purport to represent.

## TWENTY-FIFTH DEFENSE

Some or all of the purported claims in the Complaint are barred because a collective action under FLSA Section 216(b) is not superior to other available methods for the fair and efficient adjudication of this controversy.

## TWENTH-SIXTH DEFENSE

Some or all of the purported claims in Plaintiffs' Complaint are barred because neither FBC of Opelika, FBC of Thomasville, nor Flowers Foods, Inc. has acted or refused to act on any grounds generally applicable to the purported class members and therefore final injunctive relief or corresponding declaratory relief with respect to the purported class members is not appropriate.

## TWENTY-SEVENTH DEFENSE

Some or all of the purported claims in Plaintiffs' Complaint are barred because the alleged claims of the named Plaintiffs are not typical of the purported claims of the purported class members.

## TWENTY-EIGHTH DEFENSE

Some or all of the purported claims in the Plaintiffs' Complaint are barred because the purported class members are not so numerous that joinder of each member would be impracticable.

## TWENTY-NINETH DEFENSE

Certain of Plaintiffs' interests are in conflict with the interests of those Plaintiffs purport to represent.

## THIRTIETH DEFENSE

Assuming, *arguendo,* Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, and further assuming, *arguendo,* Plaintiffs could establish an FLSA claim, Plaintiffs and those individuals Plaintiffs purport to represent are not entitled to prejudgment interest because FBC of Opelika, FBC of Thomasville and Flowers Foods, Inc. acted in good faith or because such interest is otherwise not properly recoverable.

## THIRTY-FIRST DEFENSE

FBC of Thomasville will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such other affirmative and additional defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

**WHEREFORE**, FBC of Thomasville respectfully requests that the Second Amended Complaint against it be dismissed in its entirety and that it be granted its reasonable costs and attorney's fees and any other relief this Court may deem appropriate.

Respectfully submitted this 20th day of November, 2007.

/s/ Kevin P. Hishta_____
Kevin P. Hishta

27

Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail: Kevin.Hishta@ogletreedeakins.com
(404) 881-1300
(404) 870-1732 Fax


Sandra B. Reiss
Alabama Bar No. ASB-3650-S80S
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
e-mail:   Sandra.Reiss@odnss.com
Ph.  (205) 328-1900; Fax:  (205) 328-6000

*Counsel for Defendants, Flowers Foods, Inc.*
*Flowers Baking Co. of Opelika, LLC, and Flowers Baking*
*Co. of Thomasville, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2007, I electronically filed the foregoing Answer of Flowers Baking Co. of Thomasville, LLC to Plaintiffs' Second Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

> Greg L. Davis, Esq.
> The Law Offices of Greg L. Davis
> 6987 Halcyon Park Drive
> Montgomery, AL  36117

> Joe R. Whatley, Jr., Esq.
> Whatley Drake & Kallas, LLC
> 2001 Park Place North
> Suite 1000
> Birmingham, Alabama  35203

> Amy Lynne Weaver
> Whatley Drake & Kallas, LLC
> 2001 Park Place North
> Suite 1000
> Birmingham, Alabama  35203

> Joseph P. Guglielmo, Esq.
> Whatley Drake & Kallas, LLC
> 1540 Broadway, 37th Floor
> New York, New York  10036

I hereby certify that a true and correct copy will be sent by First Class, U.S. Mail on this 20th day of November, 2007 to:

> E. Kirk Wood, Esq.
> Law Offices of Archie Lamb
> 2017 2nd Avenue North
> Birmingham, Alabama 35201

                                   /s/ Kevin P. Hishta_____
                                   Kevin P. Hishta