IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CHARLES MORROW, MICHAEL OVERTON, JAMES MARTY SMITH, DWAYNE CLEVELAND, MICHAEL SMITH, MARK MURPHY, DOUG BRANCH, LEW BAXTER, RICKY SMALL, MELVIN SNOW, GREG PATISAUL and GARY CHAMBLISS, Individually and on behalf of similarly situated employees, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO.: ) 3:07-CV-617-MHT |
| v. | ) ) |
| FLOWERS FOODS, INC., FLOWERS BAKING CO., OF OPELIKA, LLC, and FLOWERS BAKING CO. OF THOMASVILLE, LLC, | ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
REPLY BRIEF IN FURTHER SUPPORT OF
<u>MOTION FOR CONDITIONAL CERTIFICATION</u>**

COME NOW Plaintiffs, by and through their undersigned counsel, and submit the following response to Defendants' Objections to Plaintiffs' Reply Brief in Support of Motion for Conditional Certification.

1.      Defendants first object to the filing of Plaintiffs' reply brief claiming that Plaintiffs filed their reply brief without the Court's permission and not within the time requirements to file a reply as set forth by the Court. Defendants are incorrect as they fail to acknowledge that Plaintiffs' Reply Brief was timely filed under the Court's prior orders in this case. Specifically, Plaintiffs filed their Reply Brief in Support of Motion for Conditional Certification pursuant to the Uniform Scheduling Order, D.E. No. 28.

The Court ordered, in Section 12, that "Except to the extent of any conflict with deadlines set out herein, the discovery plan contained in the report of the party planning meeting (Doc. 16) is adopted and incorporated herein."

2. The Report of the party planning meeting, filed August 17, 2007, declared in pertinent part that "plaintiffs shall file any reply memoranda of law in further support of their motion for conditional certification no later than twenty (20) days after Defendants file their response." (*See*, D.E. No. 16). That date was November 8, 2007, when Plaintiffs filed the brief in question. Notably, the parties previously agreed to the filing of a Reply Brief by Plaintiffs by including this fact in the Report that was ultimately adopted by the Court.

3. Defendants' second objection is to the inclusion of additional affidavits submitted by the Plaintiffs in support of their Motion for Conditional Certification. Specifically, Defendants argue that such affidavits contain new evidence and that to certain statements made by the Plaintiffs in their affidavits are inadmissible and should not be considered for the purposes of conditional certification. Defendants incorrectly cite to a number of cases that declare the affidavits inadmissible under the Federal Rules of Evidence because they contain "hearsay statements, mere opinion testimony, bald conclusions and speculative allegations." *See*, D.E. No. 56, at pp. 3-6. None of the cases cited by Defendants relate to the facts set forth in the affidavits or refer to affidavits submitted in connection with a motion for conditional certification under the FLSA. Under the FLSA, "the initial class certification determination must be made upon preliminary documents such as pleadings and affidavits, which necessarily contain unproven allegations." *Fasanelli v. Heartland Brewery, Inc.*, --- F. Supp.2d ---, 2007 WL

2947486 at *3 (S.D.N.Y. October 5, 2007); *see also White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006) ("requiring a plaintiff to present evidence in favor of conditional certification that meets the standards in Rule 56 fails to take into account that the plaintiff has not yet been afforded an opportunity, through discovery, to test fully the factual basis for his case.").

4. The Plaintiffs attest to facts regarding their knowledge and belief of others who have expressed interest in joining the action. Moreover, they attested to their understanding regarding common issues that are considered on a motion for conditional certification. They were sworn to under penalty of perjury and are the statements of the Plaintiffs based on their personal experiences and should be considered with the Motion for Conditional Certification. Thus, Plaintiffs affidavits are admissible for the reasons set forth above and can properly be considered by the Court on a motion for conditional certification.

WHEREFORE, premises considered, Plaintiffs respectfully request that the Court overrule Defendants' objections to the filing of the reply brief and consider the evidence submitted therewith in furtherance of Plaintiffs' motion for conditional certification.

Respectfully submitted this 20th day of November, 2007.

/s/ Amy A. Weaver
Amy A. Weaver, ASB-6878-Y82A

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117

334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York, 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of November, I electronically filed the foregoing Response to Defendants' Objections to the Reply Brief in Further Support of Plaintiffs' Motion for Conditional Certification using the CM/ECF system which will send notification of such filing to:

Sandra B. Reiss
Christopher W. Deering
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com
Chris.Deering@odnss.com

Kevin P. Hishta  
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.  
600 Peachtree Street, NE  
Suite 2100  
Atlanta, Georgia 30308  
404-881-1300  
Kevin.Hishta@ogletreedeakins.com  

                                                         /s/Amy A Weaver  
                                                       Amy A Weaver, ASB-6878-Y82A