# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| CHARLES MORROW, MICHAEL OVERTON, JAMES MARTY SMITH, DWAYNE CLEVELAND, MICHAEL SMITH, MARK MURPHY, DOUG BRANCH, LEW BAXTER, RICKY SMALL, MELVIN SNOW, GREG PATISAUL, and GARY CHAMBLISS, Individually and on behalf of similarly situated employees, </br></br>Plaintiffs,</br></br>v.</br></br>FLOWERS FOODS, INC., FLOWERS BAKING CO. OF OPELIKA, LLC, and FLOWERS BAKING CO. OF THOMASVILLE, LLC,</br></br>Defendants. | CIVIL ACTION NO: 3:07-CV-617-MHT |

### DEFENDANT FLOWERS FOODS INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER LIMITING THE SCOPE OF PLAINTIFFS' PROPOSED 30(B)(6) DEPOSITION

**COMES NOW** Defendant, Flowers Foods, Inc. ("Flowers Foods"), by and through its undersigned counsel, and respectfully submits this Reply Brief in Support of its Motion For Protective Order limiting the scope of the subject matter topics, and the documents requested, in Plaintiffs' 30(b)(6) Notice of Videotaped Deposition.

### A. Addition of Flowers/Thomasville and Plaintiff Gary Chambliss

At the time Flowers Foods filed its Motion for Protective Order and accompanying Brief, Flowers Baking Co. of Thomasville, LLC ("Flowers/Thomasville") and a former distributor of

Flowers/Thomasville, Gary Chambliss, were not yet parties to this lawsuit. By Order dated November 6, 2007, the Court allowed Flowers/Thomasville and Chambliss to become parties to this lawsuit. Accordingly, Flowers Foods agrees that discovery concerning Flowers/Thomasville and Chambliss, consistent with the proposed discovery regarding Flowers/Opelika and the Opelika plaintiffs, is now appropriate.[1]

**B. Classwide Discovery is Premature and Inappropriate**

However, for the reasons set forth in Flowers Foods' principal Brief, discovery concerning the policies and practices of the other 23 Flowers Foods' subsidiaries and any Flowers Foods' involvement in such policies and practices remains inappropriate because no class has been conditionally certified, none of the other subsidiaries are parties to this lawsuit, and there are no plaintiffs from such other subsidiaries.

In their opposition memorandum, Plaintiffs' contend "Flowers should not be allowed to argue against certification while refusing discovery on the very issues Plaintiffs contend would support certification."[2] Plaintiffs' position ignores the clear import of *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001), *Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694 (M.D. Ala. 2003), and the two-tiered procedure the district courts should use in Section 216(b) actions. "Applying [the Hipp] analysis in this case, because no collective action has been conditionally certified, **discovery before step one of the two-step procedure is premature**." *Crawford,* 214 F.R.D. at 695. (emphasis added). Contrary to Plaintiff's argument, the holding is not limited to the particular type of class discovery sought in *Crawford. See also, Metzger v. American Fidelity Assurance Co.,* Case No. CIV-05-1387-M, 2006 U.S. Dist. LEXIS 79956, at

---

[1] Defendants' counsel advised Plaintiffs' counsel of this position in a conference call on November 16, 2007.

*5 (W.D. Okla. Oct. 21, 2006) (citing *Crawford*, the court ruled that because no collective action had been conditionally certified, discovery regarding the requirements for class certification was premature and only individual discovery was appropriate).[3] Under the well-established, two-tiered procedure, the conditional class certification decision is generally made on the basis of affidavit evidence only, not class discovery such as Plaintiffs are attempting to seek here.

Plaintiffs also contend: "The gravamen of this case is that Defendant Flowers Foods, Inc., acted as a joint employer with its wholly-owned subsidiaries in creating and implementing the independent contractor route distributors position…."[4] Even assuming, *arguendo*, some class discovery is appropriate, any class discovery should be limited to: (1) Flowers/Opelika and Flowers/Thomasville and the locations Plaintiffs work or worked; (2) and Flowers Foods' relationship with Flowers/Opelika and Flowers/Thomasville, not the nationwide class Plaintiffs seek.[5] The scope of such discovery is consistent with prior precedent of this Court and in this Circuit limiting conditional classes to the locations plaintiffs worked. *Harper, et al. v. Lovett's*

---

[2] Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Protective Order ("Plaintiffs' Memorandum"), p. 4, n.2. (Ct. Doc. No. 57).
[3] Plaintiffs also claim that Flowers Foods has misinterpreted *Cameron-Grant v. Maxim Healthcare Services,* 347 F.3d 1240 (11th Cir. 2003). Plaintiffs' position is without merit. The reasoning in *Cameron-Grant* regarding the procedural posture of a collective action case before any decision on conditional certification, and the difference between 216(b) actions and Rule 23 actions, merely mirrors the plain language and intent behind 216(b) actions. *Cameron-Grant* has been specifically followed in this regard. Unless and until a case is conditional certified as a collective action, a case is an individual, multi-plaintiff case only. *See, e.g., Gonzales v. Hair Club for Men, Ltd., 2007* U.S.Dist. LEXIS 26160 at *6 n.2 (M.D. Fla. April 9, 2007)*; Becker v. Southern Soils Turf Management, Inc.* 2006 U.S. Dist.8511, at **4-6 (M.D. Fla. November 20, 2006).
[4] Plaintiffs' Memorandum, p. 3.
[5] Plaintiffs contend that Flowers Foods' involvement in implementing the distributor model and any ongoing involvement in all subsidiaries is "relevant to the case whether it is an individual, multi-plaintiff action as the Defendants contend or a collective action as Plaintiffs contend." Plaintiffs' Memorandum, p. 7. This contention is without merit. What involvement Flowers Foods has with Flowers Baking Co. of San Antonio, Flowers Baking Co. of Miami, etc. has no relevance to the current Plaintiffs and exceeds any class tailored to the locations Plaintiffs work or worked.

3

*Buffet, Inc.,* 185 F.R.D. 358, 363 (M.D. Ala. 1999); *Johnson and Paisley v. WellPoint, Inc., et al.,* No. 1:06-cv-02430-ODE, slip. op. at 7 (N.D. Ga., Aug. 23, 2007).[6]

The following sets forth Plaintiffs' current proposed subject matter topics and document requests, and, in bold, Flowers Foods' circumscribed, counter-proposed subject matter topics and document responses in light of the addition of Flowers/Thomasville and Gary Chambliss and the authorities discussed above and in Flowers Foods' principal Brief in Support of its Motion.

## Subject Matter Topics[7]

1.  <u>Plaintiffs' Proposed Scope of Inquiry</u>: Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors.

    **<u>Flowers Foods' Proposed Scope of Inquiry:</u>  Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers/Opelika and Flowers/Thomasville.**

2.  <u>Plaintiffs' Proposed Scope of Inquiry</u>: Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by its

---

[6] Ct. Doc. No. 42, pp. 18, 43, Ex. 17. *See also*, Defendants' Class Opposition Brief, Ct.Doc. No. 42, pp. 19, 43-47, Ex. 17.

[7] Plaintiffs' contention that they are not seeking system-wide discovery is belied by most of their proposed scope of inquires and proposed production which seek testimony and documents regarding all Flowers Foods' subsidiaries.

subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' actual involvement in the actual conversion of employee route salespersons to independent contractors.

**Flowers Foods' Proposed Scope of Inquiry: Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers/Opelika and Flowers/Thomasville.**

3.  Plaintiffs' Proposed Scope of Inquiry: Flowers Foods' involvement in decisions made by its subsidiaries to engage or utilize independent distributors or employee route salespersons, including any guidelines, policies, or other such parameters that might affect decision making from July 2, 2004, to date.

**Flowers Foods' Proposed Scope of Inquiry: Flowers Foods' involvement in decisions made by Flowers/Opelika and Flowers/Thomasville to engage or utilize independent distributors or employee route salespersons, including any guidelines, policies, or other such parameters that might affect Flowers/Opelika's and Flowers/Thomasville's decision making from July 2, 2004, to date.**

4.  Plaintiffs' Proposed Scope of Inquiry: Flowers Foods' involvement in the decisions made by its subsidiaries to engage or utilize independent distributors or employee route salespersons, including any guidelines, policies, or other parameters that might affect decision making from July 2, 2004, to date.

5

**Flowers Foods' Proposed Scope of Inquiry: Flowers Foods' involvement in decisions made by Flowers/Opelika and Flowers/Thomasville to engage or utilize independent distributors or employee route salespersons, including any guidelines, policies, or other such parameters that might affect Flowers/Opelika's and Flowers/Thomasville's decision making from July 2, 2004, to date.**

5. Plaintiffs' Proposed Scope of Inquiry: Flowers Foods' involvement with national accounts and specifically any involvement in any of the Plaintiffs' respective territories (*i.e.*, testimony regarding those national accounts and that one or more of the Plaintiffs actually sold products to) from July 2, 2004, to date.

**Flowers Foods' Proposed Scope of Inquiry: Flowers Foods' involvement with national accounts in Plaintiffs' respective territories (*i.e.*, testimony regarding those national accounts that one or more of the Plaintiffs actually sold products to) from July 2, 2004, to date.**

6. Plaintiffs' Proposed Scope of Inquiry: Flowers Foods' involvement with national accounts and specifically any involvement in any of Plaintiffs' respective territories (*i.e.*, testimony regarding those national accounts that one or more of the Plaintiffs actually sold products to) from July 2, 2004, to date.

**Flowers Foods' Proposed Scope of Inquiry: Flowers Foods' involvement with national accounts in Plaintiffs' respective territories (*i.e.*, testimony regarding those national accounts that one or more of the Plaintiffs actually sold products to) from July 2, 2004, to date.**

7.  <u>Plaintiffs' Proposed Scope of Inquiry</u>:  Flowers Foods' involvement in the determination of who was responsible for any losses sustained by Flowers Foods' subsidiaries or independent distributors from July 2, 2004, to date.  This would include testimony regarding the parent/subsidiary consolidated accounting between Flowers Foods and its subsidiaries.

**<u>Flowers Foods' Proposed Scope of Inquiry:</u> Flowers Foods' involvement in the determination of who was responsible for any losses sustained by Flowers/Opelika and Flowers/Thomasville or independent distributors of Flowers/Opelika and Flowers/Thomasville from July 2, 2004, to date.  This would include testimony regarding the parent-subsidiary consolidated accounting between Flowers Foods and Flowers/Opelika and Flowers Foods and Flowers/Thomasville.**

8.  <u>Plaintiffs' Proposed Scope of Inquiry</u>:  Flowers Foods' involvement in the retention, engagement, termination, or payment of independent distributors and testimony regarding the accounting methodology utilized by the subsidiaries for distributors from July 2, 2004, to date.

**<u>Flowers Foods' Proposed Scope of Inquiry:</u> Flowers Foods' involvement in the retention, engagement, or termination of Flowers/Opelika and Flowers/Thomasville distributor agreements and testimony regarding the accounting methodology utilized by Flowers/Opelika and Flowers/Thomasville for distributor accounting from July 2, 2004, to date.**

9.  <u>Plaintiffs' Proposed Scope of Inquiry</u>:  Flowers Foods' involvement in the creation and implementation of any independent distributor agreements or operating manuals utilized by its subsidiaries from July 2, 2004, to date.

**Flowers Foods' Proposed Scope of Inquiry: Flowers Foods' involvement in the creation and implementation of any independent distributor agreements or operating manuals utilized by Flowers/Opelika and Flowers/Thomasville from July 2, 2004, to date.**

10.     Plaintiffs' Proposed Scope of Inquiry:  Flowers Foods' involvement in the creation of [sic] implementation of any operating manuals and independent distributor agreements utilized by its subsidiaries from July 2, 2004, to date.

**Flowers Foods' Proposed Scope of Inquiry**: **Flowers Foods' involvement in the creation and implementation of any operating manuals and independent distributor agreements utilized by Flowers/Opelika and Flowers/Thomasville from July 2, 2004, to date.**

### Requests for Production of Documents

1.      Plaintiffs' Proposed Production:    All non-privileged documents[8] concerning Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at its subsidiaries.

**Flowers Foods' Proposed Production:  All non-privileged documents concerning Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and**

---

[8] Flowers Foods agrees to Plaintiffs' proposal to submit a privilege log within 30 days following the production of documents.

**Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers/Opelika and Flowers/Thomasville.**

2. Plaintiffs' Proposed Production: All non-privileged documents concerning Flowers Foods' involvement in the development of the independent distributor business model for use by its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at its subsidiaries.

**Flowers Foods' Proposed Production: All non-privileged documents concerning Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers/Opelika and Flowers/Thomasville.**

3. Plaintiffs' Proposed Production: All non-privileged documents concerning Flowers Foods' involvement in decisions made by its subsidiaries to engage or utilize independent distributors or employee route salespersons, including any guidelines, policies, or other such parameters that might affect its subsidiaries decision making from July 2, 2004, to date.

**Flowers Foods' Proposed Production: All non-privileged documents concerning Flowers Foods' involvement in decisions made by Flowers/Opelika and Flowers/Thomasville to engage or utilize independent distributors or employee route**

9

**salespersons, including any guidelines, policies, or other such parameters that might affect Flowers/Opelika's and Flowers/Thomasville's decision making from July 2, 2004, to date.**

4.     Plaintiffs' Proposed Production:  Copies of any form agreements used by Flowers Foods' subsidiaries and its independent distributors from July 2, 2004, to date.

**Flowers Foods' Proposed Production:  Copies of any form agreements between Flowers/Opelika and its independent distributors and Flowers/Thomasville and its independent distributors from July 2, 2004, to date.**

5.     Plaintiffs' Proposed Production:  Non-privileged documents concerning policies, procedures, and guidelines developed for Flowers Foods' subsidiaries' use in retaining independent distributors from July 2, 2004, to date.

**Flowers Foods' Proposed Production:   Non-privileged documents concerning policies, procedures and guidelines developed for Flowers/Opelika's and Flowers/Thomasville's use in retaining independent distributors from July 2, 2004, to date.**

6.     Plaintiffs' Proposed Production:  Non-privileged documents concerning Flowers Foods' involvement in national accounts including documents concerning Flowers Foods' involvement in national accounts serviced by Plaintiffs from July 2, 2004, to date.

**Flowers Foods' Proposed Production:  Representative non-privileged documents concerning Flowers Foods' involvement in national accounts serviced by Plaintiffs from July 2, 2004, to date.**

7.     Plaintiffs' Proposed Production:   Non-privileged documents describing the responsibility of loss by Flowers Foods for any products sold by Flowers Foods' subsidiaries' independent distributors from July 2, 2004, to date.

**Flowers Foods' Proposed Production:  Representative non-privileged documents describing the responsibility of loss by Flowers Foods for any products sold by Flowers/Opelika and Flowers/Thomasville independent distributors from July 2, 2004, to date.**

8.      Plaintiffs' Proposed Production:  Non-privileged documents concerning Flowers Foods' involvement in the engagement or termination of independent distributors by its subsidiaries from July 2, 2004, to date and representative documents concerning the accounting methodology utilized by its subsidiaries for distributor accounting from July 2, 2004, to date.

**Flowers Foods' Proposed Production:  Any non-privileged documents concerning Flowers Foods' involvement in the engagement or termination of independent distributors by Flowers/Opelika and Flowers/Thomasville from July 2, 2004, to date and representative documents concerning the accounting methodology utilized by Flowers/Opelika and Flowers/Thomasville for distributor accounting from July 2, 2004, to date.**

9.      Plaintiffs' Proposed Production:  Non-privileged documents regarding Flowers Foods' involvement in the creation and implementation of any operating manuals and independent distributor agreements from July 2, 2004, to date.

**Flowers Foods' Proposed Production:  Any non-privileged documents regarding Flowers Foods' involvement in the creation and implementation of any operating manuals and independent distributor agreements utilized by Flowers/Opelika and Flowers/Thomasville from July 2, 2004, to date**.

10. <u>Plaintiffs' Proposed Production</u>: Copies of any form agreements and manuals utilized by Flowers Foods' subsidiaries with respect to independent distributors from July 2, 2004, to date.

**<u>Flowers Foods' Proposed Production:</u> Copies of any form agreements and manuals utilized by Flowers/Opelika and Flowers/Thomasville with respect to independent distributors from July 2, 2004, to date.**

11. <u>Plaintiffs' Proposed Production</u>: All non-privileged documents concerning Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers Foods' subsidiaries.

**<u>Flowers Foods' Proposed Production:</u> All non-privileged documents concerning Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers/Opelika and Flowers/Thomasville.**

**WHEREFORE,** Flowers Foods respectfully requests that this Honorable Court GRANT its Motion for a Protective Order limiting the scope of topics and documents requested in Plaintiffs' 30(b)(6) Notice of Videotaped Deposition as set forth herein.

Respectfully submitted this 21st day of November, 2007.

/s/Sandra B. Reiss
Sandra B. Reiss (ASB-3650-S80S)
Christopher W. Deering (ASB-5555-I71C)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail: Sandra.Reiss@odnss.com
E-mail: Chris.Deering@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

and

Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA   30308
E-mail:  Kevin.Hishta@ogletreedeakins.com
Ph.  (404) 881-1300
Fax (404) 870-1732

Counsel for Defendants, Flowers Foods, Inc., Flowers Baking Company of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 21st day of November, 2007, I electronically filed the foregoing Flowers Foods, Inc.'s Reply Brief in Support of its Motion for Protective Order Limiting the Scope of Plaintiffs' Proposed 30(b0(6) Deposition with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Greg L. Davis, Esq.
The Law Offices of Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL  36117
gldavis@knology.net

Joe R. Whatley, Jr., Esq.
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203
jwhatley@wdklaw.com

Joseph P. Guglielmo, Esq.
Whatley Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York  10036
jguglielmo@wdklaw.com

Amy Lynne Weaver
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203
aweaver@wdklaw.com

  And I hereby certify that I have mailed by United States, First Class Mail, postage prepaid the document to the following non-CM/ECF participant:

E. Kirk Wood, Esq.
Wood Law Firm, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233

            /s/ Sandra B. Reiss
            Sandra B. Reiss

5344009.2