IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES MORROW, *et al.*, | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 3:07-cv-617-MHT |
| | ) |
| FLOWERS FOODS, INC., et al., | ) |
| | ) |
|    Defendants. | ) |
| | ) |

### **ORDER**

Pending before the Court is *Defendant Flowers Foods Inc.'s Motion for Protective Order Limiting the Scope of Plaintiffs' Proposed 30(b)(6) Deposition*, *Defendant Flowers Foods, Inc.'s Brief in Support of its Motion for Protective Order limited the Scope of Plaintiffs' Proposed 30(b)(6) Deposition* (Docs. 47-48, filed October 31, 2007), *Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Protective Order* (Doc. 57, filed November 13, 2007), and *Defendant Flowers Food Inc.'s Reply Brief in Support of its Motion for Protective Order Limiting the Scope of Plaintiffs' Proposed 30(b)(6) Deposition* (Doc. 63, filed November 21, 2007). Because the Court has not yet ruled upon the *Motion to Conditionally Certify Class and Facilitate Class Notice* (Doc. 32, filed September 21, 2007), this case only involves the current named parties and the allegations against them. Thus, discovery is also limited to those parties and subject matter. The policies and practices of the other subsidiaries is not yet relevant and thus, no discovery relating to these entities

is appropriate.  Therefore, for good cause, it is

**ORDERED** Defendants' request for a protective order (Doc. 47) is **GRANTED**.  At present, Plaintiffs' inquiries are limited to those outlined in Defendants' Reply Brief (Doc. 63).  The scope of the discovery requests may be revisited after the Court has ruled on the Motion to Certify Class.

DONE this 27th day of November, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE