IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES MORROW, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07-cv-617-MHT |
| ) | |
| FLOWERS FOODS, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**<u>ORDER ON MOTION AND PROTECTIVE ORDER</u>**

Pending before the Court is the *Joint Motion for Proective [sic] Order* (Doc. 65, filed December 7, 2007). For good cause, it is **ORDERED** that the motion is **GRANTED**. Accordingly, the parties and all interested non-parties shall be governed as follows:

1. The parties may designate as "Confidential", or in limited cases, for "Attorneys' Eyes Only" for the purposes of this Order, documents (paper and electronic), answers to discovery, deposition testimony, electronic data and other information and/or materials produced through the discovery proceedings which may contain confidential commercial information or individual personal information (as defined below).

2. Any information or material so designated shall be considered "Confidential" or "Attorneys' Eyes Only Information" for the purposes of this Order. Any such designation shall be without prejudice to the rights of the parties to apply to the Court for a determination of whether said designation is proper. Nothing in this Order shall be construed to adjudicate

the actual confidentiality of any such material.

In addition, materials originally authored or prepared by a party to the Action, but produced by a different party or non-party, may also be designated by the authoring party after the materials are produced. In such instance, such party will be treated as a producing party under this Order. This Order does not restrict the use or dissemination of information obtained legally from sources other than the parties and/or their counsel, and nothing in this Order shall limit or restrict a producing party's rights to use or disseminate its own materials however designated.

3. Confidential Information and Attorneys' Eyes Only Information produced in this action shall be used only for purposes of this Action, and for no other purpose, case or claim, and shall not, without leave of Court, be disclosed to any person or entity, except as is herein provided. Counsel for plaintiffs in this action shall ensure that the use and dissemination of Confidential Information and Attorneys' Eyes Only Information, produced in this action remain strictly limited to this action and that such Confidential Information and Attorneys' Eyes Only Information not become in any way available to other actions, including, but not limited to , securities, ERISA, and state law actions containing allegations that are similar to those allegations in this action. Plaintiffs' counsel's obligations include, but are not limited to, ensuring that attorneys who work on related actins do not have access to such Confidential Information and Attorneys' Eyes Only Information.

4. "Confidential Information" shall include any materials that contain, describe, evidence, identify, or refer to information of a confidential or proprietary nature, or that is

otherwise entitled to protection under Fed.R.Civ.P. 26(c)(1)(G).

5. "Attorneys' Eyes Only Information" shall include any Confidential that the Producing Party reasonably believes relates to:

    a. Individuals' family, financial, medical, contractor or personnel records;[1]

    b. Current or prospective business plans or market analysis;

    c. Confidential proprietary or trade secrets information (including sales information, financial information, manufacturing information, customer agreements and pricing information) in the possession of the Producing Party;

    d. Internal strategy, marketing, rate or proprietary planning information;

    e. Non-public information relating to clients or customers of the Producing Party;

    f. Non-public information relating to any ongoing government investigation or action; or

    g. Material or information as to which the Producing Party has an independent obligation of confidentiality to any person or entity other than a party in this Action.

6. Any designation of discovery material as "Confidential Information" or "Attorneys' Eyes Only Information" for purposes of this Order shall reflect an objective good

---

[1] An exception to the Attorneys' Eyes Only is when the personnel or distributor information at issue is that of a particular party; in that case, that party may see his or her own personnel, distributor, financial or medical file.

faith assessment by the designating party. The designation of discovery material as "Confidential Information" shall be made as follows:

    a.    In the case of documents, answers to discovery, electronic materials produced in paper form, or other written materials (apart from depositions, other pretrial testimony, transcripts thereof and exhibits thereto) by stamping the term "Confidential" or "Attorneys' Eyes Only" on the front page of each document. The producing party may designate a related group of documents, such as a personnel file or the medical records of a single individual, as confidential by bundling the documents together and stamping the term "Confidential" on the first page of the bundled documents. In lieu of marking originals, the producing party may mark copies of the documents that are produced or exchanged. With respect to electronic data or information, the notation "Confidential" or "Attorneys' Eyes Only" shall be plainly marked on a label affixed to the disk, tape, or other medium on which the information is stored.

    b.    In the case of depositions, other pretrial testimony, the transcripts thereof, and exhibits thereto, by a statement by counsel on the record or by written notice to opposing counsel.

    7.    Whenever any Confidential or Attorneys' Eyes Only Information is disclosed or used at a deposition or other pretrial testimony in this action, (i) each portion of any such

testimony in which the Confidential Information is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Order to have access to such Confidential or Attorneys' Eyes Only Information, and (ii) the transcript of such confidential portion and all confidential exhibits shall be bound separately after transcription, marked "Confidential," or "Attorneys' Eyes Only" and thereafter deemed to be fully subject to the provisions of this Order.

All motions, briefs, memoranda or other documents containing or referencing (in such manner that the Confidential or Attorneys' Eyes Only Information may be revealed thereby) Confidential or Attorneys' Eyes Only Information shall be filed as follows:

    a.    First, the parties will consult with, and work with each other in order to reduce the amount of Confidential or Attorneys' Eyes Only information filed with the Court and/or determine whether such material must be filed under seal. Any information that requires continued confidentiality shall be filed in the following manner;

    b.    An unredacted original and/or copy shall be filed with the Clerk of Court in a plain envelope marked "Sealed Document," bearing the case number and style of this action and a copy of this Order attached thereto.

8.    Confidential Information which is identified as such as provided herein and is produced by a party may be disclosed by the other parties hereto and their counsel only to the following persons:

a. To the Court at any pretrial or post-trial stage in this action, either *in camera*, or in a sealed envelope, or under such other safeguards as this Court may require at any pretrial or post-trial hearing herein;

b. To counsel for the parties in this action actually working on this action (including in-house counsel for the parties) and paralegals, legal assistants, secretaries and litigation support services, including outside copying services, of such counsel actually working on this action;

c. To any independent experts, consulting firms, or other independent contractors retained to advise or assist counsel for any party in the preparation or trial of this action, provided that such expert, consultant or contractor to whom the disclosure is to be made shall consent in writing (by executing the form of the Confidentiality Agreement attached hereto) to be bound by the terms of this Order;

d. To court reporters actually recording proceedings in this action provided that the court reporter consents in writing (by execution of the form of the confidentiality agreement attached hereto) to be bound by the terms of this Order;

e. To the named Plaintiffs and to any employees, principals, partners, shareholders, agents or representatives of a Defendant to whom the respective party's attorney reasonably believes disclosure is necessary

        in connection with preparation for discovery or trial in this action, provided that such named Plaintiffs, and any employees, principals, partners, shareholders, agents or representatives of a Defendant consent in writing (by executing the form of the confidentiality agreement attached hereto) to be bound by the terms hereof;

f.    To the author of the Confidential Information, the addressee(s) or other recipient(s) thereof, or any person employed in a confidential position by the party producing the Confidential Information at the time the confidential document was created and who, in fact, had access, or authority to access, the specific Confidential Information at issue;

g.    To any witness or prospective witness in this action, provided, however, that any such witness or prospective witness consents in writing (by executing the form of the confidentiality agreement attached hereto) to be bound by the terms hereof;

h.    To all persons deposed, but only if the deponent (1) is another party in this litigation who has consented to or is otherwise bound by the terms and restrictions of this Order; or (2) has, as a non-party, agreed in writing to be bound by the terms and restrictions of this Order and has executed the confidentiality agreement attached hereto; and

i.    To other persons as agreed by the parties or as ordered by the Court.

9. Attorneys' Eyes Only Information may only be disclosed per the categories listed in 8 (a-d, f, g, h and i) as listed above.

10. Nothing in this Order, however, shall prevent the use of any Confidential Information or Attorneys' Eyes Only Information at trial or the disclosure of that information to any jury. If any party believes that disclosure of the Confidential or Attorneys' Eyes Only Information at any trial or hearing would be harmful to him, the party may apply to the Court for special handling of the Confidential Information at any trial or hearing.

11. In the event that any Confidential Information or Attorneys' Eyes Only Information is used in any pre-trial court hearing or proceeding in this Action, and there is any dispute as to whether such material continues to be Confidential or Attorneys' Eyes Only, the parties will meet and confer to resolve such dispute.

12. Prior to the trial of this action, counsel for the parties shall meet and confer to negotiate a proposal regarding the treatment of Confidential Information and Attorneys' Eyes Only Information at trial. Ultimately, the determination of treatment of Confidential Information and Attorneys' Eyes Only Information will be determined by the presiding trial court.

13. Nothing in this Order shall be construed as a waiver by either party of their right to object to any request for discovery. This Order shall not be construed as an agreement by either party to produce any documents or to supply any information and shall not constitute an admission that any documents or information which may exist are relevant in any way to the issues raised in this or any other litigation or a waiver of any privilege or

immunity with respect thereto. Further, except as expressly provided herein, nothing in this Order is intended to limit any party's right to make use of or object to the use of such information under applicable rules of evidence.

14. At the conclusion of this action, upon request, all Confidential or Attorneys' Eyes Only Information provided by any party during the course of this action, and all copies thereof, shall be promptly returned to the producing party or shall be promptly destroyed, in whatever form stored or reproduced. The party receiving a request to return or destroy the above-referenced material may instead make the materials available to the requesting party for retrieval.

15. If a party believes that information or material requested in discovery is of such a sensitive nature that it would not be adequately protected by this Order, that party shall remain free to move this Court for the entry of a more restrictive Protective Order, the right to so move not being waived or prejudiced by the entry of this Order. Moreover, the parties shall remain free to seek modification of this Order.

16. Confidential or Attorneys' Eyes Only material, or information produced or disclosed during the litigation which the producing party did not designate as confidential at the time of production or disclosure, but which that party later desires to designate as confidential, may be so designated by notifying in writing each of the parties to whom the information was given. Each recipient of this notice shall then promptly stamp or mark the documents or information as confidential and notify all others to whom the recipient has conveyed the documents or information of its designation as confidential. Once notified,

each recipient shall treat the documents or information as confidential and subject to the terms and restrictions of this Order.

17. Should any party object to the designation of any information as Confidential or Attorneys' Eyes Only, that party shall notify, within 45 days, in writing, the party producing the information of its objection. The producing and objecting party shall then confer and attempt in good faith to resolve the disagreement for a period not to exceed 30 days. Following this conference, if the disagreement remains, the party objecting to the confidentiality designation may apply to the Court for determination of whether the designated information should remain confidential; provided, however, that the party claiming confidentiality shall have the burden of proof as to the confidential nature of the information. Until the Court rules on the objecting party's application, any information which has been produced and designated as confidential shall be treated as confidential and subject to the terms and restrictions of the Order.

18. Failure by any party to challenge a particular claim of confidentiality at the time the information is designated confidential shall not constitute a waiver of the right subsequently to challenge such claim of confidentiality. Additionally, nothing herein shall restrict the right of a non-party to challenge a claim of confidentiality or otherwise intervene on an issue of confidentiality.

19. Nothing contained in this Order shall apply to:

    a. Information which at or prior to disclosure thereof in this action is or was publicly accessible or in the public domain or which, after

    disclosure thereof to the persons bound by this Order, becomes public without action on their part; and

  b. Information which was rightfully possessed by the party receiving it prior to its production in the proceedings of this action.

20. A party who produces material or information without intending to waive a claim of privilege does not waive that claim under the Federal Rules of Civil Procedure or otherwise if, within ten days after the producing party actually discovers that such production was made, the producing party amends the response, identifying the material or information produced and stating the privilege asserted.

21. Except in the event that the receiving party disputes the claim of privilege, any material or information which the producing party deems to contain inadvertently disclosed material or information shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option. This includes all copies, electronic or otherwise, of any such material or information. In the event that the producing party requests destruction, the receiving party shall provide written certification of compliance within thirty (30) days of such written request.

22. In the event that the receiving party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of the receiving party for the sole purpose of seeking Court determination of the issue.

23. The provisions of this Order shall continue to be binding upon conclusion of this action. The Court retains jurisdiction over the parties for enforcement of the provisions of this Order following conclusion of the action.

DONE this 11th day of December, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE