IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES MORROW, and MICHAEL OVERTON, individually and on behalf of other similarly situated employees, <br><br> Plaintiffs, <br><br> v. <br><br> FLOWERS FOODS, INC., AND FLOWERS BAKING COMPANY OF OPELIKA, LLC. <br><br> Defendants. | Civil Action.: <br> 3:07-CV617-MHT |

### AFFIDAVIT OF SAM PARTRIDGE

STATE OF ALABAMA)

MONTGOMERY COUNTY)

Before me the undersigned notary personally appeared Sam Partridge, who after being sworn does hereby depose and state as follows:

    My name is Sam Partridge. I am employed with the Alabama State Bar in Montgomery, Alabama.

    On or about January 2, 2008, I received a phone call from Attorney Greg Davis, in Montgomery. He advised me that he was representing a number of Plaintiffs in a Fair Labor Standard Act case that was currently filed in the United States District Court, Middle District of Alabama.

      Greg Davis further advised me that the FLSA case was against Flowers Foods and Flowers Baking Company of Opelika, and that he had located several postings on various internet message boards that appeared to be from Flowers distributors.

      Greg Davis asked me if he could post to these boards to seek pattern and practice witnesses, and we discussed the various Alabama Bar rules which are applicable.

      I then advised him that since he was merely posting to a message board that the Alabama Rules of Professional Conduct would allow him to seek pattern and practice witnesses, so long as he complied with the provisions contained within Rule 7.2 (e). I further advised him that since he was posting to a message board that he did not have to place the words Advertisement on the reply posting.

I declare under penalty of perjury that under the laws of the State of Alabama the foregoing is true and correct.

Dated this the 14th day of January, 2008.

                                                        Sam Partridge

Subscribed and Sworn to be me this the 16th day of January 2008.

                                                  Notary Public for the State of Alabama
                                                  My Appointment Expires 4/23/11

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES MORROW,<br>and MICHAEL OVERTON,<br>individually and on behalf of<br>other similarly situated<br>employees,<br><br>        Plaintiffs,<br>v.<br><br>FLOWERS FOODS, INC.,<br>AND FLOWERS BAKING<br>COMPANY OF<br>OPELIKA, LLC.<br><br>        Defendants. | Civil Action No.:<br>3:07-CV617-MHT |

### AFFIDAVIT OF LOUIS DAVIS

STATE OF ALABAMA)

MONTGOMERY COUNTY)

Before me the undersigned notary personally appeared Louis Davis, who after being sworn does hereby depose and state as follows:

    My name is Louis Davis. I am a resident of Roanoke, Alabama. I am familiar with the Morrow vs. Flowers Foods, Inc. case which is currently pending in the United States District Court Middle district of Alabama, because my son, Greg Davis is one of the attorney's representing the plaintiffs.

    I live in a small town, and know most of the people around Roanoke, and knew that Mr. Atkins was a bread distributor for Flowers. I advised my son that Mr. Atkins was the bread distributor for Flowers. My son told me that he would

like to talk to Mr. Atkins if he wanted to do so and that to advise him generally what the lawsuit was about and to ask him if he would be interested in providing testimony to serve as a pattern and practice witness in the current lawsuit.

    Mr. Atkins attended the same church where I was attending an anniversary celebration for the churches 66 year anniversary. I asked him if he still worked for Flowers, and when he told me he did, I merely stated that there was a lawsuit filed in Montgomery dealing with distributors not being paid overtime. Mr. Atkins advised me that he was not interested, and I at no time tried to persuade him to join the lawsuit. Once Mr. Atkins told me that he was not interested, I did not communicate with him further.

I declare under penalty of perjury that under the laws of the State of Alabama the foregoing is true and correct.

Dated this the __14__ day of January, 2008.

_____
Louis Davis

Subscribed and Sworn to be me this the __14th__ day of January 2008.

_____
Notary Public for the State of Alabama
My Appointment Expires __08/10/09__

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

CHARLES MORROW, MICHAEL )
OVERTON, JAMES MARTY SMITH, )
DWAYNE CLEVELAND, MICHAEL SMITH, )
MARK MURPHY, DOUG BRANCH, LEW )
BAXTER, RICKY SMALL, MELVIN SNOW, )
GREG PATISAUL and GARY CHAMBLISS, )
Individually and on behalf of similarly )
situated employees, )
　)
   Plaintiffs, ) CIVIL ACTION NO.:
 ) 3:07-CV-617-MHT
v. )
　)
FLOWERS FOODS, INC., FLOWERS )
BAKING CO., OF OPELIKA, LLC, and )
FLOWERS BAKING CO. OF )
THOMASVILLE, LLC, )
　)
   Defendants. )

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO EXTEND DEADLINE TO ADD ADDITONAL PARTIES**

 COME NOW Plaintiffs in the above-styled action, by and through their undersigned counsel, and hereby submit their Reply to Defendants' Opposition to Plaintiff's Motion to Extend Deadline to Add Additional Parties ("Defendants' Opposition") and the Court's January 9, 2007 Order to show cause why Plaintiffs' Motion should not be granted. [D.E. No. 68]

### I. INTRODUCTION

 Rather than set forth legitimate reasons why Plaintiffs' Motion to extend time to add parties should not be granted, Defendants raise issues that have absolutely nothing to do with the merits of whether the time to add parties should be extended given that no

depositions have been taken to date and that Defendants have only recently begun to produce documents responsive to Plaintiffs' discovery requests.[1]

In fact, Defendants incorrectly state many of the facts and events underlying communications made by Plaintiffs and are based on a complete misunderstanding of the law governing communications with class members. Indeed, in a thinly-veiled attempt to thwart Plaintiffs' Motion for Class Certification, Defendants go so far as to challenge protected communications between Plaintiffs' Counsel and certain present and former route distributors who expressed an interest in participating in this lawsuit.

On September 21, 2007, Plaintiffs moved to conditionally certify and facilitate class notice for a collection action under Section 216(b) of the FLSA. Plaintiffs' motion has been fully briefed and is pending before this Court. On January 2, 2008, Plaintiffs moved this Court to extend the deadline to add additional parties. On January 9, 2008, without providing any prior basis to explain their refusal to extend the deadline, Defendants filed their Opposition to this Extension, pursuant to the Court's Order to Show Cause dated January 2, 2008.

For the reasons set forth herein Defendants have failed to show any reason to deny Plaintiffs' request for a reasonable extension of time to add parties. Thus, Plaintiffs' motion should be granted.

## II. ARGUMENT

**A. Circumstances warrant that the deadline be extended as there has been only extremely limited discovery in this case and the Motion for Conditional Certification is still pending.**

---

[1] To date, Defendants have made two productions, December 28, 2007 and January 11, 2008 that are purportedly responsive to Plaintiffs' requests. Plaintiffs have begun reviewing the documents produced and reserve their rights to seek judicial intervention in connection with their production.

Rather than address the fact that discovery is essentially in its infancy, Defendants' raise objections to extending the deadline to add additional parties claiming that because the Court limited discovery to the named parties in its protective order dated November 27, 2007, there is no need for additional time to add parties. This logic ignores the actual reasons for which plaintiffs requested discovery in their motion, which is that, pending the Motion for Class Certification, although discovery has been limited to the named parties, there has been very limited discovery produced to date. As such, it is clearly premature to foreclose the deadline to add parties to the action.

On September 5, 2007, Plaintiffs served a Notice of deposition pursuant to F.R.C.P. 30(b)(6) to Flowers Foods concerning certain enumerated topics, which relate to the uniformity of Defendant's practices towards it subsidiaries. Plaintiffs also served in early September 2007, document requests on all Defendants who were currently involved in the action.[2] Plaintiffs and Defendants met and conferred regarding the scope of the deposition on October 2, 2007, and again on October 16, 2007. Plaintiffs and Defendants were unable to reach an agreement on the scope of the deposition and the related documents, and Defendants moved for a protective order which was granted by the Court on November 27, 2007.

Since that time, on December 3, 2007, Plaintiffs and Defendants met and conferred on the timing of Defendants' production. Plaintiffs, being without any real discovery at this point, informed Defendants of their desire to request for an extension in

---

[2] Defendant Flowers Baking of Thomasville was a party to the action at that time. Following the Court's Order granting Plaintiffs' Motion to Amend to include Flowers Baking Co. of Thomasville, in November 2007, Plaintiffs served their First Request for Production of Documents on this Defendant.

3

December 2007. Defendants produced their first set of documents on January 2, 2008,[3] one day before the deadline to amend the parties, even though Plaintiffs had requested documents as early as September 2007.[4] On January 2, 2008, Plaintiffs filed their Motion to extend the Deadline to add additional parties.

It is of note that Defendants argue that the extension of time is not warranted because other plaintiffs desiring to join the suit may opt in to the action via the opt-in procedure of the FLSA. While this would be correct were the motion for conditional certification granted, it is still pending in this Court and Plaintiffs' counsel has been informed that until the motion is ruled upon, the proper method for joining additional plaintiffs is through amendment. Defendants' argument also ignores the possibility of adding other defendants, which may or may not be necessary depending upon the currently-scheduled 30(b)(6) deposition and upon a complete review of the documents produced by Defendants. Plaintiffs should have the ability to make use of the discovery produced in the action to determine if additional parties should be joined as Defendants. There is simply no prejudice to Defendants if the deadline to add parties is extended.

**B. Contrary to Defendants' assertions, Plaintiffs have not resorted to "questionable practices" in communicating with potential class members.**

Defendants claim that Plaintiffs have improperly communicated with certain present and former route distributors and that provides the Court with an additional reason to deny Plaintiffs' motion to extend the time to add parties. See Defs. Response at 4-6. [D.E. No. 69] Plaintiffs dispute the underlying claims made regarding the

---

[3] Defendants' letter regarding production was dated December 28, 2007, but it was not received in Plaintiffs' counsel's offices until January 2, 2008.
[4] It is of note that Defendant Flowers Baking of Thomasville produced documents at the same time as Defendants Flowers Foods and Flowers Baking of Opelika, though they were not served with a request until two months after the other Defendants.

4

individuals identified in Defendants' Opposition as they were completely within the boundaries of acceptable communications under state ethics laws and case law governing communications with class members.[5] Contrary to Defendants' arguments, Plaintiffs maintain that all of their communications with current and former route distributors have been completely appropriate and allowed by the FLSA, relevant case law and state ethics laws. Specifically, Defendants make much of an internet posting by one of Plaintiffs' Counsel and challenge such posting as a "questionable practice" and thus a basis to deny the extension to add parties. Defs. Response at 6. Courts have held that reaching out to plaintiffs by an advertisement prior to conditional certification for notice purposes does not undermine the notice process and is permissible so long as the advertisement is not misleading or coercive. *See Vogt v. Texas Instruments, Inc.*, 2006 U.S. Dist. LEXIS 96515 (N.D. Tex., August 8., 2006). *See also, Herring v. Hewitt Associates, Inc.*, 2007 U.S. Dist. LEXIS 53278 at *18 (D.N.J. July 24, 2007) (declining to prohibit the use of plaintiffs' communications via internet radio, but proscribed plaintiffs' counsel to communicating only to the plaintiffs who communicate with them first and consent to further communication.). There is simply nothing false or misleading regarding the posting by one of Plaintiffs' Counsel.[6] The communication simply describes the facts and allegations in this case and provides information to the individual who posted information concerning issues the treatment by Flowers. The message clearly informs

---

[5] Indeed, contrary to Defendants' accusatory statements, Plaintiffs' Counsel's communications with potential class members were proper and Plaintiffs' Counsel did not solicit anyone to join the action as a plaintiff. Rather, the communications focused on their experiences with Flowers as alleged in the Complaint.

[6] The communication that Defendants' take issue with was not only pre-approved by the Alabama State Bar Association (see Affidavit of Sam Partridge, attached as Exhibit 1), but specifically sets forth a number of key facts including that the communication was by a lawyer in this action, that the communication sought information and testimony to support the allegations. Moreover, the communications in question were in direct response to postings by Flowers' route distributors who were complaining about their treatment.

5

the recipient that the information is being sought in connection with this litigation and in connection with Flowers practices and pattern of its treatment of route distributors.

Defendants' argument that the communications were inappropriate is completely belied by the law governing such communications. Indeed, plaintiffs' counsel, before responding to the message boards in question, contacted the Alabama State Bar and asked for a consultation on the ethics of posting to a message board, and were informed that it was an acceptable posting. (See Ex. 1, Davis Aff.).

Indeed, the recent ABA Form Opinion 07-445, dated April 11, 2007, declares that "Rule 7.3's restrictions do not apply to contacting potential class members as witnesses, so long as those contacts are appropriate and comport with the Model Rules." *See,* Formal Opinion 07-445, April 11, 2007, "Contact by Counsel with Putative Members of Class Prior to Class Certification." It is interesting to note that Plaintiffs' Counsel's postings did not occur until ***after*** Flowers had already rejected Plaintiffs' request to extend the time to add parties and thus could not have been a basis upon which Defendants' refused to grant an extension to add parties.

In *Lynch v. United Servs. Auto. Ass'n*, 2007 U.S. Dist. LEXIS 32642 (D.N.Y. April 25, 2007), the federal district court held that informal efforts by plaintiffs and their counsel to provide notice to potential opt-ins through advertisement letters or other means are not factors to be considered by courts when determining whether to approve court-authorized notice. *Citing Shapero v. Kentucky Bar Ass'n*, 486 U.S.466, 108 S.Ct. 1916, 100 L.ed.2d 475 (1988).

Likewise, communications with class members are clearly supported by case law in this Circuit as a basis to measure interest by the class. Specifically, District courts in

6

the Eleventh and Eighth Circuits interpret *Dybach v. Fla. Dep't. of Corrs.*, 942 F.2d 1562, 1567, 68 (11th Cir. 1991) the factors for conditional certification for notice purposes on a showing that, among other things, by plaintiffs that other employees would have a desire to opt into the action knew about it. *See e.g. Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F.Supp.2d 1211, 1220 (M.D. Fla. 2003). The alleged standard is the evidence of interest can be based upon affidavits, consents to join the lawsuit, or expert evidence of other similarly situated employees. *See Davis v. Charoen Pokphand (U.S.A.) Inc.*, 303 F.Supp.2d 1272, 1277 (M.D. Ala. 2004). Given that the interest in joining the action is a potential factor in determining conditional certification, Defendants' arguments against Plaintiffs' Counsel's communications with potential class members is unfounded.

Indeed, in the Eleventh Circuit, plaintiffs are not prohibited from communicating with class members providing such communications are "not factually inaccurate, unbalanced, or misleading." *See e.g., Maddox v. Knowledge Learning Corp.*, 2007 WL 2284780 at *4 (N.D. Ga., August 3, 2007). *Accord, Piper Learning Corp.*, 2007 U.S. Dist. LEXIS 44486 at *23 (N.D.Ca. June 11, 2007). No prior court approval is needed for plaintiffs' precertification communication with potential class members. *Parris v. Superior Court*, 109 Cal.App.4th 285 (Cal. App. 2d Dist. 2003).

Defense counsel, in its Opposition, refers to these communications as a "questionable practice," *citing Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985). *See Defs. Opp.*, p.6). However, *Kleiner* does not address the type of communications at issue here. Rather, the issue presented in *Kleiner* involved the defendants' systematic practice of providing secret and misleading communications to

7

dissuade potential plaintiff class members to opt out of a Rule 23 class, during its opt-out period, after the class had been certified. *See, Kleiner*, 751 F.2d at 1205. Indeed, the defense counsel's actions in that case were questionable and sabotaged the goal of informed consent, warranting judicial intervention against the defendants' behavior.[7]

As supported by Eleventh Circuit case law as well as state ethics laws, plaintiffs are allowed to communicate with class members so long as the communications are not factually inaccurate or unbalanced. The communications, as shown in the Declarations of Louis Davis (attached as Exhibit 2) and Michael Atkins, were not unbalanced, misleading, or inaccurate and are allowed under the case law of the FLSA. Indeed, contrary to defendants' arguments, the people that plaintiffs' counsel have spoken to were either putative class members that contacted counsel initially or those class members counsel was informed wanted to be contacted regarding this lawsuit.

Given that Defendants fail to provide any basis why this deadline should not be extended, Plaintiffs respectfully request that their motion be granted.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' counsel respectfully requests that this Court grant the Plaintiffs' Motion to Extend the Deadline to Add Parties.

Respectfully Submitted,

/s/ Amy A. Weaver
Amy A. Weaver, ASB-6878-Y82A

---

[7] Defendants' actions only support Plaintiffs' Motion that conditional certification should be granted thereby allowing notice to go out to class members affording the Court to oversee communications with class members. Notably, despite the fact that there is a very low threshold to warrant conditional certification, Defendants' oppose certification and notice to the class while continuing to communicate with potential class members for purposes of arguing why conditional certification should be denied.

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York, 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on this the 15th day of January, 2008, I electronically filed the foregoing Reply to Defendants' Opposition to Plaintiffs' Motion to Extend the Deadline to Add Additional Parties using the CM/ECF system which will send notification of such filing to:

Sandra B. Reiss
Christopher W. Deering

9

Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com
Chris.Deering@odnss.com

Kevin P. Hishta
David H. Grigereit
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com
David.Grigereit@ogletreedeakins.com

                                                                                                                 /s/Amy A Weaver
                                                                                                               Amy A Weaver, ASB-6878-Y82A