### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **CHARLES MORROW, et al.,** | ) |
| **Individually and on behalf of similarly** | ) |
| **situated employees,** | ) |
| | ) |
| **Plaintiffs,** | ) **CIVIL ACTION NO.:** |
| | ) **3:07-CV-617-MHT** |
| **v.** | ) |
| | ) |
| **FLOWERS FOODS, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

COME NOW the Plaintiffs in the above-styled action and move for an Order, pursuant to F.R.C.P. Rule 37(a) and L.R. 37.1, overruling Defendants' objections and compelling production of responses to Plaintiffs' Second Set of Interrogatories and Second Set of Documents.

Pursuant to F.R.C.P. 37(a), Plaintiffs certify that they have attempted to confer with Defendants to obtain the discovery; however, the parties were unable to resolve this dispute without judicial intervention.

### I.  BACKGROUND

Plaintiffs served their Second Interrogatories and Requests for Production of Documents to Defendants, Flowers Foods, Inc., Flowers Baking Co of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC, on January 14, 2008 which each consisted of a single request for documents and single interrogatory concerning Defendants' communications with any other route distributors concerning this litigation.

Defendants objected to Interrogatory number one (1) and Request for Production number one (1), based on an allegation that the requests were not relevant to the litigation.

Specifically, the request for production and interrogatory subject to this motion and Defendants' responses were:

<u>Interrogatory # 1</u>

Please describe each and every communication you had with any current or former route distributor.  Your response must include the time, location, participants, materials presented or exchanged, and a summary of the discussion(s).

<u>Answer</u>

Flowers/Opelika objects to this Request because it is vague and ambiguous, specifically the terminology "communication" and "materials."  Flowers/Opelika further objects to the terminology "route distributors," which it does not use.  Flowers/ Opelika also objects to this requests as it is overly broad, unduly burdensome, and request information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  In particular, this Request is not limited to any "communication" with Plaintiffs or any "communication" that would be relevant to the claims or defenses of any party to this case but rather encompasses any and all "communications" with thousands of distributors at approximately twenty-five subsidiaries.  This Request is also not limited in time or in subject matter, by its terms encompassing all personal and non-business related "communications" over an indefinite time period, which would be completely irrelevant to the claims or defenses of any party to this action.

<u>Request for Production # 1</u>

All documents concerning, evidencing, reflecting or describing any communications between you and any present or former route distributors, including any of the Plaintiffs, concerning any of the allegations, facts or circumstances described in the Complaint.

<u>Answer</u>

Flowers/Opelika objects to this Request because it is vague and ambiguous, specifically the terminology "communications."  Flowers/ Opelika further objects to the terminology "route distributors," which it does not use.  Flowers/ Opelika further objects to this Request, because it is overly broad, unduly burdensome, and requests documents which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  In particular, this Request is not limited to the Plaintiffs' individual claims and

is not limited in time.  Flowers/Opelika further objects to this Request to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes, and to the extent this Request seeks underlying metadata.

(Defendant Flowers Baking Co. of Opelika's Response to Plaintiffs' Second Interrogatories to Defendants, Flowers Foods, Inc., Flowers Baking Co of Opelika, and Flowers Baking Co. of Thomasville, attached as "Exhibit A;" Defendant Flowers Baking Co of Opelika's Response to Plaintiffs' Second Requests for Production, attached as "Exhibit B").[1]

Though Defendants, in their answers to the Requests for Production, agreed to "produce certain responsive, non-privileged documents applicable to Plaintiffs, if any, at an agreed upon time and place," However, during the parties' meet and confer into these discovery requests Defendants refused to provide any substantive response to the interrogatory nor any responsive documents.  Indeed, one of the arguments against production made by Defendants was that they had previously produced documents. However, when asked to identify such responsive documents, defendants did not identify any. (Defendant Flowers Baking Co of Opelika, LLC's Responses to Plaintiffs' Second Request for Production of Documents, attached as Exhibit "B".)

Specifically, on March 27, 2008, Plaintiffs sent a letter inquiring as to the status of Defendants' production to confer with Defendants and clarifying any perceived ambiguity in the scope of what was sought by Plaintiffs (attached as Exhibit "C"). Defendants responded with a letter, dated April 2, 2008, declaring the requests were not relevant and thus Defendants would not provide substantive responses (attached as Exhibit "D").  Plaintiffs then informed Defendants they would move to compel and file the instant motion.

---

[1] The responses from Defendants Flowers Foods, Inc., and Flowers Baking Co. of Thomasville, LLC, were identical in language to Flowers Baking Co. of Opelika's responses.

## II.  ARGUMENT

The Defendants have objected to discovery of these communications on the basis of relevance.  The Plaintiffs believe the substance of the Defendants' communications with putative class members has been squarely laid at issue as it speaks to the desire by class members to opt in, a factor the Eleventh Circuit considers in determining conditional certification.  *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).  The substance of communications with putative class members is relevant when it pertains to an element of certification under Rule 23 or Rule 216(b) of the Fair Labor Standards Act.  *See Oppenheimer Fund, Inc.  v. Sanders*, 437 U.S. 340, 354, n.20 (1978).

That Defendants have communicated with putative class members is evident by the affidavits from putative class members which were submitted with Defendants' Opposition to Plaintiffs' Motion for Conditional Certification.  Defendants, in the course of communications with potential class members "may not give false, misleading, or intimidating information, conceal material information, or attempt to influence the decision about whether to request exclusion from a class."  The *Manual for Complex Litigation*, Fourth, (Fed. Judicial Center 2004) at §21.12.  Thus, despite their protestations, such communications are entirely relevant and discoverable.

Moreover, because this is a question of what discovery is permissible, not whether the evidence ultimately is admissible at trial, Defendant's objection based on relevance is misplaced, as the standard is not admissibility, but whether the discovery is reasonably calculated to lead to the discovery of admissible evidence.  Defendants rely on the Court's order dated November 27, 2007 as an additional basis to refuse to produce any

information to the Document Request or Interrogatory claiming that the substance of their communications is irrelevant and it is not limited to the named Plaintiffs in the action. (D.E. No. 64).  As mentioned above, the substance of Defendants' communications with putative class members speaks directly to one of the factors used in deciding upon certification and thus is relevant and therefore discoverable.  *See Oppenheimer Fund*, 437 U.S. at 354.  Moreover, the Court's Order did not address the relevancy of the materials sought nor did it hold that Defendants' communications to other route distributors regarding the litigation itself were foreclosed pending the Court's determination on class certification.

Defendants objected to the second set of interrogatories and requests for production based on the request being unduly burdensome.  Plaintiffs and Defendants met and conferred regarding these requests as well as prior discovery requests on March 25, 2008.  At that time, Plaintiffs clarified that the scope of the request sought communications concerning the matters raised in this litigation and were limited in time from date of the filing of the lawsuit to the present (as evidenced by Plaintiffs' letter, dated March 27, 2008, attached as Exhibit "C").  Defendants have still refused to produce any responsive documents to date.

### III. CONCLUSION

For the reasons stated herein, Plaintiffs respectfully requests that the Court enter an Order overruling Defendants' objections and compelling responses and production of Plaintiffs second set of interrogatories and second document requests.


Dated: April 15, 2008                                       Respectfully Submitted,


                                                            /s/ Joseph P. Guglielmo
                                                           Joseph P. Guglielmo
                                                           WHATLEY DRAKE & KALLAS, LLC
                                                           1540 Broadway, 37th Floor
                                                           New York, New York, 10036
                                                           212-447-7007
                                                           jguglielmo@wdklaw.com


**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
Greg L. Davis (ASB-8134-I71G)
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Glen M. Connor (ASB-0562-R64G)
gconnor@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2008, a copy of the foregoing was served on the following counsel via the CM/ECF electronic filing system:

Sandra B. Reiss
Christopher W. Deering
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com
Chris.Deering@odnss.com

Kevin P. Hishta
David H. Grigereit
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com
David.Grigereit@ogletreedeakins.com

/s/ Joseph P. Guglielmo
OF COUNSEL

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MORROW, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. 3:07-CV-617-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| FLOWERS FOODS, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FLOWERS BAKING CO. OF OPELIKA, LLC.'S ANSWERS TO PLAINTIFFS' SECOND INTERROGATORIES

COMES NOW Defendant, Flowers Baking Co. of Opelika, LLC ("Flowers/Opelika"), by and through its undersigned attorneys, hereby responds to Plaintiffs' Second Interrogatories as follows:

## GENERAL OBJECTIONS

1.      Flowers/Opelika generally objects to Plaintiffs' Second Interrogatories to the extent that they call for information and/or documents protected by the attorney-client privilege and/or work product doctrine, or which are otherwise immune from discovery.   Inadvertent identification of any such information and/or such documents shall not constitute a waiver of any privilege with respect to any such information and/or documents, or the subject matter thereof, and shall not waive the right of Flowers/Opelika to object to the use of any such information and/or documents and/or the information contained therein.

2.      Flowers/Opelika generally objects to Plaintiffs' Second Interrogatories to the extent that they seek to impose burdens, duties, and obligations upon Flowers/Opelika in excess of or different than the requirements imposed by applicable law and the Federal Rules of Civil

Procedure. Flowers/Opelika will respond to Plaintiffs' Second Interrogatories as required by applicable law and the Federal Rules of Civil Procedure.

3.    Flowers/Opelika generally objects to Plaintiffs' Second Interrogatories to the extent that are vague, overly broad, unduly burdensome and/or seek information which is immaterial, irrelevant, cumulative, duplicative, or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

## INTERROGATORIES

1.    Please describe each and every communication you had with any current or former route distributor. Your response must include the time, location, participants, materials presented or exchanged, and a summary of the discussion(s).

**ANSWER:** Flowers/Opelika objects to this Request because it is vague and ambiguous, specifically the terminology "communication" and "materials." Flowers/Opelika further objects to the terminology "route distributors," which it does not use. Flowers/Opelika also objects to this Request as it is overly broad, unduly burdensome, and requests information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is not limited to any "communication" with Plaintiffs or any "communication" that would be relevant to the claims or defenses of any party to this case but rather encompasses any and all "communications" with thousands of distributors at approximately twenty-five subsidiaries. This Request is also not limited in time or in subject matter, by its terms encompassing all personal and non-business related "communications" over an indefinite time period, which would be completely irrelevant to the claims or defenses of any party to this action.

Submitted this the <u>13th</u> day of February, 2008.

Kevin P. Hishta
GA Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, GA 30308
404-881-1300
404-870-1732 (fax)
Kevin.Hishta@ogletreedeakins.com

Sandra B. Reiss
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

*Counsel for Defendants Flowers Foods, Inc.,*
*Flowers Baking Co. of Opelika, LLC, and Flowers*
*Baking Co. of Thomasville, LLC*

**VERIFICATION PURSUANT TO 28 U.S.C. §1746**

I, Steve Bordeaux, declare under the penalty of perjury that Flowers Baking Co. of

Opelika, LLC's Answers to Plaintiffs' Second Interrogatories dated February 13, 2008 are true

and correct to the best of my knowledge.

Executed on February <u>13th</u>, 2008.

Steve Bordeaux
President
Flowers Baking Co. of Opelika, LLC

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Flowers Baking Co. of Opelika, LLC's Answers to Plaintiffs' Second Interrogatories has been served upon all parties of record, as listed below, via electronic mail, and by placing same in the United States Mail, postage prepaid and properly addressed on this the 13th day of February, 2008.

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
E. Kirk Wood, Esq.
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
ekirkwood1@cs.com

Kevin P. Hishta

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES MORROW, *et al.*** | ) | |
| | ) | **CIVIL ACTION NO: 3:07-CV-617-MHT** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FLOWERS FOODS, INC., *et al.*** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT FLOWERS BAKING CO. OF OPELIKA, LLC'S RESPONSES TO**
**PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant, Flowers Baking Co. of Opelika, LLC ("Flowers/Opelika"), by

and through its undersigned attorneys, and hereby responds to Plaintiffs' Second Request for

Production of Documents as follows.

**GENERAL OBJECTIONS**

1.    Flowers/Opelika generally objects to Plaintiffs' Second Request for Production to

the extent that they call for information and/or documents protected by the attorney-client

privilege and/or work product doctrine, or which are otherwise immune from discovery.

Inadvertent identification of any such information and/or such documents shall not constitute a

waiver of any privilege with respect to any such information and/or documents, or the subject

matter thereof, and shall not waive the right of Flowers/Opelika to object to the use of any such

information and/or documents and/or the information contained therein.

2.    Flowers/Opelika generally objects to Plaintiffs' Second Request for Production to

the extent that they seek to impose burdens, duties, and obligations upon Flowers/Opelika in

excess of or different than the requirements imposed by applicable law and the Federal Rules of

Civil Procedure. Flowers/Opelika will respond to Plaintiffs' Second Request for Production as required by applicable law and the Federal Rules of Civil Procedure.

3. Flowers/Opelika generally objects to Plaintiffs' Second Request for Production to the extent that are vague, overly broad, unduly burdensome and/or seek information which is immaterial, irrelevant, cumulative, duplicative, or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

4. Flowers/Opelika objects to Plaintiffs' Second Request for Production to the extent that they seek electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

5. Flowers/Opelika objects to Plaintiffs' Second Request for Production to the extent that they seek underlying metadata.

## PLAINTIFFS' REQUEST FOR PRODUCTION

1. All documents concerning, evidencing, reflecting or describing any communications between you and any present or former route distributors, including any of the Plaintiffs, concerning any of the allegations, facts, or circumstances described in the Complaint.

**Response:** Flowers/Opelika objects to this Request because it is vague and ambiguous, specifically the terminology "communications". Flowers/Opelika further objects to the terminology "route distributors," which it does not use. Flowers/Opelika also objects to this Request because it is overly broad, unduly burdensome, and requests documents which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is not limited to the Plaintiffs' individual claims and is not limited in time. Flowers/Opelika further objects to this Request to the extent it seeks electronically stored

information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes, and to the extent this Request seeks underlying metadata. Subject to, and without waiving, the aforementioned objections, Flowers/Opelika will produce certain responsive, non-privileged documents applicable to Plaintiffs, if any, at an agreed upon time and place.


Respectfully submitted this 13th day of February, 2008.

Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail:  Kevin.Hishta@ogletreedeakins.com
Ph. (404) 881-1300
Fax (404) 870-1732


Sandra B. Reiss (ASB-3650-S80S)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000


*Counsel for Defendants Flowers Foods, Inc., Flowers Baking Co. of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February, 2008, I served a true and correct copy of the foregoing Flowers Baking Co. of Opelika, LLC's Responses to Plaintiffs' Second Request for Production of Documents via electronic mail and U.S. Mail, postage prepaid on the following:

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
E. Kirk Wood, Esq.
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
ekirkwood1@cs.com

Kevin P. Hishta

# Exhibit C

 WhatleyDrake&Kallas

Joseph P. Guglielmo
Direct Dial: 212-447-7007
jguglielmo@wdklaw.com

March 27, 2008

VIA ELECTRONIC MAIL

Kevin P. Hishta
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2100 Bank of America Plaza
Atlanta, Georgia 30308

Re:     *Morrow et al. v. Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC*
         Civil Action No. 3:07-cv-00617-MHT

Dear Kevin:

We write in response to your March 25, 2008 letter concerning Defendants' Responses to Plaintiffs Second Request for Production of Documents. Specifically, although Defendants' objections stated that subject to Flowers' objections, non-privileged documents would be produced, your March 25, 2008 letter states that such documents have previously been produced to the First Requests. We do not understand how this could be the case as Defendants' prior productions were, for the most part, made prior to Plaintiffs serving you with the Second Request.

Moreover, we believe that Defendants' responses to Plaintiffs' Second Interrogatories are invalid as they fail to provide any substantive response concerning any communications, especially communications with distributors since the filing of the lawsuit and concerning the matters raised in the litigation. We believe that Flowers has communicated with other route distributors concerning the litigation and are entitled to know the substance of such communications.



Kevin P. Hishta
March 27, 2008
Page 2


     Therefore, please provide revised, substantive responses to Plaintiffs' Second Interrogatory and produce any responsive documents that reflect such communications since the filing of the lawsuit.

Sincerely,

Joseph P. Guglielmo

JPG:ar
cc:    Sandra Reiss
        Greg L. Davis
        E. Kirk Wood
        Joe R. Whatley, Jr.
        Amy Weaver

# Exhibit D

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

Bank of America Plaza
600 Peachtree Street, NE, Suite 2100
Atlanta, GA 30308
Telephone: 404.881.1300
Facsimile: 404.870.1732
www.ogletreedeakins.com

Kevin P. Hishta
Direct Dial: 404.870.1733
E-mail: Kevin.Hishta@ogletreedeakins.com

April 2, 2008

<u>Via Electronic Mail</u>

Joseph P. Guglielmo
Whatley Drake & Kallas LLC
1540 Broadway, 37th Floor
New York, New York 10036

Re:    Charles Morrow, *et al.* v. Flowers Foods, Inc., *et al.* – Civil Action No. 3:07-cv-00617-MHT
       Plaintiffs' Second Interrogatories and Requests for Production to Defendants

Dear Joseph:

We are providing this letter in response to your March 27, 2008, letter concerning Defendants' Responses to Plaintiffs' Second Interrogatories and Second Requests for Production ("Plaintiffs' Interrogatories and Production Requests") to Defendants.

As a preliminary matter, Plaintiffs' Interrogatories[1] and Production Requests[2] were so vague and broad that Defendants could not possibly be expected to provide any meaningful substantive response. We are not obligated to provide a substantive response to an interrogatory that is so lacking in precision that it cannot be intelligently answered. For example, Plaintiffs did not define the term "communication" or limit the substantive scope of the "communications" sought in any manner. Indeed, Flowers officials may have numerous conversations or other communications with multiple distributors on a daily basis, which could cover a variety of topics.

Further, as Defendants stated in our March 25, 2008, letter, and during the conference call on the same date, Defendants believe they have produced all non-privileged documents concerning any and all substantive communications management has had with Plaintiffs during the relevant period requested as such documents are typically maintained in distributor files (which have been produced) or e-mail of certain Flowers officials (which has been searched by

---

[1]    Plaintiffs' Interrogatories requested "each and every communication you had with any current or former route distributor."

[2]    Plaintiffs' Production Requests sought "[a]ll documents concerning, evidencing, reflecting or describing any communications between you and any present or former route distributors, including any of the Plaintiffs, concerning any of the allegations, facts, or circumstances described in the Complaint."

Joseph P. Guglielmo
April 2, 2008
Page 2



Plaintiff name and responsive documents produced). We will go back and double check and see if any additional non-privileged documents have been generated related to Plaintiffs that are current distributors, excepting voluminous accounting/transactional documents.

Any information regarding communications with distributors other than Plaintiffs concerning the matters raised in litigation since the filing of the lawsuit (as Plaintiffs are requesting) may be relevant to the class claims; however, such communications are simply not relevant to the Plaintiffs' individual claims. As you know, the Court, in its November 27, 2007, Protective Order, specifically rejected Plaintiffs' position that class-wide discovery is appropriate before any decision for conditional certification and limited the scope of discovery (before a conditional certification decision) to the named parties and the allegations against them.[3] Therefore, absent any substantive communications with Plaintiffs about the subject matter of the litigation since the filing of the Complaint, Defendants have no substantive response to provide.

Finally, we still have not received any documents from Plaintiff Doug Branch in response to Defendants' Requests for Production. Your letter dated March 14, 2008, provided that you would gather these documents and produce them to Defendants shortly. Please advise as to the status of this production as soon as possible.

Please do not hesitate to contact me with any questions.

Very truly yours,

Kevin P. Hishta
KPH:mr

cc:     Amy Weaver
        Joe R. Whatley, Jr.
        Greg L. Davis
        E. Kirk Wood
        Sandra Reiss
        David Grigereit
        Margaret Santen Hanrahan
        Christopher Deering

---

[3]  Specifically, the Court reasoned: "[b]ecause the Court has not yet ruled upon the *Motion to Conditionally Certify and Facilitate Class* Notice (Doc. 32, filed September 21, 2007), **this case only involves the current named parties and the allegations against them. Thus, discovery is also limited to those parties and subject matter.**" (emphasis added).