**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES MORROW,** *et al.*, | ) | |
| | ) | **CIVIL ACTION NO: 3:07-CV-617-MHT** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FLOWERS FOODS, INC.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT FLOWERS FOODS, INC.'S, FLOWERS BAKING CO. OF OPELIKA,
LLC'S, AND FLOWERS BAKING CO. OF THOMASVILLE, LLC'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
THE PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES[1]**

COME NOW, Defendants Flowers Foods, Inc. ("Flowers Foods"), Flowers Baking Co. of Opelika, LLC ("Flowers/Opelika"), and Flowers Baking Co. of Thomasville, LLC ("Flowers/Thomasville"), by and through their undersigned attorneys, and move this Court for an Order Denying Plaintiffs' Motion to Compel the Production of Documents and Answers to Interrogatories ("Plaintiffs' Motion"), which Plaintiffs filed with this Court on April 15, 2008.

Plaintiffs are currently comprised of only three current and eight former distributors at Flowers/Thomasville and Flowers/Opelika[2] who operated out of a limited number of warehouses within a limited geographic area. Notwithstanding, Plaintiffs have brought this Section 216(b) action on behalf of a nationwide class. This Court has not ruled on Plaintiffs' Motion for conditional certification, which Plaintiffs had to submit to this Court over seven months ago, and

---

[1] Although Plaintiffs' Motion is titled "Plaintiffs' Motion to Compel the Production of Documents," because Plaintiffs'' Motion also discusses compelling answers to Interrogatories, Defendants have titled their Response as such.

[2] Plaintiffs Charles Morrow, Michael Overton, James Marty Smith, Michael Smith, Ricky Small, Melvin Snow, and Greg Patisaul are former distributors of Flowers/Opelika. Plaintiff Gary Chambliss is a former distributor of Flowers/Thomasville. Plaintiffs Dwayne Cleveland, Mark Murphy, Lew Baxter are current distributors of Flowers/Opelika.

this Court has issued an Order limiting pre-conditional certification discovery to the named parties and the allegations against them.  Further, although Plaintiffs moved to extend the deadline to add additional parties, this Court denied Plaintiffs' Motion, providing that such deadline would remain that set forth in its Scheduling Order. Despite these clear Orders, Plaintiffs now move this Court to compel Defendants to produce the <u>same type</u> of pre-conditional certification class-wide discovery its prior Order held to be inappropriate, including that which involves individuals or entities which are not, and cannot currently be added as, parties to this lawsuit.

As will be discussed more fully below, Plaintiffs' Motion should be denied because it is nothing more than an improper attempt to effectively ask this Court to reverse its own prior Orders and provide Plaintiffs with discovery for which they would not otherwise be entitled.

I.      <u>**Plaintiffs' Are Not Entitled to the Discovery Sought Under Both the Uniform Scheduling Order and This Court's Protective Order**</u>

A.      <u>Factual Background Regarding Scheduling Order</u>

On July 2, 2007, Plaintiffs filed their original Complaint against Flowers Foods and Flowers/Opelika under 29 U.S.C. § 216(b), of the Fair Labor Standards Act ("FLSA") seeking to maintain a collective action on behalf of themselves and others "similarly situated."[3] (Ct. Doc. No. 1.)  Specifically, despite Plaintiffs limited number and limited geographic location from which they operate(d) their distributorships, Plaintiffs sought a class of all current and former independent distributors, located in twenty different states and the District of Columbia, who are currently operating out of 500 different warehouses and are/were contracted with (or employed by)[4] any one of the twenty-five different Flowers Foods' subsidiaries that utilized independent

---

[3]  While Defendants deny that Plaintiffs were or are "employees," Section 216(b) is nonetheless the vehicle for Plaintiffs to bring their claims given their contention that they are or were "employees" under the FLSA.
[4]  Some distributors may have been route sales employees, and not independent distributors, during statutory period.

distributors. (Ct. Doc. Nos. 1; 42 (filed October 17, 2007), pp. 2-3 and the affidavits cited therein and filed concurrently therewith.)

On September 13, 2007, this Court issued its Scheduling Order for this case,[5] ordering that "**Motions for class certification shall be filed on or before September 21, 2007,**" with briefs in support thereof "filed with any such motion." (emphasis added). (*See* Ct. Doc. 28, § 5, attached as Exhibit "A.") Plaintiffs filed their Motion to Conditionally Certify Class and Facilitate Class Notice ("Motion to Conditionally Certify"), and Memorandum in Support thereof, on September 21, 2007. (Ct. Doc. Nos. 32; 33.)  In accordance with the parties' 26(f) Planning Report jointly filed with the Court on August 17, 2007 (Ct. Doc. No. 16), Defendants filed their Opposition in Response to Plaintiffs' Motion to Conditionally Certify ("Opposition to Motion to Conditionally Certify"), with evidence in support thereof, on October 17, 2007. (Ct. Doc. No. 42.)  This Court has not yet ruled on Plaintiffs' Motion for Conditional Certification.

Pursuant to this Court's Scheduling Order, Plaintiffs had until January 3, 2008, to add additional parties. (Ct. Doc. No. 28, pp. 2-3, § 5). On January 2, 2008, just one day before Plaintiffs' deadline for adding additional parties, and after being granted multiple amendments to add additional parties to this lawsuit over a six (6) month period, Plaintiffs moved to extend this deadline. (Ct. Doc. No. 67.) Defendants filed a Response in Opposition to Plaintiffs' Motion to extend this deadline on January 9, 2008. (Ct. Doc. No. 69.)  On March 3, 2008, the Court issued an Order denying Plaintiffs' Motion, preserving the January 3, 2008, deadline to add additional parties. In this Order, the Court provided that it would reconsider whether an extension of time to add additional parties was warranted only after the court resolved the class certification motion,

---

[5]  Although the Uniform Scheduling Order has been amended twice due to scheduling conflicts, the amended Orders only adjusted deadlines that were expressly tied to the pretrial date and trial date. (Ct. Doc. No. 46, filed October 24, 2007; Ct. Doc. No. Doc. 92, filed March 4, 2008.)

and then <u>only upon a showing of good cause</u>. (emphasis added). (*See* Ct. Doc. No. 91, attached as Exhibit "B.")

B.     <u>Factual Background Regarding Protective Order</u>

On September 5, 2007, Plaintiffs served Defendant Flowers Foods with a 30(b)(6) Deposition Notice,  seeking class-wide discovery pertaining to Flowers Foods' involvement with thousands of current and former distributors who contracted with, or were route sales employees for, any one of the twenty-five (25) subsidiaries that utilize independent distributors.  (*See* Flowers Foods 30(b)(6) Notice of Videotaped Deposition, attached as Exhibit "C.") At the time Plaintiffs filed this 30(b)(6) Deposition Notice, only one subsidiary was a party to this lawsuit.[6] On October 31, 2007, Defendants filed a Motion for a Protective Order to limit the scope of this Deposition, outlining in detail <u>that under precedent of this Court, such "class-wide" discovery was inappropriate before any decision by the Court conditionally certifying this action</u>.  (Ct. Doc. No. 48).  In response, Plaintiffs outlined, in detail, their position that pre-conditional class-wide discovery was relevant and within the proper scope of discovery. (Ct. Doc. No. 57) (filed November 13, 2007). On November 27, 2007, <u>after the benefit of full briefing by both parties</u>, this Court granted Defendants' Protective Order ("Order or Protective Order"), rejecting Plaintiffs' position that such class-wide discovery was appropriate prior to conditional certification and <u>explicitly limiting</u> the scope of discovery to the named parties and the allegations against them. (*See* Ct. Doc. No. 64, attached as Exhibit "D.")  Specifically, this Court provided:

> Because the Court has not yet ruled upon the Motion to Conditionally Certify Class and Facilitate Class Notice (Doc. 32, filed September 21, 2007**), this case only involves the current**

---

[6]  On November 6, 2007, Plaintiffs moved to add Flowers/Thomasville as a party. However, <u>Flowers/Opelika and Flowers/Thomasville are the only two subsidiaries which have been named as parties to this action and which can be named as parties to this action at this time</u>. (Ct. Doc. No. 91.)

4

**named parties and the allegations against them. Thus, discovery is also limited to those parties and subject matter**.

(emphasis added). (Ct. Doc. No. 64.)

C.     Plaintiffs' Improper Attempt to Circumvent this Court's Orders to Obtain Nationwide Discovery

1.     Background Regarding Plaintiffs' Interrogatories and Requests for Production, and Defendants' Responses Thereto

Despite the clear and unambiguous language of this Court's Protective Order, specifically limiting pre-conditional certification discovery to the named parties and the allegations against them, Plaintiffs, just two months after the Court issued its Order, served their Second Request for Production of Documents ("Document Requests") and Second Requests for Interrogatories ("Interrogatories") on Defendants Flowers Foods, Flowers/Opelika, and Flowers/Thomasville, seeking class-wide discovery that was not limited to that pertaining to Plaintiffs' individual claims. (*See* Pl. Interrogatories and Document Requests, attached as Exhibit "E" and "F," respectively.)  Plaintiffs attempt to minimize the overbreadth of their Requests by characterizing them as a "single request for documents" and "single interrogatory" in their Motion to Compel. However, as discussed below, the plain language of Plaintiffs' Requests establishes that they reached far outside the permissible scope of discovery as established by this Court's Order.

Specifically, Plaintiffs' Interrogatories sought discovery regarding "each and every communication" any of the Defendants[7] had with "any current or former route distributor," without limiting the request to communications pertaining to Plaintiffs' individual claims, and without limiting the time period or the substantive matter of these communications in any manner whatsoever. (*See* Exhibit E, *supra).*  Plaintiffs' request, by its very terms, encompassed

---

[7]  In Plaintiffs' definitional section, paragraph 3 provides that the interrogatory is directed to "all agents, servants, employees, representatives, private investigators, all in-house and outside attorneys or any person who at your direction performs activities for or by any Defendant."  *See* Exhibit E, *supra*.

not just business but also personal communications that are <u>in no way relevant to any of Plaintiffs' individual FLSA overtime claims</u>. Likewise, Plaintiffs' Document Requests sought information that was <u>in no way tailored</u> to that which would be relevant to Plaintiffs' individual claims. Specifically, Plaintiffs' Document Requests requested "<u>[a]ll documents</u> concerning . . . or describing <u>any communications</u> between you[8] and <u>any present or former route distributors</u> . . . <u>concerning any of the allegations, facts, or circumstances described in the Complaint</u>." (emphasis added). (*See* Exhibit F, *supra*.)   In addition to reaching far beyond the scope of permissible discovery as set forth in this Court's Protective Order, Plaintiffs' Requests sought discovery pertaining to communications with non-party distributors who contracted with non-party subsidiaries, both of which are not, and cannot be added as, parties to this lawsuit at this time. (Ct. Doc. No. 91.)   Moreover, Plaintiffs' Requests were also duplicative, encompassing documents and information responsive to prior discovery requests, for which Defendants had either already provided responsive information or documents or which Defendants were in the process of providing. (*See* Plaintiffs' First Set of Interrogatories and Requests for Production to Defendants, attached as Exhibit "G.")

On February 13, 2008, Defendants served objections to Plaintiffs' Document Requests and Interrogatories, responding that such Requests and Interrogatories were overly broad and unduly burdensome on their face because they were not limited to that which was relevant to Plaintiffs' individual claims in accordance with this Court's Order.  Defendants also objected to these Requests because they were so vague that they could not be intelligently answered. (*See*

---

[8] Plaintiffs' Document Requests directed the Request to communications with the same types of individuals as Plaintiffs' Interrogatories. *See* Paragraph 3, Exhibit "F," *supra*.

Defendants' Responses to Plaintiffs' Document Requests and Interrogatories, attached as Exhibit "H" and "I," respectively.)[9]

The parties met and conferred regarding these Document Requests and Interrogatories on March 25, 2008. During this conversation, and within a subsequent letter on the same date, Defendants informed Plaintiffs that they were "unaware of any responsive documents that have not been produced." (*See* Letter from Defendants' Counsel Kevin P. Hishta to Plaintiffs' Counsel Joseph Guglielmo, dated March 25, 2008, p. 5, attached as Exhibit "J.")  On April 2, 2008, Defendants informed Plaintiffs that they believed they had produced all documents responsive to Plaintiffs' Document Requests because Defendants believed that any communications with independent distributors are typically maintained in the independent distributor files, which Defendants had already produced to Plaintiffs pursuant to prior discovery requests. Defendants also informed Plaintiffs that they had searched applicable email and believed they had produced any email pertaining to the named Plaintiffs. (*See* Letter from Defendants' Counsel Kevin P. Hishta to Plaintiffs' Counsel Joseph Guglielmo, dated April 2, 2008, attached as Exhibit "K.") Indeed, as of the date of these letters, Defendants had already produced thousands of documents to Plaintiffs, including those that contained communications with, or information regarding, the named Plaintiffs. (*See* Defendants' Production Log and accompanying transmittal letters[10], attached as Exhibit "L.")

Nonetheless, Defendants informed Plaintiffs, in an April 2, 2008 letter, which Plaintiffs also attached as an Exhibit to their Motion, that they would "go back and double check and see if any additional non-privileged documents have been generated related to Plaintiffs that are

---

[9]  Plaintiffs' assertions in their Motion that Defendants "did not identify any [responsive] documents" when asked to do so misstates the facts. Defendants did not identify responsive documents in their Objections because, the Requests were so vague that they could not be intelligently answered. *See* Exhibits H and I, *supra*.
[10] The specific transmittal letters are set forth in the Exhibit Log attached to this Response.

current distributors." (*See* Exhibit K, *supra*.)  Defendants did, in fact, go back to ensure that all documents involving the named Plaintiffs had been produced, and are in the process of producing some additional responsive documents that had been unintentionally omitted from, or generated/created after, their last submission to Plaintiffs.[11]  In this April 2, 2008, letter, Defendants <u>again</u> reminded Plaintiffs of this Court's Protective Order and stated that although communications with other distributors about the allegations in the lawsuit may be relevant to the class claims, they were not relevant to the Plaintiffs' individual claims. Defendants also informed Plaintiffs that they had not had any substantive conversations with any Plaintiffs regarding the allegations or claims described in the lawsuit. (*See id*).

2.    <u>Plaintiffs' Improper Attempt to Circumvent this Court's Orders</u>

Despite this Court's Order explicitly limiting discovery to that which pertains to the named parties and the allegations against them, Plaintiffs ask this Court to compel Defendants to produce class-wide discovery pertaining to communications with current or former distributors, who are not parties, located in 20 states and the District of Columbia, who were/are contracted with (or route sales employees for) any one of twenty-five different Flowers Foods' subsidiaries, twenty-three of which are not, and cannot be added as, parties to this lawsuit at this time. <u>This information Plaintiffs' seek is simply not relevant to determining whether each Plaintiff was denied overtime in violation of the FLSA.</u>

Absent any basis for establishing relevancy, Plaintiffs' Motion is nothing more than an attempt to effectively ask the Court to reverse its prior Orders and compel Defendants to produce

---

[11]  Based on some sales analysis reports discussed in the recent depositions of Plaintiffs, which Defendants' counsel had not heard about before, Defendants are also checking miscellaneous electronic documents, including (for example) sales summaries and analyses, to determine whether any additional responsive documents pertaining to Plaintiffs may exist. If any such documents are located, Defendants will produce them to Plaintiffs as soon as possible.

the same type of pre-conditional certification class-wide discovery the Court previously held to be inappropriate. Therefore, Plaintiffs' Motion should be denied in its entirety.

II. **Plaintiffs' Arguments in Support of Why the Discovery Subject to This Motion is Relevant Are Based on Inapplicable and Irrelevant Precedent and Inaccurate Assumptions**

A. Whether Others Wished to Opt-In Is Relevant Only to Plaintiffs' Motion for Conditional Certification, Which Has Been Fully Briefed

Plaintiffs only argument in support of their Requests for class discovery is that such discovery is relevant to determining whether other individuals wish to opt-in to the lawsuit. However, not only is this discovery inappropriate because it is not relevant to Plaintiffs' individual FLSA overtime claims, as discussed above, but it is relevant only to Plaintiffs' Motion for Conditional Certification, which Plaintiffs were ordered to file with the Court, with supporting briefs, over seven months ago. (*See* Ct. Doc. No. 28, § 5, attached as Exhibit A, ordering Motion, and briefs in support, due by September 21, 2007.)

As Plaintiffs discuss in their Motion, whether individuals wish to opt-in to the lawsuit is an element courts consider when deciding whether conditional certification is appropriate. *See Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991); *Hipp v. Liberty Nat'l Ins. Co.,* 252 F.3d 1208, 1217-1218 (11th Cir. 2001); *Cameron-Grant v. Maxim Healthcare Servs.,* 347 F.3d 1240, 1243 (11th Cir. 2003). However, Plaintiffs fail to mention that Plaintiffs bear this burden and the burden of establishing that "other aggrieved individuals exist in *the broad class they propose.*" *Haynes*, 696 F.2d at 887 (emphasis added). Indeed, before submitting their Motion for Conditional Certification, Plaintiffs had every opportunity to obtain information and other evidence to establish this element. However, Plaintiffs failed to obtain or present any substantiated evidence that individuals other than Plaintiffs wished to opt-in to this lawsuit, submitting only three self-serving, unsupported, affidavits from named Plaintiffs. This is simply

insufficient to meet Plaintiffs' burden. (*See, e.g.,* Order, *WellPoint,* No. 1:06-CV-2430-ODE, slip op., p. 7 (N.D. Ga., Aug. 23, 2007) (holding (in pertinent part) that three consents from former co-workers of plaintiffs who worked in the same two locations as plaintiffs were not sufficient to show that individuals who worked at defendants' many other offices within the state, and across the country, desired to opt-in)); (*see* also Ct. Doc. No. 42, Exhibit 17)).

B.    Plaintiffs' Reliance on Precedent Pertaining to Rule 23, and Not Section 216(b), Class Actions in Support of Their Motion is Completely Misplaced

Plaintiffs also base their argument that Defendants should be compelled to produce the documents they seek on the proposition that "the substance of communications with putative class members is relevant when it pertains to an element of certification under Rule 23 or Rule 216(b)," repeatedly citing *Oppenheimer Fund, Inc. v. Sanders, Inc.*, 437 U.S. 340, 354, n.20 (1978), in support. (Ct. Doc. No. 96, pp. 4-5). However, Plaintiffs' reliance on *Oppenheimer* is completely misplaced, and Plaintiffs' appear to have "conveniently" read Section 216(b) into the text of this case to justify their overly broad discovery requests. *Oppenheimer* involves a Rule 23 class "opt-out" action, which the Court had already determined met the requirements for class action treatment under Rule 23, and does not involve a 216(b) "opt-in" action. *See Oppenheimer*, 437 U.S. 346 (citing *Sanders v. Levy,* 20 Fed. Rules Serv. 2d 1218, 1220-1221 (S.D.N.Y. 1975)).[12]  Further, *Oppenheimer* dealt with the narrow issue of which party should pay for the compilation of the name and address list required to satisfy the mandatory notice requirement under Rule 23. No where in the case does the Court mention Section 216(b) actions. Plaintiffs cite footnote 20 on page 354 of *Oppenheimer* to support their position that the discovery they seek regarding communications with class members is relevant to this case; however, this

_____

[12]  In order to find a Rule 23 action appropriate for class treatment, the Court must first conduct an analysis which involves, for example, determining that the claims involve common questions of law or fact and numerosity, and that Plaintiffs' representation is adequate. *See id.*

<u>footnote never references or mentions Section 216(b) actions</u> but rather exclusively discusses whether, and under what circumstances, class members' names and addresses in Rule 23 actions are relevant and can be obtained.[13] The Eleventh Circuit has clearly held that Rule 23 actions are a "fundamentally different creature" than Section 216(b) actions, primarily due to a plaintiffs' right to represent putative opt-ins in Rule 23 actions but not in Section 216(b) actions, and the manner in which an individual becomes a party in each type of action (*i.e.* "opt-in" vs. "opt-out"). *See Cameron-Grant,* 347 F.3d at 1249.

## C.    Plaintiffs' Arguments Are Illogical

Plaintiffs also make several other nonsensical arguments, including that "Defendants' *objection based on relevance is misplaced*, as *the standard is* not admissibility but *whether the discovery is reasonably calculated to lead to the discovery of admissible evidence*" [which is the definition of relevance under the Federal Rules]. Further, Plaintiffs' attempt to distinguish this Court's Protective Order by arguing that the Court's Order is not applicable to their Motion because the Court in its Order (1) "did not address the relevancy of the materials sought" in Plaintiffs' Motion, and/or (2) did not hold that discovery regarding communications with other distributors was not permitted prior to conditional certification. However, it would be <u>completely illogical</u> to conclude, as Plaintiffs' contend, that the Court's Order, which discusses the scope of

---

[13] Specifically, footnote 20 provides:

> We do not hold that class members' names and addresses can never be obtained under the discovery rules. There may be instances when this information could be relevant to issues that arise under Rule 23, see n. 13, *supra*, or where a party has reason to believe that communications with some members of the class could yield information bearing on these or other issues. Respondents make no such claim of relevance, however, and none is apparent here. Moreover, it may be doubted whether any of these purposes would require compilation of the names and addresses of *all* members of a large class. There is a distinction in principle between requests for identification      of class members that are made to enable a party to send notice, and requests that are made for true discovery purposes. See n. 17, *supra*. (citations omitted).

437 U.S. at 354, n. 20.

discovery before conditional certification, does not apply unless it references the exact documents, scenario, or types of documents, sought.

> The Court's Order specifically addressed, and deemed inappropriate, exactly what Plaintiffs are trying to obtain here: pre-conditional certification class-wide discovery, with reasoning that could not have been clearer: "[b]ecause the Court has not yet ruled upon the Motion to Conditionally Certify Class …**, this case only involves the current named parties and the allegations against them. Thus, discovery is also limited to those parties and subject matter**." (citation omitted). (Ct. Doc. No. 64.) Because communications with other class members <u>are not relevant</u> to Plaintiffs' individual claims, the Court should deny Plaintiffs' Motion in its entirety.

### D.    Plaintiffs Base their Arguments on Inaccurate Assumptions

Plaintiffs also base their argument regarding the relevance of the information they seek on an (incorrect) assumption that Defendants spoke with distributors regarding whether they wanted (or did not want) to opt-into this lawsuit. Even assuming, *arguendo*, that Plaintiffs are not precluded from obtaining the discovery sought in their Motion for the reasons discussed above, Plaintiffs' Motion must be denied because the communications Plaintiffs seek did not include any discussion regarding whether distributors wished (or did not wish) to opt-into the lawsuit. In addition, absent any evidence that Defendants engaged in any improper, misleading, or coercive communications, these factors simply cannot be used as a basis upon which to establish relevancy for the information sought in Plaintiffs' Motion.

In Defendants' Opposition to Plaintiffs' Motion to Compel, Defendants attached and discussed various affidavits (which Plaintiffs reference in their Motion) from distributors, submitted to the Court <u>for the sole purpose</u> of showing that because distributors' businesses can

and do vary substantially from distributor-to-distributor, and warehouse-to-warehouse, any FLSA overtime inquiry for distributors would be highly individualized and thus inappropriate for collective action treatment. (Ct. Doc. No. 42, pps. 29-33, and Exhibits 6-15 attached thereto.) Specifically, these affidavits discussed various aspects of the affiant distributor's distributorship, including, for example, whether the distributor retained others to assist with the operation of the distributorship, whether the distributor sold his or her territory or any portion of the territory, and the different ways in which distributors determine which order to service his or her customers. (*See id.*). <u>None of these Affidavits contained any discussion regarding whether the affiant distributor did, or did not, wish to opt-in or join this lawsuit</u>. (*See id.*).

In an effort to obtain the evidence submitted in these Affidavits, Defendants retained two attorneys, named John Galese ("Galese") and Jeffrey Ingram ("Ingram"), with a Birmingham law firm entitled Galese & Ingram, P.C., to meet with distributors at Flowers/Opelika. Galese and Ingram went to various warehouses within Flowers/Opelika and met with distributors who wanted to discuss their distributorships and experiences as distributors with them. (*See* Affidavit of Jeffrey L. Ingram, attached as Exhibit "M" ("Ingram Affidavit"), ¶¶ 1-2; Affidavit of John Galese, attached as Exhibit "N" ("Galese Affidavit"), ¶¶ 1-2.) <u>Neither Galese nor Ingram met with, or had any substantive communications with, any of the current Plaintiffs</u>. (*See* Ingram Affidavit, ¶ 3; Galese Affidavit, ¶ 3). Both Galese and Ingram (separately) met with the distributors who agreed to meet with them, without any member of management present. (*See* Ingram Affidavit, ¶ 4; Galese Affidavit, ¶ 4). Before speaking with any distributor, both Ingram and Galese read a "Pre-Interview Warning," which informed distributors why Galese and Ingram were meeting with them, and provided a number of other assurances regarding distributors' legal rights, presented below:

Before we start, you need to understand your legal rights.

1. You are under no obligation to talk to me. This is strictly a voluntary Interview. If you do agree to talk to me, you can stop at any time.

2. If you do agree to talk with me, you will receive no benefit for doing so. . . .

3. By the same token, if you chose not to talk to me, nothing bad is going to happen. . . .

(Ingram Affidavit, ¶ 4 and accompanying Pre-Interview Warning, attached as Exhibit 1 thereto (emphasis added); Galese Affidavit, ¶ 4 and accompanying Pre-Interview Warning, attached as Exhibit 1 thereto (emphasis added)).

Galese and Ingram also specifically informed the distributors that they "were prohibited from talking with [the distributor] if [the distributor] ha[s] joined the lawsuit . . . or if [the distributor] [is] planning to do so or if [the distributor] ha[s] contacted an attorney in any way about bringing a lawsuit against the Company seeking overtime pay." (See id.). Indeed, neither Ingram or Galese asked any distributor with whom they spoke whether he or she was or was not interested in joining this lawsuit or did or did not wish to opt-in to this lawsuit. (See Ingram Affidavit, ¶ 6 (emphasis added); Galese Affidavit, ¶ 6 (emphasis added)).

If the distributor agreed to speak with Galese or Ingram after hearing this warning, he or she was asked to sign an "Acknowledgement of Rights," whereby the distributor acknowledged (in pertinent part) that he or she was "under no obligation to talk to Mr. Galese and Mr. Ingram," and could "change [his or her] mind and . . . leave at any time." (Ingram Affidavit, ¶ 5 and ¶ 1 on accompanying Acknowledgement of Rights, attached as Exhibit 2 thereto; Galese Affidavit, ¶ 5 and ¶ 1 on accompanying Acknowledgement of Rights, attached as Exhibit 2 thereto). Distributors also were asked to acknowledge that they understood they would "receive no benefit" from talking to Galese or Ingram and likewise that nothing bad would happen to them if they refused. Id.; Paragraph 2-3 on Exhibit 2.

14

As the above-referenced established, even assuming, *arguendo*, that the discovery Plaintiffs seek in their Motion was within the proper scope of discovery pursuant to this Court's Protective Order <u>and</u> Plaintiffs' deadline for briefing conditional certification had not expired over seven months ago, Plaintiffs' Motion must be denied because, as the Affidavits discussed above establish, <u>Defendants did not have any communications with distributors regarding whether the distributors wished or did not wish to opt-into the lawsuit.</u>

E.    <u>Plaintiffs' Additional Arguments to Establish Relevancy of the Discovery Sought Are Unsubstantiated and Misplaced</u>

Plaintiffs' final argument, that the discovery they seek is relevant because Defendants may not give "false, misleading information . . . or attempt to influence the decision about whether to request **exclusion** from a class" (citing The *Manual for Complex Litigation,* Fourth, (Fed. Judicial Center 2004) at §21.12) (emphasis added), <u>lacks any legal or factual basis whatsoever</u>. Plaintiffs' quote "conveniently" omits the last three words of this sentence, contained within the source quoted. In fact, the quote upon which Plaintiffs rely to establish the relevancy of the discovery sought in their Motion, when provided in its entirety (with the words Plaintiffs omitted italicized for the Court's convenience) pertains exclusively to Rule 23 class actions:

> Defendants, in the course of their communications with potential class members "may not give false, misleading, or intimidating information, conceal material information, or attempt to influence the decision about whether the request exclusion from a class *certified under Rule 23(b)(3).*"

(Ct. Doc. No. 96, p. 4, quoting The *Manual for Complex Litigation,* at § 21.12). As this quote establishes, **Plaintiffs again are attempting to improperly use authority that exclusively**

**pertains to a Rule 23 opt-out class in support of their arguments in this Section 216(b) action.**[14]

*Even if Plaintiffs had cited correct legal authority* (which they did not), Plaintiffs have failed to provide any evidence to establish that Defendants actually had communications that misled, coerced, or attempted to influence distributors in any manner whatsoever. Defendants, on the other hand, have presented evidence to establish that ample assurances were given to distributors during these discussions to avoid any such improper influence. (*See* Ingram Affidavit, ¶ 4 and Exhibit 1 attached thereto; Galese Affidavit, ¶ 4 and Exhibit 1 attached thereto) (discussing Pre-Interview warnings providing assurances against benefits or reprisals, specifically informing distributors they were only interested in talking with distributors, on a voluntary basis, to gather facts regarding their distributorships)). Absent any factual basis upon which to establish that Defendants' communications were, in fact, misleading or improper in any way, Plaintiffs cannot rely on these factors as a basis for establishing relevancy.

## CONCLUSION

For the reasons cited above, because Plaintiffs' Motion requests "class discovery" which is not limited to information pertaining to each Plaintiff's individual FLSA overtime claims, and because Plaintiffs have failed to identify any basis upon which to establish that the discovery sought is relevant to Plaintiffs' individual claims, this Court should deny Plaintiffs' Motion in its entirety.

---

[14]   In Rule 23 class actions, Defendants may be completely prohibited, or more substantially limited, from contacting potential class members because they are considered "parties to the action," unless they opt-out. *See Dondore v. NGK Metals Corp.,* 152 F. Supp.2d 662 (E.D. Pa. 2001). Whereas, in a Section 216(b) action, putative class members are not "parties," and the named plaintiff is not entitled to represent them, unless in pertinent part they affirmatively "opt-in." *See Cameron-Grant,* 347 F.3d at 1249.

Dated this 23rd day of April, 2008.

/s/Kevin P. Hishta

Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail: Kevin.Hishta@ogletreedeakins.com
(404) 881-1300
(404) 870-1732 Fax

*and*

Sandra B. Reiss (ASB-3650-S80S)
Christopher W. Deering (ASB-5555-I71C)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail: Sandra.Reiss@odnss.com
E-mail: Chris.Deering@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

*Counsel for Defendants, Flowers Foods, Inc., Flowers Baking Co. of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of April, 2008, I electronically filed the foregoing Defendant Flowers Foods, Inc.'s, Flowers Baking Co. of Opelika, LLC's and Flowers Baking Co. of Thomasville, LLC's Response to Plaintiffs' Motion to Compel the Production of Documents and Answers to Interrogatories with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Greg L. Davis, Esq.
The Law Offices of Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL 36117

Joe R. Whatley, Jr., Esq.
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama 35203

Joseph P. Guglielmo, Esq.
Whatley Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036

Amy Lynne Weaver
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama 35203

Glen M. Connor
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama 35203

E. Kirk Wood, Esq.
Wood Law Firm, LLC
PO Box 382434
Birmingham, Alabama 35238-2434

/s/ Kevin P. Hishta
Kevin P. Hishta

**EXHIBIT LOG**

| Exhibit: | Document Name: | Dated filed/served: |
|---|---|---|
| A | Uniform Scheduling Order. | 09/13/2007 |
| B | Order Denying Plaintiff's Motion to Extend Time for Deadline to Add Parties. | 03/04/2008 |
| C | Plaintiffs' 30(B)(6) Notice of Videotaped Deposition to Defendant Flowers Foods, Inc. | 09/05/2007 |
| D | Order Granting Defendants' Request for a Protective Order. | 11/27/2007 |
| E | Plaintiffs' Second Request for Interrogatories to Defendants Flowers Baking Co. of Thomasville, LLC, Flowers Foods, Inc., and Flowers Baking Co. of Opelika, LLC. | 01/14/2008 |
| F | Plaintiffs' Second Request for Production of Documents to Defendants Flowers Baking Co. of Thomasville, LLC, Flowers Foods, Inc., and Flowers Baking Co. of Opelika, LLC. | 01/14/2008 |
| G | Plaintiffs' Interrogatories to Defendant Flowers Foods, Inc.; Plaintiffs' First Request for Production of Documents to Defendant Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC; Plaintiffs' First Request for Production of Documents to Defendant Flowers Baking Co. of Thomasville. | 09/10/2007 |
| H | Defendant Flowers Foods, Inc.'s Responses to Plaintiffs' Second Request for Production of Documents; Defendant Flowers Baking Co. of Opelika, LLC's Responses to Plaintiff's Second Request for Production of Documents; Defendant Flowers Baking Co. of Thomasville, LLC's Responses to Plaintiffs' Second Request for Production of Documents. | 02/13/2008 |
| I | Defendant Flowers Foods, Inc.'s Answers to Plaintiffs' Second Interrogatories; Defendant Flowers Baking Co. of Opelika, LLC's Answers to Plaintiffs' Second Interrogatories; Defendant Flowers Baking Co. of Thomasville, LLC's Answers to Plaintiffs' Second Interrogatories. | 02/13/2008 |
| J | Letter from Kevin Hishta to J. Guglielmo. | 03/25/2008 |
| K | Letter from Kevin Hishta to J. Guglielmo. | 04/02/2008 |

| Exhibit: | Document Name: | Dated filed/served: |
|---|---|---|
| L | All documents listed below: | |
| | Morrow Document Production Chart. | |
| | Letter from Kevin Hishta producing documents responsive to the document request contained within the 30(B)(6) Deposition Notice. | 12/28/2007 |
| | Letter from Kevin Hishta supplementing Defendant Flowers Foods, Inc. and Flowers Baking Co. of Thomasville, LLC's Responses to Plaintiffs' First Request for Production of Documents | 01/11/2008 |
| | Letter from Kevin Hishta enclosing 1 compact disk and a list of exhibits describing the documents. | 01/24/2008 |
| | Letter from Kevin Hishta enclosing a disk with additional responsive documents to Plaintiffs' Request for Production of Documents. | 03/27/2008 |
| M | Affidavit of Jeffrey L. Ingram | 04/18/2008 |
| N | Affidavit of John Martin Galese | 04/18/2008 |

# EXHIBIT A

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


| | | |
|---|---|---|
| CHARLES MORROW,<br>individually and on behalf<br>of other similarly<br>situated employees, and<br>MICHAEL OVERTON,<br>individually and on behalf<br>of other similarly<br>situated employees, | ) )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | CIVIL ACTION NO. |
| v. | )<br>) | 3:07cv617-MHT |
| FLOWERS FOODS, INC., and<br>FLOWERS BAKING COMPANY OF<br>OPELIKA, L.L.C., | )<br>)<br>) | |
| Defendants. | )<br>) | |

## UNIFORM SCHEDULING ORDER

Please read this order carefully. These deadlines
and responsibilities may not be changed without leave of
court. All parties are expected to comply with each and
every provision of this order in a timely manner, and
extensions will be granted only in extraordinary and
unforeseeable circumstances. The parties are also
expected to comply with the Middle District's Local Rules
and the Middle District's Guidelines to Civil Discovery
Practice, both of which can be found at
http://www.almd.uscourts.gov/.

Under Rule 16, Federal Rules of Civil Procedure, as amended, the court is required to set a schedule for discovery and the filing of motions. Accordingly, it is ORDERED as follows:

SECTION 1. A pretrial conference is scheduled for the 3rd day of September, 2008. This cause is set for trial during the term of court commencing on the 6th day of October, 2008.

SECTION 2. Dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than 90 days prior to the pretrial hearing. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court.

SECTION 3. No later than 21 days after the dispositive motion deadline, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not more than FIVE (5) DAYS after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation". This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial.

SECTION 4. Motions to amend the pleadings and to add parties shall be filed by the plaintiff(s) on or before

January 3, 2008, and by the defendant(s) on or before January 28, 2008.

SECTION 5. Motions for class certification shall be filed on or before September 21, 2007. A brief addressing the factors enumerated in Rule 23(a), (b) and (g) of the Federal Rules of Civil Procedure shall be filed with any such motion.

SECTION 6. The failure to file a response to any motion -- either dispositive or non-dispositive -- within the time allowed by the court shall indicate that there is no opposition to the motion.

SECTION 7. All discovery shall be completed on or before June 20, 2008, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the deadline in this paragraph extended to allow for deposing such witnesses.

SECTION 8. The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s) on or before March 17, 2008.
From the defendant(s) on or before April 17, 2008.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

3

SECTION 9.    FORTY (40) DAYS BEFORE TRIAL, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file a list of the names, addresses, and telephone numbers of all witnesses, except witnesses to be used solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The  witness list should include the names of any witnesses required to be disclosed under Section 8.    Unless  specifically  agreed  between  the parties or allowed by the court for good cause shown, the parties shall be precluded from calling any witness not so identified.

SECTION 10.    FORTY (40) DAYS BEFORE TRIAL, the parties  shall,  pursuant  to  the  provisions  of  Rule 26(a)(3) of the Federal Rules of Civil Procedure, file deposition designations that the parties expect to use at trial.  Adverse parties shall within one week thereafter file  deposition  designations  expected  to  be  used  in response, and a party shall within three days of the designation of such responsive parts file the designation of any part that is desired as a rebuttal  thereto. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions  or  documents  to  be  used  solely  for  the purpose of impeachment.  Except to the extent written objections are filed 14 days prior to the trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.  Objections shall state with particularity the portions objected to, and the objecting party shall attach a copy of the portions to which the objections apply.

4

SECTION 11.    FORTY (40) DAYS BEFORE TRIAL, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file exhibit lists and furnish opposing counsel for copying and inspection all exhibits and tangible evidence to be used at the trial.  _Proffering counsel shall have such evidence marked for identification prior to trial._ Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment.  _Except to the extent written objections are filed, the evidence shall be deemed genuine and admissible in evidence.  Objections shall be filed 14 days prior to the trial date, and shall set forth the grounds and legal authorities.    The offering party shall file a written response to the objections no later than 7 days prior to trial and shall include a premarked copy of the evidence at issue._

SECTION 12.    Except to the extent of any conflict with the deadlines set out herein, the discovery plan contained in the report of parties' planning meeting (Doc.  No. 16) is adopted and incorporated herein.

SECTION 13:  _If a jury trial_:  The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, on or before 14 days prior to the trial date unless said time is shortened by the court on motion of either party.  Trial counsel are directed to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions. The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

5

SECTION 14. In cases involving jury trials, the term "trial date" as used in the foregoing deadlines shall mean the date set for jury selection.

SECTION 15. GENERAL PROVISIONS:

(A) All briefs on any matter before the court must be formal in format and filed with the court. The court does not accept "letter briefs" or "letter reports."

(B) A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met. Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C) The proposed order that a party desires the court to enter should be submitted to the court in both (i) an Adobe Acrobat  PDF format attachment to the motion and (ii) by transmitting an electronic copy of the proposed order to the court as an attachment to an email message sent to <propord_thompson@almd.uscourts.gov>. For these purposes, the electronic copy should be in WordPerfect or Word format and not in Adobe Acrobat PDF format.

(D) If any party has an objection to these deadlines, the party should inform the court within 14 days from the date of this order; otherwise, the court will assume that the deadlines are agreeable to all parties. Unless this order is modified by subsequent order of the court, the

provisions hereinabove set out are binding on the parties.

DONE, this the 13th day of September, 2007.

        /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

CHARLES MORROW, et al.,          )
                                 )
        Plaintiffs,              )
                                 )        CIVIL ACTION NO.
        v.                       )          3:07cv617-MHT
                                 )
FLOWERS FOODS, INC.,             )
et al.,                          )
                                 )
        Defendants.              )

## ORDER

It is ORDERED that plaintiffs' motion to extend time for deadline to add parties (Doc. No. 67) is denied without prejudice. If, after the court resolves the pending class-certification motion the plaintiffs can show good cause for additional time to add parties, the court will reconsider whether such extension is warranted.

DONE, this the 4th day of March, 2008.

                    ___/s/ Myron H. Thompson___
                    UNITED STATES DISTRICT JUDGE

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES MORROW and MICHAEL OVERTON, individually and on behalf of similarly situated employees<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FLOWERS FOODS, INC, AND FLOWERS BAKING CO., OF OPELIKA, LLC,<br><br>　　　　Defendants. | CIVIL ACTION NO:<br>3:07-CV-617-MHT |

## PLAINTIFFS' 30(B)(6) NOTICE OF VIDEOTAPED DEPOSITION TO DEFENDANT FLOWERS FOODS, INC.

Plaintiffs hereby give notice that they will take the deposition of the corporate designee(s) of Flowers Foods, Inc. pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

The deposition will be videotaped and recorded by an officer duly qualified to administer oaths and take depositions. Flowers Foods, Inc. is requested to designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf to testify as to the matters set forth in Exhibit A. The depositions will be taken on September 20, 2007 at 9:00 AM at The Law Offices of Greg L. Davis, 6987 Halcyon Park Drive, Montgomery, Alabama 36117 or upon mutually agreement of the parties, at a time and location to be agreed upon by the parties. The deposition will continue thereafter until completed.

The depositions will be taken in accordance with and for all purposes permissible under the Federal Rules of Civil Procedure. All counsel of record are invited to attend and participate.

You are also requested to produce all documents responsive to the Requests for Production as set forth in Exhibit A within in 5 days prior to the deposition.

Respectfully submitted this 5th day of September, 2007.

WHATLEY DRAKE & KALLAS LLC

Joseph P. Guglielmo (admitted *pro hac vice*)
1540 Broadway, 37 Floor
New York, New York 10036
(212) 447-7070 (phone)
(212) 447-7077 (fax)
jguglielmo@wdklaw.com

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
Greg L. Davis (ASB-8134-I71G)
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

**Attorneys for Plaintiffs**

# EXHIBIT A

## DEFINITIONS

1. The term "Documents" shall have the meaning as set forth in F.R.C.P. 34(a)

2. The terms "you," "your," and "your company" mean Defendant Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC.

3. The term "Person" shall mean natural person or any corporations, firms, joint owners, associations, partnerships, joint ventures, trusts, estates, government entities and all other forms of business.

4. The term "Communication" or "Communications" refers to any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means including speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or Electronic Data, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind.  The term "Communication" also includes, without limitation, all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, or press, publicity or trade releases.

5. The term "Meeting" shall mean the contemporaneous presence of any natural persons, whether or not such presence was by chance or prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity, including telephonic meetings.

6. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

7. The terms "relate," "relating," "reflecting" or "involving" (or any tense of the terms) mean concerning, describing, discussing, commenting upon, evidencing, impacting, approving, mentioning, pertaining, referring, reflecting, or relating, in any manner, to the matter discussed.

8. The terms "any" shall be construed to include and encompass "all." The term "all" also includes "each" and vice-versa.

9. The use of the singular form or any word includes the plural and vice versa.

3

## I.  SUBJECT MATTER TOPICS:

You are requested to designate a representative to testify about the following deposition subject matters:

1. Flowers Foods, Inc.'s involvement in the creation, determination or implementation of the position of route distributor as well as any determination to have route distributors work as independent contractors or route employees.

2. Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of the independent distributor agreements between any route distributor and any of Flowers Foods, Inc.'s subsidiaries.

3. Flowers Foods, Inc.'s analysis, review or consideration of any subsidiary's employment for the position of route distributor.

4. Flowers Foods, Inc.'s analysis, review or consideration of any subsidiary's use of independent contractors for the position of route distributor.

5. Flowers Foods, Inc.'s involvement in selling products to national markets, including the sale of products that are manufactured by Flowers Baking Co. of Opelika, LLC to national markets.

6. Flowers Foods, Inc.'s involvement in the determination of sales by route distributors to national markets.

7. Responsibility of loss of any products by Flowers Foods, Inc.

8. Flowers Foods, Inc.'s involvement in the hiring, firing, payment and receipt of monies from purchasers of Flowers' products.

9. Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of the operating agreement or operating manual that is used for the position of route distributor.

10. Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of independent distributor agreements.

## II.     REQUESTS FOR PRODUCTION OF DOCUMENTS

You are requested to produce documents responsive to the requests below no later than 5 days prior to the deposition:

1. All documents concerning Flowers Foods Inc.'s oversight of its subsidiaries concerning the creation, determination or implementation of the position of route distributor.

2. All documents concerning Flowers Foods Inc.'s involvement in the determination to have route distributors work as independent contractors or route employees of any subsidiary.

3. All documents concerning Flowers Foods, Inc.'s policies, procedures of guidelines for independent distributor agreements between any route distributor and any of Flowers Foods, Inc.'s subsidiaries.

4. Copies of form agreements between any of Flowers Foods, Inc.'s subsidiaries and its route distributors.

5. Documents concerning the policies, procedures and guidelines for the position of route distributor.

6. Documents concerning Flowers Foods, Inc.'s involvement in Flowers Baking Co. of Opelika, LLC's sale of products to national markets.

5

7. Documents describing the responsibility of loss by Flowers Foods, Inc. for any products sold through route distributors.

8. Documents concerning Flowers Foods, Inc.'s involvement in the hiring, firing, payment and receipt of monies from purchasers of Flowers' products.

9. Documents concerning Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of the operating agreement and operating manual that is used for the position of route distributor.

10. Copies of form operating agreements and operating manuals that are used for the position of route distributor.

11. Documents concerning Flowers Foods, Inc.'s involvement in the creation, negotiation or implementation of independent distributor agreements.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of September, 2007, a true and correct copy of the foregoing Plaintiffs' 30(b)(6) Notice of Deposition to Flowers Foods, Inc. was served via email and Federal Express and email upon Counsel for Defendants:

Sandra B. Reiss
Ogletree, Deakins, Nash, Smoack, & Stewarts, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com

Kevin P. Hishta
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com

Joseph P. Guglielmo

7

# EXHIBIT D

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CHARLES MORROW, *et al.*,       )
                                )
    Plaintiffs,                )
                                )
    v.                         )    CIVIL ACTION NO. 3:07-cv-617-MHT
                                )
FLOWERS FOODS, INC., et al.,    )
                                )
    Defendants.                )
                                )

## ORDER

Pending before the Court is *Defendant Flowers Foods Inc. 's Motion for Protective Order Limiting the Scope of Plaintiffs' Proposed 30(b)(6) Deposition*, *Defendant Flowers Foods, Inc. 's Brief in Support of its Motion for Protective Order limited the Scope of Plaintiffs' Proposed 30(b)(6) Deposition* (Docs. 47-48, filed October 31, 2007), *Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Protective Order* (Doc. 57, filed November 13, 2007), and *Defendant Flowers Food Inc. 's Reply Brief in Support of its Motion for Protective Order Limiting the Scope of Plaintiffs' Proposed 30(b)(6) Deposition* (Doc. 63, filed November 21, 2007). Because the Court has not yet ruled upon the *Motion to Conditionally Certify Class and Facilitate Class Notice* (Doc. 32, filed September 21, 2007), this case only involves the current named parties and the allegations against them. Thus, discovery is also limited to those parties and subject matter. The policies and practices of the other subsidiaries is not yet relevant and thus, no discovery relating to these entities

is appropriate.  Therefore, for good cause, it is

      **ORDERED** Defendants' request for a protective order (Doc. 47) is **GRANTED**.  At

present, Plaintiffs' inquiries are limited to those outlined in Defendants' Reply Brief (Doc.

63).  The scope of the discovery requests may be revisited after the Court has ruled on the

Motion to Certify Class.

      DONE this 27th day of November, 2007.

                    /s/Terry F. Moorer
                    TERRY F. MOORER
                    UNITED STATES MAGISTRATE JUDGE

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CHARLES MORROW, MICHAEL OVERTON, JAMES MARTY SMITH, DWAYNE CLEVELAND, MICHAEL SMITH, MARK MURPHY, DOUG BRANCH, LEW BAXTER, RICKY SMALL, MELVIN SNOW, GREG PATISAUL and GARY CHAMBLISS, Individually and on behalf of similarly situated employees, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO.: ) 3:07-CV-617-MHT |
| v. | ) ) |
| FLOWERS FOODS, INC., FLOWERS BAKING CO., OF OPELIKA, LLC, and FLOWERS BAKING CO. OF THOMASVILLE, LLC, | ) ) ) ) ) |
| Defendants. | ) |

PLAINTIFFS' SECOND REQUEST FOR INTERROGATORIES TO
DEFENDANTS
FLOWERS BAKING CO. OF THOMASVILLE, LLC, FLOWERS FOODS, INC.,
AND FLOWERS BAKING CO. OF OPELIKA, LLC.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs

hereby request that the Defendant Flowers Baking Co. of Thomasville, LLC, answer the

following requests for production, in writing and under oath, within thirty (30) days from

the date of service thereof.

INSTRUCTIONS

1.      Plaintiffs offer to meet and confer with Defendant as soon as possible

regarding the most efficient method to produce the requested documents.  Plaintiffs'

contact counsel regarding the logistics of production is Joseph P. Guglielmo.

2.     These Requests for Production of Documents are continuing and if, at any time after Defendant has produced the requested documents or otherwise responded hereto, further documents or other evidence identified and requested in these Requests come into its possession and control, then Defendant is requested to respond by producing said documents at the aforesaid location within ten (10) days of acquiring same.

3.     If any document or tangible thing requested was at any time, but is not now, in your possession or custody or subject to your control, please state what disposition was made of such document or tangible thing and when such disposition occurred.  If you decline to produce any document requested hereinafter on the basis of any privilege known in the law, then, at the time of production designated herein, as to each such document please provide the following written information pertaining to such document:

  a. Its date, or if not dated, the date it was prepared or received;

  b. The type of document (e.g. letter, memorandum, telegram, chart, photograph, reproduction);

  c. The author and the addressee, including the names of all persons receiving a copy;

  d. Its present location;

  e. The identity of the individual or person presently custodian or custodians thereof;

  f. The number of pages thereof;

  g. The identify of each person who received a copy of such document and the relationship of such person to you;

  h. Whether such document contains or relates to facts or opinions or both; and

i.      The nature of privilege or other grounds for refusing production (e.g. work product) of such document and the circumstances relied upon to support that claim.

4.      Should Defendant claim as privileged any document requested by any of the following requests, Defendant shall list each such document in such a manner to allow for its identification in the event of a motion to compel and, additionally, Defendant shall indicate the grounds on which it is asserting the claim of privilege, the date, author and title of each document, the portion of the document to which the claim of privilege extends and the identity of all persons, corporations or other entities to whom the document has been shown, in order that the Court can determine whether such document is, in fact, privileged.

5.      Documents shall be produced with a copy of any original file folders and as they are kept in the usual course of business.

6.      Plaintiffs request that electronic data be produced in its native file format with the specific native format identified for each specific electronic collection produced along with relevant metadata that is maintained and can be used to identify the author, recipient, forward(s), cc(s), bcc(s), subject matter, location of such files, and custodian of such files. Please include all attachments with such electronic data.

7.      Plaintiffs hereby request that all Documents maintained in paper form be produced to plaintiffs on compact discs or digital versatile discs or "DVDs" in Group IV .tif format with a resolution of 300 dpi with the associated optical character recognition ("OCR") file for each document. Paper Documents are to be produced in the manner in which they are maintained and should include all relevant metadata and information to

identify, the location of such files, and the request or requests such documents are produced in response.

## DEFINITIONS

1.     The term "Document" is used in its broadest sense under Federal Rule of Civil Procedure 34 and shall mean the original (or, if the original is not available, the best copy available) of any and all information in tangible or other form and shall include, without limiting the generality of the foregoing, paper and electronically stored information including: all letters, correspondence, contracts, agreements, memoranda, mechanical and electronic recordings, calendar and diary entries, notes or memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, recommendations, quotations, offers, inquiries, bulletins, summaries, newsletters, compilations, specification, maps, charts, blueprints, diagrams, graphs, photographs, pictures, film, videotapes, microfilm, propositions, articles, announcements, newspaper clippings, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, opinions, certifications, and writings of any kind, and all other tangible things upon which any handwriting, typing, printing, drawings, representation, photostatic or other copy, or other graphic matter, magnetic or electrical impulses, or other form of communication is recorded or produced, including audio and video recordings and computer-stored information whether or not in printout form, and all rough drafts and revised drafts (including all handwritten notes or their marks on same), and all other multiples copies of a document exist, each copy which is in any way not completely identical to a copy which is being produced or identified as a privileged document shall

also be produced and so identified. Also to be identified or produced are all documents clipped, stapled, or otherwise attached to, all described or requests documents.

2.    "All" includes the word "any," and "any" includes the word "all." "Each" includes the word "every," and "every" includes the word "each."

3.    The term "Defendant," "you," "your," or any synonym thereof, are intended to and shall embrace and include the Defendants, Flowers Baking Co. of Thomasville, LLC, Flowers Foods, Inc., and Flowers Baking Co. of Opelika, LLC and, in addition, all agents, servants, employees, representatives, private investigators, all in-house and outside attorneys or any person who at your direction performs activities for or by any Defendant

4.    The term "communication" shall mean every manner or means of disclosure, transfer, or exchange of information whether oral, face-to-face, by telephone, mail, personal delivery, documents, or otherwise between two or more persons or entities.

5.    The terms "related to" or "relating to" shall mean: pertaining to, concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, derogating from, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constitution, or including.

6.    The terms "person" or "persons" mean all natural persons ("individual" or "individuals") and entities including without limitation: corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus, or boards.

7.    The term "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these Requests for Production any information which might otherwise be construed to be outside their scope.

8.    The term "Plaintiff" refers to and shall be construed to mean Charles Morrow, Michael Overton, James Marty Smith, Michael Smith, Dwayne Cleveland, Mark Murphy, Douglas Branch, Melvin Snow, Lew Baxter, Ricky Small, Greg Patisaul, and Gary Chambliss and any other Plaintiffs that join the Complaint filed in this matter, unless so stated in the request.

9.    The term "Defendants" shall refer to and be construed to mean Flowers Foods, Inc., Flowers Baking Co. of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC.

## INTERROGATORIES

1.    Please describe each and every communication you had with any current or former route distributor. Your response must include the time, location, participants, materials presented or exchanged, and a summary of the discussion(s).

DATED: January 14, 2008

    /s/ Amy A. Weaver
    Amy A. Weaver, ASB-6878-Y82A

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York, 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of January, I caused to be served the foregoing Plaintiffs' Second Request for Interrogatories to Defendants via email and U.S. Mail to:

Sandra B. Reiss
Christopher W. Deering
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com
Chris.Deering@odnss.com

Kevin P. Hishta
David H. Grigereit

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com
David.Grigereit@olgetreedeakins.com

_/s/Amy A Weaver_ _____
Amy A Weaver, ASB-6878-Y82A

# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CHARLES MORROW, MICHAEL OVERTON, JAMES MARTY SMITH, DWAYNE CLEVELAND, MICHAEL SMITH, MARK MURPHY, DOUG BRANCH, LEW BAXTER, RICKY SMALL, MELVIN SNOW, GREG PATISAUL and GARY CHAMBLISS, Individually and on behalf of similarly situated employees, | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO.: ) 3:07-CV-617-MHT |
| v. | ) ) |
| FLOWERS FOODS, INC., FLOWERS BAKING CO., OF OPELIKA, LLC, and FLOWERS BAKING CO. OF THOMASVILLE, LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

### PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS FLOWERS BAKING CO. OF THOMASVILLE, LLC, FLOWERS FOODS, INC., AND FLOWERS BAKING CO. OF OPELIKA, LLC.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs

hereby request that the Defendant Flowers Baking Co. of Thomasville, LLC, answer the

following requests for production, in writing and under oath, within thirty (30) days from

the date of service thereof.

### INSTRUCTIONS

1.    Plaintiffs offer to meet and confer with Defendant as soon as possible

regarding the most efficient method to produce the requested documents.  Plaintiffs'

contact counsel regarding the logistics of production is Joseph P. Guglielmo.

2.     These Requests for Production of Documents are continuing and if, at any time after Defendant has produced the requested documents or otherwise responded hereto, further documents or other evidence identified and requested in these Requests come into its possession and control, then Defendant is requested to respond by producing said documents at the aforesaid location within ten (10) days of acquiring same.

3.     If any document or tangible thing requested was at any time, but is not now, in your possession or custody or subject to your control, please state what disposition was made of such document or tangible thing and when such disposition occurred.  If you decline to produce any document requested hereinafter on the basis of any privilege known in the law, then, at the time of production designated herein, as to each such document please provide the following written information pertaining to such document:

a.     Its date, or if not dated, the date it was prepared or received;

b.     The type of document (e.g. letter, memorandum, telegram, chart, photograph, reproduction);

c.     The author and the addressee, including the names of all persons receiving a copy;

d.     Its present location;

e.     The identity of the individual or person presently custodian or custodians thereof;

f.     The number of pages thereof;

g.     The identify of each person who received a copy of such document and the relationship of such person to you;

h.     Whether such document contains or relates to facts or opinions or both; and

      i.      The nature of privilege or other grounds for refusing production (e.g. work product) of such document and the circumstances relied upon to support that claim.

4.      Should Defendant claim as privileged any document requested by any of the following requests, Defendant shall list each such document in such a manner to allow for its identification in the event of a motion to compel and, additionally, Defendant shall indicate the grounds on which it is asserting the claim of privilege, the date, author and title of each document, the portion of the document to which the claim of privilege extends and the identity of all persons, corporations or other entities to whom the document has been shown, in order that the Court can determine whether such document is, in fact, privileged.

5.      Documents shall be produced with a copy of any original file folders and as they are kept in the usual course of business.

6.      Plaintiffs request that electronic data be produced in its native file format with the specific native format identified for each specific electronic collection produced along with relevant metadata that is maintained and can be used to identify the author, recipient, forward(s), cc(s), bcc(s), subject matter, location of such files, and custodian of such files.  Please include all attachments with such electronic data.

7.      Plaintiffs hereby request that all Documents maintained in paper form be produced to plaintiffs on compact discs or digital versatile discs or "DVDs" in Group IV .tif format with a resolution of 300 dpi with the associated optical character recognition ("OCR") file for each document.  Paper Documents are to be produced in the manner in which they are maintained and should include all relevant metadata and information to

identify, the location of such files, and the request or requests such documents are produced in response.

## DEFINITIONS

1.     The term "Document" is used in its broadest sense under Federal Rule of Civil Procedure 34 and shall mean the original (or, if the original is not available, the best copy available) of any and all information in tangible or other form and shall include, without limiting the generality of the foregoing, paper and electronically stored information including: all letters, correspondence, contracts, agreements, memoranda, mechanical and electronic recordings, calendar and diary entries, notes or memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, recommendations, quotations, offers, inquiries, bulletins, summaries, newsletters, compilations, specification, maps, charts, blueprints, diagrams, graphs, photographs, pictures, film, videotapes, microfilm, propositions, articles, announcements, newspaper clippings, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, opinions, certifications, and writings of any kind, and all other tangible things upon which any handwriting, typing, printing, drawings, representation, photostatic or other copy, or other graphic matter, magnetic or electrical impulses, or other form of communication is recorded or produced, including audio and video recordings and computer-stored information whether or not in printout form, and all rough drafts and revised drafts (including all handwritten notes or their marks on same), and all other multiples copies of a document exist, each copy which is in any way not completely identical to a copy which is being produced or identified as a privileged document shall

also be produced and so identified. Also to be identified or produced are all documents clipped, stapled, or otherwise attached to, all described or requests documents.

2.    "All" includes the word "any," and "any" includes the word "all." "Each" includes the word "every," and "every" includes the word "each."

3.    The term "Defendant," "you," "your," or any synonym thereof, are intended to and shall embrace and include the Defendants, Flowers Baking Co. of Thomasville, LLC, Flowers Foods, Inc., and Flowers Baking Co. of Opelika, LLC and, in addition, all agents, servants, employees, representatives, private investigators, all in-house and outside attorneys or any person who at your direction performs activities for or by any Defendant

4.    The term "communication" shall mean every manner or means of disclosure, transfer, or exchange of information whether oral, face-to-face, by telephone, mail, personal delivery, documents, or otherwise between two or more persons or entities.

5.    The terms "related to" or "relating to" shall mean: pertaining to, concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, derogating from, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constitution, or including.

6.    The terms "person" or "persons" mean all natural persons ("individual" or "individuals") and entities including without limitation: corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus, or boards.

7.    The term "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these Requests for Production any information which might otherwise be construed to be outside their scope.

8.    The term "Plaintiff" refers to and shall be construed to mean Charles Morrow, Michael Overton, James Marty Smith, Michael Smith, Dwayne Cleveland, Mark Murphy, Douglas Branch, Melvin Snow, Lew Baxter, Ricky Small, Greg Patisaul, and Gary Chambliss and any other Plaintiffs that join the Complaint filed in this matter, unless so stated in the request.

9.    The term "Defendants" shall refer to and be construed to mean Flowers Foods, Inc., Flowers Baking Co. of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC.

## REQUESTS FOR PRODUCTION

1.    All documents concerning, evidencing, reflecting or describing any communications between you and any present or former route distributors, including any of the Plaintiffs, concerning any of the allegations, facts, or circumstances described in the Complaint.

DATED: January 14, 2008

 /s/ Amy A. Weaver
Amy A. Weaver, ASB-6878-Y82A

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117

334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York, 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of January, I caused to be served the foregoing Plaintiffs' Second Request for Production of Documents to Defendants via email and U.S. Mail to:

Sandra B. Reiss
Christopher W. Deering
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com
Chris.Deering@odnss.com

Kevin P. Hishta
David H. Grigereit
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com
David.Grigereit@ogletreedeakins.com

                                /s/Amy A Weaver _____
                                Amy A Weaver, ASB-6878-Y82A

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLES MORROW, individually and on behalf of other similarly situated employees, and MICHAEL OVERTON, individually and on behalf of other similarly situated employees,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION NO.3:07CV617-MHT** |
| **v.** | ) ) ) | |
| **FLOWERS FOODS, INC., and FLOWERS BAKING COMPANY OF OPELIKA, L.L.C.,** | ) ) ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' INTERROGATORIES TO DEFENDANT FLOWERS FOODS, INC.

1.  Please state whether all Flowers Distributors are required to lease handheld computers to operate their routes?

2.  Please state the name, address, phone number, current position with Flowers or any of its subsidiaries of all Flowers employees who are responsible for negotiating sales contracts for "national retail accounts".

3.  Please provide a complete listing of all software used by Flowers to track sales, product returns and profitability by selling location.

4.  Please provide a complete listing of any and all computer programs contained on any of Flowers Foods, Inc., computers that contain information which was downloaded, uploaded, imported, exported or transferred from distributors's handheld computers.

5.  Please provide the approximately  percentage of Flowers Foods fresh baked products distributed through direct store delivery (DSD) by distributors such as plaintiffs and the percentages of Flowers Foods fresh baked products distributed through other means.  Please include a description of each alternative means of distribution.

6.  Please state whether distributors are allowed to distribute any product other than Flowers own brands or regional franchised brands.

7.  Please state the name and job title of each and every person who drafted any or all portions of distributor agreement entered into between plaintiffs in this lawsuit.

8.  Please state when and who made the decision to eliminate employee positions as route distributors and create independent route distributor positions.

9.  Please identify which Flowers Foods, Inc., subsidiaries distribute Flowers products through independent route distributors.

10.  Please identify which Flowers Foods, Inc., subsidiaries have distributors that utilize handheld computers.

11.  Please identify each and every Flowers Foods, Inc., subsidiary that allows Distributors to deliver other products, including products which compete with Flowers' products.

12.  Please identify each and every Flowers Foods, Inc., subsidiary that distributes products to Flowers "national accounts."

13.  Please identify each and every Flowers Foods, Inc., subsidiary that distributes Flowers product to pay by scan accounts.

14.  Please state the name of each and every person employed by Flowers Foods, Inc., or any of its subsidiaries that is responsible for negotiating pay by scan accounts.

15.  Please state whether Distributors are allowed to set prices for product delivered to national accounts and if Flowers Foods, Inc. is involved in any way in the setting of such prices.

16.  Please state whether Distributors are allowed to set prices for product delivered to any account.

17.  Please state each and every Flowers Foods, Inc., subsidiary that allows its distributors to set prices for product delivered to national accounts. If there are any such subsidiaries that allow distributors to set prices for product delivered to national accounts, please describe in detail.

18.  Please state each and every Flowers Foods, Inc., subsidiary that allows its distributors to set prices for product delivered to any account. If there are any such subsidiaries that allow distributors to set prices please explain in detail.

19.  Please state each and every Flowers Foods, Inc., subsidiary that operates bakery thrift stores within the geographic territory serviced by the subsidiary.

20.  Please state whether Flowers Foods, Inc., subsidiaries operate company run

distributor routes. If so, approximately how many such routes exist within each Flowers Foods, Inc., subsidiary.

Submitted this the 5th, day of September, 2007.

/s/ GREG L. DAVIS
Greg L .Davis (asb-8134-i71g)
One of the Attorneys for the Plaintiff

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama  35203
Telephone: (205) 328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

LAW OFFICES OF ARCHIE LAMB
2017 2nd Avenue North
Birmingham, Alabama 35201
205-324-4644
E. Kirk Wood
ekirkwood1@cs.com

/s/ Greg L. Davis
**OF COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all parties of

record, as listed below, by placing same in the United States Mail, postage prepaid and properly

addressed on this the 5th, day of September, 2007.

Sandra B. Reiss
OLGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203

Kevin P. Hishta
OLGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, GA 30308

/s/ Greg L. Davis
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CHARLES MORROW and MICHAEL )
OVERTON, Individually and on behalf )
of similarly situated employees, )
            )
       Plaintiffs, )
            )     **CIVIL ACTION NO:**
v. )     **3:07-CV-617-MHT**
            )
FLOWERS FOODS, INC., FLOWERS )
BAKING CO., OF OPELIKA, LLC, )
            )
       Defendants. )

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANTS FLOWERS FOODS, INC.
AND FLOWERS BAKING CO. OF OPELIKA, LLC**

       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs

hereby request that the Defendants answer the following requests for production,

separately and completely, in writing and under oath, within thirty (30) days from the

date of service thereof.

## INSTRUCTIONS

       1.      Plaintiffs offer to meet and confer with Defendants as soon as possible

regarding the most efficient method to produce the requested documents. Plaintiffs'

contact counsel regarding the logistics of production is Joseph P. Guglielmo.

       2.      These Requests for Production of Documents are continuing and if, at any

time after Defendants have produced the requested documents or otherwise responded

hereto, further documents or other evidence identified and requested in these Requests

come into their possession and control, then Defendants are requested to respond by

1

producing said documents at the aforesaid location within ten (10) days of acquiring same.

       3.    If any document or tangible thing requested was at any time, but is not now, in your possession or custody or subject to your control, please state what disposition was made of such document or tangible thing and when such disposition occurred. If you decline to produce any document requested hereinafter on the basis of any privilege known in the law, then, at the time of production designated herein, as to each such document please provide the following written information pertaining to such document:

       a.    Its date or if not dated, the date it was prepared or received;

       b.    The type of document (e.g. letter, memorandum, telegram, chart, photograph, reproduction);

       c.    The author and the addressee, including the names of all persons receiving a copy;

       d.    Its present location;

       e.    The identity of the individual or person presently custodian or custodians thereof;

       f.    The number of pages thereof;

       g.    The identity of each person who received a copy of such document and the relationship of such person to you;

       h.    Whether such document contains or relates to facts or opinions or both; and

       i.    The nature of privilege or other grounds for refusing production (e.g. work product) of such document and the circumstances relied upon to support that claim.

       4.    Should Defendants claim as privileged any document requested by any of the following requests, Defendants shall list each such document in such a manner to allow for its identification in the event of a motion to compel and, additionally,

Defendants shall indicate the grounds on which it is asserting the claim of privilege, the date, author and title of each document, the portion of the document to which the claim of privilege extends and the identity of all persons, corporations or other entities to whom the document has been shown, in order that the Court can determine whether such document is, in fact, privileged.

5.    Documents shall be produced with a copy of any original file folders and as they are kept in the usual course of business.

6.    Plaintiffs request that electronic data document be produced in its native file format with the specific native format identified for each specific electronic collection produced along with relevant metadata that is maintained and that can be used to identify the author, recipient, forward(s), cc(s), bcc(s), subject matter, location of such files, custodian of such files. Please include all attachments with such electronic data.

7.    Plaintiffs hereby request that all Documents maintained in paper form be produced to plaintiffs on compact discs or digital versatile discs or "DVDs" in Group IV tiff. format with a resolution of 300 dpi with the associated optical character recognition ("OCR") file for each document. Paper Documents are to be produced in the manner in which they are maintained and should include all relevant metadata and information to identify, the location of such files, custodian of such files, and the request or requests such documents are be produced in response.

### DEFINITIONS

1.    The term "Document" is used in their broadest sense under Federal Rule of Civil Procedure 34 and shall mean the original (or, if the original is not available, the best copy available) of any and all information in tangible or other form and shall include, without limiting the generality of the foregoing, paper and electronically stored

3

information including: all letters, correspondence, contracts, agreements, memoranda, mechanical and electronic recordings, calendar and diary entries, notes or memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, recommendations, quotations, offers, inquiries, bulletins, summaries, newsletters, compilations, specifications, maps, charts, blueprints, diagrams, graphs, photographs, pictures, film, videotapes, microfilm, propositions, articles, announcements, newspaper clippings, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, opinions, certificates, and writings of any kind, and all other tangible things upon which any handwriting, typing, printing, drawings, representation, photostatic or other copy, or other graphic matter, magnetic or electrical impulses, or other form of communication is recorded or produced, including audio and video recordings and computer-stored information whether or not in printout form, and all rough drafts and revised drafts (including all handwritten notes or their marks on same), and all other drafts and copies of documents herein before defined by whatever means made. If multiple copies of a document exist, each copy which is in any way not completely identical to a copy which is being identified produced or identified as a privileged document shall also be produced and so identified. Also to be identified or produced are all documents clipped, stapled, or otherwise attached to all described or requested documents.

    2.    "All" includes the word "any," and "any" includes the word "all." "Each" includes the word "every," and "every" includes the word "each."

    3.    The terms "defendants," "you," "Your" or any synonym thereof, are intended to and shall embrace and include the defendants, Flowers Food, Inc., and

Flowers Baking Co. of Opelika, LLC.  In addition, all agents, servants, employees, representatives, private investigators, attorneys and others who are in possession of or may have obtained information for or on behalf of defendants, individually and collectively.

       4.     The term "Communication" shall mean every manner or means of disclosure, transfer, or exchange of information whether oral, face-to-face, by telephone, mail, personal delivery, documents, or otherwise between two or more persons or entities.

       5.     The terms "related to" or "relating to" shall mean: pertaining to, concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, derogating from, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constitution, or including.

       6.     The terms "person" or "persons" mean all natural persons ("individual" or "individuals") and entities including without limitation: corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus, or boards.

       7.     The terms "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these Request for Production any information which might otherwise be construed to be outside their scope.

       8.     The term "Plaintiff" refers to and shall be construed to mean Charles Morrow and Michael Overton and any other Plaintiffs that join the Complaint filed in this matter, unless so stated in the request.

5

9.    The term "Defendants" shall refer to and shall be construed to mean Flowers Foods, Inc., and Flowers Baking Co. of Opelika, LLC.

## REQUESTS FOR PRODUCTION

1.    For each plaintiff, please produce a copy of all payroll records and/or all other documents relating to the number of hours worked during each workweek and the amount of pay for each pay period since from the date of hire to the present.

2.    A copy of each weekly sales report for Plaintiffs for the period of time which they worked as route distributors.

3.    All documents relating or regarding the position of route distributor including any documents produced to plaintiffs.

4.    All documents relating to and/or concerning territory or route assignments for route distributors.

5.    A copy of every document, handbook, and/or manual that set forth work rules, policies and/or procedures that govern and/or relate to plaintiffs' employment with the Defendants. Please include any amendments, supplements and/or additions adopted and/or implemented.

6.    Please provide a complete copy of the "PBS Protocol Agreement" (PBS Outlet).

7.    All documents concerning, describing, regarding and/or relating to the types of Defendants' products delivered by route distributors.

8.    All documents concerning, describing, regarding and/or relating to the types of Defendants' products delivered by employees.

9.    All documents relating to the job/position descriptions for each job/and or position held by any of the named plaintiffs. Please include any information on plaintiffs when they were employees of Defendants or in any position prior to route distributor.

10.    All documents related to the decision to make route distributors independent contractors. Please include any information that was used to support or justify the decision to make route distributors independent contractors.

11.    All documents concerning, regarding, describing and/or relating to the decision to employ delivery persons for fresh bakery products.

12.    A copy of all contracts between Defendants Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC and/or any other Flowers Foods, Inc. subsidiary, which in any manner relates to the job duties performed by the named plaintiffs.

13.    All documents relating to the routes and/or territory to which plaintiffs were assigned during their period of employment with the Defendant. This request includes, but is not limited to, territory boundaries, route sheets, run logs, route logs, GPS tracking data, truck assignment records, maintenance records, printouts from the handheld computers, and descriptions of any accounts within the territory and/or route.

14.    All documents relating, concerning, describing and/or regarding the use of hand-held computers by route distributors, including the operation, all owners manuals, instruction manuals, training materials of any kind used for any and all hand-held computers used by distributors.

15.    All documents relating, containing, reflecting and/or memorializing communications from Defendants to route distributors regarding Defendant's policies,

7

practices, or procedures for paying overtime premium(s) for hours worked over forty (40)
in a workweek from January 1, 2004 to the present.

16.     All documents concerning the creation and negotiation of contracts with
route distributors.

17.     Copies of all operating manuals and/or operating agreements that are
applicable to route distributors.

18.     All documents distributed to new route distributors from January 1, 2004
to the present.

19.     All documents that Defendants use or have used to train drivers and/or
route distributors from January 1, 2004 to the present.

20.     All complaints (judicial, administrative and/or internal (i.e. from
employees)) filed against and/or with the Defendants since January 1, 2004 to the present
that allege violations of the Fair Labor Standards Act.

21.     All documents that the Defendants rely on for the contention that Plaintiffs
are exempt from the overtime provisions of the Fair Labor Standards Act.

22.     All documents that evidence, discuss and/or describe the Defendant's
warehouse locations and thrift store locations for any facilities located in the state of
Alabama.

23.     All documents that relating, evidencing or describing the policies and
procedures on opening new accounts within an existing route distributor's territory.

24.     All documents relating, concerning, and/or describing to defendants'
rights to negotiate the prices of fresh products with suppliers.

25.     All documents relating to Defendants' collection of payments from supermarkets, sandwich shops or other stores for the delivery or products by route distributors.

26.     All documents which evidence, memorialize, discuss and/or describe defendants' negotiation with Wal-Mart for the sale of Flowers' products.

27.     All documents that evidence, memorialize, discuss and/or describe the policies and procedures on determining and assigning territories to a route distributor.

28.     All documents that describe or identify where products are produced throughout the Flowers' Foods facilities and where it is shipped to with respect to the route distributors.

29.     All documents concerning, regarding, describing and/or relating to the risk of loss between route distributors and the Defendants in the event of shrinkage and/or loss of product.

30.     All documents that contain, reflect, describe and/or otherwise set forth and/or support any defense Defendants may assert in this case.  This request specifically includes but is not limited to, any opinion letters or other legal research upon which Defendant may claim good faith or non-willful conduct.

31.     All documents concerning, regarding, describing and/or relating to defendants' policies or procedures relating to the sale of other products by route distributors.

32.     All documents concerning, regarding, describing and/or relating to the treatment of route distributors by defendants pursuant to IRS regulations.

33.     All documents identified or otherwise relied upon in responding to

Plaintiffs' First Set of Interrogatories to Defendants.

34.     All insurance policies that could be used to satisfy a judgment against

defendants.

35.     All indemnification agreements between Flowers Foods and any

subsidiary.

36.     All documents sufficient to show the location and manufacture of Flowers

fresh products throughout the United States.

37.     All documents sufficient to show the payment and receipt of monies from

purchases or Flowers fresh products.

38.     All contracts between Flowers Foods and any national customer for the

sale of fresh products that utilized route distributors to deliver fresh products or other

agreements which relate, describe, or concern the servicing of national contracts.

39.     All documents concerning, regarding, describing and/or relating to

Flowers Foods, Inc.'s involvement in selling products to national markets and the

determination by route distributors' sales to national markets.

Dated: September 10, 2007

                                        /s/ Greg L. Davis
                                        Greg L. Davis
                                        ASB-8134-I71G

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

10

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York, 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of September, 2007, I caused to be served the foregoing Plaintiffs' First Request for Production of Documents to Defendants via email and U.S. Mail to:

Sandra B. Reiss
Ogletree, Deakins, Nash, Smoack, & Stewarts, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com

Kevin P. Hishta
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com

/s/Greg L. Davis
Greg L. Davis, ASB-8134-I71G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| CHARLES MORROW, MICHAEL OVERTON, JAMES MARTY SMITH, DWAYNE CLEVELAND, MICHAEL SMITH, MARK MURPHY, DOUG BRANCH, LEW BAXTER, RICKY SMALL, MELVIN SNOW, GREG PATISAUL and GARY CHAMBLISS, Individually and on behalf of similarly situated employees, | ) ) ) ) ) ) ) ) ) ) |
| **Plaintiffs,** | ) CIVIL ACTION NO.: ) 3:07-CV-617-MHT |
| **v.** | ) ) |
| FLOWERS FOODS, INC., FLOWERS BAKING CO., OF OPELIKA, LLC, and FLOWERS BAKING CO. OF THOMASVILLE, LLC, | ) ) ) ) ) |
| **Defendants.** | ) ) |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF**
**DOCUMENTS TO DEFENDANT**
**FLOWERS BAKING CO. OF THOMASVILLE, LLC**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs

hereby request that the Defendant Flowers Baking Co. of Thomasville, LLC, answer the

following requests for production, in writing and under oath, within thirty (30) days from

the date of service thereof.

**INSTRUCTIONS**

1.       Plaintiffs offer to meet and confer with Defendant as soon as possible

regarding the most efficient method to produce the requested documents.  Plaintiffs'

contact counsel regarding the logistics of production is Joseph P. Guglielmo.

2.     These Requests for Production of Documents are continuing and if, at any time after Defendant has produced the requested documents or otherwise responded hereto, further documents or other evidence identified and requested in these Requests come into its possession and control, then Defendant is requested to respond by producing said documents at the aforesaid location within ten (10) days of acquiring same.

3.     If any document or tangible thing requested was at any time, but is not now, in your possession or custody or subject to your control, please state what disposition was made of such document or tangible thing and when such disposition occurred. If you decline to produce any document requested hereinafter on the basis of any privilege known in the law, then, at the time of production designated herein, as to each such document please provide the following written information pertaining to such document:

      a.     Its date, or if not dated, the date it was prepared or received;

      b.     The type of document (e.g. letter, memorandum, telegram, chart, photograph, reproduction);

      c.     The author and the addressee, including the names of all persons receiving a copy;

      d.     Its present location;

      e.     The identity of the individual or person presently custodian or custodians thereof;

      f.     The number of pages thereof;

      g.     The identify of each person who received a copy of such document and the relationship of such person to you;

      h.     Whether such document contains or relates to facts or opinions or both; and

      i.     The nature of privilege or other grounds for refusing production (e.g. work product) of such document and the circumstances relied upon to support that claim.

4.     Should Defendant claim as privileged any document requested by any of the following requests, Defendant shall list each such document in such a manner to allow for its identification in the event of a motion to compel and, additionally, Defendant shall indicate the grounds on which it is asserting the claim of privilege, the date, author and title of each document, the portion of the document to which the claim of privilege extends and the identity of all persons, corporations or other entities to whom the document has been shown, in order that the Court can determine whether such document is, in fact, privileged.

5.     Documents shall be produced with a copy of any original file folders and as they are kept in the usual course of business.

6.     Plaintiffs request that electronic data be produced in its native file format with the specific native format identified for each specific electronic collection produced along with relevant metadata that is maintained and can be used to identify the author, recipient, forward(s), cc(s), bcc(s), subject matter, location of such files, and custodian of such files.  Please include all attachments with such electronic data.

7.     Plaintiffs hereby request that all Documents maintained in paper form be produced to plaintiffs on compact discs or digital versatile discs or "DVDs" in Group IV .tif format with a resolution of 300 dpi with the associated optical character recognition ("OCR") file for each document.  Paper Documents are to be produced in the manner in which they are maintained and should include all relevant metadata and information to

3

identify, the location of such files, and the request or requests such documents are produced in response.

### DEFINITIONS

1.      The term "Document" is used in its broadest sense under Federal Rule of Civil Procedure 34 and shall mean the original (or, if the original is not available, the best copy available) of any and all information in tangible or other form and shall include, without limiting the generality of the foregoing, paper and electronically stored information including: all letters, correspondence, contracts, agreements, memoranda, mechanical and electronic recordings, calendar and diary entries, notes or memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, recommendations, quotations, offers, inquiries, bulletins, summaries, newsletters, compilations, specification, maps, charts, blueprints, diagrams, graphs, photographs, pictures, film, videotapes, microfilm, propositions, articles, announcements, newspaper clippings, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, opinions, certifications, and writings of any kind, and all other tangible things upon which any handwriting, typing, printing, drawings, representation, photostatic or other copy, or other graphic matter, magnetic or electrical impulses, or other form of communication is recorded or produced, including audio and video recordings and computer-stored information whether or not in printout form, and all rough drafts and revised drafts (including all handwritten notes or their marks on same), and all other multiples copies of a document exist, each copy which is in any way not completely identical to a copy which is being produced or identified as a privileged document shall

also be produced and so identified.  Also to be identified or produced are all documents
clipped, stapled, or otherwise attached to, all described or requests documents.

2. "All" includes the word "any," and "any" includes the word "all."  "Each"
includes the word "every," and "every" includes the word "each."

3. The term "Defendant," "you," "your," or any synonym thereof, are
intended to and shall embrace and include the Defendant, Flowers Baking Co. of
Thomasville, LLC, and, in addition, all agents, servants, employees, representatives,
private investigators, attorneys, and others who are in possession of or may have obtained
information for or on behalf of Defendant individually or collectively with the other
defendants named in this action.

4. The term "communication" shall mean every manner or means of
disclosure, transfer, or exchange of information whether oral, face-to-face, by telephone,
mail, personal delivery, documents, or otherwise between two or more persons or entities.

5. The terms "related to" or "relating to" shall mean: pertaining to,
concerning, respecting, referring to, summarizing, digesting, embodying, reflecting,
establishing, tending to establish, derogating from, tending not to establish, evidencing,
comprising, connected with, commenting on, responding to, disagreeing with, showing,
describing, analyzing, representing, constitution, or including.

6. The terms "person" or "persons" mean all natural persons ("individual" or
"individuals") and entities including without limitation: corporations, companies,
partnerships, limited partnerships, joint ventures, trusts, estates, associations, public
agencies, departments, bureaus, or boards.

7.    The term "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these Requests for Production any information which might otherwise be construed to be outside their scope.

8.    The term "Plaintiff" refers to and shall be construed to mean Charles Morrow, Michael Overton, James Marty Smith, Michael Smith, Dwayne Cleveland, Mark Murphy, Douglas Branch, Melvin Snow, Lew Baxter, Ricky Small, Greg Patisaul, and Gary Chambliss and any other Plaintiffs that join the Complaint filed in this matter, unless so stated in the request.

9.    The term "Defendants" shall refer to and be construed to mean Flowers Foods, Inc., Flowers Baking Co. of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC.

## REQUESTS FOR PRODUCTION

1.    For Plaintiff Gary Chambliss, please produce a copy of all payroll records and/or weekly settlement statements and/or other documents relating to the number of hours worked during each workweek and the amount of pay for each pay period from the date of hire to the present.

2.    A copy of each weekly sales report for Plaintiff Chambliss for the period of time which he worked as a route distributor.

3.    All documents relating to or regarding the position of route distributor including any documents produced to plaintiffs.

4.    All documents relating to and/or concerning territory or route assignments for route distributors.

6

5.      A copy of every document, handbook, and/or manual that sets forth work rules, policies, and/or procedures that govern and/or relate to plaintiffs' employment with the Defendants. Please include any amendments, supplements, and/or additions adopted and/or implemented.

6.      Please provide a complete copy of the "PBS Protocol Agreement" (PBS Outlet).

7.      All documents concerning, describing, regarding, and/or relating to the types of defendants' products delivered by route distributors.

8.      All documents concerning, describing, regarding, and/or relating to the types of defendants' products delivered by employees.

9.      All documents relating to the job/position description for each position held by Plaintiff Gary Chambliss. Please include any information on Plaintiff when he was in any position prior to route distributor.

10.     All documents related to the decision to make route distributors independent contractors. Please include any information that was used to support or justify the decision to make route distributors independent contractors.

11.     All documents concerning, regarding, describing and/or relating to the decision to employ delivery persons for fresh bakery products.

12.     A copy of all contracts between Flowers Foods, Inc. and Flowers Baking Co of Thomasville, LLC and/or any other Flowers Foods, Inc. subsidiary which in any manner relates to the job duties performed by the named plaintiffs.

13.     All documents relating to the route and/or territory to which Plaintiff Chambliss was assigned during his period of employment with the Defendant. This

7

request includes, but is not limited to, territory boundaries, route sheets, run logs, route logs, GPS tracking data, truck assignment records, maintenance records, printouts from the handheld computers, and descriptions of any accounts within the territory and/or route.

14.    All documents relating, concerning, describing and/or regarding the use of handheld computers by route distributors, including the operation, owners manuals, instruction manuals, training materials of any kind used for any and all handheld computers used by distributors.

15.    All documents relating, containing, reflecting, and/or memorializing communications from Defendant to route distributors regarding Defendant's policies, practices, or procedures for paying overtime premium(s) for hours worked over forty (40) in a workweek from July 1, 2004, to the present.

16.    All documents concerning the creation and negotiation of contracts with route distributors.

17.    Copies of all operating manuals and/or operating agreements that are applicable to route distributors.

18.    All documents distributed to new route distributors from January 1, 2004, to the present.

19.    All documents that Defendant uses or has used to train drivers and/or route distributors from January 1, 2004, to the present.

20.    All complaints (judicial, administrative, and/or internal (i.e. from employees)) filed against and/or with the Defendant since January 1, 2004, to the present that allege violations of the Fair Labor Standards Act.

8

21.     All documents that Defendant relies on for the contention that Plaintiffs are exempt from overtime provisions of the Fair Labor Standards Act.

22.     All documents that evidence, discuss, and/or describe the Defendant's warehouse locations and thrift store locations for any and all of its facilities.

23.     All documents that relate, evidence, or describe the policies and procedures on opening new accounts within an existing route distributor's territory.

24.     All documents relating, concerning and/or describing Defendant's right to negotiate the prices of fresh products with suppliers.

25.     All documents relating to Defendant's collection of payments from supermarkets, sandwich shops, or other stores for the delivery of products by route distributors.

26.     All documents which evidence, memorialize, discuss and/or describe defendants' negotiation with Wal-Mart for the sale of Flowers' products.

27.     All documents that evidence, memorialized, discuss, and/or describe the policies and procedures on determining and assigning territories to a route distributor.

28.     All documents that describe or identify where products are produced throughout the Flowers Foods' facilities and where it is shipped to with respect to the route distributors.

29.     All documents concerning, regarding, describing, and/or relating to the risk of loss between route distributors and the Defendant in the event of shrinkage and/or loss of product.

30.     All documents that contain, reflect, describe and/or otherwise set forth and/or support any defense Defendant may assert in this case. This request specifically

9

includes but is not limited to any opinion letters or other legal research upon which Defendant may claim good faith or non-willful conduct.

31.    All documents concerning, regarding, describing, and/or relating to Defendant's policies or procedures relating to the sale of other products by route distributors.

32.    All documents concerning, regarding, describing, and/or relating to the treatment of route distributors by defendants pursuant to IRS regulations.

33.    All insurance policies that could be used to satisfy a judgment against Defendant.

34.    All indemnification agreements between Defendant and Flowers Foods, Inc.

35.    All documents sufficient to show the location and manufacture of Flowers fresh products throughout the United States.

36.    All documents sufficient to show the payment and receipt of monies from purchases of Flowers fresh products.

37.    All contracts between Flowers Foods and any national customer for the sale of fresh products that utilized route distributors to deliver fresh products or other agreements which relate, describe, or concern the servicing of national contracts.


Dated: November 20, 2007

/s/ Amy A. Weaver
Amy A. Weaver, ASB-6878-Y82A


10

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York, 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of November, I caused to be served the foregoing Plaintiffs' First Request for Production of Documents to Defendants via email and U.S. Mail to:

Sandra B. Reiss
Christopher W. Deering
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North

11

.

Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com
Chris.Deering@odnss.com

Kevin P. Hishta
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com

                                            /s/Amy A Weaver
                                            Amy A Weaver, ASB-6878-Y82A

# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MORROW, *et al.* | ) | CIVIL ACTION NO: 3:07-CV-617-MHT |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FLOWERS FOODS, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT FLOWERS FOODS, INC.'S RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant, Flowers Foods, Inc.("Flowers Foods"), by and through its undersigned attorneys, and hereby responds to Plaintiffs' Second Request for Production of Documents as follows.

### GENERAL OBJECTIONS

1.      Flowers Foods generally objects to Plaintiffs' Second Request for Production to the extent that they call for information and/or documents protected by the attorney-client privilege and/or work product doctrine, or which are otherwise immune from discovery. Inadvertent identification of any such information and/or such documents shall not constitute a waiver of any privilege with respect to any such information and/or documents, or the subject matter thereof, and shall not waive the right of Flowers Foods to object to the use of any such information and/or documents and/or the information contained therein.

2.      Flowers Foods generally objects to Plaintiffs' Second Request for Production to the extent that they seek to impose burdens, duties, and obligations upon Flowers Foods in excess of or different than the requirements imposed by applicable law and the Federal Rules of

Civil Procedure. Flowers Foods will respond to Plaintiffs' Second Request for Production as required by applicable law and the Federal Rules of Civil Procedure.

3.    Flowers Foods generally objects to Plaintiffs' Second Request for Production to the extent that are vague, overly broad, unduly burdensome and/or seek information which is immaterial, irrelevant, cumulative, duplicative, or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

4.    Flowers Foods objects to Plaintiffs' Second Request for Production to the extent that they seek electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

5.    Flowers Foods objects to Plaintiffs' Second Request for Production to the extent that they seek underlying metadata.

### PLAINTIFFS' REQUEST FOR PRODUCTION

1.    All documents concerning, evidencing, reflecting or describing any communications between you and any present or former route distributors, including any of the Plaintiffs, concerning any of the allegations, facts, or circumstances described in the Complaint.

**Response:**  Flowers Foods objects to this Request because it is vague and ambiguous, specifically the terminology "communications". Flowers Foods further objects to the terminology "route distributors," which it does not use. Flowers Foods also objects to this Request because it is overly broad, unduly burdensome, and requests documents which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is not limited to the Plaintiffs' individual claims and is not limited in time. Flowers Foods further objects to this Request to the extent it seeks electronically stored information from sources that

2

are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes, and to the extent this Request seeks underlying metadata. Subject to, and without waiving, the aforementioned objections, Flowers Baking Co. of Thomasville and Flowers Baking Co. of Opelika will produce certain non-privileged responsive documents applicable to Plaintiffs, if any, at an agreed upon time and place.

Respectfully submitted this 13th day of February, 2008.

Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA 30308
E-mail: Kevin.Hishta@ogletreedeakins.com
Ph. (404) 881-1300
Fax (404) 870-1732

Sandra B. Reiss (ASB-3650-S80S)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000
*Counsel for Defendants Flowers Foods, Inc., Flowers Baking Co. of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February, 2008, I served a true and correct copy of the foregoing Flowers Foods, Inc.'s Responses to Plaintiffs' Second Request for Production of Documents via electronic mail and U.S. Mail, postage prepaid on the following:

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
E. Kirk Wood, Esq.
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
ekirkwood1@cs.com

Kevin P. Hishta

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MORROW, *et al.* | ) | CIVIL ACTION NO: 3:07-CV-617-MHT |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FLOWERS FOODS, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FLOWERS BAKING CO. OF OPELIKA, LLC'S RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant, Flowers Baking Co. of Opelika, LLC ("Flowers/Opelika"), by and through its undersigned attorneys, and hereby responds to Plaintiffs' Second Request for Production of Documents as follows.

### GENERAL OBJECTIONS

1.      Flowers/Opelika generally objects to Plaintiffs' Second Request for Production to the extent that they call for information and/or documents protected by the attorney-client privilege and/or work product doctrine, or which are otherwise immune from discovery. Inadvertent identification of any such information and/or such documents shall not constitute a waiver of any privilege with respect to any such information and/or documents, or the subject matter thereof, and shall not waive the right of Flowers/Opelika to object to the use of any such information and/or documents and/or the information contained therein.

2.      Flowers/Opelika generally objects to Plaintiffs' Second Request for Production to the extent that they seek to impose burdens, duties, and obligations upon Flowers/Opelika in excess of or different than the requirements imposed by applicable law and the Federal Rules of

Civil Procedure. Flowers/Opelika will respond to Plaintiffs' Second Request for Production as required by applicable law and the Federal Rules of Civil Procedure.

3.     Flowers/Opelika generally objects to Plaintiffs' Second Request for Production to the extent that are vague, overly broad, unduly burdensome and/or seek information which is immaterial, irrelevant, cumulative, duplicative, or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

4.     Flowers/Opelika objects to Plaintiffs' Second Request for Production to the extent that they seek electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

5.     Flowers/Opelika objects to Plaintiffs' Second Request for Production to the extent that they seek underlying metadata.

## PLAINTIFFS' REQUEST FOR PRODUCTION

1.     All documents concerning, evidencing, reflecting or describing any communications between you and any present or former route distributors, including any of the Plaintiffs, concerning any of the allegations, facts, or circumstances described in the Complaint.

**Response:** Flowers/Opelika objects to this Request because it is vague and ambiguous, specifically the terminology "communications". Flowers/Opelika further objects to the terminology "route distributors," which it does not use. Flowers/Opelika also objects to this Request because it is overly broad, unduly burdensome, and requests documents which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is not limited to the Plaintiffs' individual claims and is not limited in time. Flowers/Opelika further objects to this Request to the extent it seeks electronically stored

2

information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes, and to the extent this Request seeks underlying metadata. Subject to, and without waiving, the aforementioned objections, Flowers/Opelika will produce certain responsive, non-privileged documents applicable to Plaintiffs, if any, at an agreed upon time and place.

Respectfully submitted this 13th day of February, 2008.

Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail: Kevin.Hishta@ogletreedeakins.com
Ph. (404) 881-1300
Fax (404) 870-1732

Sandra B. Reiss (ASB-3650-S80S)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

*Counsel for Defendants Flowers Foods, Inc., Flowers Baking Co. of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February, 2008, I served a true and correct copy of the foregoing Flowers Baking Co. of Opelika, LLC's Responses to Plaintiffs' Second Request for Production of Documents via electronic mail and U.S. Mail, postage prepaid on the following:

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
E. Kirk Wood, Esq.
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
ekirkwood1@cs.com

Kevin P. Hishta

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MORROW, *et al.* | ) | |
| | ) | CIVIL ACTION NO: 3:07-CV-617-MHT |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FLOWERS FOODS, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FLOWERS BAKING CO. OF THOMASVILLE, LLC'S RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant, Flowers Baking Co. of Thomasville, LLC ("Flowers/Thomasville"), by and through its undersigned attorneys, and hereby responds to Plaintiffs' Second Request for Production of Documents as follows.

### GENERAL OBJECTIONS

1.     Flowers/Thomasville generally objects to Plaintiffs' Second Request for Production to the extent that they call for information and/or documents protected by the attorney-client privilege and/or work product doctrine, or which are otherwise immune from discovery. Inadvertent identification of any such information and/or such documents shall not constitute a waiver of any privilege with respect to any such information and/or documents, or the subject matter thereof, and shall not waive the right of Flowers/Thomasville to object to the use of any such information and/or documents and/or the information contained therein.

2.     Flowers/Thomasville generally objects to Plaintiffs' Second Request for Production to the extent that they seek to impose burdens, duties, and obligations upon Flowers/Thomasville in excess of or different than the requirements imposed by applicable law and the Federal Rules of Civil Procedure. Flowers/Thomasville will respond to Plaintiffs'

Second Request for Production as required by applicable law and the Federal Rules of Civil Procedure.

3.    Flowers/Thomasville generally objects to Plaintiffs' Second Request for Production to the extent that are vague, overly broad, unduly burdensome and/or seek information which is immaterial, irrelevant, cumulative, duplicative, or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

4.    Flowers/Thomasville objects to Plaintiffs' Second Request for Production to the extent that they seek electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

5.    Flowers/Thomasville objects to Plaintiffs' Second Request for Production to the extent that they seek underlying metadata.

## PLAINTIFFS' REQUEST FOR PRODUCTION

1.    All documents concerning, evidencing, reflecting or describing any communications between you and any present or former route distributors, including any of the Plaintiffs, concerning any of the allegations, facts, or circumstances described in the Complaint.

**Response:**    Flowers/Thomasville objects to this Request because it is vague and ambiguous, specifically the terminology "communications". Flowers/Thomasville further objects to the terminology "route distributors," which it does not use. Flowers/Thomasville also objects to this Request because it is overly broad, unduly burdensome, and requests documents which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is not limited to the Plaintiff Gary Chambliss' individual claim and is not limited in time. Flowers/Thomasville further objects to this Request to the extent it seeks

2

electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes, and to the extent this Request seeks underlying metadata. Subject to, and without waiving, the aforementioned objections, Flowers/Thomasville will produce certain responsive non-privileged documents applicable to Plaintiff Gary Chambliss, if any, at an agreed upon time and place.

Respectfully submitted this 13th day of February, 2008.

Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail: Kevin.Hishta@ogletreedeakins.com
Ph. (404) 881-1300
Fax (404) 870-1732

Sandra B. Reiss (ASB-3650-S80S)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

*Counsel for Defendants Flowers Foods, Inc., Flowers Baking Co. of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February, 2008, I served a true and correct copy of the foregoing Flowers Baking Co. of Thomasville, LLC's Responses to Plaintiffs' Second Request for Production of Documents via electronic mail and U.S. Mail, postage prepaid on the following:

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
E. Kirk Wood, Esq.
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
ekirkwood1@cs.com

Kevin P. Hishta

# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MORROW, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. 3:07-CV-617-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| FLOWERS FOODS, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FLOWERS FOODS, INC.'S ANSWERS TO PLAINTIFFS' SECOND INTERROGATORIES

COMES NOW Defendant, Flowers Foods, Inc. ("Flowers Foods"), by and through its undersigned attorneys, hereby responds to Plaintiffs' Second Interrogatories as follows:

## GENERAL OBJECTIONS

1.     Flowers Foods generally objects to Plaintiffs' Second Interrogatories to the extent that they call for information and/or documents protected by the attorney-client privilege and/or work product doctrine, or which are otherwise immune from discovery.    Inadvertent identification of any such information and/or such documents shall not constitute a waiver of any privilege with respect to any such information and/or documents, or the subject matter thereof, and shall not waive the right of Flowers Foods to object to the use of any such information and/or documents and/or the information contained therein.

2.     Flowers Foods generally objects to Plaintiffs' Second Interrogatories to the extent that they seek to impose burdens, duties, and obligations upon Flowers Foods in excess of or different than the requirements imposed by applicable law and the Federal Rules of Civil

Procedure. Flowers Foods will respond to Plaintiffs' Second Interrogatories as required by applicable law and the Federal Rules of Civil Procedure.

    3.     Flowers Foods generally objects to Plaintiffs' Second Interrogatories to the extent that are vague, overly broad, unduly burdensome and/or seek information which is immaterial, irrelevant, cumulative, duplicative, or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

## INTERROGATORIES

    1.     Please describe each and every communication you had with any current or former route distributor. Your response must include the time, location, participants, materials presented or exchanged, and a summary of the discussion(s).

    **ANSWER:** Flowers Foods objects to this Request because it is vague and ambiguous, specifically the terminology "communication" and "materials." Flowers Foods further objects to the terminology "route distributors," which it does not use. Flowers Foods also objects to this Request as it is overly broad, unduly burdensome, and requests information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is not limited to any "communication" with Plaintiffs or any "communication" that would be relevant to the claims or defenses of any party to this case but rather encompasses any and all "communications" with thousands of distributors at approximately twenty-five subsidiaries. This Request is also not limited in time or in subject matter, by its terms encompassing all personal and non-business related "communications" over an indefinite time period, which would be completely irrelevant to the claims or defenses of any party to this action.

Submitted this the 13th day of February, 2008.

Kevin P. Hishta
GA Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, GA 30308
404-881-1300
404-870-1732 (fax)
Kevin.Hishta@ogletreedeakins.com

Sandra B. Reiss
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

*Counsel for Defendants Flowers Foods, Inc.,*
*Flowers Baking Co. of Opelika, LLC, and Flowers*
*Baking Co. of Thomasville, LLC*

**VERIFICATION PURSUANT TO 28 U.S.C. §1746**

I, <u>Stephanie B. Tillman</u>, declare under the penalty of perjury that Flowers Foods, Inc.'s

Answers to Plaintiffs' Second Interrogatories dated February 13, 2008 are true and correct to the

best of my knowledge.

Executed on February <u>13th</u>, 2008.

Stephanie B. Tillman
Flowers Foods, Inc.
Vice President and Associate General Counsel

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Flowers Foods, Inc.'s Answers to Plaintiffs' Second Interrogatories has been served upon all parties of record, as listed below, via electronic mail, and by placing same in the United States Mail, postage prepaid and properly addressed on this the 13th day of February, 2008.


THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
E. Kirk Wood, Esq.
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
ekirkwood1@cs.com

Kevin P. Hishta

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLES MORROW,** *et al.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO. 3:07-CV-617-MHT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FLOWERS FOODS, INC.,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT FLOWERS BAKING CO. OF OPELIKA, LLC.'S ANSWERS TO PLAINTIFFS' SECOND INTERROGATORIES

COMES NOW Defendant, Flowers Baking Co. of Opelika, LLC ("Flowers/Opelika"), by and through its undersigned attorneys, hereby responds to Plaintiffs' Second Interrogatories as follows:

### GENERAL OBJECTIONS

1.     Flowers/Opelika generally objects to Plaintiffs' Second Interrogatories to the extent that they call for information and/or documents protected by the attorney-client privilege and/or work product doctrine, or which are otherwise immune from discovery.  Inadvertent identification of any such information and/or such documents shall not constitute a waiver of any privilege with respect to any such information and/or documents, or the subject matter thereof, and shall not waive the right of Flowers/Opelika to object to the use of any such information and/or documents and/or the information contained therein.

2.     Flowers/Opelika generally objects to Plaintiffs' Second Interrogatories to the extent that they seek to impose burdens, duties, and obligations upon Flowers/Opelika in excess of or different than the requirements imposed by applicable law and the Federal Rules of Civil

Procedure. Flowers/Opelika will respond to Plaintiffs' Second Interrogatories as required by applicable law and the Federal Rules of Civil Procedure.

    3.    Flowers/Opelika generally objects to Plaintiffs' Second Interrogatories to the extent that are vague, overly broad, unduly burdensome and/or seek information which is immaterial, irrelevant, cumulative, duplicative, or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

## INTERROGATORIES

    1.    Please describe each and every communication you had with any current or former route distributor. Your response must include the time, location, participants, materials presented or exchanged, and a summary of the discussion(s).

    **ANSWER:** Flowers/Opelika objects to this Request because it is vague and ambiguous, specifically the terminology "communication" and "materials." Flowers/Opelika further objects to the terminology "route distributors," which it does not use. Flowers/Opelika also objects to this Request as it is overly broad, unduly burdensome, and requests information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is not limited to any "communication" with Plaintiffs or any "communication" that would be relevant to the claims or defenses of any party to this case but rather encompasses any and all "communications" with thousands of distributors at approximately twenty-five subsidiaries. This Request is also not limited in time or in subject matter, by its terms encompassing all personal and non-business related "communications" over an indefinite time period, which would be completely irrelevant to the claims or defenses of any party to this action.

2

Submitted this the 13th day of February, 2008.

Kevin P. Hishta
GA Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, GA 30308
404-881-1300
404-870-1732 (fax)
Kevin.Hishta@ogletreedeakins.com

Sandra B. Reiss
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

*Counsel for Defendants Flowers Foods, Inc.,*
*Flowers Baking Co. of Opelika, LLC, and Flowers*
*Baking Co. of Thomasville, LLC*

**VERIFICATION PURSUANT TO 28 U.S.C. §1746**

I, Steve Bordeaux, declare under the penalty of perjury that Flowers Baking Co. of

Opelika, LLC's Answers to Plaintiffs' Second Interrogatories dated February 13, 2008 are true

and correct to the best of my knowledge.

Executed on February <u>13th</u>, 2008.

Steve Bordeaux
President
Flowers Baking Co. of Opelika, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Flowers Baking Co. of Opelika, LLC's Answers to Plaintiffs' Second Interrogatories has been served upon all parties of record, as listed below, via electronic mail, and by placing same in the United States Mail, postage prepaid and properly addressed on this the 13th day of February, 2008.

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
E. Kirk Wood, Esq.
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
ekirkwood1@cs.com

Kevin P. Hishta

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MORROW, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. 3:07-CV-617-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| FLOWERS FOODS, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FLOWERS BAKING CO. OF THOMASVILLE, LLC'S ANSWERS TO PLAINTIFFS' SECOND INTERROGATORIES

COMES NOW Defendant, Flowers Baking Co. of Thomasville, LLC. ("Flowers/Thomasville"), by and through its undersigned attorneys, hereby responds to Plaintiffs' Second Interrogatories as follows:

## GENERAL OBJECTIONS

1.    Flowers/Thomasville generally objects to Plaintiffs' Second Interrogatories to the extent that they call for information and/or documents protected by the attorney-client privilege and/or work product doctrine, or which are otherwise immune from discovery. Inadvertent identification of any such information and/or such documents shall not constitute a waiver of any privilege with respect to any such information and/or documents, or the subject matter thereof, and shall not waive the right of Flowers/Thomasville to object to the use of any such information and/or documents and/or the information contained therein.

2.    Flowers/Thomasville generally objects to Plaintiffs' Second Interrogatories to the extent that they seek to impose burdens, duties, and obligations upon Flowers/Thomasville in excess of or different than the requirements imposed by applicable law and the Federal Rules of

Civil Procedure. Flowers/Thomasville will respond to Plaintiffs' Second Interrogatories as required by applicable law and the Federal Rules of Civil Procedure.

3.    Flowers/Thomasville generally objects to Plaintiffs' Second Interrogatories to the extent that are vague, overly broad, unduly burdensome and/or seek information which is immaterial, irrelevant, cumulative, duplicative, or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

## INTERROGATORIES

1.    Please describe each and every communication you had with any current or former route distributor. Your response must include the time, location, participants, materials presented or exchanged, and a summary of the discussion(s).

**ANSWER:** Flowers/Thomasville objects to this Request because it is vague and ambiguous, specifically the terminology "communication" and "materials." Flowers/Thomasville further objects to the terminology "route distributors," which it does not use. Flowers/Thomasville also objects to this Request as it is overly broad, unduly burdensome, and requests information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is not limited to any "communication" with Plaintiff Gary Chambliss or any "communication" that would be relevant to the claims or defenses of any party to this case but rather encompasses any and all "communications" with thousands of distributors at approximately twenty-five subsidiaries. This Request is also not limited in time or in subject matter, by its terms encompassing all personal and non-business related "communications" over an indefinite time period, which would be completely irrelevant to the claims or defenses of any party to this action.

2

Submitted this the <u>13th</u> day of February, 2008.

Kevin P. Hishta
GA Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, GA 30308
404-881-1300
404-870-1732 (fax)
Kevin.Hishta@ogletreedeakins.com

Sandra B. Reiss
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

*Counsel for Defendants Flowers Foods, Inc.,*
*Flowers Baking Co. of Opelika, LLC, and Flowers*
*Baking Co. of Thomasville, LLC*

## VERIFICATION PURSUANT TO 28 U.S.C. §1746

I, J. Mickey Miller, declare under the penalty of perjury that Flowers Baking Co of

Thomasville, LLC's Answers to Plaintiffs' Second Interrogatories dated February 13, 2008 are

true and correct to the best of my knowledge.

Executed on February __13__, 2008.

J. Mickey Miller
President
Flowers/Thomasville, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Flowers Baking Co. of Thomasville, LLC.'s Answers to Plaintiffs' Second Interrogatories has been served upon all parties of record, as listed below, via electronic mail, and by placing same in the United States Mail, postage prepaid and properly addressed on this the <u>13th</u> day of February, 2008.

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
E. Kirk Wood, Esq.
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
ekirkwood1@cs.com

Kevin P. Hishta

# EXHIBIT J

# Ogletree Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

Bank of America Plaza
600 Peachtree Street, NE, Suite 2100
Atlanta, GA 30308
Telephone: 404.881.1300
Facsimile: 404.870.1732
www.ogletreedeakins.com

Kevin P. Hishta
Direct Dial: 404.881.1733
E-mail: Kevin.Hishta@ogletreedeakins.com

March 25, 2008

<u>Via Electronic Mail</u>

Joseph P. Guglielmo
Whatley Drake & Kallas LLC
1540 Broadway, 37th Floor
New York, New York 10036

Re:    Charles Morrow, *et al.* v. Flowers Foods, Inc., *et al.*
       Civil Action No. 3:07-cv-00617-MHT

Dear Joseph:

This is in response to your letter dated March 14, 2008, concerning Plaintiffs' document production in response to Defendant Flowers Foods', Flowers Baking Co. of Opelika, LLC's, and Flowers Baking Co. of Thomasville, LLC's ("Defendants") Requests for Production of Documents ("Defendants' Document Requests"); and letter dated March 19, 2008, concerning Defendants' responses to Plaintiffs' document requests. Our responses to the issues you raised are as follows:

<u>March 14, 2008, Letter Regarding Plaintiffs' Document Production</u>

In your March 14, 2008 letter, you discuss a February 8, 2008 conference call between the parties to "meet and confer" regarding Defendants' Requests for Production to Plaintiffs ("Document Requests"), wherein the parties discussed whether Plaintiffs would be producing various accounting and tax return documents. Your letter provides that during this call, Plaintiffs "specifically stated that [Plaintiffs] had not and did not interpret the definition [of 'possession, custody, and control'] as broadly as [Defendants] suggested and did not agree that [P]laintiffs would seek to obtain documents from [P]laintiffs' accountants or tax preparer[s]." Our notes from this call, which were taken contemporaneously with the call, unambiguously reflect that Plaintiffs never took any definite position regarding whether they considered Plaintiffs' accounting and tax return documents to be in Plaintiffs' "possession, custody, or control."

Atlanta • Austin • Birmingham •Bloomfield Hills • Charleston • Charlotte • Chicago •Cleveland• Columbia • Dallas • Greensboro • Greenville • Houston •Indianapolis •Jackson •Kansas City Los Angeles •Memphis • Miami • Morristown • Nashville •Philadelphia •Phoenix •Pittsburgh •Raleigh •St. Louis •St. Thomas •San Antonio •San Francisco •Tampa •Torrance • Tucson • Washington



Rather, Plaintiffs indicated they would have to "get back in touch" with Defendants about whether Defendants would need to subpoena any records from the Plaintiffs' accountants.[1]

Your letter provides that you are re-confirming with certain Plaintiffs who previously indicated that they have no responsive documents for some or all of Defendants' Document Requests that they, in fact, have no such responsive documents. With regard to these Plaintiffs' representations to date, Defendants find it hard to believe, for example, that Mark Murphy, who is a current distributor and has been a distributor since 2002, would not have any responsive documents regarding his handheld computer when he uses a handheld computer on a daily basis. The significant documents produced for other Plaintiffs who are still current distributors, including Cleveland and Baxter, illustrate the various types of documents generated from a handheld computer on a daily or weekly basis.[2] These documents include, for example, Distributor Load Summaries, which Murphy only produced for one week in December of 2007, and other documents relating to the ordering and selling of product. Further, we find it hard to believe Murphy wouldn't have "financial statements, profit and loss statements, budgets, income projections, income statements, and reports" when distributors are provided with a statement reflecting their weekly settlement (known as a "Distributor Weekly Summary Report"), plus back-up materials, on a weekly basis.[3] Indeed, other Plaintiffs who are current distributors, such as Cleveland, produced such settlement statements.

We also find it hard to believe that Murphy would not have any documents regarding a delivery vehicle. Even if Murphy no longer has a copy of a purchase or lease agreement for such vehicle, he would need to have, <u>at a minimum</u>, a vehicle registration form and proof of insurance pursuant to both state law and the applicable provisions of the Independent Distributor Agreement he signed with Flowers Baking Co. of Opelika.[4] Further, we find it hard to believe that Chambliss, who was a distributor for a <u>twelve year period</u>, from approximately 1994-2006, does not have one single document related to his distributorship with Flowers Baking Co. of Thomasville. We would think that Chambliss would, <u>at a minimum</u>, have documents regarding the delivery vehicle he used to service his distributorship with Flowers Baking Co. of Thomasville, such as the vehicle registration and proof of insurance, particularly because it is our understanding that Chambliss took his delivery vehicle with him after he sold his distributorship and may still be using this vehicle today.

Further, as the language of Defendants' letter to Plaintiffs provides, Defendants <u>did not accuse, and are not accusing</u>, Plaintiffs of destroying any documents in the litigation. Defendants merely informed Plaintiffs that <u>if</u> any documents had been lost, or destroyed despite ethical obligations to maintain such documents, Paragraph 13 of Defendants' Instructions to Plaintiffs in Defendants' Document Requests provided that Plaintiffs must "so state and identify each document, state to which request(s) the document would have been responsive, and the reason

---

[1] Plaintiffs' statements that Defendants subpoenaed the documents "*before [plaintiffs] could consider and respond to [Defendants'] proposal*" <u>completely contradicts</u> Plaintiffs' prior position, taken just a few paragraphs before <u>in this same letter</u>, that Plaintiffs "*specifically stated . . . they did not agree* [to] seek . . . documents from plaintiffs' accountants or tax prepare[s]". (emphasis added).

[2] Although Plaintiffs have not produced any documents for Doug Branch to date, we would expect the same types of documents to be produced for Branch.

[3] Murphy did produce one Weekly Settlement Statement for the week of 12/9/07-12/15/07.

[4] At least the other Plaintiffs who are current distributors should have such vehicle documents as well.

Joseph P. Guglielmo
March 25, 2008
Page 3



any document has been mutilated or destroyed." Reminding Plaintiffs of their obligations to inform Defendants of any lost or destroyed documents was certainly not unreasonable in the circumstances, given Plaintiffs' haphazard production of documents, which included, for example, representations that a current distributor (Branch) does not have certain responsive documents that he would receive and/or generate on a daily or weekly basis.

In addition, despite Plaintiffs' allegations that Defendants "never advised [them] of [their] communications with [accountants]," Sandra Reiss sent both you and Greg Davis a letter on February 15, 2008, a copy of which is attached for your convenience, informing you that Defendants had issued a number of subpoenas (including to accountants) and enclosing a complete set of the subpoenas issued. Defendants will provide Plaintiffs with copies of any and all documents received in response to these subpoenas, as Plaintiffs have requested. To date, Defendants have only received accounting records for Plaintiff Gary Chambliss.

<u>March 19, 2008 Letter Concerning Plaintiffs' Document Requests</u>

*Requests 1 and 2.* We will produce the weekly settlement statements for each Plaintiff for the relevant time period this week.

*Request 3.* All Distributor Agreements and addenda thereto for each Plaintiff for the relevant time period have been produced. Your request for "all reports or records from each Plaintiffs' handheld computer" is unduly burdensome and unnecessary as we have discussed in the past. I conservatively estimate that this request encompasses hundreds of thousands of documents – many of which consist of multiple pages. In addition, many of these transactional documents would have to be retrieved from archived files. We previously discussed this issue in some depth on both October 16, 2007 and November 16, 2007, when I described the voluminous number of transactional documents created through the handheld computer. On October 16, 2007, you explained that Plaintiffs were not interested in that level of detail and were not looking for the entire database of transactions from the handheld. Such level of detail is wholly unnecessary for litigating the FLSA claims in this lawsuit. We do not understand why you have changed your position.

*Request 6.* Your representation that you have not received any Protocol Agreements is false. You have previously been provided both the Wal-Mart and Winn Dixie Protocol Agreements which you utilized during the Flowers Foods 30(b)(6) deposition. We will produce the PBS Protocol Agreement(s) relevant to the Plaintiffs' accounts that have not yet been produced this week.

*Request 8.* The Distributor Agreements, which we have produced, show the branded products sold by your clients. In addition, documents outlining various products sold by Plaintiffs were produced on both on December 28, 2007 and January 25, 2008. Additional documents outlining various products produced out-of-state for certain Plaintiffs in 2004 will be produced shortly. Various documents produced by certain of your clients also show the products they distributed.

Joseph P. Guglielmo
March 25, 2008
Page 4



*Request 11.* We are unaware of any responsive documents concerning any "decision to employ delivery persons for fresh bakery products," which are in any way related to Plaintiffs' individual claims.

*Request 12.* We are unaware of any responsive documents.

*Request 13.* See Response to Request 3.

*Request 16.* See Response to Request 3.

*Request 20.* We will produce certain responsive documents later this week that are related to the case we discussed (*Quarles, et al. v. Flowers Foods, Inc., et al.*).

*Request 22.* We will produce certain responsive documents this week.

*Request 23.* We previously discussed the voluminous number of documents, transactional and otherwise, relating to the national accounts within each Plaintiff's territory and you agreed to a representative sampling, which we have provided. These included a substantial number of documents from individuals involved with the national accounts, not simply documents from Plaintiffs' distributor files as you so state. You failed to utilize a single one of these documents during the Flowers Foods' 30(b)(6) Deposition. All such documents are wholly unnecessary for litigating the FLSA claims in this lawsuit. I might add that you had ample opportunity to explore the "policies and procedures on opening new accounts" during the Flowers Foods 30(b)(6) deposition.

*Request 24.* See Response to Request 23.

*Requests 25 and 26.* See Response to Request 23. We will provide representative accounting documents reflecting payment by those national accounts serviced by Plaintiffs in addition to Wal-Mart.

*Requests 28 and 36.* Documents produced on December 28, 2007 already show the manufacturing bakery. We fail to see why voluminous documents reflecting the mode or method of shipment are necessary since that has been described in detail in the depositions to date. Further specific details can readily be obtained via interrogatories to Flowers/Opelika or Flowers/Thomasville or from certain officials of Flowers/Opelika and Flowers/Thomasville scheduled to be deposed. Voluminous underlying shipping documents are wholly unnecessary to litigate the FLSA claims in this lawsuit.

*Request 37.* We have previously provided representative documentation for Wal-Mart which you utilized at the Flowers Foods' 30(b)(6) deposition. As noted above, additional responsive documents will be produced.

*Requests 38 and 39.* We will produce this week other national account contracts for those national accounts serviced by Plaintiffs. Otherwise, see Response to Request No. 23.

Joseph P. Guglielmo
March 25, 2008
Page 5 _____



*Plaintiffs' Second Request For Production of Documents.*  We are unaware of any responsive documents that have not been produced.

We look forward to discussing the issues herein at 4:00 p.m. today.

Very truly yours,

Kevin P. Hishta
KPH/DHG:wf

cc:     Greg L. Davis
        E. Kirk Wood
        Joe R. Whatley, Jr.
        Amy Weaver

# EXHIBIT K



**OGLETREE, DEAKINS,
NASH, SMOAK &
STEWART, P.C.**

*Attorneys at Law*

Bank of America Plaza
600 Peachtree Street, NE, Suite 2100
Atlanta, GA 30308
Telephone: 404.881.1300
Facsimile: 404.870.1732
www.ogletreedeakins.com

Kevin P. Hishta
Direct Dial: 404.870.1733
E-mail: Kevin.Hishta@ogletreedeakins.com

April 2, 2008

<u>Via Electronic Mail</u>

Joseph P. Guglielmo
Whatley Drake & Kallas LLC
1540 Broadway, 37th Floor
New York, New York 10036

Re:    Charles Morrow, *et al.* v. Flowers Foods, Inc., *et al.* – Civil Action No. 3:07-cv-00617-MHT
       Plaintiffs' Second Interrogatories and Requests for Production to Defendants

Dear Joseph:

    We are providing this letter in response to your March 27, 2008, letter concerning Defendants' Responses to Plaintiffs' Second Interrogatories and Second Requests for Production ("Plaintiffs' Interrogatories and Production Requests") to Defendants.

    As a preliminary matter, Plaintiffs' Interrogatories[1] and Production Requests[2] were so vague and broad that Defendants could not possibly be expected to provide any meaningful substantive response. We are not obligated to provide a substantive response to an interrogatory that is so lacking in precision that it cannot be intelligently answered. For example, Plaintiffs did not define the term "communication" or limit the substantive scope of the "communications" sought in any manner. Indeed, Flowers officials may have numerous conversations or other communications with multiple distributors on a daily basis, which could cover a variety of topics.

    Further, as Defendants stated in our March 25, 2008, letter, and during the conference call on the same date, Defendants believe they have produced all non-privileged documents concerning any and all substantive communications management has had with Plaintiffs during the relevant period requested as such documents are typically maintained in distributor files (which have been produced) or e-mail of certain Flowers officials (which has been searched by

---

[1]  Plaintiffs' Interrogatories requested "each and every communication you had with any current or former route distributor."

[2]  Plaintiffs' Production Requests sought "[a]ll documents concerning, evidencing, reflecting or describing any communications between you and any present or former route distributors, including any of the Plaintiffs, concerning any of the allegations, facts, or circumstances described in the Complaint."

Joseph P. Guglielmo
April 2, 2008
Page 2



Plaintiff name and responsive documents produced).  We will go back and double check and see if any additional non-privileged documents have been generated related to Plaintiffs that are current distributors, excepting voluminous accounting/transactional documents.

Any information regarding communications with distributors other than Plaintiffs concerning the matters raised in litigation since the filing of the lawsuit (as Plaintiffs are requesting) may be relevant to the class claims; however, such communications are simply not relevant to the Plaintiffs' individual claims.  As you know, the Court, in its November 27, 2007, Protective Order, specifically rejected Plaintiffs' position that class-wide discovery is appropriate before any decision for conditional certification and limited the scope of discovery (before a conditional certification decision) to the named parties and the allegations against them.[3] Therefore, absent any substantive communications with Plaintiffs about the subject matter of the litigation since the filing of the Complaint, Defendants have no substantive response to provide.

Finally, we still have not received any documents from Plaintiff Doug Branch in response to Defendants' Requests for Production.  Your letter dated March 14, 2008, provided that you would gather these documents and produce them to Defendants shortly.  Please advise as to the status of this production as soon as possible.

Please do not hesitate to contact me with any questions.

Very truly yours,

Kevin P. Hishta
KPH:mr

cc:     Amy Weaver
        Joe R. Whatley, Jr.
        Greg L. Davis
        E. Kirk Wood
        Sandra Reiss
        David Grigereit
        Margaret Santen Hanrahan
        Christopher Deering

---

[3]  Specifically, the Court reasoned: "[b]ecause the Court has not yet ruled upon the *Motion to Conditionally Certify and Facilitate Class* Notice (Doc. 32, filed September 21, 2007), this case only involves the current named parties and the allegations against them.  Thus, discovery is also limited to those parties and subject matter." (emphasis added).

# EXHIBIT L

## MORROW DOCUMENT PRODUCTION CHART

| Resp to RFP # | Total Range | Description of Document/File | Date Produced |
|---|---|---|---|
| | | **I.    DISTRIBUTOR FILES** (OFFICIAL) | |
| FBO 3, 4, 5, 7, 9, 13, 16-19, 21, 23, 24, 25, 27, 29, 30-33, 39 | FBO000001 – FBO000179 | A.   Charles Morrow Route # 2058 | 12/28/07 |
| FBO 3, 4, 5, 7, 9, 13, 16-19, 21, 23, 24, 25, 27, 29, 30-33, 39 | FBO002316 – FBO002506 | B.   Michael Overton Route # 6225 | 12/28/07 |
| FBO 3, 4, 5, 7, 9, 13, 16-19, 21, 23, 24, 25, 27, 29, 30-33, 39 | FBO002507 – FBO002698 | C.   James M. Smith Route # 6225 | 12/28/07 |
| FBO 3, 4, 5, 7, 9, 13, 16-19, 21, 23, 24, 25, 27, 29, 30-33, 39 | FBO001823 – FBO001964 | D.   Dwayne Cleveland  Route # 2063 | 12/28/07 |
| FBO 3, 4, 5, 7, 9, 13, 16-19, 21, 23, 24, 25, 27, 29, 30-33, 39 | FBO000180 – FBO000378, FBO002699 – FBO003017 | E.   Michael Smith (Route # 2100 – 180-378; Route # 2102 -2699-2908; Route # 2103 2909-3017) | 12/28/07 |
| FBO 3, 4, 5, 7, 9, 13, 16-19, 21, 23, 24, 25, 27, 29, 30-33, 39 | FBO000379 – FBO000579 | F.   Mark Murphy Route # 2099 | 12/28/07 |
| FBO 3, 4, 5, 7, 9, 13, 16-19, 21, 23, 24, 25, 27, 29, 30-33, 39 | FBO001965 – FBO002315 | G.   Doug Branch (Route # 2057 – 1965-2146; Route # 2055 2147-2315) | 12/28/07 |
| FBO 3, 4, 5, 7, 9, 13, 16-19, 21, 23, 24, 25, 27, 29, 30-33, 39 | FBO001588 – FBO001822 | H.   Lew Baxter Route # 6065 | 12/28/07 |
| FBO 3, 4, 5, 7, 9, 13, 16-19, 21, 23, 24, 25, | FBO001284- FBO001587 | I.   Ricky Small Route # 2080 | 12/28/07 |

6242212_1

| Resp to RFP # | Total Range | Description of Document/File | Date Produced |
|---|---|---|---|
| 27, 29, 30-33, 39 | | | |
| FBO 3, 4, 5, 7, 9, 13, 16-19, 21, 23, 24, 25, 27, 29, 30-33, 39 | FBO000740 – FBO001283 | J.    Melvin Snow (2 files; 740-937; 938-1283) Route #s 2079 and 304 | 12/28/07 |
| FBO 3, 4, 5, 7, 9, 13, 16-19, 21, 23, 24, 25, 27, 29, 30-33, 39 | FBO000580 – FBO000739 | K.    Greg Patisaul Route # 2103 | 12/28/07 |
| FBT 3, 4, 5, 7, 9, 13, 16-19, 21, 23, 24, 25, 27, 29, 30-33, 39 | FBT000033 – FBT000246 | L.    Gary Chambliss Route #s 290, 1490, 480, 2863 and 366 | 12/28/07 |
| | | II.    **DISTRIBUTOR FILES** (UNOFFICIAL - WAREHOUSE & OTHERWISE) | |
| FBO 3, 4, 13, 17, 21, 27, 30 | FBO004115 – FBO004120 | A.  Charles Morrow | 12/28/07 |
| FBO 3, 5, 17, 21, 30 | FBO004121 – FBO004122<br><br>FBO005818 – FBO005819 | B.   Dwayne Cleveland<br><br>- Distributor file –**Attorney's Eyes Only**<br><br>Review for Dwayne Cleveland | 12/28/07 |
| FBO 3 | FBO004123 – FBO004127 | C.    Michael Smith | 12/28/07 |
| FBO 3, 21, 30 | FBO004128 – FBO004163<br>FBO005822 – FBO005823 | D.    Mark Murphy<br>- Distributor file –**Attorney's Eyes Only** –<br>- Review for Mark Murphy | 12/28/07 |
| FBO 3, 21, 30 | FBO004164 – FBO004175<br><br>FBO005824 – FBO005825 | E.    Doug Branch<br>- Distributor file – **Attorney's Eyes Only**<br>- Review for Doug Branch | 12/28/07 |
| FBO 3, 21, 30 | FBO004176 – FBO004178<br><br>FBO005820 – FBO005821 | F.    Lew Baxter<br>- Distributor file –**Attorney's Eyes Only**<br><br>- Review for Lew Baxter | 12/28/07 |

| Resp to RFP # | Total Range | Description of Document/File | Date Produced |
|---|---|---|---|
| FBO 3 | FBO004179 – FBO004181 | G.  Ricky Small -<br><br>- Distributor file – produced Attorney's Eyes Only<br>- 8/11/05 Ricky Small accident claim – **not produced** - | 12/28/07 |
| FBO 3 | FBO004182 – FBO004190 | H.  Melvin Snow - Distributor file | 12/28/07 |
| | FBT000501 – FBT000503 | I.  Gary Chambliss (2005 2nd Quarter Shrink)(paper) | 1/11/08 |
| | | **III.  DISTRIBUTOR ACCOUNTING/FINANCIAL/TRANSACTIO N RECORDS** | |
| | | A.  Charles Morrow | |
| | FBO005974- FBO005990 | 1.  Distributor Summary Reports (7/3/04 – 12/31/05) | 3/27/08 |
| FBO 3, 21, 29-30 | FBO004191 – FBO004215 | 2.  Statements of Revenue and Expenses | 12/28/07 |
| FBO 3, 32 | FBO004242 – FBO004245 | 3.  W-2's (2004-2005) | 12/28/07 |
| | | B.  Michael Overton | |
| | FBO005991- FBO005996 | 1.  Distributor Summary Reports (4/15/06- 9/30/06) | 3/27/08 |
| FBO 3, 21, 30 | FBO004246 – FBO004253 | 2.  Statements of Revenue and Expenses (2006) | 12/28/07 |
| FBO 1, 3, 32 | FBO004240 – FBO4241 | 3.  W-2's (2005-2006) | 12/28/07 |
| | | C.  James M. Smith | |
| | FBO005997- FBO006000 | 1.  Distributor Summary Reports (10/14/06- 1/6/07) | 3/27/08 |
| FBO 3, 21, 32 | FBO004374 – FBO004381 | 2.  Statements of Revenue and Expenses (2006- 2007) | 12/28/07 |
| FBO 3, 32 | FBO004239 | 3.  W-2's (2006) | 12/28/07 |
| | | D.  Dwayne Cleveland | |
| | FBO006001- FBO006042 | 1.  Distributor Summary Reports (7/3/04 – 3/15/08) | 3/27/08 |
| | FBO005826 – FBO005909 | 2.  Weekly Settlement Statements and Backup Load and Adjustment Documents (Weeks 48- 52, 2007) | 1/30/08 |
| FBO 3, 21, 29, 30 | FBO004382 – FBO4437 | 3.  Statements of Revenue and Expenses (2004- 2007) | 12/28/07 |

6242212_1

| Resp to RFP # | Total Range | Description of Document/File | Date Produced |
|---|---|---|---|
| FBO 3, 32 | FBO004235 – FBO4237 | 4. W-2's (2004-2006) | 12/28/07 |
| | | E. Michael Smith | |
| | FBO006043-FBO006069 | 1. Distributor Summary Reports (7/3/04 – 12/2/06) | 3/27/08 |
| FBO 3, 21, 29, 30 | FBO004438 – FBO004485 | 2. Statements of Revenue and Expenses (2004-2006) | 12/28/07 |
| FBO 3, 32 | FBO004218 – FBO004222 | 3. W-2's (2004-2006) | 12/28/07 |
| | | F. Mark Murphy | |
| | FBO006070-FBO006111 | 1. Distributor Summary Reports (7/3/04 – 3/15/08) | 3/27/08 |
| FBO 3, 21, 29, 30 | FBO004314 – FBO004373 | 2. Statements of Revenue and Expenses (2004-2007) | 12/28/07 |
| FBO 3, 32 | FBO004231 – FBO004234 | 3. W-2's (2004-2006) | 12/28/07 |
| | | G. Doug Branch | |
| | FBO006112-FBO006153 | 1. Distributor Summary Reports (7/3/04 – 3/15/08) | 3/27/08 |
| FBO 3, 21, 29, 30 | FBO004254 – FBO004313 | 2. Statements of Revenue and Expenses (2004-2007) | 12/28/07 |
| FBO 3, 32 | FBO004223 – FBO004225 | 3. W-2's (2004-2006) | 12/28/07 |
| | | H. Lew Baxter | |
| | FBO006180-FBO006221 | 1. Distributor Summary Reports (7/3/04- 3/15/08) | 3/27/08 |
| | FBO005910 – FBO005973 | 2. Weekly Settlement Statements and Backup Load and Adjustment Documents (Weeks 48-52, 2007) | 1/30/08 |
| FBO 3, 21, 29, 30 | FBO004542 – FBO004601 | 3. Statements of Revenue and Expenses (2004-2007) | 12/28/07 |
| FBO 3, 32 | FBO004226 – FBO004228 | 4. W-2's (2004-2006) | 12/28/07 |
| | | I. Ricky Small | |
| | FBO006154-FBO006167 | 1. Distributor Summary Reports (7/3/04-9/24/05) | 3/27/08 |
| FBO 3, 21, 29, 30 | FBO004514 – FBO004541 | 2. Statements of Revenue and Expenses (2004-2005) | 12/28/07 |
| FBO 3, 32 | FBO004229 – FBO004230 | 3. W-2's (2004-2005) | 12/28/07 |

| Resp to RFP # | Total Range | Description of Document/File | Date Produced |
|---|---|---|---|
| | | J.     Melvin Snow | |
| | FBO006168-FBO006177 | 1.    Distributor Summary Reports (7/3/04-9/10/05) | 3/27/08 |
| FBO 3, 21, 30 | FBO004486 – FBO004513 | 2.    Statements of Revenue and Expenses (2004-2005) | 12/28/07 |
| FBO 3, 32 | FBO004216 – FBO004217 | 3.    W-2's (2004-2005) | 12/28/07 |
| | | K.     Greg Patisaul | |
| | FBO006178-FBO006179 | 1.    Distributor Summary Reports (3/19/05 – 4/16/05) | 3/27/08 |
| FBO 3, 21, 30 | FBO004602 – FBO004609 | 2.    Statements of Revenue and Expenses (2005) | 12/28/07 |
| FBO 3, 32 | FBO004238 | 3.    W-2's (2005) | 12/28/07 |
| | | L.     Gary Chambliss | |
| FBT 3, 32 | FBT000019 – FBT000029 FBT000007 – FBT000017 FBT000002 – FBT000005 | 1.    Distributor Summary Reports (1/10/04 – 1/1/05; 1/8/05 – 12/31/05; 1/7/06 – 4/22/06 ) | 12/28/07 |
| FBT 3, 21, 30 | FBT000504 – FBT000544 | 2.    Statements of Revenue and Expenses (2004 – 2006) | 1/11/08 |
| FBT 3, 32 | FBT000018 FBT000006 FBT000001 | 3.    W-2's (2004-2006) | 12/28/07 |
| | | IV.     **E-MAIL** | |
| | FFE000001 – FFE000012 | A.    Chuck Rich | 1/11/08 |
| | FFE000013 – FFE000366 | B.    Wayne Parmer | 1/24/08 |
| | FBOE000507 – FBOE000699 | C.    Steve Bordeaux | 1/24/08 |
| | FBOE000700 – FBOE001636 | D.    Michael Lord | 1/24/08 |
| | FBOE001637 – FBOE001638 | | 1/30/08 |
| | FBOE000440 – FBOE000445 | E.    Grady Messer | 1/24/08 |
| | FBOE000306 – FBOE000389 | F.    Ricky Ward | 1/24/08 |

| Resp to RFP # | Total Range | Description of Document/File | Date Produced |
|---|---|---|---|
| | FBOE000001 – FBOE000302 | G.  Don Adkins | 1/24/08 |
| | FBTE001000 – FBTE001322 | H.  Mickey Miller | 1/24/08 |
| | FBTE001326 – FBTE001558 | I.  Norris McDaniel | 1/24/08 |
| | FBTE000001 – FBTE000729 | J.  Johnny Shepard | 1/11/08 |
| | FBTE000992 – FBTE000999 | K.  Smitty Stephens | 1/24/08 |
| | | L.  David Roach | |
| | FFE000367 – FFE000682 | M.  Jeff Strain | 1/24/08 |
| | FFE000683 – FFE000731 | N.  Charles Avera | 1/24/08 |
| | FFE001035 – FFE001130 | O.  Doug Brown | 1/24/08 |
| | FFE001131 - FFE001267 | P.  Bobby Massanelli | 1/24/08 |
| | FFE000732 – FFE000931<br><br>FFE001374 – FFE001456 | Q.  David Dodge | 1/24/08 |
| | FFE001268 – FFE001343 | R.  Robert Meadows | 1/24/08 |
| | FFE000932 – FFE001034 | S.  David Johnson | 1/24/08 |
| | FBOE000447 – FBOE000450 | T.  Branch 64 | 1/24/08 |
| | FBOE000456 – FBOE000457 | U.  Branch 65 | 1/24/08 |
| | FBOE000390 – FBOE000439 | V.  Branch 66 | 1/24/08 |
| | FBOE000451 – FBOE000453 | W.  Jerry Woodham | 1/24/08 |
| | FBTE000730 – FBTE000991 | X.  Bonnie Harrison | 1/24/08 |
| | | V.  **PROSPECTIVE DISTRIBUTOR/PERSONNEL FILE** | |
| FBO 9 | FBO004610 – | A.  Charles Morrow | 12/28/07 |

| Resp to RFP # | Total Range | Description of Document/File | Date Produced |
|---|---|---|---|
| | FBO004719 | | |
| FBO 9 | FBOMED000008 – FBOMED000023 | 1.  Morrow Medical File | 12/28/07 |
| FBO 9 | FBO004720 – FBO004818 | B.  Doug Branch | 12/28/07 |
| FBO 9 | FBOMED000001 – FBOMED000007 | 1.  Branch Medical File | 12/28/07 |
| FBT 9 | FBT000030 – FBT000032 | C.  Gary Chambliss | 12/28/07 |
| | | VI.  **PROSPECTIVE DISTRIBUTOR/LEASED EMPLOYEE PAYROLL RECORDS** | |
| FBO 1, 9 | FBO004819 – FBO004822 | A.  Michael Overton | 12/28/07 |
| FBO 1, 9 | FBO004825 – FBO004827 | B.  Michael Smith | 12/28/07 |
| FBO 1, 9 | FBO004823 – FBO004824 | C.  Lew Baxter | 12/28/07 |
| FBO 1, 9 | FBO004828 – FBO004829 | D.  Dwayne Cleveland | 12/28/07 |
| FBO 1, 9 | FBO004830 – FBO004835 | E.  Greg Patisaul | 12/28/07 |
| FBO 1, 9 | FBO004836 | F.  James Marty Smith | 12/28/07 |
| | | VII.  **HANDHELD COMPUTER TRAINING MANUALS, PROGRAMS AND POLICIES** | |
| FBO 3, 5, 14, 33 | FBO005251 – FBO005261 | A.  12/7/05 memo from Michael Lord to Independent Distributors re: HHC III and administration fee increase and receipts by ID's | 12/28/07 |
| FBO 3, 5, 14, 19 FF 30(b)(6) 8, 9 30(b)(6) 8, 9 | FF000001 – FF000183  FBO005262 – FBO005439 | B.  HandHeld III Distributor Training Class presentation (effective 6/13/07)  HandHeld III Distributor Training Class presentation (FB/Opelika) | 12/28/07 |
| FF 11, 14 30(b)(6) 8, 9 | FBO005045 – FBO005129 | C.  HHC II Materials (9/23/96) | 12/28/07 |
| | | VIII.  **PAY-BY-SCAN TRAINING MANUALS, PROGRAMS/POLICIES** | |
| FF 6 30(b)(6) 6 | FF000650 – FF000665 | A.    Scan Based Trading Agreement with Winn-Dixie | 12/28/07 |

| Resp to RFP # | Total Range | Description of Document/File | Date Produced |
|---|---|---|---|
| | FF002854-FF002860 | Scan Based Trading Vendor Agreement Worksheet (Target) (2003)(w/Target Stores Scan Based Trading Terms and Conditions) | 3/27/08 |
| FF 26, 38, 39; 30(b)(6) 6 | FF000753 – FF000758 | B.    Wal-Mart & Flowers Pay from Scan Process Protocol Agreement | 1/11/08 |
| | FF002924-FF002929 | C.    Sodexho Agreement (Amendment Number 3) | 3/27/08 |
| | FF002880-FF002906 | D.    Supplier Business Relationship Agreement (Sonic)(11/1/06), Vendor Acknowledgement of Code of Conduct and Ethics of Sonic and Subsidiaries, Sonic Business Relationship Agreement Addendum (11/1/06) | 3/27/08 |
| | FF002907-FF002923 | E.    Chick-Fil-A, Inc. Master Vendor Agreement effective 1/1/07 | 3/27/08 |
| | FF002930-FF002941 | F.    Private Label Agreement (Southern Family Markets) effective 7/28/06 | 3/27/08 |
| | | IX.    **DISTRIBUTOR RECRUITMENT/ORIENTATION/TRAINING DOCUMENTS** | |
| FBO 3, 5, 18-19, 21, 30 30(b)(6) 5, 8, 9 | FBO005613 – FBO005715 | A.    Independent Distributor Development Program © 2000 | 12/28/07 |
| FBO 3, 5, 19, 21, 30 30(b)(6) 4, 5, 8-10 | FBO005475 – FBO005553 | B.    Flowers Bakeries Inc. Independent Distributor Development Program | 12/28/07 |
| FBO 3, 5, 14, 18-19, 21, 30 30(b)(6) 4, 5, 8-10 | FBO005440 – FBO005474 | C.    9/00 Current and prospective Independent Distributor Field Orientation Manual | 12/28/07 |
| FBO 3, 18 30(b)(6) 4, 5, 8, 10 | FBO005716 – FBO005717 | D.    Flowers Foods Bakeries Group – Build your own business pamphlet given to independent distributors | 12/28/07 |
| FBT 3, 5, 14, 18-19, 21, 30 30(b)(6) 4, 5, 8-10 | FBT000247 – FBT000281 | E.    9/00 Prospective Distributor Field Orientation Manual | 12/28/07 |
| FBT 3, 5, 19, 21, 30 30(b)(6) 4, 5, 8-10 | FBT000282 – FBT000344 | F.    FBC of Thomasville Independent Distributor Program (undated) | 12/28/07 |
| 30(b)(6) 4, 5, 8-10 | FF000380 – FF000414 | G.    9/00 Prospective Distributor Field Orientation Manual | 12/28/07 |

| Resp to RFP # | Total Range | Description of Document/File | Date Produced |
|---|---|---|---|
| 30(b)(6) 4, 5, 8-10 | FF000280 – FF000299 | H.   Distributor Program Slides 8/06 | 12/28/07 |
| 30(b)(6) 4, 5, 8-10 | FF000315 – FF000331 | I.   Understanding   Distributor   Statements presentation | 12/28/07 |
| 30(b)(6) 3, 5, 8 | FF000332 – FF000379 | J.   Recruiting/Training/Retention   Presentation (Opelika Management Training May 2006) | 12/28/07 |
| 30(b)(6) 1-3, 5, 8, 11; FF 30 | FF000300 – FF000314 | K.   Managing Your Business Through Independent Distributors (updated 6/02) | 12/28/07 |
| 30(b)(6) 4, 5, 8-10 | FF000666 – FF000752 & DVD | L.   Independent Distributor Development Program (Chuck Rich Director, Distributor Operations) Binder  with DVD titled: Independent Distributor Development | 12/28/07 |
| FBO 3, 19, 30 | FBO005554 – FBO005612 | M. Flowers   Baking   Co.   of   Opelika   Independent Distributor Program 05/06 | 12/28/07 |
| FBO 3 | 1 DVD | N.   Independent   Distributors   Recruiting   Videos (revised 10-16-01) | 12/28/07 |
| FBT 3, 19, 30; 30(b)(6) 10 | FBT000545     – FBT000604 | O.   New   Distributor   Orientation   Presentation (1/21/04) | 1/11/08 |
|  |  | **X.    MANAGEMENT TRAINING DOCUMENTS (OTHER THAN HANDHELD AND PBS)** |  |
| FBO 3, 19 30(b)(6) 4, 8-10 | FBO005729 – FBO005732 | A.   5/7/01 Chuck Rich memo to Adkins et al. re: SAP Distributor Statement Explanation | 12/28/07 |
| FBO 3 30(b)(6) 3, 5, 8 | FBO005733 – FBO005779 | B.   05/06   Wayne   Parmer Recruiting/Training/Retention presentation | 12/28/07 |
| FBO 3, 30 30(b)(6)   1-3, 5, 8, 11 | FBO005780 – FBO005817 | C.   9/26/07 Rich "Managing Your Business Through Independent Distributors" | 12/28/07 |
|  |  | D.   Flowers Independent Distributor Program Partners in Profit ©2000 |  |
|  |  | E.   8/16/95   Chapman/Rich   presentation   on Independent Distributor Program |  |
| FBO 3, 30 | FBO005718 – FBO005728 | F.   Undated Distributorship Questionnaire | 12/28/07 |
|  | FBT001006     – FBT001322 | G.   2004 Sales Management Seminar Thomasville Plant (March 9 & 10, 2004) | 1/11/08 |
|  |  | **XI.    DISTRIBUTOR COORDINATOR NOTEBOOKS AND REFERENCE MATERIALS** |  |
| FBO 3-5, 16-18, 23-25, 29-33 30(b)(6) 3-5, | FBO004837 – FBO005044 | A.        Distributor Coordinator Manual (Opelika 3/06) | 12/28/07 |

6242212_1

| Resp to RFP # | Total Range | Description of Document/File | Date Produced |
|---|---|---|---|
| 8-10 | | | |
| FBT 3-5, 16-18, 23-25, 29-32; FF 30(b)(6) 3-5, 8-10 | FBT000734 – FBT001005 | B.    Distributor    Coordinator    Manual (Thomasville) Oct. 2007 | 1/11/08 |
| FF 30(b)(6) 3-5, 8-10 | FF002310 – FF002625 | C.    Distributor Coordinator Manual (Chuck Rich 3/06) | 1/11/08 |
| FF 30(b)(6) 3-5, 8-10 | FF002031 – FF002309 | D.    Distributor Coordinator Manual (Chuck Rich 10/07) | 1/11/08 |
| | | **XII.    FORM AGREEMENTS/MODEL FORMS** | |
| FBO 3, 5, 7, 10, 16-17, 23-25, 29-33, 39 30(b)(6) 1, 2, 11 | FBO003116 – FBO003182 | A.    Sample Opelika Distributor Pro Forma | 12/28/07 |
| FBO 3, 5, 17, 19, 29 30(b)(6) 4, 10  30(b)(6) 9, 10 | FBO003183 – FBO003186   FBO003188 – FBO003189 | B.    Form – Weekly Settlement statements with PBS and non-PBS     - 1/07 Subsidy Guidelines and Form Letter - | 12/28/07 |
| FBO 3, 5, 17 | FBO003187 | C.    – Authorization – Opelika – Independent Distributor Truck | Not Produced 12/28/07 |
| FBO 3, 5, 7, 10, 16-17, 23-25, 27, 30-33, 39 30(b)(6) 1-2, 11 | FBO003018 – FBO003108 | D.    Form Agreements | 12/28/07 |
| FBO 3, 5, 14, 17-19, 24-25, 29 – 30 30(b)(6) 4, 10 | FBO003109 – FBO003115 | E.    Flowers Baking Co. of Opelika Distributor checklist | 12/28/07 |
| | | **XIII.    IMPLEMENTATION/CONVERSION DOCUMENTS** | |
| FF 10, 30 , 32, 33 30(b)(6) 1, 2, 11 | FF000572 – FF000649 | A.    Chuck Rich Opelika File | 12/28/07 |
| FBO 3,5, 10, 16, 30 30(b)(6) 1, 2, 11 | FBO003190 – FBO003219 | B.    Curtis Chapman to Flowers Baking Co. of Opelika Sales Managers re: Independent Distributor Basics 94 | 12/28/07 |

| Resp to RFP # | Total Range | Description of Document/File | Date Produced |
|---|---|---|---|
| FBO 3, 5, 10, 16-17, 30 30(b)(6) 1, 2, 11 | FBO003220 – FBO003246 | C.   Misc. Documents from 1994 Karyl Lauder Partners in Progress Notebook | 12/28/07 |
| FBO 3, 10, 16, 30 30(b)(6) 1, 2, 11 | FBO003555 – FBO003572 | D.   Route to Distributor Pro Forma – Preliminary 5/27/94 | 12/28/07 |
| FF 10, 30, 32 30(b)(6) 1, 2, 11 | FF000539 – FF000542 | E.   1/4/52 Letter from Robert C. Farelli of Albertson, Shelton & Simmons to Commission of Internal Revenue | 12/28/07 |
| FF 10, 30 30(b)(6) 1, 2, 11 | FF000543 – FF000557 | F.   4/17/85 Letter from John Anderson of Arnold and Anderson to John Turner of Price Waterhouse enclosing form Distributor Agreement | 12/28/07 |
| FF 10, 30 30(b)(6) 1, 2, 11 | FF000558 – FF000571 | G.   Form Distributor Agreement of Holsum Bakery, Inc. (1983) | 12/28/07 |
| FF 10, 30, 32, 33 30(b)(6) 1, 2, 11 | FF000475 – FF000488 | H.   11/10/88 Letter to Ken Clark of James Frick, enclosing letter of 11/9/88 from Steve Avera to James Fricke | 12/28/07 |
| FF 10, 30, 33 30(b)(6) 1, 2, 11 | FF000415 – FF000421 | I.   1986 Curtis Chapman Meeting Outline ("First Meeting – Management Personnel"); 1986 Curtis Chapman Meeting Outline ("Sales Personnel – Management Personnel"); 1986 Curtis Chapman Meeting Outline ("Flowers Program for Successful Independent Distributor") | 12/28/07 |
| FF 10, 30, 32-33 30(b)(6) 1, 2, 11 | FF000489 – FF000538 | J.   6/19/86 Letter from James London of Hansell & Post to the Internal Revenue Service (discusses reasons for conversion to independent distributors) | 12/28/07 |
| FF 10, 30 30(b)(6) 1, 2, 11 | FF000184 – FF000279 | K.   Thomasville 1994 Conversion File | 12/28/07 |
| FF 10, 30, 33 30(b)(6) 1, 2, 11 | FF000422 – FF000442 | L.   W. Va. Baking Co. v. Chauffeurs, Teamsters, Warehousemen & Helpers, Local Union No. 175, 299 N.L.R.B. 306 (1990), aff'd, No. 90-1465, 1991 U.S. App. LEXIS 8582 (D.C. Cir. Apr. 30, 1991) | 12/28/07 |
| FF 10, 30 30(b)(6) 1, 2, 11 | FF000461 – FF000474 | M.   Holsum Bakery, Inc. Distributor Agreement (1983) | 12/28/07 |
| FF 10, 30 30(b)(6) 1, 2, 11 | FF000443 – FF000460 | N.   TastyKake, Inc. Distributor's Agreement (1987) | 12/28/07 |

6242212_1

11

| Resp to RFP # | Total Range | Description of Document/File | Date Produced |
|---|---|---|---|
| FBT 3, 5, 10, 16, 30; FF 30(b)(6) 1-2, 11 | FBT000669 – FBT000671 | O.   Checklist for Potential Distributors (9/14/94) | 1/11/08 |
| FBT 3, 5, 10, 30; FF 30(b)(6) 1-2, 11 | FBT000485 – FBT000500 | P.   Distributor Program Index and Info | 1/11/08 |
| | | **XIV.   NATIONAL ACCOUNTS** | |
| FBO 26, 38, 39 30(b)(6) 6 | FBO003262 – FBO003281 | A.   Wal-Mart Pricing E-mail examples 8/07 & 10/07 | 12/28/07 |
| FBO 38, 39 30(b)(6) 6 | FBO003247 – FBO003261 | B.   National Account e-mail examples 8/07 – 10/07 | 12/28/07 |
| FBO 38, 39 30(b)(6) 6 | FBO003282 – FBO003287 | C.   6/07 Winn Dixie Pricing Example | 12/28/07 |
| FBT 37 | FBT000605 – FBT000613 | D.   Mickey's "Weekly Feature" folder | 1/11/08 |
| | FF002758 – FF002760 | E.   Representative Foodservice Pricing Information (Chick-Fil-A; Hardee's and Hooter's only) | 1/24/08 |
| | | **XV.   OUT-OF-STATE PRODUCTS** | |
| FBO 3,7, 21, 28, 30, 36 | FBO005137 – FBO005142 | A.   Charles Morrow | 12/28/07 |
| FBO 3,7, 21, 28, 30, 36 | FBO005143 – FBO005146 | B.   Michael Overton | 12/28/07 |
| | FBO005136 – FBO005136 | C.   James M. Smith | 12/28/07 |
| FBO 3,7, 21, 28, 30, 36 | FBO005147 – FBO005164 | D.   Dwayne Cleveland | 12/28/07 |
| FBO 3,7, 21, 28, 30, 36 | FBO005165 – FBO005174 | E.   Michael Smith | 12/28/07 |
| FBO 3,7, 21, 28, 30, 36 | FBO005175 – FBO005189 | F.   Mark Murphy | 12/28/07 |
| FBO 3,7, 21, 28, 30, 36 | FBO005190 – FBO005213 | G.   Doug Branch | 12/28/07 |
| FBO 3,7, 21, 28, 30, 36 | FBO005214 – FBO005235 | H.   Lew Baxter | 12/28/07 |
| FBO 3,7, 21, 28, 30, 36 | FBO005236 – FBO005240 | I.   Ricky Small | 12/28/07 |
| FBO 3,7, 21, 28, 30, 36 | FBO004251 – FBO005245 | J.   Melvin Snow | 12/28/07 |
| FBO 3,7, 21, | FBO005246 – | K.   Greg Patisaul | 12/28/07 |

| Resp to RFP # | Total Range | Description of Document/File | Date Produced |
|---|---|---|---|
| 28, 30, 36 | FBO005250 | | |
| FBT 3, 7, 21, 28, 30; FF 21, 28, 30 | FBT000672 — FBT000683 | L.  Gary Chambliss | 1/11/08 |
| | | **XVI.   MISCELLANEOUS DISTRIBUTOR CORRESPONDENCE AND DOCUMENTS** | |
| | | A.  Opelika | |
| FBO 3, 21, 30 | FBO003371 | 1.  Newsletter Article re: sales efforts of Morrow | 12/28/07 |
| FBO 3 | FBO003372 — FBO003389 | 2.  Sample paper adds and cuts | 12/28/07 |
| FBO 3, 5 | FBO003410 | 3.  8/27/04 Memo from Steve Bordeaux re: Prospective Distributor in training rate of pay | 12/28/07 |
| FBO 3 | FBO003411 | 4.  Let's Talk Distributor Meetings 2005 | 12/28/07 |
| FBO 3 | FBO003412 | 5.  New Procedures for Adds and Cuts (10/9) | 12/28/07 |
| FBO 3, 15 30(b)(6) 8 | FBO003390 — FBO003409 | 6.  Data Discovery Order Forecasting Intro and Review Presentation 6/15/05 | 12/28/07 |
| FBO 3, 5 30(b)(6) 5, 8 | FBO003413 — FBO003547 | 7.  Optional Distributor Benefit Plans (Opelika) | 12/28/07 |
| FBO 3, 21, 30 | FBO003319 — FBO003330 | 8.  Distributor promotions/contests 05/07 | 12/28/07 |
| FBO 3, 21, 30 | FBO003295 — FBO003318 | 9.  2005/2006 Roman Meal, Nature's Own, Wal-Mart Contests, 2003 Nature's Own Contest, 2001/2000 Bread Promotions | 12/28/07 |
| FBO 3, 5 | FBO003548 — FBO003552 | 10. Poster and Pamphlet re: benefits information | 12/28/07 |
| FBO 3 | FBO003331 — FBO003336 | 11. Let's Talk agenda and notes from Bordeaux files 2000-2003, 2005 | 12/28/07 |
| FBO 1,3, 5 | FBO003553 — FBO003554 | 12. 1999-2004 memos re extra person and prospective distributor pay | 12/28/07 |
| FBO 3, 5 | FBO003576 — FBO003581 | 13. Miscellaneous memos Lord and Bordeaux to Independent Distributors 2005-2007 | 12/28/07 |
| FBO 3 | FBO003574 — FBO003575 | 14. Order & Adds Cut Schedule posted in warehouses | 12/28/07 |
| FBO 3 ,5 30(b)(6) 5, 8 | FBO003337 — FBO003370 | 15. Hartford Disability enrollment form and brochure and other miscellaneous Info DA now ID | 12/28/07 |
| FBO 3 | FBO003573 | 16. Truck maintenance reminder poster | 12/28/07 |
| FBO 3, 4, 10, 13, 16, 17 30(b)(6) 1-2, 11 | FBO003582 — FBO004114 | 17. Old Pro Formas, Territory Descriptions, Maps, Accounting Listing | 12/28/07 |

6242212_1

| Resp to RFP # | Total Range | Description of Document/File | Date Produced |
|---|---|---|---|
| FBO 3, 5 30(b)(6) 6 | FBO003291 – FBO003293 | 18. 12/06 Publix Guidelines – Identification and Dress Code | 12/28/07 |
| FBO 3,5 30(b)(6) 4, 9, 10 | FBO003294 | 19. 02/08/07 Parmer Lord e-mail on subsidy issue | 12/28/07 |
| FBO 3, 5 | FBO003288 | 20. 9/18/02 Bordeaux memo to Independent Distributors re: Daily Fee to Operate Territory | 12/28/07 |
| FBO 9 | FBO003289 | 21. Extra Salesperson Job Description | 12/28/07 |
| | FF002815 – FF002826 | 22. Balance Sheet and Income Statement for Flowers Baking Co. of Opelika, LLC (2007) | 1/30/08 |
| | FBO006226 - FBO006242 | 23. Miscellaneous Correspondence with IRS related to Doug Branch and Ricky Small | 3/27/08 |
| | FBO006222 | 24. Warehouse Information for Plaintiffs | 3/27/08 |
| | | B.    Thomasville | |
| FBT 3, 21, 30 | FBT000345 – FBT000478 | 1.   Miscellaneous Contest Information | 12/28/07 |
| FBT 30 | FBT000684 – FBT000700 | 2.   Mickey's "Holiday Ordering" folder | 1/11/08 |
| FBT 3 | FBT000479 – FBT000484 | 3.   Mickey's "Big Week" folder | 1/11/08 |
| FBT 3, 21, 30 | FBT000701 – FBT000733 | 4.   Mickey's "Contest" Information | 1/11/08 |
| FBT 3, 5, 10, 16, 17, 19, 29, 30; FF 30(b)(6) 1-3, 5, 7-11 | FBT000614 – FBT000668 | 5.   Mickey's "Distributors" Folder | 1/11/08 |
| | FF002803 – FF002814 | 6.       Balance Statement and Income Statement for Flowers Baking Co. of Thomasville, LLC (2007) | 1/30/08 |
| | FBT001324 - FBT001375 | 7.       *Quarles, et al. v. Flowers Foods, Inc., et al.* – FB/Miami's Motion for Partial Summary Judgment; Joint Motion for Approval of Plaintiffs' FLSA Claims Pursuant to Stipulated Consent Judgment; Joint Memo in Support of Joint Motion for Court Approval of Plaintiffs' FLSA Claims Pursuant to Stipulated Consent Judgment; Order (1) Granting Joint Motion for Approval of Dismissal with Prejudice of Plaintiffs' Claims, (2) Providing Notice of Court Practice Upon Settlement, and (3) Closing Case; Joint Stipulation of Dismissal; with Prejudice; Final Order of Dismissal with | 3/27/08 |

| Resp to RFP # | Total Range | Description of Document/File | Date Produced |
|---|---|---|---|
| | | Prejudice | |
| | FBT001323 | 8. Warehouse Info for Chambliss | 3/27/08 |
| | | C. Flowers Foods | |
| | FF002758a – FF002802 | 1. Consolidated Financial Statements of Flowers Foods, Inc. and its Subsidiaries 2006 Annual Report (pages F-1 – F-44 & Schedule II) | 1/30/08 |
| | FF002827 – FF002843 | 2. Sample Payment Report reflecting allocation of Wal-Mart payment by subsidiary | 1/30/08 |
| | FF002844 – FF002853 | 3. Annotated Weekly Settlement Statement and Backup Pay-By-Scan Documents | 1/30/08 |
| | FF002942 – FF002993 | 4. *Quarles, et al. v. Flowers Foods, Inc., et al.* – FB/Miami's Motion for Partial Summary Judgment; Joint Motion for Approval of Plaintiffs' FLSA Claims Pursuant to Stipulated Consent Judgment; Joint Memo in Support of Joint Motion for Court Approval of Plaintiffs' FLSA Claims Pursuant to Stipulated Consent Judgment; Order (1) Granting Joint Motion for Approval of Dismissal with Prejudice of Plaintiffs' Claims, (2) Providing Notice of Court Practice Upon Settlement, and (3) Closing Case; Joint Stipulation of Dismissal; with Prejudice; Final Order of Dismissal with Prejudice | 3/27/08 |
| | FF000759 – FF002030 | XVII. Chuck Rich Electronic Files (for detailed log, see doc #5410096) | 1/11/08 |
| | FF002626 – FF002757 | XVIII. Wayne Parmer Electronic Files (see separate logs for detailed contents of Opelika – Doc#5431972); Thomasville – Doc#5431570) | 1/24/08 |
| | | XIX. DOCUMENTS RECEIVED FROM NON-PARTY SUBPOENA | |
| | FBO006902 – FBO006985 FBO006528 – FBO006544 | A. Charles Morrow 1. Frank Jones, CPA 2. Capitol Chevrolet | 4/9/2008 |
| | FBO006789 – FBO006859 | B. Michael Overton 1. Five Star Foods | 4/9/2008 |
| | FBO006705 – FBO006757 FBO006243 – | C. James M. Smith 1. Wal-Mart | 4/9/2008 |

| Resp to RFP # | Total Range | Description of Document/File | Date Produced |
|---|---|---|---|
| | FBO006264 | 2.      Security Pest Control | |
| | FBO006758  -<br>FBO006760 | 3.      Town of Wadley | |
| | FBO006998  -<br>FBO006704 | 4.      Superior Pest | |
| | FBO006761  -<br>FBO006763 | 5.      Comunicom | |
| | | D.    Dwayne Cleveland | 4/9/2008 |
| | FBO006986  -<br>FBO007098 | 1.      Frank Jones, CPA | |
| | FBO006545  -<br>FBO006997 | 2.      McConnell Honda | |
| | | E.    Michael Smith | 4/9/2008 |
| | FBO006764  -<br>FBO006785 | 1.      Bentler Automotive | |
| | FBO006265  -<br>FBO006483 | 2.      A Walton, CPA | |
| | FBO006786  -<br>FBO006788 | 3.      Russell Corporation | |
| | FBO007099  -<br>FBO007192 | F.    Lew Baxter<br>1.      Frank Jones, CPA | 4/9/2008 |
| | | 1.      Ricky Small | 4/9/2008 |
| | FBO006860  -<br>FBO006883 | 4.      BE&K Construction | |
| | FBO006884  -<br>FBO006885 | 5.      Wal-Mart | |
| | FBO007193  —<br>FBO007223 | I.    Melvin Snow<br>1.      Frank Jones, CPA | 4/9/2008 |
| | FBO006886  —<br>FBO006901 | 2.      Phillies Cigar | |
| | | I.    Gary Chambliss | 4/9/2008 |
| | FBT001376 | 1.    McKee Foods | |
| | FBT001377  —<br>FBT001888 | 2.    Lanigan & Associates Tax Records | |

6242212.1 (OGLETREE)

6242212_1

16

**Ogletree Deakins**

Kevin P. Hishta
404.870.1733
*Kevin.Hishta@OgletreeDeakins.com*

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

2100 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308
Telephone: 404.881.1300
Facsimile:  404.870.1732
www.ogletreedeakins.com

December 28, 2007

Joseph P. Guglielmo
Whatley Drake & Kallas LLC
1540 Broadway, 37th Floor
New York, New York 10036

> RE:   *Morrow, et al. v. Flowers Foods, Inc. et al.*
> United States District Court, Middle District of Alabama
> Civil Action No.: 3:07-cv-00617-MHT

Dear Joe:

Enclosed are the following documents we are producing today that are responsive to the Fed.R.Civ.P. Rule 30(b)(6) document request:

1.      Flowers Foods' Production:  All non-privileged documents concerning Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers/Opelika and Flowers/Thomasville.

Response:  See responsive documents contained in Managing Your Business Through Independent Distributors (updated June 2002) (Bates Range FF000300-FF000314); 9/26/07 Managing Your Business Through Independent Distributors (Bates Range FBO005780-FBO005817); sample Opelika distributor proforma (Bates Range FBO003116-FBO003182); Chuck Rich Opelika file (Bates Range FF000572-FF000640); Curtis Chapman to Flowers Baking Company of Opelika sales managers regarding independent distributor basics (Bates Range FBO003190-FBO003219); miscellaneous documents from 1994 Karyl Lauder Partners in Progress Notebook (Bates Range FBO003220-FBO003246); route to distributor proforma preliminary 5/27/94 (Bates Range FBO003555-FBO003572); 1/4/52 letter from Robert C. Fanelli to Commissioner of Internal Revenue (Bates Range FF000539-FF000542); 4/17/85 letter from John Anderson to John Turner enclosing form distributor agreement (Bates

Atlanta, GA • Austin, TX • Birmingham, AL • Charleston, SC • Charlotte, NC • Chicago, IL • Cleveland, OH • Columbia, SC • Dallas, TX • Greensboro, NC • Greenville, SC • Houston, TX • Indianapolis, IN • Kansas City, MO Los Angeles, CA • Miami, FL • Morristown, NJ • Nashville, TN • Philadelphia, PA • Phoenix, AZ • Pittsburgh, PA • Raleigh, NC • St. Thomas, VI • San Antonio, TX • Tampa, FL • Torrance, CA • Tucson, AZ • Washington, DC

Joseph P. Guglielmo
December 28, 2007
Page 2

Range FF000543-FF000557); form distributor agreement of Holsum Bakery, Inc.
1983 (Bates Range FF000558-FF000571); 11/10/88 letter to Ken Clark enclosing
11/9/88 letter from Steve Avera to James Fricke (Bates Range FF000475-
FF000488); 1986 Curtis Chapman meeting outline (first meeting – management
personnel; sales personnel-management personnel; and Flowers Program for
Successful Independent Distributors) (Bates Range FF000415-FF000421);
6/19/86 letter from James Landon to the IRS (Bates Range FF000489-
FF000538); Thomasville 1994 conversion file – Chuck Rich (Bates Range
FF000184-FF000279); <u>West Virginia Baking Company</u>, 299 N.L.R.B. 306 (1990)
(affirmed) 1991 U.S. App. Lexis 8582 (D.C. Cir. 1991) (Bates Range FF000422-
FF000442); Holsum Bakery, Inc. Distributor Agreement 1983 (Bates Range
FF000461-FF000474); Tasty Kake, Inc. Distributors Agreement 1987 (Bates
Range FF000443-FF000460); old proformas, territory descriptions, maps, and
accounting listing (Bates Range FBO003582-FBO004114); form agreements
(Bates Range FBO003018-FBO003108).

    2.    <u>Flowers Foods' Production</u>:  All non-privileged documents
concerning Flowers Foods' (then Flowers Industries, Inc.) involvement in the
development of the independent distributor business model for use by certain of
its subsidiaries, including the reasons for converting from employee route
salespersons to this business model, and Flowers Foods' involvement in the
actual conversion of employee route salespersons to independent contractors at
Flowers/Opelika and Flowers/Thomasville.

    <u>Response</u>:  See responsive documents contained in Managing Your
Business Through Independent Distributors (updated June 2002) (Bates Range
FF000300-FF000314); 9/26/07 Managing Your Business Through Independent
Distributors (Bates Range FBO005780-FBO005817); sample Opelika distributor
proforma (Bates Range FBO003116-FBO003182); Chuck Rich Opelika file
(Bates Range FF000572-FF000640); Curtis Chapman to Flowers Baking
Company of Opelika sales managers regarding independent distributor basics
(Bates Range FBO003190-FBO003219); miscellaneous documents from 1994
Karyl Lauder Partners in Progress Notebook (Bates Range FBO003220-
FBO003246); route to distributor proforma preliminary 5/27/94 (Bates Range
FBO003555-FBO003572); 1/4/52 letter from Robert C. Fanelli to Commission of
Internal Revenue (Bates Range FF000539-FF000542); 4/17/85 letter from John
Anderson to John Turner enclosing form distributor agreement (Bates Range
FF000543-FF000557); form distributor agreement of Holsum Bakery, Inc. 1983
(Bates Range FF000558-FF000571); 11/10/88 letter to Ken Clark enclosing
11/9/88 letter from Steve Avera to James Fricke (Bates Range FF000475-
FF000488); 1986 Curtis Chapman meeting outline (first meeting – management
personnel; sales personnel-management personnel; and Flowers Program for
Successful Independent Distributors) (Bates Range FF000415-FF000421);
6/19/86 letter from James Landon to the IRS (Bates Range FF000489-
FF000538); Thomasville 1994 conversion file – Chuck Rich (Bates Range

Joseph P. Guglielmo
December 28, 2007
Page 3

FF000184-FF000279); West Virginia Baking Company, 299 N.L.R.B. 306 (1990) (affirmed) 1991 U.S. App. Lexis 8582 (D.C. Cir. 1991) (Bates Range FF000422-FF000442); Holsum Bakery, Inc. Distributor Agreement 1983 (Bates Range FF000461-FF000474); Tasty Kake, Inc. Distributors Agreement 1987 (Bates Range FF000443-FF000460); old proformas, territory descriptions, maps, and accounting listing (Bates Range FBO003582-FBO004114); form agreements (Bates Range FBO003018-FBO003108).

　　　3.　　Flowers Foods' Production:　All non-privileged documents concerning Flowers Foods' involvement in decisions made by Flowers/Opelika and Flowers/Thomasville to engage or utilize independent distributors or employee route salespersons, including any guidelines, policies, or other such parameters that might affect Flowers/Opelika's and Flowers/Thomasville's decision making from July 2, 2004 to date.

　　　Response:　See responsive documents contained in recruiting/training/retention presentation May 2006 (Bates Range FF000332-FF000379); Managing Your Business Through Independent Distributors (updated June 2002) (Bates Range FF000300-FF000314); 5/2006 Wayne Parmer recruiting/training/retention presentation (Bates Range FF000332-FF000379); 9/26/07 Managing Your Business Through Independent Distributors (Bates Range FBO005780-FBO005817; Distributor Coordinator Manual (Opelika March 2006) (Bates Range FBO004837-FBO005044).

　　　4.　　Flowers Foods' Production:　Copies of any form agreements between Flowers/Opelika and its independent distributors and Flowers/Thomasville and its independent distributors from July 2, 2004 to date.

　　　Response:　See responsive documents contained in Distributor Coordinator Manual (Opelika March 2006) (Bates Range FBO004837-FBO005044).　Also see responsive documents in the response to Request No. 10 below.

　　　5.　　Flowers Foods' Production:　Non-privileged documents concerning policies, procedures and guidelines developed for Flowers/Opelika's and Flowers/Thomasville's use in retaining independent distributors from July 2, 2004 to date.

　　　Response:　See responsive documents contained in recruiting/training/retention presentation (May 2006) (Bates Range FF000332-FF000379); Managing Your Business Through Independent Distributors (updated June 2002) (Bates Range FF000300-FF000314); 5/2006 Wayne Parmer recruiting/training/retention presentation (Bates Range FBO005733-FBO005779); 9/26/07 Managing Your Business Through Independent Distributors (Bates Range FBO005780-FBO005817); Distributor Coordinator

Joseph P. Guglielmo
December 28, 2007
Page 4

Manual (Opelika March 2006) (Bates Range FBO004837-FBO005044); optional distributor benefit plans (Opelika) (Bates Range FBO003413-FBO003547); Hartford disability brochure (Bates Range FBO00337-FBO003370); Independent Distributor Development Program (Bates Range FBO005613-FBO005715); Flowers Bakeries, Inc. Independent Distributor Development Program (Bates Range FBO005475-FBO005553); September 2000 Current and Prospective Independent Distributor Field Orientation Manual (Bates Range FBO005440-FBO005474); Flowers Foods Bakeries Group - Build Your Own Business Manual (Bates Range FBO005716-FBO005717); September 2000 Prospective Distributor Field Orientation Manual (Bates Range FBT000247-FBT000281); FBC of Thomasville Independent Distributor Program (Bates Range FBT000282-FBT000344); September 2000 Prospective Distributor Field Orientation Manual (Bates Range FF000380-FF000414); Distributor Program Slides August 2006 (Bates Range FF000280-FF000299); Understanding Distributor Statement Presentation (Bates Range FF000315-FF000331); Independent Distributor Development Program (Bates Range FF000666-FF000752).

6.    Flowers Foods Production:  Representative non-privileged documents concerning Flowers Foods' involvement in national accounts serviced by Plaintiffs from July 2, 2004 to date.

Response:  See responsive documents contained in Scan Based Trading Agreement with Winn-Dixie (Bates Range FF000650-FF000665); Wal-Mart pricing e-mail examples August and October 2007 (Bates Range FBO003262-FBO003281); National account e-mail examples August 2007-October 2007 (Bates Range FBO003247-FBO003261); June 2007 Winn-Dixie pricing example (Bates Range FBO003282-FBO003287); December 2006 Publix guidelines (Bates Range FBO003291-FBO003293).

7.    Flowers Foods' Production:  Representative non-privileged documents describing the responsibility of loss by Flowers Foods for any products sold by Flowers/Opelika and Flowers/Thomasville independent distributors from July 2, 2004 to date.

Response:  None at this time.  This response will be supplemented once representative responsive documents have been compiled.

8.    Flowers Foods' Production:  Any non-privileged documents concerning Flowers Foods' involvement in the engagement or termination of independent distributors by Flowers/Opelika and Flowers/Thomasville from July 2, 2004 to date and representative documents concerning the accounting methodology utilized by Flowers/Opelika and Flowers/Thomasville for distributor accounting from July 2, 2004 to date.

Joseph P. Guglielmo
December 28, 2007
Page 5

Response:  See responsive documents contained in Handheld 3 distributor training class presentation (effective 6/13/07) (Bates Range FF000001-FF000183); Handheld 3 Distributor Training Class Presentation (Bates Range FBO005262-FBO005439); HHCII Materials (9/23/96) (Bates Range FBO005045-FBO005129)[1]; Understanding Distributor Statement Presentation (Bates Range FF000315-FF000331); Chuck Rich memo to Adkins and others re: SAP distributor explanation (5/7/01) (Bates Range FBO005729-FBO005732); Distributor Coordinator Manual (Opelika March 2006) (Bates Range FBO004837-FBO005044); data discovery order forecasting Intro and review presentation 6/15/05 (Bates Range FBO003390-FBO003409); optional distributor benefit plans (Opelika) (Bates Range FBO003413-FBO003547); Hartford disability brochure (Bates Range FBO00337-FBO003370). Also see responsive documents in the response to Request Nos. 3 and 5 above.  This response will be supplemented with additional documents concerning the accounting methodology utilized by Flowers/Opelika and Flowers/Thomasville for distributor accounting from July 2, 2004 to date.

9.    Flowers Foods' Production:  Any non-privileged documents regarding Flowers Foods' involvement in the creation and implementation of any operating manuals and independent distributor agreements utilized by Flowers/Opelika and Flowers/Thomasville from July 2, 2004 to date.

Response:  See responsive documents contained in handheld 3 distributor training class presentation (effective 6/13/07) (Bates Range FF000001-FF000183); Handheld 3 Distributor Training Class Presentation (FBO005262-FBO005439); HHCII Materials (9/23/96) (Bates Range FBO005045-FBO005129)[2]; Chuck Rich memo to Adkins and others re: SAP distributor explanation (5/7/01) (Bates Range FBO005729-FBO005732); Distributor Coordinator Manual (Opelika March 2006) (Bates Range FBO004837-FBO005044); January 2007 subsidy guidelines and form letter (Bates Range FBO003188-FBO003189); 2/8/07 Parmer to Lord e-mail on subsidy issue (Bates Range FBO003294); Independent Distributor Development Program (Bates Range FBO0005613-FBO005715); Flowers Bakeries, Inc. Independent Distributor Development Program (Bates Range FBO005475-FBO005553); September 2000 Current and Prospective Independent Distributor Field Orientation Manual (Bates Range FBO005440-FBO005474); September 2000 Prospective Distributor Field Orientation Manual (Bates Range FBT000247-FBT000281); FBC of Thomasville Independent Distributor Program (Bates Range FBT000282-FBT000344); September 2000 Prospective Distributor Field Orientation Manual (Bates Range FF000380-FF000414); Distributor Program Slides August 2006 (Bates Range FF000280-FF000299); Understanding Distributor Statement Presentation (Bates Range FF000315-FF000331);

---

[1] This document is mislabeled.  It is produced by Flowers Foods.
[2] This document is mislabeled.  It is produced by Flowers Foods.

Joseph P. Guglielmo
December 28, 2007
Page 6

Independent Distributor Development Program (Bates Range FF000666-FF000752).

     10.   <u>Flowers Foods' Production</u>:  Copies of any form agreements and manuals utilized by Flowers/Opelika and Flowers/Thomasville with respect to independent distributors from July 2, 2004 to date.

     <u>Response</u>:  See responsive documents contained in Independent Distributor Development Program (Bates Range FBO005613-FBO005715); Flowers Bakeries, Inc. Independent Distributor Development Program (Bates Range FBO005475-FBO005553); September 2000 Current and Prospective Independent Distributor Field Orientation Manual (Bates Range FBO005440-FBO005474); Flowers Foods Bakeries Group – Build Your Own Business Pamphlet (Bates Range FBO005716-FBO005717); September 2000 Prospective Distributor Field Orientation Manual (Bates Range FBT000247-FBT000281); FBC of Thomasville Independent Distributor Program (Bates Range FBT000282-FBT000344); September 2000 Prospective Distributor Field Orientation Manual (Bates Range FF000380-FF000414); Distributor Program Slides 8/06 (Bates Range FF000280-FF000299); Understanding Distributor Statement Presentation (Bates Range FF000315-FF000331); Independent Distributor Development Program (Bates Range FF000666-FF000752); Chuck Rich memo to Adkins and others re: SAP distributor explanation (5/7/01) (Bates Range FBO005729-FBO005732); Distributor Coordinator Manual (Opelika March 2006) (Bates Range FBO004837-FBO005044); weekly settlement statements with PBS and non-PBS (Bates Range FBO003183-FBO003186); January 2007 subsidy guidelines and form letter (Bates Range FBO003188-FBO003189); Flowers Baking Company of Opelika Distributor checklist (Bates Range FBO003109-FBO003115); 2/8/07 Parmer to Lord e-mail on subsidy issue (Bates Range FBO003294).

     11.   <u>Flowers Foods' Production</u>:  All non-privileged documents concerning Flowers Foods' (then Flowers Industries, Inc.) involvement in the development of the independent distributor business model for use by certain of its subsidiaries, including the reasons for converting from employee route salespersons to this business model, and Flowers Foods' involvement in the actual conversion of employee route salespersons to independent contractors at Flowers/Opelika and Flowers/Thomasville.

     <u>Response</u>:  See responsive documents contained in Managing Your Business Through Independent Distributors (updated June 2002) (Bates Range FF000300-FF000314); 9/26/07 Managing Your Business Through Independent Distributors (Bates Range FBO005780-FBO005817; sample Opelika distributor proforma (Bates Range FBO003116-FBO003182); Chuck Rich Opelika file (Bates Range FF000572-FF000640); Curtis Chapman to Flowers Baking Company of Opelika sales managers regarding independent distributor basics

Joseph P. Guglielmo
December 28, 2007
Page 7

(Bates Range FBO003190-FBO003219); miscellaneous documents from 1994
Karyl Lauder Partners in Progress Notebook (Bates Range FBO003220-
FBO003246); route to distributor proforma preliminary 5/27/94 (Bates Range
FBO003555-FBO003572); 1/4/52 letter from Robert C. Fanelli to Commission of
Internal Revenue (Bates Range FF000539-FF000542); 4/17/85 letter from John
Anderson to John Turner enclosing form distributor agreement (Bates Range
FF000543-FF000557); form distributor agreement of Holsum Bakery, Inc. 1983
(Bates Range FF000558-FF000571); 11/10/88 letter to Ken Clark enclosing
11/9/88 letter from Steve Avera to James Fricke (Bates Range FF000475-
FF000488); 1986 Curtis Chapman meeting outline (first meeting – management
personnel; sales personnel-management personnel; and Flowers Program for
Successful Independent Distributors) (Bates Range FF000415-FF000421);
6/19/86 letter from James Landon to the IRS (Bates Range FF000489-
FF000538); Thomasville 1994 conversion file – Chuck Rich (Bates Range
FF000184-FF000279); West Virginia Baking Company, 299 N.L.R.B. 306 (1990)
(affirmed) 1991 U.S. App. Lexis 8582 (D.C. Cir. 1991) (Bates Range FF000422-
FF000442); Holsum Bakery, Inc. Distributor Agreement 1983 (Bates Range
FF000461-FF000474); Tasty Kake, Inc. Distributors Agreement 1987 (Bates
Range FF000443-FF000460); old proformas, territory descriptions, maps, and
accounting listing (Bates Range FBO003582-FBO004114); form agreements
(Bates Range FBO003018-FBO003108).

Sincerely,

Kevin P. Hishta

KPH:wf

5405756.1 (OGLETREE)

# Ogletree Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

Bank of America Plaza
600 Peachtree Street, NE, Suite 2100
Atlanta, GA 30308
Telephone: 404.881.1300
Facsimile: 404.870.1732
www.ogletreedeakins.com

Kevin P. Hishta
Direct Dial: 404.881.1733
E-mail: Kevin.Hishta@ogletreedeakins.com

January 11, 2008

Via Electronic Mail and Federal Express
Joseph P. Guglielmo
Whatley Drake & Kallas LLC
1540 Broadway, 37th Floor
New York, New York 10036

Re:     Charles Morrow, *et al.* v. Flowers Foods, Inc., *et al.*
        Civil Action No. 3:07-cv-00617-MHT

Dear Joe:

Enclosed please find a disk and a list of exhibits describing the documents contained on the disk which supplements Flowers Foods, Inc.'s and Flowers Baking Co. of Thomasville, LLC's Responses to Plaintiffs' First Request for Production of Documents. Should you have any questions on the enclosed, please feel free to give me a call.

Very truly yours,

Kevin P. Hishta
KPH:mr
Encls.

cc (w/o disk): Am y Weaver
                Joe R. Whatley, Jr.
                Greg L. Davis
                E. Kirk Wood

**EXHIBIT A – Chuck Rich, Vice President of Distributor Operations, Flowers Foods Bakeries Group, LLC**

**Electronic Documents (Non-E-mail)**

| Description | Bates Range | RFP/30(b)(6) Number |
|---|---|---|
| Breach letter to Marshal Wilkes re 1.2.06 vulgar comments made to Joe Williams from Michael Lord | FF000759 | FF 30(b)(6) 5, 9 |
| Breach letter to Curtis Sears re termination of Distributor Agreement for failure of performance from Michael Lord | FF000760 - FF000761 | FF 30(b)(6) 8 |
| Breach letter to Curtis Sears that Distributor Agreement will be terminated effective 7/7/07 from 5/10/07 curable breach for out of code product from Michael Lord | FF000762 - FF000763 | FF 30(b)(6) 8 |
| Table of contents (for Distributor Documents) | FF000764 - FF000765 | FF 30(b)(6) 3, 5, 8-10 |
| Distributor Agreement | FF000766 - FF000790 | FF 30(b)(6) 3, 4, 8-10 |
| Flowers Finance Loan Documents | FF000791 - FF000796 | FF 30(b)(6) 3, 4, 8-10 |
| Repurchase of Certain Trademarks form | FF000797 - FF000799 | FF 30(b)(6) 3, 4, 8-10 |
| Sale of Certain Trademarks form | FF000800 - FF000802 | FF 30(b)(6) 3, 4, 8-10 |
| Consent to Distributor's Incorporation Form | FF000803 - FF000804 | FF 30(b)(6) 3, 4, 8-10 |
| Buyback of Distributorship | FF000805 - FF000808 | FF 30(b)(6) 3, 4, 8-10 |
| Documents for Distributor Purchasing Additional Territory | FF000809 - FF000812 | FF 30(b)(6) 3, 4, 8-10 |
| Documents for Distributor Selling Off Partial Territory | FF000813 - FF000818 | FF 30(b)(6) 3, 8-10 |
| Power of Attorney for Truck and UCC's | FF000819 - FF000820 | FF 30(b)(6) 3, 4, 8-10 |
| Temporary Authorization to Use Trademark(s) | FF000821 - FF000822 | FF 30(b)(6) 3, 4, 8-10 |
| Direct Sale of Distributorship between Old/New Distributor | FF000823 - FF000828 | FF 30(b)(6) 3, 4, 8-10 |
| Buyback of Distributorship/Bankruptcy Situation | FF000829 - FF000833 | FF 30(b)(6) 3, 4, 8-10 |
| CPA Disclosure Form | FF000834 | FF 30(b)(6) 3, 4, 8-10 |
| Consent to Obtain FICA refund | FF000835 | FF 30(b)(6) 3, 4, 8-10 |
| Vehicle Rental Agreement | FF000836 | FF 30(b)(6) 3, 4, 8-10 |

| Description | Bates Range | RFP/30(b)(6) Number |
|---|---|---|
| Intent to Terminate Distributor's Agreement (form letter) | FF000837 | FF 30(b)(6) 3, 4, 8-10 |
| Authorization to Operate Delivery Vehicle | FF000838 | FF 30(b)(6) 3, 4, 8-10 |
| Procedures and Documents for Transfer (not Sale) of Distributorship | FF000839 - FF000843 | FF 30(b)(6) 3, 4, 8-10 |
| Checklist for New Distributors | FF000844 | FF 30(b)(6) 3, 5, 8-10 |
| Loan Amortization Schedule (2/3/07) | FF000845 - FF000855 | FF 30(b)(6) 3, 4, 8-10 |
| Master Merge File (Distributor Agreement and related documents) | FF000856 - FF000890 | FF 30(b)(6) 3-5, 8-10 |
| Certificate Regarding Payment of Loan in Full of Loan Redline document | FF000891 | FF 30(b)(6) 4, 5, 8-10 |
| Direct Sale of Distributorship between Old/New Distributor(includes assignment and Assumption Agreement and Ex. 1 and Company Approval of Assignment and General Release) | FF000892 - FF000897 | FF 30(b)(6) 3, 4, 8-10 |
| Direct Sale of Distributorship between Old/New Distributor (includes assignment and Assumption Agreement and Ex. 1 and Company Approval of Assignment and General Release) | FF000898 - FF000904 | FF 30(b)(6) 3, 4, 8-10 |
| Bank of America Credit Application (2006) | FF000905 | FF 30(b)(6) 3, 8 |
| Bank of America Credit Application (2006) | FF000906 | FF 30(b)(6) 3, 8 |
| Bank of America Credit Application (2006) | FF000907 - FF000908 | FF 30(b)(6) 3, 8 |
| Application for Distributor Loan (2006) | FF000909 | FF 30(b)(6) 3, 8 |
| Bank of America Documentation Request (2006) | FF000910 | FF 30(b)(6) 3, 8 |
| Bank of America Credit Application and Documentation Request (2006) | FF000911 | FF 30(b)(6) 3, 8 |
| Checklist for New Distributors (2006) | FF000912 | FF 30(b)(6) 3, 8 |
| Checklist for New Distributors (2006) | FF000913 | FF 30(b)(6) 3, 8 |
| Distributor Coordinator Manual Cover Sheets (Flowers/Thomasville and Flowers/Opelika) | FF000914 - FF000915 | FF 30(b)(6) 3,8 |
| Uniform Franchise Offering Circular (UFOC) (2006) | FF000916 | FF 30(b)(6) 3, 8 |

| Description | Bates Range | RFP/30(b)(6) Number |
|---|---|---|
| Independent Distributor Application (2006) | FF000917 - FF000919 | FF 30(b)(6) 3, 8 |
| Distributor Direct Deposit Enrollment Form (2006) | FF000920 | FF 30(b)(6) 4-5, 9-10 |
| DOT# Decal Order | FF000921 | FF 30(b)(6) 5, 9 |
| Independent Distributor Questionnaire | FF000922 | FF 30(b)(6) 5, 9 |
| Flowchart for Prospective Distributors | FF000923 - FF000924 | FF 30(b)(6) 3, 8-10 |
| Suggested Flowchart for Prospective Distributors | FF000925 - FF000927 | FF 30(b)(6) 3, 8-10 |
| Checklist for New Distributors | FF000928 | FF 30(b)(6) 3, 8-10 |
| Notes 2006, includes DSD or Tram Norris Allstate insurance information, Disability Insurance and Health Insurance, Business Opportunity Disclosure Documents, Flowers Finance Loan Procedures, Bank/Truck Leasing Company, Direct Pay Authorization, Statement of Revenue and Expenses, Intent to Terminate Distributor's Agreement, Buyback of Distributorship, Buyback of Distributorship - Flowers Finance Procedures, Statement of Revenue and Expenses, Territory Partial – Distributor Selling Off Territory, Territory Partial – Distributor Purchasing Additional Territory, Sale of Certain Trademarks, Territory Partials –Flowers Finance Procedures, Final Repurchase Statement, Distributor Checklist | FF000929 - FF000946 | FF 30(b)(6) 3-5, 8-10 |
| Proforma cover letters (2006) (Thomasville, Opelika) | FF000947 – FF000948 | FF 30(b)(6) 3, 8 |
| Proforma 2006 | FF000949 – FF000964 | FF 30(b)(6) 3, 8 |
| Reference Check Questionnaire for Prospective Distributors | FF000965 | FF 30(b)(6) 3, 8 |
| Regions Bank Distributor Lease Application | FF000966 | FF 30(b)(6) 3, 8 |
| R. Steve Cox & Associates – Safeguard Check Order Form | FF000967 | FF 30(b)(6) 3, 8 |
| Synovus Application for Distributor Lease | FF000968 | FF 30(b)(6) 3, 8 |

| Description | Bates Range | RFP/30(b)(6) Number |
|---|---|---|
| Territory Tracker Form | FF00969 | FF 30(b)(6) 3, 5, 8 |
| Independent Distributor Program Allstate Business Package Policy, Business Auto Policy, Motor Club (FL/TX) | FF000970 | FF 30(b)(6) 5 |
| Independent Distributor Program Allstate Business Package Policy, Business Auto Policy, Motor Club | FF000971 | FF 30(b)(6) 5 |
| DSD Insurance Flowers Binder Request | FF000972 | FF 30(b)(6) 3, 5, 8 |
| DSD Insurance – Allstate Independent Distributor Insurance Program – Cancellation Request | FF000973 | FF 30(b)(6) 8 |
| DSD Insurance – Form letter re Allstate Insurance Commercial Plan Information | FF000974 | FF 30(b)(6) 3, 5, 8 |
| DSD Insurance – Change of Vehicle Request – Independent Distributor Insurance Program | FF000975 | FF 30(b)(6) 5, 8 |
| D&D Services – Authorization to Obtain Motor Vehicle Report | FF000976 | FF 30(b)(6) 3, 5, 8 |
| Bank of America Credit Application (2007) | FF000977 | FF 30(b)(6) 3, 8 |
| Bank of America Documentation Request (2007) | FF000978 | FF 30(b)(6) 3, 8 |
| Checklist for Territory Partials (2007) | FF000979 | FF 30(b)(6) 5, 8-10 |
| Independent Distributor Application (2007) | FF000980 - FF000982 | FF 30(b)(6) 3, 8 |
| Distributor Program Supplemental Information including cover sheet for Flowers/Thomasville and Flowers/Opelika (2007) | FF000983 - FF000989 | FF 30(b)(6) 3, 5, 8 |
| Distributor to Distributor Sale Form (2007) | FF000990 | FF 30(b)(6) 3-5, 8-10 |
| DSD Insurance – Flowers Binder Request (2007) | FF000991 | FF 30(b)(6) 3, 8 |
| DSD Insurance – Allstate Independent Distributor Insurance Program – Cancellation Request | FF000992 | FF 30(b)(6) 8 |
| Independent Distributor Program Allstate Business Package Policy, Business Auto Policy, Motor Club (FL/TX) (2007) | FF000993 | FF 30(b)(6) 3, 5, 8 |
| Independent Distributor Program Allstate Business Package Policy, Business Auto Policy, Motor Club | FF000994 | FF 30(b)(6) 3, 5, 8 |

| Description | Bates Range | RFP/30(b)(6) Number |
|---|---|---|
| DSD Insurance – Allstate Insurance Company - General Guidelines – non-CSRM, CSRM (2007) | FF000995 - FF000996 | FF 30(b)(6) 3, 5, 8 |
| D&D Services – Authorization to Obtain Motor Vehicle Report (2007) | FF000997 | FF 30(b)(6) 3, 8 |
| Note 2007, includes DSD or Tram Norris Allstate insurance information, Disability Insurance and Health Insurance information, Flowers Finance Loan Procedures, Bank/Truck Leasing Company, Direct Pay Authorization, Statement of Revenue and Expenses, Intent to Terminate Distributor's Agreement, Buyback of Distributorship, Buyback of Distributorship –Flowers Finance Procedures, Statement of Revenue and Expenses, Territory Partial – Distributor Selling Off Territory, Territory Partial – Distributor Purchasing Additional Territory, Territory Partial - Sale of Certain Trademarks, Territory Partial – Repurchase of Certain Trademarks, Territory Partials –Flowers Finance Procedures, Final Repurchase Statement, Distributor Checklist | FF000998 - FF001014 | FF 30(b)(6) 3-5, 8-10 |
| Regions Credit Application (2007) | FF001015 | FF 30(b)(6) 3, 8 |
| Regions Documentation Request (2007) | FF001016 | FF 30(b)(6) 3, 8 |
| R. Steve Cox & Associates – Safeguard Check Order Form (2007) | FF001017 | FF 30(b)(6) 3, 5, 8 |
| Analysis of UCC-1 Financing Statements (2007) | FF001018 | FF 30(b)(6) 3, 8 |
| Uniform Franchise Offering Circular (UFOC) (2007) | FF001019 | FF 30(b)(6) 3, 8 |
| Tram Norris Agency – Allstate Independent Distributor Insurance Program – Cancellation Request | FF001020 | FF 30(b)(6) 3, 8 |
| Checklist for New Distributors | FF001021 | FF 30(b)(6) 3, 5, 8-10 |
| Flowchart for Prospective Distributors | FF001022 - FF001023 | FF 30(b)(6) 3, 8-10 |

| Description | Bates Range | RFP/30(b)(6) Number |
|---|---|---|
| Checklist for New Distributors | FF001024 - FF001025 | FF 30(b)(6) 3, 5, 8-10 |
| Notes 2006 includes, DSD or Tram Norris Allstate insurance information, Disability Insurance and Health Insurance, Business Opportunity Disclosure Document, Flowers Finance Loan Procedures, Bank/Truck Leasing Company | FF001026 - FF001030 | FF 30(b)(6) 3-5, 8-10 |
| Addendum to Disclosure (as required by §559.805(2), F.S.) effective 7/1/99 | FF001031 | FF 30(b)(6) 3, 8 |
| Acknowledgment (with handwritten notes of Chuck Rich on how to complete form) | FF001032 | FF 30(b)(6) 3, 8 |
| Flowers Foods Bakeries Group, LLC and Subsidiaries 2004 Officers and Directors List | FF001033 - FF001034 | FF 30(b)(6) 3, 8 |
| Disclosure Form – Last 10 distributors from 2/19/04 | FF001035 | FF 30(b)(6) 3, 8 |
| Addendum to Distributor's Agreement for the State of Florida (agent for service of process is CT) | FF001036 | FF 30(b)(6) 3, 8 |
| Disclosures Required by Florida Law for Thomasville (2004) | FF001037 - FF001047 | FF 30(b)(6) 3, 8 |
| Flowers Foods Consolidated Statement of Income (for 52 week period ended 1/1/05 , 53 week period ended 1/3/04) | FF001048 | FF 30(b)(6) 3, 8 |
| Form – Acknowledgement provided copy of Disclosures | FF001049 | FF 30(b)(6) 3, 8 |
| Addendum to Distributor's Agreement for the State of Florida (2005) | FF001050 | FF 30(b)(6) 3, 8 |
| Disclosures Required by Florida Law for FB/Thomasville (2005) | FF001051 - FF001060 | FF 30(b)(6) 3, 8 |
| Travelers – Continuation Certificate Fidelity or Surety Bonds | FF001061 | FF 30(b)(6) 3, 8 |

| Description | Bates Range | RFP/30(b)(6) Number |
|---|---|---|
| Flowers Foods Consolidated Statement of Income (12 weeks ended 12/31/05, 12 weeks ended 1/1/05, 52 weeks ended 12/31/05, 52 weeks ended 1/1/05) Consolidated Balance Sheet as of 12/31/05, Consolidated Statement of Cash Flow 12 week ended 12/31/05, 52 weeks ended 12/31/05 | FF001062 - FF001064 | FF 30(b)(6) 3, 8 |
| Travelers – Continuation Certificate Fidelity or Surety Bonds | FF001065 | FF 30(b)(6) 3, 8 |
| Disclosures Required by Florida Law for FB/Thomasville (2006) | FF001066 - FF001075 | FF 30(b)(6) 3, 8 |
| Addendum to Distributor's Agreement for the State of Florida (2006) | FF001076 | FF 30(b)(6) 3, 8 |
| Acknowledgement form for Disclosure (Flowers/Thomasville) | FF001077 | FF 30(b)(6) 3, 8 |
| Form – Notice of Termination letter to Accordia and Cancellation Request form | FF001078 - FF001079 | FF 30(b)(6) 8 |
| Documents to give distributor rights to Artisan Mill including Amendment to Exhibit B and Addendum to Bill of Sale | FF001080 - FF001084 | FF 30(b)(6) 4-5, 9-10 |
| Addendum to Exhibit C – Authorized Products | FF001085 | FF 30(b)(6) 4-5, 9-10 |
| Letters re product discounts (2007) | FF001086 - FF001087 | FF 30(b)(6) 5, 9-10 |
| Letter re product discounts (2006) | FF001088 | FF 30(b)(6) 5, 9-10 |
| Bank of America Application for Distributor Loan | FF001089 | FF 30(b)(6) 3, 8 |
| Distributor Direct Deposit Enrollment Form | FF001090 | FF 30(b)(6) 3, 5, 8 |
| FB/Thomasville Distributor Program Supplemental Information with Current Account Listing; Truck Information; Disability Insurance Information; Health Insurance Information; Recommended Business Practices (2006) | FF001091 - FF001096 | FF 30(b)(6) 3, 5, 8 |
| Distributor to distributor sale | FF001097 | FF 30(b)(6) 4-5, 8 |
| Form memo to all distributors re Kroger Service Requirements | FF001098 | FF 30(b)(6) 5, 9-10 |

| Description | Bates Range | RFP/30(b)(6) Number |
|---|---|---|
| Flowers/Thomasville and Flowers/Opelika cover letters for proforma packet | FF001099 - FF001100 | FF 30(b)(6) 3, 8 |
| Proforma packet | FF001101 - FF001116 | FF 30(b)(6) 3, 8 |
| Addendum to assign/transfer/sell distribution rights | FF001117 | FF 30(b)(6) 3-5, 8-10 |
| Memo to ADP from Chuck Rich re: Independent Distributors and U/C Claims | FF001118 - FF001121 | FF 30(b)(6) 8 |
| Topics for CPA Conference call | FF001122 - FF001123 | FF 30(b)(6) 3, 5, 8 |
| AD&D/Disability Income Insurance Talking Points | FF001124 | FF 30(b)(6) 3, 5, 8 |
| Memo to Independent Distributors re Handheld III and Benefits/Advantages of Hand Held III | FF001125 - FF001128 | FF 30(b)(6) 5, 8 |
| Final Repurchase Statement | FF001129 | FF 30(b)(6) 8 |
| Kroger/Snack-A-Way Program Talking Points | FF001130 | FF 30(b)(6) 5-6, 9 |
| Memo to All Distributors re Trays | FF001131 | FF 30(b)(6) 5, 9 |
| Analysis of UCC-1 Financing Statements | FF001132 | FF 30(b)(6) 3, 5, 8 |
| Winn-Dixie Restructuring Talking Points | FF001133 - FF001134 | FF 30(b)(6) 5-6, 8 |
| Exhibits 1-10 for UFOC (Flowers/Opelika) | FF001135 - FF001155 | FF 30(b)(6) 3, 8 |
| UFOC (Flowers/Opelika) | FF001156 - FF001183 | FF 30(b)(6) 3, 8 |
| Exhibits 1-10 for UFOC (Flowers/Thomasville) | FF001184 - FF001205 | FF 30(b)(6) 3, 8 |
| UFOC (Flowers/Thomasville) | FF001206 - FF001233 | FF 30(b)(6) 3, 8 |
| Distributor Program Update presentation (August 2004) | FF001234 - FF001242 | FF 30(b)(6) 3, 5, 8-10 |
| Direct Pay Authorization Agreement | FF001243 | FF 30(b)(6) 3-5, 8-10 |
| Flowers Foods Bakeries Group Independent Distributor Program presentation | FF001244 - FF001302 | FF 30(b)(6) 3, 5, 8-10 |
| Flowers Baking Independent Distributor Program | FF001303 - FF001361 | FF 30(b)(6) 3, 5, 8-10 |
| Understanding Distributor Statements presentation | FF001362 - FF001378 | FF 30(b)(6) 5, 8-10 |
| Flowers Bakeries, LLC Independent Distributor Program | FF001379 - FF001441 | FF 30(b)(6) 3, 5, 8-10 |
| Flowers Foods Bakeries Group Managing Your Business Through Independent Distributors | FF001442 - FF001479 | FF 30(b)(6) 3, 5, 8-10 |

| Description | Bates Range | RFP/30(b)(6) Number |
|---|---|---|
| Letter to State of Alabama from Craig Horn regarding Writ of Garnishment for Doug Branch | FF001480 | FF 30(b)(6) 5 |
| Territory Proforma (October 2005) | FF001481 | FF 30(b)(6) 3, 8 |
| Territory Proforma (July 2006) | FF001482 | FF 30(b)(6) 3, 8 |
| Territory Proforma (March 2006) | FF001483 | FF 30(b)(6) 3, 8 |
| Territory Proforma (May 2005) | FF001484 | FF 30(b)(6) 3, 8 |
| Territory Proforma (June 2006) | FF001485 | FF 30(b)(6) 3, 8 |
| Flowers Foods Bakeries Group Vice Presidents of Sales Distributor Coordinators Conference (except for attorney presentation by in-house counsel) | FF001486 - FF001640 | FF 30(b)(6) 3, 5, 8-10 |
| Recruiting Application Process Orientation (2004) | FF001641 - FF001653 | FF 30(b)(6) 3, 8 |
| Distributor Relations Building a Strong Team (2004) | FF001654 - FF001666 | FF 30(b)(6) 3, 5, 8 |
| Flowers Foods Motor Carrier Safety Regulations Overview (2004) | FF001667 - FF001683 | FF 30(b)(6) 3, 5, 8 |
| Flowers Foods Handheld 3 John DeLeu (HH3 Bakery Design Team Meetings Atlanta, GA) (2004) | FF001684 - FF001710 | FF 30(b)(6) 5, 8 |
| Common Errors (2004) | FF001711 - FF001721 | FF 30(b)(6) 5, 8 |
| Recruiting/Training/Retention | FF001722 - FF001744 | FF 30(b)(6) 3, 5, 8 |
| Vice Presidents of Sales & Distributor Coordinators Conference March 15-16, 2006 (except for attorney-client privileged presentation by in-house counsel) | FF001745 - FF001882 | FF 30(b)(6) 3, 5, 8-10 |
| Common Errors (2006) | FF001883 - FF001893 | FF 30(b)(6) 5,8 |
| Director of Distributor Relations – Wayne Parmer (2006) | FF001894 - FF001929 | FF 30(b)(6) 3, 5, 8 |
| Program Team, submit a request for credit, credit application, request for documents, documentation request (2007) | FF001930 - FF001935 | FF 30(b)(6) 3, 8 |

| Description | Bates Range | RFP/30(b)(6) Number |
|---|---|---|
| Truck Lease Program – Perry Danos, Michael Burke – Banc of America Leasing Corp. Chicago, IL presentation (2007) | FF001936 - FF001947 | FF 30(b)(6) 3, 8 |
| Flowers Foods Bakeries Group – Vice Presidents of Sales and Distributor Coordinators Conference - Atlanta, GA presentation (2007) | FF001948 - FF001998 | FF 30(b)(6) 3, 5, 8-10 |
| DSD Insurance Serving the Independent Distributor – Direct Store Delivery Community Since 1985 (2007) | FF001999 - FF002009 | FF 30(b)(6) 3, 5, 8 |
| Suggested Flowchart for Prospective distributors (2007) | FF002010 - FF002012 | FF 30(b)(6) 3, 8 |
| Exhibit A Territorial Description Form | FF002013 | FF 30(b)(6) 3, 4, 8 |
| Reference Check Questionnaire for Prospective Distributors Form (2007) | FF002014 | FF 30(b)(6) 3, 8 |
| Regions presentation (2007) | FF002015 - FF002028 | FF 30(b)(6) 3, 8 |
| Exhibit A Territorial Description form, and form with numbers 1-4 written by Chuck Rich (2007) | FF002029 - FF002030 | FF 30(b)(6) 3, 4, 8 |

**EXHIBIT B – Chuck Rich, Vice President of Distributor Operations**
**Flowers Foods Bakeries Group, LLC E-mails:**

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|----|----|-------------|---------------------|
| 6/22/07 | Chuck Rich | Johnny Shepard, et al. | Distributor Legal Name Requirement | FFE000001 – FFE000002 | FBT 3, 5; FF 30(b)(6) 5 |
| 8/20/07 | Chuck Rich | Johnny Shepard, et al. | BofA Leasing | FFE000003 – FFE000007 | FBT 3, 5; FF 30(b)(6) 3, 8 |
| 9/14/07 | Chuck Rich | Mickey Miller, et al. | Tray return letter | FFE000008 – FFE000009 | FBT 3, 5; FF 30(b)(6) 5 |
| 10/16/07 | Chuck Rich | Johnny Shepard, et al. | Driving Safety/Training Material | FFE000010 – FFE000012 | FBT 3, 5; FF 30(b)(6) 5 |

**EXHIBIT C - Johnny Shepard, Director of Distributor Communications**
**Flowers Baking Co. of Thomasville, LLC E-mail:**

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 4/28/03 | Chuck Rich | Norris McDaniel, et al. | Updated BK/Krystal Procedures | FBTE000001 – FBTE000011 | FBT 3, 5, 71; FF 30(b)(6) 5, 9-10; FF 39 |
| 11/26/02 | Chuck Rich | Mickey Miller, et al. | Distributor Checklist Reminder | FBTE000012 – FBTE000017 | FBT 3, 5, 19; FF 30(b)(6) 5, 8-10 |
| 12/11/02 | Chuck Rich | Johnny Shepard | Letter (come back for distributor) | FBTE000018 – FBTE000019 | FBT 3; FF 30(b)(6) 3, 5, 9 |
| 1/24/06 | Chuck Rich | Johnny Shepard, et al. | Updated Distributor Proforma | FBTE000020 – FBTE000022 | FBT 3, 5, 17; FF 30(b)(6) 3, 5, 9 |
| 6/24/03 | Chuck Rich | Mickey Miller, et al. | PBS Shrink Policy & Distributor Disability Procedure | FBTE000023 – FBTE000026 | FBT 3, 5, 17, 29; FF 30(b)(6) 3, 5, 8-10 |
| 4/15/04 | Chuck Rich | Norris McDaniel, et al. | Termination Confirmation | FBTE000027 – FBTE000028 | FBT 3; FF 30(b)(6) 8 |
| 6/19/04 | Chuck Rich | Johnny Shepard, et al. | Claims Process | FBTE000029 – FBTE000031 | FBT 3; FF 30(b)(6) 5 |
| 7/15/04 | Chuck Rich | Johnny Shepard, et al. | D&D Services MVR Requests | FBTE000032 – FBTE000034 | FBT 3; FF 30(b)(6) 3, 5 |
| 7/22/04 | Chuck Rich | Mickey Miller, et al. | Distributor Note Refinancings | FBTE000035 – FBTE000036 | FBT 3, 5; FF 30(b)(6) 5, 9 |
| 7/30/04 | Chuck Rich | Johnny Shepard, et al. | Updated Docs for Sales Between Distributors | FBTE000037 – FBTE000046 | FBT 3, 5, 17; FF 30(b)(6) 5, 9 |
| 9/29/04 | Chuck Rich | Johnny Shepard, et al. | "Partial" Instructions & FLOFIN – Corrected Attachment | FBTE000047 – FBTE000049 | FBT 3, 5; FF 30(b)(6) 3-5, 8-10 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 11/4/04 | Chuck Rich | Bonnie Harrison, et al. | Outstanding Final Settlement Checks to Distributors | FBTE000050 - FBTE000051 | FBT 3, 5; FF 30(b)(6) 8 |
| 11/9/04 | Chuck Rich | Johnny Shepard, et al. | BOA Revised Application for Distributor Loan | FBTE000052 - FBTE000054 | FBT 3, 5, 17, 18; FF 30(b)(6) 3, 8 |
| 5/11/05 | Chuck Rich | Mickey Miller, et al. | Logos/Decals on Trailers | FBTE000055 - FBTE000057 | FBT 3; FF 30(b)(6) 9 |
| 5/17/05 | Chuck Rich | Bonnie Harrison, et al. | Distributor Repurchase Statement Updated | FBTE000058 - FBTE000060 | FBT 3, 5, 17; FF 30(b)(6) 4, 8 |
| 5/19/05 | Chuck Rich | Johnny Shepard, et al. | Distributor Direct Deposit | FBTE000061 - FBTE000064 | FBT 3, 5; FF 30(b)(6) 9 |
| 6/1/05 | Chuck Rich | Johnny Shepard, et al. | New Proforma – 6/05 | FBTE000065 - FBTE000067 | FBT 3, 5, 17-18; FF 30(b)(6) 3, 8, 9 |
| 6/6/05 | Chuck Rich | Johnny Shepard, et al. | New Allstate Cancellation Form | FBTE000068 - FBTE000071 | FBT 3, 5; FF 30(b)(6) 9 |
| 6/9/05 | Chuck Rich | Norris McDaniel, et al. | Distributor Disability Insurance | FBTE000072 - FBTE000076 | FBT 3, 5; FF 30(b)(6) 5, 9 |
| 6/9/05 | Chuck Rich | Johnny Shepard, et al. | Accordia Cancellation Forms | FBTE000077 - FBTE000080 | FBT 3, 5; FF 30(b)(6) 8-9 |
| 6/28/05 | Chuck Rich | Norris McDaniel, et al. | Prospective Distributor Opportunities | FBTE000081 - FBTE000082 | FBT 3, 5; FF 30(b)(6) 3 |
| 7/12/05 | Chuck Rich | Mickey Miller, et al. | Distributor Checklist | FBTE000083 - FBTE000091 | FBT 3, 5, 17, 19; FF 30(b)(6) 5, 8-9 |
| 7/12/05 | Chuck Rich | Norris McDaniel, et al. | Kroger Service Policy and Service Standards | FBTE000092 - FBTE000097 | FBT 3, 5; FF 30(b)(6) 5-6, 9-10; FF 39 |
| 8/18/05 | Chuck Rich | Mickey Miller, et al. | Jessica Lunsford Act | FBTE000098 | FBT 3, 5; FF 30(b)(6) 5, 9 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 9/9/05 | Chuck Rich | Johnny Shepard, et al. | Ryder Truck Rental Rates | FBTE000099 - FBTE000101 | FBT 3; FF 30(b)(6) 5 |
| 9/9/05 | Chuck Rich | Mickey Miller, et al. | Hurricane Katrina – LA & MS Distributors | FBTE000102 - FBTE000103 | FBT 3; FF 30(b)(6) 3 |
| 9/15/05 | Chuck Rich | Johnny Shepard, et al. | Regions Bank – Truck Leasing | FBTE000104 - FBTE000107 | FBT 3; FF 30(b)(6) 3 |
| 11/7/05 | Chuck Rich | Johnny Shepard, et al. | Changes to Distributor Health Insurance | FBTE000108 - FBTE000109 | FBT 3; FF 30(b)(6) 5 |
| 11/7/05 | Chuck Rich | Johnny Shepard, et al. | Regions Bank Form | FBTE000110 - FBTE000113 | FBT 3; FF 30(b)(6) 3 |
| 11/10/05 | Chuck Rich | Johnny Shepard, et al. | Correction – Distributor Health Insurance | FBTE000114 - FBTE000115 | FBT 3; FF 30(b)(6) 5 |
| 12/15/05 | Chuck Rich | Norris McDaniel, et al. | MiCasa Rights | FBTE000116 - FBTE000117 | FBT 3; FF 30(b)(6) 5 |
| 1/4/06 | Chuck Rich | Mickey Miller, et al. | Distributor Topics/Reminders | FBTE000118 - FBTE000120 | FBT 3, 5; FF 30(b)(6) 3, 5, 8, 9-10 |
| 1/9/06 | Chuck Rich | Norris McDaniel, et al. | Matt Wise- Truck Insurance | FBTE000121 - FBTE000122 | FBT 3, 5; FF 30(b)(6) 5 |
| 1/9/06 | Chuck Rich | Johnny Shepard, et al. | Electronic State DMV Filings | FBTE000123 - FBTE000126 | FBT 3, 5; 21; FF 30(b)(6) 5 |
| 8/29/03 | Chuck Rich | Johnny Shepard, et al. | Synovus | FBTE000127 - FBTE000129 | FBT 3, 5, 18; FF 30(b)(6) 3, 8 |
| 9/23/03 | Chuck Rich | Johnny Shepard, et al. | New Proforma & ZPLP | FBTE000130 - FBTE000132 | FBT 3, 5, 18; FF 30(b)(6) 3, 8 |
| 9/23/03 | Chuck Rich | Johnny Shepard, et al. | Distributor Repurchase Statement | FBTE000133 - FBTE000136 | FBT 3, 5, 17; FF 30(b)(6) 4, 8, 9-10 |
| 10/2/03 | Chuck Rich | Johnny Shepard, et al. | Revised Proforma 10-03 | FBTE000137 - FBTE000138 | FBT 3, 5, 18; FF 30(b)(6) 3, 8 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 11/14/03 | Chuck Rich | Bonnie Harrison, et al. | FLOFIN Promissory Notes | FBTE000139 | FBT 3, 5, 17; FF 30(b)(6) 3, 8, 9 |
| 11/24/03 | Chuck Rich | Johnny Shepard, et al. | Revised "Partial" Documents | FBTE000140 - FBTE000151 | FBT 3, 5, 17; FF 30(b)(6) 4, 5, 8, 9, 10 |
| 11/25/03 | Chuck Rich | Johnny Shepard, et al. | Updated BK/Krystal Procedures | FBTE000152 - FBTE000162 | FBT 3, 5; FF 30 (b)(6) 5, 9-10 |
| 12/19/03 | Chuck Rich | Johnny Shepard, et al. | Repurchase Statement | FBTE000163 - FBTE000165 | FBT 3, 5, 17; FF 30(b)(6) 4, 8, 9-10 |
| 12/30/03 | Chuck Rich | Mickey Miller, et al. | Change to Distributor Weekly Settlement Policy | FBTE000166 - FBTE000168 | FBT 3, 5; FF 30(b)(6) 5, 8, 9-10 |
| 1/21/04 | Chuck Rich | Johnny Shepard, et al. | New Distributor Orientation Presentation | FBTE000169 - FBTE000229 | FBT 3, 5, 19; FF 30(b)(6) 5, 8, 9-10 |
| 3/1/04 | Chuck Rich | Norris McDaniel, et al. | MCRS/DOT | FBTE000230 - FBTE000238 | FBT 3, 5, 21, 30; FF 30 (b)(6) 5 |
| 3/22/04 | Chuck Rich | Johnny Shepard, et al. | Updated FLOFIN Docs | FBTE000239 - FBTE000244 | FBT 3, 5, 17; FF 30(b)(6) 3, 8-10 |
| 4/8/04 | Chuck Rich | Johnny Shepard, et al. | Updated FLOFIN Docs (forwards above 3/22/04 e-mail with same attachments) | FBTE000245 - FBTE000251 | FBT 3, 5, 17; FF 30(b)(6) 3, 8-10 |
| 4/3/06 | Chuck Rich | Johnny Shepard, et al. | Attachment for FL Disclosure Doc | FBTE000252 - FBTE000255 | FBT 3, 5, 18; FF 30(b)(6) 3, 8 |
| 8/8/06 | Chuck Rich | Johnny Shepard, et al. | Updated Distributor PowerPoint Presentation | FBTE000256 - FBTE000316 | FBT 3, 5, 19; FF 30(b)(6) 3, 5, 8-10 |
| 9/1/06 | Chuck Rich | Norris McDaniel, et al. | Updated Budget Truck Rental Procedures | FBTE000317 - FBTE000320 | FBT 3, 5; FF 30(b)(6) 3, 5 |
| 9/19/06 | Chuck Rich | Johnny Shepard, et al. | Update to Distributor Coordinator Manual | FBTE000321 - FBTE000329 | FBT 3, 5, 17; FF 30(b)(6) 9-10 |

| Date | From | To | Re: | Bates Rates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------------|---------------------|
| 9/28/06 | Chuck Rich | Johnny Shepard, et al. | Alabama DOT numbers | FBTE000333 - FBTE000335 | FBT 3, 5, 21, 30; FF 30(b)(6) 5 |
| 10/23/06 | Chuck Rich | Mickey Miller, et al. | REMINDER – Distributor Health Insurance | FBTE000336 - FBTE000337 | FBT 3, 5; FF 30(b)(6) 5 |
| 1/2/07 | Chuck Rich | Johnny Shepard, et al. | New BOA Credit Application | FBTE000338 - FBTE000341 | FBT 3, 5, 18; FF 30(b)(6) 3, 8, 10 |
| 1/23/07 | Chuck Rich | Johnny Shepard, et al. | BOA Purchase of Synovus Leases | FBTE000330 - FBTE000332 | FBT 3; FF 30(b)(6) 3 |
| 1/29/07 | Chuck Rich | Mickey Miller, et al. | 2007 Tram Norris Allstate Independent Distributor Scholarship Fund | FBTE000342 - FBTE000351 | FBT 3; FF 30(b)(6) 5 |
| 2/13/07 | Chuck Rich | Rick McCombs, et al. | Assignment & Assumption Agreements | FBTE000352 - FBTE000356 | FBT 3, 5, 17; FF 30(b)(6) 5, 9, 10 |
| 3/20/07 | Chuck Rich | Johnny Shepard, et al. | BofA Announcement | FBTE000357 - FBTE000363 | FBT 3; FF 30(b)(6) 3 |
| 6/22/07 | Chuck Rich | Johnny Shepard, et al. | Distributor Legal Name Requirement | FBTE000364 - FBTE000365 | FBT 3, 5; FF 30(b)(6) 5 |
| 6/28/07 | Chuck Rich | Johnny Shepard | Repurchase of Territory | FBTE000366 | FBT 3, 5, 17; FF 30(b)(6) 4, 8, 9 |
| 7/11/07 | Chuck Rich | Johnny Shepard, et al. | BroadStreet Cake Label | FBTE000367 - FBTE000368 | FBT 3, 5, 17; FF 30(b)(6) 4, 5, 9-10 |
| 8/2/07 | Chuck Rich | Johnny Shepard, et al. | Thomasville 2007 UFOC | FBTE000369 - FBTE000427 | FBT 3, 5, 18; FF 30(b)(6) 3, 8 |
| 8/20/07 | Chuck Rich | Johnny Shepard, et al. | BofA Leasing | FBTE000428 - FBTE000432 | FBT 3; FF 30(b)(6) 3, 8 |
| 10/8/07 | Chuck Rich | Karyl Lauder, et al. | PBS Meeting Notes | FBTE000433 - FBTE000436 | FBT 3; FF 30(b)(6) 8 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 10/30/07 | Chuck Rich | Johnny Shepard, et al. | Distributor Orientation & UFOC | FBTE000437 | FBT 3, 19; FF 30(b)(6) 3, 8 |
| 10/29/07 | Chuck Rich | Gina Griner | Re Finance Scott Lenderman | FBTE000438 | FBT 3; FF 30(b)(6) 3, 8 |
| 10/30/07 | Wayne Parmer | Willie Prince, et al. | Training Manual Overview | FBTE000439 - FBTE000442 | FBT 3, 5, 19; FF 30(b)(6) 5, 9 |
| 7/3/07 | Wayne Parmer | Johnny Shepard | POA | FBTE000443 - FBTE000444 | FBT 3; FF 30(b)(6) 5 |
| 6/14/07 | Wayne Parmer | Dist Coord. and Controllers | UCC 1 in UFOC | FBTE000445 - FBTE000446 | FBT 3, 5, 18; FF 30(b)(6) 3, 8 |
| 8/16/06 | Wayne Parmer | Dist Coord. and Controllers | Power of Attorney | FBTE000447 | FBT 3, 5, 17; FF 30(b)(6) 5, 9-10 |
| 8/3/06 | Wayne Parmer | Dist Coord. and Controllers | Updated Distributor Orientation Presentation | FBTE000448 - FBTE000507 | FBT 3, 5, 18; FF 30(b)(6) 3, 5, 8, 9 |
| 12/22/04 | Wayne Parmer | Johnny Shepard | Letter | FBTE000508 - FBTE000567 | FBT 3, 5; FF 30(b)(6) 5 |
| 6/1/06 | Wayne Parmer | Dist Coord. and Controllers | Required Checklist | FBTE000568 | FBT 3, 5; FF 30(b)(6) 5, 8, 9-10 |
| 7/15/05 | Wayne Parmer | Johnny Shepard | Period 7 reports | FBTE000569 - FBTE000570 | FBT 3; FF 30(b)(6) 5 |
| 7/8/05 | Wayne Parmer | Dist Coord. and Controllers | Back up reports | FBTE000571 | FBT 3; FF 30(b)(6) 5 |
| 5/16/05 | Wayne Parmer | Dist Coord. and Controllers | Proprietary in SDW | FBTE000572 | FBT 3; FF 30(b)(6) 5 |
| 7/2/04 | Wayne Parmer | Mickey Miller | Insurance | FBTE000573 - FBTE000574 | FBT 3, 5; FF 30(b)(6) 5 |
| 7/1/04 | Wayne Parmer | Johnny Shepard | Letter | FBTE000575- FBTE000580 | FBT 3, 5; FF 30(b)(6) 4 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 10/18/04 | Wayne Parmer | Johnny Shepard | Letter | FBTE000581 - FBTE000582 | FBT 3, 5; FF 30(b)(6) 5 |
| 12/18/03 | Wayne Parmer | Dist Coord. and Controllers | Repurchase Statement | FBTE000583 - FBTE000584 | FBT 3, 5; FF 30(b)(6) 4 |
| 9/25/07 | Kim Thompson | 134 Branch, et al. | Dist Charge Form – Vacation, Day Off, Truck Rental | FBTE000585 – FBTE000587 | FBT 3; FF 30(b)(6) 5, 10 |
| 11/9/06 | Natalie Peck | Johnny Shepard, et al. | Settlement Deductions | FBTE000588- FBTE000589 | FBT 3; FF 30(b)(6) 5, 10 |
| 11/9/06 | Natalie Peck | Johnny Shepard, et al. | FID Open Enrollment Packets | FBTE000590 – FBTE000592 | FBT 3; FF 30(b)(6) 5 |
| 11/9/06 | Natalie Peck | Johnny Shepard, et al. | FID Open Enrollment Packets | FBTE000593 – FBTE000608 | FBT 3; FF 30(b)(6) 5 |
| 11/8/06 | Erica Hunt | Johnny Shepard, et al. | Cancer Enrollees & Changes | FBTE000611 – FBTE000615 | FBT 3; FF 30(b)(6) 5 |
| 11/8/06 | Erica Hunt | Johnny Shepard, et al. | Creditability Assessment (Distribution to Distributor Required before 11/15/06 | FBTE000616- FBTE000620 | FBT 3; FF 30(b)(6) 5 |
| 8/7/06 | Kristyn Klonowski | David Kirkpatrick, et al. | New Credit Application | FBTE000621- FBTE000623 | FBT 3, 18; FF 30(b)(6) 8 |
| 7/18/06 | Natalie Peck | Johnny Shepard, et al. | Memos from Accordia for Delivery to Distributors Re: Medical Plan Changes Eff 01/01/07 | FBTE000624 – FBTE000633 | FBT 3; FF 30(b)(6) 5 |
| 6/30/06 | Chad Johnson | Johnny Shepard | Distributor Ad – Nature's Own | FBTE000634- FBTE000635 | FF 30(b)(6) 8 |
| 6/29/06 | Chad Johnson | Johnny Shepard | Thomasville Ad | FBTE000636 – FBTE000637 | FF 30(b)(6) 8 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 6/28/06 | Chad Johnson | Johnny Shepard | Ad | FBTE000638 – FBTE000639 | FF 30(b)(6) 8 |
| 5/10/06 | Natalie Peck | David Dufrene, et al. | Online Claim now available for prescription drugs! | FBTE000640 – FBTE000643 | FBT 3 |
| 1/13/06 | Dan Shubert | Angela Steele, et al. | NEW BINDER FORM | FBTE000644 – FBTE000646 | FBT 3; FF 30(b)(6) 5, 8 |
| 1/10/06 | Dan Shubert | Andy Brown, et al. | 2006 Allstate Independent Distributor Scholarship Fund | FBTE000647 – FBTE000655 | FBT 3; FF 30(b)(6) 5 |
| 12/28/05 | Dan Shubert | Angela Steele, et al. | Distributor Insurance Topics 2006 | FBTE000656 – FBTE000657 | FBT 3; FF 30(b)(6) 5, 8 |
| 12/13/05 | Natalie Peck | Johnny Shepard, et al. | Memo to Distributors re: Life Insurance | FBTE000658 – FBTE000660 | FBT 3; FF 30(b)(6) 5 |
| 12/2/05 | Natalie Peck | Johnny Shepard, et al. | 2006 Application for the Hartford Coverages | FBTE000661 – FBTE000662 | FBT 3; FF 30(b)(6) 5 |
| 11/23/05 | Natalie Peck | Johnny Shepard, et al. | 2006 Distributor Benefit Program | FBTE000663 – FBTE000664 | FBT 3; FF 30(b)(6) 5 |
| 11/11/05 | Natalie Peck | Johnny Shepard, et al. | The 2006 Flowers Independent Distributor Benefit Program – All Locations | FBTE000665- FBTE000670 | FBT 3; FF 30(b)(6) 5 |
| 10/4/05 | Erica Hunt | Johnny Shepard, et al. | Effective Immediate – Supplement to Allstate/AHL Cancer Application | FBTE000671 – FBTE000673 | FBT 3; FF 30(b)(6) 5 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 10/3/05 | Erica Hunt | Johnny Shepard, et al. | Flowers Indep Distributor – Disability & Accid Death Booklets through Hartford attached | FBTE000674 – FBTE000713 | FBT 3; FF 30(b)(6) 5 |
| 9/29/05 | Wayne Truitt | Branch 143, et al. | Realignments | FBTE000714 | FBT 3; FF 30(b)(6) 5 |
| 7/29/05 | Erica Hunt | Johnny Shepard, et al. | Short term disability/accidental death & dismemberment coverage | FBTE000715 – FBTE000725 | FBT 3; FF 30(b)(6) 5 |
| 7/13/05 | Erica Hunt | Johnny Shepard, et al. | Letter for delivery to all distributors | FBTE000726 – FBTE000729 | FBT 3; FF 30(b)(6) 5 |

## EXHIBIT D– Additional Miscellaneous Documents
## Flowers Baking Co. of Thomasville, LLC

| Description of Documents/File | Bates Range | Response to RFP/30(b)(6) Number |
|---|---|---|
| Mickey Miller's "Big Week" Folder | FBT000479 - FBT000484 | FBT 3 |
| Distributor program index and info | FBT000485 - FBT000500 | FBT 3, 5, 10, 30; FF 30(b)(6) 1-2, 11 |
| Gary Chambliss 2005 2nd quarter shrink | FBT000501 – FBT000503 | FBT 3, 29 |
| Gary Chambliss statements of revenue and expenses (2004-2006) | FBT000504 - FBT000544 | FBT 3, 21, 30 |
| New distributor orientation presentation (1/21/2004) | FBT000545 - FBT000604 | FBT 3, 19, and 30; FF 30(b)(6) 10 |
| "Weekly feature" documents | FBT000605 - FBT000613 | FBT 37 |
| Mickey Miller's "Distributors" folder | FBT000614 - FBT000668 | FBT 3, 5, 10, 16, 17, 19, 29, 30; FF 30(b)(6) 1-3, 5, 7-11 |
| Checklist for potential distributors (9/14/94) | FBT000669 - FBT000671 | FBT 3, 5, 10, 16, 30; FF 30(b)(6) 1-2, 11 |
| Out-of-state products – Gary Chambliss from sales data warehouse | FBT000672 - FBT000683 | FBT 3, 7, 21, 28, 30; FF 21, 28, 30 |
| "Holiday ordering" documents | FBT000684 - FBT000700 | FBT 30 |
| Sales contest documents | FBT000701 – FBT000733 | FBT 3, 21, 30 |
| Distributor coordinator manual (Thomasville) October 2007 | FBT000734 - FBT001005 | FBT 3-5, 16-18, 23-25, 29-32; FF 30(b)(6) 3-5, 8-10 |
| 2004 sales management seminar - Thomasville (March 9 and 10, 2004) | FBT001006 - FBT001322 | FBT 3, 5; FF 30(b)(6) 5, 8, and 10 |

**EXHIBIT E – Additional Miscellaneous Documents**
**Flowers Foods, Inc.**

| Description of Documents/File | Bates Range | Response to RFP/30(b)(6) Number |
|---|---|---|
| Scan based trading agreement – Wal-Mart | FF000753 – FF000758 | FF 26, 38, 39; FF 30(b)(6) – 6 |
| Distributor coordinator manual (Chuck Rich) (10/07) | FF002031 – FF002309 | FF 30(b)(6) 3-5, 8-10 |
| Distributor coordinator manual (Chuck Rich) (3/06) | FF002310 – FF002625 | FF 30(b)(6) 3-5, 8-10 |

# Ogletree Deakins

**OGLETREE, DEAKINS,
NASH, SMOAK &
STEWART, P.C.**

*Attorneys at Law*

Bank of America Plaza
600 Peachtree Street, NE, Suite 2100
Atlanta, GA 30308
Telephone: 404.881.1300
Facsimile: 404.870.1732
www.ogletreedeakins.com

Kevin P. Hishta
Direct Dial: 404.881.1733
E-mail: Kevin.Hishta@ogletreedeakins.com

January 24, 2008

<u>Via Electronic Mail and Federal Express</u>

Joseph P. Guglielmo
Whatley Drake & Kallas LLC
1540 Broadway, 37th Floor
New York, New York 10036

Re:     Charles Morrow, *et al.* v. Flowers Foods, Inc., *et al.*
        Civil Action No. 3:07-cv-00617-MHT

Dear Joseph:

Enclosed please find 1 compact disc and a list of exhibits describing the documents contained on the disc which supplements Flowers Foods, Inc.'s, Flowers Baking Co. of Opelika, LLC's and Flowers Baking Co. of Thomasville, LLC's Responses to Plaintiffs' First Request for Production of Documents. Should you have any questions on the enclosed, please feel free to give me a call.

Very truly yours,

Kevin P. Hishta
KPH:mr
Encls.

cc (w/o disks): Amy Weaver
                Joe R. Whatley, Jr.
                Greg L. Davis
                E. Kirk Wood

**EXHIBIT F**

**Wayne Parmer, Director of Distributor Relations, Flowers Foods Bakeries Group E-mails**

| Date | From | To | Re | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 3/2/06 | Chuck Rich | David Scott, et al. | Derst Product | FFE000013 – FFE000017 | 30(b)(6) 4, 10 |
| 3/6/06 | Marina Behrendt | Chuck Rich | Invoicing Parameters | FFE000018 – FFE000020 | 30(b)(6) 6-8 |
| 3/10/06 | Chuck Rich | Gina Griner | UCC Question | FFE000021 | 30(b)(6) 6-8 |
| 3/10/06 | Chuck Rich | Marina Behrendt | Invoicing Parameters | FFE000022 – FFE000025 | 30(b)(6) 6-8 |
| 3/10/06 | Marina Behrendt | Chuck Rich | Invoicing Parameters | FFE000026 – FFE000027 | 30(b)(6) 6-8 |
| 3/13/06 | Kristyn Klonowski | Chuck Rich, et al. | Flowers Invoicing | FFE000028 – FFE000031 | 30(b)(6) 6-8 |
| 3/17/06 | Chuck Rich | Johnny Shepard | Info | FFE000032 | 30(b)(6) 5, 9 |
| 3/20/06 | Gina Griner | Chuck Rich, et al. | Distributor Documents-Updated/Restated Territory Description | FFE000033 – FFE000034 | 30(b)(6) 6- 8 |
| 3/21/06 | Chuck Rich | Johnny Shepard, et al. | Follow Up from VP/DC Conference | FFE000035 – FFE000057 | 30(b)(6) 4, 9-10; FBO 3, 5; FBT 3, 5 |
| 4/3/06 | Chuck Rich | Johnny Shepard | Attachment for FL Disclosure | FFE000058 – FFE000061 | 30(b)(6) 4, 8, 10 |
| 5/11/06 | Chuck Rich | Johnny Shepard | Accident | FFE000062 – FFE0000063 | 30(b)(6) 5, 9 |
| 6/19/06 | Chuck Rich | Johnny Shepard, et al. | Distributor Truck & Business Insurance | FFE000064 – FFE000065 | 30(b)(6) 5, 8-9; FBO 3, 5; FBT 3, 5 |
| 6/21/06 | Chuck Rich | Norris McDaniel | Labels by Plant | FFE000066 – FFE000069 | 30(b)(6)4, 8, 10 |
| 7/5/06 | Chuck Rich | Norris McDaniel | Budget Truck Rentals | FFE000070 – | 30(b)(6) 5, 9 |

| Date | From | To | Re | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| | | | | FFE000073 | |
| 7/18/06 | Chuck Rich | Kirk L Tolbert | Synovus | FFE000074 | 30(b)(6) 8, 9 |
| 7/24/06 | Dan Shubert | James Traikovich | Underwriting Guidelines | FFE000075 – FFE000077 | 30(b)(6) 5, 8 |
| 7/25/06 | Chuck Rich | Johnny Shepard | Questions | FFE000078 | 30(b)(6) 8-9 |
| 7/26/06 | Chuck Rich | Johnny Shepard | Questions | FFE000079 | 30(b)(6) 8-9 |
| 8/17/06 | James Traikovich | Wayne Parmer | | FFE000080 – FFE000081 | 30(b)(6) 5, 9 |
| 8/17/06 | Chuck Rich | Johnny Shepard, et al. | New Credit Application | FFE000082 – FFE000085 | 30(b)(6) 8-9 |
| 8/23/06 | Johnny Shepard | Wayne Parmer | Case Study | FFE000086 – FFE000089 | 30(b)(6) 8-9 |
| 8/23/06 | Dan Shubert | James Traikovich, et al. | Alabama DOT numbers | FFE000090 – FFE000092 | 30(b)(6) 5, 8-9 |
| 8/25/06 | Jerry Woodham | Wayne Parmer | Case Study #3 – Our Final Answer | FFE000093 – FFE000095 | 30(b)(6) 6-8 |
| 9/01/06 | Chuck Rich | Norris McDaniel | Updated Budget Truck Rental Procedures | FFE000096 – FFE000100 | 30(b)(6) 5, 9 |
| 9/20/06 | Chuck Rich | Mickey Miller, et al. | Conference Call – Distributor / Alternative Discount Structure | FFE000101 - FFE000102 | 30(b)(6) 6-9 |
| 9/20/06 | Chuck Rich | Andy Brown, et al. | Conference Call – Distributor / Alternative Discount Structure | FFE000103 - FFE000104 | 30(b)(6) 6-9 |
| 9/27/2006 | Gina Griner | Ashley Hightower, et al. | Distributor Documents for Funding | FFE000105 - FFE000106 | 30(b)(6) 6-8 |
| 9/27/06 | Chuck Rich | Johnny Shepard, et al. | Budget Rental Report | FFE000107 - FFE000109 | 30(b)(6) 5, 9 |
| 9/28/06 | Chuck Rich | Johnny Shepard, et al. | Alabama DOT Numbers | FFE000110 - FFE000112 | 30(b)(6) 5, 8, 9 |

| Date | From | To | Re | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 10/16/06 | Chuck Rich | Don Adkins, et al. | Jeanne Sims | FFE000113 - FFE000114 | 30(b)(6) 5, 8, 9 |
| 10/19/06 | Dan Shubert | Angela Steele, et al. | DSD Insurance & Tram Norris Agency Posters | FFE000115 - FFE000116 | 30(b)(6) 9-10; FBT 3, 5; FBO 3, 5, 9 |
| 11/02/06 | Dan Shubert | Angela Steele, et al. | Distributor Mailing | FFE000117 - FFE000121 | 30(b)(6) 10; FBO 3, 5; FBT 3, 5 |
| 12/26/06 | Chuck Rich | Johnny Shepard, et al. | Bank of America Synovus | FFE000122 - FFE000123 | 30(b)(6) 8, 9 |
| 1/2/07 | Chuck Rich | Johnny Shepard, et al. | New BOA Credit Application | FFE000124 - FFE000127 | 30(b)(6) 8-10 |
| 1/23/07 | Chuck Rich | Johnny Shepard, et al. | BOA Purchase of Synovus Leases | FFE000128 - FFE000130 | 30(b)(6) 5, 9 |
| 2/13/07 | Dan Shubert | Angela Steele, et al. | DSD Insurance Binder Document | FFE000131 - FFE000133 | 30(b)(6) 10 ; FBO 3, 5; FBT 3, 5 |
| 2/13/07 | Chuck Rich | Rick McCombs, et al. | Assignment & Assumption Agreements | FFE000134 - FFE000138 | 30(b)(6) 5, 9 |
| 3/20/07 | Chuck Rich | Johnny Shepard, et al. | BofA Announcement | FFE000139 - FFE000145 | 30(b)(6) 8, 9 |
| 3/29/07 | Chuck Rich | Johnny Shepard | Additional Discount | FFE000146 - FFE000148 | 30(b)(6) 4-5, 9-10 |
| 4/11/07 | Susan Thompson | John Pennington, et al. | Flowers Vehicle Moves | FFE000149 - FFE000151 | 30(b)(6) 8-9 |
| 4/12/07 | Dan Shubert | Angela Steele, et al. | Motor Club | FFE000152 - FFE000154 | FBO 3, 5 |
| 4/16/07 | Dan Shubert | Andy Brown, et al. | 2007 Tram Norris Allstate Independent Distributor Scholarship Fund | FFE000155 - FFE000158 | FBO 3, 5 |
| 6/14/07 | Wayne Parmer | Dist. Coord. And Controllers | UCC 1 in UFOC | FFE000159 - FFE000160 | 30(b)(6) 8-10; FBO 3, 5 |

| Date | From | To | Re | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 6/22/07 | Chuck Rich | Johnny Shepard, et al. | Distributor Legal Name Requirement | FFE000161 - FFE000162 | 30(b)(6) 8, 9; FBO 3, 5 |
| 6/29/07 | Wayne Parmer | Johnny Shepard | POA – Email I sent in August of 2006 | FFE000163 - FFE000165 | 30(b)(6) 5, 9-10 |
| 7/03/07 | Wayne Parmer | Johnny Shepard | POA | FFE000166 - FFE000167 | 30(b)(6) 4-5, 9-10 |
| 7/11/07 | Chuck Rich | Johnny Shepard, et al. | Broad Street Cake Label | FFE000168 - FFE000169 | 30(b)(6) 4 -5, 9-10; FBO 3, 5 |
| 7/31/07 | Wayne Parmer | Dist. Coord. and Controllers | Distributor Checklist | FFE000170 - FFE000175 | 30(b)(6) 5, 8, 9; FBO 5 |
| 8/2/07 | Chuck Rich | Johnny Shepard, et al. | Thomasville 2007 UFOC | FFE000176 - FFE000234 | 30(b)(6) 8 -10 |
| 8/20/07 | Chuck Rich | Johnny Shepard, et al. | BofA Leasing | FFE000235 - FFE000239 | 30(b)(6) 8 -9; FBO 5 |
| 8/23/07 | Gina Griner | Angela Steele | Distributor Funding Requirements and Refreshers | FFE000240 - FFE000242 | 30(b)(6) 8 -9; FBO 5 |
| 9/7/07 | Wayne Parmer | Dist Coord. and Controllers | Wells Fargo Posters | FFE000243 | 30(b)(6) 5, 9; FBO 5 |
| 9/10/07 | Wayne Parmer | Dist. Coord. and Controllers | BOA doc fees | FFE000244 | 30(b)(6) 8, 9 |
| 9/10/07 | Wayne Parmer | Johnny Shepard | BOA doc fees | FFE000245 | 30(b)(6) 8, 9 |
| 9/11/07 | Wayne Parmer | Johnny Shepard | Breach | FFE000246 | 30(b)(6) 8, 9 |
| 9/11/07 | Wayne Parmer | Johnny Shepard | Breach | FFE000247 | 30(b)(6) 8, 9 |
| 9/14/07 | Wayne Parmer | Dist. Coord and Controllers | BOA letter Regarding Heavy Truck Use | FFE000278 - FFE000249 | 30(b)(6) 5, 9 |
| 9/14/07 | Chuck Rich | Micky Miller, et al. | Tray Return Letter | FFE000250 - FFE000251 | 30(b)(6)5, 9-10; FBO 5 |
| 9/17/07 | Wayne Parmer | Johnny Shepard | Rejected VIN | FFE000252 | 30(b)(6) 8 -9 |

| Date | From | To | Re | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 9/24/07 | Wayne Parmer | Johnny Shepard | | FFE000253 | 30(b)(6) 8 -9 |
| 9/24/07 | Wayne Parmer | Johnny Shepard | | FFE000254 - FFE000255 | 30(b)(6) 8 – 9 |
| 10/16/07 | Chuck Rich | Johnny Shepard | Driving Safety/Training Manual | FFE000256 - FFE000258 | 30(b)(6) 5, 9; FBO 5 |
| 10/16/07 | Erica Skog | Johnny Shepard | Open Enrollment for the Flowers Independent Distributors Medical Benefit Program | FFE000259 - FFE000261 | 30(b)(6) 9 -10; FBO 3, 5 |
| 10/01/07 | Wayne Parmer | Dist Coord. and Controllers | Unified Carrier Registration Program | FFE000262 | 30(b)(6) 5, 9; FBO 5 |
| 10/29/07 | Wayne Parmer | Dist. Coord. and Controllers | Budget Truck Rental locations | FFE000263 - FFE000355 | 30(b)(6) 5, 9; FBO 5 |
| 10/30/07 | Wayne Parmer | Johnny Shepard, et al. | Boyett Levy | FFE000356 - FFE000357 | 30 (b)(6) 5.9 |
| 11/05/07 | Wayne Parmer | Johnny Shepard, et al. | Written Instructions | FFE000358 - FFE000359 | 30 (b)(6) 5, 9 |
| 11/06/07 | Chuck Rich | James Traikovich, et al. | Written Instructions | FFE000360 - FFE000361 | 30 (b)(6) 5, 9 |
| 11/06/07 | Wayne Parmer | Johnny Shepard | UFOC Offering | FFE000362 | 30 (b)(6) 5, 9 |
| 11/08/07 | Wayne Parmer | Johnny Shepard, et al. | Howard Barnes | FFE000363 - FFE000364 | 30 (b)(6) 5, 9 |
| 11/09/07 | Chuck Rich | Johnny Shepard | Questions | FFE000365 - FFE000366 | 30 (b)(6) 5, 9 |

EXHIBITS TO I 23 08 DOCUMENT PRODUCTION LETTER

**EXHIBIT G**

**Jeff Strain, Director of National Accounts, Flowers Foods, Inc., E-mails:**

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 2/9/06 | Steve Archer | Jeff Strain | Arby's 5" bun-available on Monday February 20 | FFE000367 | 30 (b)(6) 6; FF 39; FBO 39 |
| 3/14/06 | Michael Lord | Grady Messer | 5" Kaiser | FFE000368 - FFE000385 | FBO 39 |
| 5/24/06 | Customer Maintenance | Steve Archer | Grandstar Acquisition | FFE000386 - FFE000390 | 30 (b)(6) 6; FF 39; FBO 39 |
| 5/25/06 | Steve Archer | Willard Fowler | Correct listing & update for Hardees | FFE000391 - FFE000394 | 30 (b)(6) 6; FF 39; FBO 39 |
| 7/14/07 | Jeff Strain | FBI VPs, et al. | Upcoming Hardess feature activity | FFE000395 - FFE000452 | 30 (b)(6) 6; FF 39; FBO 39 |
| 9/22/06 | Jeff Strain | FBI VPs, et al. | Footlong volume will jump in Sonic in October....Be prepared | FFE000453 - FFE000455 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/2/06 | Jeff Strain | Robbie Watkins, et al. | Zaxby's Price Increase | FFE000456 - FFE000457 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/13/06 | Jeff Strain | Dan Houston | Hardess November Coupon Alert | FFE000458 - FFE000491 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/18/06 | Jeff Strain | FBI VPs, et al. | Upcoming Sonic Promotions | FFE000492 - FFE000494 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/19/06 | Jeff Strain | Ricky Ward | Arby's Increase...effective Monday October 30, 2006 | FFE000495 - FFE000496 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/26/06 | Jeff Strain | Michael Lord | Hardees | FFE000497 - FFE000498 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/26/06 | Jeff Strain | Bobby Priest | Old Grand Star Hardees that are now Corporate owned Hardees | FFE000799 - FFE000502 | 30 (b)(6) 6; FF 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|----|----|-------------|---------------------|
| 11/13/06 | Jeff Strain | Dan Houston | Upcoming Hardees Buy One Get One | FFE000503 - FFE000574 | 30 (b)(6) 6; FF 39 |
| 12/11/06 | Jeff Strain | Bobby Priest | Hardees January Coupons | FFE000575 - FFE000630 | 30 (b)(6) 6; FF 39 |
| 1/12/07 | Jeff Strain | FBI VPs | Feb. Sonic will be featuring footlongs | FFE000631 | 30 (b)(6) 6; FF 39 |
| 2/1/07 | Jeff Strain | Bobby Clary | Sonic Pricing | FFE000632 - FFE000635 | 30 (b)(6) 6; FF 39 |
| 3/6/07 | Jeff Strain | Steve Bordeaux | 86 New Hardees | FFE000636 | 30 (b)(6) 6; FF 39 |
| 3/19/07 | Jeff Strain | Tom Buffkin | Hardees Sample Request | FFE000637 - FFE000638 | 30 (b)(6) 6; FF 39 |
| 4/4/07 | Jeff Strain | Grady Messer | 86 new Hardees-Paradigm Franchise Group | FFE000639 - FFE000643 | 30 (b)(6) 6; FF 39; FBO 39 |
| 6/15/07 | Jeff Strain | FBI VPs | Zaxbys Promo on Kickin Chicken Sand | FFE000644 | 30 (b)(6) 6; FF 39; FBO 39 |
| 6/5/07 | Jeff Strain | Norris McDaniel | Price Increase planning | FFE000645 - FFE000646 | 30 (b)(6) 6; FF 39 |
| 6/15/07 | Jeff Strain | FBI Presidents, et al. | Chick Fil A | FFE000647 | 30 (b)(6) 6; FF 39; FBO 39 |
| 6/27/07 | Jeff Strain | Robbie Watkins, et al. | Zaxbys Service Areement | FFE000648 - FFE000658 | 30 (b)(6) 6; FF 38, 39; FBO 38, 39 |
| 6/28/07 | Jeff Strain | FBI VPs | Arbys pricing | FFE000659 | 30 (b)(6) 6; FF 39; FBO 39 |
| 7/6/07 | Jeff Strain | FBI VPs, et al. | Hooters of America price increase | FFE000660 - FFE000661 | 30 (b)(6) 6; FF 38, 39; FBO 38, 39 |
| 7/9/07 | Jeff Strain | Jim Fryar | Sonic pricing | FFE000662 - FFE000663 | 30 (b)(6) 6; FF 39; FBO 39 |
| 7/12/07 | Jeff Strain | Curtis Lyons, et al. | Hardees price increase effective Monday August 6, 2007 | FFE000664 - FFE000665 | 30 (b)(6) 6; FF 38, 39; FBO 38, 39 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 7/13/07 | Jeff Strain | Grady Messer | Concerns | FFE000666 | 30 (b)(6) 6; FF 39; FBO 39 |
| 7/20/07 | Jeff Strain | Grady Messer | Concerns | FFE000667 - FFE000668 | 30 (b)(6) 6; FF 39; FBO 39 |
| 7/25/07 | Jeff Strain | FBI VPs | Fall LTO Test Products | FFE000669 - FFE000670 | 30 (b)(6) 6; FF 39, FBO 39 |
| 9/11/07 | Jeff Strain | Norris McDaniel | Please call… | FFE000671 - FFE000672 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/18/07 | Jeff Strain | Jim Fryar | Arbys Price Increase effective November 5, 2007 | FFE000673 - FFE000674 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/26/07 | Jeff Strain | FBI VPs, et al. | Zaxbys Price Increase | FFE000675 - FFE000676 | 30 (b)(6) 6; FF 39; FBO 39 |
| 11/26/07 | Jeff Strain | Grady Messer | Upcoming Arby's Features – Montgomery market | FFE000677 - FFE000679 | 30 (b)(6) 6; FF 39; FBO 39 |
| 11/28/07 | Jeff Strain | Norris McDaniel | Hooters Price Increase effective December 10, 2007 | FFE000680 - FFE000682 | 30 (b)(6) 6; FF 39 |

**Representative Foodservice Pricing Information From Jeff Strain**

| | | | | | |
|---|---|---|---|---|---|
| 06/11/07 | Jeff Strain | Gary Nash | Price Increases to Hooters | FF002758 | |
| 06/27/07 | Jeff Strain | Mark Koestner | Prices Increases to Hardees | FF002759 | |
| 08/29/07 | Jeff Strain | Scott Sargent | Price Increases to Chick-Fil-A | FF002758 | |

8

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

**EXHIBIT H -**
**Charles Avera E-mails:**

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 6/9/07 | Charles Avera | Mike McCall | Follow up Target New Stores July | FFE000683 - FFE000686 | 30 (b)(6) 6; FF 39; FBO 39 |
| 6/13/07 | Charles Avera | Willie Prince | Target Market Pantry Price Increase | FFE000687 - FFE000688 | 30 (b)(6) 6; FF 39; FBO 39 |
| 6/27/07 | Charles Avera | Willie Prince | Target Price Change Forms | FFE000689 - FFE000698 | 30 (b)(6) 6; FF 39; FBO 39 |
| 6/27/07 | Kim Ford | Charles Avera | Opelika Price Increase for Target | FFE000699 - FFE000703 | 30 (b)(6) 6; FF 39; FBO 39 |
| 7/6/07 | Norris McDaniel | Charles Avera | DSD Vendor Issues Form: dept 261 | FFE000704 - FFE000712 | 30 (b)(6) 6; FF 39 |
| 7/6/07 | Grady Messer | Charles Avera | Target, Prattville, AL | FFE000713 | 30 (b)(6) 6; FF 39; FBO 39 |
| 7/6/07 | Charles Avera | Grady Messer | Follow Up Target New Stores July | FFE000714 - FFE000717 | 30 (b)(6) 6; FF 39; FBO 39 |
| 7/20/07 | Charles Avera | Willie Prince, et al. | Target – August 13th Pricing | FFE000718 - FFE000719 | 30 (b)(6) 6; FF 39; FBO 39 |
| 8/17/07 | Charles Avera | Willie Prince, et al. | Roman Meal Target | FFE000720 - FFE000721 | 30 (b)(6) 6; FF 39; FBO 39 |
| 9/18/07 | Charles Avera | Willie Prince, et al. | Target October New Stores POGs | FFE000722 - FFE000724 | 30 (b)(6) 6; FF 39; FBO 39 |
| 9/28/07 | Michael Lord | Bobby Massanelli, et al. | Price Increases | FFE000725 | 30 (b)(6) 6; FF 39; FBO 26, 39 |
| 9/28/07 | Charles Avera | Michael Lord | Price Increases | FFE000726 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/4/07 | Michael Lord | Charles Avera | Revised Cost Changes for Target | FFE000727 - FFE000731 | 30 (b)(6) 6; FF 39; FBO 39 |

**EXHIBIT I -**
**David Dodge, [Title] E-mails:**

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|------|------|------|------|
| 11/15/07 | David Johnson | FBI VPs | Regular Dollar General Price Increase Dec 3, 2007 | FFE000732 - FFE000765 | 30 (b)(6) 6; FF 39; FBO 39 |
| 6/22/07 | David Dodge | FBI VPs | Family Dollar Service Issues Wks 22, 23, 24 | FFE000766 – FFE000866 | 30 (b)(6) 6; FF 39; FBO 39 |
| 6/15/07 | David Dodge | Norris McDaniel | Dollar General Buyer on Vacation in Destin June 16th – June 23rd | FFE000867 | 30 (b)(6) 6; FF 39 |
| 6/15/07 | David Dodge | Mickey Miller | 16 oz. Sandwich Bread producing plant move to Savannah from Thomasville | FFE000868 - FFE000872 | 30 (b)(6) 6; FF 39 |
| 6/15/07 | Mickey Miller | David Dodge | 16 oz Sandwich Bread producing plant move to Savannah from Thomasville | FFE000873 - FFE000878 | 30 (b)(6) 6; FF 39 |
| 6/18/07 | Greg Jenkins | David Dodge | 16 oz. Sandwich Private Label for DG Markets (Region 1) | FFE000879 - FFE000885 | 30 (b)(6) 6; FF 39 |
| 6/28/07 | David Dodge | FBI VPs | Dollar General Conference Call – Update | FFE000886 - FFE000887 | 30 (b)(6) 6; FF 39; FBO 39 |
| 7/17/07 | David Dodge | FBI Regional Vice Presidents | YTD Numbers on Dollar Stores through 2nd Qtr | FFE000888 - FFE000890 | 30 (b)(6) 6; FF 39; FBO 39 |
| 7/18/07 | David Dodge | FBI VPs | 2007 Cobblestone Mill Stuffing – Authorized in Dollar Stores | FFE000891 - FFE000893 | 30 (b)(6) 6; FF 39; FBO 39 |
| 7/23/07 | David Dodge | Norris McDaniel | New Family Dollars Opening first couple weeks in August | FFE000894 - FFE000897 | 30 (b)(6) 6; FF 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 8/13/07 | David Dodge | FBI VPs | Dollar General Information for your Regional meetings | FFE000898 - FFE000903 | 30 (b)(6) 6; FF 39; FBO 39 |
| 8/15/07 | David Dodge | FBI VPs | Sharing a Dollar General Regional Presentation | FFE000904 - FFE000915 | 30 (b)(6) 6; FF 39; FBO 39 |
| 8/20/07 | David Dodge | Michael Lord | D General | FFE000916 | 30 (b)(6) 6; FF 39; FBO 39 |
| 9/18/07 | David Dodge | FBI VPs | Price Increase Information Needed – Dollar General & Family Dollar | FFE000917 - FFE000920 | 30 (b)(6) 6; FF 39; FBO 39 |
| 9/18/07 | Kim Ford | David Dodge | Dollar Store Price Increase from Opelika | FFE000921 - FFE000925 | 30 (b)(6) 6; FF 39; FBO 39 |
| 9/25/07 | Michael Lord | David Dodge | Dollar Store Increases from Opelika. Revised | FFE000926 - FFE000930 | 30 (b)(6) 6; FF 39; FBO 39 |
| 11/26/07 | David Dodge | FBI VPs | Dollar General, Family Dollar, Fred's new pricing starts next week | FFE000931 | 30 (b)(6) 6; FF 39; FBO 39 |
| 11/7/07 | David Dodge | FBI VPs | Progress on Dollar Store Cake Focus – 800 Stores no cake | | 30(b)(6) 6; FF 39; FBO 39 |
| 6/18/07 | Greg Jenkins | David Dodge, et al. | 16 oz Sandwich Private Label for DG Markets (Region 1) | | 30(b)(6) 6; FF 39; FBO 39 |
| 6/22/07 | David Dodge | FBI VPs | Family Dollar Service Issues Wks 22, 23, 24 | | 30(b)(6) 6; FF 39; FBO 39 |
| 6/28/07 | David Dodge | FBI VPs | Dollar General Conference Call – Update | | 30(b)(6) 6; FF 39; FBO 39 |
| 7/18/07 | David Dodge | FBI VPs | 2007 Cobblestone Mill Stuffing – Authorized in Dollar Stores | | 30(b)(6) 6; FF 39; FBO 39 |
| 8/20/07 | David Dodge | Michael Lord | D General | | 30(b)(6) 6; FF 39; FBO 39 |
| 9/18/07 | David Dodge | FBI VPs | Price Increase Information Needed – Dollar General & | | 30(b)(6) 6; FF 39; FBO 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

11

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|----|----|-------------|---------------------|
| | | | Family Dollar | | |
| 9/18/07 | Kim Ford | David Dodge | Dollar Store Price Increases from Opelika | | 30(b)(6) 6; FF 39; FBO 39 |
| 11/26/07 | David Dodge | FBI VPs | Dollar General, Family Dollar, Fred's new pricing starts next week | | 30(b)(6) 6; FF 39; FBO 39 |
| 7/17/07 | David Dodge | FBI Regional Vice Presidents | YTD Numbers on Dollar Stores Through 2nd Qtr | | 30(b)(6) 6; FF 39; FBO 39 |
| 8/15/07 | David Dodge | FBI VPs | Sharing a Dollar General Regional Presentation | | 30(b)(6) 6; FF 39; FBO 39 |
| 6/15/07 | David Dodge | Norris McDaniel | Dollar General Buyer on Vacation in Destin June 16th – June 23 | | 30(b)(6) 6; FF 39; FBO 39 |
| 6/15/07 | David Dodge | Mickey Miller | 16 oz. Sandwich Bread producing plant move to Savannah from Thomasville | | 30(b)(6) 6; FF 39; FBO 39 |
| 6/15/07 | Mickey Miller | David Dodge | 16 oz. Sandwich Bread producing plant move to Savannah from Thomasville | | 30(b)(6) 6; FF 39; FBO 39 |
| 7/23/07 | David Dodge | Norris McDaniel | New Family Dollars Opening First Couple Weeks in August | | 30(b)(6) 6; FF 39; FBO 39 |
| 8/13/07 | David Dodge | FBI VPs | Dollar General Information for your Regional meetings | | 30(b)(6) 6; FF 39; FBO 39 |
| 11/15/07 | David Dodge | FBI VPs | Regular Dollar General Price Increase Dec 3, 2007 | | 30(b)(6) 6; FF 39; FBO 39 |

**EXHIBIT J-**
**David Johnson, [Title], E-mails:**

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 8/17/06 | David Johnson | Norris McDaniel | New Natures Own Ovals/ Southern Family Markets | FFE000932 – FFE000935 | 30 (b)(6) 6; FF 39 |
| 8/29/06 | David Johnson | Betty Easterling | Bruno/Bi-Lo and SFM | FFE000936 | 30 (b)(6) 6; FF 39; FBO 39 |
| 9/5/06 | David Johnson | Michael Lord, et al. | Bilos Incremental end cap results | FFE000937 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/31/06 | David Johnson | Curtis Lyons | Cooler toppers front end schedule | FFE000938 - FFE000942 | 30 (b)(6) 6; FF 39 |
| 11/27/06 | David Johnson | Norris McDaniel | Store #213 | FFE000943 | 30 (b)(6) 6; FF 39 |
| 11/30/06 | David Johnson | Michael Lord | Natures own full ovals | FFE000944 - FFE000948 | 30 (b)(6) 6; FF 39; FBO 39 |
| 1/17/07 | David Johnson | Norris McDaniel | Derst | FFE000949 | 30 (b)(6) 6; FF 39 |
| 2/8/07 | David Johnson | Betty Easterling | Bruno Price Changes-Opelika Plant | FFE000950 - FFE000962 | 30 (b)(6) 6; FF 39; FBO 39 |
| 3/12/07 | David Johnson | Grady Messer | Bilo/Bruno display approved | FFE000963 - FFE000987 | 30 (b)(6) 6; FF 39; FBO 39 |
| 3/22/07 | David Johnson | Mickey Miller | Bilo/Bruno ad | FFE000988 - FFE000989 | 30 (b)(6) 6; FF 39 |
| 3/27/07 | David Johnson | Steve Bordeaux | Tornado victims urgent relief fund/SFM | FFE000990 - FFE000993 | 30 (b)(6) 6; FF 39; FBO 39 |
| 5/10/07 | David Johnson | Beverly Wojtas | Honey Wheat Contest | FFE000994 - FFE000996 | 30 (b)(6) 6; FF 39 |
| 5/17/07 | David Johnson | Beverly Tierce | Honey Wheat Contest | FFE000997 - FFE000998 | 30 (b)(6) 6; FF 39 |
| 6/29/07 | David Johnson | Norris McDaniel | SFM – Piggy Wiggly conversion | FFE000999 - FFE001000 | 30 (b)(6) 6; FF 39 |
| 7/3/07 | David Johnson | Norris McDaniel | Cost changes | FFE001001 | 30 (b)(6) 6; FF 39 |

EXHIBITS TO I 23 08 DOCUMENT PRODUCTION LETTER

13

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 7/3/07 | David Johnson | Michael Lord | Southern family markets out of stocks tag – resets reminder | FFE001002 - FFE001005 | 30 (b)(6) 6; FF 39; FBO 39 |
| 7/16/07 | David Johnson | Beverly Wojtas | Bilo-Bruno ad period 9 august 15 through September 11 | FFE001006 | 30 (b)(6) 6; FF 39 |
| 7/20/07 | David Johnson | Michael Lord | Bruno days of Service FYI | FFE001007 - FFE001111 | 30 (b)(6) 6; FF 39; FBO 39 |
| 7/30/07 | David Johnson | Curtis Lyons | Flowers Commercial Baked Goods Back to School – Sales Contest | FFE001012 - FFE001013 | 30 (b)(6) 6; FF 21, 30, 39; FBO 21, 30, 39; FBT 21, 30 |
| 8/8/07 | David Johnson | Beverly Wojtas | CSM Muffins in the Bilo ad week 33-36 | FFE001014 | 30 (b)(6) 6; FF 39 |
| 9/17/07 | Michael Lord | Ricky Ward | Poor Bread Service | FFE001015 - FFE001016 | 30 (b)(6) 6; FF 39; FBO 39 |
| 9/24/07 | David Johnson | Michael Lord | Auburn Brunos | FFE001017 | 30 (b)(6) 6; FF 39; FBO 39 |
| 9/28/07 | David Johnson | Michael Lord | Price Increases | FFE001018 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/04/07 | Michael Lord | David Johnson | Revised SFM Cost Changes | FFE001019 - FFE001024 | 30 (b)(6) 6; FF 39; FBO 39 |
| 11/12/07 | Grady Messer | David Johnson | Prices, Brunos, Foodworld | FFE001025 - FFE001027 | 30 (b)(6) 6; FF 39; FBO 39 |
| 11/12/07 | David Johnson | Norris McDaniel | CSM stuffing in SFM | FFE001028 - FFE001032 | 30 (b)(6) 6; FF 39 |
| 11/27/07 | David Johnson | Beverly Wojtas | Bilo Bruno ad notice January 2 | FFE001033 | 30 (b)(6) 6; FF 39 |
| 12/4/07 | David Johnson | Beverly Wojtas, et al. | Bilo Bruno store hours for Christmas eve | FFE001034 | 30 (b)(6) 6; FF 39 |

## EXHIBIT K
### Doug Brown, [Title], E-mails:

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 6/4/07 | Shane Red | Doug Brown | SAMS – Spoleto Breadsticks sales update | FFE001035 - FFE001036 | 30 (b)(6) 6; FF 39 |
| 6/4/07 | Norris McDaniel | Bobby Massanelli | Re-Sets | FFE001037 | 30 (b)(6) 6; FF 39 |
| 6/5/07 | Joye Wilson | Robbie Watkins, et al. | SAM'S Club Bulk Buns Tuesday, June 5th | FFE001038 - FFE001040 | 30 (b)(6) 6; FF 39 |
| 6/12/07 | David Scott | David Roach | WMSC Resets | FFE001041 | 30 (b)(6) 6; FF 39 |
| 6/13/07 | Doug Brown | David Roach | WMSC Resets | FFE001042 - FFE001043 | 30 (b)(6) 6; FF 39 |
| 6/20/07 | David Scott | Doug Brown | Week 24 Schedule | FFE001044 - FFE001072 | 30 (b)(6) 6; FF 39 |
| 6/22/07 | Norris McDaniel | Doug Brown | Walmart Thomasville Road and Sam's | FFE001073 | 30 (b)(6) 6; FF 39 |
| 6/26/07 | Heath Peters | David Scott, et al. | Artisian Mill Weekly Report – Totals by VP | FFE001074 - FFE001077 | 30 (b)(6) 6; FF 39 |
| 7/5/07 | Doug Brown | Michael Lord | George Weston information needed | FFE001078 - FFE001079 | 30 (b)(6) 6; FF 39; FBO 39 |
| 7/10/07 | Shane Red | Robbie Watkins, et al. | SAMS – Top 25 Clubs – Flowers 16ct hots | FFE001080 - FFE001081 | 30 (b)(6) 6; FF 39 |
| 7/18/07 | David Roach | FBI VPs | Cobblestone Mill Slects Weekly Report – Totals by VP | FFE001082 - FFE001085 | 30 (b)(6) 6; FF 39; FBO 39 |
| 7/31/07 | Joye Wilson | Robbie Watkins, et al. | SAMS Club Bulk Bun Pos Tuesday July 31st | FFE001086 - FFE001088 | 30 (b)(6) 6; FF 39 |
| 8/27/07 | Doug Brown | FBI VPs | Roman Meal Whole Grain Wheat | FFE001089 | 30 (b)(6) 6; FF 39; FBO 39 |
| 9/4/07 | Michael Lord | Doug Brown | Sam's Club Out of Stocks | FFE001090 | 30 (b)(6) 6; FF 39; FBO 39 |

15

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 9/5/07 | Michael Lord | Doug Brown | Sam's Club Out of Stocks | FFE001091 - FFE001092 | 30 (b)(6) 6; FF 39; FBO 39 |
| 9/12/07 | Steve Bordeaux | Brent Bradshaw, et al. | Cmill Selects Dinner Roll Conf Call Notes | FFE001093 - FFE001094 | 30 (b)(6) 6; FF 39; FBO 39 |
| 9/12/07 | Steve Bordeaux | Brent Bradshaw, et al. | Costing | FFE001095 - FFE001099 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/2/07 | Shane Red | John Gilmer, et al. | SAMS – Region 1 suggested price increase | FFE001100 - FFE001118 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/15/07 | Doug Brown | Michael Lord | PL Increase | FFE001119 | 30 (b)(6) 6; FF 39; FBO 39 |
| 11/27/07 | Shane Red | Doug Brown | SAMs Cancellations | FFE001120 - FFE001121 | 30 (b)(6) 6; FF 39; FBO 39 |
| 12/5/07 | Shane Red | Norris McDaniel | SAMs – price increase | FFE001122 - FFE001130 | 30 (b)(6) 6; FF 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

**EXHIBIT L -**
**Bobby Massanelli, [TITLE] E-mails:**

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 6/19/07 | Doug Brown | Paul Frankum | Week 24 Schedule | FFE001131 - FFE001159 | 30 (b)(6) 6; FF 39 |
| 6/4/07 | Norris McDaniel | Bobby Massanelli | Re-Sets | FFE001160 | 30 (b)(6) 6; FF 39 |
| 6/6/07 | Michael Lord | Bobby Massanelli | Buns 2 for $3.00 | FFE001161 - FFE001162 | 30 (b)(6) 6; FF 39; FBO 39 |
| 6/7/07 | Norris McDaniel | Bobby Massanelli | WMart Centerville GA | FFE001163 - FFE001179 | 30 (b)(6) 6; FF 39 |
| 6/15/07 | Norris McDaniel | Bobby Massanelli | Wal-Mart COMAC Flowers WKs 26 & 27 (06023 thru 07/06) | FFE001180 - FFE001209 | 30 (b)(6) 6; FF 39 |
| 6/19/07 | Michael Lord | Bobby Massanelli | Opelika Price Changes | FFE001210 - FFE001215 | 30 (b)(6) 6; FF 39; FBO 39 |
| 6/19/07 | Norris McDaniel | Bobby Massanelli | WalMart Comax | FFE001216 | 30 (b)(6) 6; FF 39 |
| 6/21/07 | Michael Lord | Bobby Massanelli | Opelika Price Changes for Derst Products | FFE001217 - FFE001219 | 30 (b)(6) 6; FF 39; FBO 39 |
| 6/28/07 | Bobby Massanelli | Michael Lord | Natures Own Hny Wheat Ham/Hots | FFE001220 | 30 (b)(6) 6; FF 39; FBO 39 |
| 6/28/07 | Bobby Massanelli | Norris McDaniel | Natures Own Hny Wheat Ham/Hots | FFE001221 | 30 (b)(6) 6; FF 39 |
| 7/17/07 | Bobby Massanelli | FBI VPs | Wal-Mart Rollback Breakfast Items | FFE001222 - FFE001223 | 30 (b)(6) 6; FF 39; FBO 26, 39 |
| 7/25/07 | Steve Bordeaux | Bobby Massanelli | Wal mart P/Label price increase | FFE001224 | 30 (b)(6) 6; FF 39; FBO 26, 39 |
| 7/25/07 | Bobby Massanelli | Steve Bordeaux | Wal mart P/Label price increase | FFE001225 | 30 (b)(6) 6; FF 39; FBO 26, 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 8/1/07 | Bobby Massanelli | FBI VPs | New Roman Meal Whole Wheat Bread | FFE001226 | 30 (b)(6) 6; FF 39; FBO 39 |
| 8/2/07 | Bobby Massanelli | FBI Vs | New Roman Meal Whole Wheat Bread 24 oz. | FFE001227 - FFE001228 | 30 (b)(6) 6; FF 39; FBO 39 |
| 8/17/07 | Steve Bordeaux | Brad Alexander | Wal-Mart – Columbus | FFE001229 | 30 (b)(6) 6; FF 39; FBO 39 |
| 8/20/07 | David Roach | Bobby Massanelli, et al. | Wal-Mart – Columbus | FFE001230 - FFE001231 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/10/07 | Mickey Miller | Bobby Massanelli | CSM Select | FFE001232 | 30 (b)(6) 6; FF 39 |
| 10/10/07 | Michael Lord | Bobby Massanelli | New Store Information Feb. Openings | FFE001233 - FFE001249 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/11/07 | Kim Ford | Bobby Massanelli, et al. | Wal-Mart Price Increases for Opelika | FFE001250 - FFE001258 | 30 (b)(6) 6; FF 39; FBO 26, 39 |
| 10/11/07 | Bobby Massanelli | FBI VPs | Wal-Mart Modular Update | FFE001259 - FFE001260 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/18/07 | Bobby Massanelli | FBI VPs | Wal-Mart Rollback Breakfast Items | FFE001261 - FFE001264 | 30 (b)(6) 6; FF 39; FBO 39 |
| 11/19/07 | Bobby Massanelli | FBI VPs | Wal-Mart Name Brand Wholesale Change | FFE001265 | 30 (b)(6) 6; FF 39; FBO 39 |
| 11/27/07 | Bobby Massanelli | Michael Lord | Wal Mart PL in Columbus GA | FFE001266 | 30 (b)(6) 6; FF 39; FBO 39 |
| 10/11/07 | Bobby Massanelli | Michael Lord | Wal-Mart Shelf Space | FFE001267 | 30 (b)(6) 6; FF 39; FBO 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

EXHIBIT M -
Robert Meadows, [Title] E-mails:

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 12/18/06 | Robert Meadows | Willie Prince, et al. | Winn Dixie DSD Forms | FFE001268 - FFE001272 | 30(b)(6) 6; FF 39; FBO 39 |
| 1/29/07 | Robert Meadows | Stephanie Logue | Winn Dixie Promotional Ad Item for Feb. 14th | FFE001273 - FFE001275 | 30(b)(6) 6; FF 39; FBO 39 |
| 5/7/07 | Robert Meadows | Gina Schwarzkopf | Offer Status – New Items | FFE001276 - FFE001277 | 30(b)(6) 6; FF 39; FBO 39 |
| 7/3/07 | Robert Meadows | Vickie Mixon, et al. | Winn Dixie Good Til' Fall | FFE001278 - FFE001281 | 30(b)(6) 6; FF 39; FBO 39 |
| 9/4/07 | Robert Meadows | Vickie Mixon, et al. | Winn Dixie Promotional Ad Items for Sept. 19th | FFE001282 - FFE001284 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/29/07 | Robert Meadows | Norris McDaniel, et al. | Winn Dixie Stickers & Retail Adjustments | FFE001285 - FFE001286 | 30(b)(6) 6; FF 39; FBO 39 |
| 12/18/06 | Robert Meadows | Smitty Stephens | Clux Deluxe Sandwiches | FFE001287 - FFE001289 | 30(b)(6) 6; FF 39 |
| 1/2/07 | Robert Meadows | Norris McDaniel | Winn Dixie | FFE001290 | 30(b)(6) 6; FF 39 |
| 3/5/07 | Robert Meadows | Mickey Miller | Winn Dixie Promotional Ad for March 21st | FFE001291 - FFE001293 | 30(b)(6) 6; FF 39 |
| 5/29/07 | Robert Meadows | Norris McDaniel | Butterbread BOGO Winn Dixie | FFE001294 | 30(b)(6) 6; FF 39 |
| 7/9/07 | Robert Meadows | Norris McDaniel | Vendors | FFE001295 - FFE001296 | 30(b)(6) 6; FF 39 |
| 9/28/07 | Robert Meadows | Vickie Mixon, et al. | Winn Dixie & Save Rite Promotional Ad Items for Oct. 17th | FFE001297 - FFE001299 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/8/07 | Robert Meadows | Chris Mulford, et al. | Capt John Derst for Thomasville | FFE001300 - FFE001302 | 30(b)(6) 6; FF 39 |

19

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 11/19/07 | Robert Meadows | Norris McDaniel, et al. | Winn Dixie Re-Grand Openings 12-5-07 | FFE001303 | 30(b)(6) 6; FF 39; FBO 39 |
| 9/30/06 | Robert Meadows | Ricky Ward, et al. | Very Important Visit | FFE001304 - FFE001305 | 30(b)(6) 6; FF 39; FBO 39 |
| 4/25/07 | Robert Meadows | Steve Bordeaux | Winn Dixie Features | FFE001306 - FFE001307 | 30(b)(6) 6; FF 39; FBO 39 |
| 5/31/07 | Robert Meadows | Willie Prince, et al. | Winn Dixie DSD Ad Items > June 6th Ad | FFE001308 - FFE001309 | 30(b)(6) 6; FF 39; FBO 39 |
| 7/10/07 | Robert Meadows | Willie Prince, et al. | Cobblestone Mill Stuffing projection update | FFE001310 - FFE001312 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/8/07 | Robert Meadows | Vickie Mixon, et al. | Winn Dixie & SaveRite Promotional Ad Items for Aug. 29th | FFE001313 - FFE001315 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/9/07 | Robert Meadows | Duane Pope, et al. | Winn Dixie Promotional Ad Items for Oct. 31st | FFE001316 - FFE001318 | 30(b)(6) 6; FF 39; FBO 39 |
| 12/7/07 | Robert Meadows | Duane Pope, et al. | Winn Dixie & SaveRite Promotional Ad Items Dec. 26th | FFE001319 - FFE001321 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/22/06 | Robert Meadows | Michael Lord | Winn Dixie Promotional Ad Items for Sept. 6th | FFE001322 - FFE001326 | 30(b)(6) 6; FF 39; FBO 39 |
| 12/18/06 | Robert Meadows | Betty Easterling | WD Period 1 FY07 Features | FFE001327 - FFE001328 | 30(b)(6) 6; FF 39; FBO 39 |
| 1/25/07 | Robert Meadows | Michael Lord, et al. | Grand Re-Opening > Columbus, GA | FFE001329 - FFE001331 | 30(b)(6) 6; FF 39; FBO 39 |
| 6/6/06 | Robert Meadows | Michael Lord | Bun Prices | FFE001332 - FFE001334 | 30(b)(6) 6; FF 39; FBO 39 |
| 6/15/07 | Grady Messer | Robert Meadows | Winn Dixie Re-Grand Openings | FFE001335 | 30(b)(6) 6; FF 39; FBO 39 |
| 6/19/07 | Betty Easterling | Robert Meadows | Opelika Price Changes | FFE001336 - | 30(b)(6) 6; FF 39; FBO 39 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|----|----|-------------|---------------------|
| 9/20/07 | Michael Lord | Grady Messer, et al. | Winn Dixie features | FFE001337 | 30(b)(6) 6; FF 39; FBO 39 |
| 9/28/07 | Robert Meadows | Michael Lord | Price Increases | FFE001338 - FFE001339 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/13/03 | Robert Meadows | Michael Lord | PL Increase | FFE001340 - FFE001342 | 30(b)(6) 6; FF 39; FBO 39 |
| | | | | FFE001343 | 30(b)(6) 6; FF 39; FBO 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

**EXHIBIT N -**

Bonnie Harrison, [Title], Flowers Baking Co. of Thomasville, E-mails:

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 9/19/06 | Bonnie Harrison | Nancy Plymale | Update to Distributor Coordinator Manual | FBTE000730 – FBTE000741 | 30 (b)(6) 4, 9, 10 |
| 9/27/06 | Bonnie Harrison | Nancy Plymale | Distributor Documents for Funding | FBTE000742 – FBTE000743 | 30 (b)(6) 4, 9, 10 |
| 12/05/06 | Bonnie Harrison | Nancy Plymale | BOA residents | FBTE000744 | 30 (b)(6) 8 |
| 12/27/06 | Bonnie Harrison | Nancy Plymale | Bank of America & Synovus | FBTE000745 – FBTE000746 | 30 (b)(6) 8 |
| 1/2/07 | Bonnie Harrison | Kim Thompson | New BOA Credit Application | FBTE000747 – FBTE000751 | 30 (b)(6) 8-10 |
| 1/23/07 | Bonnie Harrison | Nancy Plymale | BOA Purchase of Synovus Leases | FBTE000752 – FBTE000755 | 30 (b)(6) 8 |
| 3/20/07 | Bonnie Harrison | Nancy Plymale | BofA Announcement | FBTE000756 – FBTE000762 | 30 (b)(6) 8, 9 |
| 6/4/07 | Wayne Parmer | Johnny Shepard | Bobby Kirkland | FBTE000763 – FBTE000765 | 30 (b)(6) 5, 9 |
| 6/5/07 | Wayne Parmer | Johnny Shepard | Kirkland | FBTE000766 – FBTE000767 | 30 (b)(6) 5, 9 |
| 6/14/07 | Bonnie Harrison | Nancy Plymale | UCC1 in UFOC | FBTE000768 – FBTE000769 | 30 (b)(6) 8, 9 |
| 6/18/07 | Bonnie Harrison | Nancy Plymale | BofA Leasing | FBTE000770 – FBTE000771 | 30 (b)(6) 8, 9 |
| 6/22/07 | Bonnie Harrison | Nancy Plymale | Distributor Legal Name Requirement | FBTE000772 – FBTE000773 | 30 (b)(6) 5, 9 |
| 7/13/07 | David Johnson | Rick Hardy, et al. | Bilo Bill back process information | FBTE000774 – FBTE000775 | 30 (b)(6) 6, 9; FF 39 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 8/2/07 | Chuck Rich | Johnny Shepard | Thomasville 2007 UFOC | FBTE000776 – FBTE000834 | 30 (b)(6) 4, 8-10 |
| 8/13/07 | Wayne Parmer | Kim Thompson | Robert Lloyd Garnishment | FBTE000835 – FBTE000850 | 30 (b)(6) 5, 9 |
| 8/20/07 | Chuck Rich | Johnny Shepard | BofA Leasing | FBTE000851 – FBTE000857 | 30 (b)(6) 8, 9 |
| 8/20/07 | Bonnie Harrison | Nancy Plymale | BofA Leasing | FBTE000858 – FBTE000859 | 30 (b)(6) 8, 9 |
| 8/22/06 | Bonnie Harrison | Johnny Shepard | UFOC & Conference Call – Thomasville | FBTE000860 – FBTE000916 | 30 (b)(6) 4, 8-10 |
| 8/23/07 | Gina Griner | Angela Steele, et al. | Distributor Funding Requirements and Refreshers | FBTE000917 – FBTE000919 | 30 (b)(6) 8, 9 |
| 8/23/07 | Bonnie Harrison | Nancy Plymale | Distributor Funding Requirements and Refreshers | FBTE000920 – FBTE000923 | 30 (b)(6) 8, 9 |
| 9/10/07 | Bonnie Harrison | Nancy Plymale | BOA doc fees | FBTE000924 | 30 (b)(6) 8, 9 |
| 10/1/07 | Wayne Parmer | Dist. Coord. and Controllers | Unified Carrier Registration Program | FBTE000925 | 30 (b)(6) 8, 9; FBO 5 |
| 10/1/07 | Bonnie Harrison | Nancy Plymale | Unified Carrier Registration Program | FBTE000926 | 30 (b)(6) 8, 9; FBO 5 |
| 10/16/07 | Kim Thompson | Bonnie Harrison | Driving Safety/Training Material | FBTE000927 – FBTE000929 | 30 (b)(6) 5, 9; FBO 5 |
| 10/16/07 | Bonnie Harrison | Natalie Simpson | Driving Safety/Training Material | FBTE000930 – FBTE000932 | 30 (b)(6) 5, 9; FBO 5 |
| 10/29/07 | Wayne Parmer | Dist. Coord. and Controllers | Budget truck rental locations | FBTE000933 – FBTE000985 | 30 (b)(6) 5, 9; FBO 5 |
| 7/31/07 | Wayne Parmer | Dist Coord. and Controllers | Distributor Checklist | FBTE000986 – FBTE000991 | 30 (b)(6) 5, 9; FBO 5 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

## EXHIBIT O -
### Michael Lord, Vice President of Sales, Flowers Baking Co. of Opelika, E-mails:

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|----|----|-------------|---------------------|
| 11/01/06 | Grady Messer | Jerry Woodham | Price Allowance Charge Back | FBOE000700 | FBO 3 |
| 11/1/06 | Michael Lord | Steve Bordeaux | Price Allowance Charge Back | FBOE000701 | FBO 3 |
| 1/4/07 | Grady Messer | Michael Lord | Artisan Mill Weekly Units Sold Report | FBOE000702 - FBOE000707 | FBO 3 |
| 10/15/07 | Grady Messer | Michael Lord | Doug Branch, Muffins | FBOE000708 | FBO 3 |
| 10/15/07 | Michael Lord | Steve Bordeaux | Doug Branch, Muffins | FBOE000709 | FBO 3 |
| 10/16/06 | Michael Lord | Grady Messer, et al. | Distributor NO Pays Week 41 | FBOE000710 | FBO 3 |
| 6/6/07 | Grady Messer | Michael Lord | DeWayne Cleveland, Mother | FBOE000711 | FBO 3 |
| 10/22/07 | Michael Lord | Grady Messer, et al. | Distributor No Pays | FBOE000712 | FBO 3 |
| 10/23/07 | Grady Messer | Michael Lord | Distributor No Pays | FBOE000713 | FBO3 |
| 10/23/07 | 064 Branch | Grady Messer | Distributor No Pays | FBOE000714 | FBO 3 |
| 4/11/06 | 065 Branch | Ricky Ward | Payment | FBOE000715 | FBO 3 |
| 5/8/06 | Ricky Ward | Michael Lord | Distributor No Pays Week 18 | FBOE000716 | FBO 3 |
| 8/28/06 | Michael Lord | Grady Messer, et al. | Distributor Payments | FBOE000717 | FBO 3 |
| 9/25/06 | Michael Lord | Grady Messer, et al. | Distributor No Pays Week 37 | FBOE000718 | FBO 3 |
| 10/10/06 | Michael Lord | Grady Messer, et al. | Distributor No Pays Week 40 | FBOE000719 | FBO 3 |
| 10/23/06 | Michael Lord | Grady Messer | Distributor No Pays Week 42 | FBOE000720 | FBO 3 |
| 11/6/06 | Michael Lord | Grady Messer, et al. | Distributor No Pays Week 44 | FBOE000721 | FBO 3 |
| 11/20/06 | Michael Lord | Grady Messer, et al. | Distributor No Pays | FBOE000722 | FBO 3 |
| 11/20/06 | Michael Lord | Ricky Ward | Distributor No Pays | FBOE000723 - FBOE000725 | FBO 3 |
| 10/21/05 | 064 Branch | Michael Lord | Route 2055 Shrink | FBOE000726 | FBO 3 |
| 3/2/06 | Grady Messer | Michael Lord, et al. | New Stale Budgets FY 2006 | FBOE000727 | FBO 3 |
| 9/2/06 | 064 Branch | Grady Messer | Stale Report | FBOE000728 | FBO 3 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

24

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 9/16/06 | 064 Branch | Grady Messer | Stale Report | FBOE000729 | FBO 3 |
| 9/29/06 | Michael Lord | Grady Messer, et al. | PBS Shrink | FBOE000730 | FBO 3 |
| 10/4/06 | Michael Lord | Grady Messer | Route 2055 Misc Cash Analysis | FBOE000731 - FBOE000732 | FBO 3 |
| 10/12/06 | Michael Lord | Grady Messer, et al. | PBS Watch List | FBOE000733 | FBO 3 |
| 10/16/06 | Michael Lord | Grady Messer | Route 2055 Product Conversions | FBOE000734 - FBOE000735 | FBO 3 |
| 10/31/06 | Michael Lord | Grady Messer | Prison Misc Cash Accounts Check Up | FBOE000736 | FBO 3 |
| 10/31/06 | Michael Lord | Grady Messer | Route 2055 | FBOE000737 - FBOE000738 | FBO 3 |
| 10/31/06 | Michael Lord | Grady Messer | Route 2055 | FBOE000739 - FBOE000742 | FBO 3 |
| 10/31/06 | Michael Lord | Grady Messer | Route 2055 Week 42 | FBOE000743 - FBOE000748 | FBO 3 |
| 11/1/06 | Grady Messer | Jerry Woodham | Price Allowance Charge Back | FBOE000749 | FBO 3 |
| 11/1/06 | Michael Lord | Steve Bordeaux | Price Allowance Charge Back | FBOE000750 | FBO 3 |
| 11/8/06 | Michael Lord | Grady Messer | 2055 Product Conversion for Week 44 | FBOE000751 - FBOE000757 | FBO 3 |
| 11/20/06 | Michael Lord | Grady Messer | 2055 Charge Back | FBOE000758 - FBOE000767 | FBO 3 |
| 2/9/07 | 067 Branch | Grady Messer | Missing Product | FBOE000768 | FBO 3 |
| 3/9/07 | Michael Lord | Grady Messer, et al. | Shrink Reports | FBOE000769 | FBO 3 |
| 4/6/07 | Michael Lord | Grady Messer, et al. | Shrink Reports | FBOE000770 | FBO 3 |
| 5/25/07 | Michael Lord | 069 Branch, et al. | Problem PBS Routes | FBOE000771 | FBO 3 |
| 5/25/07 | 064 Branch | Michael Lord | Problem PBS Routes | FBOE000772 | FBO 3 |
| 5/25/07 | Michael Lord | 064 Branch | Problem PBS Routes | FBOE000773 | FBO 3 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 6/9/07 | 064 Branch | Michael Lord | Wal-Mart Rack Info Needed | FBOE000774 - FBOE000775 | FBO 3 |
| 10/14/05 | 064 Branch | Michael Lord, et al. | Snoball Shippers in Dollar Stores | FBOE000776 - FBOE000778 | FBO 3 |
| 9/7/06 | Michael Lord | Grady Messer, et al. | Roman Meal – 4th Weeks Results – Distributor Contest | FBOE000779 - FBOE000845 | FBO 3 21, 30 |
| 10/10/06 | Michael Lord | Grady Messer, et al. | Distributor No Pays for Week 40 | FBOE000846 | FBO 3 |
| 6/8/06 | 064 Branch | Michael Lord | Lew Baxter's Snowballs in WalMart | FBOE000847 | FBO 3 |
| 8/17/06 | Michael Lord | Grady Messer, et al. | Roman Meal – 1st Weeks Results – Distributor Contest | FBOE000848 - FBOE000892 | FBO 3, 21, 30 |
| 9/25/06 | Michael Lord | Donna Greek | Roman Mill Winner | FBOE000893 | FBO 3, 21, 30 |
| 9/29/06 | Michael Lord | Grady Messer, et al. | Roman Meal Contest – Boat and Fishing Trip Winners | FBOE000894 - FBOE000895 | FBO 3, 21, 30 |
| 9/30/06 | 064 Branch | Michael Lord | R. Meal Info for Lew Baxter (Fishing Trip) | FBOE000896 | FBO 3, 21, 30 |
| 10/2/06 | Michael Lord | Donna Greek | R. Meal Info for Lew Baxter (Fishing Trip) | FBOE000897 | FBO 3, 21, 30 |
| 12/6/06 | 064 Branch | Bobby Clary | Accounts that need to be deleted from Lew Baxter's HHC | FBOE000898 | FBO 3 |
| 1/11/07 | Michael Lord | 064 Branch | Accounts that need to be deleted from Lew Baxter's HHC | FBOE000899 | FBO 3 |
| 4/13/07 | Michael Lord | Chuck Rich | Lew Baxter | FBOE000900 - FBOE000901 | FBO 3 |
| 4/17/07 | Chuck Rich | Gene Lord | Lou Baxter – Montgomery Distributor | FBOE000902 | FBO 3 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 4/17/07 | Michael Lord | Chuck Rich | Lou Baxter – Montgomery Distributor | FBOE000903 - FBOE000904 | FBO 3 |
| 8/21/07 | 064 Branch | Michael Lord | C-Stores and Drug Stores without Cakes | FBOE000905 - FBOE000909 | FBO 3 |
| 11/3/06 | Chuck Rich | Johnny Shepard, et al. | 2007 Medical Plan Confirmation Notices | FBOE000910 - FBOE000911 | 30 (b)(6) 5, 9; FBO 13 |
| 11/14/06 | Steve Bordeaux | Brad Alexander | A couple of distributor issues | FBOE000912 - FBOE000913 | 30(b)(6) 5, 9 |
| 12/5/06 | Michael Lord | Wayne Parmer | Big Lots | FBOE000914 | 30 (b)(6) 5, 9 |
| 12/5/06 | Michael Lord | Ricky Ward | Big Lots | FBOE000915 | 30 (b)(6) 5, 9 |
| 12/26/06 | Chuck Rich | Johnny Shepard, et al. | Bank of America & Synovus | FBOE000916 - FBOE000917 | 30 (b)(6) 5, 9 |
| 1/26/07 | Dan Shubert | Angela Steele, et al. | 2007 Tram Norris Allstate Independent Distributor Scholarship Fund | FBOE000918 - FBOE000927 | FBO 3, 5 |
| 2/7/07 | Michael Lord | Wayne Parmer | Adding Subsidy to a Distributor that loses a key account | FBOE000928 | 30(b)(6) 5, 9 |
| 2/28/07 | Wayne Parmer | Michael Lord | Adding Subsidy to a Distributor that loses a key account | FBOE000929 | 30 (b)(6) 5, 9 |
| 2/8/07 | Michael Lord | Steve Bordeaux | Adding Subsidy to a Distributor that loses a key account | FBOE000930 | 30 (b)(6) 5, 9 |
| 6/30/07 | Don Adkins | Michael Lord | Q/Curtis Sears #2117 | FBOE000931 - FBOE000934 | 30(b)(6) 8-9 |
| 7/5/07 | Chuck Rich | Steve Bordeaux, et al. | Curtis Sears | FBOE000935 - FBOE000938 | 30(b)(6) 8-9 |
| 8/1/07 | Michael Lord | Wayne Parmer, et al. | 2117 | FBOE000939 - | 30(b)(6) 8-9 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|----|----|-------------|---------------------|
| | | | | FBOE000943 | |
| 8/1/07 | Michael Lord | Wayne Parmer, et al. | 2117 | FBOE000944 | 30(b)(6) 8-9 |
| 8/2/07 | Michael Lord | Ricky Ward | 2117 | FBOE000945 - FBOE000950 | 30(b)(6) 8-9 |
| 8/2/07 | Chuck Rich | Steve Bordeaux, et al. | 2117 | FBOE000951 - FBOE000957 | 30(b)(6) 8-9 |
| 9/6/07 | Michael Lord | Grady Messer, et al. | Roman Meal Wk#35 Contest Results | FBOE000958 - FBOE000969 | FBO 21 |
| 10/16/07 | Chuck Rich | Johnny Shepard, et al. | Driving Safety/Training Material | FBOE000970 - FBOE000972 | 30(b)(6) 5, 9 |
| 10/16/07 | Michael Lord | Steve Bordeaux, et al. | Driving Safety/Training Material | FBOE000973 - FBOE000975 | 30(b)(6) 5,9 |
| 10/26/07 | Michael Lord | Wayne Parmer | Budget Trucks | FBOE000976 | 30(b)(6) 5, 9 |
| 10/29/07 | Wayne Parmer | Dist Coord and Controllers | Budget Truck Rental Locations | FBOE000977 | 30(b)(6) 5, 9 |
| 10/30/07 | Wayne Parmer | Willie Prince, et al. | Training Manual Overview | FBOE000978 - FBOE000980 | 30(b)(6) 5, 8-9; FBO 19 |
| 11/30/07 | Steve Bordeaux | Michael Lord | Adding Derst Products | FBOE000981 - FBOE000986 | 30(b)(6) 4, 9, 10 |
| 11/30/07 | Michael Lord | Don Adkins | Adding Derst Products | FBOE000987 - FBOE000992 | 30(b)(6) 4, 9, 10 |
| 8/17/06 | Michael Lord | Grady Messer, et al. | Roman Meal – 1st Weeks Results—Distributor Contest | FBOE000993 - FBOE01007 | FBO 3, 21, 30 |
| 9/25/06 | Michael Lord | Donna Greek | Roman Mill Winner | FBOE001008 | FBO 3, 21, 30 |
| 9/29/06 | Michael Lord | Grady Messer, et al. | Roman Meal Contest – Boat and Fishing Trip Winners | FBOE001009 - FBOE001010 | FBO 3, 21, 30 |
| 12/6/06 | 064 Branch | Bobby Clary | Accounts that need to be deleted from Lew Baxter's | FBOE001011 | FBO 3 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| | | | HHC | | |
| 1/11/07 | Michael Lord | 064 Branch | Accounts that need to be deleted from Lew Baxter's HHC | FBOE001012 | FBO 3 |
| 6/18/07 | Grady Messer | 064 Branch | Pull up Routes, not Rotating | FBOE001013 | FBO 3 |
| 10/16/06 | Michael Lord | Bobby Priest, et al. | Circle K Feature | FBOE001014 | FBO 39 |
| 10/20/06 | Michael Lord | Gary Cartee | Circle K | FBOE001015 | FBO 39 |
| 10/27/06 | Michael Lord | Bobby Priest, et al. | Circle K Pricing | FBOE001016 - FBOE001020 | FBO 39 |
| 11/28/06 | Michael Lord | Bobby Priest, et al. | Circle K Mini Donut Promotion | FBOE001021 | FBO 39 |
| 11/28/06 | Michael Lord | Bobby Priest, et al. | Circle K One Zone Pricing | FBOE001022 - FBOE001026 | FBO 39 |
| 1/19/07 | Nannette Brooks | Clint Conwell, et al. | Columbus Area Store Resets | FBOE001027 - FBOE001032 | FBO 39 |
| 2/7/07 | Betty Easterling | T Walters | Circle K Period 3 Features FY07 | FBOE001033 | FBO 39 |
| 5/7/07 | Michael Lord | Bobby Priest, et al. | 3.5 oz Honey Bun Price Change | FBOE001034 | FBO 39 |
| 6/7/07 | Gary Cartee | Michael Lord | Circle K Snack Prices | FBOE001035 | FBO 39 |
| 7/9/07 | Michael Lord | Joe M. Miller, et al. | Flowers Baking Company Cost Changes | FBOE001036 - FBOE001038 | FBO 39 |
| 7/11/07 | Michael Lord | Norris McDaniel, et al. | Circle K Pricing for GA, AL, SC | FBOE001039 | FBO 39 |
| 9/7/07 | Joe Miller | Gary Cartee, et al. | Circle K changing bakery supplies from Derst/Flowers to IBC in selected sites | FBOE001040 - FBOE001041 | FBO 39 |
| 10/17/07 | Michael Lord | Norris McDaniel, et al. | Circle K Cost Changes | FBOE001042 - | FBO 39 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| | | | | FBOE001048 | |
| 10/24/07 | Michael Lord | Bobby Priest, et al. | Circle K November pastry/coffee promotion | FBOE001049 - FBOE001050 | FBO 39 |
| 8/28/06 | Michael Lord | Grady Messer | Martys Route | FBOE001051 | FBO 3 |
| 11/10/06 | Ginette Hall | DSM, et al. | Authorized Products for Handheld System | FBOE001052 - FBOE001053 | FBO 14; FF 14; FBT 14 |
| 10/14/05 | 064 Branch | Michael Lord, et al. | Snoball shippers in dollar stores | FBOE001054 - FBOE001056 | FBO 3 |
| 11/3/06 | Michael Lord | Grady Messer, et al. | PBS Shrink | FBOE001057 | FBO 3 |
| 2/21/07 | Grady Messer | 064 Branch | 2063, Dewayne Cleveland, New Walmart Opening | FBOE001058 | FBO 3 |
| 6/9/07 | 064 Branch | Michael Lord | WalMart Rack Info Needed | FBOE001059 - FBOE001060 | FBO 3 |
| 7/27/07 | Steve Bordeaux | Grady Messer, et al. | Stale Control | FBOE001061 | FBO 3 |
| 10/25/07 | 064 Branch | Michael Lord | Dollar General Sales | FBOE001062 - FBOE001063 | FBO 3 |
| 11/3/06 | Kenny Covington | Bobby Priest, et al. | Krystal Store Sales Increase/ordering | FBOE001064 - FBOE001065 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/17/06 | Steve Bordeaux | Grady Messer, et al. | Krystal Immediate Attention Needed | FBOE001066 | 30(b)(6) 6; FF 39; FBO 39 |
| 12/1/06 | Kenny Covington | Bobby Priest, et al. | Krystal Double BA Burger Promotion/Dec 14th-Jan 4th | FBOE001067 | 30(b)(6) 6; FF 39; FBO 39 |
| 12/13/06 | Kenny Covington | Bobby Priest, et al. | Krystal Price Increase Approved for 2007 | FBOE001068 - FBOE001069 | 30(b)(6) 6; FF 39; FBO 39 |
| 6/15/07 | Brad Alexander | Region 4 Plant Presidents | Price Increase Information | FBOE001070 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/22/07 | Rick Rowan | Norris McDaniel, et al. | Krystal Price Increase Approved | FBOE001071 - FBOE001072 | 30(b)(6) 6; FF 39; FBO 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 8/27/07 | Michael Lord | cc: Bobby Clary | Price Increase Sept 03 | FBOE001073 | 30(b)(6) 6; FF 39; FBO 39 |
| 6/15/06 | Craig White | FBI VPs | Burger King Price Increase | FBOE001074 - FBOE001075 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/24/06 | Michael Lord | Don Adkins | Burger King Schuster | FBOE001076 | FBO 39 |
| 9/19/06 | Michael Lord | Bobby Clary, et al. | New Burger King Prices | FBOE001077 - FBOE001078 | FBO 39 |
| 12/11/06 | Michael Lord | Bobby Clary, et al | Burger King Price Increase | FBOE001079 - FBOE001080 | FBO 39 |
| 12/18/06 | Michael Lord | Grady Messer, et al. | Cocoon Coupon Drop | FBOE001081 - FBOE001083 | FBO 39 |
| 3/12/07 | Craig White | FBI VPs | Burger King Pricing April/May/June | FBOE001084 - FBOE001085 | 30(b)(6) 6; FF 39; FBO 39 |
| 6/6/07 | Michael Lord | Grady Messer, et al. | New BK Prices | FBOE001086 - FBOE001087 | FBO 39 |
| 8/1/07 | Michael Lord | Grady Messer, et al. | Spicy Chicken Crisp – Sales Update 7-31 | FBOE001088 - FBOE001089 | FBO 39 |
| 9/3/07 | Michael Lord | Grady Messer, et al. | National ADVO Coupon Drop | FBOE001090 - FBOE001093 | FBO 39 |
| 12/23/05 | Jim Fryar | FBI VPs | Sonic Price Increase – Happy Holidays | FBOE001094 - FBOE001095 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/25/06 | Michael Lord | Ricky Ward | Sonic/Barnesville | FBOE001096 - FBOE001100 | FBO 39 |
| 12/11/06 | Jim Fryar | FBI VPs | Sonic Price Increase Letter | FBOE001101 - FBOE001102 | 30(b)(6) 6; FF 39; FBO 39; FBT 36 |
| 1/12/07 | Jeff Strain | FBI VPs | February Sonic will be featuring Footlongs | FBOE001103 | 30(b)(6) 6; FF 39; FBO 39; FBT 36 |
| 3/9/07 | Jim Fryar | FBI VPs, et al. | Sonic | FBOE001104 | 30(b)(6) 6; FF 39; FBO 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 3/21/07 | Michael Lord | Grady Messer, et al. | Sonic Feature April | FBOE001105 | FBO 39 |
| 4/16/07 | Jim Fryar | FBI VPs, et al. | Sonic Feature for May | FBOE001006 | 30(b)(6) 6; FF 39; FBO 39 |
| 5/11/07 | Jim Fryar | FBI VPs, et al. | Sonic Feature for June | FBOE001107 | 30(b)(6) 6; FF 39; FBO 39 |
| 6/8/07 | Michael Lord | Grady Messer, et al. | Sonic Feature for July | FBOE001108 | FBO 39 |
| 7/11/07 | Jim Fryar | FBI VPs | Sonic Price Increase – August the 6th | FBOE001109 - FBOE001110 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/9/07 | Jim Fryar | FBI VPs, et al. | September 2007 Coupons | FBOE001111 - FBOE001114 | 30(b)(6) 6; FF 39; FBO 39 |
| 9/10/07 | Jim Fryar | FBI VPs, et al. | Sonic Feature for October | FBOE001115 | 30(b)(6) 6; FF 39; FBO 39 |
| 9/25/07 | Michael Lord | Grady Messer, et al. | Sonic Feature for October – Reminder | FBOE001116 - FBOE001117 | FBO 39 |
| 10/15/07 | Jim Fryar | FBI VPs, et al. | Sonic – November Promotion | FBOE001118 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/12/07 | Jim Fryar | FBI VPs, et al. | Sonic – December Promotion | FBOE001119 | 30(b)(6) 6; FF 39; FBO 39 |
| 9/15/06 | Michael Lord | Grady Messer, et al. | Fred's Promotion 9/25 – 10/21 | FBOE001120 - FBOE001121 | FBO 39 |
| 11/15/06 | David Dodge | John Gilmer, et al. | Fred's Promotion 11/20 – 12/23 | FBOE001122 | 30(b)(6) 6; FF 39; FBO 39 |
| 12/7/06 | David Dodge | FBI VPs | Service Issues Fred's Weeks 46, 47, 48 | FBOE001123 - FBOE001129 | 30(b)(6) 6; FF 39; FBO 39 |
| 1/19/07 | David Dodge | FBI VPs | BB Easter Snowballs Coming Up | FBOE001130 - FBOE001134 | 30(b)(6) 6; FF 39; FBO 39 |
| 3/14/07 | David Dodge | FBI VPs | Fred's Promotion 3/26 – 4/22 & Easter Buns Sales | FBOE001135 | 30(b)(6) 6; FF 39; FBO 39 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 4/24/07 | David Dodge | FBI VPs | Natures Own Honey Wheat Buns – Authorized in Dollar Stores | FBOE001136 - FBOE001138 | 30(b)(6) 6; FF 39; FBO 39 |
| 7/3/07 | Michael Lord | Grady Messer, et al. | Fred's Promotions 7/16 – 8/12 | FBOE001139 | FBO 39 |
| 8/30/07 | Michael Lord | Ricky Ward | Fred's grand opening coming up on 9/28/07 | FBOE001140 - FBOE001146 | FBO 39 |
| 9/27/07 | David Dodge | FBI VPs | Fred's Promotion 10/8 – 11/4 | FBOE001147 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/20/07 | David Dodge | FBI VPs | Fred's Price Increase Dec 3, 2007 | FBOE001148 - FBOE001161 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/2/07 | Michael Lord | Ricky Ward | 2117 | FBOE001162 - FBOE001163 | 30 (b)(6) 8, 9 |
| 8/2/07 | Chuck Rich | Steve Bordeaux | 2117 | FBOE001164 - FBOE001170 | 30 (b)(6) 8, 9 |
| 8/22/07 | Michael Lord | Grady Messer | Distributor Relations Meeting | FBOE001171 | 30 (b)(6) 5, 9 |
| 10/16/07 | Chuck Rich | Johnny Shepard, et al. | Driving Safety/Training Material | FBOE001172 - FBOE001174 | 30 (b)(6) 5, 9 |
| 10/16/07 | Michael Lord | Steve Bordeaux | Driving Safety/Training Material | FBOE001175 - FBOE001177 | 30 (b)(6) 5, 9 |
| 10/30/07 | Wayne Parmer | Willie Price, et al. | Training Manual Overview | FBOE001178 - FBOE001180 | 30 (b)(6) 5, 8, 9 |
| 11/3/06 | Chuck Rich | Johnny Shepard, et al. | 2007 Medical Plan Confirmation Notices | FBOE001181 - FBOE001182 | 30 (b)(6) 5, 9 |
| 11/14/06 | Steve Bordeaux | Brad Alexander | A couple of Distributor Issues | FBOE001183 - FBOE001184 | 30 (b)(6) 5, 9 |
| 12/26/06 | Chuck Rich | Johnny Shepard | Bank of America & Synovus | FBOE001185 - FBOE001186 | 30 (b)(6) 8, 9 |
| 1/26/07 | Dan Shubert | Angela Steele, et al. | 2007 Tram Norris Allstate Independent Distributor | FBOE001187 - | FBO 3, 5 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| | | | Scholarship Fund | FBOE001196 | |
| 4/13/07 | Michael Lord | Chuck Rich | Lew Baxter | FBOE001197 - FBOE001198 | 30 (b)(6) 3, 9; FBO 3 |
| 4/17/07 | Chuck Rich | Gene Lord | Lou Baxter – Montgomery Distributor | FBOE001199 | 30 (b)(6) 3, 9; FBO 3 |
| 4/17/07 | Michael Lord | Chuck Rich | Lou Baxter – Montgomery Distributor | FBOE001200 - FBOE001201 | 30 (b)(6) 3, 9; FBO 3 |
| 5/18/07 | Wayne Parmer | Mike McCall, et al. | Steak and Shake | FBOE001202 | 30 (b)(6) 9 |
| 5/18/07 | Michael Lord | Don Adkins | Steak and Shake | FBOE001203 - FBOE001204 | 30 (b)(6) 9 |
| 6/30/07 | Don Adkins | Michael Adkins | Q/Curtis Sears #2117 | FBOE001205 - FBOE001208 | 30 (b)(6) 8, 9 |
| 7/5/07 | Michael Lord | Chuck Rich | Scanned Letter | FBOE001209 - FBOE001211 | 30 (b)(6) 8, 9 |
| 7/5/07 | Chuck Rich | Steve Bordeaux | Curtis Sears | FBOE001212 - FBOE001215 | 30 (b)(6) 8, 9 |
| 8/1/07 | Michael Lord | Wayne Parmer, et al. | 2117 | FBOE001216 - FBOE001220 | 30 (b)(6) 8, 9 |
| 8/1/07 | Michael Lord | Wayne Parmer, et al. | 2117 | FBOE001221 | 30 (b)(6) 8, 9 |
| 11/30/07 | Steve Bordeaux | Michael Lord | Adding Derst Products | FBOE001222 | 30(b)(6) 4, 9, 10 |
| 11/30/07 | Michael Lord | Don Adkins | Adding Derst Products | FBOE001223 | 30(b)(6) 4, 9, 10 |
| 10/3/05 | Charles Avera | Tim Watson, et al. | Market Pantry Pricing – Effective 10/17/05 | FBOE001224 - FBOE001225 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/22/06 | Charles Avera | Willie Prince, et al. | Target Market Pantry Price Increase | FBOE001226 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/22/06 | Michael Lord | Bobby Clary | Target New Items – New Own Ovals & Whitewheat Dinner Rolls | FBOE001227 - FBOE001229 | FBO 39 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 10/9/06 | Michael Lord | Grady Messer, et al. | Nature's Own Ovals – Grady Messer Target Stores | FBOE001230 - FBOE001231 | FBO 39 |
| 4/15/07 | Charles Avera | Willie Prince, et al. | Target – Patriotic Cupcakes – 6 pack | FBOE001232 | 30(b)(6) 6; FF 39; FBO 39 |
| 5/8/07 | Michael Lord | Betty Easterling | Urgent Request – Target Market Pantry Retail price survey | FBOE001233 - FBOE001235 | 30(b)(6) 6; FF 39; FBO 39 |
| 5/11/07 | Michael Lord | Grady Messer, et al. | Honey Wheat Contest Accounts | FBOE001236 - FBOE001241 | 30(b)(6) 6; FF 39; FBO 21, 30, 39 |
| 5/19/07 | Charles Avera | Willie Prince, et al. | Target Market Pantry Price Increase | FBOE001242 | 30(b)(6) 6; FF 39; FBO 39 |
| 5/29/07 | Charles Avera | Willie Prince, et al. | Target approved Natures Own Hones Wheat Buns | FBOE001243 - FBOE001244 | 30(b)(6) 6; FF 39; FBO 39 |
| 6/27/07 | Kim Ford | Charles Avera | Opelika Price Increase for Target | FBOE001245 - FBOE001246 | 30(b)(6) 6; FF 39; FBO 39 |
| 7/9/07 | Charles Avera | Willie Prince | Natures Own Oval – Double Fiber – Target | FBOE001247 | 30(b)(6) 6; FF 39; FBO 39 |
| 7/20/07 | Charles Avera | Willie Prince | Target – August 13th Pricing | FBOE001248 - FBOE001249 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/17/07 | Charles Avera | Willie Prince, et al. | Roman Meal Target | FBOE001250 - FBOE001251 | 30(b)(6) 6; FF 39; FBO 39 |
| 9/28/07 | Charles Avera | Michael Lord | Price Increases | FBOE001252 | 30(b)(6) 6; FF 39; FBO 39 |
| 9/29/07 | Charles Avera | Willie Prince, et al. | Price Changes to Target 60 Days | FBOE001253 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/2/07 | Kim Ford | Charles Avera | Target Price Changes for 11-12-07 | FBOE001254 - FBOE001256 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/11/07 | Charles Avera | Willie Prince, et al. | Flowers Brand Pricing | FBOE001257 - FBOE001258 | 30(b)(6) 6; FF 39; FBO 39 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 12/20/05 | Bobby Massanelli | FBI VPs | Wal-Mart Private Label Increase 1/2/06 | FBOE001259 - FBOE001262 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/31/06 | Bobby Massanelli | Michael Lord | Wal-Mart PL Price Increase | FBOE001263 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/21/06 | Bobby Massanelli | FBI VPs | New Wal-Mart Private Label Stores "Jan" | FBOE001264 - FBOE001265 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/16/06 | Michael Lord | Bobby Massanelli | Wal-Mart Natures Own Ovals | FBOE001266 - FBOE001267 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/21/06 | Bobby Massanelli | FBI VPs | New Wal-Mart Private Label Stores "Jan" | FBOE001268 - FBOE001269 | 30(b)(6) 6; FF 39; FBO 39 |
| 1/19/07 | Michael Lord | Bobby Massanelli | Natures Own Rollback Retails | FBOE001270 | 30(b)(6) 6; FF 39; FBO 39 |
| 1/30/07 | Michael Lord | Shane Red | SAM'S CLUB PO's February 3rd through February 9th | FBOE001271 – FBOE001272 | 30(b)(6) 6; FF 39; FBO 39 |
| 3/13/07 | Michael Lord | Grady Messer, et al. | SAMS CLUB Total Bread and Bun Racks | FBOE001273 | 30(b)(6) 6; FF 39; FBO 39 |
| 4/20/07 | Steve Locklar | Ricky Ward, et al. | Flowers Rollback Display Racks | FBOE001274 - FBOE001277 | 30(b)(6) 6; FF 39; FBO 39 |
| 5/18/07 | Betty Easterling | Bobby Massanelli | Wal-Mart Cost Change / Item Maintenance Form | FBOE001278 - FBOE001279 | 30(b)(6) 6; FF 39; FBO 39 |
| 6/15/07 | Michael Lord | Grady Messer, et al. | Cobblestone Mill Selects: Coming July 2nd | FBOE001280 - FBOE001287 | 30(b)(6) 6; FF 39; FBO 39 |
| 7/26/07 | Steve Locklar | Smitty Stephens, et al. | Wal-Mart tracking Report | FBOE001288 - FBOE001296 | 30(b)(6) 6; FF 39 |
| 8/22/07 | Michael Lord | Grady Messer, et al. | Flowers Market by Plant for Labor Day | FBOE001297 - FBOE001298 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/11/07 | Kim Ford | Bobby Massanelli, et al. | WalMart Price Increases for Opelika | FBOE001299 - FBOE001300 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/11/07 | Bobby Massanelli | Michael Lord | WalMart Shelf Space | FBOE001301 | 30(b)(6) 6; FF 39; FBO 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 11/18/07 | Steve Locklar | Ricky Ward, et al. | Empty Bread Racks | FBOE001302 | 30(b)(6) 6; FF 39; FBO 39 |
| 12/4/07 | Steve Locklar | Michael Lord | COMAC-BB 100 Calorie Snacks – Urgent | FBOE001303 - FBOE001319 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/30/06 | Michael Lord | Grady Messer | Natures own full ovals | FBOE001320 - FBOE001322 | 30(b)(6) 6; FF 39; FBO 39 |
| 2/2/07 | David Johnson | Tim Watson, et al. | Bruno's Double Fiber week4 | FBOE001323 - FBOE001324 | 30(b)(6) 6; FF 39; FBO 39 |
| 3/12/07 | Michael Lord | Grady Messer, et al. | Bilo/Bruno display approved | FBOE001325 - FBOE001327 | 30(b)(6) 6; FF 39; FBO 39 |
| 4/11/07 | Michael Lord | David Johnson | Bilo/Bruno display approved | FBOE001328 - FBOE001338 | 30(b)(6) 6; FF 39; FBO 39 |
| 6/28/07 | David Johnson | Barry Thompson, et al. | Bilo-Bruno: Vendor Dress/Conduct Code | FBOE001339 - FBOE001341 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/24/07 | David Johnson | Bill Rouse, et al. | Back to School donuts, theme shipper | FBOE001342 | 30(b)(6) 6; FF 39; FBO 39 |
| 9/17/07 | David Johnson | Jess Maggard, et al. | Bilo-Bruno's muffins BOGOF "Break Through" | FBOE001343 - FBOE001344 | 30(b)(6) 6; FF 39; FBO 39 |
| 1/19/07 | Michael Lord | Grady Messer, et al. | Blue Bird 100 Calorie Count Snack Cakes | FBOE001345 - FBOE001347 | 30(b)(6) 6; FF 39; FBO 39 |
| 3/30/07 | Grady Messer | Michael Lord | Huddle House | FBOE001348 | 30(b)(6) 6; FF 39; FBO 39 |
| 4/16/07 | Michael Lord | Ricky Ward | Huddle House | FBOE001349 - FBOE001350 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/18/05 | Jeff Strain | FBI VPs, et al. | Chick Fil A Golden Wheat bun Price Increase | FBOE001351 - FBOE001352 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/10/06 | Ginette Hall | DSM, et al. | Authorized Products for Handheld System | FBOE001353 - FBOE001354 | FF 14; FBO 14, FBT 14 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 12/26/06 | Iris Hood | FFBG MRP Controllers, et al. | Overview of Cake Order Issue | FBOE001355 | FF 14; FBO 14; FBT 14 |
| 10/20/05 | Jeff Strain | Steve Archer, et al. | Hooters of America Pricing Increase | FBOE001356 - FBOE001357 | 30(b)(6) 6; FF 39; FBO 39 |
| 7/6/07 | Jeff Strain | FBI VPs, et al. | Hooters of America Price Increase | FBOE001358 - FBOE001359 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/28/07 | Jeff Strain | Norris McDaniel, et al. | Hooters Price Increase effective December 10, 2007 | FBOE001360 - FBOE001362 | 30(b)(6) 6; FF 39; FBO 39 |
| 12/15/07 | Jeff Strain | Ricky Ward | TGIFridays | FBOE001363 | 30(b)(6) 6; FF 39; FBO 39 |
| 2/20/07 | Bobby Clary | 065 Branch | Krystal Move in LaGrange | FBOE001364 | FBO 39 |
| 5/14/07 | Michael Lord | Grady Messer, et al. | Routes selling less than $200 per week in Honey Wheat | FBOE001365 | FBO 3, 21, 30; FF 21, 30 |
| 6/5/07 | Michael Lord | Ricky Ward | Derst | FBOE001366 | FBO 3 |
| 6/14/07 | Michael Lord | Kim Ford | Distibutor Rankings Honey Wheat Contest wk 23 | FBOE001367 - FBOE001368 | FBO 3, 21, 30 |
| 7/27/07 | Steve Bordeaux | Grady Messer, et al. | Stale Control | FBOE001369 | FBO 3 |
| 6/5/06 | Ricky Ward | 062 Branch, et al. | 1 Day Service | FBOE001370 | FBO 3 |
| 9/7/06 | Michael Lord | Grady Messer, et al. | Roman Meal – 4th Weeks Results – Distributor Contest | FBOE001371 - FBOE001381 | FBO 3, 21, 30 |
| 9/14/06 | Michael Lord | Grady Messer, et al. | Roman Meal – 4th Weeks Results – Distributor Contest | FBOE001382 - FBOE001391 | FBO 3. 21, 30 |
| 12/13/06 | Michael Lord | Ricky Ward | Service Issues | FBOE001392 | FBO 3 |
| 11/20/07 | Michael Lord | Don Adkins | Adding Derst Products | FBOE001393 - FBOE001398 | 30(b)(6) 4, 9, 10 |
| 11/30/07 | Steve Bordeaux | Michael Lord | Adding Derst Products | FBOE001399 - FBOE001404 | 30(b)(6) 4, 9, 10 |
| 10/1/07 | Michael Lord | Bobby Priest | CVS | FBOE001405 | 30(b)(6) 6; FF 39; FBO |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| | | | | | 39 |
| 10/2/07 | Michael Lord | Robert Meadows | CVS | FBOE001406 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/2/07 | Michael Lord | Willard Fowler | CVS | FBOE001407 | 30(b)(6) 6; FF 39; FBO 39 |
| 9/27/06 | Michael Lord | Grady Messer, et al. | Price Increase FlowersFoods 10/2 | FBOE001408 - FBOE001413 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/17/06 | David Dodge | FBI VPs | B & S Rolls in the Dollar Stores | FBOE001414 | 30(b)(6) 6; FF 39; FBO 39 |
| 12/19/06 | Michael Lord | Grady Messer, et al. | Family Dollar – Happy Holidays | FBOE001415 - FBOE001416 | 30(b)(6) 6; FF 39; FBO 39 |
| 1/24/07 | David Dodge | FBI VPs | Could you work these Family Dollar? 630 Stores | FBOE001417 - FBOE001425 | 30(b)(6) 6; FF 39; FBO 39 |
| 3/20/07 | David Dodge | FBI VPs | Family Dollar 2007 Rollout Schedule April & ay – 487 Stores | FBOE001426 - FBOE001436 | 30(b)(6) 6; FF 39; FBO 39 |
| 5/3/07 | David Dodge | FBI VPs | Family Dollar 3/$1 Honey Buns – Price Change | FBOE001437 - FBOE001438 | 30(b)(6) 6; FF 39; FBO 39 |
| 6/15/07 | David Dodge | FBI VPs | Dollar Stores July 4th Bun Sales | FBOE001439 | 30(b)(6) 6; FF 39; FBO 39 |
| 7/24/07 | Donna R. Greek | FBI Presidents, et al. | BlueBird Back to School mini donut shippers | FBOE001440 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/20/07 | David Dodge | FBI VPs | Family Dollar Mandatory Halloween Shipper Promotion | FBOE001441 - FBOE001442 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/12/06 | Michael Lord | Grady Messer, et al. | Winn Dixie Jacksonville Region | FBOE001443 - FBOE001446 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/30/06 | Robert Meadows | Michael Lord | Free Bread – Week 29 – Grand Opening | FBOE001447 - FBOE001449 | 30(b)(6) 6; FF 39; FBO 39 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 1/26/07 | Robert Meadows | Vickie Mixon, et al. | Winn Dixie Promotion Ad Item for Feb 14th | FBOE001450 - FBOE001451 | 30(b)(6) 6; FF 39; FBO 39 |
| 1/26/07 | Robert Meadows | Vickie Mixon, et al. | Winn Dixie Promotion Ad Item for Feb 14th | FBOE001452 - FBOE001453 | 30(b)(6) 6; FF 39; FBO 39 |
| 2/9/07 | Steve Locklar | Ricky Ward, et al. | WD Pallet Displays | FBOE001454 - FBOE001455 | 30(b)(6) 6; FF 39; FBO 39 |
| 3/16/07 | Robert Meadows | Bobby Clary, et al. | Additional Deals for 3-26-07 | FBOE001456 - FBOE001457 | 30(b)(6) 6; FF 39; FBO 39 |
| 6/11/07 | Steve Locklar | Ricky Ward, et al. | Cobblestone Mill BOGOF / Displays | FBOE001458 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/1/07 | Steve Locklar | Michael Lord, et al. | Pallet Promotion, Holiday Shippers | FBOE001459 - FBOE001460 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/22/07 | Robert Meadows | Michael Lord, et al. | Winn Dixie Re-Grand Opening – Correct | FBOE001461 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/5/05 | Jeff Strain | Steve Archer, et al. | New Aramark Georgia Pricing | FBOE001462 - FBOE001463 | 30(b)(6) 6; FF 39; FBO 39 |
| 9/01/06 | Michael Lord | Grady Messer | Aramark Alabama | FBOE001464 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/3/06 | Michael Lord | Bobby Clary, et al. | New Aramark Pricing for Georgia only – effective October 9 | FBOE001465 - FBOE001466 | 30(b)(6) 6; FF 39; FBO 39 |
| 7/18/07 | Jeff Strain | Bobby Priest, et al. | New Aramark pricing for the State of Georgia – Effective August 13 | FBOE001467 - FBOE001469 | 30(b)(6) 6; FF 39; FBO 39 |
| 9/6/07 | Norris McDaniel | Randy Brock, et al. | Renewal Consideration | FBOE001470 - FBOE001472 | 30(b)(6) 6; FF 39; FBO 39 |
| 1/3/07 | Grady Messer | Jerry Woodham, et al. | Chick-Fil-A, 3 Free days per year | FBOE001473 | 30(b)(6) 6; FF 39; FBO 39 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|--------------------|
| 1/10/07 | Bobby Preist | Michael Lord | Chick-fil-A | FBOE001474 | 30(b)(6) 6; FF 39; FBO 39 |
| 1/11/07 | Michael Lord | Grady Messer, et al | Chick-Fil-A Free Day Discontinuance Letter | FBOE001475 - FBOE001484 | 30(b)(6) 6; FF 39; FBO 39 |
| 4/25/07 | Michael Lord | Jeff Strain | Wheat Bun Question | FBOE001485 | 30(b)(6) 6; FF 39; FBO 39 |
| 7/31/07 | Grady Messer | Smitty Stephens | Chick-Fil-A | FBOE001486 | 30(b)(6) 6; FF 39; FBO 39 |
| 7/31/07 | Michael Lord | Grady Messer | Chic-Fil-A | FBOE001487 - FBOE001488 | 30(b)(6) 6; FF 39; FBO 39 |
| 9/3/07 | Michael Lord | Jerry Woodham | Credit for Chick-Fil-A | FBOE001489 | 30(b)(6) 6; FF 39; FBO 39 |
| 12/16/05 | Jeff Strain | FBI VPs, et al. | Sodexho Price Increase | FBOE001490 - FBOE001498 | 30(b)(6) 6; FF 39; FBO 39 |
| 12/18/06 | Jeff Strain | FBI VPs, et al. | New Sodexho Pricing effective January 1, 2007 | FBOE001499 - FBOE001508 | 30(b)(6) 6; FF 39; FBO 39 |
| 3/13/07 | Michael Lord | Jeff Strain | Lakeview Community Hospital in Eufaula Question | FBOE001509 - FBOE001510 | 30(b)(6) 6; FF 39; FBO 39 |
| 3/15/07 | Michael Lord | Jeff Strain | Contact Request – L.V. Stabler | FBOE001511 - FBOE001513 | 30(b)(6) 6; FF 39; FBO 39 |
| 6/4/07 | Michael Lord | 062 Branch | Sodexho Account closing; Auburn Alabama | FBOE001514 - FBOE001516 | 30(b)(6) 6; FF 39; FBO 39 |
| 6/15/07 | Jeff Strain | FBI VPs | Zaxbys Promo on Kickin Chicken Sand | FBOE001517 | 30(b)(6) 6; FF 39; FBO 39 |
| 6/27/07 | Jeff Strain | Robbie Watkins, et al. | Zaxby's Service Agreeent | FBOE001518 - FBOE001528 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/13/06 | Jeff Strain | Dan Houston, et al. | Upcoming Hardees Buy One Get One | FBOE001529 - FBOE001530 | 30(b)(6) 6; FF 39; FBO 39 |
| 1/17/07 | Jeff Strain | Dan Houston, et al. | Hardees February Coupon | FBOE001531 - | 30(b)(6) 6; FF 39; FBO 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| | | | Drops | FBOE001538 | 39 |
| 3/14/07 | Steve Bordeaux | Michael Lord, et al. | 86 New Hardees | FBOE001539 - FBOE001542 | FBO 39 |
| 06/11/07 | Jeff Strain | Curtis Lyons, et al. | Upcoming Hardees Features | FBOE001534 - FBOE001546 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/6/07 | Michael Lord | Grady Messer, et al. | Upcoming Hardees Wheat Bun Promotion | FBOE001546 - FBOE001553 | FBO 39 |
| 10/31/07 | Jeff Strain | FBI VPs, et al. | Upcoming Hardees Feature… 4" Plain Bun 1/4 lb. Bacon Cheddar Melt 2/$3 System Event | FBOE001554 - FBOE001556 | 30(b)(6) 6; FF 39; FBO 39 |
| 1/16/07 | Paul Holsouser | FBI VPs | February Vendor Guide | FBOE001557 | 30(b)(6) 6; FF 39; FBO 39 |
| 1/16/07 | Michael Lord | Paul Holshouser | February Vendor Guide | FBOE001558 - FBOE001561 | 30(b)(6) 6; FF 39; FBO 39 |
| 1/19/07 | Cristy Lowdermilk | Jess Maggard, et al. | Pricing in Fresh Market | FBOE001562 - FBOE001565 | 30(b)(6) 6; FF 39; FBO 39 |
| 5/23/07 | Michael Lord | Cristy Lowdermilk | TFM Vendor Guide | FBOE001566 - FBOE001569 | 30(b)(6) 6; FF 39; FBO 39 |
| 9/24/07 | Paul Holshouser | FBI VPs | New Fresh Market Pricing – Changing to One Zone | FBOE001570 - FBOE001572 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/28/07 | Michael Lord | Grady Messer, et al. | December Vendor Guide | FBOE001573 - FBOE001574 | 30(b)(6) 6; FF 39; FBO 39 |
| 12/16/05 | Jeff Strain | Steve Archer, et al. | Arby's Price Increase | FBOE001575 - FBOE001577 | 30(b)(6) 6; FF 39; FBO 39 |
| 2/7/06 | Jeff Strain | Steve Archer, et al. | Arby's 5" Seeded Kaiser bun – available on Monday, February 20 | FBOE001578 | 30(b)(6) 6; FF 39; FBO 39 |
| 7/10/07 | Bobby Clary | Michael Lord | Arby's in Eufaula | FBOE001579 | FBO 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 8/22/07 | Michael Lord | Grady Messer | Arby's Clanton | FBOE001580 - FBOE001590 | FBO 39 |
| 3/21/05 | David Dodge | FBI VPs | Price Increase for Dollar General April 4, 2005 | FBOE001591 | 30(b)(6) 6; FF 39; FBO 39 |
| 9/14/06 | Michael Lord | Grady Messer | Return Sales Function still being used in DG | FBOE001592 - FBOE001611 | FBO 39 |
| 11/6/06 | Michael Lord | Jerry Woodham | Dollar General End Cap – Reset of Store Front End | FBOE001612 - FBOE001615 | FBO 39 |
| 1/3/07 | David Dodge | Robbie Watkins | New Dollar Generals Jan 2007 | FBOE001616 - FBOE001620 | 30(b)(6) 6; FF 39; FBO 39 |
| 2/23/07 | David Dodge | FBI VPs | Dollar General Cake End Cap Sales | FBOE001621 - FBOE001625 | 30(b)(6) 6; FF 39; FBO 39 |
| 3/14/07 | David Dodge | FBI VPs | Family Dollar Easter Buns Sales | FBOE001626 - FBOE001629 | 30(b)(6) 6; FF 39; FBO 39 |
| 6/20/07 | David Dodge | FBI VPs | 4th of July Handout/Incremental Sales Opportunities Dollar General | FBOE001630 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/16/07 | Grady Messer | Michael Lord | Sharing a Dollar General Regional Presentation | FBOE001631 - FBOE001632 | FBO 39 |
| 10/26/07 | David Dodge | FBI VPs | Brown & Serve Rolls for the Holidays – Dollar General | FBOE001633 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/26/07 | David Dodge | FBI VPs | Christmas Circular November 29th to December 16th – Dollar General | FBOE001634 | 30(b)(6) 6; FF 39; FBO 39 |
| | | | | FBOE001635 - FBOE001636 | |

EXHIBITS TO I 23 08 DOCUMENT PRODUCTION LETTER

**EXHIBIT P -**

Norris McDaniel, (Title), Flowers Baking Co. of Thomasville, E-mails:

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 10/16/07 | Chuck Rich | Johnny Shepard, et al. | Driving Safety/Training Material | FBTE001326 - FBTE001328 | 30(b)(6) 5, 9 |
| 10/30/07 | Norris McDaniel | Johnny Shepard | Budget truck rental locations | FBTE001329 - FBTE001377 | 30(b)(6) 5, 9 |
| 11/20/07 | Mickey Miller | Norris McDaniel | Stale Policy Review | FBTE001378 - FBTE001380 | 30(b)(6) 5, 9 |
| 12/5/07 | Norris McDaniel | Johnny Shepard | Stale Policy Review | FBTE001381 - FBTE001383 | 30(b)(6) 5,9 |
| 10/16/07 | Chuck Rich | Johnny Shepard, et al. | Driving Safety/Training Material | FBTE001384 - FBTE001386 | 30(b)(6) 5, 9 |
| 10/30/07 | Wayne Parmer | Willie Prince, et al. | Training Manual Overview | FBTE001387 - FBTE001390 | 30(b)(6) 8, 9 |
| 10/31/07 | Norris McDaniel | David Mathis, et al. | Training Manual Overview | FBTE001391 - FBTE001394 | 30(b)(6) 8, 9 |
| 12/5/07 | Mickey Miller | Norris McDaniel | Stale Policy Review | FBTE001395 - FBTE001397 | 30(b)(6) 5, 9 |
| 12/5/07 | Norris McDaniel | Johnny Shepard | Stale Policy Review | FBTE001398 - FBTE001400 | 30(b)(6) 5, 9 |
| 11/2/07 | Mickey Miller | Stephanie Logue | Report | FBTE001401 - FBTE001402 | |
| 11/2/07 | Stephanie Logue | Mickey Miller | Report | FBTE001403 - FBTE001404 | |
| 7/30/07 | Norris McDaniel | Robert White, et al. | Harveys Features | FBTE001405 - FBTE001406 | FBT 14 |
| 11/16/07 | Scott Taylor | Chris Mulford, et al. | Unauthorized Product Wk 45: Important Note Attached | FBTE001407 - FBTE001408 | FF 14; FBT 14 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|----------------------|
| 3/8/07 | Norris McDaniel | David Scott | Walmart Retails | FBTE001409 - FBTE001411 | 30(b)(6) 6; FF 39 |
| 6/14/07 | Brent Bradshaw | FBI VPs | Cobblestone Mill Selects: Coming July 2nd | FBTE001412 - FBTE001418 | 30(b)(6) 6; FF 39; FBO 39 |
| 7/13/07 | Bobby Massanelli | FBI VPs | CSM Stuffing | FBTE001419 | 30(b)(6) 6; FF 39 |
| 8/27/07 | Michael Anderson | FBI Presidents, et al. | BB Mini Honey Bun Push October 8, 2007 | FBTE001420 - FBTE001423 | 30(b)(6) 6; FF 39; FBO 39 |
| 9/20/07 | Steve Locklar | Twwall@walmart.com | Pallet Promotions – Terry Wallace | FBTE001424 - FBTE001425 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/15/07 | Ben Aldredge | FBI VMI, et al. | Wal-Mart Cost Change Form | FBTE001426 - FBTE001427 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/07/07 | Michael Anderson | FBI Presidents, et al. | Cobblestone Mill Selects Price Change | FBTE001428 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/18/07 | Steve Locklar | Ricky Ward, et al. | Empty Bread Racks | FBTE001429 | 30(b)(6) 6; FF 39; FBO 39 |
| 12/3/07 | Bobby Massanelli | Mike Lawson, et al. | New Store Information Mar. openings | FBTE001430 - FBTE001433 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/27/07 | Norris McDaniel | David Mathis | Halloween Sno-balls | FBTE001434 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/31/07 | David Mathis | Scott Taylor | Tom Thumb Feature October | FBTE001435 - FBTE001437 | 30(b)(6) 6; FF 39 |
| 9/7/07 | Norris McDaniel | David Mathis | Tom Thumb | FBTE001438 | 30(b)(6) 6; FF 39 |
| 9/10/07 | David Mathis | Norris McDaniel | Tom Thumb | FBTE001439 | 30(b)(6) 6; FF 39 |
| 9/24/07 | David Mathis | 160 Branch, et al. | Tom Thumb Feature October | FBTE001440 - FBTE001441 | 30(b)(6) 6; FF 39 |
| 11/20/07 | David Mathis | Norris McDaniel | Tom Thumb Business Review | FBTE001442 - FBTE001480 | 30(b)(6) 6; FF 39 |
| 11/24/07 | David Mathis | Tamera Melgosa | January Suggested | FBTE001481 - | 30(b)(6) 6; FF 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| | | | Promotions Needed | FBTE001482 | |
| 12/3/07 | Norris McDaniel | David Mathis | Grand Opening Promotion Needed for Store #154 | FBTE001483 | 30(b)(6) 6; FF 39 |
| 7/30/07 | David Johnson | Norris McDaniel | SFM – Piggly Wiggly Conversion Give a Way Item | FBTE001484 - FBTE001486 | 30(b)(6) 6; FF 39 |
| 8/3/07 | James Carver | Norris McDaniel | Piggly Wiggly | FBTE001487 - FBTE001488 | 30(b)(6) 6; FF 39 |
| 8/25/07 | James Carver | 149 Branch, et al. | Halloween Snowballs | FBTE001489 | 30(b)(6) 6; FF 39 |
| 8/29/07 | Norris McDaniel | David Mathis, et al. | Stuffing | FBTE001490 | 30(b)(6) 6; FF 39 |
| 9/13/07 | David Johnson | Michael Lord, et al | SFM Converting 9 store to Piggly Wiggly | FBTE001491 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/15/07 | Norris McDaniel | James Carver | Rubo's – Piglet's | FBTE001492 | 30(b)(6) 6; FF 39 |
| 8/15/07 | Chris Mulford | Melissa Williamson, et al | Inland September Features | FBTE001493 - FBTE001494 | 30(b)(6) 6; FF 39 |
| 8/21/07 | 156 Branch | Smitty Stephens | Inland Stores | FBTE001495 | 30(b)(6) 6; FF 39 |
| 9/14/07 | Judy Brown | T Walters, et al. | Price Reduction – Stuffing | FBTE001496 - FBTE001498 | 30(b)(6) 6; FF 39 |
| 10/15/07 | Chris Mulford | Melissa Williamson, et al. | NOV Promos and Pricing | FBTE001499 - FBTE001500 | 30(b)(6) 6; FF 39 |
| 10/29/07 | Judy Brown | J. Bratton, et al. | Price Changes | FBTE001501 - FBTE001507 | 30(b)(6) 6; FF 39 |
| 11/12/07 | Chris Mulford | Melissa Williamson, et al | Dec Promos | FBTE001508 - FBTE001509 | 30(b)(6) 6; FF 39 |
| 7/18/07 | Jeff Strain | Curtis Lyons, et al. | Hardees August Coupon Drop | FBTE001510 - FBTE001512 | 30(b)(6) 6; FF 39 |
| 7/18/07 | Norris McDaniel | Judy Brown | Hardees August Coupon Drop | FBTE001513 - FBTE001515 | 30(b)(6) 6; FF 39 |
| 8/6/07 | Jeff Strain | Curtis Lyons, et al. | Upcoming Hardees Wheat | FBTE001516 - | 30(b)(6) 6; FF 39 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| | | | Bun Promotion | FBTE001518 | |
| 6/22/07 | Norris McDaniel | Judy Brown, et al. | RSIWeb National Promotion Alert | FBTE001519 - FBTE001520 | 30(b)(6) 6; FF 39 |
| 7/19/07 | Judy Brown | Scott Taylor, et al | Burger King Bulletin | FBTE001521 - FBTE001522 | 30(b)(6) 6; FF 39 |
| 9/7/07 | Craig White | FBI VPs | Burger King Price Increase | FBTE001523 - FBTE001524 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/15/07 | Judy Brown | Scott Taylor, et al. | Burger King Update | FBTE001525 - FBTE001526 | 30(b)(6) 6; FF 39 |
| 7/2/07 | Donna Greek | FBI VPs | Cobblestone Mill Stuffing Projection Update | FBTE001527 | 30(b)(6) 6; FF 39 |
| 7/21/07 | James Carver | 149 Branch, etl al. | Displays for Sales | FBTE001528 - FBTE001531 | 30(b)(6) 6; FF 39 |
| 7/30/07 | Norris McDaniel | James Carver | New Dollar Generals Opening in August 2007 | FBTE001532 - FBTE001537 | 30(b)(6) 6; FF 39 |
| 8/6/07 | Norris McDaniel | Stephanie Logue, et al. | Price Increase DG Markets (Zone F) – August 6, 2007 Problem | FBTE001538 - FBTE001539 | 30(b)(6) 6; FF 39 |
| 8/21/07 | Chris Mulford | Norris McDaniel, et al. | Dollar Generals | FBTE001540 - FBTE001542 | 30(b)(6) 6; FF 39 |
| 8/28/07 | Norris McDaniel | David Mathis, et al. | Labor Day Handout/Incremental sales opportunities – Dollar General | FBTE001543 - FBTE001546 | 30(b)(6) 6; FF 39 |
| 9/7/07 | Mickey Miller | Norris McDaniel | Dollar Generals | FBTE001547 - FBTE001551 | 30(b)(6) 6; FF 39 |
| 10/3/07 | David Dodge | Robbie Watkins, et al. | Price Increase Information Needed – Dollar General & Family Dollar | FBTE001552 - FBTE001554 | 30(b)(6) 6; FF 39 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 10/26/07 | David Dodge | FBI VPs | Brown & Serve Rolls for the Holidays – Dollar General | FBTE001555 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/01/07 | James Carver | Norris McDaniel | Dollar General | FBTE001556 | 30(b)(6) 6; FF 39 |
| 11/26/07 | David Dodge | FBI VPs | Christmas Circular November 29th to December 16th – Dollar General | FBTE001557 - FBTE001558 | 30(b)(6) 6; FF 39; FBO 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

## EXHIBIT Q -
### Smitty Stephens, [Title] E-mails:

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 7/5/07 | Norris McDaniel | David Mathis, et al. | Budget Truck Rentals | | 30(b)(6) 5, 9 |
| 8/24/06 | Norris McDaniel | David Mathis, et al. | Alabama DOT numbers | | 30(b)(6) 5, 9 |

EXHIBITS TO I 23 08 DOCUMENT PRODUCTION LETTER

**EXHIBIT R -**

**Mickey Miller, President, Flowers Baking Co. of Thomasville, E-mails:**

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 11/24/06 | David Mathis | Norris McDaniel | Tom Thumb Review | FBTE001000 - FBTE001048 | 30(b)(6) 6; FF 39 |
| 7/16/07 | Stephanie Logue | Mickey Miller | WAB's/Tom Thumbs | FBTE001049 | 30(b)(6) 6; FF 39 |
| 8/8/07 | David Mathis | Natalie Simpson | Tom Thumb 2nd Quarter Accrual | FBTE001050 | 30(b)(6) 6; FF 39 |
| 9/11/07 | Norris McDaniel | Mickey Miller | Tom Thumb | FBTE001051 | 30(b)(6) 6; FF 39 |
| 10/31/07 | Norris McDaniel | Mickey Miller | 2008 Contracts Needed | FBTE001052 - FBTE001054 | 30(b)(6) 6; FF 39 |
| 9/19/07 | Bobby Massanelli | FBI VPs | Wal-Mart Bread/Bun Clusters | FBTE001055 - FBTE001056 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/12/06 | Mickey Miller | Directors | New Item Tags | FBTE001057 - FBTE001058 | 30(b)(6) 6; FF 39 |
| 1/4/07 | Bobby Massanelli | FBI VPs | Rollback Natures Own Ovals | FBTE001059 | 30(b)(6) 6; FF 39; FBO 39 |
| 2/14/07 | Mickey Miller | Stephanie Logue | Wal-Mart Wholesale Cost Changes | FBTE001060 | 30(b)(6) 6; FF 39 |
| 4/10/07 | Doug Brown | FBI VPs | Sam's Club – Out of Stocks | FBTE001061 | 30(b)(6) 6; FF 39; FBO 39 |
| 5/16/07 | Mickey Miller | Directors | Volume Opportunity – BB 3.5 oz Honey Buns | FBTE001062 - FBTE001063 | 30(b)(6) 6; FF 39 |
| 6/29/07 | Mickey Miller | Norris McDaniel | Cobblestone Mill Selects: Coming July 2nd | FBTE001064 - FBTE001067 | 30(b)(6) 6; FF 39 |
| 8/8/07 | Bobby Massanelli | FBI VPs | Wal-Mart Modular Update | FBTE001068 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/27/07 | Michael Anderson | FBI Presidents, et al. | BB Mini Honey Bun Push October 8, 2007 | FBTE001069 - FBTE001072 | 30(b)(6) 6; FF 39; FBO 39 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 10/11/07 | Mickey Miller | Directors | Wal-Mart Modular Update | FBTE001073 - FBTE001074 | 30(b)(6) 6; FF 39 |
| 11/26/07 | Michael Anderson | FBI Presidents, et al. | Blue Bird 100 Calorie Snacks | FBTE001075 - FBTE001082 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/29/07 | David Scott | John Deleu, et al. | Adding Derst Products | FBTE001083 - FBTE001088 | 30(b)(6) 5, 9-10 |
| 9/4/07 | David Johnson | David Roach, et al. | Bilos Billback process/Expense | FBTE001089 - FBTE001090 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/29/07 | Norris McDaniel | David Mathis, et al. | Credit Buyback | FBTE001091 | |
| 12/28/07 | Wayne Truitt | 143 Branch, et al. | HH3 Year End Procedures | FBTE001092 | FBT 14 |
| 2/10/07 | Wayne Truitt | David Theobald, et al. | Realignment | FBTE001093 | FBT 14 |
| 5/17/07 | David Scott | Chuck Harrison, et al. | Scanning | FBTE001094 - FBTE001095 | FBT 14 |
| 7/31/07 | David Johnson | Rick Hardy, et al. | Bilo Bill back process information | FBTE001096 - FBTE001097 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/11/07 | Mickey Miller | Directors | BlueBird 100 calorie display approval | FBTE001098 - FBTE001101 | 30(b)(6) 6; FF 39 |
| 10/12/07 | Chris Mulford | Mickey Miller | Inland Alabama Stores | FBTE001102 | 30(b)(6) 6; FF 39 |
| 10/16/07 | Judy Brown | T Walters, et al. | Price Increase Correction | FBTE001103 - FBTE001107 | 30(b)(6) 6; FF 39 |
| 1/5/07 | Norris McDaniel | Mickey Miller | Inland | FBTE001108 | 30(b)(6) 6; FF 39 |
| 1/16/07 | Chris Mulford | Smitty Stephens, et al. | New Inland Stores | FBTE001109 - FBTE001111 | 30(b)(6) 6; FF 39 |
| 8/21/07 | Smitty Stephens | Chris Mulford, et al. | Inland Stores | FBTE001112 | 30(b)(6) 6; FF 39 |
| 3/20/07 | Wayne Truitt | Mickey Miller | A new 2 page fax has arrived from 18587590619 | FBTE001113 - FBTE001117 | 30(b)(6) 6; FF 39 |
| 10/10/07 | Jeff Strain | Norris McDaniel, et al. | 032007 Biscuits and Burgers, LLC – Tansfer from Hardee's | FBTE001118 - FBTE001121 | 30(b)(6) 6; FF 39 |

EXHIBITS TO I 23 08 DOCUMENT PRODUCTION LETTER

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| | | | to Biscuits and Burgers, LLC | | |
| 10/11/07 | Jeff Strain | Natalie Simpson, et al. | 032007 Biscuits and Burgers, LLC – Transfer from Hardees to Biscuits and Burgers, LLC | FBTE001122 - FBTE001127 | 30(b)(6) 6; FF 39 |
| 10/25/07 | Jeff Strain | Norris McDaniel, et al. | GM Rally | FBTE001128 - FBTE001129 | 30(b)(6) 6; FF 39 |
| 8/21/06 | Mickey Miller | Norris McDaniel | Dollar General Differences over $20 | FBTE001130 - FBTE001163 | 30(b)(6) 6; FF 39 |
| 11/13/06 | David Scott | Region 1 Plant Presidents | Dollar General Ads for the holidays | FBTE001164 - FBTE001165 | 30(b)(6) 6; FF 39 |
| 12/1/06 | Mickey Miller | Chris Mulford | Couple of Things | FBTE001166 | 30(b)(6) 6; FF 39 |
| 2/1/06 | Mickey Miller | Norris McDaniel | Blue Bird New Product Re-Introduction | FBTE001167 - FBTE001169 | 30(b)(6) 6; FF 39 |
| 3/17/07 | Mickey Miller | Directors | Dollar Generals, Family Dollar, Freds | FBTE001170 | 30(b)(6) 6; FF 39 |
| 5/31/07 | Mickey Miller | Directors | Dollar General Stores | FBTE001171 | 30(b)(6) 6; FF 39 |
| 6/28/07 | David Roach | FBI VPs | 4th of July Handout/Incremental Sales opportunities | FBTE001172 - FBTE001174 | 30(b)(6) 6; FF 39 |
| 7/18/07 | Mike Harvin | 147 Branch, et al. | Dollar Generals | FBTE001175 | 30(b)(6) 6; FF 39 |
| 9/6/07 | Chris Mulford | Norris McDaniel | Dollar Generals | FBTE001176 - FBTE001178 | 30(b)(6) 6; FF 39 |
| 9/18/07 | David Dodge | FBI VPs | Price Increase Information Needed – Dollar General & Family Dollar | FBTE001179 - FBTE001181 | 30(b)(6) 6; FF 39 |
| 10/30/06 | Norris McDaniel | Mickey Miller | CVS Post Audits – Flowers Foods | FBTE001182 - FBTE001186 | 30(b)(6) 6; FF 39 |
| 3/8/07 | Mickey Miller | Bonnie Harrison | CVS | FBTE001187 | 30(b)(6) 6; FF 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

52

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 3/8/07 | Mickey Miller | Bonnie Harrison | CVS | FBTE001188 - FBTE001189 | 30(b)(6) 6; FF 39 |
| 3/11/07 | Mickey Miller | Bonnie Harrison | CVS | FBTE001190 - FBTE001193 | 30(b)(6) 6; FF 39 |
| 3/12/07 | Bonnie Harrison | Peggy Clark | CVS | FBTE001194 - FBTE001197 | 30(b)(6) 6; FF 39 |
| 9/8/06 | Mickey Miller | Directors | Burger King – 6 Day Shelf Life | FBTE001198 | 30(b)(6) 6; FF 39 |
| 3/12/07 | Craig White | FBI VPs | Burger King Pricing April/May/June | FBTE001199 - FBTE001202 | 30(b)(6) 6; FF 39 |
| 6/7/07 | Craig White | FBI VPs | AAFES Burger Kings | FBTE001203 - FBTE001207 | 30(b)(6) 6; FF 39 |
| 9/7/07 | Craig White | FBI VPs | Burger King Price Increase | FBTE001208 - FBTE001211 | 30(b)(6) 6; FF 39 |
| 9/27/07 | David Scott | Region 1 Plant Presidents | Burger King Pricing | FBTE001212 - FBTE001214 | 30(b)(6) 6; FF 39 |
| 8/26/07 | Mickey Miller | Norris McDaniel, et al. | Derst Values to Flowers May 06 | FBTE001215 - FBTE001219 | 30(b)(6) 5, 9 |
| 8/26/06 | Mickey Miller | Norris McDaniel | Derst Values to Flowers May 06 | FBTE001220 - FBTE001224 | 30(b)(6) 5, 9 |
| 9/25/06 | Norris McDaniel | Mickey Miller | Derst Values to Flowers May 06 | FBTE001225 - FBTE001232 | 30(b)(6) 5, 9 |
| 9/29/06 | Wayne Truitt | Wayne Parmer | Derst Realignments | FBTE001233 - FBTE001236 | 30(b)(6) 5, 9 |
| 12/26/06 | Judy Brown | Mickey Miller | Bank of America & Synovus | FBTE001237 - FBTE001238 | 30(b)(6) 8, 9 |
| 1/29/07 | Chuck Rich | Mickey Miller, et al. | 2007 Tram Norris Allstate Independent Distributor Scholarship Fund | FBTE001239 - FBTE001248 | 30(b)(6) 5, 9 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 2/14/07 | Mickey Miller | Norris McDaniel | Assignment & Assumption Agreements | FBTE001249 - FBTE001254 | 30(b)(6) 4, 5, 9, 10 |
| 8/28/07 | David Scott | Region 1 Plant Presidents | Distributor Checklist | FBTE001255 - FBTE001262 | 30(b)(6) 5, 9 |
| 9/14/07 | Chuck Rich | Mickey Miller, et al | Tray Return Letter | FBTE001263 - FBTE001264 | 30(b)(6) 5, 9 |
| 11/29/07 | David Scott | John Deleu, et al | Adding Derst Products | FBTE001265 - FBTE001270 | 30(b)(6) 4, 5, 9, 10 |
| 12/5/07 | David Scott | Chuck Rich, et al. | Stale Policy Review | FBTE001271 - FBTE001272 | 30(b)(6) 5, 9 |
| 12/5/07 | Mickey Miller | Norris McDaniel | Stale Policy Review | FBTE001273 – FBTE001275 | 30(b)(6) 5, 9 |
| 12/26/06 | Judy Brown | Mickey Miller | Bank of America & Synovus | FBTE001276 - FBTE001277 | 30(b)(6) 8, 9 |
| 1/29/07 | Chuck Rich | Mickey Miller, et al. | 2007 Tram Norris Allstate Independent Distributor Scholarship Fund | FBTE001278 - FBTE001287 | 30(b)(6) 5, 9 |
| 2/6/07 | Chuck Rich | Mickey Miller | Friday – Meeting on Trays | FBTE001288 | 30(b)(6) 5, 9 |
| 2/6/07 | Mickey Miller | Norris McDaniel, et al | Friday – Meeting on Trays | FBTE001289 | 30(b)(6) 5, 9 |
| 2/14/07 | Mickey Miller | Norris McDaniel | Assignment & Assumption Agreements | FBTE001290 - FBTE001295 | 30(b)(6) 5 |
| 8/29/07 | Johnny Shepard | Mickey Miller | Distributor Checklist | FBTE001296 - FBTE001305 | 30(b)(6) 5, 9 |
| 9/14/07 | Chuck Rich | Mickey Miller, et al. | Tray Return Letter | FBTE001306 - FBTE001307 | 30(b)(6) 5, 9 |
| 11/29/07 | David Scott | John Deleu, et al. | Adding Derst Products | FBTE001308 - FBTE001313 | 30(b)(6) 5, 9, 10 |
| 12/5/07 | David Scott | Chuck Rich | Stale Policy Review | FBTE001314 - | 30(b)(6) 5, 9 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| | | | | FBTE001315 | |
| 12/5/07 | Mickey Miller | Norris McDaniel | Stale Policy Review | FBTE001316 - FBTE001318 | 30(b)(6) 5, 9 |
| 11/14/07 | Judy Brown | Mike Harvin, et al | Piggly Wiggly | FBTE001319 | 30(b)(6) 6; FF 39 |
| 4/12/07 | Mickey Miller | Norris McDaniel | Piggly Wiggly Roberta | FBTE001320 | 30(b)(6) 6; FF 39 |
| 5/25/07 | Mickey Miller | Norris McDaniel | Piggly Wiggly Bristol | FBTE001321 | 30(b)(6) 6; FF 39 |
| 7/26/07 | Norris McDaniel | Mickey Miller | SFM – Piggly Wiggly conversion Derst Bread Price | FBTE001322 - | 30(b)(6) 6; FF 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

**EXHIBIT S -**
**Ricky Ward E-mails:**

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|----|----|-------------|---------------------|
| 11/20/06 | Michael Lord | Grady Messer | Distributor No Pays | FBOE000306 | FBO 3 |
| 11/20/06 | Michael Lord | Ricky Ward | Distributor No Pays | FBOE000307 | FBO 3 |
| 9/1/06 | Don Adkins | Grady Messer | Updated Budget Truck Rental Procedures | FBOE000308 - FBOE000313 | 30(b)(6) 5, 9 |
| 9/19/07 | Michael Lord | Grady Messer | Meeting | FBOE000324 | 30(b)(6) 5 |
| 9/19/07 | Michael Lord | Ricky Ward | Meeting | FBOE000325 | 30(b)(6) 5 |
| 10/29/07 | Michael Lord | Grady Messer, et al | Budget Truck Rental Locations | FBOE000326 - FBOE000378 | 30(b)(6) 5 |
| 8/13/06 | Michael Lord | Ricky Ward | Material Group Assignment for Royal Products | FBOE000379 - FBOE000389 | 30(b)(6) 5 |

56

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

**EXHIBIT T -**
**Don Adkins, Title, Flowers Baking Co. of Opelika, E-mails:**

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|------|------|------|------|
| 7/31/07 | Wayne Parmer | Dist Coord. and Controllers | Distributor Checklist | FBOE000001 - FBOE000004 | 30(b)(6) 5, 9 |
| 7/10/07 | Don Adkins | Chuck Rich | Montgomery and Roanoke Truck List (7-10-07) | FBOE000005 | 30(b)(6) 5 |
| 3/17/07 | Don Adkins | Chuck Rich, et al | Opelika's Distributor Checklist for 2007 | FBOE000006 - FBOE000008 | 30(b)(6) 5, 9 |
| 1/3/05 | Chuck Rich | Carol Bruno, et al | 2-1-05 Monthly Charges | FBOE000009 - FBOE000010 | 30(b)(6) 5, 9 |
| 10/24/06 | Don Adkins | 064 Branch | Blue Training Book | FBOE000011 | FBO 3 |
| 10/25/06 | Don Adkins | Grady Messer, et al. | Blue Training Books | FBOE000012 | FBO 3 |
| 8/14/07 | Don Adkins | Mary Krier | Distributor "lets talk magazine" | FBOE000013 | FBO 3 |
| 1/13/07 | Don Adkins | 064 Branch, et al | Accounts that need to be deleted | FBOE000014 | FBO 3 |
| 9/25/07 | Don Adkins | Jerry Woodham | Repurchase 6225 | FBOE000015 - FBOE000018 | FBO 3 |
| 11/21/06 | Rhonda Woods | Don Adkins | American Heritage | FBOE000019 | FBO 3 |
| 12/20/06 | Mary Peck | Don Adkins | Opelika Distributors Michael Plan A | FBOE000020 - FBOE000021 | FBO 3 |
| 12/20/06 | Don Adkins | Mary Peck | Opelika Distributors Medical Plan A | FBOE000022 | FBO 3 |
| 6/8/07 | Don Adkins | Grady Messer | DeWayne Cleveland, Mother | FBOE000023 | FBO 3 |
| 12/4/06 | Mary Peck | Don Adkins | Michael Smith – Termination | FBOE000024 - FBOE000026 | FBO 3 |
| 5/24/07 | Jerry Woodham | Sherri Whaley | SOX Audit Question | FBOE000027 | FBO 3 |

57

EXHIBITS TO I 23 08 DOCUMENT PRODUCTION LETTER

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 11/27/06 | Don Adkins | J Riley | Address Correction | FBOE000028 | FBO 3 |
| 8/17/07 | Mary Nelson | Don Adkins | *N/A??? – Direct Deposit* | FBOE000029 | FBO 3 |
| 9/23/03 | Chuck Rich | Johnny Shepard, et al. | Distributor Repurchase Statement | FBOE000030 - FBOE000033 | 30(b)(6) 4, 8, 10 |
| 11/14/03 | Chuck Rich | Bonnie Harrison, et al | FLOFIN Promissory Notes | FBOE000034 | 30(b)(6) 4, 8, 10 |
| 11/4/04 | Chuck Rich | Johnny Shepard, et al. | Distributors By State | FBOE000035 - FBOE000036 | 30(b)(6) 9 |
| 11/16/04 | Chuck Rich | Johnny Shepard, et al. | White Wheat | FBOE000037 | 30(b)(6) 9 |
| 11/29/04 | Chuck Rich | Johnny Shepard, et al. | Blue Bird Cake Sales | FBOE000038 - FBOE000039 | 30(b)(6) 9 |
| 11/30/04 | Chuck Rich | Johnny Shepard, et al. | Distributors with Multiple "Routes" | FBOE000040 - FBOE000042 | 30(b)(6) 9 |
| 8/28/06 | Don Adkins | Michael Lord | Case Study 3 | FBOE000043 - FBOE000047 | 30(b)(6) 5, 9 |
| 10/16/06 | Don Adkins | Chuck Rich | Sims | FBOE000048 | 30(b)(6) 9 |
| 10/16/06 | Don Adkins | Chuck Rich | Jeanne Sims | FBOE000049 | 30(b)(6) 9 |
| 10/17/06 | Don Adkins | Chuck Rich | Jeanne Sims | FBOE000050 - FBOE000051 | 30(b)(6) 9 |
| 10/17/06 | Don Adkins | Michael Lord | Jeanne Sims | FBOE000052 - FBOE000053 | 30(b)(6) 9 |
| 10/17/06 | Don Adkins | Jerry Woodham | Jeanne Sims | FBOE000054 - FBOE000055 | 30(b)(6) 9 |
| 10/17/06 | Don Adkins | Michael Lord | Sims | FBOE000056 | 30(b)(6) 9 |
| 11/9/06 | Natalie Peck | Johnny Shepard, et al. | FID Open Enrollment Packets | FBOE000057 - FBOE000076 | 30(b)(6) 5, 9, 10; FBO 3 |
| 1/29/07 | Don Adkins | Steve Bordeaux | 2007 Tram Norris Allstate Independent Distributor Scholarship Fund | FBOE000077 - FBOE000086 | 30(b)(6) 5, 9; FBO 3 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 2/6/07 | Erica Hunt | Johnny Shepard, et al. | For Immediate Delivery to Unenrolled Medical Distributors Only | FBOE000087 - FBOE000089 | 30(b)(6) 5, 9; FBO 3 |
| 2/6/07 | Jim Newport | Jerry Dobbins, et al | New Regions Program Administrator | FBOE000090 - FBOE000091 | 30(b)(6) 5, 9; FBO 3 |
| 2/7/07 | Erica Hunt | Johnny Shepard, et al. | For Immediate Delivery to Enrolled Medical Distributors Only – Medicare Payor Information | FBOE000092 - FBOE000093 | 30(b)(6) 5, 9; FBO 3 |
| 3/19/07 | Don Adkins | Judy Manley | UCC Statements | FBOE000094 - FBOE000095 | 30(b)(6) 5, 8, 9 |
| 3/24/07 | Don Adkins | Chuck Rich | Bank of America's Odometer Readings | FBOE000096 | 30(b)(6) 5, 9 |
| 4/11/07 | Susan Thompson | John Pennington, et al | Flowers Vehicle Moves | FBOE000097 - FBOE000099 | 30(b)(6) 9 |
| 6/14/07 | Wayne Parmer | Dist Coord and Controllers | UCC 1 in UFOC | FBOE000100 - FBOE000101 | 30(b)(6) 8, 9 |
| 6/18/07 | Chuck Rich | Johnny Shepard, et al. | BofA Leasing | FBOE000102 - FBOE000103 | 30(b)(6) 8, 9 |
| 6/18/07 | Don Adkins | Chuck Rich | BofA Leasing | FBOE000104 | 30(b)(6) 8, 9 |
| 6/20/07 | Vicki Walker | Don Adkins | Message from Chuck Rich re: 2007 Offering Circular | FBOE000105 - FBOE000106 | 30(b)(6) 8, 9 |
| 6/22/07 | Chuck Rich | Johnny Shepard, et al. | Distributor Legal Name Requirement | FBOE000107 - FBOE000108 | 30(b)(6) 5, 9 |
| 6/29/07 | Wayne Parmer | Don Adkins | Q | FBOE000109 - FBOE000111 | 30(b)(6) 5, 9 |
| 6/30/07 | Don Adkins | Michael Lord | Q/Curtis Sears #2117 | FBOE000112 - FBOE000114 | 30(b)(6) 5, 9 |
| 7/3/07 | Greg Jenkins | Chuck Rich | Decals (illustrator or .eps | FBOE000115 - | 30(b)(6) 5, 9 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| | | | format) | FBOE000116 | |
| 7/3/07 | Don Adkins | Chuck Rich | Decals (Illustrator or .eps format) | FBOE000117 | 30(b)(6) 5, 9 |
| 7/11/07 | Chuck Rich | Johnny Shepard, et al. | BroadStreet Cake Label | FBOE000118 - FBOE000119 | 30(b)(6) 4, 5, 9, 10 |
| 8/2/07 | Chuck Rich | Don Adkins, et al. | Opelika 2007 UFOC | FBOE000120 - FBOE000173 | 30(b)(6) 8, 9 |
| 8/6/07 | Chuck Rich | Norris McDaniel, et al | VP of Sales/Distributor Coordinator Conference | FBOE000174 - FBOE000175 | 30(b)(6) 5, 9 |
| 8/20/07 | Chuck Rich | Johnny Shepard, et al | BofA Leasing | FBOE000176 - FBOE000182 | 30(b)(6) 5, 9 |
| 8/22/07 | Michael Lord | Grady Messer, et al. | Distributor Relations Meeting | FBOE000183 | 30(b)(6) 5, 9 |
| 8/23/07 | Gina Griner | Angela Steele, et al. | Distributor Funding Requirements and Refreshers | FBOE000184 - FBOE000186 | 30(b)(6) 8, 9 |
| 8/28/07 | Chuck Rich | Johnny Shepard, et al. | Special Harvest | FBOE000187 | 30(b)(6) 9 |
| 8/29/07 | Don Adkins | Chuck Rich | Special Harvest | FBOE000188 | 30(b)(6) 9 |
| 9/7/07 | Wayne Parmer | Dist Coord and Controllers | Wells Fargo Posters | FBOE000189 | 30(b)(6) 5, 9; FBO 3 |
| 9/10/07 | Wayne Parmer | Dist Coord and Controllers | BOA doc fees | FBOE000190 | 30(b)(6) 5, 9 |
| 9/14/07 | Wayne Parmer | Dist Coord and Controllers | BOA letter regarding Heavy Truck Use | FBOE000191 - FBOE000192 | 30(b)(6) 5, 9 |
| 10/1/01 | Wayne Parmer | Dist Coord and Controllers | Unified Carrier Registration Program | FBOE000193 | 30(b)(6) 5, 9 |
| 10/1/07 | Wayne Parmer | Kevin Butler | Unified Carrier Registration Program | FBOE000194 | 30(b)(6) 5, 9 |
| 10/16/07 | Chuck Rich | Johnny Shepard, et al. | Driving Safety Training Material | FBOE000195 - FBOE000197 | 30(b)(6) 5, 9 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 10/29/07 | Wayne Parmer | Dist Coord and Controllers | Budget Truck Rental Locations | FBOE000198 - FBOE000253 | 30(b)(6) 5, 9 |
| 10/20/07 | Wayne Parmer | Willie Prince, et al. | Training Manual Overview | FBOE000254 - FBOE000256 | 30(b)(6) 5, 8, 9 |
| 10/30/07 | Gina Griner | Andrew Walsingham, et al. | UCC Tracker | FBOE000257 - FBOE000259 | 30(b)(6) 5, 9 |
| 10/31/07 | Jerry Woodham | Judy Manley, et al. | UCC Tracker | FBOE000260 - FBOE000262 | 30(b)(6) 5, 9 |
| 11/1/07 | Jerry Woodham | Gina Griner | UCC Tracker | FBOE000263 - FBOE000265 | 30(b)(6) 5, 9 |
| 11/14/07 | Chuck Rich | Johnny Shepard, et al. | BroadStreet Cake Label | FBOE000266 - FBOE000268 | 30(b)(6) 4, 5, 9, 10 |
| 11/14/07 | Don Adkins | Chuck Rich | BroadStreet Cake Label | FBOE000269 | 30(b)(6) 5, 9 |
| 11/30/07 | Michael Lord | Don Adkins | Adding Derst Products | FBOE000270 - FBOE000275 | 30(b)(6) 4, 5, 9, 10 |
| 8/26/06 | Don Adkins | Wayne Parmer | Case Study #3 (Don Adkins) | FBOE000276 - FBOE000278 | 30(b)(6) 5, 9 |
| 8/28/06 | Don Adkins | Wayne Parmer | Revised Case Study #3 (Opelika) | FBOE000279 - FBOE000281 | 30(b)(6) 5, 9 |
| 9/2/06 | Don Adkins | Wayne Parmer | Repurchase Documents | FBOE000282 | 30(b)(6) 5, 8, 9 |
| 9/29/06 | Don Adkins | Wayne Parmer | Route Transfer documents | FBOE000283 | 30(b)(6) 5, 9 |
| 5/14/07 | Don Adkins | Wayne Parmer | Opelika and BOA run time question | FBOE000284 - FBOE000285 | 30(b)(6) 5, 9 |
| 6/1/07 | Don Adkins | Wayne Parmer | Child Support Order | FBOE000286 | 30(b)(6) 5, 9 |
| 6/28/07 | Wayne Parmer | Ricky Ward | Q | FBOE000287 | 30(b)(6) 5 |
| 6/29/07 | Don Adkins | Ricky Ward | Curtis Sears #2117 | FBOE000288 - FBOE000289 | 30(b)(6) 5 |
| 7/26/07 | Wayne Parmer | Jerry Woodham | Garnishment | FBOE000290 - | 30(b)(6) 5 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| | | | | FBOE000292 | |
| 7/26/07 | Wayne Parmer | Jerry Woodham | Garnishment | FBOE000293 - FBOE000294 | 30(b)(6) 5 |
| 8/3/07 | Wayne Parmer | Jerry Woodham | Distributor Garnishment | FBOE000295 - FBOE000299 | 30(b)(6) 5 |
| 8/27/07 | Don Adkins | Wayne Parmer | Verification of Employment and Wages | FBOE000300 | 30(b)(6) 5 |
| 8/27/07 | Wayne Parmer | Don Adkins | Verification of Employment and Wages | FBOE000301 - FBOE000302 | 30(b)(6) 5 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

## EXHIBIT U –
### Grady Messer, Title, Flowers Baking Co. of Opelika, E-mails:

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|----|----|-------------|---------------------|
| 10/11/07 | Grady Messer | Michael Lord | Midway, AL | FBOE000440 | FBO 3 |
| 10/25/07 | 064 Branch | Michael Lord | Dollar General Sales | FBOE000441 - FBOE000442 | FBO 3 |
| 10/26/07 | Bobby Clary | 068 Branch, et al. | Territory PBS Inventory Reminder | FBOE000443 | FBO 3 |
| 10/15/07 | Grady Messer | Michael Lord | Doug Branch, Muffins | FBOE000444 | FBO 3 |
| 10/29/07 | Michael Lord | Grady Messer, et al. | Budget Truck Rental Locations | FBOE000445 | 30(b)(6) 5, 9 |

### Branch 64 E-mails:

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|----|----|-------------|---------------------|
| 1/5/07 | 064 Branch | Bobby Clary | Re: | FBOE000447 | FBO 3 |
| 8/4/07 | 064 Branch | Steve Bordeaux | 2063 Stale | FBOE000448 | FBO 3 |
| 10/25/07 | 064 Branch | Michael Lord | Dollar General Sales | FBOE000449 - FBOE000450 | FBO 3 |

### Branch 65 E-mails:

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|----|----|-------------|---------------------|
| 12/31/06 | 065 Branch | Ricky Ward | Rt 6225 | FBOE000456 | FBO 3 |
| 10/25/06 | 065 Branch | Don Adkins | Training Book | FBOE000457 | FBO 3 |

**Branch 66 E-mails:**

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 8/22/07 | Michael Lord | Grady Messer, et al. | Distributor Relations Meeting | FBOE000390 | 30(b)(6) 5, 9 |
| 10/29/07 | Michael Lord | Grady Messer, et al. | Budget Truck Rental Locations | FBOE000391 - FBOE000439 | 30(b)(6) 5, 9 |

## EXHIBIT V -
## Jerry Woodham, Controller, Flowers Baking Co. of Onelika, E-mails:

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 11/6/06 | Jerry Woodham | Grady Messer | Price Allowance Charge Back | FBOE000451 | FBO 3 |
| 5/24/07 | Jerry Woodham | Sherri Whaley | SOX Audit Question | FBOE000452 | FBO 3 |
| 10/22/07 | Michael Lord | Grady Messer, et al. | Distributor No Pays | FBOE000453 | FBO 3 |

65

**EXHIBIT W -**

**Steve Bordeaux, President, Flowers Baking Co. of Opelika, E-mails:**

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|------|------|-----|-----|-------------|---------------------|
| 8/26/05 | 066 Branch | Grady Messer | Private Label Orders | FBOE000507 | |
| 5/8/07 | Doug Brown | FBI VPs | Mrs. Freshleys 6pk Pecan Spins – Walmart | FBOE000508 - FBOE000509 | 30(b)(6) 6; FF 39; FBO 39 |
| 5/10/07 | Michael Lord | Grady Messer, et al. | Nature's Own Honey Wheat Rollback | FBOE000510 - FBOE000512 | 30(b)(6) 6; FF 39; FBO 39 |
| 5/14/07 | Bobby Massanelli | FBI VPs | New Wal-Mart Private Label Stores "July/Aug" | FBOE000513 - FBOE000520 | 30(b)(6) 6; FF 39; FBO 39 |
| 5/15/07 | Michael Anderson | FBI Presidents, et al. | Volume Opportunity – BB 3/5 oz. Honey Buns | FBOE000521 - FBOE000522 | 30(b)(6) 6; FF 39; FBO 39 |
| 7/13/07 | Bobby Massanelli | FBI VPs | Nature's Own Honey 7 Grain Rollback | FBOE000523 - FBOE000524 | 30(b)(6) 6; FF 39; FBO 39 |
| 8/17/07 | Steve Bordeaux | Brad Alexander | Wal-Mart – Columbus | FBOE000525 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/11/07 | Bobby Massanelli | FBI VPs | Wal-Mart Modular Update | FBOE000526 - FBOE000527 | 30(b)(6) 6; FF 39; FBO 39 |
| 11/5/07 | Brad Alexander | Region 4 Plant Presidents | SAMS-Friday less than 10 carry over | FBOE000528 - FBOE000536 | 30(b)(6) 6; FF 39; FBO 39 |
| 10/15/07 | Michael Lord | Steve Bordeaux | Doug Branch, Muffins | FBOE000537 | FBO 3 |
| 8/9/06 | Michael Lord | Steve Bordeaux | Man Power | FBOE000538 | FBO 3 |
| 1/26/07 | Dan Shubert | Angela Steele, et al. | 2007 Tram Norris Allstate Independent Distributor Scholarship Fund | FBOE000539 - FBOE000548 | 30(b)(6) 5, 9; FBO 3 |
| 4/16/07 | Dan Shubert | Andy Brown, et al. | 2007 Tram Norris Allstate Independent Distributor Scholarship Fund | FBOE000549 - FBOE000552 | 30(b)(6) 5, 9; FBO 3 |
| 5/18/07 | Wayne Parmer | Mike McCall, et al. | Steak and Shake | FBOE000553 - | 30(b)(6) 5, 9 |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| | | | | FBOE000554 | |
| 7/5/07 | Chuck Rich | Steve Bordeaux | Curtis Sears | FBOE000555 - FBOE000556 | 30(b)(6) 8, 9 |
| 8/2/07 | Chuck Rich | Steve Bordeaux, et al. | 2117 | FBOE000557 - FBOE000563 | 30(b)(6) 8, 9 |
| 9/14/07 | Steve Bordeaux | Michael Lord | Tray Return Letter | FBOE000564 - FBOE000565 | 30(b)(6) 5, 9; FBO 3 |
| 10/16/07 | Michael Lord | Steve Bordeaux, et al. | Driving Safety/Training Material | FBOE000566 - FBOE000568 | 30(b)(6) 5, 9 |
| 10/2/07 | Brad Alexander | Steve Bordeaux, et al. | Target Stores – BlueBird Sugar & Chocolate Donuts-POGs | FBOE000569 - FBOE000575 | 30(b)(6) 6; FBO 39; FF 39 |
| 10/26/07 | Steve Bordeaux | Grady Messer | Wk 42 Dollar General-Revised | FBOE000576 - FBOE000597 | 30(b)(6) 6; FBO 39; FF 39 |
| 7/27/07 | Steve Bordeaux | Grady Messer | Stale Control | FBOE000598 | FBO 3 |
| 7/27/07 | Grady Messer | 064 Branch, et al. | Stale Control | FBOE000599 - FBOE000600 | FBO 3 |
| 7/28/07 | 064 Branch | Grady Messer | Stale Control | FBOE000601 - FBOE000602 | FBO 3 |
| 7/27/07 | Steve Bordeaux | Grady Messer, et al. | Stale Control | FBOE000603 | FBO 3 |
| 08/04/07 | 064 Branch | Steve Bordeaux | Rt. 2063 Stale | FBOE000604 | FBO 3 |
| 5/18/07 | Michael Lord | Grady Messer, et al. | Dollar General Meeting | FBOE000605 | 30(b)(6) 6; FBO 39; FF 39 |
| 5/23/07 | David Dodge | FBI VPs | 1,028 Family Dollars with Service issues weeks 18, 19, 20 | FBOE000606 - FBOE000608 | 30(b)(6) 6; FBO 39; FF 39 |
| 6/28/07 | Steve Bordeaux | Grady Messer, et al. | 4th of July Handout/Incremental Sales Opportunities | FBOE000609 - FBOE000610 | 30(b)(6) 6; FBO 39; FF 39 |

EXHIBITS TO I 23 08 DOCUMENT PRODUCTION LETTER

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 5/4/07 | Michael Lord | Steve Bordeaux | Family Dollar 3/$1 Honey Buns – Price Change | FBOE000611 | 30(b)(6) 6; FBO 39; FF 39 |
| 7/24/07 | Donna Greek | FBI Presidents, et al. | BlueBird Back to School Mini Donut Shippers | FBOE000612 | 30(b)(6) 6; FBO 39; FF 39 |
| 7/25/07 | Steve Bordeaux | Michael Lord | Back to School in Family Dollar Promotional Planner | FBOE000613 | 30(b)(6) 6; FBO 39; FF 39 |
| 11/16/07 | David Roach | FBI VPs | Authorization Holiday Theme Shipper in Family Dollar | FBOE000614 - FBOE000615 | 30(b)(6) 6; FBO 39; FF 39 |
| 5/4/07 | Michael Lord | Steve Bordeaux | Family Dollar 3/$1 Honey Buns – Price Change | FBOE000616 - FBOE000618 | 30(b)(6) 6; FBO 39; FF 39 |
| 7/10/07 | Robert Meadows | Willie Prince, et al. | Cobblestone Mill Stuffing Projection Update | FBOE000619 - FBOE000622 | 30(b)(6) 6; FBO 39; FF 39 |
| 7/11/07 | Donna Greek | Willie Prince, et al. | Cobblestone Mill Stuffing Projection Update | FBOE000623 - FBOE000625 | 30(b)(6) 6; FBO 39; FF 39 |
| 8/20/07 | Brad Alexander | Region 4 Presidents and VPs | Family Dollar Mandatory Halloween Shipper Promotion - $236,901 | FBOE000626 - FBOE000628 | 30(b)(6) 6; FBO 39; FF 39 |
| 8/20/07 | Steve Bordeaux | Michael Lord | Family Dollar Mandatory Halloween Shipper Promotion - $236,901 | FBOE000629 - FBOE000630 | 30(b)(6) 6; FBO 39; FF 39 |
| 5/31/07 | Robert Meadows | Willie Prince, et al. | Winn Dixie DSD Ad Items > June 6th Ad | FBOE000631 | 30(b)(6) 6; FBO 39; FF 39 |
| 10/22/07 | Robert Meadows | Michael Lord, et al. | Winn Dixie Re-Grand Opening Correct | FBOE000632 | 30(b)(6) 6; FBO 39; FF 39 |
| 5/18/07 | David Johnson | Beverly Wojtas, et al. | Bilo-Bruno ad | FBOE000633 - FBOE000635 | 30(b)(6) 6; FBO 39; FF 39 |
| 6/28/07 | Steve Bordeaux | Grady Messer, et al. | Bilo-Bruno: Vendor Dress/Conduct Code | FBOE000636 - FBOE000638 | 30(b)(6) 6; FBO 39; FF 39 |
| 7/9/07 | David Johnson | Beverly Wojtas, et al. | Bilo Cobblestone Muffins – | FBOE000639 - | 30(b)(6) 6; FBO 39; FF |

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| | | | BOGOF-July 11, 2007 | FBOE000658 | 39 |
| 8/24/07 | David Johnson | Bill Rouse, et al. | Bilo-Bruno Nature's Own 24 oz Double Fiber Analysis | FBOE000659 - FBOE000664 | 30(b)(6) 6; FBO 39; FF 39 |
| 9/28/07 | David Johnson | Curtis Lyons, et al. | Bilo/Bruno Display Accrual | FBOE000665 - FBOE000667 | 30(b)(6) 6; FBO 39; FF 39 |
| 6/4/07 | Steve Bordeaux | Mickey Fagan, et al. | New and improved Hardee's 4.5" Seeded Bun | FBOE000668 - FBOE000669 | 30(b)(6) 6; FBO 39; FF 39 |
| 10/18/07 | Jeff Strain | Robbie Watkins, et al. | Arby's Price Increase effective November 5, 2007 | FBOE000670 - FBOE000671 | 30(b)(6) 6; FBO 39; FF 39 |
| 10/29/07 | Jeff Strain | Robbie Watkins, et al. | Arby's Price Increase effective November 5, 2007 | FBOE000672 - FBOE000673 | 30(b)(6) 6; FBO 39; FF 39 |
| 7/11/07 | Jim Fryar | FBI VPs | Sonic Price Increase – August the 6th | FBOE000674 - FBOE000675 | 30(b)(6) 6; FBO 39; FF 39 |
| 7/31/07 | David Johnson | Ricky Hardy, et al. | Bilo Bill back process information | FBOE000676 - FBOE000678 | 30(b)(6) 6; FBO 39; FF 39 |
| 8/1/07 | Michael Lord | Grady Messer, et al | Bruno's BOGOF Muffin results week 30/31 | FBOE000679 - FBOE000682 | 30(b)(6) 6; FBO 39; FF 39 |
| 11/9/07 | David Johnson | Jess Maggard, et al. | BlueBird 100 Calorie Display approval | FBOE000683 | 30(b)(6) 6; FBO 39; FF 39 |
| 6/29/07 | Bobby Clary | Grady Messer, et al. | PBS Unauthorized Products | FBOE000684 | FBO 3 |
| 7/6/07 | Bobby Clary | Grady Messer, et al. | PBS Unauthorized Products | FBOE000685 - FBOE000686 | FBO 3 |
| 10/15/07 | Ben Aldridge | FBI VMI & PBS | Wal-Mart Cost Change Form | FBOE000687 - FBOE000691 | 30(b)(6) 6; FBO 39; FF 39 |
| 3/13/07 | Michelle Grenier | Steve Bordeaux | Hooters of Auburn Presents Hooters Golf Tournament | FBOE000692 | 30(b)(6) 6; FBO 39; FF 39 |
| 6/15/07 | Brad Alexander | Region 4 Plan Presidents | Price Increase Information | FBOE000693 - FBOE000694 | 30(b)(6) 6; FBO 39; FF 39 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

| Date | From | To | Re: | Bates Range | RFP/30(b)(6) Number |
|---|---|---|---|---|---|
| 8/22/07 | Rick Rowan | Norris McDaniel, et al. | Krystal Price Increase Approved | FBOE000695 - FBOE000696 | 30(b)(6) 6; FBO 39; FF 39 |
| 6/6/07 | Craig White | FBI VPs | N/A | FBOE000697 - FBOE000698 | 30(b)(6) 6; FBO 39; FF 39 |
| 6/6/07 | Brad Alexander | Region 4 Plant Presidents | Price Increase Starting | FBOE000699 | 30(b)(6) 6; FBO 39; FF 39 |

## EXHIBIT X -
### Wayne Parmer, Electronic Files

| Document | Bates Range | RFP/30(b)(6) Number |
|---|---|---|
| Bell February 10, 2006 withholding order | FF002627 | 30(b)(6) 5, 9 |
| Ellison June 23, 2006 child support | FF002629 | 30(b)(6) 5, 9 |
| Littlejohn January 25, 2007 child support | FF002628 | 30(b)(6) 5, 9 |
| Ellison May 31, 2007 child support | FF002630 | 30(b)(6) 5, 9 |
| Watson May 8, 2007 child support | FF002631 | 30(b)(6) 5, 9 |
| Sawyer August 3, 2007 garnishment | FF002632 | 30(b)(6) 5, 9 |
| DeRamus August 27, 2007 distributor confirmation | FF002633 | 30(b)(6) 5, 9 |
| Smith March 3, 2006 garnishment | FF002634 | 30(b)(6) 5, 9 |
| Harris March 19, 2007 child support | FF002635 | 30(b)(6) 5, 9 |
| Underdue January 3, 2008 child support | FF002636 | 30(b)(6) 5, 9 |
| Doug Branch March 20, 2006 IRS withholding | FF002641 | 30(b)(6) 5, 9; FBO 3 |
| McGowin March 20, 2006 IRS withholding | FF002637 | 30(b)(6) 5, 9 |
| Porterfield July 10, 2006 IRS withholding | FF002638 | 30(b)(6) 5, 9 |

| Document | Bates Range | RFP/30(b)(6) Number |
|---|---|---|
| Senn January 24, 2006 IRS withholding | FF002639 | 30(b)(6) 5, 9 |
| DeRamus April 7, 2006 IRS withholding | FF002640 | 30(b)(6) 5, 9 |
| Martin April 7, 2006 IRS withholding | FF002642 | 30(b)(6) 5, 9 |
| Thomas March 17, 2006 IRS withholding | FF002643 | 30(b)(6) 5, 9 |
| Ricky Small March 20, 2006 IRS levy | FF002644 | 30(b)(6) 5, 9; FBO 3 |
| Blank November 7, 2005 IRS levy | FF002645 | 30(b)(6) 5, 9 |
| Wilks August 11, 2005 IRS levy | FF002646 | 30(b)(6) 5, 9 |
| Opelika recruiting training retention, Wayne Parmer PowerPoint | FF002647-FF00294 | 30(b)(6) 5, 9; FBO 5, 19 |
| Atkins September 25, 2006 breach letter | FF002695-FF002696 | 30(b)(6) 8, 9 |
| Ellison December 9, 2005 child support | FF002697 | 30(b)(6) 5, 9 |
| Sears June 28, 2007 breach letter | FF002698-FF002699 | 30(b)(6) 8, 9 |
| Manning November 7, 2005 income withholding | FF002700 | 30(b)(6) 5, 9 |
| Blank June 5, 2006 breach letter | FF002701 | 30(b)(6) 8, 9 |
| Sears August 2, 2007 termination letter, effective date August 4, 2007 | FF002702-FF002703 | 30(b)(6) 8, 9 |
| Sears July 5, 2007 termination letter July 7, 2007, effective date | FF002704-FF002705 | 30(b)(6) 8, 9 |
| Freeman Garnishment | FF002706-FF002707 | 30(b)(6) 5, 9 |
| Akins May 15, 2006 garnishment | FF002708 | 30(b)(6) 5, 9 |
| Freeman November 23, 2005 garnishment | FF002709 | 30(b)(6) 5, 9 |
| Martin July 26, 2007 garnishment | FF002710 | 30(b)(6) 5, 9 |

EXHIBITS TO I 23 08 DOCUMENT PRODUCTION LETTER

| Document | Bates Range | RFP/30(b)(6) Number |
|---|---|---|
| McGowin August 11, 2005 garnishment | FF002711 | 30(b)(6) 5, 9 |
| Smith March 20, 2006 garnishment | FF002712 | 30(b)(6) 5, 9 |
| Thomas January 23, 2006 garnishment | FF002713 | 30(b)(6) 5, 9 |
| Hussey April 11, 2006 garnishment produce | FF002714 | 30(b)(6) 5, 9 |
| Child support – Glisson | FF002715 | 30(b)(6) 5, 9 |
| Lloyd garnishment | FF002716 | 30(b)(6) 5, 9 |
| Kirkland garnishment | FF002717 | 30(b)(6) 5, 9 |
| Crider child support – | FF002718 | 30(b)(6) 5, 9 |
| April 17, 2006 distributor verification document | FF002719 | 30(b)(6) 5, 9 |
| Garrison May 4, 2006 garnishment | FF002720 | 30(b)(6) 5, 9 |
| Moreland April 11, 2006 garnishment | FF002721 | 30(b)(6) 5 |
| Moreland garnishment April 11, 2006 | FF002722 | 30(b)(6) 5 |
| Dockery November 20, 2006 garnishment | FF002723 | 30(b)(6) 5 |
| Barnes November 8, 2007 levy | FF002724 | 30(b)(6) 5 |
| Hebenstreit November 20, 2006 garnishment | FF002725 | 30(b)(6) 5 |
| Jones September 12, 2005 levy | FF002726 | 30(b)(6) 5 |
| Name blank November 7, 2005 levy | FF002727 | 30(b)(6) 5 |
| Boyett October 30, 2007 levy | FF002728 | 30(b)(6) 5 |
| Lee December 21, 2005 levy | FF002729 | 30(b)(6) 5 |
| Garrison December 22, 2005 levy | FF002730 | 30(b)(6) 5 |
| Jones November 7, 2005 levy | FF002731 | 30(b)(6) 5 |

EXHIBITS TO 1 23 08 DOCUMENT PRODUCTION LETTER

| Document | Bates Range | RFP/30(b)(6) Number |
|---|---|---|
| Kirkland June 5, 2007 levy | FF002732 | 30(b)(6) 5 |
| Salter January 25, 2007 levy | FF002733 | 30(b)(6) 5 |
| Lee July 26, 2005 levy | FF002734 | 30(b)(6) 5 |
| Jones September 12, 2005 levy | FF002735 | 30(b)(6) 5 |
| Dockery November 15, 2006 levy | FF002736 | 30(b)(6) 5 |
| Finley May 24, 2007 levy | FF002737 | 30(b)(6) 5 |
| Mansfield January 27, 2006 levy | FF002738 | 30(b)(6) 5 |
| Lowry January 10, 2006 child support | FF002739 | 30(b)(6) 5 |
| Wise November 29, 2005 garnishment | FF002740 | 30(b)(6) 5, 9 |
| Wise January 9, 2006 required liability insurance on truck | FF002741 | 30(b)(6) 5 |
| Wise January 23, 2006 breach letter | FF002742 | 30(b)(6) 5 |
| McNeil October 24, 2005 Child support order | FF002626 | 30(b)(6) 5 |
| FY 2005 – Distributor Turnover, Fleet Information and Subsidy Information re: Ricky Small | FF002743-FF002745 | |
| FY 2005 – Distributor Turnover, Fleet Information and Subsidy Information re: Melvin Snow | FF002746-FF002748 | |
| FY 2005 – Distributor Turnover, Fleet Information and Subsidy Information re: James Smith | FF002749-FF002751 | |
| FY 2005 – Distributor Turnover, Fleet Information and Subsidy Information re: Charles Morrow | FF002752-FF002754 | |
| FY 2005 – Distributor Turnover, Fleet Information and Subsidy Information re: Gary Chambliss | FF002755-FF002757 | |

# Ogletree Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

Bank of America Plaza
600 Peachtree Street, NE, Suite 2100
Atlanta, GA 30308
Telephone: 404.881.1300
Facsimile: 404.870.1732
www.ogletreedeakins.com

Kevin P. Hishta
Direct Dial: 404.881.1733
E-mail: Kevin.Hishta@ogletreedeakins.com

March 27, 2008

<u>Via Federal Express</u>

Joseph P. Guglielmo
Whatley Drake & Kallas LLC
1540 Broadway, 37th Floor
New York, New York 10036

Re:    Charles Morrow, *et al.* v. Flowers Foods, Inc., *et al.*
       Civil Action No. 3:07-cv-00617-MHT

Dear Joseph:

Per my March 25, 2008 correspondence, enclosed please find a disk containing additional responsive documents to Plaintiffs' Request for Production of Documents.

*Requests 1 and 2.* Distributor Summary Reports for Charles Morrow (July 3, 2004 to December 31, 2005); Michael Overton (April 15, 2006 to September 30, 2006); James Marty Smith (October 14, 2006 to January 6, 2007); Dwayne Cleveland (July 3, 2004 to 3/15/08); Michael Smith (July 3, 2004 to December 2, 2006); Mark Murphy (July 3, 2004 to 3/15/08); Doug Branch (July 3, 2004 to 3/15/08); Ricky Small (July 3, 2004 to September 24, 2005); Melvin Snow (July 3, 2004 to September 10, 2005); Greg Patisaul (March 14, 2005 to April 16, 2005); and Lew Baxter (July 3, 2004 to 3/15/08) (FBO005974-FBO006221).

*Request 6.* PBS Protocol Agreement(s) relevant to the Plaintiffs' accounts (FF002854-FF002860).

*Request 20.* Responsive documents related to the case we discussed (*Quarles, et al. v. Flowers Foods, Inc., et al.*) (FF002942-FF002993; FBT001324 - FBT001375).

*Request 22.* Warehouse location information (FBO006222; FBT001323).

*Requests 38 and 39.* Other national account contracts for those national accounts serviced by Plaintiffs (FF002861 - FF002941).

Atlanta • Austin • Birmingham •Bloomfield Hills • Charleston • Charlotte • Chicago •Cleveland• Columbia • Dallas • Greensboro • Greenville • Houston •Indianapolis •Jackson •Kansas City Los Angeles •Memphis • Miami • Morristown • Nashville •Philadelphia •Phoenix •Pittsburgh •Raleigh •St. Louis •St. Thomas •San Antonio •San Francisco •Tampa •Torrance • Tucson • Washington

Joseph P. Guglielmo
March 27, 2008
Page 2



     Miscellaneous correspondence with the IRS related to Doug Branch and Ricky Small
(FBO006226-FBO006242).

Very truly yours,

Kevin P. Hishta
KPH:mr
Encl.

cc (w/o encl.): Greg L. Davis
               E. Kirk Wood
               Joe R. Whatley, Jr.
               Amy Weaver

# EXHIBIT M

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLES MORROW,** *et al.,* **MHT** | ) ) | **CIVIL ACTION NO: 3:07-CV-617-** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FLOWERS FOODS, INC.,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>AFFIDAVIT OF JEFFREY L. INGRAM</u>

I, Jeffrey L. Ingram, having been duly sworn, hereby depose and state as follows:

1.      I am currently employed as an attorney with the Law Offices of Galese & Ingram, P.C., in Birmingham, Alabama.  I have been an attorney with this firm since 1995.

2.      In mid-September, 2007, I was retained by Flowers Baking Co. of Opelika, LLC ("Flowers/Opelika") to assist them in the defense of the above-referenced lawsuit.  Specifically, I was retained to gather facts regarding how different distributors with Flowers/Opelika operate their distributorships and to obtain information about their individualized experiences as distributors with Flowers/Opelika.  I traveled to three different Flowers/Opelika warehouses located

in LaGrange, Georgia; Roanoke, Alabama; and Montgomery, Alabama, during the weeks of September 24, 2007 and October 1, 2007, to meet with any distributors at those warehouses who wanted to meet with me.

3.    I did not meet with, or speak to, Charles Morrow, Michael Overton, James Marty Smith, Dwayne Cleveland, Michael Smith, Mark Murphy, Lew Baxter, Ricky Small, Melvin Snow, Greg Patisaul, or Gary Chambliss regarding the lawsuit, their distributorships, or any substantive matter at any time during or after my visit. To my knowledge, I have never exchanged or otherwise engaged in any communications or conversations with any of these individuals at any time.

4.    I gave each distributor with whom I met a "Pre-Interview Warning" before we spoke about anything substantive. A copy of the Pre-Interview Warning I used during these interviews is attached hereto as Exhibit 1. I met with the distributors separately, without any Flowers/Opelika management employee or other individual present.

5.    I presented an Acknowledgement of Rights form for any distributor who agreed to speak with me after hearing the Pre-Interview Warning to sign. A copy of the Acknowledgement of Rights form that I used is attached as Exhibit 2.

2

6.    I did not ask any distributor with whom I spoke whether he or she was involved in the above-referenced lawsuit, wanted to join or opt-into the lawsuit, or was interested in the lawsuit.

I hereby declare under penalty of perjury that the foregoing is true and correct according to my personal knowledge, and if called as a witness, I could and would testify truthfully thereto.

Dated this __18__ day of __April__, 2008.

_____
Jeffrey L. Ingram

Sworn to and subscribed to before me this __18__ day of __april__, 2008.

_____
Notary Public

## PRE-INTERVIEW WARNING

My name is John Galese.  I am an attorney in Birmingham and have been retained by Flowers Baking Company of Opelika, LLC to assist them in the defense of a lawsuit.  The Company has been sued by two former distributors who claim that they were not independent distributors, but rather were employees, and, therefore, allegedly due overtime pay.  The Company denies these allegations because the Company considers you all to be independent business people, not employees.  The case is entering what is called the discovery phase of the lawsuit during which the parties exchange information relevant to the claims and defenses.

The Company has asked that I assist them in obtaining factual information that will help them to analyze this case better.  My purpose in meeting with you is to ask some questions to get that information.  The information I obtain may be used as part of the Company's defense.

There are no right or wrong answers – I just want to get information as you see the situation.  We want and need you to tell the truth.

Before we start, you need to understand your legal rights.

1.    You are under no obligation to talk to me.  This is strictly a voluntary interview.  If you do agree to talk to me, you can stop at any time.  That is your choice.

2.    If you do agree to talk with me, you will receive no benefit for doing so. You are not going to receive any free product, extra discount, or anything like that.

3.    By the same token, if you choose not to talk to me, nothing bad is going to happen.  You won't lose your Territory or be shorted product or anything like that.  The Company will not retaliate against you in any way.

Talking to me is strictly voluntary on your part – do you understand that?

One final thing, by law I am prohibited from talking with you if you have joined in the lawsuit against the Company or if you are planning to do so or if you have contacted an attorney in any way about bringing a lawsuit against the Company seeking overtime pay.  If you have done any of those things, I would ask that you simply indicate you would prefer not to talk to me.  Again, no adverse action will be taken against you.

With that understanding, would you be willing to talk with me for a few moments?

If yes, get signature on "Acknowledgment " form and proceed.

If no, say thank you and good-bye.

If the distributor wants to proceed with the interview, but not sign the "Acknowledgement," proceed and make appropriate file note.

## ACKNOWLEDGMENT OF RIGHTS

I, _____, have been asked to talk with John Galese and Jeffrey Ingram. I understand Mr. Galese and Mr. Ingram are acting on behalf of Flowers Baking Company of Opelika. I also understand that meeting with Mr. Galese and Mr. Ingram is strictly voluntary on my part. Prior to my meeting with them, Mr. Galese and Mr. Ingram explained the following to me:

1.  I am under no obligation to talk to Mr. Galese and Mr. Ingram. Even if I initially agree, I have the right to change my mind and can leave at any time.

2.  If I do agree to talk to Mr. Galese and Mr. Ingram, I will receive no benefit from doing so.

3.  If I choose not to talk to Mr. Galese and Mr. Ingram, nothing bad will happen because of my refusal. There will be no retaliation or any adverse action by anyone representing Flowers Baking Company of Opelika, or any other Flowers Company.

4.  There are no right or wrong answers to the questions I will be asked. Mr. Galese and Mr. Ingram are simply asking for my experience as a Distributor.

With this understanding, I have voluntarily agreed to talk to Mr. Galese and Mr. Ingram.


_____
Distributor

# EXHIBIT N

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

CHARLES MORROW, *et al.*,  )
MHT                        )    CIVIL ACTION NO: 3:07-CV-617-
                           )
    Plaintiffs,       )
                           )
v.                         )
                           )
FLOWERS FOODS, INC., *et al.*,  )
                           )
    Defendants.       )

## <u>AFFIDAVIT OF JOHN MARTIN GALESE</u>

I, John Martin Galese, having been duly sworn, hereby depose and state as follows:

1.    I am currently employed as an attorney with the Law Offices of Galese & Ingram, P.C., in Birmingham, Alabama. I have been a practicing attorney in the State of Alabama since 1971.

2.    In mid-September, 2007, I was retained by Flowers Baking Co. of Opelika, LLC ("Flowers/Opelika") to assist them in the defense of the above-referenced lawsuit. Specifically, I was retained to gather facts regarding how different distributors with Flowers/Opelika operate their distributorships and to obtain information about their individualized experiences as distributors with Flowers/Opelika. I traveled to one Flowers/Opelika warehouse located in

Montgomery, Alabama, during the week of September 24, 2007, to meet with distributors at those warehouses who wanted to meet with me.

3.      I did not meet with, or speak to, Charles Morrow, Michael Overton, James Marty Smith, Dwayne Cleveland, Michael Smith, Mark Murphy, Lew Baxter, Ricky Small, Melvin Snow, Greg Patisaul, or Gary Chambliss regarding the lawsuit, their distributorships, or any substantive matter during or after my visit.  To my knowledge, I have never exchanged or otherwise engaged in any communications or conversations with any of these individuals at any time.

4.      I gave each distributor with whom I met a "Pre-Interview Warning" before we spoke about anything substantive.  A copy of the Pre-Interview Warning I used is attached hereto as Exhibit 1.  I met with each of these distributors separately, without any Flowers/Opelika management employee or other individual present.

5.      I presented an Acknowledgement of Rights form for any distributor who agreed to speak with me after hearing the Pre-Interview Warning to sign. A copy of the Acknowledgement of Rights form that I used is attached as Exhibit 2.

2

6.    I did not ask any independent distributor with whom I spoke whether he or she was involved in the above-referenced lawsuit, wanted to join or opt-into the lawsuit, or was interested in the lawsuit.

I hereby declare under penalty of perjury that the foregoing is true and correct according to my personal knowledge, and if called as a witness, I could and would testify truthfully thereto.

Dated this _18_ day of _april_, 2008.

_____
John Martin Galese

Sworn to and subscribed to before me this _18_ day of _April_, 2008.

_____
Notary Public

6232289.1 (OGLETREE)

## PRE-INTERVIEW WARNING

My name is John Galese. I am an attorney in Birmingham and have been retained by Flowers Baking Company of Opelika, LLC to assist them in the defense of a lawsuit. The Company has been sued by two former distributors who claim that they were not independent distributors, but rather were employees, and, therefore, allegedly due overtime pay. The Company denies these allegations because the Company considers you all to be independent business people, not employees. The case is entering what is called the discovery phase of the lawsuit during which the parties exchange information relevant to the claims and defenses.

The Company has asked that I assist them in obtaining factual information that will help them to analyze this case better. My purpose in meeting with you is to ask some questions to get that information. The information I obtain may be used as part of the Company's defense.

There are no right or wrong answers – I just want to get information as you see the situation. We want and need you to tell the truth.

Before we start, you need to understand your legal rights.

1.  You are under no obligation to talk to me. This is strictly a voluntary interview. If you do agree to talk to me, you can stop at any time. That is your choice.

2.  If you do agree to talk with me, you will receive no benefit for doing so. You are not going to receive any free product, extra discount, or anything like that.

3.  By the same token, if you choose not to talk to me, nothing bad is going to happen. You won't lose your Territory or be shorted product or anything like that. The Company will not retaliate against you in any way.

Talking to me is strictly voluntary on your part – do you understand that?

One final thing, by law I am prohibited from talking with you if you have joined in the lawsuit against the Company or if you are planning to do so or if you have contacted an attorney in any way about bringing a lawsuit against the Company seeking overtime pay. If you have done any of those things, I would ask that you simply indicate you would prefer not to talk to me. Again, no adverse action will be taken against you.

With that understanding, would you be willing to talk with me for a few moments?

If yes, get signature on "Acknowledgment " form and proceed.

If no, say thank you and good-bye.

If the distributor wants to proceed with the interview, but not sign the "Acknowledgement," proceed and make appropriate file note.

## ACKNOWLEDGMENT OF RIGHTS

I, _____, have been asked to talk with John Galese and Jeffrey Ingram. I understand Mr. Galese and Mr. Ingram are acting on behalf of Flowers Baking Company of Opelika. I also understand that meeting with Mr. Galese and Mr. Ingram is strictly voluntary on my part. Prior to my meeting with them, Mr. Galese and Mr. Ingram explained the following to me:

1.  I am under no obligation to talk to Mr. Galese and Mr. Ingram. Even if I initially agree, I have the right to change my mind and can leave at any time.

2.  If I do agree to talk to Mr. Galese and Mr. Ingram, I will receive no benefit from doing so.

3.  If I choose not to talk to Mr. Galese and Mr. Ingram, nothing bad will happen because of my refusal. There will be no retaliation or any adverse action by anyone representing Flowers Baking Company of Opelika, or any other Flowers Company.

4.  There are no right or wrong answers to the questions I will be asked. Mr. Galese and Mr. Ingram are simply asking for my experience as a Distributor.

With this understanding, I have voluntarily agreed to talk to Mr. Galese and Mr. Ingram.


_____
Distributor