IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CHARLES MORROW, et al., <br> Individually and on behalf of similarly <br> situated employees, <br><br> Plaintiffs, <br><br> v. <br><br> FLOWERS FOODS, INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: <br> ) 3:07-CV-617-MHT <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES**

COME NOW the Plaintiffs in the above-styled action and submit this reply memorandum in further support of their Motion for an Order compelling Defendant to produce responses to Plaintiffs' Second Set of Interrogatories and Second Set of Documents and Second Set of Interrogatories.

**I. BACKGROUND**

Although Plaintiffs just received Defendants' twenty (20) page opposition to Plaintiffs' Motion to Compel the production of documents to Plaintiffs' Second Request for Production and Second Set of Interrogatories (the "Requests"), what is evident from Defendants' opposition is that their responses to the Requests are woefully inadequate and their objections are unfounded.

Indeed, although Defendants refused to provide Plaintiffs any information other than they had "previously produced"[1] responsive documents and information, they again

---

[1] It appears that Defendants now claim that it is the files of the individual named plaintiffs are somehow what they claim to be responsive to Plaintiffs' Second Set of Requests for Production. *See* Opposition at 7-8 and fn 9. At no time during the meet and confer did Plaintiffs state that they were seeking documents

1

failed to identify such information. Moreover, and most significantly, Defendants, for the first time, attach Affidavits of Jeffrey L. Ingram [D.E. 100-17] and John Martin Galese [D.E. No. 100-18] admitting that these individuals, on behalf of Defendant Flowers Baking Company of Opelika, communicated with distributors located in three warehouses about "facts regarding how different distributors with Flowers/Opelika operate their distributorships and to obtain information about their individualized experiences as distributors…" -- matters directly relevant to this lawsuit.

Indeed, the information supplied to the Court in opposing Plaintiffs' Motion to Compel is more than the perfunctory objections they provided in their responses to the Requests. Consider the facts submitted in Defendants' Oppositions to the Motion to Compel and the supporting Affidavits against Defendants' responses to the Requests:

Interrogatory # 1

Please describe each and every communication you had with any current or former route distributor. Your response must include the time, location, participants, materials presented or exchanged, and a summary of the discussion(s).

Answer

Flowers/Opelika objects to this Request because it is vague and ambiguous, specifically the terminology "communication" and "materials." Flowers/Opelika further objects to the terminology "route distributors," which it does not use. Flowers/ Opelika also objects to this requests as it is overly broad, unduly burdensome, and request information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is not limited to any "communication" with Plaintiffs or any "communication" that would be relevant to the claims or defenses of any party to this case but rather encompasses any and all "communications" with thousands of distributors at approximately twenty-five subsidiaries. This Request is also not limited in time or in subject matter, by its terms encompassing all personal and non-business related "communications" over an indefinite time period, which would be completely irrelevant to the claims or defenses of any party to this action.

---

relating solely to Defendants' communications with the named plaintiffs rather they specifically stated that they requested communications with route distributors concerning the matters at issue in this lawsuit. In fact, the March 27th letter completely undermines their position.

Request for Production # 1

All documents concerning, evidencing, reflecting or describing any communications between you and any present or former route distributors, including any of the Plaintiffs, concerning any of the allegations, facts or circumstances described in the Complaint.

Answer

Flowers/Opelika objects to this Request because it is vague and ambiguous, specifically the terminology "communications." Flowers/ Opelika further objects to the terminology "route distributors," which it does not use. Flowers/ Opelika further objects to this Request, because it is overly broad, unduly burdensome, and requests documents which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is not limited to the Plaintiffs' individual claims and is not limited in time. Flowers/Opelika further objects to this Request to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes, and to the extent this Request seeks underlying metadata.

To the extent that Defendants argue in their opposition memorandum that such information about other route distributors is not relevant – 11th Circuit Law as well as their very own actions – the submission of affidavits opposing class certification from other route distributors -- undermines this argument. See Defs. Opp. at 6. *See also, Hipp v. Liberty National Life Ins. Co.,* 252 F.3d 1208 (11th Cir. 2001).

Moreover, although Defendants argue that the requests were overly broad and Defendants were incapable of responding, they fail to acknowledge that, during the meet and confer on the Requests, Plaintiffs specifically narrow and clarified any ambiguities regarding what was sought by the Requests and provided a letter dated On March 27, 2008 with clarification. *See* Exhibit D to Plaintiffs' Motion to Compel [D.E. 96-4]. In any event, Defendants' opposition identifies information that they refused to provide to plaintiffs regarding discussions Defendants' agents have had with route distributors. Thus any claim of irrelevance is simply unfounded, their objections should be overruled

3

fulsome responses to the Requests should be compelled. *See Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354, n.20 (1978).

Given that certification under Rule 216(b) requires that plaintiffs be "similarly situated" information concerning communications with other route distributors is thus relevant. *Hipp v. Liberty National Life Ins. Co.,* 252 F.3d 1208 (11th Cir. 2001). Thus, Defendants' argument that the Court's Order dated November 27, 2007 [D.E. No. 64] supports their position that information about other route distributors – including route distributors employed by these very Defendants is not relevant – is simply wrong.

### III. CONCLUSION

For the reasons stated herein as well as in Plaintiffs' opening Motion to Compel and supporting memorandum, Plaintiffs respectfully request that the Court enter an Order overruling Defendants' objections and compelling Defendants to answer Plaintiffs' Second Set of Interrogatories, in full and without objections, and fully respond to Plaintiff's Second Document Requests.

Dated this 23rd day of April, 2008.

Respectfully Submitted,

  /s/ Joseph P. Guglielmo
Joseph P. Guglielmo
WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York, 10036
212-447-7007
jguglielmo@wdklaw.com

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 23, 2008, a copy of the foregoing was served on the following counsel via the CM/ECF electronic filing system:

Sandra B. Reiss
Christopher W. Deering
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com
Chris.Deering@odnss.com

Kevin P. Hishta
David H. Grigereit
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com
David.Grigereit@ogletreedeakins.com

                                               /s/ Joseph P. Guglielmo
                                               OF COUNSEL