IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MORROW, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07-cv-617-MHT |
| | ) | |
| FLOWERS FOODS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **ORDER**

Pending before the Court are *Plaintiffs' Motion to Compel the Production of Documents* (Doc. 96, filed April 15, 2008), Defendants' "Response" (Doc. 100, filed April 23, 2008), and Plaintiffs' "Reply" (Doc. 101, filed April 24, 2008).

As this Court previously stated "this case only involves the current named parties and the allegations against them. Thus, discovery is also limited to those parties and subject matter." *See* Doc. 64, Protective Order. Until the determination regarding certifying a class has been made, no other discovery is appropriate. While Plaintiffs cite to a number of cases to support their position - including *Oppenheimer Fund, Inc. v. Sanders, Inc.*, *Oppenheimer Fund, Inc. v. Sanders, Inc.*, 437 U.S. 340, 354 n.20, 98 S.Ct. 2380, 2392, 57 L.Ed.2d 253 (1978), and *Hipp v. Liberty Natl. Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001) - these cases are not on point as they do not address the issue at hand. In *Oppenheimer*, the case specifically relates to a Rule 23 class opt-out action and has no bearing on a 216(b) class opt-

in action. *Oppenheimer*, 437 U.S. 340, 98 S.Ct. 2380. As such, it is inapplicable to the situation at hand. Further, in their reply, Plaintiffs' rely heavily on *Hipp* as support though they never provide a pinpoint cite to indicate what portion of the case they rely upon. While the 11th Circuit dealt with a variety of issues in *Hipp*, none relate to discovery prior to preliminary class certification. *Hipp*, 252 F.3d 1208. As such, it also has no bearing on the decision related to discovery prior to preliminary/conditional class certification. In addition, the *Motion to Conditionally Certify Class and Facilitate Class Notice* (Doc. 32) has been fully submitted since October 17, 2007, and so no further briefing is permitted without leave of court. *See* Doc. 35, Order.

For the above reasons, it is **ORDERED** that the Motion to Compel (Doc. 96) is **DENIED** without prejudice to reassert once the Court has ruled on the *Motion to Conditionally Certify Class and Facilitate Class Notice* (Doc. 32, filed September 21, 2007).

DONE this 25th day of April, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE