UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES MORROW, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CASE NO: 3:07-cv-00617-MHT |
| v. ) | |
| ) | |
| FLOWERS FOODS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT FLOWERS FOODS, INC.'S, FLOWERS BAKING CO. OF OPELIKA, LLC'S, AND FLOWERS BAKING CO. OF THOMASVILLE, LLC'S MOTION FOR PROTECTIVE ORDER AND/OR MOTION TO QUASH SUBPOENA

COME NOW, Defendant Flowers Foods, Inc. ("Flowers Foods"), Flowers Baking Co. of Opelika, LLC ("Flowers/Opelika"), and Flowers Baking Co. of Thomasville, LLC ("Flowers/Thomasville"), by and through its undersigned counsel, and respectfully submit this Motion for Protective Order and/or Motion to Quash Subpoena ("Motion for Protective Order").

1. Plaintiffs are comprised of only three current and eight former independent distributors who contracted with Flowers/Opelika or Flowers/Thomasville and who operated out of a limited number of warehouses. Notwithstanding their limited number and geographic representation, Plaintiffs brought this action under Section 216(b) of the Fair Labor Standards Act on behalf of a nationwide class. Plaintiffs' proposed class includes current and former distributors at any one of twenty-five different Flowers Foods' subsidiaries, which are each separate and distinct legal entities.

2. Plaintiffs filed their Motion to Conditionally Certify and Facilitate Class Notice ("Plaintiffs' Motion), and Memorandum in support thereof, on behalf of this nationwide class on

September 21, 2007 (Ct. Doc. Nos. 32; 33), pursuant to this Court's Scheduling Order. (Ct. Doc. No. 28.) This Court has not yet ruled on Plaintiffs' Motion.

3. This Court has now heard, and decided, two separate Motions (*i.e.* Motion for Protective Order Limiting Scope of Plaintiffs' 30(b)(6) Videotaped Deposition of Flowers Foods (Ct. Doc. No. 48) and Plaintiffs' Motion to Compel the Production of Documents (Ct. Doc. No. 99)), which specifically addressed Plaintiffs' attempts to obtain pre-conditional certification class-wide discovery. In response to both Motions, this Court has clearly held that because no decision on conditional certification has been rendered, "this case only involves the named parties and the allegations against them. Thus, discovery is also limited those parties and subject matter." (Ct. Doc. Nos. 64; 102.)

4. Notwithstanding this Court's Orders, Plaintiffs served a subpoena on Zarco, Einhorn, & Salkowski, a law firm in Miami, Florida, seeking all documents produced, depositions taken and exhibits thereto, and witness lists exchanged in a case brought by distributors with Flowers Baking Co. of Miami, LLC, which is not, and cannot currently be added as, a party to this lawsuit. In addition, none of the current Plaintiffs were parties to, or involved in, the aforementioned case. As such, the voluminous underlying documents and information sought by Plaintiffs in their subpoena are clearly not relevant to Plaintiffs' individual claims. Further, Defendants have already produced certain Motions and Orders regarding the aforementioned case to Plaintiffs. Furthermore, much of the record in that case is a matter of public record. Therefore, Plaintiffs' subpoena and is nothing more than an improper attempt to obtain pre-conditional certification class-wide discovery, which this Court has held previously held to be inappropriate.

5. Flowers Foods, Flowers/Opelika, and Flowers/Thomasville thus seek a Protective Order and/or Motion to Quash prohibiting Plaintiffs from obtaining the information sought within their subpoena and rendering such subpoena unenforceable for the reasons cited above.

**WHEREFORE,** Defendants respectfully request that this Honorable Court GRANT its Motion for a Protective Order and/or Motion to Quash, as set forth in the brief filed herewith.

Respectfully submitted this 29th day of April, 2008.

/s/ Kevin P. Hishta
Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail: Kevin.Hishta@ogletreedeakins.com
(404) 881-1300
(404) 870-1732 Fax

Sandra B. Reiss
Alabama Bar No. ASB-3650-S80S
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
e-mail:  Sandra.Reiss@odnss.com
Ph.  (205) 328-1900; Fax:  (205) 328-6000

*Counsel for Defendants, Flowers Foods, Inc.,*
*Flowers Baking Co. of Opelika, LLC, and Flowers Baking*
*Co. of Thomasville, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 29th day of April, 2008, I electronically filed the foregoing Defendant Flowers Foods, Inc.'s, Flowers Baking Co. of Opelika, LLC's, and Flowers Baking Co. of Thomasville, LLC's Motion For Protective Order and/or Motion To Quash Subpoena with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Greg L. Davis, Esq.
The Law Offices of Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL 36117

Joe R. Whatley, Jr., Esq.
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama 35203

Joseph P. Guglielmo, Esq.
Whatley Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036

Amy Lynne Weaver
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama 35203

Glen M. Connor
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama 35203

E. Kirk Wood, Esq.
Wood Law Firm, LLC
PO Box 382434
Birmingham, Alabama 35238-2434

/s/ Kevin P. Hishta
Kevin P. Hishta