IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES MORROW, et al., | ) |
| | ) |
| Plaintiffs, | ) CIVIL ACTION NO.: |
| | ) 3:07-CV-617-MHT |
| v. | ) |
| | ) |
| FLOWERS FOODS, INC., et al. | ) |
| | ) |
| Defendants. | ) |

**OBJECTION TO THE MAGISTRATE JUDGE'S
ORDER, DOCUMENT 102**

COME NOW Plaintiffs in the above-styled action and hereby file the following objections to the Magistrate Judge's Order, Document Number 102 made April 25, 2008:

**BACKGROUND**

Plaintiffs Charles Morrow, Dwayne Cleveland, Gary Chambliss, Michael Overton, Michael Smith, James Marty Smith, Ricky Small, Melvin Snow, Greg Patisaul, Mark Murphy, and Lew Baxter filed a Motion to Compel the Production of Documents on April 15, 2008 that had been withheld by Defendants on the grounds of relevance.

Magistrate Judge Moorer set the briefs for submission and issued a report and recommendation on April 25, 2008. (D.E. No. 102). The report and recommendation denied Plaintiffs' Motion to Compel the Production of Documents, adopting the mistaken position that Plaintiffs were seeking class-wide discovery and that such discovery was not permitted at this stage of the litigation as the motion for conditional class certification has not yet been ruled upon.

1

The report mistakenly denies the motion to compel because it is, for all practical purposes, denying discovery that is specifically related to the lawsuit and directly to the issue of whether the plaintiffs are "similarly situated," an essential element of bringing a claim under 29 U.S.C. §216(b).  Moreover, since the information sought specifically asks for information relating to communications with other route distributors concerning the allegations of this suit, there is no question that the information is relevant and therefore should have been produced.

Specifically, the request for production and interrogatory subject to this motion were:

Interrogatory # 1

Please describe each and every communication you had with any current or former route distributor.  Your response must include the time, location, participants, materials presented or exchanged, and a summary of the discussion(s).

Answer

Flowers/Opelika objects to this Request because it is vague and ambiguous, specifically the terminology "communication" and "materials."  Flowers/Opelika further objects to the terminology "route distributors," which it does not use.  Flowers/ Opelika also objects to this requests as it is overly broad, unduly burdensome, and request information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  In particular, this Request is not limited to any "communication" with Plaintiffs or any "communication" that would be relevant to the claims or defenses of any party to this case but rather encompasses any and all "communications" with thousands of distributors at approximately twenty-five subsidiaries.  This Request is also not limited in time or in subject matter, by its terms encompassing all personal and non-business related "communications" over an indefinite time period, which would be completely irrelevant to the claims or defenses of any party to this action.

Request for Production # 1

All documents concerning, evidencing, reflecting or describing any communications between you and any present or former route distributors, including any of the Plaintiffs, concerning any of the allegations, facts or circumstances described in the Complaint.

2

Answer

  Flowers/Opelika objects to this Request because it is vague and ambiguous, specifically the terminology "communications." Flowers/ Opelika further objects to the terminology "route distributors," which it does not use. Flowers/ Opelika further objects to this Request, because it is overly broad, unduly burdensome, and requests documents which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is not limited to the Plaintiffs' individual claims and is not limited in time. Flowers/Opelika further objects to this Request to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes, and to the extent this Request seeks underlying metadata.

(*See*, Plaintiffs Mot. to Compel the Production of Documents, Exhibits A, B, D.E. No. 96).

  Importantly, Plaintiffs further limited the scope to communications since the commencement of the litigation and to those communications specifically related to this litigation during a meet and confer.

  Defendants' responses to the discovery stated that, notwithstanding their objections to the discovery, they would produce documents applicable to Plaintiffs. (*See*, Plaintiffs' Mot. to Compel the Production of Documents, Exhibit B, D.E. No. 96). Thereafter, Defendants stated in a letter dated March 25, 2008, that Defendants had previously produced documents but failed to identify any documents. However, following a meet and confer to better understand what specific documents were previously produced and what other documents would be made available, Defendants reversed course and stated that the requests were not relevant and would not provide any substantive responses. (*See*, Plaintiffs' Mot. to Compel the Production of Documents, Exhibit D, D.E. No. 96).

  Defendants objected to these requests arguing relevance and also that the discovery sought class-wide discovery not limited to the Plaintiffs in the action.

3

Although Plaintiffs disagree that the discovery sought is class-wide discovery as it is specifically limited to Defendants' communications with other route distributors concerning ***this lawsuit.***

In opposing Plaintiffs' Motion to Compel, Defendants admitted that they had indeed communicated with route distributors and hired a law firm in Birmingham, Alabama to conduct interviews of route distributors. (*See,* Defs. Rsp. In Opp. to Mot. to Compel, pp. 12-15, Exhibits M, N, D.E. No. 100).

In fact, Defendants are currently seeking discovery not limited to the Plaintiffs in this action. Indeed, Defendants are presently seeking the deposition on May 14, 2008 of Douglas Branch, who is no longer a plaintiff in the action and whose testimony they would claim is relevant to the claims and defenses in the litigation. Thus, by Defendants' own actions, they must concede the information sought by Plaintiffs Second Request for Production and Second Set of Interrogatories is relevant and must be produced.

Therefore, Plaintiffs object to the report and recommendation of the magistrate judge, and relies on the following argument to support their objections.

**ARGUMENT**

Defendants have conceded that they have communicated with potential class members regarding the claims of this lawsuit. (*See*, Response in Opp. to Motion to Compel, D.E. No. 100). The substance of Defendants' communications with putative class members has been squarely laid at issues as it speaks to the desire by class members to opt in, a factor the Eleventh Circuit considers in determining conditional certification. *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

The magistrate judge's report declared the cases relied on by the Plaintiffs to be

4

not on point and having no bearing on a 216(b) class opt-in action. (D.E. No. 102). This is incorrect as Plaintiffs cited to *Hipp* to support its contention that "similarly situated" is an essential element of an action brought under 29 U.S.C. §216(b). The substance of communications with other route distributors pertaining to this litigation is clearly relevant under F.R.C.P. Rule 26(b) and is directly related to whether the Plaintiffs are "similarly situated." (*See*, Response in Opp. to Motion to Compel, p. 12-13, D.E. No. 100). The order, which the magistrate judge cites to, dated November 27, 2007, states that discovery is limited to parties and subject matter. (*See*, D.E. No. 64). Whether the Plaintiffs are similarly situated, which Defendants admit they were seeking evidence on in their communications with putative class members, is an essential element of the claim and thus relevant to the subject matter of the action. *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Though the action is currently limited to these parties, whether the Plaintiffs are "similarly situated" is still an element of the case. Discovery should be allowed as parties may obtain discovery regarding any matter that is relevant to the claim or defense of any party, and whether the Plaintiffs are similarly situated to each other is a claim in this case. *See, Taylor v. Nix*, 240 Fed.Appx. 830, 834 (11th Cir. 2007).

## CONCLUSION

This Court should reject the Order of the Magistrate Judge denying Plaintiffs' Motion to Compel documents to Plaintiffs Second Request for Production and responses Second Set of Interrogatories, overrule all of Defendants' objections to this discovery and compel Defendants to respond. Plaintiffs continue to believe the discovery sought is

relevant to its claims under 29 U.S.C. §216(b), and thus, the Defendants should be compelled to produce discovery on their communications related to this litigation only to route distributors.

Respectfully Submitted,


__/s/ Amy A. Weaver_____


**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York, 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on May 5, 2008, a copy of the foregoing was served on the following counsel via the CM/ECF electronic filing system:

Sandra B. Reiss
Christopher W. Deering
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com
Chris.Deering@odnss.com

Kevin P. Hishta
David H. Grigereit
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com
David.Grigereit@ogletreedeakins.com

                                                    __/s/ Amy A. Weaver_____
                                                    OF COUNSEL