**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **CHARLES MORROW, et al,** | ) |
| **Individually and on behalf of similarly** | ) |
| **situated employees,** | ) |
| | ) |
| **Plaintiffs,** | ) **CIVIL ACTION NO.:** |
| | ) **3:07-CV-617-MHT** |
| **v.** | ) |
| | ) |
| **FLOWERS FOODS, INC., et al,** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE**
**ORDER AND/OR MOTION TO QUASH**
**NON-PARTY NATIONAL ACCOUNTS SUBPOENAS**

Plaintiffs, by and through their undersigned counsel, respectfully submit this memorandum in opposition to Defendants' Motion for Protective Order and/or Motion to Quash Non-Party National Accounts Subpoenas.  For the reasons set forth herein, Defendant's Motion should be denied for the foregoing reasons: (1) Defendants have not met their burden of "good cause" for the issuance of a protective order, (2) Defendants do not have standing to bring a motion to quash a non-party subpoena; (3) the Non-Parties who were served the subpoenas have not sought a  protective order; (4) the information sought by the subpoenas is relevant as it directly addresses one of the Defendants' affirmative defenses; (5) the information is not duplicative to that already produced by the Defendants and Plaintiffs did first attempt to obtain this information from the Defendants; (6) Plaintiffs did not improperly serve the subpoenas; and (7) Defendants own subpoenas (attached as Exhibit A hereto) to third-parties specifically undermine

their arguments.  For these reasons, this Court should enter an order denying Defendants'
motion in its entirety.

**FACTUAL BACKGROUND**

On July 2, 2007, Plaintiffs Morrow and Overton filed a complaint alleging
overtime violations under the FLSA against Defendants Flowers Foods, Inc., and its
wholly owned subsidiary, Flowers Baking Co. of Opelika, LLC.  Specifically, Plaintiffs
alleged that both Flowers Foods and its subsidiary engaged in policies and practices that
denied Plaintiffs time and a half for any hours worked over 40 in a work week.  (Compl.
¶¶14-30, 45, D.E. No. 1).  Since the time of filing, Plaintiffs' counsel were contacted by
10 other route distributors who sought to participate in this litigation who worked for
Flowers Baking Co. of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC,
who was subsequently added as a party.  (*See*, Second Amended Compl., D.E. No. 54).

All three Defendants answered the Second Amended Complaint and raised as an
affirmative defense that Plaintiffs' claims were barred by the "outside sales" exemption
of the FLSA.  (*See*, Answer of Flowers Foods, Inc. to Second Amended Compl., p.21,
D.E. No. 58, Answer of Flowers/ Opelika to Second Amended Compl., p. 23, D.E. No.
59, Anders of Flowers/ Thomasville to Second Amended Compl., p. 23, D.E. No. 60).

On September 21, 2007, Plaintiffs filed their Motion to Conditionally Certify and
Facilitate Class Notice and Memorandum in Support, pursuant to the Court's Uniform
Scheduling Order. (D.E. No. 28)  Defendants filed their Response in Opposition to
Plaintiffs' Motion for Class Certification on October 17, 2007.  (D.E. No. 42).  Pursuant

to the Parties Rule 26 Report, Plaintiffs filed their Reply in Further Support to Plaintiffs Motion for Class Certification on November 8, 2007. (D.E. No. 55).[1]

Between April 11, 2008 and April 15, 2008, Plaintiffs served subpoenas on the non-party national accounts who Defendants identified as specific national account customers of the named Plaintiffs in this action, namely: Family Dollar Stores, Inc., Wal-Mart Stores, Inc., Fred's Stores of Alabama, Inc., Publix Supermarkets, Inc., Winn-Dixie Stores, Inc., Bruno's, Inc., Southern Family Markets, LLC, Target Corporations, Sonic Restaurants, Inc; Arby's Inc, Burger King Corporation; Hardee's Food Systems, Inc., Sodexho, Inc., Chick-Fil-A, Inc., Zaxby's Holdings, and The Krystal Company. (Attached hereto as "Exhibit A").

Plaintiffs timely and properly notified Defendants of the subpoenas and provided Defendants with copies of the subpoenas. Additionally, Plaintiffs have provided Defendants with copies of the documents produced by certain of the non-party national accounts, namely Burger King Corporation, Chick-Fil-A, Inc., Publix Supermarkets, Inc., Southern family Markets, LLC, and Hardee's Food Systems, Inc.

Specifically, the subpoenas requested information from each of these national accounts to rebut Defendants' affirmative defense that Plaintiffs' claims were barred by the "outside sales" exemption of the FLSA. The discovery is clearly relevant as it

---

[1] Contrary to Defendants statements that the Court has explicitly agreed to limit the scope of discovery and asopted Defendants' proposed position that discovery of non-parties be limited only to Defendants "representative sampling" of documents pertaining to national accounts (*See* Defs. Brief in Support of the Motion for Protective Order and/or Motion to Quash Non-Party National Accounts Subpoenas, pp. 6-7, D.E. No. 104), no such limitation was ordered and the Court's Order does not address such issue but rather addressed the scope of Plaintiffs' 30(b)(6) deposition. *Compare* D.E. No. 64 and Defs. Brief in Support of the Motion for Protective Order and/or Motion to Quash Non-Party National Accounts Subpoenas, pp. 6-7, D.E. No. 104). Indeed, if the scope of discovery was limited by the Court to a representative sampling of documents produced by the parties, Defendants, by their own subpoenas to third parties who employed the named plaintiffs would have violated the Court's Order. *See* Exhibit A (28 subpoenas issued by Defendants to third parties where the named plaintiffs were employed at some point following their employment with Flowers Foods).

specifically concerns the affirmative defense raised by all Defendants and is not simply

an issue pertaining to whether a nationwide class will be certified pursuant to Section

216(b).   Indeed, Plaintiffs only served subpoenas to certain national accounts, the names

of which were provided by the Defendants as the national accounts which were serviced

by the named Plaintiffs in this action.  The information requested was:

> 1.  A Copy of your complete file referable to Flowers Foods, Inc., Flowers Bakery Group, Flowers Baking Co. of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC ("the Flowers entities"), including but not limited to, copies of all contracts, protocol agreements, and distribution agreements between you and the Flowers entities, and communications between you and the Flowers entities **with respect to products distributed by any of the following Plaintiff distributors: Charles Morrow; Michael Overton; Lew Baxter; Melvin Snow; Ricky Small;  Michael Smith; James Marty Smith; Greg Patisaul, Mark Murphy; Gary Chambliss; and Dwayne Cleveland.**

This Request includes any and all documents held by you and/or any of your affiliated entities, divisions, subsidiaries, and/or franchises **operating in either the states of Alabama and /or Georgia.**

> 2.  A copy of your complete file referable to **any of the following Plaintiff route distributors: Charles Morrow; Michael Overton; Lew Baxter; Melvin Snow; Ricky Small;  Michael Smith; James Marty Smith; Greg Patisaul, Mark Murphy; Gary Chambliss; and Dwayne Cleveland**, including all documents describing the Flowers Foods, Inc., products distributed, any and all contracts, protocol agreements, and distribution agreements between you and any of the Flowers independent route distributor plaintiffs, and copies of all notes, memoranda, correspondence, and any other document that relates to negotiations between you and any Flowers route distributor plaintiffs for the past four (4) years.

This request includes any and all documents held by you and/or any of your affiliated entities, divisions, subsidiaries, and/or franchises operating in either the states of Alabama and/or Georgia.

*(See*, Defendants Brief in Support of its Mot. for Protective Order and/or Motion to

Quash Non-Party National Accounts Subpoenas, Exhibit F, D.E. No. 104-7).

## <u>ARGUMENT</u>

Defendants' Motion for Protective Order and/or Motion to Quash Non-Party

National Accounts Subpoenas is an effort to avoid proper discovery **concerning the**

*Plaintiffs participation in sales with these accounts*, which is relevant to the defense of "outside sales," and which defense was raised by each Defendant. The subpoenas served by the Plaintiffs on these non-party national accounts seek discovery of *these accounts' communications with the Flowers Defendants and/or named Plaintiffs in this action solely concerning "sales" made or attempted to be made by the named Plaintiffs*. This information is necessary and relevant to establishing that the outside sales exemption does not apply and should not be quashed or protected.

    **1.    Defendants have not met their burden to establish "good cause" demonstrating why a protective order should be issued.**

Pursuant to Fed. R. Civ. P. 26(c), the party seeking a protective order precluding discovery bears the burden of establishing "good cause" for the issuance of a protective order. Good cause is established only where the moving party can make a specific demonstration of facts in support of a protective order. *Dunford v. Rolly Marin Serv. Co.*, 233 F.R.F. 635, 636 (S.D. Fla. 2005); *Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Constr. Co.*, 153 F.R.D. 686, 688 (M.D. Fla. 1994) ("for a protective order to be granted, a party must show that the information is confidential and that the disclosure would be harmful." The moving party's "conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one" do not meet this burden. *Dunford*, 233 F.R.D. at 636.

Defendants do not say once in their entire twenty-page brief in support of the Motion for Protective order and/or Motion to Quash Non-Party National Accounts Subpoenas that the information sought is confidential or that the disclosure would be harmful. Defendants based their argument for a protective order on the mischaracterization that Plaintiffs are seeking class-wide discovery, which is blatantly

misstates the scope of the subpoenas, as each request is limited to and involves the products <u>distributed by the Plaintiffs</u> and the national accounts' files <u>with respect to the Plaintiffs</u>. Indeed, the subpoena request even limits geographically the locations where Plaintiffs believed the information would be contained, i.e. to the states of Alabama and Georgia. Defendants' objections and arguments fail to show how the administration of justice will be impeded by permitting the requested discovery to go forward, and thus the protective order and motion to quash should be denied.

**2. Defendants lack standing to quash a non-party subpoena.**

Defendants do not have standing to challenge a subpoena issued to a non-party. It is well established that, absent the assertion of a personal right or privilege, no one other than the person to whom a subpoena is directed has standing to challenge it. *See Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir. 1979); *U.S.A. v. Idema*, 118 Fed. Appx. 740, 744 (4th Cir. 2005); *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D.Kan. 1995) (A motion to quash or modify a subpoena may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena); *Sterling Merchandising, Inc. v. Nestle, S.A.*, 470 F. Supp. 2d 77, 81 (D. Puerto Rico 2006)(only the recipient of the subpoena may move to quash unless the movant is asserting its own privilege). *See also McCoy v. Southwest Airlines Co., Inc.,* 211 F.R.D. 381, 384 (C.D Cal. 2002)(only the non-party can prevent disclosure by objection and that party whom the records pertain cannot object); *McCabe v. Ernst & Young, LLP,* 221, F.R.D. 423 (D.N.J. 2004).

In the present case, the Defendants have not asserted a privilege or a personal right with respect to the subject matter requested in the subpoenas. In fact, Defendants' arguments are based solely on the notion that they have produced and/or will produce the information sought by these subpoenas and that the information requested is class-wide in scope, which, for reasons explained below, is baseless and without merit. The material requested in the subpoenas relates to the national accounts' relationship with the specific Plaintiffs, which (as discussed below) directly concerns the issue of the outside sales exemption – which is an affirmative defense raised by Defendants in this litigation.

Indeed, to date, no non-party has sought a protective order and as identified above, certain non-parties have, in fact, produced responsive documents which in turn have been provided to the parties. Therefore, this Court should deny the motion to quash and Defendants have no legal basis to stand on.

### 3.    The information sought by these subpoenas is relevant and speaks directly to one of Defendants' affirmative defenses.

Federal Rule of Civil Procedure 26[2] states that "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." F.R.C.P. 26(b)(1). The information sought in Plaintiffs' subpoena is clearly relevant to the named plaintiffs' claims and defenses. Moreover, the scope is narrowly tailored as it does not seek the pre-conditional class wide discovery that Defendants repeatedly declare in their request for a protective order. Moreover, it is incredible that Defendants could say the information sought is "completely irrelevant to the only issue subject to discovery at this stage of the lawsuit: that is whether Plaintiffs were denied overtime wages in

---

[2] The scope in responding to a subpoena pursuant to Rule 45 is the same that applies generally to the scope of discovery under Rule 26. *See Graham v. Casey's General Stores,* 206 F.R.D. 251, 253-54 (S.D. Ind. 2002).

violation of the FLSA," as Plaintiffs are seeking information directly related to Defendants' Twelfth Affirmative Defense, i.e. the Outside Sales Exemption, which directly speaks to the issue of whether Plaintiffs are entitled to overtime wages. (*See*, Defs. Brief in Support of its Motion for Protective Order and/or Motion to Quash Non-Party Subpoenas, p. 13, D.E. No. 104).

Defendants contend that the subpoenas, in the first request, also seek negotiations which do not pertain to or involve Plaintiffs or products sold by Plaintiffs to the national accounts, but Defendants completely disregard the plain language of the subpoenas in making such an assertion. The subpoenas expressly command production of information regarding the products <u>distributed by the named Plaintiffs in this litigation</u>. Indeed, the national accounts which were subpoenaed were identified from a list provided by Defendants at the Flowers Foods Inc. 30(b)(6) deposition, where the Defendant's designee identified the national accounts that the various named Plaintiffs serviced.

Additionally, Defendants' objection to the second request arguing that the testimony provided in the 30(b)(6) deposition adequately describes the communications between the national accounts and the Plaintiffs who serviced them during the relevant time period for the litigation, misses the point as such testimony although arguably relevant to the outside sales exemption, does not eliminate the need to obtain this information to rebut defendants affirmative defense. Indeed, it would be illogical to allow Defendants to continue to raise this affirmative defense and simultaneously deny the named plaintiffs their ability to rebut the defense by precluding the discovery sought by the subpoenas. Plaintiffs requested the complete file, which would include any negotiations the Plaintiffs may have had with the stores they serviced during the relevant

time period, not merely the initial business contact which Defendants refer to in the deposition of David Roach. (*See* Defs. Brief in Support of the Motion for Protective Order and/or Motion to Quash Non-Party National Accounts Subpoenas, p. 14, D.E. No. 104). If these accounts are truly the Plaintiffs' customers, Defendants' 30(b)(6) corporate designee would not have the knowledge to provide information on such communications between Plaintiff and customer.

### 4.    The information sought is not duplicative.

Plaintiffs seek records that would illustrate the communications and the relationship between the national accounts and the Plaintiffs- a relationship which Defendants contend is a separate independent business relationship. It is difficult to understand how a corporate representative of Defendant Flowers Foods, Inc., can effectively describe a purportedly separate, independent business relationship they contend exists between the route distributor Plaintiffs and their customers.

Defendants declare this information to be duplicative, but yet, in their brief, they admit they have not produced the whole of this information to the Plaintiffs, instead providing only a representative sampling.[3] Defendants contend Plaintiffs have not used any documents from the national accounts in the 30(b)(6) deposition, but Plaintiffs did use the Protocol Agreement for Wal-Mart and Winn Dixie as exhibits for the 30(b)(6) deposition.[4] Furthermore, Plaintiffs, in correspondence dated March 19, 2008, had complained to Defendants as to their "representative sampling of documents," attached as

---

[3] Plaintiffs do not agree with the statement made by Defendants that Plaintiffs agreed to the production of only a "representative sample" but rather that they would review the initial production and thereafter determine if they needed additional information. In fact, when plaintiffs requested further information from Defendants, they objected.
[4] It should be noted that as of the time of the 30(b)(6) deposition, Defendants had not produced any other agreements or contracts regarding the national accounts.

Exhibit "A." Defendants in their brief cite to their production of documents dated April 25, 2008, but this was after the subpoenas were served and after Defendants had notice of said subpoenas. Because Plaintiffs have not had access to this information and it is relevant to the claims of the individual Plaintiffs, Defendants' Motion to Quash should be denied.

 5. **Defendants were not prejudiced by Plaintiffs' service of the subpoenas.**

As stated above, Plaintiffs are not engaging in improper discovery through these subpoenas as they are tailored to the Plaintiffs in the action and they directly speak to one of the affirmative defenses of the Defendants. Defendants argue that the delay in notice of the subpoenas prevented them from objecting to the scope of the subpoenas, but they, notwithstanding their lack of standing to even file a motion to quash, have already filed their motion, thus rendering this argument moot.

Defendants further take issue with the fact that the subpoenas were not signed when served upon the national accounts. The national accounts to whom the subpoenas were served have not objected to the lack of signature but instead have accepted service of the subpoenas, and thus the defect should be waived. *See, Atlantic Inv. Management, LLC v. Millennium Fund I, Ltd.*, 212 F.R.D. 395, 397 (N.D. Ill. 2002) (where the Court stated the lack of attorney signature on the subpoena was waived since the person to whom the subpoena was directed did not object and, indeed, accepted the subpoena). In addition, the subpoena was signed when the declaration of service was sent to Defendants, and thus, the intent to take responsibility for the subpoena by Greg Davis, one of the attorneys for Plaintiffs, was evidenced. *Id.* at 397 (where the Court found that since the attorney did sign the declaration of service as well as the petition to enforce the

subpoena, he had evidenced his intent to take responsibility for issuing the subpoena and the omission of his signature was mere oversight).

### 6.    Defendants' Own Acts Undermine their Motion

It should be noted that, although Defendants have raised a number of arguments concerning Plaintiffs' subpoenas to the national accounts serviced by the named plaintiffs, they have issued over twenty-eight (28) subpoenas to current and former employees of the named plaintiffs.[5]  Specifically, Defendants' subpoenas[6] seek:

> All documents that discuss, describe, reflect, or refer to the employment of [Plaintiff], including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; document reflecting [Plaintiff's] compensation and benefit package; and all documents relating to any claims for unemployment; provided however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

*See* Exhibit A (attached hereto).  It is clear from these 28 subpoenas that Defendants seek information concerning plaintiffs' current or former employers to argue that the outside sales exemption applies to this action.  Thus, Defendants' arguments that plaintiffs' discovery into the national accounts they service is irrelevant is simply belied by the facts.   Thus, Defendants' own actions demonstrate that their motion is unfounded and should be denied.

---

[5] A list of the names of these employers and the actual subpoenas is attached as Exhibit "A."

[6] Plaintiffs would note that these subpoenas would directly violate Defendants' own understanding of the Court's Order by seeking records concerning the named plaintiffs' employment at other entities.  In any event, Plaintiffs dispute that the records sought by Defendants' subpoenas would have any bearing on the defenses raised by Defendants.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court deny the Motion for Protective Order and/or Motion to Quash Non-Party National Accounts Subpoenas.

This 7th day of May, 2008.

Respectfully Submitted,


_/s/ Joseph P. Guglielmo_____

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York, 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 7, 2008, a copy of the foregoing was served on the following counsel via the CM/ECF electronic filing system:

Sandra B. Reiss
Christopher W. Deering
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com
Chris.Deering@odnss.com

Kevin P. Hishta
David H. Grigereit
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com
David.Grigereit@ogletreedeakins.com

  /s/ Joseph P. Guglielmo
OF COUNSEL

# EXHIBIT "A"

| No. | Plaintiff | Employer Name |
| --- | --- | --- |
| 1. | Ricky Small | American Candy Company of Selma, Alabama |
| 2. | Ricky Small | BE & K Construction Headquarters |
| 3. | Ricky Small | Sara Lee |
| 4. | Ricky Small | Wal-Mart |
| 5. | Ricky Small | Simcala, Inc. |
| 6. | Mark Murphy | Burger King |
| 7. | Mark Murphy | Rent-A-Center |
| 8. | Michael Smith | Bentler Automotive |
| 9. | Michael Smith | Russell Corporation |
| 10. | Charles Morrow | Capital Chevrolet |
| 11. | Charles Morrow | Royal Crown Cola |
| 12. | Melvin Snow | Coca Cola Bottling Company |
| 13. | Melvin Snow | Phillie's Cigar Company |
| 14. | Marty Smith | CommuniComm Cable Services |
| 15. | Marty Smith | Security Pest Control |
| 16. | Marty Smith | Superior Pest Control |
| 17. | Marty Smith | Wal-Mart |
| 18. | Marty Smith | Wadley Police Department |
| 19. | Lew Baxter | Workforce of Montgomery |
| 20. | Lew Baxter | Hanson Pipe & Products |
| 21. | Dwayne Cleveland | Genuine Auto Parts |
| 22. | Dwayne Cleveland | Lowe's Auto Parts |
| 23. | Dwayne Cleveland | McConnell Honda |
| 24. | Gary Chambliss | McKee Foods |
| 25. | Gary Chambliss | Chambliss Distributors, Inc. |
| 26. | Michael Overton | Five Star Food Service |
| 27. | Michael Overton | James Cable Partners |
| 28. | Greg Patisaul | Patisaul Pressure Washing |

# No. 1

Ricky Small
American Candy Company
of Selma, Alabama

# United States District Court

_____ MIDDLE _____ DISTRICT OF _____ ALABAMA _____

CHARLES MORROW, et al,

V.

FLOWERS FOODS, INC., et al,

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:   Custodian of Employment Records
      American Candy Company
      401 Craig Industrial Park
      Selma AL 36701

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of Ricky Antonio Small (**DOB**: 09/26/1967; **SS#** 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Ricky Antonio Small's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE  Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | DATE AND TIME |
|---|---|
| One Federal Place, Suite 1000 | February 20, 2008 |
| 600 Peachtree Street, Suite 2100 | 10:00 am |
| Atlanta, GA 30308 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Sandra B Reiss*          Sandra B. Reiss, Esq. Attorney for Defendant | February     , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL  35203
205/328-1900

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 2

Ricky Small
BE & K Construction Headquarters

# United States District Court

__MIDDLE__ _____ DISTRICT OF ___ALABAMA___

CHARLES MORROW, et al,

V.

FLOWERS FOODS, INC., et al,

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:  Custodian of Employment Records
     BE & K Construction Headquarters
     2000 International Park Dr.
     Birmingham, AL 35243

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of Ricky Antonio Small (**DOB:** 09/26/1967; **SS#** 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Ricky Antonio Small's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE  Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Sandra B. Reiss_     Sandra B. Reiss, Esq.<br>Attorney for Defendant | February    , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL 35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 3

Ricky Small
Sara Lee

# United States District Court

<u>MIDDLE</u>     DISTRICT OF     <u>ALABAMA</u>

CHARLES MORROW, et al,

V.

**SUBPOENA IN A CIVIL CASE**

FLOWERS FOODS, INC., et al,

CASE NUMBER: 3:07-cv-617-MHT

TO:    Custodian of Employment Records
       Sara Lee
       2900 Selma Hwy
       Montgomery, AL 36108

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of *Ricky Antonio Small* (**DOB:** 09/26/1967; **SS#** 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Ricky Antonio Small's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE    Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | DATE AND TIME |
| --- | --- |
| One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | February 20, 2008<br>10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *Sandra B Reiss*        Sandra B. Reiss, Esq.<br>Attorney for Defendant | February     , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL  35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 4

Ricky Small
Wal-Mart

# United States District Court

_MIDDLE_       DISTRICT OF     _ALABAMA_

CHARLES MORROW, et al,

##       V.

FLOWERS FOODS, INC., et al,

# SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:    Custodian of Employment Records
       Wal-Mart
       1501 Alabama Hwy 14E
       Selma AL 36703

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of Ricky Antonio Small (DOB: 09/26/1967; SS# 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Ricky Antonio Small's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE   Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>_Sandra B Reiss_     Sandra B. Reiss, Esq.<br>                        Attorney for Defendant | DATE<br><br>February     , 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL 35203
205/328-1900

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## · DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i)  fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is  held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 5

Ricky Small
Simcala, Inc.

# United States District Court

<u>    MIDDLE    </u> DISTRICT OF <u>   ALABAMA   </u>

**CHARLES MORROW, et al,**

      **V.**

**FLOWERS FOODS, INC., et al,**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:   Custodian of Employment Records
       Simcala, Inc
       1940 Ohio Ferro Alloys Rd.
       Montgomery, AL 36104

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents that discuss, describe, reflect, or refer to the employment of** Ricky Antonio Small **(DOB:** 09/26/1967; **SS#** 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), **including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Ricky Antonio Small's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.**

| PLACE Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | DATE AND TIME |
|---|---|
| One Federal Place, Suite 1000 | February 20, 2008 |
| 600 Peachtree Street, Suite 2100 | 10:00 am |
| Atlanta, GA 30308 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Sandra B. Reiss*      Sandra B. Reiss, Esq. Attorney for Defendant | February   , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

   Sandra B. Reiss, Esq.
   Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
   One Federal Place, Suite 1000
   Birmingham, AL 35203
   205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 6

Mark Murphy
Burger King

# United States District Court

_____ MIDDLE _____ DISTRICT OF _____ ALABAMA _____

CHARLES MORROW, et al,

### SUBPOENA IN A CIVIL CASE

V.

FLOWERS FOODS, INC., et al,

CASE NUMBER: 3:07-cv-617-MHT

TO:   Custodian of Employment Records
      Burger King
      801 New Franklin Road
      LaGrange, Georgia 30240

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents that discuss, describe, reflect, or refer to the employment of _Kerry Mark Murphy_ (DOB: 01/1958, S~~█ 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~~ including all personnel files and documents; employment applications; all documents reflecting discipline and ~~separation from~~ employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Kerry Mark Murphy's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE  Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Sandra B. Reiss_    Sandra B. Reiss, Esq.<br>Attorney for Defendant | February    , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL  35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.   If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.   If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.   Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;
(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 7

Mark Murphy
Rent-A-Center

# United States District Court

MIDDLE _____ DISTRICT OF _____ ALABAMA _____

CHARLES MORROW, et al,

V.

FLOWERS FOODS, INC., et al,

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:   Custodian of Employment Records
      Rent-A-Center
      131 Commerce Avenue
      LaGrange, Georgia 30241

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of *Kerry Mark Murphy* (DOB: 01/1958 ███████ including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Kerry Mark Murphy's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE   Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Sandra B Reiss*    Sandra B. Reiss, Esq.<br>Attorney for Defendant | February    , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL  35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 8

Michael Smith
Bentler Automotive

# United States District Court

_____ MIDDLE _____    DISTRICT OF    _____ ALABAMA _____

CHARLES MORROW, et al,

V.

FLOWERS FOODS, INC., et al,

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:    Custodian of Employment Records
       Bentler Automotive
       4401 North Park Drive
       Opelika, AL 36801

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of _Michael Shay Smith_ (DOB: 10/24/1968, SS# 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Michael Shay Smith's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE    Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_Sandra B. Reiss_  Sandra B. Reiss, Esq.<br>Attorney for Defendant | DATE<br>February    , 2008 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL  35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) if a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 9

Michael Smith
Russell Corporation

# United States District Court

_____ MIDDLE _____    DISTRICT OF    _____ ALABAMA _____

CHARLES MORROW, et al,

V.

FLOWERS FOODS, INC., et al,

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:    Custodian of Employment Records
Russell Corporation
755 Lee Street
Alexander City, AL 35010
PO Box 272 (35011)

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of _Michael Shay Smith_ (**DOB:** 10/24/1968, **SS#** 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Michael Shay Smith's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| _[signature]_    Sandra B. Reiss, Esq.<br>Attorney for Defendant | February    , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL 35203
205/328-1900

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 10

Charles Morrow
Capital Chevrolet

# United States District Court

_____ MIDDLE _____    DISTRICT OF    _____ ALABAMA _____

CHARLES MORROW, et al,

V.

FLOWERS FOODS, INC., et al,

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:    Custodian of Employment Records
       Capital Chevrolet
       711 Eastern Bypass
       Montgomery, AL 36117

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of _Charles E. Morrow_ (DOB: 12/1/1940, SS# 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting _Charles E. Morrow's_ compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE    Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Sandra B. Reiss_    Sandra B. Reiss, Esq.<br>Attorney for Defendant | February    , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL  35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE | | |
|---|---|---|---|---|
| SERVED | | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 11

Charles Morrow
Royal Crown Cola

# United States District Court

_____ MIDDLE _____ DISTRICT OF _____ ALABAMA _____

CHARLES MORROW, et al,

V.

FLOWERS FOODS, INC., et al,

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:    Custodian of Employment Records
Royal Crown Cola
14 Cottonhill Road
Eufaula, AL 36027

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents that discuss, describe, reflect, or refer to the employment of** _Charles E. Morrow_ (DOB: 12/1/1940, SS# 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Charles E. Morrow's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE    Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. One Federal Place, Suite 1000 600 Peachtree Street, Suite 2100 Atlanta, GA 30308 | DATE AND TIME February 20, 2008 10:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| _Sandra B. Reiss_    Sandra B. Reiss, Esq. Attorney for Defendant | February    , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL  35203
205/328-1900

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 12

Melvin Snow
Coca Cola Bottling Company

# United States District Court

MIDDLE           DISTRICT OF       ALABAMA

CHARLES MORROW, et al,

        V.

**SUBPOENA IN A CIVIL CASE**

FLOWERS FOODS, INC., et al,

CASE NUMBER: 3:07-cv-617-MHT

TO:    Custodian of Employment Records
       Coca Cola Bottling Company
       300 Coca Cola Rd.
       Montgomery, AL 36105

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of Melvin James Snow (**DOB**: 11/20/1964; **SS#** 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Melvin James Snow's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE   Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | DATE AND TIME |
| --- | --- |
| One Federal Place, Suite 1000 600 Peachtree Street, Suite 2100 Atlanta, GA 30308 | February 20, 2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| _Sandra B. Reiss_   Sandra B. Reiss, Esq. Attorney for Defendant | February   , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

     Sandra B. Reiss, Esq.
     Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
     One Federal Place, Suite 1000
     Birmingham, AL  35203
     205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## ·DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information con-tained in the Proof of Service is true and correct.

Executed on _____
                      DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iv) subjects a person to undue burden.
(B)  If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 13

Melvin Snow
Phillie's Cigar Company

# United States District Court

_____ MIDDLE _____    DISTRICT OF    _____ ALABAMA _____

CHARLES MORROW, et al,

V.

## SUBPOENA IN A CIVIL CASE

FLOWERS FOODS, INC., et al,

CASE NUMBER: 3:07-cv-617-MHT

TO:    Custodian of Employment Records
       | Phillie's Cigar Company
       Morgan Street
       Selma, AL 36701

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of Melvin James Snow (DOB: 11/20/1964; SS# 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Melvin James Snow's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Sandra B Reiss*    Sandra B. Reiss, Esq.<br>Attorney for Defendant | February    , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL 35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |
| SERVED BY (PRINT NAME) | TITLE |
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.   If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.   If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.   Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;
(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is       held, or
(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)   subjects a person to undue burden.
(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 14

Marty Smith
CommuniComm Cable Services

# United States District Court

_____MIDDLE_____ DISTRICT OF _____ALABAMA_____

CHARLES MORROW, et al,

**SUBPOENA IN A CIVIL CASE**

V.

FLOWERS FOODS, INC., et al,

CASE NUMBER: 3:07-cv-617-MHT

TO:   Custodian of Employment Records
CommuniComm Cable Services
PO Box 900
Roanoke, AL 36274

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of _James Marty Smith_ (DOB: 9/3/1978, SS# 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting James Marty Smith's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE  Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*     Sandra B. Reiss, Esq.<br>Attorney for Defendant | DATE<br><br>February   , 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL  35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 15

Marty Smith
Security Pest Control

# United States District Court

_____ MIDDLE _____ DISTRICT OF _____ ALABAMA _____

CHARLES MORROW, et al,

V.

FLOWERS FOODS, INC., et al,

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:     Custodian of Employment Records
        Security Pest Control
        652 Cherokee Road
        Alexander City, AL 35010

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents that discuss, describe, reflect, or refer to the employment of** *James Marty Smith* **(DOB: 9/3/1978, SS# 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting James Marty Smith's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.**

| PLACE  Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*Sandra B Reiss*        Sandra B. Reiss, Esq.<br>Attorney for Defendant | DATE<br><br>February     , 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL 35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 16

Marty Smith
Superior Pest Control

# United States District Court

<u>MIDDLE</u>    DISTRICT OF    <u>ALABAMA</u>

**CHARLES MORROW, et al,**

V.

**SUBPOENA IN A CIVIL CASE**

**FLOWERS FOODS, INC., et al,**

CASE NUMBER: 3:07-cv-617-MHT

TO:    Custodian of Employment Records
       Superior Pest Control
       205 Park South Drive
       Lineville, AL 36266

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of *James Marty Smith* (DOB: 9/3/1978, SS# 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting James Marty Smith's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE   Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | DATE AND TIME |
| --- | --- |
| One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | February 20, 2008<br>10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *Sandra B. Reiss*            Sandra B. Reiss, Esq.<br>Attorney for Defendant | February    , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL  35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 17

Marty Smith
Wal-Mart

# United States District Court

<u>MIDDLE</u> DISTRICT OF <u>ALABAMA</u>

CHARLES MORROW, et al,

V.

FLOWERS FOODS, INC., et al,

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:    Custodian of Employment Records
.  Wal-Mart
   2643 Highway 280
   Alexander City, AL 35010

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of *James Marty Smith* (DOB: 9/3/1978, SS# 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting James Marty Smith's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE   Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. One Federal Place, Suite 1000 600 Peachtree Street, Suite 2100 Atlanta, GA 30308 | DATE AND TIME February 20, 2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT *signature* Sandra B. Reiss, Esq. Attorney for Defendant | DATE February     , 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL  35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 18

Marty Smith
Wadley Police Department

# United States District Court

_____MIDDLE_____    DISTRICT OF    _____ALABAMA_____

CHARLES MORROW, et al,

V.

FLOWERS FOODS, INC., et al,

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 3:07-cv-617-MHT

TO:    Custodian of Employment Records
       Wadley Police Department
       265 Highland Circle
       Wadley, AL 36276

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents that discuss, describe, reflect, or refer to the employment of** _James Marty Smith_ (**DOB:** 9/3/1978, **SS#** 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), **including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting James Marty Smith's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.**

| PLACE  Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | DATE AND TIME |
|---|---|
| One Federal Place, Suite 1000 | February 20, 2008 |
| 600 Peachtree Street, Suite 2100 | 10:00 am |
| Atlanta, GA 30308 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Sandra B. Reiss_    Sandra B. Reiss, Esq.  Attorney for Defendant | February     , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL  35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |
| SERVED BY (PRINT NAME) | TITLE |
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 19

Lew Baxter
Workforce of Montgomery

# United States District Court

<u>MIDDLE</u>     DISTRICT OF     <u>ALABAMA</u>

**CHARLES MORROW, et al,**

      **V.**

**FLOWERS FOODS, INC., et al,**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:     Custodian of Employment Records
        Workforce of Montgomery Inc
        300 Arba Street
        Montgomery, AL 36104

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of *Lew Ellis Baxter* (DOB: 04/1958, S▮ ▮▮▮▮▮▮▮▮ including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting *Lew Ellis Baxter's* compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE   Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | DATE AND TIME |
| --- | --- |
|           One Federal Place, Suite 1000 <br>           600 Peachtree Street, Suite 2100 <br>           Atlanta, GA 30308 | February 20, 2008 <br> 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *Sandra B Reiss*      Sandra B. Reiss, Esq. <br>                 Attorney for Defendant | February     , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

     Sandra B. Reiss, Esq.
     Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
     One Federal Place, Suite 1000
     Birmingham, AL 35203
     205/328-1900

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 20

Lew Baxter
Hanson Pipe & Products

# United States District Court

_MIDDLE_     DISTRICT OF     _ALABAMA_

**CHARLES MORROW, et al,**

      V.

**FLOWERS FOODS, INC., et al,**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:   Custodian of Employment Records
      Hanson Pipe & Products
      3750 Western Blvd.
      Montgomery, AL 36108

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of _Lew Ellis Baxter_ (DOB: 04/1958, SS# ▮▮▮▮▮▮▮▮▮ including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting _Lew Ellis Baxter's_ compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE  Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>_Sandra B. Reiss_        Sandra B. Reiss, Esq.<br>Attorney for Defendant | DATE<br><br>February   , 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL 35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
|---|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE | |
|---|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 21

Dwayne Cleveland
Genuine Auto Parts

# United States District Court

<u>MIDDLE</u>  DISTRICT OF  <u>ALABAMA</u>

**CHARLES MORROW, et al,**

V.

**FLOWERS FOODS, INC., et al,**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:  Custodian of Employment Records
Genuine Auto Parts
3321 Mobile Highway
Montgomery, Al 36108

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of Dwayne Eric Cleveland  (DOB: 10/11/1968, SS# 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Dwayne Eric Cleveland's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE  Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Sandra B Reiss* (signature)    Sandra B. Reiss, Esq.<br>Attorney for Defendant | DATE<br>February    , 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL 35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 22

Dwayne Cleveland
Lowe's Auto Parts

# United States District Court

_____MIDDLE_____ DISTRICT OF _____ALABAMA_____

CHARLES MORROW, et al,

V.

FLOWERS FOODS, INC., et al,

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:   Custodian of Employment Records
      Lowe's Auto Parts
      424 Bibb Street
      Montgomery, AL 36104

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of _Dwayne Eric Cleveland_ (**DOB**: 10/11/1968, SS# 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Dwayne Eric Cleveland's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE   Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | DATE AND TIME |
|---|---|
| One Federal Place, Suite 1000 | February 20, 2008 |
| 600 Peachtree Street, Suite 2100 | 10:00 am |
| Atlanta, GA 30308 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_   Sandra B. Reiss, Esq. | |
| Attorney for Defendant | February   , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL  35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 23

Dwayne Cleveland
McConnell Honda

# United States District Court

_____ MIDDLE _____  DISTRICT OF _____ ALABAMA _____

CHARLES MORROW, et al,

V.

FLOWERS FOODS, INC., et al,

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:  Custodian of Employment Records
McConnell Honda
2840 Eastern Boulevard
Montgomery, AL 36116

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of _Dwayne Eric Cleveland_ (**DOB:** 10/11/1968, SS# 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Dwayne Eric Cleveland's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE  Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_Sandra B Reiss_    Sandra B. Reiss, Esq.<br>Attorney for Defendant | DATE<br>February    , 2008 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL  35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 24

Gary Chambliss
McKee Foods

# United States District Court

<u>MIDDLE</u>                    DISTRICT OF    <u>ALABAMA</u>

CHARLES MORROW, et al,

V.

FLOWERS FOODS, INC., et al,

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:    Custodian of Employment Records
       McKee Foods
       10260 McKee Road
       Ooltewah, TN 37363

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**All documents that discuss, describe, reflect, or refer to the employment of** *Gary Chambliss* **(DOB:** 11/09/1956, **SS#** 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), **including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Gary Chambliss's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.**

| PLACE  Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*                    Sandra B. Reiss, Esq.<br>                    Attorney for Defendant | DATE<br><br>February    , 2008 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL  35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 25

Gary Chambliss
Chambliss Distributors, Inc.

# United States District Court

_____ MIDDLE _____ DISTRICT OF _____ ALABAMA _____

CHARLES MORROW, et al,

V.

FLOWERS FOODS, INC., et al,

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:    Custodian of Employment Records
.      The Chambliss Distributors, Inc.
       PO Box 421
       Alford, FL 32420

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of Gary Chambliss  (DOB: 11/09/1956, SS# 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Gary Chambliss's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE  Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*    Sandra B. Reiss, Esq.<br>Attorney for Defendant | DATE<br><br>February    , 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL  35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 26

Michael Overton
Five Star Food Service

# United States District Court

_____MIDDLE_____ DISTRICT OF _____ALABAMA_____

CHARLES MORROW, et al,

## SUBPOENA IN A CIVIL CASE

V.

FLOWERS FOODS, INC., et al,

CASE NUMBER: 3:07-cv-617-MHT

TO:    Custodian of Employment Records
       Five Star Food Service
       1001 Longley Place
       LaGrange, GA 30240

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
|  | DATE AND TIME |
|  | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents that discuss, describe, reflect, or refer to the employment of _Michael A. Overton_ (DOB: 5/29/1974, SS# 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Michael A. Overton's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE  Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_signature_      Sandra B. Reiss, Esq.<br>                Attorney for Defendant | DATE<br>February    , 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL 35203
205/328-1900

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 27

Michael Overton
James Cable Partners

# United States District Court

_____MIDDLE_____ DISTRICT OF _____ALABAMA_____

CHARLES MORROW, et al,

V.

FLOWERS FOODS, INC., et al,

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:    Custodian of Employment Records
James Cable Partners
5440 Eatonton Rd
Madison, GA 30650

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents that discuss, describe, reflect, or refer to the employment of _Michael A. Overton_ (DOB: 5/29/1974, SS# 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), including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Michael A. Overton's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE   Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | DATE AND TIME |
|---|---|
| One Federal Place, Suite 1000 | February 20, 2008 |
| 600 Peachtree Street, Suite 2100 | 10:00 am |
| Atlanta, GA 30308 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Sandra B Reiss_   Sandra B. Reiss, Esq. Attorney for Defendant | February     , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL  35203
205/328-1900

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# No. 28

Greg Patisaul
Patisaul Pressure Washing

# United States District Court

MIDDLE _____ DISTRICT OF _____ ALABAMA

CHARLES MORROW, et al,

V.

FLOWERS FOODS, INC., et al,

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:07-cv-617-MHT

TO:     Custodian of Employment Records
        Patisaul Pressure Washing
        107 A Dilly Hill
        LaGrange, GA 30240

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| * | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| * | * |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents that discuss, describe, reflect, or refer to the employment of *Greg C. Patisaul*, ⬛⬛⬛⬛⬛⬛⬛⬛⬛ including all personnel files and documents; employment applications; all documents reflecting discipline and separation from employment; all documents reflecting any complaints or grievances; all documents reflecting any separation or severance package; documents reflecting Greg C. Patisaul's compensation and benefit package; and all documents relating to any claims for unemployment; provided, however, this request does not include payroll records, time records, medical records, or any other documents containing personal medical information.

| PLACE  Offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>600 Peachtree Street, Suite 2100<br>Atlanta, GA 30308 | DATE AND TIME<br>February 20, 2008<br>10:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| * | * |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*Sandra B Reiss* (signature)            Sandra B. Reiss, Esq.<br>                                        Attorney for Defendant | DATE<br><br>February      , 2008 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra B. Reiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
Birmingham, AL 35203
205/328-1900

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.