IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **CHARLES MORROW, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | CIVIL ACTION NO.: |
| ) | 3:07-CV-617-MHT |
| v. ) | |
| ) | |
| **FLOWERS FOODS, INC., et al.** ) | |
| ) | |
| **Defendants.** ) | |

### RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND/OR MOTION TO QUASH SUBPOENA

Plaintiffs respectfully submit this Response in Opposition to Defendants' Motion for Protective Order and/or Motion to Quash Subpoena, and further show as follows:

### INTRODUCTION

On or about April 25, 2008, Plaintiffs served a subpoena on the law firm of Zarco, Einhorn & Salkowski (the "Zarco firm"), seeking documents related to prior litigation in which two of the Defendants to this action –Flowers Foods, Inc., and Flowers Baking Company of Opelika, LLC – were sued for improperly classifying route distributors as independent contractors for purposes of denying "overtime wages" as required under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq* (hereinafter, "the *Quarles* litigation"). Without conferring with Plaintiffs, Defendants moved this Court for a Protective Order and/or Order Quashing the

Subpoena served on the Zarco firm on the ostensible grounds that (1) the subpoena seeks class-wide discovery; and (2) the subpoena is procedurally deficient. Because each of these supposed grounds is erroneous and misplaced, the Defendants' Motion is due to be denied.

### I.     Plaintiffs' Subpoena Seeks Relevant Information Regarding the Defendants' Representations and Conduct in Prior Litigation Involving Virtually Identical Claims.

Defendants strive mightily to convince the Court that the requests contained in the subject subpoena are directed at "class-wide" discovery, however, their arguments on this point are misplaced. The well-known standard for the pre-trial discovery of information is that "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The rules of discovery are to be accorded a broad and liberal treatment. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The parties' mutual knowledge of all the relevant facts is a prerequisite for proper litigation. *See Dollar v. Long Mfg., N. C., Inc.*, 561 F.2d 613, 616 (5th Cir.1977).

Plaintiffs served a subpoena on the Zarco firm seeking copies of various records related to the *Quarles* litigation, a lawsuit filed in the United States District Court for the Southern District of Florida against two of the defendants to this action – Flowers Food, Inc., and Flowers Baking Co. of Thomasville, LLC – which suit contained allegations virtually identical to the claims asserted in this lawsuit.

Clearly, the defendants' representations made in that suit, representations related to the factors to be considered by courts in determining whether an employee has been improperly classified as an independent contractor, among other things, are relevant to the identical claims in this lawsuit.

Despite the fact that defendants served Plaintiffs with copies of certain documents related to the *Quarles* litigation, their attempt to limit the information to which Plaintiffs should be allowed to only those documents which Defendants deem relevant and worthy of disclosure should not be permitted. Moreover, it should be noted that the Zarco firm does not object to the subpoena and does not seek a protective order. Although Plaintiffs concede that "[t]he documents previously produced by Defendants are more than sufficient to provide Plaintiffs with an understanding regarding the issues, arguments, and Order made in the *Quarles* case," (D.E. No. 107, at p. 6), Plaintiffs seek more than a general understanding of the issues, arguments and Order referenced. Plaintiffs seek and are entitled to discovery regarding **any** non-privileged matter relevant to the claims and defenses in this action. Here, the information requested is clearly relevant to the claims and defenses asserted. *See* Fed. R. Civ. P. 26(b)(1). Since Defendants have raised a number of the same affirmative defenses in this action as in the prior action – including the outside sales exemption – the records sought are clearly relevant to these defenses.

To illustrate the specious nature of Defendants' position on this point, Defendants, just weeks ago, served Plaintiffs with a copy of a subpoena and deposition notice directed at a route distributor, Doug Branch, who, while formerly a plaintiff in this action, presently, **is not** a party to this action. Defendants seek to have this Court impose unreasonable and unfounded limitations on the discovery to which Plaintiffs are entitled, yet, seemingly feel that they are entitled to discovery from any person – party or not. Such selective application of the Rules of Civil Procedure will work to prejudice Plaintiffs prosecution of their claims and should not be permitted.

Curiously, Defendants represent to this Court that "much of the information Plaintiffs seek in their subpoena to the Zarco law firm, such as depositions, exhibits, and expert reports, are a matter of public record. Therefore, Plaintiffs can obtain the documents through less burdensome means." (D.E. No. 107, at pp. 6-7). In fact, resort to the Southern District of Florida's electronic docket and the documents contained therein makes clear that only excerpts of certain depositions were filed, seemingly only a limited number of the many deposition exhibits were filed, and apparently no expert reports were filed with that court. As a result, the Defendants' representation on this point should be rejected.

Accordingly, Plaintiffs should be allowed to discover all depositions, expert witness reports, and documents produced in the *Quarles* case.

## II.   Plaintiffs' Subpoena is Not Procedurally Defective.

Additionally, Defendants object to Plaintiff's subpoena on certain procedural grounds.  Namely, Defendants allege that the subpoena suffers from procedural defects due to its (1) being issued from the Middle District of Alabama; and (2) commanding the production of documents by April 30, 2008.  Because each of these grounds is untenable, Defendants' Motion is due to be denied.

### 1.   The subpoena was properly issued from the Middle District of Alabama.

Fed. R. Civ. P. 45(a)(2)(C)  governs the procedure for the issuance of subpoenas to be served on non-parties, and provides:

> *Issued from Which Court.*   A subpoena must issue as follows:
>
> . . .
>
> (C) for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

"'Production' refers to the delivery of documents, not their retrieval, and therefore 'the district in which the production . . . is to be made' is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over." *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 413 (3rd Cir. 2004); *accord Ghandi v. Police Dept. of City of Detroit*, 74 F.R.D. 115, 122 (E.D. Mich. 1977); *Elder-Beerman Stores Corp. v. Federated*

*Dep't Stores, Inc.*, 45 F.R.D. 510, 511 ("The physical location of the document is unimportant.") (S.D.N.Y. 1968); Fed. R. Civ. P. 45, Committee Notes, 1991 Amendment Subdivision (a) ("Paragraph (a)(2) makes clear that the person subject to the subpoena is required to produce materials in that person's control whether or not the materials are located within the District or within the territory within which the subpoena can be served."); 9 James Wm. Moore, et al., <u>Moore's Federal Practice</u> 45.03 (3d ed. 2000) ("The subpoena should issue from the Court where the production of documents is to occur, regardless of where the documents are located."); 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2456 at 31 (2008) (" The case law clearly has established that even records kept beyond the territorial jurisdiction of the district court issuing the subpoena may be covered if they are controlled by someone subject to the court's jurisdiction.").

Simply stated, the defendants' contention that "This Court, therefore, does not have jurisdiction over the Miami-based firm" misses the mark and should be rejected by this Court. (D.E. No. 107, at p.7). To the contrary, Plaintiffs' subpoena, issued from the Middle District of Alabama, was proper. Indeed, the Zarco firm does not object or seek a protective order.

### 2. The Subpoena allowed a reasonable amount of time for compliance.

Defendants' contention that the Zarco firm subpoena did not provide a reasonable amount of time for compliance is likewise misplaced. Notably, the Zarco firm has made no objection whatsoever to the time for production called for and has agreed to waive all requirements regarding formal service of the subpoena. Defendants simply have no basis for contending that the time allowed for responding to the subpoena is unreasonable in light of the fact that the Zarco firm has not objected. Accordingly, Defendants' Motion is due to be denied.

### III. Defendants Lack Standing to Raise the Objections Asserted in their Motion.

Federal courts generally hold that a party to litigation, absent a claim of privilege or a personal right, lacks standing to challenge a subpoena to a non-party. *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.,* 231 F.R.D. 426, 429 (M.D. Fla 2005); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979)[1]. Defendants Motion presents marked parallels to that analyzed by the court *In re Rum Marketing Intern., Ltd.*, 2007 WL 2702206 (S.D. Fla. 2007). There, a subpoena was issued by a party to a pending administrative proceeding before the United States Patent and Trademark Office, Trial and Appeal Board ("USPTO")

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the 11th Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

and served on a non-party to the action. The subpoena issued pursuant to 35 U.S.C. § 24 – a federal statute specific to proceedings before the USPTO. One of the parties to the action filed a motion to quash/motion for protective order, complaining that the subpoena did not allow a reasonable amount of time to respond, failed to provide notice to the subpoenaed non-party, and failed to provide notice to the party, among other reasons. The Court relied heavily on cases construing Fed. Rs. Civ. P. 26 and 45, and refused to enter either an order quashing the subpoena or a protective order, based, in part, on the moving parties lack of standing to raise the objections he asserted. As to the objecting party's claim that an inadequate amount of time was allowed to respond to the subpoena, the court noted: "[The Subpoenaed Party's] inability to respond to the subpoena given the time it was provided is clearly something that should only be raised by [the subpoenaed party]." *Id.* at *4.

    Defendants have not and cannot point to any privilege or personal right they claim in the documents held by the Zarco firm. Accordingly, Defendants' Motion, inasmuch as it complains that the subpoena was issued from the wrong court, that the subpoena did not allow adequate time for response, and any other objection directed at producing the documents commanded by the subpoena is unfounded and due to be overruled.

## IV. Defendants Have Not Met Their Burden of Establishing Good Cause for Entry of a Protective Order.

Pursuant to Fed. R. Civ. P. 26(c), the party seeking a protective order precluding discovery bears the burden of establishing "good cause" for the issuance of a protective order. Good cause is established only where the moving party can make a specific demonstration of facts in support of a protective order. *Dunford v. Rolly Marin Serv. Co.*, 233 F.R.F. 635, 636 (S.D. Fla. 2005); *Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Constr. Co.*, 153 F.R.D. 686, 688 (M.D. Fla. 1994) ("For a protective order to be granted, a party must show that the information is confidential and that the disclosure would be harmful.") The moving party's "conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one" do not meet this burden. *Dunford*, 233 F.R.D. at 636; *see also Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) (a party seeking a protective order must show the specific harm or prejudice for each particular document); *Friends of the Earth v. United States Dept. of Interior*, 236 F.R.D. 39 (D.D.C. 2006) (noting that a party must demonstrate specific facts to warrant protection as opposed to conclusory statements).

Defendants do not state once in their entire brief in support of the Motion for Protective Order and/or Motion to Quash that any specific information sought is confidential, that the disclosure would be harmful, or that the information sought is


irrelevant.  Clearly, such is not the case.  The closest Defendants ever come to even attempting to demonstrate good cause for a protective order is in making the vague statement "certain of the documents requested by Plaintiffs . . . were designated as confidential and are subject to a protective order."  (D.E. No. 107, at p. 6).  This illusory contention fails to provide the specific demonstration of facts necessary to warrant entry of a protective order – failing to even identify specific documents which Defendants contend are confidential – and should be rejected by this Court.  Defendants' objections and arguments fail to show how the administration of justice will be impeded by permitting the requested subpoena to remain in effect, and thus a protective order should not be issued.

Additionally, it should be noted that Defendants' Motion for a Protective Order is deficient in that it does not contain a certification that Defendants have in good faith conferred or attempted to confer with Plaintiffs in an effort to resolve this dispute without Court action, as required by Fed. R. Civ. 26(c).  This fact alone presents sufficient grounds for denial of Defendants' Motion.  *See McLaurine v. City of Auburn,* 3:06-CV-1014-MEF, 2007 WL 710102 *(*M.D. Ala. March 6, 2007); *Thomason v. Maui Tacos/Tiki Takoz, LLC*, 3:05-CV-169-F(WO), 2005 WL 2002079 (M.D. Ala. Aug. 17, 2005).

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court deny the Motion for Protective Order and/or Motion to Quash Non-Party National Accounts Subpoenas. As stated above, there is no legitimate basis to deny this discovery.

This 7th day of May, 2008.

                                            Respectfully Submitted,

                                            /s/ Greg L. Davis_____
                                            One of the Attorneys for Plaintiffs

OF COUNSEL:

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York, 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2008, a copy of the foregoing was served on the following counsel via the CM/ECF electronic filing system:

Sandra B. Reiss
Christopher W. Deering
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com
Chris.Deering@odnss.com

Kevin P. Hishta
David H. Grigereit
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com
David.Grigereit@ogletreedeakins.com

/s/ Greg L. Davis
OF COUNSEL