UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CHARLES MORROW,** *et al.,* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CASE NO: 3:07-cv-00617-MHT |
| v. | ) |
| | ) |
| **FLOWERS FOODS, INC.,** *et al.,* | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT FLOWERS FOODS, INC.'S, FLOWERS BAKING CO. OF OPELIKA, LLC'S, AND FLOWERS BAKING CO. OF THOMASVILLE, LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AND/OR MOTION TO QUASH SUBPOENA**

COME NOW, Defendant Flowers Foods, Inc. ("Flowers Foods"), Flowers Baking Co. of Opelika, LLC ("Flowers/Opelika"), and Flowers Baking Co. of Thomasville, LLC ("Flowers/Thomasville"), by and through their undersigned counsel, and respectfully submit this Reply in Further Support of its Motion for Protective Order and/or Motion to Quash Subpoena.

**I.    INTRODUCTION**

In their Response in Opposition to Defendants' Motion for Protective Order and/or Motion to Quash Subpoena ("Plaintiffs' Response"), Plaintiffs argue that their subpoena on the Zarco, Einhorn & Salkowski ("Zarco") law firm seeks relevant documents, is procedurally compliant, and that Defendants lack standing to bring a Motion for Protective Order.  These arguments, however, are nothing more than an attempt to distract the Court from the fundamental issue – that Plaintiffs are once again attempting to circumvent the orders of this Court by seeking inappropriate class-wide discovery through non-parties.  Because none of Plaintiffs' arguments have any merit whatsoever, Defendants respectfully urge this Court to grant its Motion.

II.   **ARGUMENT AND CITATION OF AUTHORITY**

    A.   **Plaintiffs' Subpoena Seeks Inappropriate Class-Wide Discovery**

In their Response, Plaintiffs claim that they are "entitled to discovery regarding **any** non-privileged matter relevant to the claims and defenses in this action." Response at 3 (emphasis in original). The problem here, however, is that the documents they seek, which includes almost every deposition transcript and piece of paper produced in the *Quarles* case, are unnecessary to litigating the claims of the individual plaintiffs in this lawsuit. As noted in Defendants' brief in support of its Motion for Protective Order ("Initial Brief"), the *Quarles* case involved distributors who contracted with Flowers/Miami, a subsidiary that is not even a party to this lawsuit. None of the plaintiffs in the present case were involved in the *Quarles* case. The *Quarles* documents, therefore, will not shed any light on how Defendants in this case made decisions regarding these Plaintiffs. The Zarco subpoena is nothing more than another attempt to circumvent the clear orders of this Court and engage in class-wide discovery.

Plaintiffs' argument that Defendants have attempted to engage in class-wide discovery by serving a subpoena and deposition notice to Doug Branch is unfounded. Plaintiffs identified Branch as a fact witness in their Initial Disclosures and in Lew Baxter's response to Defendants' First Set of Interrogatories Number 4. Thus, according to Plaintiffs' own pleadings, Branch's testimony is relevant to Plaintiffs' claims in this lawsuit and is clearly within the bounds of permissible discovery.

Because Plaintiffs' subpoena seeks inappropriate class-wide discovery, Defendants respectfully request that this Court grant their Motion and render the subpoena unenforceable.

    B.   **Plaintiffs' Subpoena Is Procedurally Deficient**

Plaintiffs' argument that the federal rules permit the production of documents that are

2

housed outside the issuing court's jurisdiction misses the threshold problem at issue in this case. Here, the issue is not the location of the documents, but whether the Court has jurisdiction over the entity that has custody and control of the documents. The Middle District of Alabama clearly has no control over the Zarco law firm, which is based in Florida. The cases cited by Plaintiffs support this position. For example, in *Hay Group, Inc., v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 413 (3rd 2004), the former employer in a breach of a non-solicitation agreement case issued a subpoena for documents through the Eastern District of Pennsylvania to the employee's new company's Philadelphia office and to the company which later acquired the division employing the employee, which was based in Pittsburg. *Id*. at 405. Although the new employers argued that the subpoenas were improper because the documents were housed outside the district court's jurisdiction, the Third Circuit affirmed the enforcement of the subpoenas. *Id*. at 413. Unlike the present case, the district court in *Hay* had jurisdiction over the company receiving the subpoena because it did business within the jurisdiction. *See also Ghandi v. Police Dept. of City of Detroit*, 74 F.R.D. 115 (E.D. Mich. 1977) (cited by Plaintiffs) (modifying subpoena on FBI that was served on the FBI's Detroit Field Office, noting "A foreign corporation doing business in a district is subject to all process, including subpoena, in the district, and if the documents are required in response to a subpoena, the court has the power to order their production even though they are physically located outside of the jurisdiction."). Here, the Court simply does not have jurisdiction over the Miami-based law firm.

Moreover, courts within the Eleventh Circuit have granted motions for protective orders and motions to quash subpoenas on non-resident entities on jurisdictional grounds for documents that were not within that jurisdiction. *See, e.g., Ariel v. Jones*, 693 F.2d 1058, 1059-61 (11th Cir. 1982) (affirming district court's quashing of subpoena for documents of company located in

District of Colorado that had agent for process in the district because the process agent did not have control of the documents sought, which were in Colorado); *Gutescu v. Carey Intern, Inc.*, No. 01-4026-CIV, 2003 WL 25589034, *2 (S.D. Fla. June 25, 2003) ("This Court does not have the power to issue a subpoena duces tecum to National Union, a non-party located in New York City, for the production of documents located in the Southern District of New York to a location within this District.").

As cited by Plaintiffs, "the case law clearly has established that even records kept beyond the territorial jurisdiction of the district court issuing the subpoena may be covered **if they are controlled by someone subject to the court's jurisdiction**." 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure §2456 at 31 (2008) (emphasis added). Here, the documents are held by a Florida firm not subject to the jurisdiction of the Middle District of Alabama. The subpoena is therefore improper and unenforceable.

      **C.**      **Defendants have Standing for their Motion for Protective Order**

Plaintiffs' argument that Defendants lack standing to challenge a subpoena to a non-party is clearly absurd. As stated in a case cited by Plaintiffs, "The law governing courts in the Eleventh Circuit, however, is somewhat broader, and standing exists if the party alleges a "personal right or privilege" with respect to the subpoenas. *See Auto-Owners Ins. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426 (M.D. Fla. 2005). Here, Defendants have demonstrated that it has a personal right and privilege regarding the documents at issue because they are subject to a protective order issued in the *Quarles* case.

Moreover, under Rule 26(c)(4), the Court may "make any order which justice requires to protect a party or person from . . . undue burden or expense, including . . . that certain matters not be inquired into, or that the scope of the discovery or disclosure be limited to certain matters . . ."

4

FED. R. CIV. P. 26(c)(4). It is well established that it is within this Court's inherent powers to issue a protective order under circumstances such as this, where the Court has repeatedly ordered that discovery "is limited to the current named parties and the allegations against them. Thus, discovery is also limited to those parties and subject matter." (Ct. Doc. Nos. 102, 64). A court's inherent power to issue protective orders regarding inappropriate subpoenas is well established. *See, e.g.*, *U & I Corp., v. Advanced Med. Design, Inc.,* No.: 08-CV-2041-T-17EAJ, 2008 U.S. Dist. LEXIS 27931 (M.D. Fla. Mar. 26, 2008) (issuing a protective order pursuant to the motion of one of the parties, limiting the production of documents requested through an untimely non-party subpoena, stating (in pertinent part) that a court may limit discovery if it is unreasonably cumulative or duplicative or the party had ample opportunity to seek the information sought); *see also Lazar v. D. Rush Mauney,* 192 F.R.D. 324, 331 (N.D. Ga. 2000) (in dictum) (reasoning that the court has an "inherent powers" to manage discovery as well discretion to issue protective orders pursuant to Federal Rule of Civil Procedure 26(c)). Plaintiffs cannot circumvent this Court's clear instructions through inappropriate subpoenas to non-parties.[1]

### III.   CONCLUSION

For the reasons cited above and in its initial brief, Defendants respectfully request that the Court grant its Motion for Protective Order and/or Motion to Quash, prohibiting Plaintiffs from obtaining the information sought within their subpoena to the Zarco law firm, and rendering such subpoena unenforceable.

Respectfully submitted this 8th day of May, 2008.

---

[1] Plaintiffs' argument that Defendants' motion should be denied because it failed to confer with Plaintiffs prior to filing the motion is also baseless. Defendants did not believe a conference was possible or warranted given the fact that Plaintiffs informed Defendants of the subpoena on Friday, April 25, 2008, which commanded the documents be produced five business days later on April 30, 2008.

/s/ Kevin P. Hishta
Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail: Kevin.Hishta@ogletreedeakins.com
(404) 881-1300
(404) 870-1732 Fax; and

Sandra B. Reiss (ASB-3650-S80S)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

Counsel for Defendant Flowers Foods, Inc., Flowers Baking Co. of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 8th day of May, 2008, I electronically filed the foregoing Defendant Flowers Foods, Inc.'s, Flowers Baking Co. of Opelika, LLC's, and Flowers Baking Co. of Thomasville, LLC's Brief In Support of its Motion For Protective Order and/or Motion to Quash Subpoena with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Greg L. Davis, Esq.
The Law Offices of Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL  36117

Joe R. Whatley, Jr., Esq.
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203

Joseph P. Guglielmo, Esq.
Whatley Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036

Amy Lynne Weaver
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203

Glen M. Connor
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203

E. Kirk Wood, Esq.
Wood Law Firm, LLC
PO Box 382434
Birmingham, Alabama 35238-2434

                                             /s/ Kevin P. Hishta
                                             Kevin P. Hishta