UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CHARLES MORROW,** *et al.,* )<br> )<br>    **Plaintiffs,** )<br> )<br>**v.** )<br> )<br>**FLOWERS FOODS, INC.,** *et al.,* )<br> )<br>    **Defendants.** ) | **CASE NO: 3:07-cv-00617-MHT** |

**DEFENDANT FLOWERS FOODS, INC.'S, FLOWERS BAKING CO. OF OPELIKA, LLC'S, AND FLOWERS BAKING CO. OF THOMASVILLE, LLC'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND/OR MOTION TO QUASH NON-PARTY NATIONAL ACCOUNT SUBPOENAS**

COME NOW, Defendants Flowers Foods, Inc. ("Flowers Foods"), Flowers Baking Co. of Opelika, LLC ("Flowers/Opelika"), and Flowers Baking Co. of Thomasville, LLC ("Flowers/Thomasville"), by and through their undersigned counsel, and respectfully submit this Reply to Plaintiffs' Response to Defendants' Motion for Protective Order and/or Motion to Quash Non-Party National Accounts Subpoenas.

For the reasons discussed below, because the arguments upon which Plaintiffs rely in their Response are misplaced, unsupported, and factually inaccurate, the Court should grant Defendants' Motion for Protective Order, and/or Motion to Quash Non-Party National Account Subpoenas, or alternatively limit the subpoenas to documents specifically related to the Plaintiffs.

**I.     ARGUMENT**

   A. <u>Defendants' Have Established Good Cause for a Protective Order</u>.

Plaintiffs argue that Defendants have not met their burden for establishing "good cause"

to issue a Protective Order. However, Plaintiffs' argument lacks any merit whatsoever. Defendants, in their Memorandum and Motion, discussed, in detail, how this Court, through two Orders, has limited the scope of pre-conditional certification discovery to that which involves the named parties and the allegations against them. (Ct. Doc. No. 104, pp. 4-7). Defendants also discussed, in detail, that *the majority of information* sought in Plaintiffs' subpoenas to non-parties is outside of this scope of permissible discovery because it would pertain to individuals and entities which are not, and cannot currently be added as, parties to this lawsuit. (Ct. Doc. No. 104, pp. 11; 13.) Further, Defendants discussed, in detail, how the information sought would be duplicative of that already provided to Plaintiffs pursuant to the "representative sampling" approach pertaining to national accounts documents that the parties had adopted.[1] In support, Defendants provided a complete listing of the documents produced to date that specifically pertained to these national accounts and described that Plaintiffs had failed to use "a single representative document from individuals involved with the national accounts during the [applicable] deposition." (Ct. Doc. No. 104, p. 15, and Exhibit D attached thereto and incorporated therewith.)[2]

---

[1] Plaintiffs' argument that the Court never limited the document production pertaining to national accounts to a "representative sampling" is inaccurate. As Defendants discussed in their Memorandum, the Court incorporated Defendants' position that the documents pertaining to national accounts, produced for the 30(b)(6) deposition, should be limited to a "representative sampling." Indeed, as Defendants pointed out to the Court, Plaintiffs agreed to this position before the Court issued its Protective Order. (Ct. Doc. No. 104, pp. 5-6, and Exhibits attached thereto and discussed therein). Further, Plaintiffs' argument that "if the Court limited documents to a representative sampling . . ., Defendants, by their own subpoenas to third parties would have violated the Court's Order" completely misstates the facts. Defendants never stated that the Court limited the production of all types of documents to a representative sampling. Rather, Defendants stated that the Court limited the documents pertaining to national accounts, to be produced for the 30(b)(6) Deposition, to a representative sampling and that the parties had followed this practice with regard to national account documents following the 30(b)(6) deposition. (Ct. Doc. No. 104, pp. 5-6; 8-9).

[2] Plaintiffs point out that they used the Protocol Agreement for Wal-Mart and Winn-Dixie during the 30(b)(6) Deposition. (Ct. Doc. No. 115, p. 9.) However, Defendants argued that Plaintiffs did not use any of the representative sampling of documents produced for *individuals involved in the national accounts* (such as email). Plaintiffs' subpoenas encompass such voluminous and duplicative documents.

B.  <u>Defendants' Motion is Not Improper Because the Court Has Inherent Power to Limit Discovery</u>.

It is well-established that the Court has the inherent power to limit discovery which is not only duplicative, but also irrelevant, to the claims at hand. Fed. R. Civ. Pro. 26(c)(4); *see also U & I Corp., v. Advanced Med. Design, Inc.,* No.: 08-CV-2041-T-17EAJ, 2008 U.S. Dist. LEXIS 27931 (M.D. Fla. Mar. 26, 2008) (issuing a protective order pursuant to the motion of one of the parties, limiting the production of documents requested through an untimely non-party subpoena, stating (in pertinent part) that a court may limit discovery if it is unreasonably cumulative or duplicative or the party had ample opportunity to seek the information sought); *see also Lazar v. D. Rush Mauney,* 192 F.R.D. 324, 331 (N.D. Ga. 2000) (in dictum) (reasoning that the court has an "inherent power" to manage discovery as well discretion to issue protective orders pursuant to Federal Rule of Civil Procedure 26(c)).  Therefore, Plaintiffs' arguments that Defendants have no basis upon which to challenge these non-party subpoenas is simply wrong.

C.  <u>Plaintiffs' Subpoenas Were Not Just Limited to Information Pertaining to Plaintiffs</u>.

Plaintiffs argue that the information sought within their subpoenas is not outside the scope of permissible discovery by highlighting the one portion of the subpoena attachment which is specifically tailored to products distributed by the Plaintiffs themselves (*i.e.* "with respect to products distributed by any of the [Plaintiffs") and representing throughout their Response that their request was limited to Plaintiffs' participation in sales with these accounts.  <u>If Plaintiffs' subpoena attachment was limited in the manner in which Plaintiffs represent, Defendants would agree with Plaintiffs' position that their subpoenas sought discovery which was arguably relevant (albeit duplicative)</u> to the Outside Sales exemption.

Plaintiffs fail to mention, however, that their subpoena attachment was not limited specifically to Plaintiffs' participation in sales with these national accounts. Rather, Plaintiffs'

3

subpoena attachment also sought "[a] copy of your complete file referable to Flowers Foods, Inc., Flowers Bakery Group, LLC, Flowers Baking Co. of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC, including **but not limited to** copies of all contracts . . . between you and the Flowers entities. . ." Indeed, in Defendants' Brief in Support of Their Motion, they point to this very language as that which sought the improper class-wide discovery because it includes "documents and communications pertaining to or involving numerous individuals and entities which are not, and cannot currently be added as, parties to this lawsuit." (Ct. Doc. No. 104, p. 13.)[3] Defendants never specifically argued that documents and communications limited to/with Plaintiffs, or products Plaintiffs actually sold to the particular accounts, if limited in that manner, were not arguably relevant and discoverable to the extent not unduly burdensome.

The language Plaintiffs highlighted for the Court, which limits the Request to information pertaining, or relevant, to Plaintiffs, clearly referred exclusively to the second portion of Request No. 1, which requested "communications between you and the Flowers entities with respect to products" sold by Plaintiffs. The fact that Request No. 2 sought "[a] copy of your complete file *referable to any of the [Plaintiffs]*" is evidence that had Plaintiffs intended to limit the first portion of Request No. 1 to communications with Plaintiffs, documents pertaining to or involving Plaintiffs, or products Plaintiffs sold, they would have phrased the first portion of Request No. 1 in the same manner as Request No. 2.

Plaintiffs make several additional, unsupported and illogical arguments, including that Defendants' own actions in sending subpoenas to prior employers of Plaintiffs undermines their Motion. As discussed earlier, Defendants have never argued that documents specifically pertaining to the individual Plaintiffs are not relevant. Further, Plaintiffs argue that "[i]t is clear"

---

[3] Notably, the documents which Plaintiffs have received in response to these subpoenas do contain information pertaining to many other individuals and entities who are not parties to this lawsuit.

4

that Defendants sent these subpoenas for the purpose of obtaining information to use in support of the outside sales exemption. Plaintiffs' argument is flawed because Defendants sent subpoenas to all prior listed employers, including those engaged in businesses that did not involve sales, such as "Security Pest Control" and have used these documents during depositions for other purposes, not limited to establishing the applicability of the outside sales exemption.

**II.     CONCLUSION**

For the above reasons, Defendants respectfully request that the Court grant its Protective Order and render any subpoenas issued by Plaintiffs to non-party national accounts unenforceable, or alternatively limit the subpoenas to documents specifically related to the Plaintiffs.

Respectfully submitted this 9th day of May, 2008.

/s/ Kevin P. Hishta
Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail: Kevin.Hishta@ogletreedeakins.com
Ph. (404) 881-1300; Fax: (404) 870-1732

Sandra B. Reiss
Alabama Bar No. ASB-3650-S80S
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
e-mail:   Sandra.Reiss@odnss.com
Ph.  (205) 328-1900; Fax:  (205) 328-6000

*Counsel for Defendants, Flowers Foods, Inc.
Flowers Baking Co. of Opelika, LLC, and Flowers Baking
Co. of Thomasville, LLC*

**CERTIFICATE OF SERVICE**

       I hereby certify that on this the 9th day of May, 2008, I electronically filed the foregoing Defendant Flowers Foods, Inc.'s, Flowers Baking Co. of Opelika, LLC's, and Flowers Baking Co. of Thomasville, LLC's , Reply to Plaintiffs' Response to Defendants' Motion For Protective Order And/Or Motion to Quash Non-Party National Account Subpoenas with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Greg L. Davis, Esq.
The Law Offices of Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL  36117

Joe R. Whatley, Jr., Esq.
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203

Joseph P. Guglielmo, Esq.
Whatley Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036

Amy Lynne Weaver
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203

Glen M. Connor
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203

E. Kirk Wood, Esq.
Wood Law Firm, LLC
PO Box 382434
Birmingham, Alabama 35238-2434

                                        /s/ Kevin P. Hishta
                                        Kevin P. Hishta