IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MORROW, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07-cv-617-MHT |
| | ) | |
| FLOWERS FOODS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ON MOTION AND PROTECTIVE ORDER

The Court has several pending motions related to discovery issues. Specifically, addressed by this order are (1) Defendants' "Motion for Protective Order and/or Motion to Quash Non-Party National Accounts Subpoena" (Doc. 103, filed April 29, 2008), "Brief in Support" (Doc. 104), Plaintiffs' "Response" (Doc. 115, filed May 7, 2008), and Defendants' "Reply" (Doc. 118, filed May 9, 2008) and (2) Plaintiffs' "Motion to Strike Defendants' Replies" (Doc. 121, filed May 12, 2008) and Defendants' "Response" (Doc. 122, filed May 12, 2008). For good cause, the Court issues the following order.

First, the Court need not determine whether Plaintiffs are correct in their assertion that the Defendants lack standing to quash the non-party subpoenas as they are not the recipients of the subpoenas. *See* Doc. 116 at p. 6. Ordinarily, under Rule 45 of the Federal Rules of Civil Procedure a party does not have standing to quash a subpoena served on a third party; however, the general rule of the federal courts is that a party has standing to challenge a

subpoena when it alleges a "personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979);[1] *see also Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 555 (N.D. Ga. 2001) (quoting *Brown* and various other federal courts). The defendants also assert Rule 26 of the Federal Rules of Civil Procedure as a basis for a protective order. *See* Doc. 104 at p. 12. Clearly the Defendants have standing under Rule 26, therefore the Court will analyze this motion pursuant to those standards.

**A.     Request for Protective Order for the Nonparty National Accounts Subpoenas**

Rule 26(c) provides that "upon a motion by a party . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). The party seeking the protective order has the burden to demonstrate good cause. *Id*. "Federal courts have superimposed a balancing of interests approach for Rule 26's good cause requirement." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). Consequently, this Court must balance Plaintiffs' interests in obtaining the information against Defendants' interest in blocking the discovery. Further, since this matter involves nonparties, the Court should also consider their interests and whether the information can be obtained from another source. Defendants, in addition to

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

their various other reasons, assert "Plaintiff's never sought to obtain the information from Defendants directly." *See* Doc. 104 at p. 15. This argument is more or less buried in their argument that the information sought is duplicative. *Id*. Yet, in their own brief, Defendants concede they only provided a representative sampling of the documents sought. *Id*.; *see also* Doc. 115 at p. 9. From the arguments of the parties, the Court determines the information sought *may* be available through the Defendants directly. Courts have discretion to limit discovery when it is unreasonably cumulative or obtainable from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). As such, the Court determines the information sought is more appropriately requested from defendants prior to seeking it from nonparties. Thus, the Court will grant the protective order as to the subpoenas issued to the nonparties. Plaintiffs' may, however, seek the information directly from the Defendants.[2]

As to the second request for information, the Court finds the information sought is relevant and thus may issue the request as written to the Defendants. As to the first request, the Court grants the request for a protective order because of the breadth of the request. As worded, the request includes a copy of the complete file followed by the phrase "including

---

[2] The information sought should be narrowly tailored as instructed in the remainder of this order. While the Court is granting the protective order as to the third party subpoenas, the Court does recognize some of the information is discoverable at this time. After the Defendants have produced the documents, should the Plaintiffs still find the information insufficient, they may file a motion for relief from the protective order in order to reissue narrowly tailored subpoenas to third parties. If necessary, the Court will then reconsider its issuance of the protective order.

but not limited to" and then lists the specific plaintiffs. As written, the request is overly broad as it in essence seeks "a copy of the complete file."[3] However, the Court denies the protective order as to some of the information sought. Specifically the Court modifies the request to read as follows:

> A copy of the information contained in your file relating to Flowers Food, Inc., Flowers Food Bakery Group, Flowers Baking Company of Opelika, LLC, and Flowers Baking Company of Thomasville, LLC ("the Flowers Entities") and their relationship with the following Plaintiff distributors: Charles Morrow, Michael Overton, Lew Baxter, Melvin Snow, Ricky Small, Michael Smith, James Marty Smith, Greg Patisaul, Mark Murphy, Gary Chamberliss, and Dwayne Cleveland. This includes, but is not limited to, copies of contracts, protocol agreements, distribution agreements, copies of notes, memoranda, correspondence, and any other document between you and the Flowers Entities relating to the above referenced Plaintiff distributors. This request includes any and all documents held by you and/or any of your affiliated entities, divisions, subsidiaries, and/or franchises operating in either the states of Alabama and/or Georgia. Documents are requested for the past four (4) years. Again, this request is specifically restricted to information related to the Plaintiff distributors.

While the Court made explicit rulings which restricts the discovery to the named parties, it is not the intent of the Court to limit the information that could be obtained which relates specifically to the asserted affirmative defenses as related to the Plaintiff distributors. The Court agrees with the Plaintiffs that the prior ruling relating to the representative sampling was limited to the scope of the Plaintiffs' 30(b)(6) deposition. While Defendants

---

[3] The Court acknowledges that the Plaintiffs may have intended to restrict the request to the named Plaintiffs, but as worded the request appears to seek the entire file relating to Flowers Foods, Inc., Flowers Bakery Group, Flowers Baking Co. of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC ("the Flowers entities"). Had the request put the listed Plaintiff distributors prior to the phrase "including but not limited to" then the request would have been tailored specifically to the named Plaintiffs.

assert "the parties had followed this practice [relating to a representative sampling] with regard to national account documents following the 30(b)(6) deposition," there is no Court order mandating that they do so outside of the 30(b)(6) deposition. *See* Doc. 118 at p. 2, n.1.

**B.     Motion to Strike Replies**

Plaintiffs are correct that the orders are silent about deadlines for replies. Nothing in the orders specifically precludes replies either.[4] As properly noted by Defendants, there is no local or federal rule prohibiting a party from filing a reply to a motion. In fact, filing a reply is a common practice so long as it is done promptly and does not delay the court's decision. In this case, Defendants filed their replies within 48 hours of Plaintiffs' responses. As there was no delay and the replies were timely filed, Plaintiffs' motion to strike is denied.

**C.     Conclusion**

Based on the above, the Court **ORDERS** the following:

(1)   Defendants' "Motion for Protective Order" (Doc. 103) is **GRANTED** to the extent a protective order is issued as to the third party subpoenas.

(2)   Defendants' "Motion for Protective Order" (Doc. 103) is **DENIED** to the extent the information detailed above is discoverable as to the named parties and affirmative defenses. Thus, Plaintiffs may seek the information directly from the defendants.

(3)   Defendants' "Motion to Quash" (Doc. 103) is **DENIED**.

---

[4] This Court does specifically detail deadlines for replies when setting submission orders for dispositive motions, but generally does not do so on discovery motions.

(4)   Plaintiffs' "Motion to Strike Defendants' Replies" (Doc. 121) is **DENIED**.

DONE this 28th day of May, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE