IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES MORROW, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION # 3:07-CV-617-MHT |
| v. ) | |
| ) | |
| FLOWERS FOODS, INC., et al., ) | |
| ) | |
| Defendants, ) | |

PLAINTIFFS' MOTION TO ALLOW AN EQUITABLE TOLLING
OF THE STATUTE OF LIMITATIONS FOR DISTRIBUTORS
WHO MAY "OPT IN" TO THIS ACTION PURSUANT TO
29 U.S.C. § 216(b)

This action was filed on July 2, 2007 by plaintiffs Charles Morrow and Michael Overton against Flowers Foods, Inc. and Flowers Baking Co. of Opelika, LLC. asserting claims for unpaid benefits and for unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S. C.§ 201 *et seq.*, on behalf of a class of all current and former route distributors, or other persons performing a service and/or delivery function on a non-hourly basis, who worked overtime while employed at Flowers Foods' subsidiaries, and were not compensated for such overtime at an amount equal to one and one-half times the employee's regular rate of pay. Such persons shall not include persons who, as part of their duties, cross state lines to make deliveries.

Based on the fact that this case is currently set for trial on or about June 15, 2009, and on the fact that the plaintiffs motion for conditional certification, which was filed on or about September 21, 2007, is still pending, Plaintiffs respectfully request that this Court allow an equitable tolling of the statute of limitations for all Flowers Distributors who may "opt in" to this action pursuant to 29 U.S.C. §216(b). During the pendency of a ruling on Plaintiffs' motion for

conditional certification, the plaintiffs' FLSA claims will diminish absent equitable tolling. As set forth below, courts routinely grant request for equitable tolling in situations such as this where delays in sending notice to potential class members of their right to opt-in to the class would otherwise diminish the value of their claims.

This lawsuit is filed under Section 16(b) of the FLSA as a collective action. Plaintiffs seek to recover unpaid overtime on behalf of themselves and a group of "similarly situated" distributors who are or have worked for Defendants at any time from July 2, 2004, to the present. 28 U.S.C. § 216(b).

An individual may bring a claim under the FLSA seeking unpaid overtime within two years from the date a cause of action accrues, or within three years of the date the action accrues if the FLSA violation was willful. See 29 U.S.C. §255 (a). The claims of putative "opt-in" Plaintiffs similarly situated to Mr. Morrow and Mr. Overton began to accrue as of July 2, 2007. Accordingly, the statute of limitations for some of the putative plaintiffs will begin to run on that date.

A collective action brought pursuant to Section 216(b) contains a unique "opt-in" provision. See 29 U.S.C. §216(b); *Hoffman-La Roche Inc. v. Sperling,* 493 U.S. 165 (1989). Unlike a Rule 23 class action, each individual potential plaintiff in a collective action must provide a written affirmative consent to become a party to the action. *Comer v. Walmart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The statute of limitations for each worker continues to run until he/she affirmatively opts-in to the lawsuit. See 29 U.S.C. §216(b); *Harkins v. Riverboat Services, Inc.*, 2002 WL 32406581, at *2 (N.D. Ind. May 17, 2002).

For this reason, courts in this District have routinely decided certification at an early stage in the litigation to send notice to potential FLSA class members informing them of their

2

right to join the litigation. *See Sperling*, 493 U.S. at 170-172; *Aguilar v. Pilgrim's Pride Corp.*, 2007 U.S. Dist. Lexis 29168, at *9-15 (N.D. Ala. Jan 31, 2007). As the Supreme Court has observed, the benefits of the collective action device "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Sperling*, 493 U.S. at 170.

The Eleventh Circuit has established a two-pronged procedure for certifying collection actions. At this stage only the first prong is relevant.

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.

*Hipp v. Liberty Nat'l Life Ins.*, 252 F.3d 1208, 1218 (11th Cir. 2001).

Likewise, the Northern District of Indiana has sanctioned a two-step approach to determining whether plaintiffs are similarly situated for purposes of §216(b) of the FLSA. *Ashley v. Lake County*, 2007 WL 1549926 (N.D. Ind. 2007). The two step approach is as follows:

> The first step requires Plaintiffs to make a modest factual showing that they and the other employees to whom notice is to be sent were victims of a common policy or plan that violated the law. If Plaintiffs make this modest factual showing, then notice and an opportunity to "opt-in" can be sent to those employees who are similarly situated to the named Plaintiffs. The action then proceeds through discovery as a representative or collective action… The second step of the analysis occurs at the close of discovery when the defendant can move to dismiss the opt-in plaintiffs in light of the record developed during discovery. In such a case, the court must determine whether the plaintiffs who have opted into the lawsuit are, in fact, similarly situated to the representative Plaintiffs.

*Ashley v. Lake County*, 2007 WL 1549926 at *2.

**A.     UNLESS THE STATUTE OF LIMITATIONS IS TOLLED, THE POTENTIAL OPT-IN PLAINTIFFS WILL BE UNFAIRLY PREJUDICED.**

"Because of the "opt-in" requirement, a representative plaintiff has to be able to inform other individuals who may have similar claims that they may join his lawsuit." *Ashley v. Lake*

3

*County*, 2007 WL 1549926 at *2. Until potential plaintiffs have such notice, they are unable to act to toll the statute of limitations from running on their claims. Thus, procedural delays that postpone the ability of the plaintiffs from sending notice to putative class members may effectively dispose of the rights of persons whose interest Plaintiffs attempt to protect. Such a result would flatly contradict the Supreme Court's mandate that "employees receive accurate and **timely notice** concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Sperling*, 493 U.S. at 170 (emphasis added).

Here, the plaintiffs' motion for class certification was filed on September 21, 2007. With every day that passes, and without tolling of the statute of limitations, the claims of the putative class members are reduced or eliminated through no fault of their own. Thus, in order to avoid this injustice, the statute as to these putative members should be equitably tolled until they are afforded an opportunity to receive notice and chose whether to participate in this action.

**B.    TOLLING THE STATUTE OF LIMITATIONS PERIOD WILL CURE THE UNDUE PREJUDICE.**

Based on the above, Plaintiffs request the Court to toll the statute of limitations until such time as this Court rules on the §216(b) conditional certification motion filed in this action. Such relief is well founded in the law, since courts presiding over FLSA collective actions "have equitably tolled the statute of limitations ... when doing so is in the interest of justice." *Castle v. Wells Fargo Financial, Inc.*, 2007 WL 1105118 at *1 (N.D. Cal. 2007). Courts have rejected the argument that "equitable tolling does not apply to the FLSA statute of limitations." See, e.g., *Cisneros v. Jinny Beauty Supply Co., Inc.*, 2004 WL 524482 at *1 (N.D.Ill. 2004). Instead, courts have recognized that tolling is especially appropriate where, as here, the delay in obtaining court –supervised notice is not attributable to delay caused by the plaintiff class members. See. e.g., *Partlow v. Jewish Orphans' Home of Southern Cal, Inc.*, 645 F.2d 757, 760-61 (9th Cir.

4

1981) (equitable tolling proper where plaintiffs were without fault and "practical effect of not tolling the statute would be to bar forever any claim" the employees had against defendant); *Adams v. Inter-Con Security Systems, Inc.*, 2007 WL 1089694 at *11 (N.D. Cal. April 11, 2007); *Beauperthy v. 24 Hour Fitness USA Inc.*, 2007 U.S. Dist. Lexis 21315, at *29-30 (N.D. Cal. Mar.6, 2007); *Quintanilla v. A&R Demolition Inc.*, 2006 WL 1663739 at *1 (S.D. Tex. 2006); *Boldozier v. American Family Insurance Co.*, 375 F.Supp.2d 1089, 1092 (D. Colo. 2005); *Cisneros v. Jinny Beauty Supply Co., Inc.*, 2004 WL 524482 at *1(N.D. Ill. 2004); *Myers v. Copper Cellar Corp.*, 1996 U.S. Dist. Lexis 20509, at *7-8 (E.D. Tenn. Sept. 27, 1996); *Sperling v. Hoffmann-La Roche*, 118 F.R.D. 392, 410-11 (D.N.J. 1988).

The purpose of the statute of limitations giving Defendants repose of claims would not be contravened by tolling the statute here. The FLSA is a remedial statute intended to protect employees from substandard wages. Equitable tolling would allow for timely notification to potential opt-in plaintiffs and serve the purposes of the statute. Failure to toll the statute of limitations may preclude otherwise deserving potential plaintiffs from joining the suit and enjoying the protections of the FLSA.

Plaintiffs do not seek unlimited tolling of the statute of limitations, but tolling only until this Court rules on the §216(b) conditional certification motion. This request is appropriate given that the case is not set for trial until June 15, 2009. Such limited tolling would effectuate the purposes of the FLSA and is within this Court's equitable discretion.

## CONCLUSION

For all of the foregoing reasons, the Plaintiffs respectfully request the Court to toll the statute of limitations under the FLSA for all putative class members from the date of the filing of the Complaint, July 2, 2007, or, at a minimum, from the date of the filing of the motion for class

certification, September 21, 2007, until the Court renders a decision on Plaintiffs' motion for conditional certification.

This the 5th day of June, 2008.

                                                  Respectfully Submitted,

                                                  _/s/ Amy A Weaver_____
                                                  One of the Attorneys for Plaintiffs

**OF COUNSEL**:

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
Greg L. Davis (ASB-8134-I71G)
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York, 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 5, 2008, a copy of the foregoing was served on the following counsel via the CM/ECF electronic filing system:

Sandra B. Reiss
Christopher W. Deering
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com
Chris.Deering@odnss.com

Kevin P. Hishta
David H. Grigereit
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com
David.Grigereit@ogletreedeakins.com

                                                  /s/ Amy A. Weaver

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES MORROW, et al, <br> Individually and on behalf of similarly <br> situated employees, <br> <br>       Plaintiffs, <br> <br> v. <br> <br> FLOWERS FOODS, INC., et al, <br> <br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: <br> ) 3:07-CV-617-MHT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ALLOW AN EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS FOR DISTRIBUTORS WHO MAY "OPT IN" PURSUANT TO 29 U.S.C. § 216(b)**

Plaintiffs' Motion to Allow an Equitable Tolling of the Statute of Limitations for Distributors who may "opt in" pursuant to 29 U.S.C. § 216(b) is GRANTED. The statute of limitations is tolled from the date of the filing of the Complaint, July 2, 2007, until such time as the Motion for Conditional Certification has been decided upon by the Court.

SO ORDERED, this ___ day of June, 2008.


_____
Judge Myron H. Thompson
UNITED STATES DISTRICT JUDGE