## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **CHARLES MORROW, et al.,** | ) |
| **Individually and on behalf of similarly** | ) |
| **situated employees,** | ) |
| | ) |
| **Plaintiffs,** | ) **CIVIL ACTION NO.:** |
| | ) **3:07-CV-617-MHT** |
| | ) |
| **v.** | ) |
| | ) |
| **FLOWERS FOODS, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFFS' MOTION TO COMPEL ANSWERS TO PLAINTIFFS' THIRD INTTEROGATORIES

COME NOW the Plaintiffs in the above-styled action and move for an Order compelling Defendants to respond fully and without objection to Plaintiffs' Third Interrogatories.

### I. BACKGROUND

Plaintiffs served their Third Interrogatories on Defendants, Flowers Foods, Inc., Flowers Baking Co. of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC, on April 18, 2008. One of the two interrogatories served concerned the principal factual basis relied on by the Defendants for each of the affirmative defenses asserted in the various Answers to Plaintiffs' Complaint. Defendants objected to this interrogatory based on

their contention that the request is a premature "contention interrogatory," that the request is overbroad and unduly burdensome for requesting identification of "any documents or witnesses relied on", and that the request is an improper attempt to circumvent Fed. R. Civ. P. 34 by obtaining documents through an improper means.    Specifically, the subject interrogatory and response state:

Interrogatory # 1

Please provide the principal factual basis, including any documents or witnesses relied on, for each affirmative defense alleged in the Answers to the Second Amended Complaint.

Answer

First, [Defendants] object[] to this interrogatory because it is a premature "contention interrogatory." Because discovery has not yet been completed, any answer to this interrogatory should not be required until discovery is complete. Federal Rule of Civil Procedure 33(a)(2) provides that "the court may order that an interrogatory need not be answered until designated discovery is complete, or until pretrial conference of some other time," Fed. R. Civ. P. 33(a)(2).

Second, [Defendants] object[] to the request to provide "any documents or witnesses relied on" because this request, by its very terms, is overly broad and unduly burdensome. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 323 (D. Kan. 1998) (holding that the request for "all records, documents or things relied upon" was overly broad and unduly burdensome on its face); *Apsley v. Boeing Co.*, No. 05-1368-MLB, 2007 WL 163201 at *5(D. Kan., Jan. 18, 2007) (holding that the request for "any documents" is overly broad and unduly burdensome); *Williamson v. Victoria* College, Civil Action Ne. V-06-37, 2007 WL 1100424 at *1 (S.D. Tex., April 04, 2007) (holding that a request to provide "any documents" is not sufficiently tailored to avoid undue burden). Asking Defendants to identify each document out of the thousands produced, used to support each

<u>affirmative defense as to each Plaintiff</u> is not only unreasonable and unduly burdensome but is <u>completely unnecessary</u> because Defendants have outlined, in detail, the basis for each affirmative defense in their Second Amended Answers. Further, this Request is unduly burdensome and overly broad because it is not limited to facts and/or witnesses relevant to Defendants' affirmative defenses as applied to the named Plaintiffs.

Finally, Defendant objects to this interrogatory because it is an improper attempt to circumvent Rule 34 by obtaining documents through an improper means. It is well-established that "although a party may learn, through interrogatories, of the existence and location of certain documents, the party must use a request for production to obtain copies of documents." *Children's Legal Services P.L.L.C. v. Kreschm* Civil Action No. 07-CV-10255, 2007 WL 4098203 at *4 (E.D. Mich., Nov. 16, 2007) (citing 7 *Moore's Federal Practice* § 33.72 (Matthew Bender 3d ed. 2007)). [Defendants] ha[ve] already responded to voluminous document requests.[1]

(Defendants Responses to Plaintiffs' Third Interrogatories to Defendants, attached collectively as "Exhibit A").

On May 27, 2008, counsel for Plaintiffs conducted a telephone conference with counsel for Defendants in an attempt to resolve the dispute over the subject interrogatory. The parties were unable to reach a resolution of this matter. Accordingly, the instant Motion followed.

## II. ARGUMENT

The Defendants have objected to Plaintiffs' Interrogatory on three grounds: (1) the request is premature in that it is a "contention interrogatory;" (2) the request is overly broad and unduly burdensome in

---

[1] The responses to the Interrogatories served on all three Defendants, Flowers Foods, Inc., Flowers Baking Co. of Opelika, LLC and Flowers Baking Co. of Thomasville, LLC, were identical.

requesting information regarding any document or witnesses relied on by Defendant in supporting any of its affirmative defenses; and (3) the request is an impermissible attempt to request documents. Defendants are, yet again, attempting to unjustly deprive Plaintiffs of discovery to which they are entitled through baseless and non-sensical objections. Accordingly, an Order compelling a full and complete response to Plaintiffs' interrogatory is warranted.

> A.  *Defendants Are Required to Respond to Interrogatories, including "Contention Interrogatories," in Accordance    with the Rules of Civil Procedure.*

Clearly, Rule 33 of the Federal Rules of Civil Procedures requires a party properly served with interrogatories to respond fully and under oath. Fed. R. Civ. P. 33, *et seq.* Notably, the Rule makes no special provision for "contention interrogatories," providing a party served the right to unilaterally determine that "any answer to this interrogatory should not be required until discovery is complete." Ex. A, Response to Interrogatory No. 1. The Rule is clear; "[t]he responding party must serve its answers . . . within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2).

Defendants are again attempting to control the way discovery is to be conducted in this case and are simply refusing to the comply with the

obligations imposed on them by the Federal Rules of Civil Procedure. Such should not be permitted. Simply stated, the Defendants have no right whatsoever to ignore the mandates of the Federal Rules and Defendants are required to respond fully to Plaintiffs' wholly proper interrogatory. Accordingly, an Order compelling a full response is warranted. *See Morales-Arcadio v. Shannon Produce Farms, Inc.,* 2006 WL 2578835, at *2 (S.D.Ga.) (S.D. Ga.,2006) ("contention interrogatories are an appropriate device for narrowing and clarifying the issues for trial. Plaintiffs' motion is GRANTED."); *Titre v. S.W. Bach & Co.* 2005 WL 1692508, at *1 (S.D.Fla.) (S.D.Fla.,2005) ("In the Court's view, a response with later supplementation is the preferred course of action."); *In re One Bancorp Secs. Litig.,* 134 F.R.D. 4, 7-8 (D .Me. 1991) (ordering immediate response to contention interrogatories served at early stage of litigation, followed by supplementation of responses under Rule 26(e)); *see also* 8A Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d § 2167 (2d ed.1994) (noting that no per se rule exists prohibiting contention interrogatories at early stage in case).

### B.    *Plaintiffs' Request is Not Overbroad.*

Next, Defendants complain that Plaintiffs' Interrogatory is overly broad in requesting that Defendants identify any documents and witnesses

relied upon in maintaining the affirmative defenses raised in their various Answers. Defendants cite Plaintiffs to three cases as support for their manufactured "right" to refuse to respond to the subject interrogatory. In fact, none of these cases support Defendants position, and an Order compelling an adequate response is warranted.

In *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 323 (D. Kan. 1998), as correctly noted by Defendants, the court held that a request for "all records, documents or things relied upon" was overly broad and unduly burdensome on its face. What Defendants conveniently fail to point out is that in that case "Plaintiff ha[d] answered most of the interrogatories, subject to its stated objections." *Id.*, at 320. The court simply sustained Plaintiff's objection inasmuch as the defendant complained that an additional response was warranted. Here, Defendants have provided absolutely nothing by way of a response to Plaintiffs' interrogatory. Even *IBP, Inc.* makes clear that Defendants' conduct is improper. *Compare Id.*, at 321 ("An interrogatory may reasonably ask for the material or principal facts which support a contention.") *with* Ex. A, Interrogatory No. 1 ("Please provide the principal factual basis, including any documents or witnesses relied on, for each affirmative defense alleged in the Answers to the Second Amended Complaint."). Additionally, Plaintiffs' interrogatory is not overly

broad and does not ask for "all" documents as Defendants claim. Indeed, the language of the interrogatory, which requests Defendants to "provide the principal factual basis, including any documents or witnesses relied on, for each affirmative defense alleged in the Answers to the Second Amended Complaint" is precisely the type of narrowly tailored interrogatory that courts have found to be proper. *See Johnson v. Kraft Foods North America*, 236 F.R.D. 535, 545 (D. Kan. 2006)(noting that contention interrogatories are proper and "may be used to narrow and define issues for trial" and further holding that interrogatories seeking "only the material fats supporting the allegations" are not overly broad and are properly the scope of inquiry.) *See also Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1988); *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 4445, 447 (D. Kan. 2000).

Thereafter, Defendants cite to *Apsley v. Boeing Co.*, No. 05-1368-MLB, 2007 WL 163201 at *5 (D. Kan., Jan. 18, 2007), seemingly, to make the point that discovery requests seeking "any documents" are necessarily overly broad and unduly burdensome on their face. As set forth above, Plaintiffs' interrogatory is not drafted as such and this fact was made abundantly clear to Defendants during the meet and confer. Moreover, Defendants' reliance on this opinion is misplaced as the Court in *Apsley*

overruled, as baseless, the defendant's objection to identifying "all documents that support this contention." *Id.; see also Id.*, at fn. 19 ("[The defendant's] boilerplate objections that the interrogatory is overly broad, unduly burdensome and vague are not supported and therefore rejected.")

Finally, Defendants' reliance on *Williamson v. Victoria* College, Civil Action Ne. V-06-37, 2007 WL 1100424 at *1 (S.D. Tex., April 04, 2007) fares no better.  Here again, Defendants would like to focus solely on the fact that the court was reviewing an interrogatory that admittedly requested all or "any documents" and that the court held that the interrogatory was not sufficiently tailored to avoid undue burden. Noticeably missing from Defendants' recitation of the court's holding is that (1) the court held that a limited response to the interrogatory was warranted, *see Id.* ("The Court agrees with Plaintiff that he is entitled to some of the information and materials underlying these two requests"); and (2) the court held that the request was offensive for its failure to limit itself to an appropriate time and scope, *see Id.* ("in addition to limiting the interrogatory to disciplinary actions directed at 'department heads, directors and instructors/teachers/professors,' it shall also be limited to the period beginning three years prior to Plaintiff's dismissal up to the present."), not

for its inclusion of the words "any documents" as suggested by the Defendants.[2]

Defendants' objection is likewise due to be overruled in this case and an order compelling a full and fair response is warranted.

### C.  *Plaintiff Served Defendants with an Interrogatory, Not a Request for Production.*

At the risk of stating the obvious, Plaintiffs served Defendants with a Rule 33 Interrogatory, not a Rule 34 Request for Production.  Plaintiffs simply can not understand the Defendants' final objection that the subject request "is an improper attempt to circumvent Rule 34 by obtaining documents through an improper means."  Ex. A, Response to Interrogatory No. 1.  The contention is utterly baseless, and completely non-sensical. Plaintiffs' interrogatory simply asks for a recitation of the factual bases for the affirmative defenses raised, along with identification of the documents and witnesses relied upon in supporting Defendants' affirmative defenses. To illustrate the absolute absence of any logical basis for this objection, if after the meet and confer Defendants still construe the subject interrogatory

---

[2] Defendants also raise the rather curious objection that the subject request is unduly burdensome and overbroad "because it is not limited to facts and/or witnesses relevant to Defendants' affirmative defenses as applied to the named Plaintiffs." Ex. A, Response to Interrogatory No. 1. To the extent it was unclear initially, Plaintiffs now unequivocally acknowledge that with respect to the factual bases underlying the Defendants' affirmative defenses asserted in response to the Plaintiffs' claims in this action, Plaintiffs request said bases only as to the affirmative defenses asserted in response to the Plaintiffs' claims in this action.

as a request for the production of documents relied upon, do they likewise construe the interrogatory to require production of witnesses relied upon? Clearly, they do not. This objection is nothing more than an additional baseless attempt to skirt the discovery obligations imposed by the Federal Rules. Defendants would apparently prefer to respond only to the discovery they deem proper; however, it is for the Court, not the Defendants, to control the conduct of discovery in this case. Accordingly, an Order compelling the Defendants' compliance with their discovery obligations should be entered.

## III. CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court enter an Order overruling Defendants' objections and compelling Defendants to respond fully and without objection to Interrogatory No. 1 of Plaintiffs' third set of interrogatories.

Respectfully Submitted,

_/s/E. Kirk Wood_____

**OF COUNSEL:**

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576
Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York, 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com


## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2008, a copy of the foregoing was served on the following counsel via the CM/ECF electronic filing system:

Sandra B. Reiss
Christopher W. Deering
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com
Chris.Deering@odnss.com

Kevin P. Hishta
David H. Grigereit
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com
David.Grigereit@ogletreedeakins.com


                              _/s/E. Kirk Wood_____
                              OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLES MORROW**, *et al.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO. 3:07-CV-617-MHT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FLOWERS FOODS, INC.**, *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT FLOWERS FOODS, INC.'S ANSWERS TO
## PLAINTIFFS' THIRD INTERROGATORIES

COMES NOW Defendant, Flowers Foods, Inc. ("Flowers Foods"), by and through its undersigned attorneys, and hereby responds to Plaintiffs' Third Interrogatories as follows:

### GENERAL OBJECTIONS

1.      Flowers Foods generally objects to Plaintiffs' Third Interrogatories to the extent that they call for information and/or documents protected by the attorney-client privilege and/or work product doctrine, or which are otherwise immune from discovery.      Inadvertent identification of any such information and/or such documents shall not constitute a waiver of any privilege with respect to any such information and/or documents, or the subject matter thereof, and shall not waive the right of Flowers Foods to object to the use of any such information and/or documents and/or the information contained therein.

2.      Flowers Foods generally objects to Plaintiffs' Third Interrogatories to the extent that they seek to impose burdens, duties, and obligations upon Flowers Foods in excess of or different than the requirements imposed by applicable law and the Federal Rules of Civil

Procedure. Flowers Foods will respond to Plaintiffs' Third Interrogatories as required by applicable law and the Federal Rules of Civil Procedure.

3.     Flowers Foods generally objects to Plaintiffs' Third Interrogatories to the extent that they are vague, overly broad, unduly burdensome and/or seek information which is immaterial, irrelevant, cumulative, duplicative, or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

4.     Flowers Foods objects to Plaintiffs' Third Interrogatories to the extent that they seek electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

5.     Flowers Foods objects to Plaintiffs' Third Interrogatories to the extent that they seek underlying metadata.

## INTERROGATORIES

1.     Please provide the principal factual basis, including any documents or witnesses relied on, for each affirmative defense alleged in the Answers to the Second Amended Complaint.

**ANSWER:**  First, Flowers Foods objects to this interrogatory because it is a premature "contention interrogatory." Because discovery has not yet been completed, any answer to this interrogatory should not be required until discovery is complete. Federal Rule of Civil Procedure 33(a)(2) provides that "the court may order that an interrogatory need not be answered until designated discovery is complete, or until pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2).

2

Second, Flowers Foods objects to the request to provide "any documents or witnesses relied on" because this request, by its very terms, is overly broad and unduly burdensome. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 323 (D. Kan. 1998) (holding that the request asking for "all records, documents or things relied upon" was overly broad and unduly burdensome on its face); *Apsley v. Boeing Co.*, No. 05-1368-MLB, 2007 WL 163201 at *5 (D. Kan., Jan. 18, 2007) (holding that the request for "any documents" is overly broad and unduly burdensome); *Williamson v. Victoria College*, Civil Action No. V-06-37, 2007 WL 1100424 at *1 (S.D. Tex., April 04, 2007) (holding that a request to provide "any documents" is not sufficiently tailored to avoid undue burden). Asking Defendants to identify each document, out of the thousands produced, used to support each affirmative defense as to each Plaintiff is not only unreasonable and unduly burdensome but is also completely unnecessary because Defendants have outlined, in detail, the basis for each affirmative defense in their Second Amended Answers. Further, this Request is unduly burdensome and overly broad because it is not limited to facts and/or witnesses relevant to Defendants' affirmative defenses as applied to the named Plaintiffs.

Finally, Defendant objects to this interrogatory because it is an improper attempt to circumvent Rule 34 by obtaining documents through an improper means. It is well-established that "[a]lthough a party may learn, through interrogatories, of the existence and location of certain documents, the party must use a request for production to obtain copies of documents." *Children's Legal Services P.L.L.C. v. Kresch*, Civil Action No. 07-CV-10255, 2007 WL 4098203 at *4 (E.D. Mich., Nov. 16, 2007) (citing 7 *Moore's Federal Practice*, § 33.72 (Matthew Bender 3d ed. 2007)). Flowers Foods has already responded to voluminous document requests.

2.    Please describe or identify any efforts Defendants have made, including any supporting documents, to monitor or track the number of hours worked by route distributors since July 2, 2004.

**ANSWER:**    Flowers Foods objects to this Request because it is vague and ambiguous, specifically the terminology "efforts," "monitor," and "track." Flowers Foods further objects to the terminology "route distributors," which it does not use. Flowers Foods also objects to this Request as it is overly broad, unduly burdensome, and requests information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is not limited to any "efforts" with regard to the hours any of the named Plaintiffs serviced their territories or any "documents" that would be relevant to the claims or defenses of any party to this case. Rather, this Request encompasses any and all "efforts" regarding "track[i]ng" or "monitor[ing]" hours that thousands of distributors at approximately twenty-five subsidiaries, the majority of which are not and cannot currently be added as parties to this lawsuit at this time, "worked." Subject to, and without waiving, the aforementioned objections, Flowers Foods has made no effort to track Plaintiffs' hours worked.

Submitted this the 16th day of May, 2008.

Kevin P. Hishta
GA Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, GA 30308
404-881-1300
404-870-1732 (fax)
Kevin.Hishta@ogletreedeakins.com

4

Sandra B. Reiss
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

*Counsel for Defendant Flowers Foods, Inc.*

5

## VERIFICATION PURSUANT TO 28 U.S.C. §1746

I, Stephanie B. Tillman, Esq., declare under the penalty of perjury that Flowers Foods, Inc.'s Answers to Plaintiffs' Third Interrogatories dated May ___, 2008 are true and correct to the best of my knowledge.

Executed on May _16_, 2008.

Stephanie B. Tillman, Esq.
Vice President and Associate General Counsel
Flowers Foods, Inc.

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant Flowers Foods, Inc.'s Answers to Plaintiffs' Third Interrogatories has been served upon all parties of record, as listed below, via electronic mail, and by placing same in the United States Mail, postage prepaid and properly addressed on this the _16th_ day of May, 2008.

Greg L. Davis, Esq.
The Law Offices of Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL 36117
gldavis@knology.net

Joe R. Whatley, Jr., Esq.
Whatley Drake & Kallas, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
jwhatley@wdklaw.com

Amy Lynne Weaver
Whatley Drake & Kallas, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
aweaver@wdklaw.com

Glen M. Connor
Whatley Drake & Kallas, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
gconnor@wdklaw.com

Joseph P. Guglielmo, Esq.
Whatley Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036
jguglielmo@wdklaw.com

E. Kirk Wood, Esq.
Wood Law Firm, LLC
P.O. Box 382434
Birmingham, Alabama 35238-2434
ekirkwood1@cs.com

_____
Kevin P. Hishta

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MORROW, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. 3:07-CV-617-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| FLOWERS FOODS, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FLOWERS BAKING CO. OF OPELIKA, LLC.'S
## ANSWERS TO PLAINTIFFS' THIRD INTERROGATORIES

COMES NOW Defendant, Flowers Baking Co. of Opelika, LLC ("Flowers/Opelika"), by and through its undersigned attorneys, and hereby responds to Plaintiffs' Third Interrogatories as follows:

### GENERAL OBJECTIONS

1.    Flowers/Opelika generally objects to Plaintiffs' Third Interrogatories to the extent that they call for information and/or documents protected by the attorney-client privilege and/or work product doctrine, or which are otherwise immune from discovery.    Inadvertent identification of any such information and/or such documents shall not constitute a waiver of any privilege with respect to any such information and/or documents, or the subject matter thereof, and shall not waive the right of Flowers/Opelika to object to the use of any such information and/or documents and/or the information contained therein.

2.    Flowers/Opelika generally objects to Plaintiffs' Third Interrogatories to the extent that they seek to impose burdens, duties, and obligations upon Flowers/Opelika in excess of or different than the requirements imposed by applicable law and the Federal Rules of Civil

Procedure. Flowers/Opelika will respond to Plaintiffs' Third Interrogatories as required by applicable law and the Federal Rules of Civil Procedure.

3.      Flowers/Opelika generally objects to Plaintiffs' Third Interrogatories to the extent that they are vague, overly broad, unduly burdensome and/or seek information which is immaterial, irrelevant, cumulative, duplicative, or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

4.      Flowers/Opelika objects to Plaintiffs' Third Interrogatories to the extent that they seek electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

5.      Flowers/Opelika objects to Plaintiffs' Third Interrogatories to the extent that they seek underlying metadata.

## INTERROGATORIES

1.      Please provide the principal factual basis, including any documents or witnesses relied on, for each affirmative defense alleged in the Answers to the Second Amended Complaint.

**ANSWER:** First, Flowers/Opelika objects to this interrogatory because it is a premature "contention interrogatory." Because discovery has not yet been completed, any answer to this interrogatory should not be required until discovery is complete. Federal Rule of Civil Procedure 33(a)(2) provides that "the court may order that an interrogatory need not be answered until designated discovery is complete, or until pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2).

2

Second, Flowers/Opelika objects to the request to provide "any documents or witnesses relied on" because this request, by its very terms, is overly broad and unduly burdensome. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 323 (D. Kan. 1998) (holding that the request asking for "all records, documents or things relied upon" was overly broad and unduly burdensome on its face); *Apsley v. Boeing Co.*, No. 05-1368-MLB, 2007 WL 163201 at *5 (D. Kan., Jan. 18, 2007) (holding that the request for "any documents" is overly broad and unduly burdensome); *Williamson v. Victoria College*, Civil Action No. V-06-37, 2007 WL 1100424 at *1 (S.D. Tex., April 04, 2007) (holding that a request to provide "any documents" is not sufficiently tailored to avoid undue burden). Asking Defendants to identify each document, out of the thousands produced, used to support each affirmative defense as to each Plaintiff is not only unreasonable and unduly burdensome but is also completely unnecessary because Defendants have outlined, in detail, the basis for each affirmative defense in their Second Amended Answers. Further, this Request is unduly burdensome and overly broad because it is not limited to facts and/or witnesses relevant to Defendants' affirmative defenses as applied to the named Plaintiffs.

Finally, Defendant objects to this interrogatory because it is an improper attempt to circumvent Rule 34 by obtaining documents through an improper means. It is well-established that "[a]lthough a party may learn, through interrogatories, of the existence and location of certain documents, the party must use a request for production to obtain copies of documents." *Children's Legal Services P.L.L.C. v. Kresch*, Civil Action No. 07-CV-10255, 2007 WL 4098203 at *4 (E.D. Mich., Nov. 16, 2007) (citing 7 *Moore's Federal Practice*, § 33.72 (Matthew Bender 3d ed. 2007)). Flowers/Opelika has already responded to voluminous document requests.

3

2.    Please describe or identify any efforts Defendants have made, including any supporting documents, to monitor or track the number of hours worked by route distributors since July 2, 2004.

**ANSWER:**    Flowers/Opelika objects to this Request because it is vague and ambiguous, specifically the terminology "efforts," "monitor," and "track." Flowers/Opelika further objects to the terminology "route distributors," which it does not use. Flowers/Opelika also objects to this Request as it is overly broad, unduly burdensome, and requests information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is not limited to any "efforts" with regard to the hours any of the named Plaintiffs serviced their territories or any "documents" that would be relevant to the claims or defenses of any party to this case. Rather, this Request encompasses any and all "efforts" regarding "track[i]ng" or "monitor[ing]" hours that thousands of distributors at approximately twenty-five subsidiaries, the majority of which are not and cannot currently be added as parties to this lawsuit at this time, "worked." Subject to, and without waiving, the aforementioned objections, Flowers/Opelika has made no effort to track Plaintiffs' hours worked.

Submitted this the 6th day of May, 2008.

Kevin P. Hishta
GA Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, GA 30308
404-881-1300
404-870-1732 (fax)
Kevin.Hishta@ogletreedeakins.com

4

Sandra B. Reiss
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

*Counsel for Defendant Flowers Baking Co. of
Opelika, LLC*

## VERIFICATION PURSUANT TO 28 U.S.C. §1746

I, Steve Bordeaux, declare under the penalty of perjury that Flowers Baking Co. of Opelika, LLC's Answers to Plaintiffs' Third Interrogatories dated May 16, 2008 are true and correct to the best of my knowledge.

Executed on May 16, 2008.

Steve Bordeaux
President
Flowers Baking Co. of Opelika, LLC

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant Flowers Baking Co. of Opelika, LLC's Answers to Plaintiffs' Third Interrogatories has been served upon all parties of record, as listed below, via electronic mail, and by placing same in the United States Mail, postage prepaid and properly addressed on this the *6th* day of May, 2008.

Greg L. Davis, Esq.
The Law Offices of Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL 36117
gldavis@knology.net

Joe R. Whatley, Jr., Esq.
Whatley Drake & Kallas, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
jwhatley@wdklaw.com

Amy Lynne Weaver
Whatley Drake & Kallas, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
aweaver@wdklaw.com

Glen M. Connor
Whatley Drake & Kallas, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
gconnor@wdklaw.com

Joseph P. Guglielmo, Esq.
Whatley Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036
jguglielmo@wdklaw.com

E. Kirk Wood, Esq.
Wood Law Firm, LLC
P.O. Box 382434
Birmingham, Alabama 35238-2434
ekirkwood1@cs.com

Kevin P. Hishta

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLES MORROW**, *et al.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO. 3:07-CV-617-MHT** |
| | ) | |
| v. | ) | |
| | ) | |
| **FLOWERS FOODS, INC.,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT FLOWERS BAKING CO. OF THOMASVILLE, LLC'S
ANSWERS TO PLAINTIFFS' THIRD INTERROGATORIES**

COMES NOW Defendant, Flowers Baking Co. of Thomasville, LLC ("Flowers/Thomasville"), by and through its undersigned attorneys, and hereby responds to Plaintiffs' Third Interrogatories as follows:

**GENERAL OBJECTIONS**

1.     Flowers/Thomasville generally objects to Plaintiffs' Third Interrogatories to the extent that they call for information and/or documents protected by the attorney-client privilege and/or work product doctrine, or which are otherwise immune from discovery. Inadvertent identification of any such information and/or such documents shall not constitute a waiver of any privilege with respect to any such information and/or documents, or the subject matter thereof, and shall not waive the right of Flowers/Thomasville to object to the use of any such information and/or documents and/or the information contained therein.

2.     Flowers/Thomasville generally objects to Plaintiffs' Third Interrogatories to the extent that they seek to impose burdens, duties, and obligations upon Flowers/Thomasville in excess of or different than the requirements imposed by applicable law and the Federal Rules of

Civil Procedure. Flowers/Thomasville will respond to Plaintiffs' Third Interrogatories as required by applicable law and the Federal Rules of Civil Procedure.

3.      Flowers/Thomasville generally objects to Plaintiffs' Third Interrogatories to the extent that they are vague, overly broad, unduly burdensome and/or seek information which is immaterial, irrelevant, cumulative, duplicative, or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

4.      Flowers/Thomasville objects to Plaintiffs' Third Interrogatories to the extent that they seek electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including back up tapes, fragmented data, deleted material, and legacy tapes.

5.      Flowers/Thomasville objects to Plaintiffs' Third Interrogatories to the extent that they seek underlying metadata.

## INTERROGATORIES

1.      Please provide the principal factual basis, including any documents or witnesses relied on, for each affirmative defense alleged in the Answers to the Second Amended Complaint.

**ANSWER:** First, Flowers/Thomasville objects to this interrogatory because it is a premature "contention interrogatory." Because discovery has not yet been completed, any answer to this interrogatory should not be required until discovery is complete. Federal Rule of Civil Procedure 33(a)(2) provides that "the court may order that an interrogatory need not be answered until designated discovery is complete, or until pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2).

2

Second, Flowers/Thomasville objects to the request to provide "any documents or witnesses relied on" because this request, by its very terms, is overly broad and unduly burdensome. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 323 (D. Kan. 1998) (holding that the request asking for "all records, documents or things relied upon" was overly broad and unduly burdensome on its face); *Apsley v. Boeing Co.*, No. 05-1368-MLB, 2007 WL 163201 at *5 (D. Kan., Jan. 18, 2007) (holding that the request for "any documents" is overly broad and unduly burdensome); *Williamson v. Victoria College*, Civil Action No. V-06-37, 2007 WL 1100424 at *1 (S.D. Tex., April 04, 2007) (holding that a request to provide "any documents" is not sufficiently tailored to avoid undue burden). Asking Defendants to identify each document, out of the thousands produced, used to support each affirmative defense as to each Plaintiff is not only unreasonable and unduly burdensome but is also completely unnecessary because Defendants have outlined, in detail, the basis for each affirmative defense in their Second Amended Answers. Further, this Request is unduly burdensome and overly broad because it is not limited to facts and/or witnesses relevant to Defendants' affirmative defenses as applied to the named Plaintiffs.

Finally, Defendant objects to this interrogatory because it is an improper attempt to circumvent Rule 34 by obtaining documents through an improper means. It is well-established that "[a]lthough a party may learn, through interrogatories, of the existence and location of certain documents, the party must use a request for production to obtain copies of documents." *Children's Legal Services P.L.L.C. v. Kresch*, Civil Action No. 07-CV-10255, 2007 WL 4098203 at *4 (E.D. Mich., Nov. 16, 2007) (citing 7 *Moore's Federal Practice*, § 33.72 (Matthew Bender 3d ed. 2007)). Flowers/Thomasville has already responded to voluminous document requests.

3

2.    Please describe or identify any efforts Defendants have made, including any supporting documents, to monitor or track the number of hours worked by route distributors since July 2, 2004.

**ANSWER:**    Flowers/Thomasville objects to this Request because it is vague and ambiguous, specifically the terminology "efforts," "monitor," and "track." Flowers/Thomasville further objects to the terminology "route distributors," which it does not use. Flowers/Thomasville also objects to this Request as it is overly broad, unduly burdensome, and requests information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request is not limited to any "efforts" with regard to the hours any of the named Plaintiffs serviced their territories or any "documents" that would be relevant to the claims or defenses of any party to this case. Rather, this Request encompasses any and all "efforts" regarding "track[i]ng" or "monitor[ing]" hours that thousands of distributors at approximately twenty-five subsidiaries, the majority of which are not and cannot currently be added as parties to this lawsuit at this time, "worked." Subject to, and without waiving, the aforementioned objections, Flowers/Thomasville has made no effort to track Plaintiff Chambliss' hours worked.

Submitted this the 6th day of May, 2008.

Kevin P. Hishta
GA Bar No. 357410
Admitted *Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, GA 30308
404-881-1300
404-870-1732 (fax)
Kevin.Hishta@ogletreedeakins.com

4

Sandra B. Reiss
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

*Counsel for Defendant Flowers Baking Co. of Thomasville, LLC*

**VERIFICATION PURSUANT TO 28 U.S.C. §1746**

I, Mickey Miller, declare under the penalty of perjury that Flowers Baking Co. of Thomasville, LLC's Answers to Plaintiffs' Third Interrogatories dated May _16th_, 2008 are true and correct to the best of my knowledge.

Executed on May _16th_, 2008

Mickey Miller
President
Flowers Baking Co. of Thomasville, LLC

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant Flowers Baking Co. of Thomasville, LLC's Answers to Plaintiffs' Third Interrogatories has been served upon all parties of record, as listed below, via electronic mail, and by placing same in the United States Mail, postage prepaid and properly addressed on this the ___ day of May, 2008.

Greg L. Davis, Esq.
The Law Offices of Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL 36117
gldavis@knology.net

Joe R. Whatley, Jr., Esq.
Whatley Drake & Kallas, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
jwhatley@wdklaw.com

Amy Lynne Weaver
Whatley Drake & Kallas, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
aweaver@wdklaw.com

Glen M. Connor
Whatley Drake & Kallas, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
gconnor@wdklaw.com

Joseph P. Guglielmo, Esq.
Whatley Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036
jguglielmo@wdklaw.com

E. Kirk Wood, Esq.
Wood Law Firm, LLC
P.O. Box 382434
Birmingham, Alabama 35238-2434
ekirkwood1@cs.com

Kevin P. Hishta

7