UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CHARLES MORROW,** *et al.,* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CASE NO: 3:07-cv-00617-MHT |
| v. ) | |
| ) | |
| **FLOWERS FOODS, INC.,** *et al.,* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION TO ALLOW EQUITABLE TOLLING OF THE
STATUTE OF LIMITATIONS FOR DISTRIBUTORS WHO MAY
"OPT IN" TO THIS ACTION PURSUANT TO 29 U.S.C. § 216(b)**

COME NOW, Defendants Flowers Foods, Inc. ("Flowers Foods"), Flowers Baking Co. of Opelika, LLC ("Flowers/Opelika"), and Flowers Baking Co. of Thomasville, LLC ("Flowers/Thomasville"), by and through their undersigned counsel, and respectfully submit this Response in Opposition to Plaintiffs' Motion to Allow Equitable Tolling of the Statute of Limitations for Distributors Who May "Opt In" to this Action Pursuant to 29 U.S.C. 216(b).

**I.     Introduction**

On June 5, 2008, Plaintiffs filed a motion seeking an order allowing for the equitable tolling of the Fair Labor Standards Act's (FLSA) statute of limitations as to distributors who may, in the future, choose to opt in to this case. However, the plaintiffs' motion is due to be denied for a number of reasons including, but not limited to, the fact that: (1) the motion is premature; and (2) equitable tolling requires a case-by-case analysis to determine whether the doctrine applies to a particular individual's claim.

## II. Plaintiff's Motion is Premature

At the time of the filing of this opposition response, no determination has yet been made by the Court whether this case will proceed as a collective action and whether court-supervised notice will even issue. Consequently, any court determination concerning whether the statute of limitations should be tolled as to any potential, future plaintiff is completely premature at this stage of the case. This case remains one of individual plaintiffs. Unless and until this Court determines this case is one that deserves collective action treatment and notice issues, any motion seeking a determination of the applicability of the equitable tolling doctrine should be deemed presumptuous. Additionally, the Plaintiffs have not established that there exists any justification for equitable tolling of the limitations statute for any potential plaintiffs, in the event notice is allowed to issue in this case.

## III. Application Of The Tolling Doctrine Requires A Case-By-Case Analysis and Plaintiffs Have Not Presented Any Evidence That Tolling Would Be Proper As To Any Particular, Future Opt-In

In their motion, Plaintiffs fail to present any evidence that there exists even one putative plaintiff who may, in the future, have standing to seek the drastic remedy of equitably tolling the statute of limitations. Plaintiffs' arguments are purely speculative and hypothetical in nature, and they fail to point to any individual[1] who has acted with reasonable diligence to pursue his or her claim but has been barred from joining this action due to some trickery or other deception by the Defendants. *See Jacobsen v. Stop & Shop Supermarket Co.*, No. 02-5915, 2004 U.S. Dist.

---

[1] Even if there exists some yet to be identified, putative plaintiff who may, in the future, seek to avail himself of equitable tolling to save his claim, any tolling analysis would necessarily be performed on a case-by-case basis on the specific facts presented to the Court. *See Meckes v. Reynolds Metals Company*, 604 F. Supp. 598, 608 (N.D. Ala. 1985) (in a claim arising under the FLSA, the court, reviewing Eleventh Circuit authorities, ruled that, "Whether to toll this statutory period is to be determined on a case-by-case basis depending on the equities of the situation," and concluded that the equities in that plaintiff's particular situation strongly militated against tolling).

LEXIS 17031, at *9-*13 (S.D.N.Y. Aug. 27, 2004) (No equitable tolling allowed because specific plaintiffs had not shown that they had acted with reasonable diligence to pursue their claims, and had made no argument to show the existence of any trickery or affirmative deception on the part of the defendant). Even when FLSA plaintiffs do claim that a defendant misled them with respect to whether they were an employee or an independent contractor, courts hold that equitable tolling will not be available absent evidence that the defendant affirmatively concealed facts from the plaintiffs or otherwise affirmatively caused them to delay bringing their claims. *See Gustafson v. Bell Atlantic Corp.,* 171 F. Supp. 2d 311, 323 (S.D. N.Y. 2001).

There simply exists no justification -- or evidence, for that matter -- for an order allowing for equitable tolling of the statute of limitations in this case.

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully request that this Court deny Plaintiffs' Motion.

/s/ Christopher W. Deering
Sandra B. Reiss (ASB-3650-S80S)
Christopher W. Deering  (ASB-5555-I71C)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
E-mail:  Christopher.Deering@odnss.com
E-mail: Sandra.Reiss@odnss.com
Ph. (205) 328-1900
Fax (205) 328-6000

And

Kevin P. Hishta
Georgia Bar No. 357410
Admitted *Pro Hac Vice*

3

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
Bank of America Plaza
600 Peachtree Street, NE
Suite 2100
Atlanta, GA  30308
E-mail: Kevin.Hishta@ogletreedeakins.com
(404) 881-1300
(404) 870-1732 Fax; and

Counsel for Defendant Flowers Foods, Inc., Flowers Baking Co. of Opelika, LLC, and Flowers Baking Co. of Thomasville, LLC

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 11th day of June, 2008, I electronically filed the foregoing Defendant Flowers Foods, Inc.'s, Flowers Baking Co. of Opelika, LLC's, and Flowers Baking Co. of Thomasville, LLC's ***Response in Opposition to Plaintiffs' Motion to Allow An Equitable Tolling of the Statute of Limitations for Distributors who may "Opt In" to this Action Pursuant to 29 U.S.C. 216(b)*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Greg L. Davis, Esq.
The Law Offices of Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL  36117

Joe R. Whatley, Jr., Esq.
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203

Joseph P. Guglielmo, Esq.
Whatley Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036

Amy Lynne Weaver
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203

Glen M. Connor
Whatley Drake & Kallas, LLC
2001 Park Place North
Suite 1000
Birmingham, Alabama  35203

E. Kirk Wood, Esq.
Wood Law Firm, LLC
PO Box 382434
Birmingham, Alabama 35238-2434

                                                /s/ Christopher W. Deering
                                                Christopher W. Deering