**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES MORROW, et al,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION # 3:007-CV-617-MHT** |
| **v.** | ) | |
| | ) | |
| **FLOWERS FOODS, INC., et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ALLOW
EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS**

**COME NOW** Plaintiffs, by and through the undersigned counsel, and respectfully submit this reply in response to Defendant's Opposition To Allow Equitable Tolling Of The Statue Of Limitations.

The procedures for instituting an action under the FLSA, on behalf of the named plaintiffs and those similarly situated route distributors under 29 U.S.C § 216 (b), differ significantly from the procedures mandated under Rule 23 of the Federal Rules of Civil Procedure. Courts have uniformly held that the standard Rule 23 procedures – court directed notice to members of a certified class who must affirmatively request to be excluded from the lawsuit to avoid becoming a party – are inapplicable in an FSLA action. Kinney Shoe Corp. v. Vorhes, 564 F. 2d 859, 862 (9th Cir 1977); Schmidt v. Fuller Brush Co., 527 F. 2d 532, 536 (8th Cir. 1975); La-Chapelle v. Owens-Illinois, Inc. 513 F. 2d 286,289 (5th Cir. 1975). Under the FLSA, a member of the class who is not individually named in the complaint is not a party to the lawsuit unless he affirmatively "opts-in" by filing a written consent with the court. 29 U.S.C. §§ 216 (b). See also, Kinney, supra, at 862. (7th Cir 1982). Because of this FLSA "opt-in" requirement, a representative Plaintiff must be able to inform other individuals, who may have similar claims, that they may join the lawsuit. Austin v. CUNA Mutual Insurance Society, 232

FRD 601,605 (W.D. Wis. 2006).  As stated earlier, Plaintiffs filed their request for conditional

certification on or about September 21, 2007.  By this motion, Plaintiffs merely seek to protect

the interest of similarly situated distributors who may "opt-in" to this action pursuit to 29 U.S.C.

§ 216(b).

Defendants argue, in response to Plaintiffs' Motion To Allow an Equitable Tolling Of

The Statue Of Limitations, that the motion is premature because this Court has not yet ruled on

Plaintiffs'§216 (b) motion for conditional certification. This argument is clearly flawed.

Under the FLSA, a member of the putative class, who is not individually named in the

complaint, is not a party to the lawsuit unless he or she affirmatively  "opts-in" to the lawsuit by

filing a written consent to join "**within the applicable  statue of limitations**," 29

U.S.C. 216 (b), See also Partlowe v. Jewish Orphans' Home of South California. Inc., 645 F.2d

757, 760 (9th Cir. 1981); Kinney Shoe Corporation v. Vorhes, 564 F. 2d  859, 862 (9th Cir. 1981)

(emphasis added).

Chuck Rich, Vice President of distributor operations for Flowers, testified in deposition

that there are approximately 3000 plus route distributors currently working for the various

Flowers Foods LLC subsidiaries. In addition to the current route distributors, there are numerous

route distributors who have quit, retired or who have had their contracts terminated, all of whom

are potential putative plaintiffs.  With every day that passes their claims are reduced or even

eliminated entirely through no fault of their own because they have not received notice that they

may potentially have FLSA claims themselves.  An equitable tolling is therefore proper to

protect the rights of these potential putative plaintiffs.

In Owens v. Bethlehem Mines Corporation, 630 F. Supp 309 (S.D. W.Va. 1986), the

Court equitably tolled the statue of limitations period for opt-in plaintiffs because the conditional

class certification motion remained pending for over a year.  In Owens, supra, a former

employer moved for summary judgment as to age discrimination claims by former employees

who opted-in to the suit on grounds that their claims were barred by the statue of limitations.

The District Court ruled that the limitation period as to former employees, who opted-in to the

suit when they were given the opportunity to do so, would be equitably tolled for the period in

which the motion for class certification was pending where the issue was not ruled upon by the

Court until over one year after the issue first came before the Court.

In Meckes v. Reynolds Metals Co. 604 F.Supp. 598 (N.D. Ala. 1985), the Court decided

the issue of equitable tolling of the statue of limitations.  In Meckes the plaintiff failed to file her

Title VII discrimination charge within the 180- day limit for filing with the EEOC and sought an

equitable tolling of the notification requirement.  The court determined that the notification

requirement was  "a requirement more in the nature of a statue of limitations that is subject

 to equitable tolling.  Coke v. General Adjustment Bureau, 640 f. 2d 584, 595 (5th Cir. 1981)

(en banc)" Meckes, at 607.  The Court found that the plaintiff in Meckes could not

seek to invoke a principal of equity and toll the statue when she did nothing for 162 days after

discovering the act of alleged discrimination. Meckes, Id.

Furthermore, the Court went on to hold that the statue of limitations can be tolled in

situations where the plaintiff was unaware that an adverse employment decision was effectuated

as to him.  The Court reasoned:

> "Where the victim of discrimination has a reasonable time
>
> from the date of his discovery within which to meet the 180
>
> day deadline, then the 180 days is deemed to run from the date
>
> of the act of discrimination, and the constitutionally mandated
>
> accrual date is strictly applied.  However, where the discovery
>
> takes place too late during the 180  day period for the victim, by
>
> reasonable diligence, to meet the strict 180 day deadline, then he is
>
> given a reasonable extension of the deadline."

Meckes, at 609.

The potential plaintiffs in this case have yet to receive notice of the action, and under 29 U.S.C. § 216 (b), a defendant is required only to provide potential plaintiff contact information after conditional certification of the collective class.  See Hoffman – La Roche III, 493 U.S. at 170, (1989).  Applying equitable tolling to this case does not alter this requirement, but counters the advantage defendants would otherwise gain by withholding potential plaintiffs' contact information until the last possible moment.  Even more compelling, with every day that passes, potential plaintiffs claims are reduced or even eliminated entirely through no fault of their own. An equitable tolling is therefore proper.

WHEREFORE, PREMISES CONSIDERED , Plaintiffs respectfully request that this Honorable Court allow equitable tolling of the statute of limitations for distributors who may "opt-in" to this action pursuant to 29 U.S.C. § 216 (b).

This the 18th day of June, 2008.

Respectfully Submitted,

/s/ Greg L. Davis _____
One of the Attorneys for Plaintiffs

OF COUNSEL:

THE LAW OFFICES OF GREG L. DAVIS
6987 Halcyon Park Drive
Montgomery, Alabama 36117
334-832-9080
gldavis@knology.net

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
205-328-9576

Joe R. Whatley, Jr. (ASB-1222-Y69J)
jwhatley@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York, 10036
212-447-7007
Joseph P. Guglielmo
jguglielmo@wdklaw.com

WOOD LAW FIRM, LLC
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
205-612-0243
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 18th 2008, a copy of the foregoing was served on the

following counsel via the CM/ECF electronic filing system:

Sandra B. Reiss
Christopher W. Deering
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205-328-1900
Sandra.Reiss@odnss.com
Chris.Deering@odnss.com

Kevin P. Hishta
David H. Grigereit
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30308
404-881-1300
Kevin.Hishta@ogletreedeakins.com
David.Grigereit@ogletreedeakins.com

/s/ Greg L. Davis
OF COUNSEL